

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 31, 2023

**VIA ECF and Email**
Hon. Robert W. Lehrburger
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:     *United States v. Yanping Wang, a/k/a "Yvette,"* S1 23 Cr. 118 (AT)

Dear Judge Lehrburger:

The Government respectfully submits this supplemental letter in further opposition to the motion ("Mot.") and memorandum of law filed on March 24, 2023 by Yanping Wang, a/k/a "Yvette" ("Wang" or the "defendant") for an order directing that she has complied with the terms of her bail conditions ("Mem.") (Dkts. 8, 9).[1]

As noted in the Government's letter in opposition to the defendant's motion, the Government had acquired additional information following the defendant's March 15, 2023 initial bail hearing that, in the Government's view, could justify *more* restrictive bail conditions than the conditions in the largely agreed-upon bail package.  (Dkt. 10 at 18).  Additional evidence first reviewed by the Government yesterday further supports that view, because it demonstrates that the defendant has misled Pretrial Services and the Government, and attempted to evade compliance with the Court's order.

During her Pretrial Services interview, the defendant reported that she has been unemployed since approximately September 2022.  She also disclosed that her assets consisted of only two personal bank accounts holding a combined total of approximately $900,000 and her apartment (valued at $1.1 million).  Attempting to satisfy her bond conditions, which required her to disclose "all assets to Pretrial Services and to the U.S. Attorney's Office, including any accounts in her name or controlled by her or by her companies in which she has an interest, any cryptocurrency, any cash and any other property," the defendant disclosed these two personal bank accounts and one additional bank account to the Government and to Pretrial Services—an account for one of the Kwok family offices.  *See* Gov't Opp'n at 5 n.3.

Yesterday, the case team preliminarily reviewed a small subset of documents recovered from the defendant's apartment pursuant to a search warrant executed when the defendant was

---

[1] Since the Government filed it Opposition on March 29, 2023 in *United States v. Wang*, 23 Mj. 2007 (UA), a grand jury has returned indictment S1 23 Cr. 118 (AT), which charges the defendant with co-conspirators Ho Wan Kwok and Min King Je.  The docket citations herein are to 23 Mj. 2007 (UA).

arrested.  Based on this new evidence, it appears that the defendant's disclosures were severely misleading and incomplete.  The documents reviewed include the following, among other things:

- A document from the Himalaya Exchange indicating that, as of November 1, 2021, the defendant was allocated approximately $699,980 worth of HCN (*i.e.*, Himalaya Coin, the purported cryptocurrency trading coin offered by the Himalaya Exchange) at the pre-initial coin offering price.  At today's trading price, this amount of HCN purportedly would be worth approximately $13,299,000.

- An undated bank application document for an account at a bank located in Saint Lucia, in the name of a British Virgin Island-registered company, which lists the defendant as the point of contact for the account.  The BVI-registered company is owned by the defendant.

- Printed documents recovered from the defendant's apartment that reflect bank account balances as of March 13, 2023 (*i.e.*, two days before the defendant's arrest) for various entities that the Government alleges the defendant managed and controlled, including the HCHK entities.  Those documents reflect balances of at least approximately $34 million.

- Printed documents recovered from the defendant's apartment that reflect (in handwritten annotation) February 2023 payroll for employees of various of the Kwok-controlled entities that the defendant managed, including G Music, G Fashion, and the Rule of Law Foundation, which the defendant signed and dated as of March 16, 2023 (*i.e.*, dated for the day after her arrest).

Thus, Wang withheld material information during her Pretrial Services interview.  She did not disclose: her continued work for the entities that operated the fraud, up to the day of her arrest; her Himalaya Exchange "cryptocurrency" assets; the $34 million in bank accounts held in the name of entities under her management or control; or any bank accounts held in the name of her BVI-registered company.  This is *on top of* the defendant concealing from Pretrial Services that she had approximately $138,000 in U.S. currency and additional foreign currency secured in a safe in her apartment.  That money was kept in a pouch designed for quick removal.  *See* Ex. A.  The defendant plainly has not complied with the Court's directive to disclose all assets to Pretrial Services and the U.S. Attorney's Office.  This failure to disclose assets, including assets accessible outside of the United States, raises serious concerns not merely about the defendant's ability to abide by orders of this Court, but also emphasizes the seriousness of the defendant's risk of flight.

Other materials reviewed yesterday, moreover, present equally serious concerns about the defendant's risk of flight and her centrality in the charged offenses.  As previously detailed, the defendant had in her safe a passport for the Republic of Vanuatu.  Among the materials the Government first reviewed yesterday was a letter, signed by the defendant's co-defendant, William Je, attesting to the defendant's suitability to become a citizen of Republic of Vanuatu.[2]  Je, an international money launderer who is presently at large and believed to be hiding in the United Arab Emirates, remains available to help facilitate Wang's flight.  Wang worked closely with Je and Kwok, as she was central to the $1 billion conspiracy that preyed on thousands of victims.

---

[2] Other documents suggest that Wang "renounced" her Republic Vanuatu citizenship. Nonetheless, Wang's Vanuatu passport demonstrates her ability to obtain travel documents from a foreign Government to evade capture.

The evidence reviewed yesterday reflects that Wang maintained copious notes and calendars reflecting meetings central to the conspiracy; kept passwords for certain of Kwok's various social media accounts; stored bank account login information; and even saved a small journal containing several SIM cards.  This evidence is the proverbial tip of the iceberg—the Government has not yet reviewed the laptops, cellphones, or hard drives kept in Wang's apartment, some which were hidden in closets and suitcases.

Given the defendant's ongoing deception, concealment, and inability to abide by the terms of release previously imposed by the Court, as well as the new information set forth above, the Government believes that the current conditions of bail are not sufficient to reasonably assure the defendant's presence at future court proceedings.  The defendant's failure to disclose the above-described assets and accounts demonstrates that she cannot be trusted to follow this Court's directives and has intentionally concealed assets that would enable her flight.  Accordingly, she should be detained pending trial.[3]  This conclusion is further supported by the fact, among others, that her fugitive co-conspirator helped her obtain a foreign passport and is still in a position to facilitate her flight.

For the reasons described above and those described in the Government's March 29, 2023 letter, the defendant's motion should be denied.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

By: _____
Juliana N. Murray
Ryan B. Finkel
Micah F. Fergenson
Assistant United States Attorneys
(212) 637-2314 / 6612 / 2190

Enclosures

Cc:    Alex Lipman, Esq. (by ECF and Email)
       Priya Choudhry, Esq. (by ECF and Email)

---

[3] Alternatively, should the Court find release to be warranted, then, at a minimum, the conditions imposed should be substantially increased to account for the above undisclosed assets, and such assets should be posted to secure the bond.