

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

<i>The Silvio J. Mollo Building<br>One Saint Andrew's Plaza<br>New York, New York 10007</i>

April 5, 2023

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Kwok et al.*, S1 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government writes regarding scheduling and the exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161. As an initial matter, the Government respectfully requests that the Court set another pretrial conference date in this matter at a time convenient for the Court. The parties are available to coordinate scheduling with Your Honor's chambers.

    The Government also respectfully requests that the Court enter an order excluding time under the Speedy Trial Act between the date of the last conference, April 4, 2023, and the next conference. Defendant Ho Wan Kwok consents to the exclusion of time, while defendant Yanping Wang objects to the exclusion of time. The Court should order that time is excluded for several reasons.

    First, time has been automatically excluded until the Court resolves the defendants' pending bail motions. *E.g.*, *United States v. Shellef*, 756 F. Supp. 2d 280, 297 (E.D.N.Y. 2011), *aff'd*, 718 F.3d 94 (2d Cir. 2013) ("the time from the filing of the [bail] motion until the Court's decision . . . is automatically excludable under Section 3161(h)(1)(F)").

    Second, excluding time under the Speedy Trial Act from April 4, 2023,[1] through the next conference date, serves "the ends of justice." 18 U.S.C. § 3161(h)(7)(A). Among other things,

---

[1] The Speedy Trial Act requires that the findings necessary for the ends-of-justice exception "be made, if only in the judge's mind, before granting the continuance," and that those findings need only "be put on the record by the time a district court rules on a defendant's motion to dismiss." *Zedner v. United States*, 547 U.S. 489, 506–07 (2006); *see also United States v. Pikus*, 39 F.4th 39, 53 (2d Cir. 2022) ("sufficient findings to support an ends of justice continuance must be put on the record by the time a district court rules on a defendant's motion to dismiss" (internal quotation marks omitted)); *United States v. Leroux*, 36 F.4th 115, 123 (2d Cir. 2022) (reaffirming the validity of the principle that a subsequent articulation of ends-of-justice findings is sufficient and extending the principle to the Coronavirus, Aid, Relief, and Economic Security Act); *United States v. Levis*, 488 F. App'x 481, 485 (2d Cir. 2012) (finding no violation of the Speedy Trial Act because, before denying the defendant's motion to dismiss, the district court ratified a letter filed

the requested exclusion will allow the Court and the parties to set an initial schedule in this complex case, the Government to begin producing the voluminous discovery in the case, the defense to begin reviewing the evidence and evaluating whether pre-trial motions will be made, and will enable the parties to discuss any pretrial resolutions of the charges.[2]

Finally, it is well established that "in cases involving multiple defendants only one speedy trial clock" exists, and one of the defendants here consents to the exclusion of time. *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1983).

Accordingly, the Court should exclude time through the date of the next conference.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Ryan B. Finkel
Micah F. Fergenson
Juliana N. Murray
Assistant United States Attorneys
(212) 637-6612 / 2314 / 2190

Cc:   All Counsel (By ECF)

---

by the Government confirming that the court had made the requisite ends-of-justice findings); *United States v. Breen*, 243 F.3d 591, 596 (2d Cir. 2001) (ends-of-justice findings required for Speedy Trial Act continuance "are satisfied by a subsequent articulation" of the findings).

[2] The Government previously provided a proposed protective order to the defendants, which they are reviewing. The Government has also previously requested hard drives from defense counsel for the transfer of discovery, which the Government understands are on the way. The Government has also advised defense counsel that the Government expects to file a motion under the Classified Information Procedures Act ("CIPA"); the Government expects to file a letter regarding CIPA with the Court in the first instance.