

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 19, 2023

<u>VIA ECF</u>
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Ho Wan Kwok, et. al.*, S1 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government writes to respectfully request that the Court enter the attached proposed Protective Order to facilitate the production of discovery in this case. (Ex. A.) Counsel for Kwok does not object to the entry of a protective order, but objects to one provision of the proposed Protective Order as explained below. Counsel for Wang has identified two provisions to which they object.

    The proposed Protective Order is appropriate in this case for several reasons. *First*, the Government's discovery includes financial and personal identifiable information of victims and third parties. Indeed, the Government intends to produce a significant amount of bank and other financial records from a variety of sources pertaining to many entities. The Government does not believe such information should be freely disseminated, as such dissemination could harm the privacy interests of third parties, as well as interfere with the Government's ongoing investigation. *Second*, as discussed in detail in the Government's briefing in support of Kwok's continued detention, Kwok and his associates are known to obstruct court proceedings. Without appropriate protections, Kwok and his associates can widely disseminate the Government's sensitive discovery materials to interfere with the Government's ongoing investigation, infringe on third parties' privacy, and harm victims. *Third*, and for similar reasons—given that Kwok has previously threatened witnesses and fomented unrest targeted at court-appointed officials and attorneys—the Government believes it is appropriate for the protective order to include an option for certain highly sensitive materials, the disclosure of which could endanger victims, to be marked "Attorney's Eyes Only." The Government does not intend to mark many materials with this designation and has agreed to discuss with defense counsel potential "Attorney's Eyes Only" material before designating it as such.

    As noted, Kwok's counsel does not object to the entry of a protective order, but Kwok and Wang's counsel object to certain provisions of the proposed Protective Order. *First*, Wang's counsel objects to the inclusion of an "Attorney's Eyes Only" designation on the basis that such designation prevents counsel from obtaining Wang's "critical assistance in reviewing, understanding, and investigating her case." As noted above, the Government submits it is important to include this option for victim safety. *Second*, both Kwok's and Wang's counsel object

to the inclusion of footnote 1, which prohibits prospective lay witnesses from retaining or copying confidential material. (Any prospective lay witnesses' counsel may retain confidential material if deemed necessary by Kwok's and Wang's counsel.) The Government believes this restriction is appropriate because lay witnesses are unlikely to treat sensitive materials with appropriate care. Moreover, defense counsel has not identified how this restriction interferes with their ability to defend their clients, and the Government does not believe it does.

More generally, in the event a specific issue materializes as a result of the Government designating material as "Attorney's Eyes Only" or footnote 1, which the parties are unable to resolve by agreement, the Protective Order allows defense counsel to present the issue to the Court.

For the foregoing reasons, the Court should enter the proposed Protective Order.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Ryan B. Finkel
Juliana N. Murray
Micah F. Fergenson
Assistants United States Attorneys
(212) 637-6612 / 2314 / 2190

Enclosure