

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 30, 2023

<u>VIA ECF</u>
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: *United States v. Kwok et al.*, S1 23 Cr. 118 (AT)

Dear Judge Torres:

  The Government writes in response to Yanping Wang's April 28, 2023 letter concerning the Government's proposed protective order.

  *First*, both defendants request that the Court add "interpreters" as "Designated Persons" in paragraph 7(e) of the proposed protective order. The Government does not object to this request. Attached in Exhibit A is a modified proposed protective order to include this change.

  *Second*, both defendants request that the Court permit their counsel to retain "Highly Confidential" material in locations other than their offices. The Government does not object to "Designated Persons" retaining "Highly Confidential" material in their offices or homes. To the extent the defense intends to transport sensitive material to other locations, the parties can discuss such proposals. The Government intends to be flexible about this issue. The proposed order in Exhibit A is modified in accord with the foregoing.[1]

  *Third*, only defendant Wang objects to the Attorney's Eyes-Only provision in the protective order. This provision remains appropriate, particularly given the documented history of obstruction by defendant Kwok and his associates.

  *Fourth*, in Exhibit A the Government has added paragraph 16, which would require the defendants to notify the Government at least ten business days before producing materials pursuant to subpoenas, court orders, or other requests. The Government has already received a blanket

---

[1] The Government continues to believe that lay-witnesses should *not* be permitted to *permanently* possess Confidential material, which includes financial information of victims and third parties. (The proposed order permits lay-witness counsel to retain such material, if necessary.) Defense counsel does not identify how such a commonsense restriction interferes with their ability to prepare a defense. To the extent a particular unrepresented lay witness seeks to retain possession of Confidential material, the parties can discuss whether such request is appropriate, and the defense can seek the Court's permission in the event of a disagreement. Blanket permission for all lay witness to retain Confidential material is not warranted.

request for duplicate discovery from a purported Kwok associate who claims that the Government's discovery is relevant to another legal matter. The defendants, and their associates, should not be permitted to circumvent the protective order's protections through the use of civil lawsuits. This proposed provision in no way impacts the substantive rights of the defendants or their counsel. It merely requires that advance notice be provided to afford the Government an opportunity to quash a subpoena if the Government deems it appropriate.

        Respectfully submitted,

        DAMIAN WILLIAMS
        United States Attorney

By: /s/
    Ryan B. Finkel
    Micah F. Fergenson
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-6612 / 2314 / 2190

Cc:    All Counsel (By ECF)