# brownrudnick

STEPHEN R. COOK
direct dial: 949.752.7100
fax: 949.252.1514
scook@brownrudnick.com

June 27, 2023

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**RE:** *United States v. Kwok, et al.*, **Case No. 1:23-cr-00118 (AT)**

Dear Judge Torres:

    We write on behalf of our client, Ho Wan Kwok, in connection with the Court's Order dated June 26, 2023 (the "Order"). The Order provides the Court's bases for overruling the defendants' request for a speedy trial and for setting a trial date in this matter of April 8, 2024. Specifically, the Court stated, *inter alia*, that "[g]iven the complexity of this case, the voluminous discovery involved, and the need for sufficient time to prepare and file pretrial motions, the parties expressed a need for sufficient time to prepare, ***and defense counsel requested a trial date in early April 2024***." Order at 2, June 26, 2023, ECF No. 93 (emphasis added). Respectfully, neither counsel for Mr. Kwok nor counsel for defendant Yanping Wang requested a trial date in April 2024. Rather, both defendants requested a trial date of ***August 25, 2023***, as stated in the parties' joint letter to the Court dated April 20, 2023.

    The Order cites to excerpts from the transcript of the June 6, 2023 status conference in support of the Court's April 8, 2024 trial date:

> THE COURT: The Court will not be able to start trial until April the 8th and you are expecting about four weeks for the case-in-chief. From the defense, would you be able to make an April 8 date for trial?
>
> MR. COOK: Yes, your Honor, we could make an April 8 date, however we would request the earliest possible trial date. My client wants a speedy trial and would request a trial date along the lines of what we proposed to the Court earlier in April.

*See* Tr. of Status Hr'g at 4:8-17, June 6, 2023, ECF No. 88. First, counsel for Mr. Kwok's statement that he was available to start the trial on April 8, 2024 was only a statement of availability, not a waiver of Mr. Kwok's right to a speedy trial. Second, counsel for Mr. Kwok's request for a trial



June 27, 2023
Page 2

date "along the lines of what we proposed to the Court *earlier in April*" was a reference to the parties' joint letter to the Court dated ***April 20, 2023***, wherein the defendants ***jointly proposed a trial date of August 25, 2023***.  *See* Joint Letter re: Discovery and Trial Control Date at 3, Apr. 20, 2023, ECF No. 53.

The next pertinent transcript citation referenced in the Order relates to Mr. Kwok's request for an order permitting Mr. Kwok access to a government-provided laptop, notwithstanding the Bureau of Prison's usual protocol of only providing laptops to inmates shortly before trial, if at all:

> THE COURT: So you are asking for something which is outside of the normal BOP protocol?
>
> MR. COOK: Correct, your Honor. The BOP procedure, as we understand it, first of all, is ***they simply decline those requests unless it is immediately prior to trial for purposes of reviewing 3500 material. That will not be sufficient time for my client to review the voluminous discovery in this case.*** In addition, they require a showing, as I understand it, of inability for my client to sufficiently review material on the MDC provided computer. That will take time. Apparently, they want to show that over a period of weeks he has been unable to access it sufficiently. We know already it is not sufficient and we are trying to expedite the process.

*See* Tr. of Status Hr'g at 6:22-7:9 (emphasis added).  Nothing in this excerpt suggests that Mr. Kwok is waiving his speedy trial rights.  Indeed, this request—that Mr. Kwok be provided with access to a discovery laptop immediately, rather than shortly before trial—would have been made regardless of the trial date.

Mr. Kwok has been consistent in his request for the earliest possible trial date, as stated in the joint letter of April 20, 2023, and reiterated again at the June 6, 2023 status conference.  *See, e.g.*, Tr. of Status Hr'g at 4:13-17 ("[W]e would request the earliest possible trial date. My client wants a speedy trial . . . ."); *id.* at 8:8-10 ("THE COURT: . . . Any objection to my excluding time through April 8, 2024?  MR. COOK: Mr. Kwok does oppose, will not waive time.").

Respectfully, the Order's statement that "defense counsel requested a trial date in early April 2024" is erroneous.  Mr. Kwok respectfully requests that the Order be corrected to note Mr. Kwok's (and his co-defendant's) insistence on a speedy trial and his objection to the April 8, 2024 trial date.  Moreover, to the extent that the Court's decision to set the April 8, 2024 trial date relies upon this error, Mr. Kwok further requests that the Court reconsider its Order and permit a speedy trial, as



June 27, 2023
Page 3

requested by the defendants in their letter of April 20, 2023.

                                          Respectfully submitted,

                                          **BROWN RUDNICK LLP**

                                          Stephen R. Cook

cc:   All counsel of record (via ECF)