

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-08

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/24/2023

Sidhardha Kamaraju

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

July 21, 2023

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:  *United States v. Kwok et al.*, Case No. 1:23-cr-00118 (AT)

Dear Judge Torres:

We represent Defendant Ho Wan Kwok in the above-captioned matter. We write to respectfully request an *ex parte* conference with the Court pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"). Mr. Kwok understands that the government intends to file a motion, pursuant to Section 4 of CIPA, seeking to withhold from discovery, substitute, and/or summarize certain classified information. Defendant further understands that the government's motion will be filed on an *ex parte* basis under seal, pursuant to the Court's April 21, 2023 order granting the government's request to do so. (ECF No. 55.)

Mr. Kwok now requests that the Court hold an *ex parte* conference with his defense counsel so that they may bring to the Court's attention certain issues that will likely implicate classified information placed at issue by this prosecution, and which will be relevant to the government's discovery obligations.

> I.  **The Government's Discovery Obligations**

As this Court is well aware, Mr. Kwok is entitled to several basic categories of discoverable material from the government, including Rule 16 material, exculpatory material under *Brady v. Maryland* and its progeny and, of equal importance, impeachment material under *Giglio v. United States*. In addition, it is fundamental to Mr. Kwok's right to cross-examine witnesses that he be given prior statements of witnesses that are relevant to the subject matter of their testimony, pursuant to the Jencks Act, 18 U.S.C. § 3500.



Hon. Analisa Torres
July 21, 2023
Page 2

As an initial matter, it is well settled that, to satisfy its obligations, the government has a duty to search at least the files within the prosecutor's own office for evidence that is material and favorable to the defense. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Giglio v. U.S.*, 405 U.S. 150, 154 (1972). In addition, the government's duty to search for *Brady* material extends to other agencies acting on the government's behalf in a case, even if the prosecutor has no personal knowledge of the existence of such material. *See Kyles v. Whitley*, 514 U.S. 419, 437 (1995); *United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992). In such cases, "[k]nowledge of material information may be imputed to the prosecutor when that information is possessed by others on the prosecution team." *United States v. Velissaris*, No. 22 Cr. 105 (DLC), 2022 WL 2392360, at *1 (S.D.N.Y. July 3, 2022) (internal quotations omitted). Courts have held that the government must conduct a search if the defendant has made an explicit request for files and there is a non-trivial prospect that the examination of those files might yield material exculpatory information. *See Brooks*, 966 F.2d at 1504. Even absent an explicit request, a prosecutor is nevertheless required to search if there exists any reliable indication suggesting that files contain evidence that meets the *Brady* standard of materiality. *See* U.S. Dep't of Just., Just. Manual § 2052(B)(1) (2020), *available at* https://www.justice.gov/archives/jm/criminal-resource-manual-2052-contacts-intelligence-community-regarding-criminal-investigations ("Just. Manual"); *see also Kyles*, 514 U.S. at 433 ("[R]egardless of request, favorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.") (internal quotations omitted).

## II.   Classified Information and CIPA

The government's search "must extend to sources that are readily available to the government and that, because of the known facts and nature of the case, should be searched as a function of fairness to the defendant," including sources in possession of the U.S. intelligence community (the "IC"). Just. Manual § 2052(B)(2). Moreover, the Second Circuit has adopted a lesser standard than *Brady* in cases involving classified information in the possession of the IC, requiring disclosure of information that is "relevant and helpful" to the defense. *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008) ("[I]nformation can be helpful without being 'favorable' in the *Brady* sense.").

The fact that discoverable information may be classified does not relieve the government of its obligation to disclose the material to the defendant. *See United States v. Poindexter*, 725 F. Supp. 13, 32 (D.D.C. 1989) ("[T]he protection of the rights of the defendant is paramount under the statutory scheme."). Indeed, CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). CIPA, codified at 18 U.S.C. App. III, is thus a set of procedures by which federal district courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal



Hon. Analisa Torres
July 21, 2023
Page 3

cases. *See Pappas*, 91 F.3d at 799. As a procedural statute, CIPA neither adds nor detracts from the substantive rights of the defendant or the discovery obligations of the government. *See United States v. El-Hanafi*, No. S5 10 CR 162 KMW, 2012 WL 603649, at *2 (S.D.N.Y. Feb. 24, 2012) ("CIPA does not expand or restrict established principles of discovery."). To the contrary, the statute provides mechanisms by which the government is able to disclose classified information to the defense, pursuant to its fundamental discovery obligations. *See*, *e.g.*, 18 U.S.C. App. III § 3 (providing for the entry of a protective order governing the production of classified information).

