# Exhibit 9

```
                    UNITED STATES BANKRUPTCY COURT
                       DISTRICT OF CONNECTICUT
                         BRIDGEPORT DIVISION

 In Re                              *   Case No. 22-50073 (JAM)
                                    *
 HO WAN KWOK and GENEVER            *
  HOLDINGS CORPORATION,             *
                                    *
              Debtor.               *
                                    *

 GENEVER HOLDINGS LLC, et al.,      *   Adv. Proc. No. 23-05002
                                    *
              Plaintiffs,           *
      v.                            *   Bridgeport, Connecticut
                                    *   May 2, 2023
                                    *
 HO WAN KWOK, et al.,               *
                                    *
              Defendants.           *
                                    *
 * * * * * * * * * * * * * * * * *
```

                            TRANSCRIPT OF

| # | |
|---|---|
| #1362 | MOTION TO COMPEL COMPLIANCE WITH BK RULE 2004 SUBPOENA BY UBS AG |
| #1495 | INTERIM APPLICATION FOR COMPENSATION OF CHAPT. 11 TRUSTEE AND HIS COUNSEL, PAUL HASTINGS, LLP, FOR REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM JULY 8, 2022 THROUGH OCTOBER, 2022 |
| #1669 | APPLICATION TO EMPLOY ENGINEERING OPERATIONS AND CERTIFICATION SERVICES, LLC AS EXPERT/CONSULTANT |
| #1674 | INTERIM APPLICATION FOR COMPENSATION/ALLOWANCE AND REIMBURSEMENT FOR EXPENSES FOR NEUBERT, PEPE AND MONTEITH |
| #1704 | AMENDED ORDER SETTING STATUS CONFERENCE PRETRIAL CONFERENCE #1 COMPLAINT 91(DECLARATORY JUDGMENT) |

            BEFORE THE HONORABLE JULIE A. MANNING
              UNITED STATES BANKRUPTCY JUDGE

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

Ho Wan Kwok - May 2, 2023    12

1   transcript is very clear as to what transpired and what the
2   agreement was.
3              I, you know, don't want to do that -- you know,
4   spend too much of the Court's time, but starting on page 113
5   of the transcript, lines 10 through 15.  Mr. Best --
6              THE COURT:  Give me a second to get there, please.
7              MR. DESPINS:  Okay.  Sorry.
8              THE COURT:  113?
9              MR. DESPINS:  Yeah.  113.
10             THE COURT:  Lines what?
11             MR. DESPINS:  10 through 15.
12             THE COURT:  Okay.  Go ahead.
13             MR. DESPINS:  This is Mr. Best addressing the
14  Court.  "What they  -- what the problem which we need to
15  figure out is the Southern District has a protective order
16  or the use of that information.  I don't know how that can
17  be worked out with Your Honor and with counsel, but that
18  will come up whether it's directly to the Department of
19  Justice or through us, meaning that they would produce,
20  they, the defendant, would produce to us documents."  So
21  that's the teeing up of the issue.
22             Then I go next to page 123, lines 7 through 14. So
23  page 123, lines 17 through 14.  This is where I address the
24  court, and I said, "But the defendant, he has standing in
25  that court to say you know what, Judge -- criminal judge, we

Ho Wan Kwok - May 2, 2023

13

1    would like a modification to the protective order, and that
2    modification would be that we," this is again the defendant,
3    "can provide to the Trustee, Chapter 11 Trustee, copies of
4    the documents that the Government gave us or gives us.  This
5    court, Your Honor, could direct the debtor to seek such a
6    modification of the protective order.  This is my proposal."
7             Then page 139, lines 7 through 19.  So page 139,
8    lines 7 through 19.  Again, Mr. Best addressing the Court.
9    And it's more lines 13 through 19.  "But we are in agreement
10   in principle that's subject to the U.S. Department of
11   Justice and really most importantly the District Court Judge
12   agreeing to the disclosure of it.  I'm sure with many
13   limitations or qualifications that we won't stand in the way
14   of that.  The discussion really is what's the best way?
15   How's the best way to accomplish that?"
16            Then page 140, lines 4 through 6.  Again, Mr. Best
17   addressing the Court.  "There's a concern from the U.S.
18   Trustee's counsel," I guess that's a misnomer, it was -- is
19   the Trustee's counsel, that they don't have standing in the
20   Southern District for the subpoena.  I don't care how we get
21   home.  There are multiple ways of doing that."
22            And then lower down on that page, still page 140,
23   lines 20 to 23.  Again, Mr. Best.  "And so I want the help -
24   - to help the Court explore this and then help the Court in
25   fashioning an order that -- or a ruling or you don't -- or

Ho Wan Kwok - May 2, 2023      14

1   you don't -- I mean, I don't even know if you need to assure
2   ruling, but I'd like clarity on the way forward."
3           And then page 141, lines 10 through 15. This is
4   where I address the court and I say, "And so what should
5   happen is that I think the Court," meaning Your Honor,
6   "should enter an order saying that the debtor is directed to
7   seek a modification of any applicable protective order in
8   the criminal case to allow the Chapter 11 Trustee access to
9   the document produced by the Government to the debtor."
10  Couldn't be clearer.
11          Then on page 143, or sorry, the bottom of 142,
12  line 25, and the top of 143, lines 1 and 2. Mr. Best, "I'm
13  fine with counsel proposing a draft order that we look at
14  and get to Your Honor if that's the easiest way of doing
15  it."
16          And then on lines, same page, 143, lines 7 through
17  9. "So that I think there's an agreement to be -- to abide
18  by. If the Southern District allows to use the information
19  subject to a protective order, them being part of the
20  protective order. There's no mention that it has to come
21  directly from the Department of Justice to us."
22          Then, even the Court, although that was cut off,
23  this is on page 146, I was trying to correct the statement
24  that had been made, but on top of 146, it says the Court,
25  "The debtor will seek, but then share with you," meaning

Ho Wan Kwok - May 2, 2023                    15

1   with the Trustee, once their -- once their -- it's not --
2   it's cut off because Your Honor's -- I said "correct".  But
3   basically what you were saying is that once they get the
4   documents from the DOJ they'll share with you, the Trustee.
5           Page 149, lines 9 through 11.  I believe this is
6   the Court, nope, yeah, it is the Court.  "There's an
7   agreement.  We're going to proceed with that agreement.  I'm
8   going to hold Mr. Best and Mr. Despins to that agreement."
9           Then I go to page 149, 14 through 18.  "The Court:
10  All I would say about what you just said is that when you
11  say see your client, I understand -- I understand you have
12  to see your client.  But you've agreed that your client's
13  not going to oppose this.  Mr. Best:  I agree."
14          And so that's all I would cover, Your Honor.
15  There was never any discussion by Mr. Best saying, oh, we
16  can't, we can't turn over anything to them, it has to come
17  from the Department of Justice directly to the Trustee.
18          The reason they're proposing that, Your Honor, I
19  want to be very direct about this, is because that would
20  never happen.  The DOJ is never going to produce anything to
21  us.  We don't exist in their court.
22          So they're proposing something that essentially
23  defeats what we're trying to do, when, in fact, you know,
24  they said, oh, we have no problems with getting you the
25  documents.  You just need to get them from the DOJ.  But

Fiore Reporting and Transcription Service, Inc.