# Exhibit 2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

| | | |
|---|---|---|
| In Re | * | Case No. 22-50073 (JAM) |
| | * | |
| HO WAN KWOK and GENEVER HOLDINGS CORPORATION, | * | |
| | * | |
| Debtor. | * | |
| | | |
| LUC A. DESPINS, et al., | * | Adv. Proc. No. 23-05017 |
| | * | |
| | * | Bridgeport, Connecticut |
| Plaintiffs, | * | September 12, 2023 |
| | * | |
| v. | * | |
| | * | |
| TAURUS FUND, LLC, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |
| * * * * * * * * * * * * * * * | * | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:

| | |
|---|---|
| Chapter 11 Trustee: | LUC A. DESPINS, ESQ.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166 |
| For the Chapter 11 Trustee: | G. ALEXANDER BONGARTZ, ESQ.<br>Paul Hastings LLP<br>200 Park Avenue<br>New York, NY 10166 |

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

APPEARANCES: (Cont'd)

For the Chapter 11 Trustee: PATRICK R. LINSEY, ESQ.
Neubert Pepe and Monteith
195 Church Street,13th Floor
New Haven, CT 06510

For the U.S. Trustee: HOLLEY L. CLAIBORN, ESQ.
Office of U.S. Trustee
The Giaimo Federal Building
150 Court Street, Room 302
New Haven, CT 06510

For the Creditors Committee: KRISTEN B. MAYHEW, ESQ.
Pullman & Comley
850 Main Street
Bridgeport, CT 06601

For The Sherry-Netherland, Creditor: SHERRY J. MILLMAN, ESQ.
Stroock & Stroock & Lavan
180 Maiden Lane
New York, NY 10038

TARUNA GARG, ESQ.
Murtha Cullina, LLP
107 Elm Street, Suite 1101
Stamford, CT 06902

For the Pacific Alliance Asia Opportunity Fund, LP: ANNECCA H. SMITH, ESQ.
Robinson & Cole, LLP
280 Trumbull Street
Hartford, CT 06103

overturning the sale of the Lady May.

The only change we'd need to make is just to add the hearing date in the first paragraph of the proposed order that appears on pages 5 and 6 of ECF 2186.

So for all those reasons, the second interim application for compensation of Neubert, Pepe and Monteith is granted, and the proposed order will enter with the minor, with the very minor changes noted on the record.

MR. LINSEY: Thank you, Your Honor.

THE COURT: Thank you.

All right. That concludes all the matters on today's calendar, unless someone has something they have a question about.

MR. DESPINS: Yes, Your Honor. If I may?

THE COURT: Yes. Go ahead.

MR. DESPINS: I'm really duty bound to inquire about the status of the criminal stay in our motion to stop that the -- Kwok and Yvette Wang from pursuing that criminal stay matter because we have a deadline coming up of September 21st in that case. And obviously we would want to avoid that. So I'm sorry. I wanted to bring that up.

THE COURT: Well, there was an objection filed to your motion in this, in this court.

At the same time, my understanding is that, and you can correct me if I'm wrong, that the district court in

the Southern District of New York criminal proceeding is allowing you, as the Trustee of the estates, to file some sort of repsonse, is that correct, to the motion --

MR. DESPINS: That's correct, Your Honor.

THE COURT: -- to the motion to stay filed by Mr. Kwok's criminal counsel in the criminal proceedings, correct?

MR. DESPINS: That's correct.

THE COURT: Okay. So to -- so I'm going to wait to see what the district court does.

This is -- this is not -- I don't know that the bankruptcy court has any authority, and I haven't been able to find any, that would allow a bankruptcy court to tell a party in a criminal proceeding that they can't seek some form of relief from the court in that criminal proceeding. I haven't seen any authority that would provide this court with the authority to do that.

MR. DESPINS: Well, I -- I don't know if you've had a chance to look at the joinder filed by --

THE COURT: I did. I did.

MR. DESPINS: -- the committee in PAX because I thought they cited a number of cases where --

THE COURT: They cited -- they cited one case which was helpful. I think the committee cited one case which held that the district court in the criminal

proceedings ruled on that motion, not the bankruptcy court.

If I'm, Attorney Mayhew, if I'm saying something incorrect, please correct me, but my recollection of the review of the joinder was -- I understand the committee joins and they cited a case which was helpful, because I don't think there were any cases cited before that, but I think what that case said, well, my recollection of what that case said, is that the district court made that, in the criminal action made that determination, not the bankruptcy court, and I think that is an important distinction with a difference.

I'm not sure that the bankruptcy court has authority, any authority, to enjoin anyone from doing anything in a criminal proceeding that is not part of the bankruptcy -- I don't know how a criminal proceeding could be part of the bankruptcy case.

So I understand you may be frustrated. And I understand that, you know, you may feel that you would rather this court address the issue, and maybe I'll still have to address the issue after the district court rules, but I don't see -- I am not convinced or persuaded that there's any authority that exists that would authorize a bankruptcy court to stay a debtor who is no longer in possession, who is not only the subject of a criminal proceeding, but, in fact, incarcerated, from seeking relief

in that criminal proceeding. It doesn't mean he's going to obtain that relief, but I don't -- I don't see how the bankruptcy court has the authority to do that, any bankruptcy court.

MR. DESPINS: Your Honor, it's because this is an attempt to control property of the estate. I mean, if this Chapter 11 case is stayed, the effect on property of the estate would be huge. You know. It's just I can't even conceive of it.

We had a deadline, for example, the two-year statute of limitations is coming up in February. If this case is stayed, what's going to happen to all these important questions?

THE COURT: Well, you're going to have to move to extend that statute of limitations, number one. Number two, the Mahwah mansion is not property of the estate at this time. That determination hasn't been made.

MR. DESPINS: I know. No. But I want to be clear, they're seeking a stay of the entire Chapter 11 case.

THE COURT: No. I understand.

MR. DESPINS: Not only --

THE COURT: I read it. I understand.

MR. DESPINS: Okay.

THE COURT: I understand what they're seeking.

MR. DESPINS: Okay.

THE COURT: But the case that the committee cited, the district court did not grant that relief.

MR. DESPINS: Understood.

But I don't think there's any precedent. Your point is that there's no precedent where a bankruptcy court has enjoined such a proceeding.

THE COURT: Correct.

MR. DESPINS: I hear that. But I don't think there's any case where the relief was sought, except for that Boston District Court case, which sought in the district court, usually sought in the court where the case is pending.

But I understand your -- understand your views and I appreciate the feedback, Your Honor.

THE COURT: It may -- I have no idea what's going to occur, but I understand your request. And it doesn't mean that your request might not be addressed in some way, shape or form at some point, but I don't see any authority to have a bankruptcy court enjoin a criminal defendant from seeking relief in a criminal case.

MR. DESPINS: Understood.

THE COURT: Thank you.

MR. DESPINS: Thank you, Your Honor.

THE COURT: Is there anything further anyone would like to add to the record this afternoon?

(No response)

THE COURT: Okay. That conclude the hearings in the Kwok and Genever-related Chapter 11 cases this afternoon. Those are the last matters on the calendar, so court is adjourned. Thank you, all.

ALL COUNSEL: Thank you, Your Honor.

(Proceedings concluded at 2:54 p.m.)

I, CHRISTINE FIORE, court-approved transcriber and certified electronic reporter and transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Christine Fiore

______________________________ September 14, 2023

Christine Fiore, CERT