# Exhibit 3

```
                  UNITED STATES BANKRUPTCY COURT
                     DISTRICT OF CONNECTICUT
                       BRIDGEPORT DIVISION

   In Re                          *    Case No. 22-50073 (JAM)
                                  *
   HO WAN KWOK and GENEVER        *
    HOLDINGS CORPORATION,         *
                                  *
              Debtor.             *

   LUC A. DESPINS,                *    Adv. Proc. No. 22-05027
                                  *
              Plaintiff,          *
                                  *
       v.                         *
                                  *
   BRAVO LUCK, LIMITED, et al.,   *
                                  *
              Defendant.          *

   LUC A. DESPINS,                *    Adv. Proc. No. 23-05017
                                  *
                                  *    Bridgeport, Connecticut
              Plaintiff,          *    August 29, 2023
                                  *
       v.                         *
                                  *
   TAURUS FUND, LLC, et al.,      *
                                  *
              Defendants.         *
                                  *
   * * * * * * * * * * * * * * * *

                    TRANSCRIPT OF PROCEEDINGS
             BEFORE THE HONORABLE JULIE A. MANNING
                  UNITED STATES BANKRUPTCY JUDGE

   APPEARANCES:


   Chapter 11 Trustee:         LUC A. DESPINS, ESQ.
                               Paul Hastings LLP
                               200 Park Avenue
                               New York, NY  10166




   Proceedings recorded by electronic sound recording, transcript
   produced by transcription service.
```

```
APPEARANCES:  (Cont'd)

For the Chapter 11 Trustee:    PATRICK R. LINSEY, ESQ.
                               Neubert Pepe and Monteith
                               195 Church Street,13th Floor
                               New Haven, CT  06510


For U.S. Trustee:              HOLLEY L. CLAIBORN, ESQ.
                               Office of U.S. Trustee
                               The Giaimo Federal Building
                               150 Court Street, Room 302
                               New Haven, CT  06510


For the Creditors Committee:   IRVE J. GOLDMAN, ESQ.
                               Pullman & Comley
                               850 Main Street
                               Bridgeport, CT  06601


For Bravo Luck:                FRANCIS J. LAWALL, ESQ.
                               Troutman Pepper Hamilton
                                Sanders, LLP
                               3000 Two Logan Square
                               18th and Arch Street
                               Philadelphia, PA  19103


For Hing Chi Ngok and          CHRISTOPHER J. MAJOR, ESQ.
 Greenwich Land, LLC:          Meister Seelig & Fein LLP
                               125 Park Avenue
                               New York, NY  10017


For Taurus Fund, LLC:          MICHAEL T. CONWAY, ESQ.
                               Lazare Potter Giacovas &
                                Moyle, LLP
                               747 Third Avenue
                               New York, NY  10017
```

Ho Wan Kwok - August 29, 2023                                    19

1   held the status conference with regard to that matter.
2           The only other thing the U.S. Trustee's Office may
3   want, I have no idea, Attorney Claiborn, but that motion
4   that's seeking to remediate different issues at the Sherry-
5   Netherland apartment also seeks the employment.  So I don't
6   know if you want the order to refer to Section 327 or
7   something too.  I have no idea.  But maybe you can all work
8   that out before we have a hearing.
9           And maybe if you all come in and there's no
10  problem, you'll go first at 2 p.m.  Okay?
11          MR. DESPINS:  That's a good incentive.
12          THE COURT:  All right.  So with regard to the
13  status conference that was held today that -- the status
14  conference has been held.  There's no need for any -- no
15  further status conferences will be scheduled and a notice of
16  hearing will issue on ECF No. 2113.  Okay?
17          So then how would you like to proceed next?
18          MR. DESPINS:  We'll go to Mahwah at this point.
19          THE COURT:  Go right ahead.
20          MR. DESPINS:  Thank you, Your Honor.
21          So Your Honor, this is a motion to approve a
22  settlement with the Department of Justice.  That's under
23  document 24 in the adversary proceeding.  And I have already
24  testified as to this, but I think it's important that we set
25  the stage again on this because last time that was not the

Ho Wan Kwok - August 29, 2023                              20

1    main focus.  I wanted the Court to know about it, but
2    clearly that was not the purpose of that hearing.
3            So the first question is why enter into a
4    settlement with the DOJ?  Second question is what does the
5    settlement do or not do?  And so let me try to address that.
6            The first question is why?
7            As we state in the motion, the DOJ has expressly
8    targeted the Mahwah mansion as a -- that's not a verb --
9    forfeitable asset and they've actually identified that
10   asset.  We did not know about it.  So we have to be candid
11   with the Court.  We did not know about that asset until the
12   indictment was released.
13           And, however, the Department of Justice, their
14   tools are sort of limited in the pre-conviction phase in the
15   sense that they cannot obtain title to this property now or
16   do much with it before there's a conviction, which is a
17   final conviction.  Given that the trial is not going to last
18   -- not going to start until April I think, at least until
19   April of next year, obviously, the DOJ and we were aware of
20   what was going there and we're really concerned about this
21   very valuable asset being left in limbo for lack of a better
22   term.
23           So, however, because they identified this asset as
24   a potentially forfeitable asset, we did not want to begin
25   any adversary proceeding which could be perceived as hostile

