# Exhibit I



New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569 Tel: 212-421-4100 Fax: 212-326-0806 pryorcashman.com

**Matthew S. Barkan**
**Partner**

Direct Tel: 212-326-0840
Direct Fax: 212-326-0806
mbarkan@pryorcashman.com

September 29, 2023

**VIA EMAIL**

Ryan Finkel, Esq.
Juliana Murray, Esq.
Micah Ferguson, Esq.
United States Attorney's Office
Southern District of New York

**Re: *United States v. Kwok et al.*, Case No. 1:23-cr-00118 (AT)**

Dear Ryan, Juliana and Micah:

As you know, we represent Defendant Ho Wan Kwok in the above-captioned matter. We write regarding several discovery-related matters.

## I. DISCOVERY REQUESTS

Pursuant to Fed. R. Crim. P. 16(a)(1)(E), *Brady v. Maryland*, 373 U.S. 83, 87 (1963) and *Giglio v. U.S.*, 405 U.S. 150, 154 (1972), Mr. Kwok requests production of the following materials. Each of these requests calls for production of documents and/or communications regardless of their classification level. Moreover, in light of the government's stated intention to file a motion pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and to potentially produce classified information to cleared counsel, the government should review and produce any documents that are responsive to the aforementioned requests that are in the possession of any relevant government agency, including agencies that are part of the U.S. intelligence community. *See* Justice Manual § 9-90.210(B) ("That the information within the possession of the intelligence community is classified shall have no effect either on the prosecutor's obligation to undertake the review of IC files or on the legally-mandated scope of that review. Similarly, except as modified by CIPA, the prosecutor's obligation to produce to the defendant information found during that review is unaffected by the classified nature of that information.")

1. [REDACTED]





PRYOR CASHMAN LLP

[redacted]

2. In its June 26, 2023 *Brady* disclosure letter, [redacted] Please produce the following:[1]

a. [redacted]

b. A complete, un-redacted copy of the *Bai* Complaint;

c. A complete, unredacted copy of the docket report for Case No. 23-mj-0334-SJB (E.D.N.Y.);

d. Complete, unredacted copies of all materials filed with the Court in Case No. 23-mj-0334-SJB (E.D.N.Y.);

e. [redacted]

f. All documents and communications concerning the allegation that "Group members use social media accounts, some of which ostensibly belong to individuals in the United States, to harass PRC dissidents and critics of the PRC government by posting threatening or delegitimizing content regarding such persons. Group members also take affirmative action to have online meetings and accounts associated with PRC critics or dissidents removed from U.S. social media platforms," as set forth in Paragraph 87 of the *Bai* Complaint.

g. [redacted]

---

[1] With respect to any classified information that is responsive to these requests, two of Mr. Kwok's defense counsel have security clearances already, and other of his attorneys have applied for clearances.



Ryan Finkel, Esq.
Juliana Murray, Esq.
Micah Ferguson, Esq.
United States Attorneys Office
Southern District of New York
September 29, 2023
Page 3

a



h. All documents and communications concerning any investigation underpinning the *Bai* Complaint, including all search warrant affidavits and 302s.

i. All evidence collected pursuant to any search warrant affidavits executed, or subpoenas served, in connection with any investigation of the subject matter of the *Bai* Complaint.

3. To the extent not encapsulated by the foregoing requests, all documents and communications concerning the targeting of Mr. Kwok by the Government of China[2], including as part of Operation Fox Hunt, including but not limited to:

a.

b.



c. the payment of bribes to U.S. citizens to solicit U.S. government officials to extradite Mr. Kwok back to China;

d. any cyber-attacks on any cell phone, computer, mobile device, or other property owned or used by Mr. Kwok or his family;

e. any attempts to de-platform Mr. Kwok from any social media platforms; and

f. any attempts to prevent Mr. Kwok from utilizing the U.S. banking system.

