# EXHIBIT B



📞 (856) 607-5708
📠 (888) 686-8346
✉ info@FormerFedsGroup.com
🌐 www.FormerFedsGroup.com

Nick A. Bassett, Esq.  
PAUL HASTINGS LLP  
2050 M Street, N.W.  
Washington, D.C. 20036  
Email:  nicholasbassett@paulhastings.com

December 10, 2023

Dear Mr. Bassett:

I have received a copy of your filing with the U.S. Bankruptcy Court of the District of Connecticut and letter to Judge Analisa Torres of the U.S. District Court for the Southern District of New York.

Before proceeding with public pleadings and filings I thought I would write to you by letter and consult and ask for your client's position.  I do not mean that this letter or other communication might not at some point become public as part of a filing.  What I do mean is that perhaps Luc Despins and others might discuss these matters to reach agreement on some issues before proceeding to motions.  I believe that in several of these contexts we are encouraged or required to minimize the burden on the Courts' time by determining what issues a court might need to resolve and what can be resolved without court time.

1. Initially, I am not sure in what role I am addressing you as Luc Despin's counsel.  As Bankruptcy Trustee, Luc Despins is responsible to manage the bankruptcy estate under Chapter 11 of the bankrupt petitioner (or involuntary petitioner), report to the Bankruptcy Court in Connecticut, and carry out the duties of the Trustee as are standard or ordered by the Court.  As I understand it, Luc Despins is applying for a

shocking, astronomical sum of money for his fees.   Therefore, presumably he is qualified to do this work of Trustee if only for a tiny fraction of the fees that he has requested.  Therefore, I do not understand why the Trustee is not speaking for himself, or why I or others should not be addressing the Trustee directly.  A Trustee is entitled to consult and receive legal advice, but it is different for counsel for the Trustee to speak or communicate in place of the Trustee.  I am beginning here but I believe in the future I will be interacting with the Trustee as Trustee.  Please help with some guidance as to your role.

2. Also, in a court transcript Luc Despins argues that he will participate not only as the Chapter 11 bankruptcy trustee but will also participate in court proceedings in an indictment against Ho Wan Kwok.  I believe this would be a disqualifying conflict of interest.  Has Mr. Despins obtained agreement to represent my clients' interests in any case related to these matters?  It is clear law that a trustee has a fiduciary duty to everyone according to their legal rights and roles.   By operation of law, the bankruptcy trustee may seek resolutions that balance the rights of all creditors and claimants.  However, in other courts and other contexts, Mr. Despins is not authorized to speak for my clients and they do not consent to it.

3. Third, unfortunately, it is exceedingly well-known and well-documented that no Western company can do business in China without surrendering any and all

proprietary, intellectual, or other rights to the Republic of China government.  I understand that Paul Hastings has an office in China.  While that is probably a good thing in general, the extensive research of many involving Chinese government practices suggest that Paul Hastings would be required to disclose all information about my clients to the Chinese Communist Party and/or the government of the Republic of China, to the extent that Paul Hastings itself becomes aware of such information. This of course is not a frivolous question but in this case a very serious, real-world concern.  Can you advise if Paul Hastings believes that it should continue to be involved in this case?

4. Except to the extent that the Himalaya exchange is a separate business that has nothing to do with the rest of the Chapter 11 bankruptcy, my clients object to any and all distributions of any fees or repayment of expenses to Mr. Despins, his counsel, or others related to the bankruptcy.  If other aspects of Kwok's businesses or activities justify the payment of fees or expenses, I express no opinion on that as long as none of the funds come from my clients funds.

5. I am sure that you and Mr. Despins must be aware by now that the Himalaya Exchange is separate and apart from any other business or financial activities of Ho Wan Kwok.   May I reach agreement with you and Mr. Despins that my clients and the Himalya Exchange have no relationship with Bankruptcy Case No. 22-50073



(JAM) and the Trustee will promptly remove any issues relating to the Himalaya Exchange or the claims of its investors and depositors – many of whom are my clients and it is likely that upon learning of these events all of them will be my clients?

6. If any and all issues relating to the Himalaya Exchange are not severed voluntarily by the Trustee from Bankruptcy Case No. 22-50073 (JAM) and any other case, as legally and financially distinct and unrelated to the affairs of Ho Wan Kwok, I will cause through locally-licensed counsel, possibly *pro hac vice* myself, a Motion for Relief from Stay to remove any and all issues related in any way to my clients as investors or depositers with the Himalya Exchange and the Exchange itself from the bankruptcy case and lift the stay.

May I put you down as consenting to such a motion?  You will understand by now that

 (a) Ho Wan Kwok does not own the Himalaya Exchange or the funds in it.  The funds held by the Exchange are "reserve funds" like the reserves of a traditional bank (but at 100% of value, not a fractional reserve).

