# EXHIBIT E1

<pre>
                  UNITED STATES BANKRUPTCY COURT
                    DISTRICT OF CONNECTICUT
                      BRIDGEPORT DIVISION

In Re                         *   Case No. 22-50073 (JAM)
                              *
HO WAN KWOK and GENEVER       *
 HOLDINGS CORPORATION,        *
                              *
               Debtor.        *

LUC A. DESPINS,               *   Adv. Proc. No. 22-05027
                              *
               Plaintiff,     *
                              *
       v.                     *
                              *
BRAVO LUCK, LIMITED, et al.,  *
                              *
               Defendant.     *

LUC A. DESPINS,               *   Adv. Proc. No. 23-05017
                              *
                              *   Bridgeport, Connecticut
               Plaintiff,     *   August 29, 2023
                              *
       v.                     *
                              *
TAURUS FUND, LLC, et al.,     *
                              *
               Defendants.    *
                              *
* * * * * * * * * * * * * * * *
</pre>

                  TRANSCRIPT OF PROCEEDINGS
        BEFORE THE HONORABLE JULIE A. MANNING
             UNITED STATES BANKRUPTCY JUDGE

APPEARANCES:


Chapter 11 Trustee:           LUC A. DESPINS, ESQ.
                              Paul Hastings LLP
                              200 Park Avenue
                              New York, NY  10166




Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

2

APPEARANCES:  (Cont'd)

For the Chapter 11 Trustee:    PATRICK R. LINSEY, ESQ.
                                      Neubert Pepe and Monteith
                                      195 Church Street,13th Floor
                                      New Haven, CT  06510

For U.S. Trustee:    HOLLEY L. CLAIBORN, ESQ.
    Office of U.S. Trustee
    The Giaimo Federal Building
    150 Court Street, Room 302
    New Haven, CT  06510

For the Creditors Committee:    IRVE J. GOLDMAN, ESQ.
    Pullman & Comley
    850 Main Street
    Bridgeport, CT  06601

For Bravo Luck:    FRANCIS J. LAWALL, ESQ.
    Troutman Pepper Hamilton
     Sanders, LLP
    3000 Two Logan Square
    18th and Arch Street
    Philadelphia, PA  19103

For Hing Chi Ngok and    CHRISTOPHER J. MAJOR, ESQ.
 Greenwich Land, LLC:    Meister Seelig & Fein LLP
    125 Park Avenue
    New York, NY  10017

For Taurus Fund, LLC:    MICHAEL T. CONWAY, ESQ.
    Lazare Potter Giacovas &
     Moyle, LLP
    747 Third Avenue
    New York, NY  10017

1     held the status conference with regard to that matter.

2              The only other thing the U.S. Trustee's Office may

3     want, I have no idea, Attorney Claiborn, but that motion

4     that's seeking to remediate different issues at the Sherry-

5     Netherland apartment also seeks the employment.  So I don't

6     know if you want the order to refer to Section 327 or

7     something too.  I have no idea.  But maybe you can all work

8     that out before we have a hearing.

9              And maybe if you all come in and there's no

10    problem, you'll go first at 2 p.m.  Okay?

11             MR. DESPINS:  That's a good incentive.

12             THE COURT:  All right.  So with regard to the

13    status conference that was held today that -- the status

14    conference has been held.  There's no need for any -- no

15    further status conferences will be scheduled and a notice of

16    hearing will issue on ECF No. 2113.  Okay?

17             So then how would you like to proceed next?

18             MR. DESPINS:  We'll go to Mahwah at this point.

19             THE COURT:  Go right ahead.

20             MR. DESPINS:  Thank you, Your Honor.

21             So Your Honor, this is a motion to approve a

22    settlement with the Department of Justice.  That's under

23    document 24 in the adversary proceeding.  And I have already

24    testified as to this, but I think it's important that we set

25    the stage again on this because last time that was not the

Ho Wan Kwok - August 29, 2023                                    20

1    main focus.  I wanted the Court to know about it, but

2    clearly that was not the purpose of that hearing.

3           So the first question is why enter into a

4    settlement with the DOJ?  Second question is what does the

5    settlement do or not do?  And so let me try to address that.

6           The first question is why?

7           As we state in the motion, the DOJ has expressly

8    targeted the Mahwah mansion as a -- that's not a verb --

9    forfeitable asset and they've actually identified that

10   asset.  We did not know about it.  So we have to be candid

11   with the Court.  We did not know about that asset until the

12   indictment was released.

13          And, however, the Department of Justice, their

14   tools are sort of limited in the pre-conviction phase in the

15   sense that they cannot obtain title to this property now or

16   do much with it before there's a conviction, which is a

17   final conviction.  Given that the trial is not going to last

18   -- not going to start until April I think, at least until

19   April of next year, obviously, the DOJ and we were aware of

20   what was going there and we're really concerned about this

21   very valuable asset being left in limbo for lack of a better

22   term.

