

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 12, 2024

**VIA ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *United States v. Kwok, et al.*, S2 23 Cr. 118 (AT)

Dear Judge Torres:

The Government writes in response to the Court's order concerning the rescheduling of briefing deadlines in light of the January 3, 2024 superseding indictment, and to defendant Kwok's motion to adjourn trial. (Dkts. 221, 227.)

On January 3, 2024, Government counsel emailed defense counsel a copy of the superseding indictment, S2 23 Cr. 118, which relies principally on the same allegations as the S1 indictment but also charges that the defendants within conspiring to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") through a pattern of racketeering activity that included the wire fraud, bank fraud, securities fraud, and money laundering conduct charged in the S1 and S2 indictments. Both the S1 and S2 indictments charge the same substantive violations of wire fraud and securities fraud, and both rely upon the same conduct, the same evidence, and the same witnesses.

The Government does not object to a modest adjournment to the briefing schedule and a commensurate modest adjournment of the trial date, but objects to a schedule that would unnecessarily adjourn trial or could cause trial to extend past August 1, 2024 (which could impact the ability to select a jury). The Government believes that its proposed schedule—which gives the defendants' sophisticated counsel more than four weeks from the return of the S2 indictment to file a motion to dismiss the S2 indictment—is sufficient for the reasons stated herein and submitted under seal for the Court's consideration,[1] and both will avoid any unnecessary or prolonged delays.

---

[1] 

Accordingly, the Government respectfully proposes the following revised schedule (subject to the Court's availability):

| | |
|---|---|
| Defendants' Motion to Dismiss:[2] | February 2, 2024 |
| Government's Opposition: | February 14, 2024 |
| Defendants' Reply: | February 21, 2024 |
| Trial: | May 20, 2024 |

In addition, the Government requests that the Court consider scheduling jury selection the week prior to the trial start date; that is, under the above-proposed schedule, jury selection would begin on May 13, 2024 and conclude whenever a jury is selected that week. The parties would then return on May 20, 2024 and begin trial that morning. The Government respectfully submits that such a procedure would be a more efficient use of the parties' and the Court's resources, because earlier jury selection would give the parties, the Court, and witnesses certainty regarding when trial would begin.[3] This proposal is also particularly appropriate here, where jury selection may take some time.

Finally, the Government understands that both defendants consent to the exclusion of time under the Speedy Trial Act through the date of an adjourned trial, provided that such trial will begin on or before June 3, 2024.

The Government is available to address any questions the Court may have.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Ryan B. Finkel
Juliana N. Murray
Micah F. Fergenson
Justin Horton
Assistant United States Attorneys
(212) 637-6612 / 2314 / 2190 / 2276

---

[2] Motions, other than the motion to dismiss, would remain on the current schedule.

[3] Judge Caproni recently employed such a procedure in November 2023 in *United States v. Bynum & Davis*, S9 21 Cr. 603 (VEC).