**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

                *Plaintiff,*

    v.

HO WAN KWOK,

                *Defendant.*

**FILED ELECTRONICALLY**

Case No. 1:23-CR-118-1 (AT)

**DEFENDANT'S REPLY IN FURTHER**
**SUPPORT OF HIS RENEWED MOTION FOR A STAY**
**AND MOTION FOR RECONSIDERATION**

Sidhardha Kamaraju
E. Scott Schirick
Matthew S. Barkan
Daniel J. Pohlman
John M. Kilgard
Clare P. Tilton
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100
skamaraju@pryorcashman.com
mbarkan@pryorcashman.com
dpohlman@pryorcashman.com
jkilgard@pryorcashman.com
ctilton@pryorcashman.com

Sabrina P. Shroff
80 Broad Street, 19th Floor
New York, NY 10004
(646) 763-1490

*Attorneys for Defendant Ho Wan Kwok*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................1

ARGUMENT ....................................................................................................................4

    I.  A Stay Should Be Issued Because the Superseding Indictment Demonstrates the Substantial Overlap Between This Proceeding and the Bankruptcy Cases .................4

    II.  A Stay Should Be Issued Because the Trustee's Improper Attempt To Claim the Himalaya Exchange Customer Assets Prejudices Mr. Kwok and the Integrity of this Proceeding..........................................................................................................6

    III. A Stay Should Be Issued Because Mr. Kwok Will Suffer Prejudice Absent a Stay, as Demonstrated by the Trustee's Attempted Use of Mr. Kwok's Privileged Material ....9

    IV. The Purported Prejudice to the Trustee Is Illusory and Should Not Preclude a Stay ..11

CONCLUSION...............................................................................................................13

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Grand Jury Proc.*,
219 F.3d 175 (2d Cir. 2000)............................................................................10

*Louis Vuitton Malletier v. LY USA, Inc.*,
676 F.3d 83 (2d. Cir. 2012)...............................................................................5

*SEC v. Madoff, et al.*,
No. 08-CV-10791 (S.D.N.Y. Apr. 10, 2009)....................................................6

*United States v. Gerace*,
No. 21-2419, 2023 WL 3243477 (2d Cir. May 4, 2023) ...................................7

*United States v. HSBC Bank USA, N.A.*,
No. 12-CR-763, 2013 WL 3306161 (E.D.N.Y. July 1, 2013) .................................7

*United States v. Yalincak*,
853 F.3d 629 (2d Cir. 2017)...............................................................................7

**Statutes**

18 U.S.C. § 366A(a) ...............................................................................................8

18 U.S.C. § 982.....................................................................................................7

Local Crim. R. 49.1(d)......................................................................................11, 12

**Other Authorities**

U.S. Department of Justice, Criminal Division, Asset Forfeiture Policy Manual ..........................7

Defendant Ho Wan Kwok respectfully submits this reply memorandum of law in further support of his renewed motion for a stay and motion for reconsideration (Dkt. Nos. 218 et seq.) (the "Motion") and in response to the Trustee's Memorandum of Law in Opposition to the Motion (Dkt. No. 234) (the "Trustee's Opposition") and the government's letter response to the Motion (Dkt. No. 233) (the "Government Letter").

## PRELIMINARY STATEMENT

The Trustee's Opposition offers nothing but vitriol, conspiracy theories, and meritless legal theories in response to Mr. Kwok's renewed stay motion.  Mr. Kwok is innocent of the charges against him, and he intends to show as much at trial.  He should not have to do so, however, hamstrung by an overzealous trustee administering a needlessly sprawling bankruptcy proceeding that encroaches on Mr. Kwok's fundamental due process rights and the integrity of these proceedings.  That is, however, precisely what is happening and will continue to happen if the Bankruptcy Cases[1] are allowed to proceed unabated.  Thus, the Court should stay the Bankruptcy Cases, and nothing in the Trustee's Opposition or the Government Letter provide a reason not to do so.

