UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

HO WAN KWOK,
    a/k/a "Miles Guo,"
    a/k/a "Miles Kwok,"
    a/k/a "Guo Wengui,"
    a/k/a "Brother Seven,"
    a/k/a "The Principal,"

KIN MING JE,
    a/k/a "William Je," and

YANPING WANG,
    a/k/a "Yvette,"

                       Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _03/07/2024_

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Pursuant to Federal Rule of Criminal Procedure 41(g), Petitioners, 3,345 customers of the Himalaya Exchange who hold Himalaya Dollar and Himalaya Coin cryptocurrencies, move for the return of property seized by the United States as part of the proceedings in this action. Pet'rs Mot., ECF No. 186; *see generally* Pet'rs Mem., ECF No. 186-1. For the reasons stated below, the motion is DENIED.

## BACKGROUND

    The Himalaya Exchange is a "cryptocurrency exchange platform" that allows users "to trade, store[,] and manage the Himalaya cryptocurrencies." Pet'rs Mem. at 5. According to Petitioners, the Himalaya Exchange was "launched to bring financial freedom" to "those who are wrongly persecuted, including those [who] hav[e] [had] their assets taken illegally, or held for ransom with the threat of it being taken by the Chinese Communist Party." *Id.* at 6.

On March 29, 2023, Defendants, Ho Wan Kwok, Kin Ming Je, and Yanping Wang, were indicted by a grand jury in the Southern District of New York.  ECF No. 19.  On January 3, 2024, a grand jury returned a second superseding indictment.  S2, ECF No. 215.  The Himalaya Exchange features prominently in the indictment as "an instrumentality of the charged fraud crimes."  Gov. Ltr. at 1, ECF No. 188; *see* S2 ¶¶ 3(a), 15, 19.

Specifically, the indictment alleges that "[f]rom at least in or about April 2021 through at least in or about March 2023," Defendants Ho Wan Kwok and Kin Ming Je "fraudulently obtained more than approximately $262 million in victim funds through the Himalaya Exchange."  S2 ¶ 19.  Through their allegedly false and misleading statements, Kwok and Je "trumpeted the prospects and valuation of the Himalaya Exchange" and its offerings.  *Id.* ¶ 19(a).  As to Defendant Yanping Wang, the indictment alleges that she was "allocated millions of dollars in [the Exchange's] purported cryptocurrencies, assisted in the recruitment of Himalaya Exchange personnel, and worked to transfer fraud proceeds to the Himalaya Exchange."  *Id.* ¶ 15.  The Government further alleges that "unlike real cryptocurrencies," the Exchange's offerings were not recorded on a blockchain, and were ultimately used to enrich Defendants, their families, and associates.  *Id.* ¶¶ 7(e), 19.  For example, the Government claims that in April 2022, Kwok and Je "arranged for the transfer of approximately $37 million in Himalaya Exchange funds" to Kwok "as a purported 'loan' to personally guarantee the cost of a luxury yacht that Kwok had previously purchased and used."  *Id.* ¶ 19(g).

In 2022 and 2023, after obtaining the requisite warrants, the Government seized multiple bank accounts affiliated with the Himalaya Exchange and lists them in the indictment as assets

subject to forfeiture.  Gov. Ltr. at 1; *see* S2 ¶ 59(10), (11), (13), (15), (16) (20).[1]  By motion dated December 6, 2023, Petitioners seek the return of the funds in those accounts pursuant to Rule 41(g).  Pet'rs Mot.  They claim that they are the beneficiaries of the seized accounts, Pet'rs Mem. at 5, that "[t]here has been no fraudulent use of or misappropriation of customer funds," *id.*, that the Government should have provided notice in order to "execute a speedy confidential return of the seized funds," *id.* at 16, and that, absent a "reversal of the improper seizure, . . . the Exchange will collapse and [Petitioners] will completely lose their investments," Pet'rs Reply at 16, ECF No. 229.

