# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER**

The Government stands ready, immediately upon the Court's entry of a protective order in this case, to produce a substantial amount of discovery to the defendant—discovery that defense counsel stated at the initial appearance yesterday that he needed in order to abide by the Court's order to propose a trial date and estimate the length of the defense case. To allow the Government to begin producing that discovery—much of which includes sensitive and confidential information—the Government respectfully moves the Court for entry of the attached proposed protective order governing the disclosure of discovery by the parties in the above-captioned case. The Court can and should enter it immediately to allow the Government to produce discovery, because the defendant can seek at any time to modify the order if he objects to it.

**I.     Background**

On August 1, 2023, a federal grand jury in the District of Columbia returned an indictment charging the defendant with violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States); 18 U.S.C. § 1512(k) (Conspiracy to Obstruct an Official Proceeding); 18 U.S.C. §§ 1512(c)(2) and 2 (Obstruction of and Attempt to Obstruct an Official Proceeding); and 18 U.S.C. § 241 (Conspiracy Against Rights). On August 2, the Government sent a proposed protective order to counsel for the defendant. Defense counsel substantively responded on August 4 (today) with a different proposed protective order that did not, in the Government's estimation,

protect numerous categories of sensitive materials, including grand jury materials and sealed search warrant affidavits. The same day, in an attempt to reach a compromise, the Government drafted a new proposed protective order, modeled on the one entered by Judge Carl A. Nichols in a recent criminal case, and provided it to defense counsel, noting that the Government intended to file a proposed protective order today. In response, defense counsel asked the Government to note in this motion that they did not have adequate time to confer.

## II.     Argument

The Government seeks to provide the defendant with discovery as soon as possible, including certain discovery to which the defendant is not entitled at this stage of the proceedings. The attached order would allow the Government to do so, while also protecting a large amount of sensitive and confidential material contained within the first production that the Government has prepared and will send as soon as the Court issues an order. Such materials include, but are not limited to: materials containing personally identifying information as identified in Federal Rule of Criminal Procedure 49.1; Rule 6 materials, including subpoena returns, witness testimony, and related exhibits presented to the grand jury; materials obtained through sealed search warrants and 2703(d) orders; sealed orders obtained by the Government's filter team related to this case; recordings, transcripts, interview reports, and related exhibits of witness interviews; and sensitive materials obtained from other governmental entities.

The Court may, for good cause, enter a protective order governing or restricting discovery or inspection. Fed. R. Crim. P. 16(d)(1); *see also United States v. Cordova*, 806 F.3d 1085, 1090 (D.C. Cir. 2015) ("a 'trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.'") (quoting *Alderman v. United States*, 394 U.S. 165, 185 (1969)). Courts regularly do so "to 'expedite the flow of discovery' in cases involving a large amount of sensitive

information." *United States v. Johnson*, 314 F.Supp.3d 248, 251 (D.D.C. 2018).  When seeking a protective order, the Government must establish good cause.  *United States v. Dixon*, 355 F. Supp. 3d 1, 4 (D.D.C. 2019).  Here, good cause exists because issuance of the Government's proposed order would expedite the flow of discovery in this case, give the defendant prompt access to a large portion of the discovery he ultimately will receive, and protect the highly sensitive categories of material described above.

The Government's proposed order is consistent with other such orders commonly used in this District and is not overly restrictive.  It allows the defendant prompt and effective use of discovery materials in connection with his defense, including by showing discovery materials to witnesses who also agree to abide by the order's terms.  All the proposed order seeks to prevent is the improper dissemination or use of discovery materials, including to the public.  Such a restriction is particularly important in this case because the defendant has previously issued public statements on social media regarding witnesses, judges, attorneys, and others associated with legal matters pending against him.  And in recent days, regarding this case, the defendant has issued multiple posts—either specifically or by implication—including the following, which the defendant posted just hours ago:



If the defendant were to begin issuing public posts using details—or, for example, grand jury transcripts—obtained in discovery here, it could have a harmful chilling effect on witnesses or adversely affect the fair administration of justice in this case.  *See Gentile v. State Bar of Nevada*,

- 3 -

501 U.S. 1030, 1070 (1991) ("The outcome of a criminal trial is to be decided by impartial jurors, who know as little as possible of the case, based on material admitted into evidence before them in a court proceeding.  Extrajudicial comments on, or discussion of, evidence which might never be admitted at trial . . . obviously threaten to undermine this basic tenet.").

Finally, and importantly, the Government's proposed protective order provides that either party can seek to modify the order at any time—meaning that the defendant is in a better position if he receives discovery under the proposed order's conditions rather than receiving no discovery while this motion is pending.  If the Court issues the Government's proposed protective order forthwith, without awaiting a responsive brief, the defendant will be free to review the discovery that the Government will promptly produce and can seek any modifications of the order that he determines appropriate based on that review.  And once in possession of the Government's detailed, organized discovery inventory, the defendant will be in a better position to assess and justify whether to seek a modification to the protective order at all.

<div style="margin-left: 50%;">

Respectfully submitted,

JACK SMITH
Special Counsel

By: /s/Molly Gaston
Molly Gaston
Thomas P. Windom
Senior Assistant Special Counsels
950 Pennsylvania Avenue NW
Room B-206
Washington, D.C. 20530

</div>

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 23-cr-257 (TSC) |
| | * | |
| DONALD J. TRUMP, | * | |
| | * | |
| Defendant. | * | |
| | * | |

**PROTECTIVE ORDER GOVERNING DISCOVERY AND AUTHORIZING
<u>DISCLOSURE OF GRAND JURY TESTIMONY</u>**

The United States has moved for entry of a Protective Order that would govern discovery in this matter. To expedite the flow of discovery material between the parties and to adequately protect certain information that the United States intends to produce to the defendant, the Government's motion is **GRANTED** and, pursuant to the Court's authority under Federal Rule of Criminal Procedure 16(d)(1), it is hereby **ORDERED**:

**No Limit on Already Possessed or Public Documents**

1. This Order does not apply to records that are publicly available independent of the Government's productions, nor does it apply to records which the defendant or defense counsel came into possession by independent means, unrelated to the discovery process.

**All Materials**

2. All materials provided by the United States in preparation for, or in connection with, any stage of this case ("the Materials") are subject to this protective order ("Order") and may be used by the defendant and defense counsel (defined as counsel of record in this case) solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

1

3.      The defendant and defense counsel shall not disclose the Materials or their contents directly or indirectly to any person or entity other than persons employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "Authorized Persons"). Potential witnesses and their counsel may be shown copies of the Materials as necessary to prepare the defense, but they may not retain copies without prior permission of the Court.

4.      The defendant, defense counsel, and Authorized Persons shall not copy or reproduce the Materials except to provide copies of the Materials for use in connection with this case by the defendant, defense counsel, and Authorized Persons. Such copies and reproductions shall be treated in the same manner as the original. The defendant, defense counsel, and Authorized Persons shall not disclose any notes or records of any kind that they make in relation to the contents of the Materials, other than to Authorized Persons, and all such notes or records are to be treated in the same manner as the original.

5.      Before providing any of the Materials to an Authorized Person(s), defense counsel must provide the Authorized Person(s) with a copy of this Order and the Authorized Person(s) must agree to abide by this order.

6.      Upon conclusion of all stages of this case, all the Materials and all copies made thereof shall be destroyed or returned to the United States, unless otherwise ordered by the Court. The Court may require a certification as to the disposition of the Materials.

7.      The restrictions set forth in this Order do not apply to documents that are or become part of the public record, including documents that have been received in evidence at other trials, nor do the restrictions in this Order limit defense counsel in the use of the Materials in judicial proceedings in this case, except as described below.

**Sensitive Materials**

8. The United States may produce sensitive materials to defense counsel, including the below materials ("Sensitive Materials"):

   a. Materials containing personally identifying information as identified in Federal Rule of Criminal Procedure 49.1;

   b. Rule 6 materials, including grand jury subpoena returns, witness testimony, and related exhibits presented to the grand jury;

   c. Materials obtained through sealed search warrants and 2703(d) orders;

   d. Sealed orders obtained by the Government's filter team related to this case;

   e. Recordings, transcripts, interview reports, and related exhibits of witness interviews; and

   f. Materials obtained from other governmental entities.

The Government shall indicate to defense counsel, in discovery correspondence or otherwise, which materials constitute Sensitive Materials prior to or concurrent with disclosure.

9. Except as provided in this Order, without prior notice to the United States and authorization from the Court, no Sensitive Materials, or information contained therein, may be disclosed to any person other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains.

10. Sensitive Materials must be maintained in the custody and control of defense counsel. Defense counsel may show Sensitive Materials to the defendant as necessary to assist in preparation of the defense, but defense counsel may not provide a copy of Sensitive Materials to the defendant. Moreover, if defense counsel does show Sensitive Materials to the defendant, defense counsel may not allow the defendant to write down any personally identifying information as identified in Federal Rule of Criminal Procedure 49.1 that is contained in the Sensitive Materials. If the defendant takes notes regarding Sensitive Materials, defense counsel must inspect

3

those notes to ensure that the defendant has not copied down personally identifying information as identified in Federal Rule of Criminal Procedure 49.1.

11. The parties may include designated Sensitive Materials in any public filing or use designated Sensitive Materials during any hearing or the trial of this matter without leave of Court if all sensitive information is redacted. No party shall disclose unredacted Sensitive Materials in open court or public filings without prior authorization by the Court (except if the defendant chooses to include in a public document Sensitive Materials relating solely and directly to the defendant's personally identifying information). If a party includes unredacted Sensitive Materials in any filing with the Court, they shall be submitted under seal.

12. Any filing under seal must be accompanied by a motion for leave to file under seal as required by Local Rule of Criminal Procedure 49(f)(6)(i).

### Scope of this Order

13. **Modification Permitted.** Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

14. **No Waiver.** The failure by the United States to designate any of the Materials as "Sensitive" upon disclosure shall not constitute a waiver of the United States' ability to later designate the Materials as Sensitive.

15. **No Ruling on Discoverability or Admissibility.** This Order does not constitute a ruling on the question whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

16. **Challenges to Specific Documents.** The defendant may raise particularized concerns about specific documents by motion to this Court.

_____
HONORABLE TANYA S. CHUTKAN
UNITED STATES DISTRICT JUDGE