# Exhibit A

```
                 UNITED STATES BANKRUPTCY COURT
                   DISTRICT OF CONNECTICUT
                      BRIDGEPORT DIVISION


In Re                            *    Case No. 22-50073 (JAM)
                                 *
   HO WAN KWOK,                  *    Bridgeport, Connecticut
                                 *    March 22, 2022
           Debtor.               *
                                 *
* * * * * * * * * * * * * * * *
```

TRANSCRIPT OF CASE MANAGEMENT CONFERENCE/STATUS CONFERENCE
MOTION OF PACIFIC ASIA OPPORTUNITY FUND L.P. FOR
ENTRY OF AN ORDER CONFIRMING THE INAPPLICABILITY OF THE
AUTOMATIC STAY OR, IN THE ALTERNATIVE, RELIEF
FROM THE AUTOMATIC STAY PURSUANT TO
SECTION 362(d)(2) OF THE BANKRUPTCY CODE
BEFORE THE HONORABLE JULIE A. MANNING
UNITED STATES BANKRUPTCY JUDGE


APPEARANCES:

For the Debtor:                       WILLIAM BALDIGA, ESQ.
                                      BENNETT SILVERBERG, ESQ.
                                      Brown Rudnick, LLP
                                      Seven Times Square
                                      New York, NY  10036


For the Creditor, Pacific             PETER FRIEDMAN, ESQ.
 Alliance Asia Opportunity            STUART M. SARNOFF, ESQ.
 Fund L.P., Creditor:                 DIANA PEREZ, ESQ.
                                      O'Melveny & Myers LLP
                                      Times Square Tower
                                      7 Times Square
                                      New York, NY  10036

                                      PATRICK M. BIRNEY, ESQ.
                                      Robinson & Cole LLP
                                      280 Trumbull Street
                                      Hartford, CT  06103-3597

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

2

```
     APPEARANCES Cont'd:

     For Golden Spring, NY Ltd.,    SCOTT ROSEN, ESQ.
      Creditor:                     Cohen Birnbaum & Shea
                                    100 Pearl Street
                                    Hartford, CT  06103

     For Rui Ma, Creditor:          CAROLLYNN CALLARI, ESQ.
                                    Callari Partners LLC
                                    1 Rockafeller Plz Floor 10
                                    New York, NY  10020-2073

                                    PETER ZARELLA, ESQ.
                                    McElroy Deutsch
                                    225 Liberty Street
                                    36th Floor
                                    New York, NY  10281

     For the U.S. Trustee:          HOLLEY L. CLAIBORN, ESQ.
                                    Office of the United States
                                      Trustee
                                    The Giaimo Federal Building
                                    150 Court Street, Room 302
                                    New Haven, CT  06510
```

|   |   |
|---|---|
| 1 | MR. BALDIGA: No, that -- that's okay. |
| 2 | THE COURT: Yep. Okay. |
| 3 | MR. BALDIGA: I am try -- and again -- but just to |

give an example, and this won't be the time and place for a full exposition of these issues, but on the theory that there are some things that you just couldn't make up, but just -- I want the Court to appreciate that we appreciate, and this debtor appreciates just how unusual this case is, and to know that we come before you appreciating the extraordinary burden we have to make this Court feel reasonably comfortable that this case will be conducted, again, to your full expectations.

But just to give an example, a three-person creditor's committee was just formed yesterday. One member of that committee, Rui Ma, her lawyers, Arkin-Solbakken, confirmed by letter dated September 30, 2020, that her fees to sue Mr. Kwok are being paid by a Mr. Zheng Wu, also known as Bruno Wu.

THE COURT: Known as who? Was -- you say, also known as who? I didn't hear you.

MR. BALDIGA: Bruno Wu.

THE COURT: Okay. Thank you.

MR. BALDIGA: W-U. And I apologize for not providing to the Court the names from the last hearing. We will do that this week, as to the last hearing and this

20

1  week.
2  THE COURT: Yeah. That would be -- that would be
3  very helpful to the clerk's office.
4  MR. BALDIGA: Well, I apologize we didn't do that.
5  THE COURT: Yeah.
6  MR. BALDIGA: The second member of the Committee,
7  Sam Nunberg, it had been a person friend of Bruno Wu, he
8  helped arranged Rui Ma's lawyers for her, Arkin-Solbakken.
9  Mr. Nunberg, a member of the committee, is the
10 subject of a publically filed, in the United States District
11 Court for the Southern District of Florida, in Case No. 18-
12 20983, in Mr. Kwok's case against Roger Stone. That Roger
13 Stone. Roger Stone's statement, as later published in the -
14 - by him, in the *Wall Street Journal* and *New York Times*.
15 I, Roger Stone, retract and apologizes for statements he has
16 made regarding Guo Wen Gui, also known as Miles Kwok.
17 Mr. Stone has publically stated that Mr. Guo has
18 been found guilty and convicted of financial crimes in --
19 and the United States -- in the United States, and that Mr.
20 Guo has violated U.S. election laws by making political
21 donations to Hillary Clinton and financing a presidential
22 run by Steven Bannon. All of these statements are not true.
23 I failed to do proper research before making those
24 statements and improperly relied on information conveyed to
25 me by Sam Nunberg, this committee member, between early

1        September 2017 and the Fall of 2017.  I believe the source
2        of that information was Bruno Wu.
3                So that's -- those are -- and Bruno Wu, Your
4        Honor, just to complete the picture, in his registration as
5        a foreign agent, he serves as Vice Chairman and Secretary
6        General of the National Committee on China/US Relations, as
7        an affiliate of the Charhar Institute, a Chinese
8        governmental think tank, non-governmental think tank, most
9        of the other members of which are senior CCP officials.
10       That's our committee.
11               I'm not disarranging the committee, I'm just
12       saying that in and of itself makes this an extraordinary
13       case.
14               I will come to, later today -- while we've already
15       reached out to the U.S. Trustee to say that even if the U.S.
16       Trustee had not moved for the appointment of an examiner, we
17       think an examiner is in order.
18               We don't see how anyone, including the Court,
19       could be comfortable with the amount of transparency
20       demanded for a successful Chapter 11 case without a truly
21       independent examination of this debtor.
22               Not only do we consent to the appointment of an
23       examiner, we will pay for it.  Mr. Kwok has gone to his
24       family and said if I'm going to have a transparent Chapter
25       11 case, we need to have an examiner and we need to pay for