# EXHIBIT A



**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

April 1, 2024

**VIA EMAIL**

Ryan Finkel, Esq.
Juliana Murray, Esq.
Micah Ferguson, Esq.
Justin Horton, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
26 Federal Plaza
New York, NY 10007

      Re:    *United States v. Kwok et al.*, Case No. 1:23-cr-00118 (AT)

Counsel:

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), Defendant Ho Wan Kwok provides notice that he anticipates calling Maggie Sklar, Esq., as an expert on cryptocurrency and blockchain issues.

      **I.**    **Qualifications**

Ms. Sklar's qualifications and prior testimony are further described in the Curriculum Vitae attached to this Expert Disclosure as Exhibit A. Ms. Sklar spent ten years in public service, including in senior counsel and policy advisor roles, at the U.S. Commodity Futures Trading Commission ("CFTC") and Federal Reserve Bank of Chicago (the "Federal Reserve"). In her roles at the Federal Reserve and CFTC, she was called upon to advise regulators and policy makers about cryptocurrency, blockchain, and cryptocurrency exchange issues.

Ms. Sklar served as the Senior Counsel and Policy Advisor to Chairman Giancarlo of the CFTC, who was responsible for leading the agency's regulatory response to virtual currencies through consumer education, asserting the CFTC's regulatory authority, surveilling trading in derivative and spot markets, prosecuting fraud, abuse, manipulation and false solicitation, and active coordination with fellow regulators. In addition to her role advising Chairman Giancarlo,

PRYOR CASHMAN LLP

April 1, 2024
Page 2

Ms. Sklar also acted as Senior Counsel to CFTC Commissioner Wetjen, Associate Director of International Affairs, Special Counsel in the CFTC's Division of Market Oversight, and Senior Counsel to LabCFTC. She also served as Senior Policy Advisor and Director of International Engagement for Financial Markets at the Federal Reserve.

After her government service, Ms. Sklar was a Partner in the Banking and Financial Services practice at Davis Wright Tremaine LLP, where she advised the firm's clients primarily on cryptocurrency matters. She is regularly invited to speak on cryptocurrency, is a Founding Member of the Association of Women in Cryptocurrency, and the former Chair of the Global Digital Asset and Cryptocurrency Association's Public Policy and Regulation Committee. In these various roles, she had been advising on cryptocurrency, blockchain, and exchange issues since 2015.

Ms. Sklar is a cum laude graduate of Georgetown University Law Center and a cum laude graduate of Georgetown University.

## II.     Summary of Anticipated Testimony

We anticipate that if Ms. Sklar is called as a witness to testify, she will provide opinions on the topics of cryptocurrency, blockchain, and cryptocurrency exchange issues. Ms. Sklar will provide testimony on these topics based on her analyses of documents disclosed to the defense in this case, including the whitepapers for the Himalaya Dollar ("HDO") and the Himalaya Coin ("HCN") records related to the Himalaya Exchange's custodial arrangements and capabilities, documents related to work performed on behalf of the Himalaya Exchange, the Superseding Indictment,[1] as well as her education, training, experience, and expertise.

*Specific Areas of Expected Testimony*

- **Cryptocurrency and Blockchain:** Ms. Sklar may opine on what a cryptocurrency is (including potential cryptocurrency use cases), how a blockchain works, and the use of blockchain technology and how it supports cryptocurrency. In addition, she may be called upon to explain how off- and on-chain (*i.e.*, blockchain) transactions work. Ms. Sklar may also opine on the characteristics of HDO and HCN as cryptocurrencies.

- **Cryptocurrency Exchanges:** Ms. Sklar may opine on cryptocurrency exchanges, including general operations, and trading mechanisms. She may also opine on the typical practices given the lack of comprehensive regulation of cryptocurrency exchanges. Ms. Sklar may also testify regarding the differences (and differences in use cases) between centralized and decentralized exchanges, and explain the key role that centralized exchanges play as on- and off-ramps for fiat currency.

---

[1] Ms. Sklar may also review parts of the government's ongoing production of discovery pursuant to the Court's February 24, 2024 order, and may offer additional testimony based on that review.

**PRYOR CASHMAN LLP**

April 1, 2024
Page 3

- **Stablecoins:** Ms. Sklar may opine on what stablecoins are and how they support cryptocurrency and exchange transactions. She may also opine on the typical practices for stablecoins given the lack of comprehensive regulation of stablecoins.

- **Wallet Operation:** Ms. Sklar may opine on cryptocurrency wallet operation and the use of cryptocurrency wallets. This may include how "hot," "cold," and "warm" wallets work.

- **Cryptocurrency Custody and Custodians:** Ms. Sklar may opine on what cryptocurrency custody and custodians are, how cryptocurrency is held by custodians, and how cryptocurrency exchanges utilize third-party custodians.

- **Operation of Himalaya Exchange:** Ms. Sklar may opine on the activity and workings of the Exchange based on her review of the documents produced, including the whitepapers for HDO and HCN, records related to the Himalaya Exchange's custodial arrangements and capabilities, document related to work performed on behalf of the Himalaya Exchange, the Superseding Indictment, and how those are consistent with her opinions as described above.

- **Use Case of HDO:** Ms. Sklar may opine that transacting in cryptocurrency is acceptable when both parties agree to the usage of cryptocurrency in the transaction, including redemptions, and opine on documents indicating the actual use of HDO to purchase goods.

### III. Materials Relied Upon in Reaching Conclusions

In reaching her conclusions, Ms. Sklar and her supporting team relied on documents disclosed to the defense in this case, including the whitepapers for HDO and HCN, records related to the Himalaya Exchange's custodial arrangements and capabilities, document related to work performed on behalf of the Himalaya Exchange, the Superseding Indictment, publicly available materials, and Ms. Sklar's own experience and expertise.

### IV. Disclosure, Reservation of Rights to Supplement

In connection with her testimony, Ms. Sklar may prepare and offer summaries and demonstratives regarding the topics of her opinions, including the manner in which cryptocurrencies, blockchains and cryptocurrency exchanges function, and the differences between centralized and decentralized cryptocurrency exchanges, as well as other related items which Mr. Kwok may seek to introduce into evidence. Such summaries will be offered pursuant to Federal Rule of Evidence 1006.



April 1, 2024
Page 4

    Ms. Sklar may attend the testimony of other witnesses, including the government's expert witnesses, and may offer additional opinions and/or summary charts in response to the testimony given by such witnesses.

    Ms. Sklar reserves her right to supplement and/or amend these disclosures, including in response to the government's disclosures and the evidence presented in its case-in-chief.

                               Very truly yours,

                                 PRYOR CASHMAN LLP
                                 Sidhardha Kamaraju
                                 E. Scott Schirick
                                 Matthew S. Barkan
                                 Daniel J. Pohlman
                                 Clare P. Tilton

Reviewed, Approved, and Adopted by:

_____
Maggie Sklar, Esq.

PRYOR CASHMAN LLP

April 1, 2024
Page 4

    Ms. Sklar may attend the testimony of other witnesses, including the government's expert witnesses, and may offer additional opinions and/or summary charts in response to the testimony given by such witnesses.

    Ms. Sklar reserves her right to supplement and/or amend these disclosures, including in response to the government's disclosures and the evidence presented in its case-in-chief.

Very truly yours,

*[signature]*

PRYOR CASHMAN LLP
Sidhardha Kamaraju
E. Scott Schirick
Matthew S. Barkan
Daniel J. Pohlman
Clare P. Tilton

Reviewed, Approved, and Adopted by:

*[signature]*
Maggie Sklar, Esq.

# EXHIBIT A




# MAGGIE SKLAR
MANAGING DIRECTOR

**EXPERTISE**

- Financial Regulation
- Digital Assets and Cryptocurrency
- Derivatives
- Dodd-Frank Act

**EDUCATION**

**Georgetown University Law Center**
Juris Doctor, cum laude
2005

**Georgetown University**
Bachelor of Arts, cum laude, major in Government, minor in Justice and Peace Studies
2001

**EMPLOYMENT HISTORY**

**SEDA Experts**
Managing Director
December 2023-Current

**Davis Wright Tremaine**
Partner, Banking and Financial Services
2022-November 2023

**Global Digital Asset and Cryptocurrency Association**
Chair, Public Policy and Regulation Committee
2023-Current

**Federal Reserve Bank of Chicago**
Senior Policy Advisor and the Director of International Engagement, Financial Markets
2019-2022

**U.S. Commodity Futures Trading Commission**
Senior Counsel to LabCFTC
Senior Counsel and Advisor to Chairman J. Christopher Giancarlo
Associate Director, Office of International Affairs
Special Counsel, Office of International Affairs
Senior Counsel, Office of Commissioner Mark P. Wetjen
Special Counsel, Division of Market Oversight
2012-2019

**Kobre & Kim LLP**
Government Enforcement Defense/Litigation Associate
2011-2012

**Greenberg Traurig LLP**
Litigation Associate
2007-2011

**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
Litigation Associate, Summer Associate
2005-2007

**Maggie Sklar is a highly distinguished legal and policy professional with a comprehensive background in law, financial markets, and regulatory policy. She provides advisory services to financial institutions, regulated entities, and start-ups on futures, swaps, securities, and digital assets regulation or litigation. Maggie has gained extensive expertise from her senior policy and regulatory roles at the U.S. Commodity Futures Trading Commission (CFTC) and the Federal Reserve.**

As Senior Counsel and Advisor to Chairman J. Christopher Giancarlo at the CFTC, Maggie provided critical legal and policy guidance, particularly on the Dodd-Frank Act (DFA), Commodity Exchange Act (CEA), and CFTC regulations.  At the CFTC, Maggie also served as the Deputy to the Financial Stability Oversight Council, a Senior Counsel to a Commissioner, the Senior Counsel to LabCFTC, and as a Special Counsel in the Division of Market Oversight, playing a key role in the intersection of new or emerging financial markets and technology and regulatory compliance, and DFA and CEA compliance for new or registered entities and products.  She also was an Associate Director in the Office of International Affairs, where she regularly engaged with other U.S. financial or foreign regulators, and worked on or led various market structure workstreams.

During her tenure as the Senior Policy Advisor and Director of International Engagement for Financial Markets at the Federal Reserve Bank of Chicago, Maggie advised on U.S. and international financial markets policy, legal, and risk management issues.  Other noteworthy accomplishments include serving as the Associate Chair of the Chicago Fed's Financial Stability Council, and as a Member of the CFTC's Global Markets Advisory Committee (GMAC).

Maggie was also a large law firm partner in their banking and financial services practice, and an associate at large international law firms on securities and complex civil litigation matters, as well as internal or government investigations.  More recently, she was Chair of the Global Digital Asset and Cryptocurrency Association's Public Policy and Regulation Committee.

In these roles, she has engaged on various financial markets policy and regulatory issues and with a variety of U.S. regulators, policymakers, and Congressional staff.  Maggie has also been a sought-after speaker at prestigious institutions and conferences, contributing insights to conferences such as SIFMA, FIA, and the American Bar Association, as well as numerous other panels on digital assets and cryptocurrency.  She has also published white papers, policy discussion papers, blogs, and social media posts on financial markets or digital asset topics.

With a nuanced understanding of regulatory dynamics, honed through extensive experience at the CFTC and working with other U.S. financial markets and prudential regulators, Maggie continues to be at the forefront of shaping the regulatory framework in the dynamic field of law and finance.