

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 10, 2024

**VIA ECF AND EMAIL**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Kwok, et al.*, S2 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government respectfully writes in response to defendant Ho Wan Kwok's application for a Rule 17 subpoena to the United States Attorney's Office for the Eastern District of New York ("USAO-EDNY"). For the reasons stated below, the Court should deny Kwok's application.

    **A.**  **Background**

    On April 3, 2024, the undersigned received an email from a prosecutor at USAO-EDNY assigned to the prosecution of *United States v. Bai et al.*, No. 23-mj-334 (SJB) (E.D.N.Y.). That email concerned correspondence from Kwok's counsel regarding a Rule 17 subpoena directed at USAO-EDNY. The Rule 17 subpoena sought, among other materials, "[r]ecords concerning the allegations in the *Bai* complaint, including the underlying evidence of targeting of Kwok and his followers" and "[r]ecords concerning the Government of China's targeting of Kwok as part of Operation Fox Hunt." The correspondence indicated that Kwok's counsel advised USAO-EDNY that this Court had issued an *ex parte* order directing counsel to serve a copy of the Rule 17 subpoena to USAO-EDNY and this Office, and stated that the Court had directed USAO-EDNY and this Office to respond by April 10, 2024. Kwok's counsel did not provide a copy of the Court's *ex parte* order.

    Kwok's counsel sent the same Rule 17 subpoena materials to this Office on April 4, 2024. On April 5, 2024, the Government requested (and received) a copy of the Rule 17 subpoena order from the Court (the "Order"). In the Order, the Court noted that "[t]he prosecution's discovery duty is limited to items within its possession," citing the Court's earlier Motion to Compel Order (Dkt. 243 at 6). Order at 7. The Court also reasoned that Kwok's Rule 17 subpoena request "require[ed] the Court to consider whether the subpoena is an improper attempt to circumvent Rule 16 and the [Motion to Compel] Order, or a permissible means of obtaining discoverable evidence." *Id.* The Court reserved decision on Kwok's Rule 17 subpoena request and directed USAO-EDNY and the Government to respond by April 10, 2024. *Id.* at 7-8.

    Earlier today, USAO-EDNY filed an opposition with the Court, asking the Court to quash Kwok's Rule 17 subpoena because "the requests constitute an impermissibly broad fishing

expedition, rendering compliance to be 'unreasonable or oppressive.'" *See* Apr. 10, 2024 USAO-EDNY Letter.

### B. Legal Standard

"Rule 17(c) is not a method of discovery in criminal cases." *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995). "Courts must be careful that rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16." *United States v. Cuthbertson*, 630 F.2d 139, 146 (3d Cir. 1980), *cert. denied*, 449 U.S. 1126 (1981). "To ensure that Rule 17(c) subpoenas are not so abused, a party seeking production of documents must demonstrate that the materials sought are: (1) relevant; (2) admissible; and (3) specifically identified." *Cherry*, 876 F. Supp. at 552 (citing *United States v. Nixon*, 418 U.S. 683, 700 (1974)). The issuing party also must show that the application for documents "is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699-700.

### C. Discussion

Applying the *Nixon* standards, the Court should deny Kwok's application for a Rule 17 to USAO-EDNY.

*First*, the Government submits that Kwok has not established that the requests in his Rule 17 subpoena are made in good faith. *See United States v. Vasquez*, 258 F.R.D. 68, 72 (E.D.N.Y. 2009) (courts should assess "extent to which [Rule 17] is used in a good-faith effort to obtain evidence"). Kwok has known about the *Bai* case since on or about April 17, 2023, when the *Bai* complaint was unsealed. Yet Kwok did not pursue a Rule 17 subpoena to obtain materials related to that complaint until nearly a year later, when a six-to-eight week trial and significant pretrial deadlines were already looming. Moreover, Kwok's application for a Rule 17 subpoena to USAO-EDNY for *Bai* materials coincides with a related application—denied today by the Court (Dkt. 275 at 4)—seeking an unprecedented expansion of the prosecution team in an apparent attempt, likewise, to obtain *Bai* materials. Notably, Kwok appears to take inconsistent positions in his two motions. In his application for a Rule 17, Kwok acknowledges that the *Bai* materials are "outside the parameters of what the USAO-SDNY must search for a produce," and used that acknowledgment to justify his request for a Rule 17 subpoena to USAO-EDNY. Kwok's Mar. 5, 2024 Motion at 2. However, in his April 4, 2024 application—filed two days after the Court reserved decision on his Rule 17 subpoena—Kwok sought to place the *Bai* materials within USAO-SDNY's discovery parameters through convoluted arguments about agency squads. Kwok's Apr. 4, 2024 Letter at 9. This sort of maneuvering does not reflect a good faith effort to properly obtain "specifically identified" and "admissible" documents for use at the upcoming May 20 trial.[1] Rather, Kwok appears to be engaging in an impermissible "fishing expedition," seeking

---

[1] Questions of good faith are again raised by the fact that Kwok did not inform either this Office or USAO-EDNY that the Court had "reserve[d] decision on the USAO-EDNY subpoena request." Order at 8. Kwok simply stated that the Offices had to respond by April 10—without clarifying that the Court had ordered a response only to the *application* for a subpoena, not to the requests in the subpoena itself. The Government and USAO-EDNY learned that fact, after the Government's requests to the defense for a copy of the Order were rebuffed, only when the Government received a copy of the Order from Chambers.

discovery to which he is not entitled under criminal procedure and practice, in an effort to burden the Government in the final weeks before trial is set to commence. *Nixon*, 418 U.S. at 699-700; *see, e.g.*, United States v. Forbes, No. 3:02 Cr. 00264 (AWT), 2005 WL 8146351, at *6 (D. Conn. Oct. 28, 2005) (Rule 17 not in good faith where "aimed at obtaining discovery"); *United States v. Fernandes*, 115 F. Supp. 3d 375, 378 (W.D.N.Y. 2015) (purpose of Rule 17 is to "expedite the trial" and is "'not intended to provide an additional means of discovery,'" (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). The Court should thus deny Kwok's Rule 17 application just as it denied Kwok's prosecution team application.[2]

*Second*, for the reasons stated in the Government's motions *in limine*, Kwok has not demonstrated that the materials he seeks from USAO-EDNY are "admissible" under the *Nixon* standard. *See* Gov't Motions *in Limine*, Dkt. 273, at 47-58. As set forth in the Government's motions *in limine*, the scope of admissible evidence of this type is relatively narrow. Aside from Kwok's own testimony and the introduction of evidence upon which Kwok based his beliefs of targeting, the CCP's targeting activities, including targeting of Kwok, are simply not relevant to trial on the racketeering, fraud, and money laundering charges in this case, in which Kwok is principally accused of lying to and defrauding investors. For that reason, and pursuant to Rule 403's bar on unfairly prejudicial or confusing evidence, such evidence—including the *Bai* materials—is not admissible at this trial. *See* Gov't Motions *in Limine*, Dkt. 273, at 4-58.

Accordingly, for the reasons stated above, the Court should deny Kwok's application for a Rule 17 subpoena to USAO-EDNY.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314

---

[2] The Government has produced the Rule 16 materials collected in this case. The Government notes that it has produced the recordings requested by Kwok in his April 4, 2024 application (which he calls the "Fox Hunt Recordings"), and the Government is presently in the process of downloading and copying for production a final search warrant return in the ███████ ███████, which will be produced promptly upon completion. The Government does not intend to rely on any of the ███████████████ at trial. The Government recognizes that its disclosure obligations, including compliance with the Court's Motion to Compel Order and Rule 16, are ongoing.