# Exhibit 4



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 26, 2024

**BY ECF**

The Honorable Denise L. Cote
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  *United States v. Laura Perryman*, S1 23 Cr. 117 (DLC)

Dear Judge Cote:

The Government respectfully submits this letter in response to the defendant's letter, dated February 25, 2024, and to advise the Court that since Friday, February 23, 2024, the Government has made mid-trial disclosures. A subset of those disclosures contain material consistent with the defense case. The Government regrets and apologizes for the timing of these disclosures. The Government should have disclosed the material pre-trial. The defense has now moved for dismissal of the Superseding Indictment on the basis of these disclosures. For the reasons set forth below, the Government submits that dismissal is not an appropriate remedy because the defense now has this information in time to use at trial. The defendant's request for such extraordinary relief should be denied.

**Background**

The Government has produced over two million pages of Rule 16 discovery in this matter. Since August 22, 2023, the Government has produced approximately 1,903 pieces of 3500 material in this matter. This included material relating to over approximately one hundred witnesses that the Government does not presently intend to call, in an excess of caution and for the benefit of the defense.

Trial began on February 20, 2024 and is continuing. On February 21, 2024, the defense provided eighteen names as potential witnesses in its case-in-chief, including that of Jennifer Spruce. Spruce became a Field Trainer at Stimwave in 2018, and in 2019, became Stimwave's Director of Training. Spruce is represented in this matter by Krieger Lewin, LLC ("Krieger Lewin"), pool counsel for current employees of Curonix, the successor entity to Stimwave. Last week, Krieger Lewin informed the Government that Spruce had received a subpoena from the defense. At approximately 12:00 pm on February 23, 2024, the Government participated in a call with Krieger Lewin concerning Spruce. Krieger Lewin provided an attorney proffer of statements made by Spruce. During the call, Krieger Lewin explained that this material had been provided to

Case 1:23-cr-00118-AT   Document 289   Filed 02/26/24   Page 3 of 7

Page 2

the Government in previous attorney proffers with Assistant United States Attorneys Jacob Bergman and Mónica Folch on October 27, 2023 and November 15, 2023.

Following the February 23, 2024, call with Krieger Lewin, the Government promptly took steps to determine if notes of the October 27, 2023 and November 15, 2023 calls had been taken and disclosed to the defense. The Government determined that no notes were taken of the October 27, 2023 attorney proffer from Krieger Lewin concerning Spruce, but that the Government had produced notes of the November 15, 2023, attorney proffer, labeled as 3523-005, which also concerned four other individuals. The Government produced notes of that February 23 call with Krieger Lewin to the defense, labeled as 3625-001, noting therein that the Government had no notes of the October 27, 2023 attorney proffer and that it had previously produced notes of the November 15, 2023 attorney proffer. The Government also began a review of its files to assess whether further disclosures needed to be made.

In the evening of February 23, 2024, Krieger Lewin recounted for the Government the October 27, 2023 attorney proffer concerning Spruce and the November 15, 2023, attorney proffer, to the extent it concerned Spruce. The next morning, on February 24, 2024, the Government disclosed the notes of that call to the defense.[1]

Over the course of the weekend, the Government continued its review of its file and disclosures. On February 24, 2024, the Government determined that there were four additional attorney proffers Krieger Lewin had provided but for which the Government could not locate notes. One of these attorney proffers occurred on June 16, 2023 and concerned Crister Czajkowski, and two occurred on January 11, 2023 and January 30, 2023 and concerned Ashley LaPoint.[2] The

---

[1] During the February 23rd call, Krieger Lewin also recounted the details of a September 19, 2022 attorney proffer concerning Steven Grumman, two October 5, 2023 attorney proffers concerning Adolfo Tejada, and a brief November 8, 2023 attorney proffer concerning Peter Bosca and Stimwave's website, which occurred at the end of a longer attorney proffer concerning Reggie Groves. At the time, the Government's understanding was that it had no notes of these attorney proffers, except for the November 15, 2023 attorney proffer (notes of which had been previously produced by the Government). In any event, the Government produced notes of these proffers from the February 23rd call on the morning of February 24, 2024. On the afternoon of February 25, 2024, the Government located the contemporaneous notes of the September 19, 2023 attorney proffer concerning Steven Grumman and produced them that afternoon to the defense. At each of these attorney proffers, AUSAs Bergman and Folch were present, except for the first October 5, 2023 attorney proffer, at which AUSA Folch was not present. AUSA Kochevar was not present at these attorney proffers, except for the November 8, 2023 attorney proffer of Reggie Groves and briefly Peter Bosca, at which notes were taken concerning Reggie Groves but not Peter Bosca. The Government had not previously produced 3500 materials for Grumman, Tejada, or Bosca; had produced limited notes from Krieger Lewin's November 15, 2023 attorney proffer for Spruce listed under her attorney's name; and did not list these individuals on the Government's witness list.

[2] A fourth occurred on February 3, 2024, and concerned John Devlin. AUSAs Bergman and Folch were present for each of these attorney proffers, except for the January 11, 2023 attorney proffer

Government asked Krieger Lewin to recount the proffers for it, and on February 25, 2024, the Government disclosed notes of the February 24th call to the defense.[3]

Additionally, in the course of its review, the Government determined that it had received an attorney proffer concerning Chad Andressen on or about June 17, 2020, but did not have notes of that attorney proffer. The Government contacted Mr. Andressen's attorney, who recounted and recreated the September 17, 2020 proffer. The Government produced notes of the recreated proffer just after midnight on February 25, 2024.

The Government sincerely regrets not taking notes in several of the attorney proffers described herein and in not producing those notes before trial to the defense. Moreover, the Government acknowledges that a limited set of these notes produced mid-trial contain material consistent with the defense case. Upon identifying these issues, the Government took steps to determine the scope of any disclosure issues and to remedy them. The Government, including the Chief of the Criminal Division, has been in communication with the defense throughout the weekend and informed the defense that it would consent to an adjournment to permit the defense to review the mid-trial produced materials.

### Applicable Law

The "dismissal [of an indictment] is warranted only in extreme circumstances, when it is necessary to eliminate prejudice to the defendants, or to ensure that the government attorney acts in accordance with the law." *United States v. Romano*, 706 F.2d 370, 375 (2d Cir. 1983); *see also,*

---

of Ashley LaPoint, at which AUSA Folch was not present. AUSA Kochevar was not present at these attorney proffers. The Government had previously produced 3500 material for Czajkowski, LaPoint, and Devlin, although they were not on the Government's witness list. Following its disclosures of the February 24th notes, the Government located notes of the June 16, 2023 attorney proffer concerning Czajkowski and separately determined that it had previously produced notes of the February 3, 2024 attorney proffer concerning John Devlin. As previously noted, the Government also located and produced notes of the September 19, 2023 attorney proffer concerning Steven Grumman.

[3] Separately, the Government also located and produced notes of two attorney proffers from counsel at Akin Gump Strauss Hauer & Feld concerning David Kho, an employee of Kennedy Lewis, an investor in Stimwave. The Government had previously produced 3500 material concerning Kho, although not of these particular attorney proffers; Kho was not on the Government's witness list. The Government also located and produced notes of a June 4, 2021 call with counsel at the Food and Drug Administration concerning the status of the recall of the White Stylet. The Government had previously produced 3500 material for other FDA witnesses. The Government also located and produced notes of an October 13, 2023 proffer of Michelle Doery; an October 19, 2023 proffer of Jim Rallo; a November 3, 2023 proffer of Sherri Costa, and November 17, 2023 proffer of Reggie Groves. A Special Agent with the Federal Bureau of Investigation took notes at each of these proffers, and the Government produced these over the weekend. The Government had previously produced 3500 material for Sherri Costa and Reggie Groves, although neither were on the Government's witness list; Michelle Doery and Jim Rallo are also not on the Government's witness list.

*e.g.*, *United States v. Morrison*, 449 U.S. 361, 365 (1981) ("[A]bsent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate . . . ."); *United States v. Fields*, 592 F.2d 638, 647 (2d Cir. 1978) (finding that district court had abused its discretion by "opting for the most drastic remedy available to it," which was "remedy of dismissing the indictment (as urged by all defendants)"); *United States v. Garcia*, 780 F. Supp. 166, 177 (S.D.N.Y. 1991) (noting that "dismissal of an indictment 'is an extraordinary remedy'" and declining to dismiss indictment based on Government's "purported failure to turn over evidence that allegedly was within *Brady*").

Where, as here, dismissal is sought based on the Government's alleged failure to make a timely production of material that is required to be disclosed under *Brady*, the defendant must first establish a violation of that duty. There are three components to a *Brady* violation: first, "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching" of a Government witness; second, the "evidence must have been suppressed by the prosecution, either willfully or inadvertently;" and third, "prejudice [to the defense] must have ensued." *United States v. Douglas*, 525 F.3d 225, 245 (2d Cir. 2008) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (internal brackets omitted)); *see also United States v. Jackson*, 345 F.3d 59, 71 (2d Cir. 2003). The existence of prejudice in this context turns on whether "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Jackson*, 345 F.3d at 73. The defendant bears the burden of establishing both that the Government suppressed evidence and that the defendant suffered prejudice as a result. *See United States v. Payne*, 63 F.3d 1200, 1208 (2d Cir. 1995).

"[E]vidence is not considered to have been suppressed within the meaning of the *Brady* doctrine if the defendant or his attorney either knew, or should have known, of the essential facts permitting him to take advantage of that evidence." *United States v. Paulino*, 445 F.3d 211, 225 (2d Cir. 2006) (internal quotation marks omitted). There can also be no "suppression" for *Brady* purposes when the defense actually possessed the information in time for its effective use at trial. *See United States v. Coppa*, 267 F.3d 132, 144 (2d Cir. 2001) (reiterating "the longstanding constitutional principle that as long as a defendant possesses *Brady* evidence in time for its effective use, the government has not deprived the defendant of due process of law simply because it did not produce it sooner").

Absent unusual circumstances, the remedy for a *Brady* violation is a trial continuance or a new trial, not the dismissal of the charges. *See, e.g.*, *United States v. Halloran*, 821 F.3d 321, 342 n.14 (2d Cir. 2016); *Poventud v. City of New York*, 750 F.3d 121, 133 (2d Cir. 2014) (en banc). The dismissal of an indictment for the government's failure to comply with its disclosure obligations can be obtained only where the culpability of the prosecution for the failure is high and the prejudice to the defendant is essentially irreparable. *Cf. United States v. Grammatikos*, 633 F.2d 1013, 1020 (2d Cir. 1980); *United States v. Garcia*, 780 F. Supp. at 177 (noting that dismissal of indictment might be appropriate for serious prosecutorial misconduct but not the "purported failure to turn over evidence that allegedly was within *Brady* and [Section] 3500.").

Case 1:23-cr-00118-AT  Document 293  Filed 02/26/24  Page 5 of 7

Page 5

## Discussion

The motion to dismiss the Superseding Indictment should be denied because any prejudice here is limited, and, if necessary, it can be cured through appropriate accommodations to the defense. For example, the Government would consent to recall of Government witnesses who have already testified and, if necessary, an appropriate period between the cases-in-chief.

Only a small subset of the materials produced by the Government in recent days contains information consistent with the defense theory. Those materials relate to statements not by witnesses but by lawyers for potential witnesses, Jennifer Spruce, Crister Czajkowski, and Ashley LaPoint, during the course of attorney proffers.

With respect to Spruce, the main witness upon which the defense motion relies, documents for which she was a custodian were produced well before trial and indicated her potential as a defense witness. Indeed, prior to the Government's mid-trial disclosures, the defense both cross-examined a Government witness about one of these documents and indicated that it intended to call Spruce to testify as a defense witness. It is apparent that the defense tried to speak with Spruce before the mid-trial disclosures. And now, before it has called her, it has not only the documents that led the defense to list her as a witness, but also the attorney proffered statements. With respect to Czajkowski, a 302 produced for this witness pre-trial contained the nub of information of which the defense now complains. The defense has identified two sentences in the new disclosure but has not explained how they are additive.

Moreover, the defense complains that the mid-trial disclosures deprived it "of the opportunity to fully investigate other potential exculpatory witnesses before trial" or "to cross-examine the Government's witnesses with the benefit of this information." Defense Letter, ECF No. 94, at 3. But, it identifies no investigative steps that it was deprived of making. Indeed, the defense apparently made efforts to speak with Ms. Spruce, and has clearly fully developed its defense theory. Nor does the defense identify a single question it now wishes it asked a Government witness. And in any event, the Government would consent to a recall of witnesses for proper, relevant questioning.

Put simply, while the Government sincerely regrets the mid-trial disclosures, any prejudice here is not irreparable, but repairable.

                        Respectfully submitted,

                        DAMIAN WILLIAMS
                        United States Attorney

               by: /s/
                    Mónica P. Folch
                    Jacob M. Bergman
                    Steven J. Kochevar
                    Assistant United States Attorneys
                    (212) 637- 6559/2776/2262