# Exhibit A

AO 89B (07/16) Subpoena to Produce Documents, Information, or Objects in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America<br>v.<br>Ho Wan Kwok, et al.<br>*Defendant* | )<br>) Case No. 23-cr-00118 (AT)<br>)<br>) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: United States Attorney's Office for the Eastern District of New York

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

See Attachments A and B, attached hereto.

| Place: Pryor Cashman LLP, 7 Times Square, New York, New York, 10036 | Date and Time: Two weeks from date of service, or as otherwise ordered by the Court. |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 3/5/2024

CLERK OF COURT

*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Ho Wan Kwok, who requests this subpoena, are:

Sidhardha Kamaraju, Esq., Pryor Cashman LLP, 7 Times Square, New York, New York, 10036, (212) 421-4100, skamaraju@pryorcashman.com

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No. 23-cr-00118 (AT)

# PROOF OF SERVICE

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____   _____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

## Attachment A

### Definitions

1. "Government of China" or "Chinese government" means the People's Republic of China including all agencies, departments, embassies, administrative authorities, councils and ministries thereof, and including but not limited to any officials, agents and diplomats, whether publicly disclosed or not, thereof, including but not limited to the State Council of the People's Republic of China, the Chinese Communist Party, the principal members thereof and any and all governmental authorities in Hong Kong.

2. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

3. "Concerning" means relating to, referring to, describing, evidencing or constituting.

4. "Record" or "Document" means "documents or electronically stored information" including any information created, stored, or utilized with digital technology, including, but not limited to, word-processing files, e-mail and text messages (including attachments), photographical, audio, and video files; information stored on computers, computer systems, thumb drives, flash drives, CDs, tapes, cloud storage or any other form of digital media or storage.

5. "Indictment" means the Superseding Indictment filed on January 3, 2024 in the action captioned *United States v. Ho Wan Kwok, et al.*, No. 23 Cr. 118 (AT) (S.D.N.Y.).

6. "Mr. Kwok" or "Kwok" means Defendant Ho Wan Kwok, also known as "Miles Kwok," "Miles Guo," or "Guo Wengui."

7. "Co-defendants" means Defendants Yanping Wang, also known as "Yvette Wang," and Kin Ming Je, also known as "William Je."

8. "*Bai* complaint" means the Complaint and Affidavit in Support of Application for Arrest Warrants filed as ECF No. 2 in the action captioned *United States v. Bai et al.*, No. 23-mj-334 (SJB) (E.D.N.Y.).

9. "NFSC" means the New Federal State of China.

10. "Operation Fox Hunt" means the Chinese Communist Party's campaign of harassing, stalking a coercing certain residents of the United States to return to China as part of a global and extralegal repatriation effort commonly known as "Operation Fox Hunt," ████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████

**Instructions**

1. "All/Any/Each" shall each be construed as encompassing any and all.

2. "And/Or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3. The use of the singular form of any word includes the plural and *vice versa*.

4. These requests are intended to cover all Documents in the Your possession, or subject to Your custody or control, whether directly or indirectly. A Document is deemed to be within the Your custody or control if You have physical control of Document or You have the ability to use, inspect, examine, access, copy or obtain such Document.

5. Documents are to be produced in full, without abridgement, redactions or editing. If any Document or portion of a Document requested herein is withheld on the basis of any claim of privilege, work product, or otherwise, You must (1) state the reason the Document was not

produced or what the document is claimed to be privileged or to constitute work product; (2) identify the paragraph of this request to which the Document relates; (3) describe the nature of the Document (*e.g.*, the file format); (4) identify the general subject matter of the Document; (5) specify the date on which the Document was prepared or transmitted; and (6) state the identity of the person or persons who authored or transmitted the Document and (7) state the identity of each person who had access and/or received the Document.

      6.      Notwithstanding anything to the contrary, these requests do not call for the disclosure of any internal work product created by the prosecutors or agents who worked on the relevant investigations, consistent with Rule 16(a)(2) of the Federal Rules of Criminal Procedure.

**Requests**

1. Records concerning the allegations in the *Bai* complaint, including the underlying evidence of targeting of ███████████████.

2. Records concerning the Government of China's targeting of Kwok as part of Operation Fox Hunt, including ███████████████████████████████████ ██████████████████████████████████████████████ (iii) the payment of bribes to U.S. citizens to solicit U.S. government officials to extradite Kwok to China; and (iv) any cyberattacks on any property used or owned by Kwok or his family.

3. Records concerning the targeting of Kwok's family by the Chinese government, including as part of Operation Fox Hunt.

4. Records concerning the NFSC, including any intelligence assessments concerning the NFSC or records reflecting the targeting of the NFSC or Mr. Kwok, his family and his co-defendants by the Chinese government, including as part of Operation Fox Hunt.

5. Records concerning the targeting of the corporate entities relevant to the Indictment, including GTV, Saraca Media, G|CLUBS, G|Fashion, and the Himalaya Exchange, by the Chinese government, including as part of Operation Fox Hunt.

**Attachment B**

In lieu of producing the records requested on Attachment A at the offices of Pryor Cashman LLP, 7 Times Square, 40th Floor, New York, New York 10036, you may comply with this Subpoena by either mailing the records or providing them electronically to Pryor Cashman LLP:

If you prefer to produce the documents via mail, please send them to:

> Pryor Cashman LLP
> 7 Times Square, 40th Floor
> New York, New York 10036
> Attn: Clare P. Tilton, Esq.

If you would rather produce documents electronically, please send them to the following email addresses:

> Sidhardha Kamaraju, Esq. (skamaraju@pryorcashman.com)
> Matthew S. Barkan, Esq. (mbarkan@pryorcashman.com)
> Daniel J. Pohlman, Esq. (dpohlman@pryorcashman.com)
> John M. Kilgard, Esq. (jkilgard@pryorcashman.com)
> Clare P. Tilton, Esq. (ctilton@pryorcashman.com)

Finally, if you have any questions regarding the method of production, please contact Defendant's counsel:

> Sidhardha Kamaraju
> Matthew S. Barkan
> Daniel J. Pohlman
> John M. Kilgard
> Clare P. Tilton
> PRYOR CASHMAN LLP
> 7 Times Square, 40th Floor
> New York, New York 10036
> Tel: (212) 421-4100