

U.S. Department of Justice

United States Attorney
Eastern District of New York

DMP:AAS
F. #2023R00138

271 Cadman Plaza East
Brooklyn, New York 11201

April 10, 2024

**By Email**

Hon. Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    United States v. Kwok
                 Crim. No. 23-118 (AT) (S.D.N.Y.)

Dear Judge Torres:

      The U.S. Attorney's Office for the Eastern District of New York (the "Office") respectfully moves to quash a Rule 17 subpoena dated March 5, 2024, and issued by Sabrina Shroff, Esq., (the "Subpoena"), which seeks materials purportedly in the possession of the Office. For the reasons outlined below, the Subpoena should be quashed because (1) it seeks materials subject to the secrecy requirements of Federal Rule of Criminal Procedure 6(e), (2) the Subpoena is overbroad, and (3) compliance with the Subpoena would be "unreasonable or oppressive." Fed. R. Crim. Pro. 17(c)(2).

    I.    Background

      On or about April 3, 2024, Ms. Shroff contacted the undersigned counsel. During a telephone call, Ms. Shroff stated that she represented ███████████████████████████████████████████████████ the lead defendant Ho Wan Kwok in the above-referenced matter. Ms. Shroff indicated that she needed to subpoena the undersigned counsel as the purported lead drafter of the Bai complaint. When asked to explain the context of the subpoena, Ms. Shroff stated that, after she had unsuccessfully sought the documents from the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), Your Honor had directed Ms. Shroff to serve the Subpoena directly on the Office.

      Soon thereafter, Ms. Shroff emailed a cover letter to the Office, indicating that Your Honor had issued an Ex Parte order directing Kwok's counsel to serve a copy of the Subpoena to the Office. Attached to the letter were (1) the Subpoena; (2) a redacted version of the Court's order dated February 21, 2024 finding certain materials to be discoverable that are relevant to one or more of the Office's investigations, including "Records concerning the

allegations in the Bai complaint, including the underlying evidence of targeting of [REDACTED]," "Records concerning the Government of China's targeting of Kwok as part of Operation Fox Hunt," and "Records concerning the targeting of Kwok's family by the Chinese government, including as part of Operation Fox Hunt";[1] and (3) a redacted declaration in support of Kwok's Rule 17 motion.  Notably, the redacted declaration neither includes any detailed summary of the records sought nor explains the relevance of those records to the pending matter before Your Honor.[2]

On April 9, 2024, the Office sent Ms. Shroff a letter stating that it would not seek records in its possession, as the Subpoena did not comply with the Touhy regulations.  See 28 C.F.R. §§ 16.22(b), 16.24.  In pertinent part, the letter states that a party seeking Department of Justice records must summarize the records sought and explain the relevance of those records to the proceeding, and that Ms. Shroff had failed to do so in any correspondence with the Office.  See id. § 16.22(d) ("When information other than oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding.").  To date, neither Ms. Shroff nor the defendant have complied with the Touhy regulations.

II.    Applicable Law

Rule 17(c) of the Federal Rules of Criminal Procedure governs the issuance of subpoenas for documents in federal criminal proceedings.  Under Rule 17(c)(1), "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates.  The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence.  When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them."

In United States v. Nixon, the Supreme Court held that the party requesting a Rule 17 subpoena must demonstrate that the materials sought are (1) relevant; (2) admissible; and (3) specific.  418 U.S. 683, 700 (1974) (stating that a Rule 17 subpoena is not intended to be a "general 'fishing expedition'").  The Supreme Court further emphasized two "fundamental characteristics" of Rule 17 subpoenas.  Id. at 698.  First, Rule 17 subpoenas are "not intended to provide a means of discovery in criminal cases."  Id.  Second, Rule 17 subpoenas are intended to "expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."  Id. at 698-99.  The Supreme Court further explained that "generally, the need for evidence to impeach witnesses is insufficient to require its production in advance of trial."  Id. at 701.

---

[1]    The Office had been previously unaware of the Court's order finding that Bai-related records were discoverable in Kwok or that Bai-related records were the subject of any motion practice before the Court.

[2]    The Office did not receive the Court's April 2, 2024 Rule 17 order until USAO-SDNY provided a redacted version of the order on April 5, 2024.

2

Applying the principles set forth in Nixon, courts have repeatedly emphasized the narrow purpose and scope of Rule 17 subpoenas. See, e.g., United States v. Dupree, No. 10-CR-627 (KAM), 2011 WL 2006295 (E.D.N.Y. May 23, 2011) (stating that Rule 17(c) is not a means for discovery and quashing subpoena that sought documents "well outside the time frame of the counts with which [the defendant was] charged"); United States v. Weissman, No. 01-CR-529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) ("[I]f the moving party cannot reasonably specify the information contained or believed to be contained in the documents sought but merely hopes that something useful will turn up, the requirement of specificity will not have been met.") (internal quotation marks omitted); United States v. Ashley, 162 F.R.D. 265, 266 (E.D.N.Y. 1995) ("[C]ourts must be careful that [R]ule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in [Rule 16.]") (quotation and citation omitted).

III.  Analysis

The Court should quash the Subpoena, as the requests constitute an impermissibly broad fishing expedition, rendering compliance to be "unreasonable or oppressive." Fed. R. Crim. Pro. 17(c)(2). Further, certain materials sought are grand jury materials subject to the secrecy limitations of Rule 6(e). The Office addresses the unreasonableness of each of the first three requests below.[3]

1. Request One

The request for "Records concerning the allegations in the Bai complaint, including the underlying evidence of targeting ▮▮▮▮▮" is unduly broad. The request is not limited ▮▮▮▮, but rather seeks all evidence gathered in a multi-year investigation that culminated in charges against 34 officers of the People's Republic of China's Ministry of Public Security (the Chinese government's federal police) who perpetrated a multifaceted and longstanding harassment scheme against dissidents located throughout the world, ▮▮▮▮▮▮▮▮▮▮ Accordingly, the request "does not satisfy the specificity requirement under Nixon" and, therefore, constitutes an impermissibly broad discovery device. United States v. Tagliaferro, 19-CR-472 (PAC), 2021 WL 980004, at *3 (S.D.N.Y. Mar. 16, 2021) (collecting cases).



---

[3]  The Office is unaware of any responsive materials to requests four and five.

2. Request Two

Also impermissibly broad is the request for all "Records concerning the targeting of Kwok's family by the Chinese government, including as part of Operation Fox Hunt, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (iii) the payment of bribes to U.S. citizens to solicit U.S. government officials to extradite Kwok to China; and (iv) any cyberattacks on property used by Kwok or his family."

As an initial matter, the Office is unaware of any responsive evidence in its possession pertaining to subcategories (iii) and (iv).

The comprehensive request for all targeting of Kwok's family, including through Operation Fox Hunt, constitutes an impermissibly broad use of a Rule 17 subpoena. In recent years, the Office has brought numerous cases in which the Chinese government or its representatives have targeted dissidents located in the United States, including through Operation Fox Hunt. See, e.g., United States v. Jin, 20-MJ-1103 (RER) (E.D.N.Y.); United States v. Zhu, 21-CR-265 (PKC) (E.D.N.Y.); United States v. Lin, 22-MJ-251 (MMH/JRC) (E.D.N.Y.); United States v. Wang, 22-CR-230 (SJ) (E.D.N.Y.); United States v. Liu, 22-CR-311 (LDH) (E.D.N.Y.); United States v. An, 22-CR-460 (KAM) (E.D.N.Y.). Requiring the Office to search through the records in all these prosecutions—each of which culminated longstanding investigations—for material specific to targeting of Kwok and his family would be unduly burdensome and fails Nixon's specificity requirement.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

More specificity is similarly required as to the requests regarding the Chinese government's efforts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Rather than seeking individual pieces of evidence such as specific communications, recordings, interview summaries, or visa records, Kwok's lawyers seek all records regarding ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ See Tagliaferro, 2021 WL 980004, at *3 (denying Rule 17 subpoena for impermissibly broad discovery requests).

3. Request Three

The same analysis as for Request Two applies to the overly broad request for all "Records concerning the targeting of Kwok's family by the Chinese government, including as part of Operation Fox Hunt." The Court should quash this subpoena request, rather than compel the Office to rummage through its extensive holdings spanning the numerous transnational repression cases outlined above.

4

IV.     Conclusion

        For the foregoing reasons, the Court should quash the Subpoena in its entirety.

        Respectfully submitted,

        BREON PEACE
        United States Attorney
        Eastern District of New York

By:   /s/ Alexander A. Solomon
       Alexander A. Solomon
       Assistant United States Attorney
       (718) 254-6074