```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:    04/22/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

               -against-

HO WAN KWOK,

                        Defendant.

23 Cr. 118-1 (AT)

**<u>ORDER</u>**

ANALISA TORRES, District Judge:

Pursuant to Federal Rule of Criminal Procedure 17, Defendant, Ho Wan Kwok, moves *ex parte*[1] for an order directing the early return of subpoena ▮ to ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮ USAO-EDNY ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ related to the Chinese Communist Party's ("CCP") "Operation Fox Hunt," which Kwok describes as a CCP-directed "campaign of intimidation and harassment against political dissidents." Def. Mem. at 1, ECF No. 296 (redacted version);[2] *see* Def. Mot., ECF No. 295. For the reasons stated below, the Court shall reserve decision on Kwok's subpoena to USAO-EDNY. ▮▮▮▮▮▮▮▮▮▮

**BACKGROUND**[3]

I.   <u>Factual Background</u>

On September 29, 2023, Kwok's counsel sent a discovery request to the Government seeking, among other things, records concerning CCP targeting of Kwok as part of Operation Fox Hunt. ECF No. 171-6. One of the requests sought records relating to *United States v. Bai*,

---

[1] The Court may adjudicate Rule 17(c) requests *ex parte* to avoid prematurely disclosing a defendant's trial strategy. *See United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995). This order shall, therefore, be docketed under seal, as will Kwok's papers.

[2] An unredacted version was filed under seal with the Court. *See* ECF No. 257.

[3] The Court assumes familiarity with the factual background of this case, which is recounted in the Court's order on Kwok's second motion to compel, ECF No. 243, and elsewhere.

23 Mag. 334 (E.D.N.Y.), a case against multiple Chinese nationals involved in "the CCP's attempts to target and harass ███████████████ individuals and entities" (the "*Bai* Request"). *Id.* at 2–3. ████████████████████████████████████



██████████████████ The Government responded on October 17, 2023, "directing the defense to certain of the requested information and asking the defense to articulate how, if at all, [the] other categories of requested information [are] relevant to this case." ECF No. 205 at 6; *see* ECF No. 171-7. Unable to reach a resolution, Kwok moved for an order compelling the Government to produce such evidence. ECF Nos. 170–72.

By order dated February 21, 2024 (the "Order"), the Court granted in part and denied in part Kwok's motion. Order, ECF No. 243. In relevant part, the Court held that Kwok was "entitled to materials within the prosecution's possession showing that he, his family, his co-defendants, or the corporate entities relevant to the indictment have been targeted by the CCP." Order at 6. This included documents responsive to the *Bai* ███████████ Request. *Id.* at 7. The Court reasoned that Kwok could use "evidence that showed that Kwok's fears of CCP targeting are objectively legitimate" to "counter the Government's case or to bolster his defense," and to "provide[] an alternative, nonculpable explanation" for the alleged fraudulent conduct. *Id.* at 6 (cleaned up).[4]

---

[4] For example, Kwok argues that his purchase of a New Jersey property "was not for his own enrichment or enjoyment, but to provide a secure meeting place" for fellow dissidents "to conduct anti-CCP business out of public view." Order at 6 (citation omitted). Likewise, "[e]vidence showing that Kwok and his associates were targets of the CCP could bolster his defenses against the GTV Private Placement-related fraud charges," if Kwok "believed, in good faith," that GTV "could capitalize on the demand for 'pro-democracy messaging'" and "break through the Great Firewall of China, which currently prevents Chinese citizens from accessing numerous social media and news websites." *Id.* at 7.

The *Bai* action, which concerns the CCP's efforts to harass ████████████ via the internet and social media as part of Operation Fox Hunt, is still in its nascency. ████████

███████████████████████████████████████████████████████

█████████████████████████████████████████████████

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████

██     ████████

Kwok moves pursuant to Federal Rule of Criminal Procedure 17(c) for an order directing USAO-EDNY, the office prosecuting the *Bai* matter, to produce records responsive to five requests. These requests are identical to those the Court directed the Government to produce pursuant to the Order.[5]  Def. Mem. at 11–12; *see also* ECF No. 297-1 at 8.

| Request Number | Request |
|---|---|
| 1 | Records[6] concerning the allegations in the *Bai* complaint, including the underlying evidence ████████ |
| 2 | Records concerning the Government of China's targeting of Kwok as part of Operation Fox Hunt, including ██████████████████ ████████████████████████████████████████ ████████████████ (iii) the payment of bribes to U.S. citizens to solicit U.S. government officials to extradite Kwok to China; and (iv) any cyberattacks on any property used or owned by Kwok or his family. |

---

[5] The Court granted Kwok's request for "[r]ecords concerning the NFSC"—Request 4 here—only in part, holding that the Government need not produce records regarding the targeting of NFSC members beyond Kwok, his family, and his co-defendants, or "intelligence assessments" not relevant to the instant issues.  Order at 8–9.

[6] Certain terms capitalized in the subpoena request—including "Records," "Documents," "Communications," "You," and "Concerning"—are defined by Kwok in the proposed subpoena.  *See* Barkan Decl. Ex. A██, ECF No. 297-1.

| 3 | Records concerning the targeting of Kwok's family by the Chinese government, including as part of Operation Fox Hunt. |
|---|---|
| 4 | Records concerning the [New Federal State of China ("NFSC")], including any intelligence assessments concerning the NFSC or records reflecting the targeting of the NFSC or its members by the Chinese government, including as part of Operation Fox Hunt. |
| 5 | Records concerning the targeting of the corporate entities relevant to the Indictment, including GTV, Saraca Media, G|CLUBS, G|Fashion, and the Himalaya Exchange, by the Chinese government, including as part of Operation Fox Hunt. |

## LEGAL STANDARD

"Rule 17 does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material." *United States v. Carroll*, No. 19 Cr. 545, 2019 WL 6647871, at *1 (S.D.N.Y. Nov. 8, 2019). Courts must "be mindful not to allow the Rule 17(c) process to become a broad discovery device that would undermine the discovery procedures set forth in Rule 16." *United States v. Maxwell*, No. 20 Cr. 330, 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021) (quotation marks and citation omitted).

Subpoenas issued pursuant to Federal Rule of Criminal Procedure 17(c) must meet three criteria: (1) relevancy; (2) admissibility; and (3) specificity. *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)). The party issuing the subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699–700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). Further, to satisfy *Nixon*'s specificity requirement, "a Rule 17(c) subpoena must be able to reasonably specify the information contained or believed to be contained in the documents sought." *United States v. Cole*, No. 19 Cr. 869, 2021 WL 912425, at *4 (S.D.N.Y. Mar. 10, 2021) (quotation marks and citation omitted).

**DISCUSSION**

█ ████████████████████

████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████

██████████████████████████████████

██████████████████████████████████

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████ ██████████████████████████████████

████████████████████████████████████

██████████████████████████████████████

███████████████████████████████

██████████████████████████████████████

████████

███    <u>USAO-EDNY Subpoena</u>

The USAO-EDNY requests are identical to those Kwok previously served on the

Government and which the Court held in the Order material and, therefore, discoverable under

Rule 16.  Def. Mem. at 11–12; Order at 5–9; *but see supra* n. 4.

The prosecution's discovery duty is limited to items within its possession.  *See* Order at

6.  With the USAO-EDNY subpoena, Kwok seeks additional records from another division of

the Department of Justice, requiring the Court to consider whether the subpoena is an improper

attempt to circumvent Rule 16 and the Order, or a permissible means of obtaining discoverable

evidence.  Critically, "courts must be careful that [R]ule 17(c) is not turned into a broad

discovery device, thereby undercutting the strict limitation of discovery in criminal cases found

in [Rule 16]."  *United States v. Jenkins*, No. 02 Cr. 1384, 2003 WL 1461477, at *4 (S.D.N.Y.

Mar. 21, 2003).

Considering that the substance of the USAO-EDNY requests have already been the

subject of public motion practice, the Court rejects Kwok's argument that the USAO-EDNY

subpoena must be decided *ex parte*.  Kwok provides no details as to how the USAO-EDNY

──────────────────────────

ⁿ█████████████████████████████████████

████████████████████████████████████████

subpoena risks "prematurely disclos[ing] [his] trial strategy, witness list, or other privileged information in its application."  *United States v. Weissman*, No. 01 Cr. 529, 2002 WL 1467845, at *1 (S.D.N.Y. Jul. 8, 2002).

Accordingly, by **April 5, 2024**, Kwok shall serve the USAO-EDNY subpoena on USAO-EDNY and the Government, along with the portions of his memorandum and supporting documents that pertain to the USAO-EDNY subpoena.  By **April 10, 2024,** USAO-EDNY and the Government shall respond.

## CONCLUSION

For the foregoing reasons, ███████████████████████████████

███████████████████████  The Court reserves decision on the USAO-EDNY subpoena request.

SO ORDERED.

Dated: April 2, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge