```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  04/22/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

-against-

HO WAN KWOK,

                              Defendant.

23 Cr. 118-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Defendant, Ho Wan Kwok, seeks, *inter alia*, records related to *United States v. Bai*, 23 Mag. 334 (E.D.N.Y.), an ongoing prosecution involving the Chinese Communist Party's ("CCP") "Operation Fox Hunt," which Kwok describes as a CCP-directed "campaign of intimidation and harassment against political dissidents." Def. Mem. at 1, ECF No. 296 (redacted version);[1] *see* Def. Mot., ECF No. 295. Specifically, Kwok moves for (1) an order "constru[ing]" the *Bai* records as part of the Government's Rule 16 obligations, ECF No. 259 at 6; *see id.* at 6–10; Def. Reply at 6, ECF No. 282; and (2) an order, pursuant to Federal Rule of Criminal Procedure 17, directing the early return of a subpoena to the U.S. Attorney's Office for the Eastern District of New York ("USAO-EDNY"), *see* Def. Reply at 8–9. For the reasons stated below, Kwok's motions are DENIED, and USAO-EDNY's motion to quash the subpoena is GRANTED.

**BACKGROUND**[2]

I.    The Compel Order

    On September 29, 2023, Kwok's counsel sent a discovery request to the Government seeking, among other things, records concerning CCP targeting of Kwok as part of Operation

---

[1] An unredacted version was filed under seal with the Court. *See* ECF No. 257.

[2] The Court assumes familiarity with the factual background of this case, which is recounted in the Court's February 21, 2024 order addressing Kwok's second motion to compel, ECF No. 243, and elsewhere.

Fox Hunt. ECF No. 171-6. One of the requests sought records related to *United States v. Bai*, 23 Mag. 334 (E.D.N.Y.), a case against multiple Chinese nationals allegedly involved in "the CCP's attempts to target and harass ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ individuals and entities" (the "*Bai* Request"). *Id.* at 2–3.[3] The Government responded on October 17, 2023, "directing the defense to certain of the requested information and asking the defense to articulate how, if at all, [the] other categories of requested information [are] relevant to this case." ECF No. 205 at 6; *see* ECF No. 171-7. Unable to reach a resolution, Kwok moved for an order compelling the Government to deliver the unproduced evidence. ECF Nos. 170–72.

By order dated February 21, 2024 (the "Compel Order"), the Court granted in part and denied in part Kwok's motion. Compel Order, ECF No. 243. In relevant part, the Court held that Kwok was "entitled to materials within the prosecution's possession showing that he, his family, his co-defendants, or the corporate entities relevant to the indictment have been targeted by the CCP." *Id.* at 6. This included documents responsive to the *Bai* Request. *Id.* at 7. The Court reasoned that Kwok could use "evidence that showed that [his] fears of CCP targeting are objectively legitimate" to "counter the Government's case or to bolster his defense," and to "provide[] an alternative, nonculpable explanation" for the alleged fraudulent conduct. *Id.* at 6 (cleaned up).

II.   The USAO-EDNY Subpoena

On March 5, 2024, Kwok moved *ex parte*, pursuant to Federal Rule of Criminal Procedure 17(c), for an order directing the early return of a subpoena to USAO-EDNY, the office prosecuting the *Bai* matter (the "Subpoena"). Def. Mot.; *see* Subpoena, Barkan Decl. Ex.

---

[3] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

A., ECF No. 297-1. The Subpoena's requests are identical to those deemed material in the Compel Order, and, therefore, subject to the Government's discovery obligation under Rule 16.[4] Def. Mem. at 11–12.

| Request Number | Request |
|---|---|
| 1 | Records[5] concerning the allegations in the *Bai* complaint, including the underlying evidence of targeting of ▓▓▓▓▓▓▓▓▓▓. |
| 2 | Records concerning the Government of China's targeting of Kwok as part of Operation Fox Hunt, including ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ (iii) the payment of bribes to U.S. citizens to solicit U.S. government officials to extradite Kwok to China; and (iv) any cyberattacks on any property used or owned by Kwok or his family. |
| 3 | Records concerning the targeting of Kwok's family by the Chinese government, including as part of Operation Fox Hunt. |
| 4 | Records concerning the [New Federal State of China (the "NFSC")], including any intelligence assessments concerning the NFSC or records reflecting the targeting of the NFSC or its members by the Chinese government, including as part of Operation Fox Hunt. |
| 5 | Records concerning the targeting of the corporate entities relevant to the Indictment, including GTV, Saraca Media, G|CLUBS, G|Fashion, and the Himalaya Exchange, by the Chinese government, including as part of Operation Fox Hunt. |

On April 2, 2024, the Court issued an order reserving judgment on the Subpoena, holding that because the substance of the requests has been the subject of public motion practice, the Subpoena need not be adjudicated on an *ex parte* basis. *See* Subpoena Order at 7–8, ECF No. 257 (filed under seal), ECF No. 300. The Court directed Kwok to serve the Subpoena on the Government and USAO-EDNY, and ordered the Government and USAO-EDNY to respond. *Id.*

---

[4] The Court granted Kwok's request for "[r]ecords concerning the NFSC"—Request 4 here—only in part, holding that the Government need not produce records regarding the targeting of NFSC members beyond Kwok, his family, and his co-defendants, or "intelligence assessments" not relevant to the instant issues. Compel Order at 8–9. Kwok states that the discrepancy between the Subpoena and the requests deemed material in the Compel Order is an oversight and that he would "narrow the scope of this [r]equest to match precisely what the Court found discoverable in the [Compel] Order." Def. Reply at 5 n.4.

[5] Certain terms capitalized in the Subpoena—including "Records," "Documents," "Communications," "You," and "Concerning"—are defined by Kwok in the proposed subpoenas. *See* Subpoena at 5–6.

By letters dated April 10, 2024, and filed under seal, USAO-EDNY moves to quash the Subpoena as impermissibly broad, *see* USAO-EDNY Opp. at 1, ECF No. 298, and the Government urges the Court to deny Kwok's subpoena request, *see* Gov. Opp. at 1, ECF No. 276.

III.    *Bai*-Related Rule 16 Discovery

In the Compel Order, the Court held that the Government's duty to provide documents responsive to the *Bai* Request is limited to materials in the prosecution's possession, and "does not obligate it to conduct a government-wide search for documents." Compel Order at 5–6 (citation and quotation marks omitted).

By letter dated April 4, 2024, Kwok requested that the Government "confirm the scope of its search and production" in response to the Compel Order, including "whether it is searching for records related to" the *Bai* Request. ECF No. 259 at 1. Kwok argues that the Government's productions to date fail to satisfy its Rule 16 obligations, which he claims extend to any documents in the files of the Federal Bureau of Investigation's New York field office ("FBI-NY") and "should be construed . . . to include the *Bai* investigating agent." *Id.* at 6–7 (sealed letter on file). By order dated April 10, 2024, the Court held that Kwok's concerns were premature and that, following the completion of the Government's productions, "the parties may confer about any perceived omissions." ECF No. 275 at 4.

The Government's productions are now largely complete. Gov. Sur-Reply at 1 n.2, ECF No. 283. By letter dated April 14, 2024, Kwok complains about the Government's Rule 16 productions, stating that the Government "has not, and has no intention of making a serious and complete production of the *Bai* case file." Def. Reply at 4. He posits that the question now before the Court is whether "Kwok [will] obtain the *Bai* material through Rule 16 from [the

4

Government], or [whether he] will [] obtain it through Rule 17 from USAO-EDNY." *Id.* The Government filed a sur-reply on April 15, 2024, contending that because *Bai*-related materials are not in its possession, custody, or control, they fall outside of its Rule 16 obligations. *See* Gov. Sur-Reply at 2.

## LEGAL STANDARD

"Rule 17 does not broaden the limited discovery available in criminal cases; rather, the purpose of Rule 17 is to avoid unnecessary delay at trial by providing a mechanism for pre-trial production and inspection of certain material." *United States v. Carroll*, No. 19 Cr. 545, 2019 WL 6647871, at *1 (S.D.N.Y. Nov. 8, 2019). Courts must "be mindful not to allow the Rule 17(c) process to become a broad discovery device that would undermine the discovery procedures set forth in Rule 16." *United States v. Maxwell*, No. 20 Cr. 330, 2021 WL 1625392, at *1 (S.D.N.Y. Apr. 27, 2021) (quotation marks and citation omitted).

Subpoenas issued pursuant to Federal Rule of Criminal Procedure 17(c) must meet three criteria: (1) relevance, (2) admissibility, and (3) specificity. *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014) (citing *United States v. Nixon*, 418 U.S. 683, 699–700 (1974)). The party issuing the subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699–700 (citing *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952)). To satisfy *Nixon*'s specificity requirement, "a Rule 17(c) subpoena must be able to reasonably specify the information contained or believed to be

contained in the documents sought rather than merely hope that something useful will turn up." *United States v. Cole*, No. 19 Cr. 869, 2021 WL 912425, at *4 (S.D.N.Y. Mar. 10, 2021) (cleaned up).

## DISCUSSION

The Subpoena requests are identical to those Kwok previously served on the Government and which the Court held in the Compel Order sought material—and, therefore, discoverable—evidence under Rule 16. Def. Mem. at 11–12; Compel Order at 5–9; *see supra* n.4. However, the Compel Order does not control the instant motions, which request that the Court (1) determine the scope of the Government's prosecution team pursuant to Rule 16, and (2) grant the early return of the Subpoena pursuant to Rule 17.

I.  Rule 16 and the Government

Kwok argues that the Government's Rule 16 obligations extend to materials from the FBI agents investigating the *Bai* matter. ECF No. 259 at 6–7. The Court disagrees.

The Government's obligations pursuant to Rule 16 are limited to producing documents "within [its] possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E). The Government's disclosure duty "only extends to those individuals who are 'an arm of the prosecutor' or part of the 'prosecution team.'" *United States v. Meregildo,* 920 F. Supp. 2d 434, 440–41 (S.D.N.Y. 2013) (citing *United States v. Gil*, 297 F.3d 93, 106 (2d Cir. 2002)). "Whether someone is part of the prosecution team depends on the level of interaction between the prosecutor and the agency or individual." *Id.* at 441; *see United States v. Stewart*, 433 F.3d 273, 298 (2d Cir. 2006) ("[T]he relevant inquiry is what the person *did*, not who the person *is*."). Members of the prosecution team include "[i]ndividuals who perform investigative duties or make strategic decisions about the prosecution of the case . . . [and] police officers and federal agents who

6

submit to the direction of the prosecutor and participate in the investigation." *United States v. Barcelo*, 628 F. App'x 36, 38 (2d Cir. 2015). But, "interacting with the prosecution team, without more, does not make someone a team member." *United States v. Ingarfield*, No. 20 Cr. 146, 2023 WL 3123002, at *3 (S.D.N.Y. Apr. 27, 2023) (cleaned up). And, "federal agents, prosecutors, or parole officers who are not involved in the investigation" are likewise excluded from the definition of the prosecution team. *United States v. Morgan*, 302 F.R.D. 300, 304 (S.D.N.Y. 2014) (citation omitted); *accord United States v. Hunter*, 32 F.4th 22, 36–37 (2d Cir. 2022).

"[N]one of the *Bai* FBI agents" "investigate[d], strategize[d], or submit[ted] to [the Government's] direction" with respect to the instant prosecution. Gov. Sur-Reply at 3 (emphasis omitted). Kwok's only argument rests on an assumption that the *Bai* agents were based out of FBI-NY, the same office involved in this prosecution. However, the *Bai* matter "was investigated by the Washington, D.C. office of the FBI." *Id*. Therefore, the FBI investigators working on the *Bai* matter are not part of the prosecution team, and the Government need not obtain and produce materials from them to satisfy its Rule 16 obligations. Accordingly, Kwok's Rule 16 motion is DENIED.

II.   Rule 17 and USAO-EDNY

In *Bowman Dairy Co. v. United States*, the Supreme Court held that Rule 17(c) allows a defendant to subpoena evidence "not put in evidence by the Government" under Rule 16, but that a defendant seeks to "use [for] himself." 341 U.S. 214, 219 (1951). That said, courts in this District utilize the *Nixon* standard to "reconcile the broad language of Rule 17(c) with the limitations on pretrial discovery inherent in the far narrower language of Rule 16." *United States v. Stein*, 488 F. Supp. 2d 350, 366 (S.D.N.Y. 2007).

To comply with Rule 17 and *Nixon*, a subpoena must be sufficiently specific to avoid being "a fishing expedition premised on a mere hope that something useful will turn up." *United States v. Avenatti*, No. 19 Cr. 373, 2020 WL 508682, at *5 (S.D.N.Y. Jan. 31, 2020) (cleaned up). "[T]he materials sought . . . must themselves be admissible at trial." *United States v. Skelos*, No. 15 Cr. 317, 2018 WL 2254538, at *2 (S.D.N.Y. May 17, 2018), *aff'd*, 988 F.3d 645 (2d Cir. 2021) (cleaned up). And, "it is not enough that they 'contain information which could be admissible.'" *Id.* (quoting *United States v. Cherry*, 876 F. Supp. 547, 552 (S.D.N.Y. 1995)).

    A. Request 1

Kwok first requests "Records concerning the allegations in the *Bai* complaint." Def. Mem. at 11. The Subpoena defines "Records" as

> "documents or electronically stored information" including any information created, stored, or utilized with digital technology, including, but not limited to, word-processing files, e-mail and text messages (including attachments), photographical, audio, and video files; information stored on computers, computer systems, thumb drives, flash drives, CDs, tapes, cloud storage or any other form of digital media or storage.

Subpoena at 5. USAO-EDNY contends that Kwok's request is overbroad, "seek[ing] all evidence gathered in a multi-year investigation that culminated in charges against 34 officers of the People's Republic of China[] . . . who perpetrated a multifaceted and longstanding harassment scheme against dissidents located throughout the world████████████." USAO-EDNY Opp. at 3. Kwok offers to narrow his request to "evidence specifically concerning the targeting of Mr. Kwok, his co-defendants, his family, and the relevant corporate entities in the Superseding Indictment." Def. Reply at 8.

Kwok's request, even narrowed, is impermissibly overbroad. ████████████████████████████████████████████████████ Kwok fails to identify

any "specific admissible evidence" that could be produced in accordance with Rule 17. *Skelos*, 2018 WL 2254538, at *2 (citation omitted). "[I]nvestigative files often contain many documents that are inadmissible on hearsay or other grounds." *Id.* at *3; *accord United States v. Sessa*, No. 92 Cr. 351, 2011 WL 256330, at *53 (E.D.N.Y. Jan. 25, 2011), *aff'd*, 711 F.3d 316 (2d Cir. 2013). Kwok's "request for *all* documents produced as part of [an] investigation . . . is insufficiently focused" and does not permit the Court to assess admissibility. *Skelos*, 2018 WL 2254538, at *4.

Kwok argues that he "is not clairvoyant, and has no way of knowing what responsive documents exist in the *Bai* case file," and, therefore, it should "be enough that he has identified the specific case from which materials are sought." Def. Reply at 8. Not so. The ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ provide Kwok with enough information to adequately tailor his request. And, unfamiliarity with the universe of documents requested does not exempt Kwok from the requirements set forth in *Nixon*. *See Skelos*, 2018 WL 2254538, at *4 (distinguishing an impermissibly broad request for an investigative file from subpoenas that requested specific types of documents and communications). Permitting Kwok to fish through the *Bai* case file would transform Rule 17 from a mechanism of judicial efficiency intended to expedite trial to an expansive discovery tool. *See Carroll*, 2019 WL 6647871, at *1.

Accordingly, USAO-EDNY's motion to quash the Subpoena with respect to Request 1 is GRANTED.

B. Requests 2 and 3

Kwok next requests "Records concerning the Government of China's targeting of Kwok as part of Operation Fox Hunt," and "Records concerning the targeting of [his] family by the

9

Chinese government." Def. Mem. at 12. Kwok argues that these requests are "focused on a bounded group of records likely to contain helpful documents." Def. Mem. at 15. Rule 17 requires a defendant to pinpoint specific evidence that would be admissible at trial—not "records likely to contain helpful documents"—so as not to "undermine the discovery procedures set forth in Rule 16." *Maxwell*, 2021 WL 1625392, at *1. Kwok's request does not "specify the information contained or believed to be contained in the documents sought" and is premised on "mere[] hopes that something useful will turn up." *United States v. Weissman*, No. 01 Cr. 529, 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) (citation omitted). Therefore, these requests are overbroad.

Kwok claims that the requests would not cause undue burden to USAO-EDNY as the Office "presumably already ha[s] much, if not all, of this evidence segregated in case files." Def. Mem. at 15–16. "The fact that compliance with a subpoena is easy . . . does not make it sufficiently specific." *Skelos*, 2018 WL 2254538, at *3. Moreover, Kwok's claim is unfounded. USAO-EDNY states that because it "has brought numerous" Operation Fox Hunt-related prosecutions, "[r]equiring [it] to search through the records in all these prosecutions—each of which culminated longstanding investigations—for material specific to targeting of Kwok and his family would be unduly burdensome." USAO-EDNY Opp. at 4.

Kwok finally offers to limit these two requests to responsive material from only the *Bai* case file. Def. Reply at 8. Narrowing the requests in this way would make them duplicative of Request 1, which the Court has already quashed. *See supra* Section II.A.

Accordingly, USAO-EDNY's motion to quash the Subpoena with regard to Requests 2 and 3 is GRANTED.[6]

## CONCLUSION

For the foregoing reasons, Kwok's Rule 16 motion to construe the *Bai* investigative agents as part of the Government's prosecution team is DENIED, his Rule 17(c) motion for the early return of the Subpoena is DENIED, and USAO-EDNY's motion to quash the Subpoena is GRANTED.

The parties are directed to file their motion papers relevant to this order on the public docket with the necessary redactions.

SO ORDERED.

Dated: April 17, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[6] USAO-EDNY represents that it is unaware of "any responsive materials" to Requests 4 and 5. USAO-EDNY Opp. at 3. The Court, therefore, does not address these requests.