```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,

                -against-

HO WAN KWOK and YANPING WANG,

                                Defendants.
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/24/2024

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Government moves to exclude all four of Defendant Ho Wan Kwok's proposed experts, contending that Kwok has failed to provide the notice required by Federal Rule of Criminal Procedure 16 and that the experts' testimony is inadmissible under Federal Rule of Evidence 702. Gov. Mem., ECF No. 272. For the reasons stated below, Kwok is directed to supplement his expert disclosures by **April 29, 2024**, and the Court shall hold decision on the Government's Rule 702 motion in abeyance pending Kwok's supplemental submission.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 16 requires the Government and defendant to make certain disclosures related to expert testimony that they seek to present at trial. The Rule, which previously required only a "written summary" of the expert's opinion, was amended in 2022 to require more specificity "to facilitate trial preparation, allowing the parties a fair opportunity to prepare to cross-examine expert witnesses and secure opposing expert testimony if needed." Rule 16, Notes of Advisory Committee on 2022 Amendment. Now, Rule 16(a)(1)(G)(iii) and (b)(1)(C)(iii) require parties to disclose, for each expert witness, "a complete statement of all opinions that the [party] will elicit from the witness in the [party]'s case-in-chief . . . [and] the

bases and reasons for them."[1]  "[A] statement of an opinion's bases and reasons cannot merely be 'the *ipse dixit* of the expert' from experience."  *United States v. Mrabet*, No. 23 Cr. 69, 2023 WL 8179685, at *2 (S.D.N.Y. Nov. 27, 2023) (quoting *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997)).  "An expert opinion requires some explanation as to how the expert came to his conclusion and what methodologies or evidence substantiate that conclusion."  *Riegel v. Medtronic, Inc.*, 451 F.3d 104, 127 (2d Cir. 2006).  "The district court has broad discretion to determine what remedial action, if any, is appropriate."  *United States v. Daskal*, No. 21 Cr. 110, 2023 WL 9424080, at *17 (E.D.N.Y. July 12, 2023) (quoting *United States v. Miller*, 116 F.3d 641, 681 (2d Cir. 1997)).

Federal Rule of Evidence 702 "governs the admissibility of expert and other scientific or technical expert testimony."  *Amorgianos v. Nat'l R.R. Passenger Corp.*, 303 F.3d 256, 265 (2d Cir. 2002).  It provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Under Rule 702, the district court has a "gatekeeping role" to "ensur[e] that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand."  *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993).  The *Daubert* inquiry is "fluid," and the Court "must focus on the principles and methodology employed by the expert, without regard to

---

[1] The Government must also disclose all opinions that it will elicit during "its rebuttal to counter" the defendant's expert testimony.  *See* Fed. R. Crim. P. 16(a)(1)(G)(i).  Both parties must disclose the proposed expert's qualifications, publications authored in the last ten years, and all cases in the past four years in which the witness has testified.  *Id.* R. 16(a)(1)(G)(iii), (b)(1)(C)(iii).

2

the conclusions the expert has reached or the district court's belief as to the correctness of those conclusions." *Amorgianos*, 303 F.3d at 266.  The Court "should undertake a rigorous examination of the facts on which the expert relies, the method by which the expert draws an opinion from those facts, and how the expert applies the facts and methods to the case at hand." *Id.* at 267.  Factors set forth by the Supreme Court in *Daubert* include whether a theory can be and has been tested, whether it has been subjected to peer review and publication, whether it has gained general acceptance in the relevant scientific community, a technique's known or potential rate of error, and the existence of standards controlling a technique's operation.  *Id.* at 266. (citing *Daubert*, 509 U.S. at 593–94).  The proponent of expert testimony bears the burden of establishing by a preponderance of the evidence that the admissibility requirements of Rule 702 are met.  *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007).

## DISCUSSION

On April 1, 2024, Kwok noticed his intention to call four expert witnesses:

- Related to cryptocurrency: Maggie Sklar, *see* Sklar Notice, ECF No. 272-1;
- Related to the People's Republic of China ("PRC") and Chinese Communist Party ("CCP"): Paul Doran, *see* Doran Notice, ECF No. 272-2;
- Related to an accounting analysis of Kwok's use of funds: Thomas Bishop, *see* Bishop Notice, ECF No. 272-3; and
- Related to a valuation analysis of GTV Media Group, Inc.: Raymond Dragon, *see* Dragon Notice, ECF No. 272-4.

The Government contends that Kwok's Rule 16 notices are insufficient.  The Court agrees.

For the most part, Kwok's notices "[m]erely identify[] the general topics about which the expert will testify," rather than "the expert's actual opinions"—a level of detail insufficient even before the recent amendment to Rule 16.  *United States v. Kaufman*, No. 19 Cr. 504, 2021 WL 4084523, at *19 (S.D.N.Y. Sept. 8, 2021) (quoting *United States v. Valle*, No. 12 Cr. 847, 2013 WL 440687, at *5 (S.D.N.Y. Feb. 2, 2013)).  For example, Kwok says that Sklar "may opine on"

3

such topics as "what a cryptocurrency is," "the characteristics of [H Dollar] and [H Coin] as cryptocurrencies," "typical practices given the lack of comprehensive regulation of cryptocurrency exchanges," and "what stablecoins are." *See* Sklar Notice at 2–3.  But, Kwok does not indicate Sklar's actual opinions on these topics.  By contrast, in *United States v. Hwang*, No. 22 Cr. 240 (S.D.N.Y.), where the Government noticed an expert to testify about "background terms and concepts" related to stock manipulation, the Government's notice included the expert's definitions of those terms and concepts.  *See* ECF No. 289-4 at 2–3 ("A 'stock' is a specific type of investment signifying ownership in a corporation, and represents a claim on the corporation's assets and earnings.").[2]

Similar deficiencies affect Kwok's notices for Doran, Bishop, and Dragon.  *See* Doran Notice at 2 (proposing to testify about "the nature of corruption in the PRC government" and "the suffering endured by the victims of the CCP and Western governments' difficulty in countering Operation Fox Hunt"); Bishop Notice at 2 (proposing to "provide an overview of forensic accounting practices, and the process typically used to evaluate the banking transactions of target entities"); Dragon Notice at 2 (seeking to "testify regarding the GTV private placement transaction" and "provide an overview of valuation practices").

The few opinions that are offered lack "the bases and reasons" for those opinions.  Fed. R. Crim. P. 16(b)(1)(C)(iii).  For example, according to Kwok, Bishop "will discuss his analysis" of certain bank accounts at issue in the indictment, and will testify that the money from the accounts was "used to pay both [p]ersonal [e]xpenses and [p]olitical [m]ovement [e]xpenses." Bishop Notice at 2.  But, he does not explain Bishop's accounting methodology.  Similarly,

---

[2] Indeed, although Kwok contends that the Government's expert disclosures in recent cases are similarly circumspect, even a cursory review reveals that those disclosures contain substantially more information, such as the proposed experts' conclusions.  *See* Kwok Opp. at 3–4, ECF No. 288 (citing ECF Nos. 289-3 to -5).

Dragon seeks to testify that "a valuation for GTV of $2 billion dollars was reasonable based upon information available in 2020," Dragon Notice at 3, and Sklar seeks to testify that "transacting in cryptocurrency is acceptable when both parties agree to the usage of cryptocurrency in the transaction," Sklar Notice at 3.  Kwok provides no "explanation as to how the expert[s] came to [their] conclusion[s] and what methodologies or evidence substantiate [those] conclusion[s]."  *Riegel*, 451 F.3d at 127.  This not only dooms Kwok's notices under Rule 16, but also fails to provide the Court with enough information to conduct a "rigorous examination" of the experts' methodology, as required by its gatekeeping function under *Daubert*.  *Amorgianos*, 303 F.3d at 267.

"If a defendant fails to provide disclosures in accordance with Rule 16(b)(1)(C), the district court may exclude the expert's testimony at trial."  *Valle*, 2013 WL 440687, at *5.  But, the purpose of the Rule 16 expert notice is "to facilitate trial preparation."  Rule 16, Notes of Advisory Committee on 2022 Amendment.  With more than three weeks until trial, the Court finds exclusion too harsh a remedy.  *See* Fed. R. Crim. P. 16(d)(2) (permitting the Court to issue, in response to a Rule 16 violation, an "order that is just under the circumstances"); *Media Glow Digital, LLC v. Panasonic Corp. of N. Am.*, No. 16 Civ. 7907, 2019 WL 1055527, at *1 (S.D.N.Y. Mar. 6, 2019) ("[T]he rejection of expert testimony is the exception rather than the rule.").  Courts regularly require parties to supplement their Rule 16 disclosures when they are insufficient.  *See Kaufman*, 2021 WL 4084523, at *18; *Valle*, 2013 WL 440687, at *6.

Accordingly, by **April 29, 2024**, Kwok shall supplement his expert disclosures to provide a "complete statement of all opinions" and "the bases and reasons for them."  Fed. R. Crim. P. 16(b)(1)(C)(iii).  Kwok shall provide the supplemented notices to the Government and to the

Court.  By **May 3, 2024**, the Government may file any supplement to its Rule 702 motion.  By **May 6, 2024**, Kwok may respond.

    SO ORDERED.

Dated: April 24, 2024
       New York, New York

                                        ANALISA TORRES
                                        United States District Judge