**BAKER BOTTS** L.L.P.

30 ROCKEFELLER PLAZA
NEW YORK, NEW YORK
10112-4498

TEL  +1 212.408.2500
FAX  +1 212.408.2501
BakerBotts.com

AUSTIN
BRUSSELS
DALLAS
DUBAI
HOUSTON
LONDON

**NEW YORK**
PALO ALTO
RIYADH
SAN FRANCISCO
SINGAPORE
WASHINGTON

April 28, 2024

Brendan F. Quigley
TEL: 2124082520
FAX: 2122592520
brendan.quigley@bakerbotts.com

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Yanping Wang*, 23 Cr. 118-3 (AT)

Dear Judge Torres:

      We represent Yanping Wang in this matter. We write regarding certain issues with the government's trial exhibit and document productions. In light of those issues, we request (i) an extension of the deadline for the production of defense Rule 16 materials and trial exhibits and (ii) to preclude the government from introducing late-produced materials into evidence at trial.

      On April 10, 2024, the Court entered a schedule for pre-trial discovery and disclosures. *See* ECF No. 275. Under that schedule, the government was to complete its production of Rule 16 materials by April 10, 2024 and to produce its exhibits by April 22, 2024. *See id.* The defense is to produce its Rule 16 materials by May 6 and to produce trial exhibits and a witness list by May 10, 2024. *See id.*

      **I.**    **The Government's Production of "Exhibits"**

      The government waited until the very last minute to produce its exhibits. At exactly midnight on April 23, counsel received a link to an FTP site that purportedly contained the government's exhibits. Despite using the resources and bandwidth of a large law firm, it took the better part of two days for those exhibits to completely download from the government's FTP site. A cursory examination revealed that the "exhibits" consisted of *over 12,000 files*. Counsel asked the government if it was also going to provide an exhibit list but received no response.

      If there were any doubt that this was a "document dump" rather than a considered list of materials the government reasonably anticipates using at trial, that has been dispelled by our preliminary examination of those files over the last few days. The government's "exhibits" consist of, among other things:

- 20 exhibits consisting solely of photographs of exhibit stickers (GXCT 1 through 20).

- At least *357* photos of the Mahwah, New Jersey facility (GX NJ 1 through 357).

**BAKER BOTTS** LLP

The Honorable Analisa Torres - 2 - April 28, 2024

- ***717*** purported loan agreements related to one of the "farms" (GX 2001-2717).

- An empty folder (GXBR 250).

- A letter from the government to the Court, which is plainly not admissible (GXGTR 873).

- An email from a third-party to one of the AUSAs (GXAS 138), as well as an email between one of the AUSAs and a paralegal (GX 243).

- An FBI 302 (GX 237), which does not appear admissible for any purpose.

- Numerous communications and chats which raise potential hearsay and other issues (*See, e.g.*, GX 301-325).

Moreover, many of the exhibits were produced without Bates numbers, making it difficult and time-consuming to determine (i) where (or if) these documents were previously produced in discovery and (ii) if they were originally attached to or associated with other documents.

To be sure, we recognize and agree that the parties should have *some* degree of latitude in overmarking (or undermarking) potential trial exhibits. But it defies logic to think the government---four years into an investigation and less than a month before trial---cannot reasonably narrow down its exhibits to less than 12,000 (or even 1,000 files), even when its case in chief is expected to take six weeks.

In making arguments for defense disclosures prior to trial, the government repeatedly emphasized the need reciprocity in discovery, including in connection with the production of trial exhibits. See 3/31/24 Ltr. from Gov't to Court, ECF. No. 255 ("3/31 Ltr.") at 1 (twice seeking a "*mutual* pretrial disclosure schedule"); *id.* at 3 n.5 ("This reciprocal obligation applies to defense exhibits as well.").

But given the government has the burden of proof at all times, the defense's assessment of items it intends to use in its case-in-chief (and which are thus discoverable under Rule 16(b)[1] and potential defense exhibits), is necessarily tied to the defense's assessment of the government's theories and likely proof.

---

[1] *See* Fed. R. Crim. P. Rule 16(b)(1)(A) (requiring the defense to produce only documents and objects that are "within the defendant's possession, custody, or control; ***and*** [that] the defendant intends to use . . . in the defendant's case-in-chief at trial").

**BAKER BOTTS** LLP

The Honorable Analisa Torres - 3 - April 28, 2024

The government's document dump makes that assessment all the more time consuming and next to impossible to do in the next week, and valuable time has already been lost simply downloading the documents.

Indeed, under the circumstances, we believe seeking an adjournment of the trial would not be unreasonable. However, we request more limited relief for now. Specifically, we respectfully request that (i) the Court order the government to re-produce a set of trial exhibits (along with an exhibit list) that is reasonably anticipates using in its case-in-chief by noon on May 1, 2024 (nine days after the original April 22 deadline) and (ii) correspondingly extend the deadline for defense Rule 16, defense exhibits, and defense witness lists by nine days, i.e., to May 15 for defense Rule 16 materials and May 19 for the defendants' trial exhibits and witness list.

## II. The Government's Continuing Rule 16 Productions

Further, despite the April 10 deadline for government Rule 16 materials, the government has continued to produce such materials, even where it is clear the government had possession, custody, or control of those materials well before April 10, 2024. For example, on April 19, nine days after the deadline, the government produced over ***1,600*** photographs taken during a search warrant executed on March 15, 2023, i.e., over a year before, in Connecticut. USAO_000298224-000299868. Late last week, the government produced over almost 300 non-searchable pdf pages of materials from between 2017-2019 responsive to the Court's Foxhunt order. The defense is continuing to review other "Rule 16" productions from late last week and may identify additional materials pre-dating the April 10 deadline.

There is no reason why, weeks after the April 10 deadline, the government should still be producing Rule 16 materials that it has had since well before that deadline. For now, the Court should preclude the government from introducing USAO_000298224-000299868 in its case-in-chief, and we reserve all rights to move to preclude additional materials as we review the government's productions from last week (and any future "Rule 16" productions).

Respectfully submitted,

/s/ Brendan F. Quigley
Brendan F. Quigley