UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

MILES GUO and YVETTE WANG,

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 04/29/2024
```

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      The Government moves *in limine* to admit the testimony of "Witness-1"[1] about conversations he had with Defendants, Miles Guo and Yvette Wang,[2] "regarding the GTV Private Placement and, in particular, legal risks associated with pooling non-accredited investors' funds." Gov. Mem. at 31 ("Government Motion 7"), ECF No. 273. The Government contends that the testimony is not protected by the attorney-client privilege because (1) Witness-1 "was acting in a business, and not a legal, capacity" at GTV; (2) "GTV is no longer a going concern," so any corporate attorney-client privilege has since terminated; and (3) Witness-1 did not "have an [individual] attorney-client relationship with [Guo], Wang, or [codefendant Kin Ming Je] relating to the subject matter of GTV." *Id.* at 31–32.

      In his opposition brief, Guo asserts that he had a personal attorney-client relationship with Witness-1 that covered the GTV Private Placement and that Witness-1 provided "legal advice regarding the GTV Private Placement directly to" Defendants. Guo Opp. at 25, 29, 32, ECF No. 287; *see* Barkan Decl. Ex. B ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬; Barkan Decl. Ex. C (▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬); Wang Opp. at 27–28, ECF No. 291.

      "The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *United States v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011). "[T]he privilege is triggered only by a client's request for legal, as contrasted with business, advice." *In re Grand Jury Subpoena Duces Tecum Dated Sept. 15, 1983*, 731 F.2d 1032, 1037 (2d Cir. 1984). "An attorney may not waive the privilege without his client's consent." *In re von Bulow*, 828 F.2d 94, 100 (2d Cir. 1987). If a defendant asserts an advice-of-counsel defense, however, he is "deemed to have waived his privilege with respect to the advice that he received." *In re Grand Jury Proc.*, 219 F.3d 175, 182–83 (2d Cir. 2000).

---

[1] Guo identifies Witness-1 as ▬▬▬▬▬▬▬▬ in his opposition brief. Guo Opp. at 25, ECF No. 287.

[2] A grand jury returned a third superseding indictment ("S3") in this matter on April 24, 2024. S3, ECF No. 307. S3 identifies Defendants as "Miles Guo" and "Yvette Wang," the names by which they are primarily known, instead of "Ho Wan Kwok" and "Yanping Wang." *Id.*; *see* ECF No. 308. This order refers to Defendants by those names.

Guo's submission raises the possibility that Witness-1's proposed testimony involves communications protected by the attorney-client privilege.  However, if Defendants invoke the advice-of-counsel defense as to Witness-1's GTV-related advice, the issue may be moot.

Accordingly:

1. By **May 1, 2024**, Defendants shall advise the Court and the Government whether they intend to invoke the advice-of-counsel defense as to Witness-1 only.[3]

2. If Defendants choose not to invoke the defense, by **May 7, 2024**, the Government shall file a supplemental brief addressing the arguments raised in Guo's and Wang's opposition briefs.

SO ORDERED.

Dated: April 29, 2024
New York, New York

_____
ANALISA TORRES
United States District Judge

---

[3] Defendants' May 10, 2024 deadline to notice the advice-of-counsel defense for all other attorneys, and to disclose the relevant documents, otherwise stands.  ECF No. 275 at 1.