

**PRYOR CASHMAN LLP**                           New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806          pryorcashman.com

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

May 3, 2024

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

>      Re:    *United States v. Guo et al.*, Case No. 1:23-cr-00118 (AT)

Dear Judge Torres:

We write on behalf of Miles Guo to request a two-week adjournment of the commencement of jury selection, currently scheduled for May 22, 2024, until June 5, 2024. The Court had set aside 6 to 8 weeks for trial of two defendants. Given Ms. Wang's guilty plea, which should shorten the trial, and the government's delayed disclosures and deficient productions, including its trial exhibits, an additional two weeks is appropriate to allow Mr. Guo to prepare his defense. The government objects to this request.

### 1.  The Government's Failure to Timely Disclose Its Rule 16 Materials

The Court ordered the government to complete its production of Rule 16 materials, including documents responsive to the Court's Fox Hunt Order (Dkt. No. 243), by April 10, 2024. (*See* Dkt. No. 275.) The government has not met the Court's deadline. Since April 10, the government has made eight productions comprising thousands of documents, with no indication as to when these documents came into the government's possession. The latest production occurred on May 1, 2024—*three weeks* after the government's deadline—and the government has still not represented that its disclosure is complete. Mr. Guo has not had the ability to review these documents fully.

The number of post-deadline productions alone does not provide a full picture of the government's inadequate disclosure. For example, on March 29, 2024, the government produced multiple devices belonging to William Je, one of three defendants in this case, for the first time. This was weeks after the defense noticed a reference to the seizure of these devices and specifically asked for them. But the government failed to produce the data associated with three of these devices in an accessible format until *this* week. We are now trying to convert the data into a



May 3, 2024
Page 2

reviewable format.  Based on other devices produced in this matter, each of these devices is likely to contain tens of thousands of documents.

Similarly, the government's belated productions have also included material responsive to the Court's Fox Hunt Order, despite the fact that the Court directed the government to complete those productions three weeks ago.  Nevertheless, the government is continuing to produce material responsive to this order as recently as April 25.  The Court has now—twice—recognized the value of this discovery to Mr. Guo's defense, and yet, the government has still not completed its Fox Hunt production.

In any criminal case, the government's failure to disclose material information to the defense less than three weeks before trial would constrain a defendant's ability to mount a defense.  In this case, the harm is compounded by the linguistic and technological issues posed by the government's belated and inadequate disclosures.  As the government knows, a huge number of its recently disclosed documents (including over a thousand video files, and likely many thousands more documents on Mr. Je's devices) are in Mandarin and produced to us without accompanying translations, requiring substantial additional time to review and, if necessary, prepare certified translations for use at trial.  Additional time is warranted to permit Mr. Guo to review these documents.

### 2.  *The Government's Haphazard Exhibit Disclosure*

The government produced its "exhibits" in a manner that can only be described as haphazard.  The government's "exhibit" disclosure consists of 14,800 files, including exhibits that were apparently produced for the first time as government exhibits.  Some of the so-called exhibits are produced without Bates stamps, making it impossible for the defense to identify how those documents correspond to Rule 16 discovery.  For example, without Bates stamping information, there is no way for the defense to know whether the document is an attachment to an email, or part of a loose collection of documents.  While the production of an exhibit list may alleviate some of these concerns, the size and disorganized nature of the government's exhibit disclosure have hampered Mr. Guo's review of the material.



May 3, 2024
Page 3

\*     \*     \*

Given the government's failure to comply with its disclosure deadlines, its deficient production of exhibits, the complexities raised by the number of foreign language documents in the government's belated productions, and Mr. Guo's continued detention at the MDC, we respectfully requests a two-week adjournment of trial.  Otherwise, we will not have the opportunity to review the government's disclosures and adequately prepare Mr. Guo's defense.

Respectfully submitted,

PRYOR CASHMAN LLP
Sidhardha Kamaraju
Matthew S. Barkan
Daniel J. Pohlman
John M. Kilgard
Clare P. Tilton

Sabrina P. Shroff

*Attorneys for Defendant Miles Guo*

cc: Counsel of Record