

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

April 29, 2024

**VIA EMAIL**

Ryan Finkel, Esq.
Juliana Murray, Esq.
Micah Ferguson, Esq.
Justin Horton, Esq.
Assistant United States Attorneys
United States Attorney's Office
Southern District of New York
26 Federal Plaza
New York, NY 10007

      Re:    *United States v. Kwok et al.*, **Case No. 1:23-cr-00118 (AT)**

Counsel:

      Pursuant to the Court's April 24, 2024 Order, Defendant Ho Wan Kwok provides this supplemental disclosure regarding the anticipated expert testimony of Thomas Bishop.

      **I.**    **The Bases and Reasons for Mr. Bishop's Expert Opinions**

      Mr. Bishop's expert opinions are set forth below. *See* pp. 2-3, *infra*. Mr. Bishop's opinions are based on his experience as a Special Agent with the Internal Revenue Service's Criminal Investigation Division ("IRS-CID"), where he served for more than 25 years. During that time, Mr. Bishop worked as both an IRS-CID field agent and a Supervisory Special Agent, eventually retiring as the Director of International Field Operations, West. As an IRS-CID agent and supervisor, Mr. Bishop participated in hundreds of investigations into tax-related crimes and money laundering, including supervising the IRS-CID's investigation into the Panama Papers. As part of these investigations, Mr. Bishop was required to, among other things, review banking information to identify and characterize transactions, including determining whether the expenses should be determined to be personal or business expenses. To aid him in performing these functions, Mr. Bishop also received training from IRS-CID about how to characterize expenses.



April 29, 2024
Page 2

In arriving at his opinions, Mr. Bishop reviewed bank account records (including bank statements, check stubs, and copies of checks, including related tax returns, emails, wire transfers, and other records produced in discovery) for Golden Spring (New York) Limited ("GSNY"), HCHK Property Management, Inc. ("HCHKM"), HCHK Technologies, Inc. ("HCHKT"), Lamp Capital LLC ("Lamp"), Leading Shine NY Limited ("Leading Shine"), and Lexington Property LLC, ("Lexington Property"). and Lexington Staffing Inc. ("Lexington Staffing," and together with GSNY, HCKM, HCKKT, and Lexington Property, the "Operating Companies"). Mr. Bishop will testify about his review of records for bank accounts associated with the Operating Companies, and, based on his experience and the methodology described below, how he categorized outflows from those accounts into four categories: (a) outflows related to the payment of corporate expenses, such as payroll and vendor expenses ("Corporate Expenses"); (b) outflows related to payments of expenses related to activities of the political movement of which Mr. Kwok was a part (the "Whistleblower Movement"), such as expenses to support protest; (c) outflows that, based on the government's allegations, appear to relate to personal expenses for Mr. Kwok and his family ("Personal Expenses"); and (d) outflows that could not be readily categorized in one of the foregoing categories ("Undetermined Expenses"). Mr. Bishop will also testify about how, based on the methodology described below, he categorized inflows into the Operating Companies' bank accounts into (x) those associated with the alleged misappropriation during the Farm Loans Program ("Farm Loan Inflows") and (y) other inflows ("Other Inflows").

Mr. Bishop's specific assumptions and methodology are described in Exhibit A, which is incorporated by reference herein. Given that the government continues to produce discovery, these assumptions are subject to change based on Mr. Bishop's continuing analysis.

**II.    Mr. Bishop's Expert Opinions**

Mr. Bishop will offer expert testimony concerning patterns of financial transactions involving the Operating Companies. In particular, Mr. Bishop will testify about the following patterns of financial transactions that involved the Operating Companies, which are relevant to the government's allegation regarding to the purported Farm Loans Program:

1. Mr. Bishop will opine that, prior to the beginning of the alleged Farm Loans Program in July 2020, the pattern of expenditures for the Operating Companies shows that the Operation Companies' bank accounts were used to pay Corporate Expenses, Political Movement Expenses, Personal Expenses, and Undetermined Expenses. Mr. Bishop will further testify that this same pattern persists during the period of the alleged Farm Loan Program.

2. Mr. Bishop will also opine that there was a consistent pattern of expenditures related to Personal Expenses between the period before the beginning of the alleged Farm Loans Program and during the alleged Farm Loans Program. He will further testify that this pattern persisted throughout the period that Mr. Kwok has lived in the United States, *i.e.*, between 2015 and 2023 (the "Covered Period").



April 29, 2024
Page 3

      3. Mr. Bishop will testify that, based on his analysis of these patterns, the Other Inflows exceeded the purported Farm Loan Inflows and inflows from undetermined sources.

      4. Mr. Bishop additionally will testify that, based on his analysis of these patterns, the aggregate Other Inflows exceeded the aggregate Personal Expenses and Undetermined Expenses during the Covered Period.

    III.    **<u>Reservation of Right to Supplement</u>**

      As noted above, the government continues to produce discovery, and, accordingly, Mr. Bishop's analysis is ongoing.  Mr. Bishop reserves his right to supplement and/or amend these disclosures, including in response to the government's disclosures and the evidence presented in its case-in-chief.

Very truly yours,

_____
PRYOR CASHMAN LLP
Sidhardha Kamaraju
E. Scott Schirick
Matthew S. Barkan
Daniel J. Pohlman
John Kilgard
Clare P. Tilton

Reviewed, Approved, and Adopted by:

_____
Thomas Bishop, CFE, EA