UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA                                    :
                                                            :    11 Cr. 409 (PAE)
         -v-                                                :
                                                            :    ORDER
STEFAN GILLIER,                                             :
                                                            :
                        Defendant.                          :
                                                            :
------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

In its ruling on the Government's and defense's motions *in limin*e at the July 5, 2022 pretrial conference, the Court excluded evidence of the fact that defendant Stefan Gillier had met with a lawyer on June 14, 2006, immediately before his flight from the United States. The Court noted that Gillier has disclaimed an advice of counsel defense; that the subject and content of the meeting would therefore not be in evidence; that the defense had not identified any legitimate probative value of the unexplained fact of such a meeting; and that evidence of such a meeting stood to inject an improper "presence of counsel" defense into the case. The Court accordingly excluded evidence of such a meeting under Federal Rule of Evidence 403, finding the capacity of this evidence to confuse the jury and unfairly prejudice the Government to substantially outweigh the (non-existent or at most trifling) probative value of such a meeting.

Following the ruling, defense counsel sought leave to revisit the ruling. The Court permitted the defense to submit a letter setting out additional context about Gillier's meeting with counsel and why evidence of this meeting should be received. On July 6, 2022, the defense submitted such a letter. Dkt. 99. On July 11, 2022, the Government filed its reply. Dkt. 102.

[1]

The Court has carefully reviewed the parties' submissions. Its ruling excluding this evidence stands. The Court incorporates by reference here its analysis during the July 5 pretrial conference, and the Government's assessment in its letter, which the Court found thoughtful and persuasive. The Court adds the following.

The defense proffers in its supplemental submission that on June 14, 2006, Gillier flew to New York City to meet with his attorney, Steven Isser, to discuss a lawsuit that had been filed in this District. After the meeting, the defense proffers, Gillier flew to Montreal to meet with his Canadian attorney to discuss another lawsuit filed against him in Montreal. He did not thereafter return to the United States until his extradition. Gillier argues that permitting the Government to introduce evidence of his flight to Canada, without permitting him to reference his meeting with his counsel in New York, will deprive Gillier of the ability to provide a benign explanation for his leaving the United States.

This argument, the Court finds, is unpersuasive. Gillier does not propose to elicit evidence, including his own testimony, of what was addressed in his meeting in New York with counsel or what advice was received. On the contrary, he has not waived the privilege as to these communications and has renounced an advice of counsel defense. Accordingly, the bare fact of Gillier's meeting in New York on June 14, 2006 with lawyer Isser would be unexplained. There would be no basis in evidence, save speculation, for the jury to conclude that the subject matter of Gillier's June 15 meeting in New York with Isser concerned a U.S. lawsuit. And given the immediate ensuing event of Gillier's travel to Canada the following day, the natural—but improper—"presence of counsel" inference could easily arise that the lawyer had blessed Gillier's travel there. Furthermore, to the extent Gillier seeks to articulate a benign explanation

for his travel to Canada, his intervening stop in New York does not add consequential probative value. At trial, Gillier will be at liberty to offer competent evidence of a benign explanation for leaving the United States, including, as he has proffered, that he had lost his business and apartment in the United States and that being in Canada would enable him to prepare for litigation there. Gillier's intervening stop in New York, ostensibly to attend to separate U.S. litigation, is not a necessary detail to this narrative.

The Court accordingly affirms its exclusion, under Rule 403, of the fact that Gillier met with counsel in New York prior to leaving the United States for Canada.

SO ORDERED.

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge

Dated: August 5, 2022
New York, New York

[3]