UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

    -v.-

MILES GUO,
    a/k/a "Ho Wan Kwok,"
    a/k/a "Miles Kwok,"
    a/k/a "Guo Wengui,"
    a/k/a "Brother Seven,"
    a/k/a "The Principal,"
    a/k/a "Boss,"

        Defendant.

S3 23 Cr. 118 (AT)

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
INQUIRY ABOUT CLASSIFIED INFORMATION**

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York
*Attorney for the United States of America*

Ryan B. Finkel
Juliana N. Murray
Micah F. Fergenson
Justin Horton
*Assistant United States Attorneys*
    *Of Counsel*

**Table of Contents**

Overview ........................................................................................................................................ 1

Argument ...................................................................................................................................... 2

    I.   CIPA Section 5 ............................................................................................................... 2

    II.  The Defendant Failed to Comply with CIPA Section 5 Notice Requirements ................... 5

        A.  The Defendant Failed to Provide Timely Notice ........................................................... 6

        B.  The Defendant's Notice is Plainly Insufficient .............................................................. 7

Conclusion .................................................................................................................................... 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>       -v.-<br><br>MILES GUO,<br>    a/k/a "Ho Wan Kwok,"<br>    a/k/a "Miles Kwok,"<br>    a/k/a "Guo Wengui,"<br>    a/k/a "Brother Seven,"<br>    a/k/a "The Principal,"<br>    a/k/a "The Boss,"<br><br>                            Defendant. | S3 23 Cr. 118 (AT) |

### GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE
### INQUIRY ABOUT CLASSIFIED INFORMATION

The Government respectfully submits this motion in response to defendant Miles Guo's notice pursuant to the Classified Information Procedures Act ("CIPA") Section 5 (the "Section 5 Notice"), provided to the Government on May 14, 2024. The Government seeks a pretrial ruling precluding the defendant from eliciting the noticed information.

### OVERVIEW

The defendant should be precluded from inquiring about the information identified in the Section 5 Notice, which Guo seeks to elicit from an anticipated Government witness ("Witness-2[1]") at trial, because Guo failed to comply with the notice requirement of CIPA § 5 and because the sought-after evidence is not admissible. Specifically, defendant has noticed information that he alleges to be classified, and he has failed to provide proper notice of intent to elicit classified

---

[1] The Government will refer to the anticipated witness in question as "Witness-2" herein and in any other filings on this topic.

1

information, despite being represented by sophisticated counsel and being on notice of CIPA § 5's notice requirement for more than a year.[2]

## ARGUMENT

I.   **CIPA Section 5**

Prior to the enactment of CIPA in 1980, the Supreme Court had "long recognized" the existence of a classified information privilege. *United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989) (citing *C. & S. Air Lines v. Waterman S.S. Corp.*, 333 U.S. 103, 111 (1948), and *United States v. Nixon*, 418 U.S. 683, 710 (1974)). "It is 'obvious and unarguable' that no governmental interest is more compelling than the security of the Nation." *Haig v. Agee*, 453 U.S. 280, 307 (1981). As a result, "[t]he government has a compelling interest in protecting both the secrecy of information important to our national security and the appearance of confidentiality so essential to the effective operation of our foreign intelligence service." *Snepp v. United States*, 444 U.S. 507, 509 n.3 (1980) (quoted by *Yunis*, 867 F.2d at 623, and *CIA v. Sims*, 471 U.S. 159, 175 (1985)). Following this long-established precedent, courts have recognized the importance of the classified information privilege. *See, e.g.*, *United States v. Abu Ali*, 528 F.3d 210, 245 (4th Cir. 2008); *United States v. Smith*, 780 F.2d 1102, 1107-09 (4th Cir. 1985); *see also Yunis*, 867 F.2d at 622-23.

To protect classified information, Congress enacted CIPA. *United States v. Mejia*, 448 F.3d 436, 455 (D.C. Cir. 2006) (quoting *Yunis*, 867 F.2d at 623). CIPA, which establishes procedures for handling classified information in criminal cases, was "meant to 'protect[] and restrict[] the discovery of classified information in a way that does not impair the defendant's right to a fair trial.'" *United States v. Aref*, 533 F.3d 72, 78 (2d Cir. 2008) (quoting *United States v.*

---

[2] The Government can neither confirm nor deny the existence of classified intelligence information. Nothing herein should be construed as such a confirmation or denial.

*O'Hara*, 301 F.3d 563, 568 (7th Cir. 2002)); *see also Abu Ali*, 528 F.3d at 245 (CIPA safeguards "the government's privilege to protect classified information from public disclosure"). If a defendant expects to disclose or cause the disclosure of classified information in pretrial proceedings or at trial, Section 5 of CIPA requires the defendant to provide written notice to the Government. *See* 18 U.S.C. app. 3 § 5. That is true whether or not the classified information was previously known to the defendant through his own interactions or experiences. *See, e.g.*, *United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984) (limiting the scope of defendant's testimony where the defendant was aware of certain classified information and noting that "this is the kind of situation that Congress had in mind when it enacted the Classified Information Procedures Act").

Specifically, CIPA lays out a framework to resolve assertions by the defense that it intends to disclose or cause the disclosure of classified information. Accordingly, any defendant who reasonably expects to disclose (or cause the disclosure of) classified information *in any manner* is required to file notice of such intention under Section 5 of CIPA. The default requirement for "timely pretrial notice" is thirty days before trial.

Section 5 provides, in pertinent part:

> If a defendant reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding involving the criminal prosecution of such defendant, the defendant, shall, within the time specified by the court, or where no time is specified, within thirty days prior to trial, notify the attorney for the United States and the court in writing. Such notice shall include a brief description of the classified information.

18 U.S.C. app. 3 § 5(a). Courts have strictly enforced the time limitations in the Act. *See generally United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987) (affirming district court's decision to disallow defendant's presentation at trial of certain evidence because he did not provide timely notice under CIPA Section 5).

Section 5(a) expressly requires that such notice "include a brief description of the classified information." The case law holds that such notice "must be *particularized*, setting forth *specifically* the classified information which the defendant reasonably believes to be necessary to his defense." *United States v. Collins*, 720 F.2d 1195, 1199 (11th Cir. 1983) (emphasis added); *see also Smith*, 780 F.2d at 1105. This requirement applies both to documentary exhibits and to oral testimony, whether the evidence is expected to be admitted on direct or cross-examination. *See, e.g.*, *Wilson*, 750 F.2d 7 (testimony); *Collins*, 720 F.2d at 1199 (same).

CIPA was intended to "'minimize the problem of so-called graymail—a threat by the defendant to disclose classified information in the course of trial—by requiring a ruling on the admissibility of the classified information before trial.'" *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (quoting S. Rep. No. 823, 96th Cong., 2d Sess. 2, reprinted in 1980 U.S.S.C.A.N. 4294, 4295). If a defendant fails to provide a sufficiently detailed notice far enough in advance of trial to permit the implementation of CIPA procedures for the use, relevance, and admissibility of classified evidence, Section 5(b) provides for preclusion of that evidence. *United States v. Badia*, 827 F.2d 1458, 1465 (11th Cir. 1987). Similarly, if a defendant attempts to disclose at trial classified information that is not identified in his Section 5(a) notice, preclusion is the appropriate remedy prescribed by Section 5(b) of the statute. *See Smith*, 780 F.2d at 1105 ("A defendant is forbidden from disclosing any such information absent the giving of notice.").

Indeed, it is based upon a defendant's Section 5 proffer that a court, under Section 6(a) of CIPA, must "make all determinations concerning the use, relevance or admissibility of classified information that would otherwise be made during the trial or pretrial proceedings" pursuant to the standards of the Federal Rules of Evidence, with the defendant bearing the burden of establishing that the evidence is relevant, material, and otherwise admissible. *See United States v. Miller*, 874

4

F.2d 1255, 1276-77 (9th Cir. 1989); *see also United States v. Cardoen*, 898 F. Supp. 1563, 1571 (S.D. Fla. 1995). The Section 5 notice requirement is designed to allow a court to determine how a defendant intends to use the classified information and ensure that a defendant is not allowed to "cloak his intentions and leave the government subject to surprise at what may be revealed in the defense." *Collins*, 720 F.2d at 1199-1200. The Court's consideration of the use, relevance, or admissibility of classified information "should not be conducted on the fly. The constitutional, evidentiary, and national security concerns raised by a desire to admit classified evidence should be resolved before trial if possible, not in the middle of it." *United States v. Barrack*, 21 Cr. 371 (BMC) (E.D.N.Y. Sept. 15, 2022), Dkt. 224 (Mem. and Order) at 7 (citing *United States v. Collins*, 720 F.2d 1195, 1196-97 (11th Cir. 1983)).

**II.    The Defendant Failed to Comply with CIPA Section 5 Notice Requirements**

As set forth above, CIPA was intended to "'minimize the problem of so-called graymail . . . by requiring a ruling on the admissibility of the classified information before trial." *Pappas*, 94 F.3d at 799 (2d Cir. 1996) (internal quotation omitted). Guo's Section 5 Notice makes apparent on its face that "graymail," not the introduction of relevant information that supports any legally viable defense, appears to be his goal.

Through the Section 5 Notice, Guo indicates that he seeks to elicit certain testimony from Witness-2 on cross-examination. The Court should preclude this classified information pursuant to CIPA Section 5(b). *First*, the defendant failed to comply with the notice requirement of CIPA Section 5. *See* 18 U.S.C. App. 3, § 5(b). *Second*, even if it were timely, the defendant's Section

5

5 Notice fails to satisfy the requirements of CIPA Section 5(a).

### A. The Defendant Failed to Provide Timely Notice

Section 5 of CIPA clearly states that a defendant must provide notice if he "reasonably expects to disclose or to cause the disclosure of classified information in any manner in connection with any trial or pretrial proceeding" within thirty days of trial. 18 U.S.C. App. 3, § 5(a). Trial is scheduled to begin on May 22, 2024, and the defendant filed his Section 5 Notice on May 14, 2024—a mere eight days prior to the scheduled start. The defendant has offered no excuse or explanation as to why he failed to file timely notice, despite being represented by sophisticated counsel and being reminded of his duty to provide notice through the Government's CIPA Section 2 Notice on April 20, 2023, *see* Dkt. No. 52, the Government's filing of a motion in support of a protective order pursuant to CIPA § 4 on December 22, 2023, *see* Dkt. No. 220, and the Court's April 18, 2024 issuance of a Protective Order pursuant to CIPA § 4.[3] *See* Dkt. No. 294. The consequences of this failure are clear, as CIPA Section 5(b) authorizes the district court to preclude disclosure of classified information at trial if a defendant fails to provide proper notice. *See Barrack*, 21 Cr. 371 (BMC) (E.D.N.Y. Sept. 15, 2022), Dkt. 224 (precluding defendants from inquiring about classified information at trial because, among other reasons, the defendant's Section 5 notice, which was provided less than two weeks before trial, was untimely); *Badia*, 827 F.2d at 1464-66 (upholding preclusion of disclosure of classified information at trial because defendant failed to comply with notice requirements of CIPA Section 5); *United States v. North*,

---

[3] Regarding timing: the Government produced its witness list and its § 3500 materials, including for Witness-2, on May 6, 2024 (*i.e.*, 16 days before the scheduled start of trial). However, the Government presumes that the defendant has long known the classified information contained in his Section 5 Notice, and further notes that, even if it were relevant (which it is not), that information would have been relevant, regardless whether the Government calls Witness-2 to testify at trial, through the defendant's own testimony or otherwise.

708 F.Supp. 389, 392 (D.D.C. 1988) (precluding use of classified information for failure to adequately comply with Section 5 notice requirements).

The defendant's untimely Section 5 Notice does not give the Government sufficient time to weigh the costs of, or consider alternatives to, disclosure. *See Badia*, 827 F.2d at 1465. Moreover, if the Court does not preclude the classified information pursuant to CIPA Section 5(b), the Government will request additional briefing regarding additional bases for precluding the classified information—specifically, that the information contained in the Section 5 Notice is inadmissible hearsay, irrelevant, and/or fails Rule 403's balancing test—and then will move for a CIPA Section 6 hearing. Given that trial is scheduled to commence on May 22, 2024 (*i.e.*, in five days), those additional steps would necessarily delay trial in this case.

B. **The Defendant's Notice is Plainly Insufficient**

The Section 5 Notice does not set forth the classified information that Guo reasonably believes to be necessary to his defense with specificity, nor does it explain how the noticed information would be relevant (much less necessary).[4] Accordingly, the Section 5 Notice fails to satisfy the clear requirements of CIPA Section 5(a), and the Court should preclude the defendant from eliciting the noticed information from Witness-2 on cross-examination at trial. *See Collins*, 720 F.2d at 1199 (CIPA Section 5(a) notice "must be *particularized*, setting forth *specifically* the classified information which the defendant reasonably believes to be necessary to his defense") (emphasis added); *see also Smith*, 780 F.2d at 1105; *Wilson*, 750 F.2d 7.

---

[4] The Government notes that, although the information in the Section 5 Notice is not material to Guo's defense, Guo has substantially the same ability to make his defense using unclassified materials in his possession.

7

**CONCLUSION**

For the foregoing reasons, the Court should preclude cross-examination of Witness-2 that seeks to elicit the evidence referenced in the Section 5 Notice, pursuant to CIPA Section 5(b).

Dated: New York, New York
May 17, 2024

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Ryan B. Finkel
Juliana N. Murray
Micah F. Fergenson
Justin Horton
Assistant United States Attorneys
26 Federal Plaza
New York, New York 10278
212-637-6612 / -2314 / -2190 / -2276