**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | **FILED PARTIALLY UNDER SEAL** |
| v. | Case No. 1:23-CR-118-1 (AT) |
| MILES GUO, | |
| *Defendant*. | |

**DEFENDANT MILES GUO'S OPPOSITION TO THE GOVERNMENT'S MOTION**
***IN LIMINE* TO PRECLUDE INQUIRY ABOUT CLASSIFIED INFORMATION**

Sidhardha Kamaraju
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100
skamaraju@pryorcashman.com

Sabrina P. Shroff
80 Broad Street, 19th Floor
New York, NY 10004
(646) 763-1490
sabrinashroff@gmail.com

*Attorneys for Defendant Miles Guo*

Miles Guo respectfully submits this memorandum in opposition to the government's motion to preclude him from eliciting classified information during cross-examination (the "Govt. Mot." or the "Motion") (Dkt. 339). For the reasons set forth below, Mr. Guo respectfully submits that the Court should deny the government's motion in its entirety.

## PRELIMINARY STATEMENT

The government's motion should be denied because it misapprehends the procedures under the Classified Information Procedures Act ("CIPA").

*First*, the government claims that Mr. Guo's notice under Section 5 of CIPA that he would elicit certain classified information from one of the government's witnesses ("Witness-2") is untimely because it was not served on the government 30 days before trial. CIPA's Section 5 notice period begins when the defense learns that it may need to disclose classified information at trial, and in this case, that did not occur until the government produced its § 3500 material for Witness-2. The government chose to make that disclosure just sixteen days before trial. As soon as it became apparent that the information was classified, Mr. Guo alerted the Court and the government.

*Second*, the government argues that Mr. Guo's Section 5 notice is deficient because it does not set forth the relevance or need for this information. Again, however, the government's contention misunderstands CIPA's framework—Section 5 requires that the defense disclose what classified information it intends to elicit, not how that information is relevant. Upon receiving such notice, it is incumbent *on the government* to seek a hearing concerning relevance under Section 6 of CIPA. Here, Mr. Guo has specifically described the narrow category of classified information that he intends to elicit from Witness-2, and if the government disagrees as to its relevance, it should have sought relief under Section 6. Accordingly, the Court should deny the government's motion.

1

# ARGUMENT

## I. CIPA'S STATUTORY FRAMEWORK

CIPA's fundamental purpose is to "harmonize a defendant's right to obtain and present exculpatory material [at] trial and the government's right to protect classified material in the national interest." *United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996). CIPA, codified at 18 U.S.C. App. III, thus sets forth procedures by which federal district courts rule on pretrial matters concerning the discovery, admissibility, and use of classified information in criminal cases. *See Pappas*, 91 F.3d at 799. As a procedural statute, CIPA neither adds nor detracts from the substantive rights of the defendant. *See United States v. El-Hanafi*, No. S5 10 CR 162 KMW, 2012 WL 603649, at *2 (S.D.N.Y. Feb. 24, 2012) ("CIPA does not expand or restrict established principles of discovery.").

When the defense learns of and intends to use classified information at trial or during a hearing, CIPA's framework under Sections 5 and 6 is triggered. First, the defendant must give notice to the government pursuant to Section 5 by providing a "a brief description of the classified information" that the defendant intends to elicit. 18 U.S.C. App. III § 5. "The Section 5(a) notice requires that the defendant state, with particularity, which items of classified information entrusted to him he reasonably expects will be revealed by his defense in this particular case." *United States v. Schulte*, No. 17-CR-548 (JMF), 2022 WL 1639282, at *1 (S.D.N.Y. May 24, 2022) (internal citations and quotations omitted). Such notice must occur, absent a separate deadline set by the Court, either 30 days before trial, or, "[w]henever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter." 18 U.S.C. App. III § 5.

After the defense files its Section 5 notice, then the burden turns to the government to move under Section 6(a) of CIPA for a hearing to determine the "'use, relevance, or admissibility'" of the classified information identified in the defendant's Section 5 notice. *See Schulte*, 2022 WL

2

1639282, at *1. If the Court decides that the information sought to be elicited by the defense is relevant and admissible, then the government can move under Section 6(c) of CIPA for substitution of the information.

## II. MR. GUO'S SECTION 5 NOTICE IS TIMELY

The government's contention that Mr. Guo's Section 5 notice is untimely misconstrues the timeline of events. The government argues that CIPA requires disclosure of classified information that the defense intends to use 30 days before trial. The government ignores, however, that the same provision of Section 5 states that "[w]henever a defendant learns of additional classified information he reasonably expects to disclose at any such proceeding, he shall notify the attorney for the United States and the court in writing as soon as possible thereafter." 18 U.S.C. App. III § 5. That is precisely what occurred here. Mr. Guo's counsel did not know that any classified information was at issue with respect to Witness-2 until after they reviewed Witness-2's § 3500 material, and then, within days after that, defense counsel provided notice to the government, the CISO and the Court. In other words, Mr. Guo did provide Section 5 notice "as soon as possible" after he learned that there was classified information that he may need to elicit at trial.

Contrary to the government's contention, the chronology makes clear that the defense acted as soon as it became aware of the need to disclose classified information at trial. In particular, the information discussed in Mr. Guo's Section 5 notice pertains specifically to cross-examination of Witness-2, not any other witness. As a result, Mr. Guo could not have been aware of the potential that this information would be relevant until the defense knew that Witness-2 would testify at trial. That did not occur, however, until April 17, 2024, when the government filed its opposition to Mr. Guo's motions *in limine* indicating as much. After learning that, defense counsel met with Mr.

3

Guo to debrief him about his interactions with Witness-2, which entailed defense counsel learning certain information that Witness-2 disclosed to Mr. Guo several years ago.

At that time, however, neither Mr. Guo nor defense counsel could know that the specific interaction entailed classified information – a fact learned only after review of Witness-2's § 3500 material, which the government did not produce until approximately midnight on May 6, 2024. Specifically, Witness-2's § 3500 material contained ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ On May 9, 2024, merely three days after receiving § 3500 material for Witness-2, among more than 70 other witnesses, defense counsel wrote to the Court explaining the issue and seeking an *ex parte* CIPA Section 2 conference, which the Court held on May 14, 2024. After that conference, that same day, defense counsel provided Section 5 notice to the government, through delivery by the CISO with a copy for the Court. Indeed, defense counsel moved so quickly that they handwrote the notice immediately after the conference, rather than delay it by waiting to be able to access a SCIF to type it. *See*, *e.g.*, *United States v. El Gammal*, No. 15 Cr. 588 (ER) (S.D.N.Y.), Dkt. 182 (Section 5 notice given after trial started when classified information was disclosed).

The timeline described above demonstrates that defense counsel moved to provide Section 5 notice "as soon as possible" after learning that classified information about Witness-2 would be relevant at trial. The government's arguments to the contrary are meritless. The government claims that the defense has long known this information and thus should have disclosed it a month before trial because the defendant may have testified about it. That claim is a red herring. The

information at issue in the Section 5 notice pertains specifically to *cross-examination* of Witness-2—thus the defense could not have known that any cross-examination material about Witness-2 would be relevant until it learned that the government intended to call Witness-2 at trial. And even after learning of the information, the defense had no way of knowing that the information was classified: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the defense had no way of knowing that what Witness-2 disclosed to Mr. Guo was true or that, even if it were true, that the information was classified. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮ But within days of learning that this might be an issue, defense counsel provided Section 5 notice to the government.

The government argues that "if the Court does not preclude the classified information pursuant to CIPA Section 5(b), the Government will request additional briefing regarding additional bases for precluding the classified information—specifically, that the information contained in the Section 5 Notice is inadmissible hearsay, irrelevant, and/or fails Rule 403's balancing test—and then will move for a CIPA Section 6 hearing." (Govt. Mot. at 9). The government then claims that if it has to engage in this motion practice, that would delay the trial. As an initial matter, the government's threatened motion practice is squarely at odds with CIPA. A motion for a Section 6 hearing *is* the government's vehicle to challenge classified information as "inadmissible hearsay, irrelevant, and/or fails Rule 403's balancing test," *Schulte*, 2022 WL 1639282, at *1. Thus it makes no sense to say that the government will litigate those issues first, and then only seek a Section 6 hearing.

But in any event, to the extent the government contends that Mr. Guo's Section 5 notice has created time pressure, that is the government's fault, not the defense's. The government has

5

been investigating this case for almost four years now, and has been in contact with Witness-2 since close to the inception of the investigation, and thus must have known about his interactions with the U.S. government.  At the time it charged this case—more than a year ago—the government must have been aware that it may need Witness-2's testimony at trial.  Nevertheless, despite knowing all of this, the government did not disclose the substitution that triggered Mr. Guo's Section 5 notice until approximately two weeks before trial.  Now that Mr. Guo has that information and has properly sought to use it, the government cannot reasonably complain that he should be precluded from doing so simply because the government chose to wait so long to disclose it to him.

The Court should reject the government's untimeliness argument.

### III. MR. GUO'S SECTION 5 NOTICE IS SUFFICIENT

The government's claim that Mr. Guo's Section 5 notice is insufficiently particularized also misses the mark.  First, the government's position that Mr. Guo does not explain the relevance or need for this information in his Section 5 notice turns CIPA's framework on its head.  Nothing in Section 5 requires the defense to articulate the relevance of classified information that it seeks to elicit at trial.  All that is required is that the defense describe the classified information that it seeks to introduce at trial, so that the government and the Court can assess it.  *See Schulte*, 2022 WL 1639282, at *1 (describing requirements for Section 5 notice).  Indeed, *United States v. Collins*, the authority on which the government relies, states explicitly that the required Section 5 "'brief description' is to be of the *classified information* expected to be disclosed." 720 F.2d 1195, 1199 (11th Cir. 1983) ("The Section 5(a) notice requires that the defendant state, with particularity, *which items of classified information* entrusted to him he reasonably expects will be revealed by his defense in this particular case.") (emphasis added).  That is what Mr. Guo has done—described what classified information he believes will be elicited through Witness-2's cross-examination.

6

The government cites no authority—and there is none—for the proposition that the defense must outline the relevance of the classified information to the issues at trial in its Section 5. Rather, if the government believes that there is an issue with the relevance or admissibility of the proffered classified evidence, then it should have made a Section 6(a) motion. *See Schulte*, 2022 WL 1639282, at *1 (describing Section 6 process in detail in case involving large-scale leak of CIA classified information). What the government has no authority to do, however, is to shift its Section 6 burden to the defense—if the government thinks this material is irrelevant, then it should put forth that argument.

Finally, while the government summarily claims that Mr. Guo's Section 5 notice does not particularize the classified information he seeks to introduce, it does not point to any actual deficiency in Mr. Guo's notice. Even if it had tried, however, the government would be unable to do so. ██████████████████████████████████████████████ ████████████████████ Mr. Guo's Section 5 notice made clear that he intends to elicit two specific and narrow facts about those interactions. The government thus has all the information it needs to evaluate its options under Section 6, which is what the statute requires.

## CONCLUSION

For the foregoing reasons, Mr. Guo respectfully submits that the Court should deny the government's motion to preclude Mr. Guo from eliciting classified information through cross-examination of Witness-2 in its entirety.

Dated: New York, New York
       May 18, 2024

PRYOR CASHMAN LLP

By: _____
    Sidhardha Kamaraju
    7 Times Square
    New York, NY 10036
    (212) 421-4100
    skamaraju@pryorcashman.com

    Sabrina P. Shroff
    80 Broad Street, 19th Floor
    New York, NY 10004
    (646) 763-1490
    sabrinashroff@gmail.com

    *Attorneys for Defendant Miles Guo*
