

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

May 23, 2024

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Guo et al.*, Case No. 1:23-cr-00118 (AT)

Dear Judge Torres:

    We write in response to the government's letter motion dated May 21, 2024 (Dkt. No. 344) (the "Letter Motion"). The Letter Motion seeks (i) to allow Victim-1 and Victim-2 to testify about statements made by purported co-conspirators and agents of Miles Guo, (ii) to exclude evidence of a fire at Mr. Guo's residence from trial and (iii) to exclude argument about the immigration consequences of a conviction. The Letter Motion should be denied.

    **1.**    **Purported Co-Conspirator and Agent Statements**

    In its May 2, 2024 order (Dkt. No. 319) (the "May 2 Order"), the Court granted the government's motion to admit certain quoted statements made by purported co-conspirators and agents. The Court declined to admit statements "beyond those quoted in [the government's] papers, or statements made by other purported co-conspirators." (May 2 Order at 4.) If the government intended to introduce such statements, the Court directed the government "to provide the *specific statements* to the Court and move for their conditional admission before presenting them to the jury." (*Id.* (emphasis added).) The government's Letter Motion fails to follow this procedure, instead describing in vague terms the "sum and substance" of categories of statements allegedly made by Xia Qidong and David Dai. (Letter Mot. at 2-3.) The Court should deny the government's request and adhere to its May 2 Order requiring the government to provide the specific statements to the Court.

    **2.**    **There is No Evidence that Mr. Guo Started a Fire**

    There is no evidence to support the government's sensationalist theory that Mr. Guo started a fire at the Sherry Netherland residence. Two separate agencies, the Fire Department of New



May 23, 2024
Page 2

York and the Bureau of Alcohol, Tobacco, Firearms and Explosives, investigated the fire and neither agency concluded that it was intentional. The "combustible material" the government ominously refers to in its Letter Motion is simply the contents of the closet. Moreover, the government's suggestion that Mr. Guo started a fire from outside the premises, *hours* after the Federal Bureau of Investigation ("FBI") took control of the residence, is improbable. It is much more likely that the fire was caused by accident or that the FBI caused the fire, intentionally or not, during the course of its search of the residence. Regardless, Mr. Guo does not intend to introduce evidence regarding the fire.

    3.    **Mr. Guo Will not Argue About the Immigration Consequences of a Conviction**

Mr. Guo is innocent. However, in the event he is wrongfully convicted, this may raise immigration consequences, including the possibility that he is deported to the People's Republic of China ("PRC"). As the government knows, in the event he is deported to the PRC, Mr. Guo will be tortured, subjected to inhumane treatment and potentially executed. The defense hopes that the government will assure that Mr. Guo is not deported, as such deportation would violate the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U. N. T. S. 113. Nevertheless, Mr. Guo will not argue at trial about the immigration consequences of a conviction.

    Respectfully submitted,

    _____
    PRYOR CASHMAN LLP
    Sidhardha Kamaraju
    John M. Kilgard

    *Attorneys for Defendant Miles Guo*

cc:    Counsel of Record