

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

May 24, 2024

**VIA EMAIL AND ECF**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:    *United States v. Guo et al.*, Case No. 1:23-cr-00118 (AT)

Dear Judge Torres:

    The defense writes in response to the government's letter, filed this morning, in which the government seeks to preclude certain purported arguments the government claims the defense seeks to make. The government's attempt to manufacture an issue from benign press statements is its latest effort to ask the Court to reconsider its ruling concerning the relevance and admissibility of evidence concerning the Chinese Communist Party's (the "CCP") targeting of Mr. Guo. Respectfully, the Court should deny the government's application, again.

    *First*, the government claims that press reporting concerning the case suggests that Mr. Guo intends to raise a duress or justification defense. As Mr. Guo stated previously, he does not intend to do so. In the case of either a duress or justification defense, the defendant is arguing that while a crime was committed, the defendant was not responsible because an outside influence caused the defendant to commit the crime—in the case of duress, coercion, and in the case of justification, some justifying factor. That is not Mr. Guo's defense: he denies that he engaged in any criminal conduct and intends to argue that aspects of the CCP's targeting rebut allegations that the government has made against him. To be sure, one set of those allegations is the so-called consciousness of guilt evidence that the government intends to offer, such as the use of multiple cellphones or bank accounts. But, contrary to the government's letter, that is not the sole purpose for which such targeting evidence is relevant. For example, as the Court noted in its order, evidence of CCP targeting could bolster Mr. Guo's belief that GTV could capitalize on a niche market caused by the CCP's efforts to censor him. Or, as was described in Mr. Guo's previous motion papers and as summarized by defense counsel's statement in the May 22, 2024 New York Times article, targeting evidence can be used to rebut the government's arguments concerning motive—while the government is free to claim that Mr. Guo defrauded his fellow movement members for money, Mr. Guo is in turn free to argue that he would not throw away a political



May 24, 2024
Page 2

movement that he endured considerable hardship to help build for money that he did not truly need.

  *Second*, the government argues that Mr. Guo should not be allowed to argue that the fact that he is targeted by the CCP is indicative that he did not commit a crime here.  Again, nothing in Mr. Guo's motion papers or the press coverage suggest that Mr. Guo intends to raise such a argument, because Mr. Guo does not intend to do so.  His argument, as he has repeatedly stated in public filings, is that the CCP's targeting goes to specific allegations *made by the government*.  In other words, Mr. Guo is not saying that because the CCP targeted him in some unrelated matter, that means he could not have committed a crime here.  What he is saying is that allegations that the government claims demonstrate that he committed these crimes are undercut by the CCP's targeting of him, which the Court has already found is an issue that the jury should consider.

  *Third*, the government argues that the press coverage raises the specter that Mr. Guo will seek to argue that this prosecution is a tool of the CCP.  Given Mr. Guo's repeated disavowals of this argument it is unclear why the government keeps raising the issue.  To be clear again, Mr. Guo is not arguing that this prosecution is the result of "malign CCP influence."  He is arguing that this prosecution is baseless and that the CCP's targeting of him helps to demonstrate why.



May 24, 2024
Page 3

      As much as the government may prefer to conduct this trial with a muzzled defense, that is not the way the system works. Mr. Guo is entitled to present a defense, and in this case, the Court has already ruled that this specific defense may be presented to the jury. The government's seriatim attempts to eliminate, cabin, and limit that defense are simply a waste of the Court's and the defense's time and resources. Accordingly, the Court should reject the government's latest letter as such.[1]

      Respectfully submitted,

PRYOR CASHMAN LLP
Sidhardha Kamaraju
Matthew S. Barkan
Daniel J. Pohlman
John M. Kilgard
Clare P. Tilton

Sabrina P. Shroff

*Attorneys for Defendant Miles Guo*

---

[1] In a footnote, the government asks the Court to remind defense counsel of their obligations under the Court's local rules. We are cognizant of our obligations under federal, state, and local rules, and welcome any questions the Court has.