

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 27, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government respectfully submits this letter in support of the admission of certain Government Exhibits that consist of preserved copies of online posts on GNews and GETTR, two media organizations that the defendant created and controlled, and which were used to disseminate his false and misleading representations to victims. The defense objects to the admission of these exhibits under the hearsay rules.[1] These objections fail at the outset for at least one fundamental reason. The Exhibits do not contain any statements that the Government is offering "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(2) (defining hearsay). Accordingly, the Exhibits, definitionally, do not contain hearsay. The only remaining question is whether these Exhibits are relevant. Indeed, these Exhibits are relevant to the defendants' scheme to deceive his followers and investors—they were used disseminate misrepresentations to those followers and investors. Additionally, these exhibits are relevant to establish the structure and operation of the criminal G Enterprise the defendant used to commit the charged crimes, which included GNews and GETTR. Because these exhibits are both relevant and definitionally not hearsay, they are admissible.

    **A.  The GNews Posts Are Admissible**

    The GNews content the Government seeks to admit consists of various articles that trumpet the defendant's investment scams.[2] Several of these articles are summaries of the defendant's

---

[1] The defense also objects to the admission of four videos, preserved from GTV, that primarily feature Farm leaders and that the Government intended to offer (namely, GXC162, GXC165, GXC164, and GXC170). To narrow the issues before the Court and streamline the presentation of evidence, the Government no longer seeks to offer those four videos.

[2] Specifically, the GNews posts the Government seeks to offer, to which the defense objects, are the following: GXC320, GXW116, GXC373, GXC405, GXW68, GXC438, GXC439, GXC440, GXC435, GXC434, GXC374, GXC433, GXC431, GXC430, GXC428, GXC426, GXC424, GXC422, GXW190, GXC481, GXW122, GXW177, GXW124, GXC419, GXC418, GXW175, GXC417, GXC416, GXW180, GXC415, GXC412, GXC413, GXC410, GXC484, GXW193,

broadcasts in which the investment scams are described, or false representations about those investments schemes, originally made by the defendant, are repeated. Additionally, the GNews articles also include posts such as weekly updates regarding the purported price and transactional activity on the Himalaya Exchange, or certain supposed "news" broadcasts by supporters regarding the same.

The Government has conferred with defense counsel and understands that the defense objects to the admission of these exhibits on hearsay grounds. That objection is baseless, because the Government is not offering these preserved webpages for the purpose of proving the truth of any matter asserted within the articles. Rather, the Government offers them for the fact that these articles were posted on a website created and controlled by the defendant, and they contain false and misleading representations.

The Federal Rules of Evidence define hearsay as a declarant's out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). "If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay." Fed. R. Evid. 801(c) advisory committee's note.

It is well established that no hearsay issue arises when statements are offered to prove—not the truth of a matter asserted in the statements—but, rather, that the assertions "were false." *Anderson v. United States*, 417 U.S. 211, 220 (1974) (affirming the prosecution's admission of out-of-court statements that were "not admitted into evidence . . . to prove the truth of anything asserted therein."). In *Anderson*, the Supreme Court found admissible out-of-court statements that the Government offered for the purpose of showing such statements were made "so as to establish a foundation for later showing, through other admissible evidence, that they were false." *Id.* Because such statements were "not admitted to prove the truth of anything asserted therein," they were admissible non-hearsay. *Id.* Since there was no hearsay issue, the statements were "admissible simply if relevant in some way to prove the conspiracy charged." *Id.* at 221.

Courts in this District, and throughout the country, have followed *Anderson* in holding that the admission of out-of-court statements, when offered for the purpose of showing that the statements were made and that the matters asserted were not true, raises no hearsay issue at all. *See, e.g.*, *United States v. Anyanwu*, 449 F. App'x 639, 641 (9th Cir. 2011) (affirming district court's admission of immigration documents containing false statements "because [the documents] were not admitted to prove the truth of the matters asserted, but rather, to prove the very falsity of the assertions made in the documents"); *United States v. Jing Jing Hojsak*, 395 F. App'x 457, 459 (9th Cir. 2010) (holding district court erred in excluding evidence where the Government "proffered the statements to suggest, through a comparison with other admissible evidence, that the statements in the invoices were false"); *United States v. Cavin*, 39 F.3d 1299, 1311 (5th Cir. 1994) (letter offered for purpose of showing it was a forgery was not hearsay (citing *Anderson*)); *United States v. Munson*, 819 F.2d 337, 339–40 (1st Cir. 1987) (following *Anderson*); *United*

---

GXC464, GXC436, GXC446, GXC444, GXC414, GXC443, GXC425, GXC480, GXW171, GXC483, GXC462 GXW167, and GXW165. Because, as explained herein, the Government is not offering these posts for their truth, their admissibility does not turn on the particular content of any particular GNews post.

*States v. Hoag*, 823 F.2d 1123, 1126–27 (7th Cir. 1987) ("In this case, the letters were not offered for proof of their contents, but rather were introduced for the limited purpose of establishing the falsity of the matter asserted.")[3]; *United States v. Khan*, 787 F.2d 593 (6th Cir. 1986) (tax returns offered to show they were false are not hearsay); *United States v. Hathaway*, 798 F.2d 902, 905 (6th Cir. 1986) ("We therefore join those courts which have concluded that statements offered to prove the falsity of the matter asserted are not hearsay."); *United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985) (affirming district court's admission of false representations made to potential investors as non-hearsay statements because "false representations that were made to potential investors . . . are not hearsay because their probative value is independent of their truth."); *United States v. Moore*, 748 F.2d 246, 248 (5th Cir. 1984) ("Statements which are introduced solely for the purpose of proving that they were made as a predicate for later proof that they were false are not hearsay."); *United States v. Saavedra*, 684 F.2d 1293, 1297–98 (9th Cir. 1982) (not reaching question of whether scam callers were co-conspirators of defendant on trial "because the statements were not, in any event, hearsay" since they were "not offered to prove that the statements made by the unidentified callers were true; i.e., that they were in fact law enforcement officials investigating credit card 'problems'"); *United States v. Kaneshiro*, No. 22 Cr. 00048 (TMB) (NC), 2024 WL 1533458, at *4 (D. Haw. Apr. 9, 2024) ("Statements introduced simply to prove that the statements were made to establish that they were false are non-hearsay." (cleaned up)); *Moreno v. Los Angeles Cnty. Sheriff's Dep't*, No. 13 Civ. 07570-CAS, 2015 WL 4652637, at *9 (C.D. Cal. Aug. 3, 2015) (admitting statement as non-hearsay because it was "proffered for its falsity, rather than its truth"); *United States v. al Fawwaz*, No. 98 Cr. 1023 (LAK), 2015 WL 13514090, at *3 (S.D.N.Y. Feb. 9, 2015) ("Out-of-court statements constitute hearsay only when offered in evidence to prove the truth of the matter asserted.") (internal quotation omitted); *SEC v. AT&T, Inc.*, 626 F. Supp. 3d 703, 737 (S.D.N.Y. 2022) ("First, the SEC contends that certain statements attributed to analysts were false. These statements—independent of being by a party opponent—may separately qualify as non-hearsay insofar as, to be hearsay, a statement, must be offered for the truth of the matter asserted."); *Oteng-Amoako v. HSBC Bank USA*, No. 13 Civ. 5760 (PAC) (FM), 2014 WL 7476239, at *8 (S.D.N.Y. Dec. 30, 2014), *report and recommendation adopted*, 2015 WL 2399847 (S.D.N.Y. May 19, 2015) ("The alleged retaliatory statement by the HSBC representative is not offered for the truth; indeed, it is offered for its falsity. Accordingly, that statement is not hearsay."); *Patel v. Jani*, No. 12 Civ. 9376 (KBF), 2015 WL 5508304, at *3 (S.D.N.Y. Sept. 18, 2015) (statements "may be admissible as nonhearsay, if they are sought to be offered not for the truth of the matter, but as statements of *untruth*" (emphasis in original)).

Here, the Government is not seeking to offer the preserved webpages for the truth of any matter asserted therein. Rather, the Government offers the preserved webpages to demonstrate the false and misleading information related to the investment scams being propounded on the media websites that the defendant created and controlled. Because of that, these Exhibits are plainly admissible, under the Supreme Court's binding precedent in *Anderson*. The only remaining question is whether the preserved webpages are relevant. These webpages generally contain summaries and repetitions of misrepresentations being made to investors. They are thus relevant for the fact that they exist—i.e., that they were made on media websites created and controlled by

---

[3] *Abrogated on other grounds by United States v. Staniforth*, 971 F.2d 1355 (7th Cir. 1992).

the defendant.[4] These facts are probative of the defendant's scheme to deceive his followers and investors, and also constitute evidence of the enterprise element of the RICO conspiracy. Indeed, GNews is listed as a member of the G Enterprise alleged in the Indictment. Simply put, it is beyond cavil that it is relevant that the defendant created a media echo chamber of false and misleading representations concerning investments wherein the defendant's followers would be immersed in his lies about investment projects.

The fact that these Exhibits are websites does not change the straightforward analysis that evidence offered not for the truth of matters asserted therein is not hearsay. *See, e.g.*, *ZW USA, Inc. v. PWD Sys., LLC*, 889 F.3d 441, 449–50 (8th Cir. 2018) (preserved websites were not hearsay when not offered to prove the truth of matters asserted on the websites, but that a phrase was used on those websites); *Yong Ki Hong v. KBS Am., Inc.*, 951 F. Supp. 2d 402, 421 (E.D.N.Y. 2013) ("The Court emphasizes that it refers to these [online] articles not as evidence of the truth of the statements they report, but as evidence of the fact that the alleged price-fixing scheme was public knowledge.").

### B. The GETTR Posts Are Admissible

The defense also objects to the admission of two GETTR videos posted by @milesguo, the defendant's own GETTR account: GXC461-V and GXGTR15. The reasoning articulated above applies to these GETTR posts with equal force; they are also offered not for their truth, but for the fact that they contain false statements and misrepresentations. Accordingly, these posts are admissible. Even assuming *arguendo* these posts were offered for the truth of matters asserted in the posts, the posts constitute statements of an opposing party and may be admitted for their truth.

1. GXC461-V

GXC461-V is one of the defendant's broadcasts, which the defendant posted using his GETTR account. During a portion of the broadcast, the defendant displayed on the screen several still images that explain the A10 scheme. As above, none of these statements are offered for their truth, and definitionally do not constitute hearsay. Moreover, the Court has already held that evidence of A10 scheme is "admissible as direct evidence of the charged offenses." Dkt. 319 at 6. Accordingly, this exhibit is admissible.

2. GXGTR15

GXGTR15 is a GETTR post that the defendant posted from his "@milesguo" account on January 5, 2023. The defendant posted a video, in which a Farm leader states, among other things: "I found when I joined the farm so many workaholics in the farm. I feel so stressful though. I feel like everyone's enthusiasm to take down the CCP and the enthusiasm to make money is very high."

---

[4] This fact—along with the fact that GNews was run by the defendant's Farms and the posts were by Farm members—would also allow admission of the articles for their truth under Federal Rule of Evidence 801(d)(2)(D), as statements made by the defendant's agents on a matter within the scope of their relationship with the defendant and/or while that relationship existed. But the Government is not offering these Exhibits for their truth, so the Court need not reach this issue.

For the reasons stated above, this post is admissible for the fact that it was made, not for the truth of what is asserted.

\* \* \*

For the reasons outlined above, the Court should admit the contested GNews and GETTR posts.

                    Respectfully submitted,

                    DAMIAN WILLIAMS
                    United States Attorney

By: /s/
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314