UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>MILES GUO et al<br><br>Defendants. | Case No. 23-cr-00118 (AT) |

**MEMORANDUM OF LAW IN SUPPORT OF NICKIE DAVIS
MOTION TO QUASH SUBPOENA**

Non-party Nickie Davis respectfully moves pursuant to Federal Rules of Civil Procedure 45(d)(3) to quash the subpoena served on her on May 15, 2024 by Defendant Miles Guo.

BACKGROUND

Nickie Davis, a resident of the State of Hawaii, residing in the City of Los Angeles, County of Los Angeles, is a non-party to the above captioned matter of the *U.S. v. Miles Guo et al*. Ms. Davis is currently under the custody of the United States Bureau of Prisons, and currently under confinement at a reentry home designated by the BOP in the City of Los Angeles. On May 15, 2024, Defendant Guo served the Subpoena to Appear at Trial on Ms. Davis at her residence in Los Angeles, California. Ms. Davis is not a resident of the State of New York, nor does she reside within the State of New York.

The subpoena has requested Ms. Davis to appear at trial before the United States District Court, Southern District of New York on May 22, 2024, along with "Document Requests" seeking information specifically pertaining to alleged emails between Ms. Davis and other third parties. Ms. Davis does not live within 100 miles of the State of New York, further Ms. Davis is not free to move freely about as she is still under the custody of the BOP and Defendant Guo has not obtained permission from the BOP for her travel out of the State of California, and finally the cost to travel to appear at trial in New York City, New York, for an unknown amount of days plus food and lodging would be an absolute financial burden to her.

## LEGAL STANDARD

Under Rule 45, the Court "for the district where compliance is required must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). With respect to the Subpoena, "the district where compliance is required" is the Southern District of New York, where S&C resides. *See* Fed. R. Civ. P. 45(c)(2)(A) (providing that subpoena must seek compliance "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person"); *Imig, Inc.* v. *Steel City Vacuum Co.*, 2023 WL 141202, at *1 (2d Cir. Jan. 10, 2023) (noting that subpoenas issued from Eastern District of New York sought compliance from Pittsburgh-based respondent in Pittsburgh, "presumably because . . . [the issuing party] understood Rule 45(c) to require the place of compliance to be within 100 miles of where . . . [respondent] resided and/or regularly transacted business").

## ARGUMENT

I. **THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IS UNDULY BURDENSOME AND HARASSING.**

Defendant Guo cannot carry their burden to demonstrate that the Subpoena is even minimally compliant with Fed. R. Civ. P. 45(c)(2)(A). Defendant Guo cannot deny that he caused Ms. Davis to be served at her residence in Los Angeles, California, which is well beyond 100 miles

-2-

from the Southern District of New York court house. Furthermore, Defendant Guo and his counsel failed to contact the BOP to seek permission to request that Ms. Davis appear at this out-of-state trial location in the SDNY. Finally, Ms. Davis who was recently released to a reentry home, from her confinement at the Federal Detention Center, Honolulu does not have the means to cover the significant expense of such a trip and it would be greatly burdensome. Defendant's failure entitles Ms. Davis to an order quashing the subpoena, even without a demonstration of burden. Ms. Davis nonetheless briefly sets forth Defendant's attempts to burden and harass Ms. Davis in order to underscore Ms. Davis's need for relief.

"In determining whether a subpoena subjects a witness to undue burden, a court must 'balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Macklin*, 2022 WL 4592803, at *15; *see also Cohen* v. *Group Health Inc.*, 2022 WL 4534552, at *3 (S.D.N.Y. Sept. 28, 2022) (recognizing "a special concern about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests"). Ms. Davis is plainly entitled to relief under that standard. Defendant Guo served the Subpoena without any good-faith basis to believe that Ms. Davis would be able to appear or would possess responsive information.

"Demanding compliance" with the Subpoena thus would serve only to force Ms. Davis to travel over 3,000 miles to appear before a U.S. District Court located in New York, New York, by way of a non-compliant subpoena. Critically, any relief short of quashing the subpoena in its entirety would not protect Ms. Davis from undue burden and expense. Furthermore, Ms. Davis is not free to simply go where she pleases, as she is still under the custody of the BOP, and while she is no longer confined to a federal penitentiary, she is still confined to the reentry home in which she was assigned. Any attempt to travel out of the state without the permission of the BOP, would lead to grave consequences for Ms. Davis. On that basis the Subpoena must be quashed.

-4-

## CONCLUSION

For the foregoing reasons, Ms. Davis respectfully requests that the Court enter an order quashing the Subpoena in its entirety.

| | |
|---|---|
| Dated: May 21, 2024 | Respectfully submitted,<br>　*/s/ Nickie Davis*　<br><br>Nickie Davis<br>5520 Harold Way<br>Los Angeles, CA 90028<br>In Pro Per |