Section 4, which is in many ways the heart of CIPA, governs the methods of disclosure of classified information by the government to the defendant, pursuant to its constitutional and statutory obligations. *See* 18 U.S.C. App. III § 4. Section 4 is implicated when the head of the department with control over the matter, after personal consideration of the matter, invokes the states-secrets privilege to withhold classified information from the defendant in the interests of national security. *Doe v. C.I.A.*, No. 05 Civ. 7939 (LTSFM), 2007 WL 30099, at *1 (S.D.N.Y. Jan. 4, 2007); *see also Aref*, 533 F.3d at 80. The states-secrets privilege, however, is not absolute: it "must—under some circumstances—give way . . . to a criminal defendant's right to present a meaningful defense." *United States v. Abu-Jihaad*, 630 F.3d 102, 141 (2d Cir. 2010) (internal quotations omitted).

In this case, the government has indicated that it intends to move pursuant to Section 4 of CIPA to withhold, or "delete," certain classified information from discovery to the defendants. Under Section 4, upon a "sufficient showing" by the government, the Court may authorize the government to "delete specified items of classified information from documents to be made available to the defendant . . . , to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove." 18 U.S.C. App. III § 4. The government makes a sufficient showing that such alternatives are warranted through an *ex parte* submission to the Court. *See id.*; *see also United States v. Muhanad Mahmoud Al-Farekh*, 956 F.3d 99, 109 (2d Cir. 2020). Of critical importance to the fairness of the process, the Court may review, *ex parte* and *in camera*, the classified information at issue to determine whether and in what form the information must be disclosed to the defendant, and whether the government has truly satisfied its discovery obligations. *See, e.g., United States v. Aref*, No. 04 CR 402, 2006 WL 1877142, at *1 (N.D.N.Y. July 6, 2006).

Section 2 of CIPA provides that "at any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. Upon such motion, "the court shall promptly hold a pretrial conference" to discuss the issues related to classified discovery. *Id.* To encourage open communication at the Section 2 conference, any statements made by the defendant or his attorney at the conference may not be used against the defendant unless the statement is in writing and signed by the defendant. *Id.*



Hon. Analisa Torres
July 21, 2023
Page 4

Given the *ex parte* nature of the government's Section 4 motion practice, an *ex parte* Section 2 conference for the defense is of particular importance. When evaluating the government's arguments with respect to the appropriateness of deletion or alteration of any particular piece of classified information, the Court should place "itself 'in the shoes of defense counsel, the very ones that cannot see the classified record,' to determine whether the withheld data might be relevant and helpful to the defense." *United States v. Schulte*, No. 17 Cr. 548 (PAC), 2019 WL 3764662, at *1 (S.D.N.Y. July 22, 2019) (quoting *United States v. Amawi*, 695 F.3d 457, 471 (6th Cir. 2012)). An opportunity for defense counsel to explain potential defense theories to the Court in an *ex parte* session enhances the Court's ability to balance the defendant's rights with the government's claimed need to protect national security. That is why courts in this District routinely hold *ex parte* Section 2 conferences with defense counsel when classified information and CIPA are involved. *See*, *e.g.*, *Schulte*, 2019 WL 3764662, at *1 (noting that the Court "met *ex parte* with defense counsel to learn about [the defendant's] defense and discovery needs); *United States v. McGonigal*, 23 Cr. 16 (JHR) (ECF No. 33) (granting separate *ex parte* CIPA conferences to government and defense); *United States v. Hossain*, No. 19 Cr. 606 (SHS), 2023 WL 3001464, at *1 (S.D.N.Y. Apr. 19, 2023) (noting that the Court held "separate *ex parte* Section 2 hearings with the Government and with defense counsel" in connection with disputes over production of classified information).

The government has indicated that it intends to file a Section 4 motion, which presumably means that the government is already aware that there is classified information at issue that may be discoverable.  (ECF No. 52 at 1.) Moreover, "the Government believes it is possible that it may disclose classified information to cleared counsel for both defendants." (*Id.* at 1, 3.) Thus, it is clear that the Court will have to grapple with issues of whether classified information is material to the defense and should be produced. We respectfully submit that the Court should do so with the benefit of not only the Government's perspective on its discovery obligations and this prosecution, but an understanding of potential defense theories as well. That is the surest method to ensure that the Court can properly place itself in "the shoes of defense counsel" and protect Mr. Kwok's rights.

\*            \*            \*

Hon. Analisa Torres
July 21, 2023
Page 5

### III.    <u>Conclusion</u>

Accordingly, we respectfully request that the Court hold an *ex parte* Section 2 conference with Mr. Kwok's defense counsel. We look forward to the opportunity to discuss the parties' respective obligations under CIPA further and to ensure that both the government's interest in protecting classified information and the defendant's constitutional rights are protected during the pendency of these proceedings.

Respectfully submitted,

Sidhardha Kamaraju
Matthew Barkan
Daniel Pohlman
Clare Tilton

GRANTED.

SO ORDERED.

Dated: July 24, 2023
        New York, New York

_____
ANALISA TORRES
United States District Judge