1   towards the DOJ because obviously it's important we believe
2   to work with them as cooperatively as possible.  Why?
3          Because they have all sorts of tools that we don't
4   have.  We don't want them to be fighting us and us being at
5   cross purposes with them with respect to this asset, and
6   this is where we came up with this idea of -- first of all,
7   we did our homework.  We believe that this asset through the
8   relief we're seeking in the adversary proceeding is an
9   estate asset.  We're convinced of that.  The Court will have
10  to determine if that's the case or not.  That's for another
11  day.
12         But we approached the DOJ and said we want to go
13  forward with this adversary proceeding to try to establish
14  that this is an asset of the estate.  And eventually, if the
15  Court rules in our favor, to sell this asset to liquidate it
16  for the benefit of holders of allowed claims.
17         And so we had this discussion about, okay, how is
18  that going to play out, because their view is that they have
19  superior claims.  And I'm not going to go into all the
20  details on this, but we pointed out and we cited in the
21  motion some case law, because there's a lot of cases on this
22  where Chapter 11 trustees or Chapter 7 trustees are battling
23  against the DOJ over issues like that as to who has first
24  dibs on an asset of the -- and I'm saying in those cases the
25  alleged wrongdoer -- and, you know, obviously we want to

1   avoid that.
2            And we also wanted to avoid the following, which
3   is we filed this adversary proceeding.  In my dreams, we
4   prevail.  We sell the assets and the DOJ comes in and says
5   thank you very much, we will take that money, and thank you
6   for your work, and that's the end of it.  We could not have
7   that.
8            This estate cannot be in a position where it's
9   financing any other activity.  It has to net neutral.  And I
10  believe move than net neutral, and I'll get to that piece in
11  a second.  So that we negotiated the fact that if we
12  prevail, that's very important, only if we prevail.
13           This settlement agreement does not dictate the
14  sale of the property because it provides that certain things
15  will happen if we prevail.
16           So if we prevail and we sell the asset, we can use
17  the net proceeds to pay all the expenses that the estate
18  will have incurred.  At that time, we thought we would incur
19  not only legal fees, but security fees, a broker to sell the
20  property, a mortgage if -- there's no mortgage on the
21  property, but if there are people that have mechanics liens
22  that need to be paid, that of course comes off the top.
23           So that creates a concept of net proceeds.  And
24  the net proceeds under that stipulation, we're kicking down
25  -- that down the road, which is to be determined.  And I'll

1  come back to why there's not more progress on that.  So the
2  net proceeds are very important.
3              And what I said is, okay, that's great.  We're
4  going to get all our expenses back.  That's good.  But this
5  case is not being run for the professionals for the case.
6  There has to be a benefit to the estate.  That's where we
7  came in with the deemed expense of a million dollars.
8              So that assuming for a second that we prevail, the
9  mansion is sold, we get all the expenses paid, and the DOJ
10 and us cannot agree on the distribution of the net proceeds,
11 we're getting a million dollars to the estate guaranteed.
12 And it says in there to be paid to the holders of allowed
13 claims, so an allowed claim in your court, so it has to be
14 an allowed claim, allowed claims of victims.  And, you know,
15 people pointed out, well, victims is not defined.
16             That's not an accident.  Meaning, I want to have a
17 shot at convincing the DOJ that the victims -- first of all,
18 you have to have an allowed claim.  You cannot receive a
19 penny of this unless you have an allowed claim as determined
20 by Your Honor.  But if you have an allowed claim, the issue
21 of who's a victim or not, that's -- I would like that to be
22 subject to further discussion.
23             But the bottom line is this estate will end up
24 with a million positive, if we're right that this property
25 is part of the estate.  And we feel pretty strongly that is

1   the case, but of course Your Honor will have to rule on
2   that.
3          So the estate is not worse off because the fees
4   and expenses are covered.  It's better off by a million
5   dollars.  And it can be better off by a lot more than that
6   if we are successful in convincing the DOJ that the
7   distribution of proceeds from this property -- and by the
8   way, we're going to try that with other -- you know, for
9   example, I've mentioned the cash that's being frozen right
10  now, $630 million we -- that's not today's issue, but the
11  game plan here, based on other cases where the DOJ has
12  sought and obtained forfeiture of assets, is for the Chapter
13  11 Trustee to wear two hats, Chapter 11 Trustee and
14  forfeiture receiver.  And it all comes back to this court
15  for distribution.
16         And I know there are issues there.  And they know
17  that too, meaning the DOJ.  They're not naive.  They know
18  that.
19         The question is, okay, who's a victim?  In their
20  book, a victim might be only the victim of certain alleged
21  schemes.  But, you know, I can see that there are other
22  people in this case that Mr. Goldman represents that also
23  are victims.
24         For example, Bru Ma(ph), you don't know her, but
25  I'm using her as an example, because if you ever read her