[2] "Government of China" means the People's Republic of China including all administrative authorities, councils, and ministries thereof, and including but not limited to any officials, agents, and diplomats, whether publicly disclosed or not, thereof, including but not limited to the State Council of the People's Republic of China, the Chinese Communist Party, the principal members thereof, and any and all governmental authorities in Hong Kong.





4. All documents and communications concerning the targeting of any member of Defendant's family, in the United States, China and elsewhere, by the Government of China including as part of Operation Fox Hunt.

5. All documents and communications concerning the targeting of any individual whom the government claims to be a victim of the alleged schemes described in the superseding indictment (the "Indictment") by the Government of China, including as part of Operation Fox Hunt.

6. All documents and communications concerning the "New Federal State of China" or the "NFSC," including, but not limited to, any intelligence assessments regarding the NFSC or documents reflecting any targeting of the NFSC or its members by the Government of China, including as part of Operation Fox Hunt.

7. All documents and communications concerning the targeting of Yanping Wang and Kin Ming Je (the other two defendants named in the Indictment) by the Government of China, including as part of Operation Fox Hunt.

8. All documents and communications concerning the targeting of the corporate entities named in the Indictment, including GTV, Saraca Media, GCLUBS, GFashion, and Himalaya Exchange, by the Chinese Government, including as part of Operation Fox Hunt.

9. All records of any statements made by Mr. Kwok to the Federal Bureau of Investigation (the "FBI"), including, but not limited to, any records of any statements made by Mr. Kwok as part of his cooperation with the FBI described in the government's Motion to Disqualify Counsel Emil Bove (ECF No. 120) (the "Disqualification Motion") [REDACTED].

10. An un-redacted copy of the Disqualification Motion.

11. All documents related to any investigation conducted by the U.S. Department of Homeland Security into Mr. Kwok, any member of Mr. Kwok's family, the corporate entities named in the Indictment, including GTV, Saraca Media, GCLUBS, GFashion, and Himalaya Exchange, and any employees of these entities.

12. In its April 20, 2023 letter to Judge Torres, the government stated that "it is possible that it may disclose classified information to cleared counsel for both defendants . . . ." (ECF No.





52 at 3.) To the extent such discovery contains *Brady* or *Giglio* materials, please produce it immediately. Failure to do so within 15 days will force us to file a motion with the Court.

13. Please confirm that the government has produced all documents and communications concerning the fire that broke out on the 18th floor of the Sherry Netherlands on March 15, 2023. To the extent these have not been produced, please confirm that the government will produce all such materials, including but not limited to any communications with any third parties concerning the fire, including the media.

14. Video footage taken from any drone deployed by the government at the Sherry Netherland apartment.

15. The video footage from the Sherry Netherlands apartment recorded on March 15, 2023 is incomplete. In particular, two of the cameras from which footage was produced for this day run only from midnight until 6:09 a.m., and a third camera from which footage was produced runs only between midnight – 2:02 a.m., 2:07 a.m. – 2:10 a.m., and 5:18 a.m. – 6:09 a.m. The government should:

a. Provide an explanation for the gaps in production;

b. Confirm the total number of cameras in the Sherry Netherlands apartment; and

c. Produce all footage from each camera in the Sherry Netherlands apartment from March 15, 2023.

16. With respect to any search warrants obtained in this case, please produce any instructions regarding the manner in which the searches should be conducted that were provided to those participating in the searches, including but not limited to instructions with respect to the preservation of evidence and alleged crime scene(s).

17. Please confirm that the government has conducted a full case-file review pursuant to Justice Manual § 9-5.002, including for "substantive case-related communications."

18. Any materials received from the bankruptcy Trustee pursuant to the government's subpoena, as referenced on ECF No. 148 at 5 n.5.

19. Any statements from purported "victims" that reference the New Federal State of China.





**II. OTHER DISCOVERY MATTERS**

1. We have identified from your productions at least three devices that the government apparently attributes to Mr. Kwok and from which the government has extracted data and designated it "Highly Confidential" pursuant to the Protective Order. These extractions were produced at USAO_00064450 – USAO_00064451, USAO_00064452 – USAO_00064453 and USAO_00094687 – USAO_00094688. A designation of "Highly Confidential" renders Mr. Kwok unable to review his own alleged phones while incarcerated at MDC and outside the presence of his defense team. We ask that you properly designate these materials as "Confidential" under the Protective Order (or otherwise agree to an exception) so that our client may review the materials from his own alleged devices on his court-ordered, air-gapped laptop while incarcerated at MDC.

2. In addition, please identify the basis for the "Highly Confidential" designation for the documents bearing the Bates numbers USAO_00107259, USAO_00107261, USAO_00107266, USAO_00108793, USAO_00108819, USAO_00108820, USAO_00108829, USAO_00108830, USAO_00108832, USAO_00108881, USAO_00108882, USAO_00108899, USAO_01088901, USAO_00108979, USAO_00109619, USAO_00109621, USAO_00109721, USAO_00109722, USAO_00109729, USAO_00109730, USAO_00109912, USAO_00109913, USAO_00110268, USAO_00110285, USAO_00110620, USAO_00110621, USAO_00110633, USAO_00110634, USAO_00110871, USAO_00110874, USAO_00111176, USAO_00111178, USAO_00111180, USAO_00111183, USAO_00111185, USAO_00111188, USAO_00111190, USAO_00111192, USAO_00111198, USAO_00112216, USAO_00112218, USAO_00112249, USAO_00112251, and USAO_00112253.

3. We have identified a number of documents in the government's production which appear to have technical issues:

- Documents bearing Bates numbers USAO-REL_000006867-USAO-REL_000007710, which were produced by AFEX, indicate that they were produced natively, but the native files are missing.

- Documents bearing Bates numbers USAO-REL_000008524, USAO-REL_000008699, USAO-REL_000008701, USAO-REL_000008780, USAO-REL_000008930, USAO-REL_000008936, USAO-REL_000008938, USAO-REL_0000089342, and USAO-REL_000010021 were all produced by Armanino LLP, and they are either missing a native file or are simply blank documents.





- Finally, images produced at USAO-REL_000107992, USAO-REL_000108087, USAO-REL_000108089 and USAO-REL_000108294, produced by Gladys Chow, are blurry and indecipherable.

We request that these missing, blank, or illegible documents be produced in a legible format.

4. With respect to the list of legal professionals dated April 27, 2023 (the "April 27 List") and supplied by Defendant's prior counsel, Defendant understands that the purpose of the list was so that the government's filter team could segregate out communications with those attorneys from the records seized by the government to review them for privilege. Of course, to the extent any communications in the government's possession are subject to a common-interest privilege between Defendant and any other individual or entity, those communications would also be protected from disclosure to the investigative team (either at the U.S. Attorney's Office or the FBI). Accordingly, to ensure that the filter team's screening captures the full pool of potentially privileged communications, the April 27 List identifies not only counsel with whom Mr. Kwok had a direct attorney-client relationship, but also attorneys with whose clients Mr. Kwok may have had a common interest.[3]

We thank the government for its prompt attention to these matters and request that you respond no later than October 9, 2023, to give Mr. Kwok an opportunity to bring any request which the government disputes to the attention of the Court promptly.

Very truly yours,

Matthew S. Barkan

cc: Sidhardha Kamaraju
Daniel J. Pohlman
John M. Kilgard
Clare P. Tilton
Sabrina Shroff

---

[3] Of course, without reviewing the specific communication at issue, we cannot say whether they would be subject to a common interest privilege, or what the nature of any such common interest may be with respect to the specific communication. In light of this and the limited purpose of the April 27 List, nothing in the list or this letter should be construed as an admission with the respect to the nature of Mr. Kwok's relationship with any individual or entity identified on the April 27 List.