 (b) The inclusion of matters related to the Himalaya Exchange and my clients was apparently premised on the idea that Kwok controls the funds of the Exchange.  But he does not.

(856) 607-5708
(888) 686-8346
info@FormerFedsGroup.com
www.FormerFedsGroup.com
140 "I" Route 130 S., 303, Cinnaminson, NJ 08077



📞 (856) 607-5708
📠 (888) 686-8346
✉ info@FormerFedsGroup.com
🌐 www.FormerFedsGroup.com

(c) My clients as depositers or investors in crypto currency have a superior claim on any and all funds held by the Exchange, both as to the reserve funds and as to funds for operating exchanges necessary to protect their investments.

(d) My clients and all crypto currency / digital currency clients of the Himalaya Exchange – as a separate business from Kwon's other activities – have what may loosely be described as right to sell back their digital coins to the Himalaya Exchange.  The funds held by the Himalaya Exchange are required reserves to protect my client's right to resell their coins back to the Exchange.  This is actually very technical in terms of a "stable coin" arrangement, which is required.  This is a matter of regulation and contract to ensure stability in the digital currency.  But in very simple terms it may be thought of as my clients have a right to sell their coins back to the Himalaya Exchange and receive U.S. dollars withdrawn in return.

(e) Therefore, the reserve funds which Luc Despins proposes to administer as part of the bankruptcy estate are owned primarily by my clients.  Those funds are not part of the bankruptcy estate.

📍 140 "I" Route 130 S., 303, Cinnaminson, NJ 08077

(f) Therefore, none of the funds of the Himalya Exchange are available to Ho Wan Kwok but are pledged to my clients. The Exchange holds those funds as **_trustee_** to my clients.

(g) Therefore, the Chapter 11 Trustee has no claim on any funds or property of the Himalaya Exchange. Possibly funds in excess of that needed to redeem all outstanding crypto currency digital coins as required by the investment contracts could be different. But to the extent that the Exchange is deprived of the funds needed to operate, the Exchange would crash as an operating business and my clients and others would suffer a total loss. So even funds more than just the reserves are under a claim to my clients.

(h) A Motion for Relief from the Stay is proper just like a mortgage company whose loan is secured by a house or building will routinely and reflexively receive a relief from the stay because the real estate is uniquely pledged as collateral to ensure repayment of the loan.

(i) This may be analogized to an apartment complex or chain of apartment buildings which receives security deposits from tenants.

(856) 607-5708
(888) 686-8346
info@FormerFedsGroup.com
www.FormerFedsGroup.com
140 "I" Route 130 S., 303, Cinnaminson, NJ 08077

FormerFeds
Compliance and Business Solutions

📞 (856) 607-5708
📠 (888) 686-8346
✉ info@FormerFedsGroup.com
🌐 www.FormerFedsGroup.com

Those security deposits are pledged to be repaid to the tenants, and are not the property of the apartment complex or rental company. They may not be seized by a creditor or treated as the company's property in a bankruptcy. The security deposits must be accounted for separately as the property of the tenants. This is true even though the renter must jump through some hoops to receive a security deposit back.

(j) Therefore, I trust you will consent to a motion for relief from stay regarding all funds and matters relating to the Himalaya Exchange, at least with regard to all reserve funds equal to the redemption value of all issued digital coins assuming – as regulation in this type of business requires – all investors including my clients all demanded redemption of their digital coins. If the Trustee seeks to administer any funds in excess of the reserve funds needed to redeem 100% of all digital coins, this could not invade the operating funds necessary to protect my clients' investment by keeping the Exchange operating.

7. I trust that the Trustee will agree that there has been no wrongdoing or allegation of wrong doing by any of the investors in the Himalayan Exchange such as my clients, certainly not with regard to U.S. law?

📍 140 "I" Route 130 S., 303, Cinnaminson, NJ 08077

FormerFeds
Compliance and Business Solutions

(856) 607-5708
(888) 686-8346
info@FormerFedsGroup.com
www.FormerFedsGroup.com

8. Will you agree that the Trustee's obligation is primarily to my clients and other investors in the Himalaya Exchange, who have done nothing wrong? (Note above I mentioned the conflict of interest in the Trustee representing my clients is any other context, in any other court. One must acknowledge that by statute the Trustee is authorized to maximize and vindicate the interests of all interested persons, so the bankruptcy case itself is an exception where the Trustee does need to think about what best vindicates all of the persons involved. However, that would not authorize the Trustee to participate on behalf of my clients in any other capacity or case.)

9. I trust that you and the Trustee understand and agree that the U.S. Government has no jurisdiction over the Himalaya Exchange. The Himalaya Exchange has no activity in the United States of America. Indeed, the client agreement prohibits any member from the United States:

### SCHEDULE 5
### HIMALAYA EXCHANGE TERMS AND CONDITIONS

These Exchange Terms and Conditions (hereinafter "Himalaya Exchange Agreement" or "Himalaya Exchange Conditions") supplement the General Conditions and are applicable to the use of the crypto asset exchange platform (the "Himalaya Exchange") operated and provided by Himalaya International Clearing Ltd. These terms apply to each electronic form or contract executed by Users and/or Members who use the Himalaya Exchange, unless expressly stipulated otherwise in the Contractual Documentation. To the extent there is a conflict between the Himalaya Exchange Agreement and the General Conditions, the

140 "I" Route 130 S., 303, Cinnaminson, NJ 08077

terms of this Himalaya Exchange Agreement will prevail and to the extent there is a conflict between the Himalaya Exchange Agreement and the applicable Jurisdiction Conditions, the Jurisdiction Conditions shall prevail. Terms not otherwise defined herein shall have the meaning ascribed to them in the General Conditions or the Product Conditions. **NO PERSON LOCATED IN THE UNITED STATES OR ACTING FOR THE ACCOUNT OR BENEFIT OF ANY U.S. PERSONS (AS SUCH TERMS ARE DEFINED IN REGULATIONS UNDER THE UNITED STATES SECURITIES ACT OF 1933, AS AMENDED); OR U.S. CITIZEN (AS DEFINED IN 8 U.S.C. SUBCHAPTER III); OR U.S. PERSON (AS DEFINED IN 17 C.F.R S230.902(K)) MAY BECOME A MEMBER, USER OR OTHERWISE ACCESS THE HIMALAYA EXCHANGE.**

And the agreement further requires that:

**1.4 Jurisdictional Restrictions**

By your use of any of the Site, the Products, or the Services, you represent and warrant that such use is legal for you, including by virtue of the laws in your local jurisdiction, and you agree that you will not use a Site, the Products or the Services if such use is prohibited or otherwise violates the laws of the country, state, province, or other jurisdiction in which you reside or of which you are a citizen. In particular, you agree that you are not a "U.S. person" as such term is defined in Regulation S under the Securities Act, a U.S. Citizen (as defined in 8 U.S.C Subchapter III), a U.S. Person (as defined in 17 C.F.R s230.902(K)) or otherwise located in the United States or any territory subject to the jurisdiction of the United States and are not using or accessing the Site, the Products, or the Services on behalf of or for the account or benefit of such persons.

**HIMALAYA EXCHANGE ANTI-MONEY LAUNDERING AND COUNTER TERRORISM FINANCING POLICY (AML/CTF) POLICY**

\* \* \*

**3. Jurisdictions** *[where -- sic]* **the Exchange does not provide services:**



📞 (856) 607-5708
📠 (888) 686-8346
✉ info@FormerFedsGroup.com
🌐 www.FormerFedsGroup.com

Afghanistan, Democratic People's Republic of Korea (DPRK), Iran, Iraq, Pakistan, Syria, Somalia, Nigeria, USA, Canada, Japan.

10. I am sure you are aware that none of my clients are U.S. citizens nor U.S. lawful permanent residents, nor have they had any financial transactions in the United States of America or under the jurisdiction of any aspect of the United States of America.

11. Therefore, I am sure you will agree that neither the U.S. Bankruptcy Court for the District of Connecticut, the U.S. District Court for the Southern District of New York, the U.S. Securities and Exchange Commission, or the U.S. Department of Justice have any jurisdiction over the Himalaya Exchange or any of my clients or their funds or any financial interests or transactions relating to the Exchange.

12. May I understand that you (Luc Despins) will consent to a motion in the U.S. Bankruptcy Court to dismiss any issue relating to the Himalaya Exchange due to lack of subject matter, *in personam*, or *in rem* jurisdiction of the United States of America over these matters?

📍 140 "I" Route 130 S., 303, Cinnaminson, NJ 08077



**FormerFeds**
Compliance and Business Solutions

📞 (856) 607-5708
📠 (888) 686-8346
✉ info@FormerFedsGroup.com
🌐 www.FormerFedsGroup.com

13. I trust that Luc Despins will not request any fees or expense reimbursement regarding any issues or funds of the Himalaya Exchange because legally the Himalaya Exchange could never have been part of the bankruptcy case to being with.

Very truly yours,
FormerFedsGroup.Com LLC
By: _/s/ Brad Geyer_____
Bradford L. Geyer, Esq.
Bradford.Geyer@FormerFedsGroup.Com
(856-607-5708)