23          So, however, because they identified this asset as

24   a potentially forfeitable asset, we did not want to begin

25   any adversary proceeding which could be perceived as hostile

1    towards the DOJ because obviously it's important we believe

2    to work with them as cooperatively as possible.  Why?

3         Because they have all sorts of tools that we don't

4    have.  We don't want them to be fighting us and us being at

5    cross purposes with them with respect to this asset, and

6    this is where we came up with this idea of -- first of all,

7    we did our homework.  We believe that this asset through the

8    relief we're seeking in the adversary proceeding is an

9    estate asset.  We're convinced of that.  The Court will have

10   to determine if that's the case or not.  That's for another

11   day.

12        But we approached the DOJ and said we want to go

13   forward with this adversary proceeding to try to establish

14   that this is an asset of the estate.  And eventually, if the

15   Court rules in our favor, to sell this asset to liquidate it

16   for the benefit of holders of allowed claims.

17        And so we had this discussion about, okay, how is

18   that going to play out, because their view is that they have

19   superior claims.  And I'm not going to go into all the

20   details on this, but we pointed out and we cited in the

21   motion some case law, because there's a lot of cases on this

22   where Chapter 11 trustees or Chapter 7 trustees are battling

23   against the DOJ over issues like that as to who has first

24   dibs on an asset of the -- and I'm saying in those cases the

25   alleged wrongdoer -- and, you know, obviously we want to

1    avoid that.

2              And we also wanted to avoid the following, which

3    is we filed this adversary proceeding.  In my dreams, we

4    prevail.  We sell the assets and the DOJ comes in and says

5    thank you very much, we will take that money, and thank you

6    for your work, and that's the end of it.  We could not have

7    that.

8              This estate cannot be in a position where it's

9    financing any other activity.  It has to net neutral.  And I

10   believe move than net neutral, and I'll get to that piece in

11   a second.  So that we negotiated the fact that if we

12   prevail, that's very important, only if we prevail.

13             This settlement agreement does not dictate the

14   sale of the property because it provides that certain things

15   will happen if we prevail.

16             So if we prevail and we sell the asset, we can use

17   the net proceeds to pay all the expenses that the estate

18   will have incurred.  At that time, we thought we would incur

19   not only legal fees, but security fees, a broker to sell the

20   property, a mortgage if -- there's no mortgage on the

21   property, but if there are people that have mechanics liens

22   that need to be paid, that of course comes off the top.

23             So that creates a concept of net proceeds.  And

24   the net proceeds under that stipulation, we're kicking down

25   -- that down the road, which is to be determined.  And I'll

1    come back to why there's not more progress on that.  So the

2    net proceeds are very important.

3              And what I said is, okay, that's great.  We're

4    going to get all our expenses back.  That's good.  But this

5    case is not being run for the professionals for the case.

6    There has to be a benefit to the estate.  That's where we

7    came in with the deemed expense of a million dollars.

8              So that assuming for a second that we prevail, the

9    mansion is sold, we get all the expenses paid, and the DOJ

10   and us cannot agree on the distribution of the net proceeds,

11   we're getting a million dollars to the estate guaranteed.

12   And it says in there to be paid to the holders of allowed

13   claims, so an allowed claim in your court, so it has to be

14   an allowed claim, allowed claims of victims.  And, you know,

15   people pointed out, well, victims is not defined.

16             That's not an accident.  Meaning, I want to have a

17   shot at convincing the DOJ that the victims -- first of all,

18   you have to have an allowed claim.  You cannot receive a

19   penny of this unless you have an allowed claim as determined

20   by Your Honor.  But if you have an allowed claim, the issue

21   of who's a victim or not, that's -- I would like that to be

22   subject to further discussion.

23             But the bottom line is this estate will end up

24   with a million positive, if we're right that this property

25   is part of the estate.  And we feel pretty strongly that is

1    the case, but of course Your Honor will have to rule on

2    that.

3              So the estate is not worse off because the fees

4    and expenses are covered.  It's better off by a million

5    dollars.  And it can be better off by a lot more than that

6    if we are successful in convincing the DOJ that the

7    distribution of proceeds from this property -- and by the

8    way, we're going to try that with other -- you know, for

9    example, I've mentioned the cash that's being frozen right

10   now, $630 million we -- that's not today's issue, but the

11   game plan here, based on other cases where the DOJ has

12   sought and obtained forfeiture of assets, is for the Chapter

13   11 Trustee to wear two hats, Chapter 11 Trustee and

14   forfeiture receiver.  And it all comes back to this court

15   for distribution.

16             And I know there are issues there.  And they know

17   that too, meaning the DOJ.  They're not naive.  They know

18   that.

19             The question is, okay, who's a victim?  In their

20   book, a victim might be only the victim of certain alleged

21   schemes.  But, you know, I can see that there are other

22   people in this case that Mr. Goldman represents that also

23   are victims.

24             For example, Bru Ma(ph), you don't know her, but

25   I'm using her as an example, because if you ever read her