The Bankruptcy Cases should be stayed for at least three independent reasons.  *First*, the Superseding Indictment makes clear the extensive overlap between the Bankruptcy Cases and this proceeding, which, as the Court has already noted, is the most important factor in determining the propriety of a stay.  The Superseding Indictment now alleges, under the government's (ill-conceived) RICO theory, that the Bankruptcy Cases themselves are part of the fraud being prosecuted in this case.  Moreover, many of the entities that the Trustee seeks to pursue through

---

[1] Capitalized terms not defined herein shall have the meaning ascribed in Mr. Kwok's Memorandum of Law in Support of his Renewed Motion to Stay (Dkt. No. 219, the "Motion" or "Mot.").

his legion of adversary proceedings are also now described by the government as material components of the RICO enterprise. The Trustee does not, because he cannot, offer any response to this obvious factual overlap, instead claiming that it does not matter because he is not seeking to impose criminal liability on Mr. Kwok. That, however, is not the standard. As the law makes clear, it is not an overlap in the remedy sought that is relevant, but rather the overlap *in subject matter* that supports a stay. Indeed, if the Trustee's contention were correct (and it is not), a civil case could *never* be stayed in favor of a criminal case. That is obviously not the law. The Trustee also contends that Mr. Kwok fails to articulate any prejudice from this subject matter overlap, but that contention wrongly ignores the obvious harms Mr. Kwok faces in the absence of a stay, including the invasion of his privilege and the potential diminution of assets available to satisfy his restitution obligations in the event of a conviction.

*Second*, while the Trustee feigns ignorance, his overreach with respect to the Himalaya Exchange customer assets (the "Customer Assets") shows how the Trustee's approach to the Bankruptcy Cases impairs Mr. Kwok's rights and the integrity of this proceeding. Mr. Kwok has objected to the Trustee's attempt to divert the Customer Assets to the Bankruptcy Cases because if Mr. Kwok is convicted, those Customer Assets logically should be returned to the alleged customer victims, not to the Trustee, or to Mr. Kwok or his associates. Moreover, contrary to the Trustee's contention, Mr. Kwok has standing to raise this objection because, if he is convicted and the Customer Assets are transferred to the Bankruptcy Cases as the Trustee demands, then those assets will not be available to satisfy Mr. Kwok's restitution obligations. But this adverse impact on Mr. Kwok is not the sole reason why the Court should issue a stay. The Court is charged with protecting the integrity of this case. As part of its independent obligation, the Court must ensure that the Customer Assets are used to provide restitution to the alleged victims of the charged

2

offenses, not to fund the Trustee's fees or to pay off unrelated creditors.

*Third*, the Trustee claims that he is not trying to invade Mr. Kwok's privilege, but his actions undercut that argument. For example, there is a Bombardier aircraft that is both the subject of an adversary proceeding (the "Bombardier Adversary Proceeding") and one of the allegedly fraudulent transfers in the Superseding Indictment. The Trustee has sought to—and continues to seek to—use privileged communications to advance his claims in the Bombardier Adversary Proceeding. The Trustee's attempts to brush aside the harm to Mr. Kwok are meritless. The Trustee contends that his affirmative use of those communications does not effect a waiver of privilege, but the law categorically does not permit a party to use privileged material affirmatively and then assert privilege over that same material later. Equally meritless is the Trustee's claim that he will only seek to use those materials in the event of a trial. The Trustee's demonstrated desire to use those materials, even over Mr. Kwok's objections, publicly in matters that could be of interest to the government, poses clear risk of harm to Mr. Kwok.

The Trustee claims that the prejudice to Mr. Kwok will not materialize because he will voluntarily seek to stay some (but not all) of his adversary proceedings. As an initial matter, the Trustee's position is an implicit concession of the harm that his actions are causing in this case— he now is simply trying to avoid having the Court address such harm. But even as articulated, the Trustee's proposed solution is insufficient: the Trustee continues to insist that he should be allowed to pursue the underlying bankruptcy case and other adversary proceedings. Thus, while the Trustee may temporarily stay some cases, the same threats to Mr. Kwok's rights and to this proceeding would continue to persist. For example, the Trustee would continue to pursue discovery from Mr. Kwok's attorneys and to seek to use Mr. Kwok's privileged information.

Finally, the Trustee contends that he will be prejudiced if there is a stay, but his argument

falls short.  The Trustee claims he will miss a significant deadline if he is not permitted to file adversary proceedings by February 15, 2024.  The Trustee, however, has continued to prosecute his cases in the interim, *including by filing additional adversary proceedings*, and there is nothing stopping the Trustee from filing further adversary proceedings before the Court issues the stay requested here.  Moreover, while the Trustee tries to brush past it, he has confidently represented to the Bankruptcy Court that he is entitled to toll the February 15 deadline.  Thus, if the Trustee is taken at his word, then there is little risk that he will be unable to commence whatever actions he believes are appropriate—because he can either do so now or he will extend his deadline to do so.

For all these reasons, and those set forth in Mr. Kwok's moving papers, the Court should stay the Bankruptcy Cases during the pendency of this proceeding.

## **ARGUMENT**

In his moving brief, Mr. Kwok identified three recent developments that warrant staying the Bankruptcy Cases: (i) the government's filing of the Superseding Indictment, which squarely put Mr. Kwok's filing for bankruptcy at issue; (ii) the Trustee's claim that the Customer Assets should be part of the bankruptcy estate; and (iii) the Trustee's attempt to use Mr. Kwok's privileged material in the Bombardier Adversary Proceeding.  The arguments in opposition do not meaningfully address these developments.  Mr. Kwok respectfully submits that the Court should reject the Trustee's arguments and protect the integrity of this proceeding by staying the Bankruptcy Cases.

### I.    A Stay Should Be Issued Because the Superseding Indictment Demonstrates the Substantial Overlap Between This Proceeding and the Bankruptcy Cases

As the Court noted in the Stay Order, under controlling case law, that the "most important" inquiry in determining whether to stay a parallel civil proceeding is whether there is an overlap of issues.  (Dkt. No. 204, the "Order" at 7.)  The Superseding Indictment leaves little doubt that there

4

is an overwhelming overlap between the Bankruptcy Cases and this proceeding.  The Superseding Indictment explicitly identifies Mr. Kwok's filing for bankruptcy as an act in furtherance of the alleged fraud, and it also includes, as part of the purported RICO enterprise, numerous entities that are also the subject of the Bankruptcy Cases.  (Dkt. No. 215, the "Superseding Indictment" ¶ 3(a); *see also* Mot. at 9.)

The Trustee does not meaningfully dispute this overlap of issues.  Instead, he contends that because he is not seeking to impose criminal liability on Mr. Kwok, there is insufficient overlap to warrant a stay.  (*See* Trustee's Opp. ¶ 20.)  The Trustee is wrong.  The overlap inquiry does not turn on whether there is unity of remedies sought in the two actions, but rather whether there is an overlap in the subject matter of the two proceedings.  *See, e.g., Louis Vuitton Malletier v. LY USA, Inc.*, 676 F.3d 83, 101 (2d. Cir. 2012).  In fact, it would make no sense to conclude (as the Trustee argues) that the two proceedings must both involve potential criminal liability for a stay to issue, because that could *never* be the case when considering a stay of a parallel *civil* case.  In other words, if the Trustee's position is right, the only time the Court could invoke its authority to stay another proceeding in favor of a criminal case is when that other parallel proceeding is another criminal case.  But that, of course, is not the law.  Courts have the authority to stay—and have stayed—parallel civil cases that interfere with the court's ability to preside over a criminal case and protect the defendant's constitutional rights.  (*See* Mot. at 14-17.)

II.     **A Stay Should Be Issued Because the Trustee's Improper Attempt To Claim the Himalaya Exchange Customer Assets Prejudices Mr. Kwok and the Integrity of this Proceeding**

The Trustee's attempted siphoning of the Customer Assets supports a stay, and his arguments to the contrary profoundly misunderstand the law.[2]  The Trustee misconstrues Mr. Kwok's argument as a claim that Mr. Kwok has an economic interest in the Customer Assets.  The Trustee, however, has it exactly backwards—Mr. Kwok's entire point is that the Customer Assets *do not* belong to him, but rather to the users of the Himalaya Exchange.  (Mot. at 12-14.)  And Mr. Kwok is not alone in that view—the government agrees with him, and has expressed repeatedly that the distribution of the Customer Assets should be handled as part of the restitution process in this case, in the event of a conviction.  (*See* Government Letter at 1.)

Contrary to the Trustee's claim, simply because Mr. Kwok does not own the Customer Assets, that does not mean that he is—or should be—"agnostic" as to whether they should be either (a) saved and distributed as restitution to the Himalaya Exchange users if appropriate or (b) transferred to the Chapter 11 estate where they can be used to further fund the Trustee's exorbitant fees and pay off a hedge fund that has nothing to do with this case.  *See SEC v. Madoff, et al.*, No. 08CV-10791 (S.D.N.Y. Apr. 10, 2009), Dkt. No. 44 at 2 (government noting that the appointment of a bankruptcy trustee created a scenario "is likely to lead to unnecessarily high administrative costs and confusion without any apparent benefits").

Further, if the government successfully convicts Mr. Kwok of defrauding the users of the Himalaya Exchange, part of his sentence will include a restitution obligation to pay back any

---

[2] The Trustee also doubles down on his unfounded allegation that Mr. Kwok is coordinating the Customer Motion.  That claim is false, and if the Trustee has any proof of it, then he should come forward with it.  Otherwise, Mr. Kwok respectfully submits that the Court should see the Trustee's accusations for what they are—a panicked and irrelevant attempt to distract the Court from the Trustee's repeated overreach.

outstanding losses to the alleged victims.  *See* 18 U.S.C. § 982.  The government has already indicated that, in such a scenario, it intends to return the Customer Assets through the Department of Justice's remission or restoration process, which would in turn decrease Mr. Kwok's restitution obligations.  (Government Letter at 1 (noting that the government intends to return assets "provided it is granted approval from the Department of Justice's remission or restoration process").)[3]  If, however, the Customer Assets are siphoned off into the Bankruptcy Cases, then they will not be available to offset any restitution obligations, *i.e.*, Mr. Kwok's obligations would be several hundred million dollars greater.  *See, e.g., United States v. Yalincak*, 853 F.3d 629, 635 (2d Cir. 2017) ("Amounts recovered by a bankruptcy trustee for the benefit of the bankruptcy estate, and consumed in the administration of the estate or distributed to non-victim creditors, plainly are not recovered by the victims of a crime; only amounts actually distributed to the victim creditors fit that description.") (cleaned up).  That is a very real harm that gives Mr. Kwok standing to object to the Trustee's improper attempt to take Customer Assets that do not belong to him.

Moreover, and contrary to the Trustee's assertions, the Court's authority to grant a stay turns not only on Mr. Kwok's rights, but also the Court's ability to protect its jurisdiction and the integrity of these proceedings.  *See United States v. HSBC Bank USA, N.A.*, No. 12CR763, 2013 WL 3306161, at *4 (E.D.N.Y. July 1, 2013) (discussing courts' inherent supervisory power) *United States v. Gerace*, No. 21-2419, 2023 WL 3243477, at *1 (2d Cir. May 4, 2023) (recognizing district court authority to enjoin parallel proceedings).  And the Court *cannot* be "agnostic" to the question of whether funds belonging to alleged victims should remain available to be distributed through restitution, or should be allowed to be dissipated through payments to the Trustee and to

---

[3]  *See also* United States Department of Justice, Criminal Division, Asset Forfeiture Policy Manual, Chapter 14: Forfeiture and Compensation for Victims of Crime, available at https://www.justice.gov/criminal-afmls/file/839521/download (last visited Jan. 26, 2024.)

creditors who have nothing to do with either the Customer Assets or the purported frauds at issue in this case. *See* 18 U.S.C. § 366A(a). That is why the government is also not "agnostic" to this issue, and in fact, has now said explicitly that it opposes the Trustee's effort to include the Customer Assets in the Chapter 11 estate. (Dkt. 233 at 1 ("[T]he Government wishes to note that it does *not* believe the assets that the Government has seized . . . should be transferred to the Bankruptcy estate.") (emphasis in original).) It is only apparently the Trustee that thinks that there is no difference between returning the Customer Assets to the alleged victims, or instead diverting those same assets to the bankruptcy estate to fund his fees and pay a claim held by a hedge fund.

The Trustee also argues (incorrectly) that Mr. Kwok's objection is premature because he has not been convicted yet, and because the Trustee does not seek the turnover of funds at this time. (Trustee's Opp. ¶ 17.) The Trustee's argument defies logic. The Trustee put the issue of the Customer Assets and the Bankruptcy Cases at issue by intervening in this case and specifically asking this Court to allow him the opportunity to obtain an injunction from the Bankruptcy Court requiring the funds to be turned over to the bankruptcy estate. In other words, the Trustee has *already* staked out his position that the funds should not be part of any potential restitution calculation for Mr. Kwok. And if the Trustee succeeds in his effort, and if Mr. Kwok is convicted, the Trustee is not going to return the funds to this proceeding—that is evident from the fact that the Trustee has already secured for himself more than $70 million that, according to the government, should have been set aside for the purported victims in this case in the event of a conviction. (*See* Motion, Dkt. No. 219, at 14-15 & n.9.) The Trustee cannot, on the one hand, request relief from the Court, and then, on the other hand, ask the Court to turn a blind eye to his request.

### III.   A Stay Should Be Issued Because Mr. Kwok Will Suffer Prejudice Absent a Stay, as Demonstrated by the Trustee's Attempted Use of Mr. Kwok's Privileged Material

Through out his opposition, the Trustee incorrectly claims that Mr. Kwok has failed to articulate any prejudice from the overlap between this proceeding and the Bankruptcy Cases.  Mr. Kwok, however, has detailed at length how the manner in which the Trustee is pursuing the Bankruptcy Cases prejudices him, including, but not limited to, the Trustee's ability to control Mr. Kwok's privilege in a way that exposes that protected material to the government.  While the Court originally found the threat of the Trustee's misuse of Mr. Kwok's privileged material to be speculative, it has now become very real because the Trustee has taken the position in an adversary proceeding that he should be able to use privileged communications in support of his claims.  In particular, the Trustee has sought permission—and continues to reserve his right to seek permission—to use documents protected by Mr. Kwok's privilege in the Bombardier Adversary Proceeding, an adversary proceeding concerning an aircraft that is the basis for one of the allegedly improper transfers in the Superseding Indictment.  (*See* Mot. to Expedite, *In re Ho Wan Kwok, et al.*, No. 23-50073 (Bankr. D. Conn. Dec. 5, 2023), Dkt. No. 2421 (requesting authority from the Bankruptcy Court to use privileged materials); Superseding Indictment, Dkt. No. 215, ¶ 17(f)(i).)  Thus, the Trustee has now demonstrated his willingness to wield Mr. Kwok's privilege in a manner that will impair Mr. Kwok's right to defend himself in this case.

The Trustee claims that his conduct does not threaten Mr. Kwok's privilege because the Trustee filed a motion under seal "without effecting a privilege waiver."  (Dkt. No. 234 ¶ 23. [4]) As

---

[4] The Trustee claims that Mr. Kwok is aware of the particulars of the Trustee's motion because Mr. Kwok's bankruptcy counsel appeared in that court to contest it.  Be that as it may, Mr. Kwok's counsel in this matter have never received or reviewed a copy of the Trustee's motion, which was filed under seal.

the Trustee well knows, however, there is no principle of law allowing a party to use a privileged document affirmatively in a litigation, and then subsequently assert privilege as to the same document.  To the contrary, "a party cannot partially disclose privileged communications or affirmatively rely on privileged communications to support its claim or defense and then shield the underlying communications from scrutiny by the opposing party."  *In re Grand Jury Proc.*, 219 F.3d 175, 182 (2d Cir. 2000).  Moreover, the Trustee's position makes no sense in light of the his claim that he may seek to use these privileged documents at trial[5]—if the Trustee uses documents in that manner, then the documents will be public, and their contents available for anyone, including the government, to see.  Far from being a "false alarm" (Trustee's Opp. ¶ 25), the Trustee's conduct shows that he has no qualms about using Mr. Kwok's privileged material in a manner that will harm Mr. Kwok's defense in this proceeding.  For this reason too, a stay is warranted.

Similarly, the Trustee argues, incorrectly, that any prejudice to Mr. Kwok will be eliminated because the Trustee voluntarily will stay the Mahwah Adversary Proceeding, and seek to stay an unspecified and non-quantified number of additional adversary proceedings that he intends to file by February 15, 2024.  The Trustee's litigation strategy is telling—he implicitly recognizes the harm his conduct has wrought in this proceeding by attempting to prevent the Court from addressing it.  In any event, the Trustee's concession does not moot Mr. Kwok's concerns; it simply confirms them.  While the Trustee suggests that Mr. Kwok no longer has anything to worry

---

[5] The Trustee tries to defend his litigation tactics by arguing that he has now disclaimed the use of these documents in his motion for summary judgment.  The Trustee omits, however that this was not his choice, but rather was a necessary consequence of the Bankruptcy Court stating that it would not adjudicate the Trustee's privilege motion in time for him to file his summary judgment motion.  *See* H'rg Held, *In re Ho Wan Kwok, et al.*, No. 23-50073 (Bankr. D. Conn. Dec. 18, 2023), Dkt. No. 2447 (taking the privilege motion "under advisement").

about because the Trustee has cherry-picked a few (and in some cases yet-to-be-filed) adversary proceedings to pause, he simultaneously claims the right to proceed with the main underlying bankruptcy proceeding and the adversary proceedings of his choosing.  But the Trustee is pursuing the same strategy in those proceedings, and thus, Mr. Kwok's rights continue to be threatened.  For example, it is in the underlying bankruptcy proceeding that the Trustee has issued Rule 2004 subpoenas to several of Mr. Kwok's attorneys, thereby collecting privileged material that he then uses to pursue adversary claims, thus exposing that privileged material to the public's (and the government's) gaze.  Indeed, that is precisely what the Trustee is doing in the Bombardier Adversary Proceeding (which he expressly insists should continue): trying to use Mr. Kwok's privileged materials to advance his claims.  Contrary to the Trustee's claims, the prejudice to Mr. Kwok from the continuation of the Bankruptcy Cases is real, ongoing, and clear-cut.

## IV.     The Purported Prejudice to the Trustee Is Illusory and Should Not Preclude a Stay

The Trustee makes much of the supposed prejudice he will allegedly suffer if the stay is granted, but that claim does not stand up under scrutiny.  The Trustee's principle contention[6] is that he "must" be allowed to file adversary proceedings by a statutorily-mandated deadline of February 15, 2024.[7]  What the Trustee does not explain however is why, given that he apparently

---

[6] The Trustee also claims that the automatic bankruptcy stay must stay in place or risk dissipation of Mr. Kwok's assets.  But there is no reason why, even if this Court stays the Bankruptcy Cases, that the automatic bankruptcy stay must be lifted.  In fact, if that is a legitimate concern, then the Court can make clear that its stay order does not implicate the automatic bankruptcy stay.  Thus, the supposed "dissipation" of assets will not occur and poses no hurdle to the imposition of the stay Mr. Kwok requests.

[7] Perhaps the best example of the Trustee's conspiracy theory-like approach in opposition is his claim that Mr. Kwok filed the instant motion at this time to derail the Trustee's attempts to toll that deadline.  Dkt. No. 234 ¶ 4.  That argument is, of course, nonsense.  The deadline for a reconsideration motion is set by rule to be 14 days from the date of a decision, and Mr. Kwok did not control when the Court issued its decision on his original stay motion.  S.D.N.Y. Local Crim.

knows the targets of these proceedings, and even knows enough to proclaim that he will file a civil RICO claim (which would be even more proof of the overlap between these cases), he cannot simply file those proceedings now.  After all, there is no stay in place at this time, the Trustee has filed an additional adversary proceeding in the time since Mr. Kwok filed his original stay motion (*Despins v. Ace Decade Holdings Ltd., et al.* Bankr. Conn. Case No. 23-05028), and the Trustee has stated that he intends to commence "dozens" of additional actions.  (Trustee's Opp. ¶ 28.) Thus, there is nothing preventing him from proceeding with any action that he feels he is able to file.

Moreover, while the Trustee claims to this Court that he is facing a hard deadline that he must be allowed to comply with, his position in the Bankruptcy Court is much different.  There, the Trustee has moved to toll the very deadline that he relies on before this Court, claiming that he "easily satisfies" the standard for tolling the statute of limitations.  (Mot. For Order, ¶ 2, *In re Ho Wan Kwok, et al.*, No. 23-50073, (Bankr. D. Conn. Jan. 18, 2024), Dkt. No. 2509.)  Thus, according to the Trustee, there should be little risk that he will not be allowed to toll that deadline.

\*     \*     \*

---

R. 49.1(d).  Mr. Kwok could not have deliberately timed his motion to interfere with the Trustee's tolling application, because the timing was entirely out of his control.  In any event, as discussed above, a stay will not interfere with the Trustee's tolling application or otherwise prejudice the Trustee.

## <u>CONCLUSION</u>

For the foregoing reasons, and those set forth in his moving papers, Mr. Kwok respectfully requests that the Court (i) grant Mr. Kwok's renewed motion for stay or for reconsideration, and (ii) grant Mr. Kwok such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        January 26, 2024

                        PRYOR CASHMAN LLP

                    By: _____
                        Sidhardha Kamaraju
                        E. Scott Schirick
                        Matthew S. Barkan
                        Daniel J. Pohlman
                        John M. Kilgard
                        Clare P. Tilton

                        7 Times Square
                        New York, NY 10036
                        (212) 421-4100
                        skamaraju@pryorcashman.com
                        mbarkan@pryorcashman.com
                        dpohlman@pryorcashman.com
                        jkilgard@pryorcashman.com
                        ctilton@pryorcashman.com

                        Sabrina P. Shroff
                        80 Broad Street, 19th Floor
                        New York, NY 10004
                        (646) 763-1490

                        *Attorneys for Defendant Ho Wan Kwok*

13