## DISCUSSION

Federal Rule of Criminal Procedure 41(g) provides that a "person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return."  "A Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction."  *De Almeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006).  "Jurisdiction under Rule 41 is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials."  *Id.* (cleaned up); *United States v. An Antique Platter of Gold*, No. 95 Mag. 2167, 1995 WL 758762, at *2 (S.D.N.Y. Dec. 22, 1995) ("When faced with situations where claimants have an available forum to contest the lawfulness of a seizure, courts routinely have refused to adopt jurisdiction over Rule 41[(g)] motions.")

Once an indictment is filed, however, a Rule 41(g) motion is "clearly barred by [21 U.S.C.] § 853(k)."  *United States v. Kolfage*, No. 20 Cr. 412, 2020 WL 7342796, at *9 (S.D.N.Y.

---

[1] Petitioners' motion, which was filed prior to the January 3, 2024 superseding indictment, references the identical forfeiture allegations in the March 29, 2023 indictment.  *See* Pet'rs Mem. at 4 (citing S1 ¶ 55(j), (k), (m), (o), (p), (s)).

3

Dec. 14, 2020) (collecting cases).  Section 853(k) provides that "no party claiming an interest in property subject to forfeiture under this section may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment."  The only exception is § 853(n), which permits an "innocent third party claim[ing] a legal interest in the forfeitable property" to "petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  *United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015) (quoting 21 U.S.C. § 853(n)) (cleaned up).  But, such an ancillary proceeding "may commence only after the sentence is entered by an order of forfeiture and notice is given to the public."  *United States v. Huggins*, No. 13 Cr. 155, 2013 WL 1728269, at *4 (S.D.N.Y. Mar. 22, 2013), *R. & R. adopted*, 2013 WL 1736466 (S.D.N.Y. Apr. 11, 2013) (citing 21 U.S.C. § 853(n)(1)).  The Second Circuit has recognized that an "ancillary proceeding" pursuant to § 853(n) "is evidently the *only* avenue for a post-indictment third-party claim to forfeited property."  *De Almeida*, 459 F.3d at 381; *see DSI Assocs. LLC v. United States*, 496 F.3d 175, 183 (2d Cir. 2007).  Therefore, Petitioners' Rule 41(g) motion, which presents a "post-indictment third-party claim to forfeited property," is foreclosed.  *See Huggins*, 2013 WL 1728269, at *2.

Even if this were not the case, the equities also weigh against granting Petitioners' motion.  "[A] defendant's or third party's right to the return of lawfully seized property is subject to the Government's legitimate continuing interest in that property."  *Allen v. Grist Mill Cap. LLC*, 88 F.4th 383, 396 (2d Cir. 2023) (cleaned up).  While a criminal proceeding is pending, "[t]he United States' retention of [] property generally is reasonable if it has a need for the property in an investigation or prosecution."  *Id.* at 396 (internal quotation marks and citation omitted).  Based on the indictment, the property is likely a component of the Government's case

4

against Defendants. Further, the seizures were conducted pursuant to judicially authorized seizure warrants. And, the Government has stated that it aims "to preserve [the Himalaya Exchange-related] funds for later disbursement and restitution to victims" of the alleged fraud schemes. Gov. Ltr. at 2. Petitioners have, therefore, failed to rebut the presumption that favors the Government during the pendency of a criminal matter. *See Allen*, 88 F.4th at 396 ("[D]uring the pendency of an ongoing criminal investigation or proceeding, the defendant bears the burden of demonstrating that the government's retention of the seized property is unreasonable.").

Lastly, the impractical and potentially conflicting nature of adjudicating Petitioners' claim concurrently with—and separately from—the underlying criminal matter also weighs against granting their desired relief. *See De Almeida*, 459 F.3d at 382–83 (holding that declining equitable jurisdiction is proper where "relegating the claimant to [forfeiture] proceeding[s] would avoid problems inherent in parallel proceedings" (citation omitted)).

## CONCLUSION

For the foregoing reasons, Petitioners' motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 189.

SO ORDERED.

Dated: March 7, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge