# ALSTON & BIRD

90 Park Avenue
New York, NY 10016
212-210-9400 | Fax: 212-210-9444

E. Scott Schirick  Direct Dial: 212-905-9032  Email: scott.schirick@alston.com

May 28, 2024

<u>Via ECF</u>

The Honorable Analisa Torres
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *United States v. Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

Defendant Miles Guo respectfully submits this letter in opposition to the government's letter motion (Dkt. No. 352, the "Letter"), dated May 27, 2024, seeking to admit into evidence fifty-one preserved copies of online posts made by unidentified third parties on GNews and GETTR. The government's Letter is yet another motion for reconsideration masquerading as a new request for relief, seeking to elide the Court's May 2, 2024 Order on the parties' motions *in limine* (Dkt. 319 the "MIL Order"). As a threshold matter, the only conceivable relevance of the proposed exhibits turns on whether the statements in those documents can fairly be attributed to (i) Mr. Guo or (ii) an alleged co-conspirator. But the government has yet to make the factual showing required to establish that the exhibits in question fall in either category. Nor should the Court give credence to the government's assertion that the exhibits can come in simply because they are not being offered for their truth. Even if that were the case—which is far from clear— the authority cited by the government establishes that the statement must still be attributable to Mr. Guo. Accordingly, the Court should hew to the standard it set for admitting co-conspirator or agent statements set forth in the MIL Order and deny the government's motion.

1. **The GNews Exhibits Are Summaries Created by Unidentified Third Parties**

As the government acknowledges, most of the exhibits it seeks to introduce are English language summaries of Mandarin language broadcasts, news posts, and other articles posted online, predominantly on GNews. The government does *not* intend to introduce the corresponding original videos as exhibits, and instead seeks a shortcut to

Alston & Bird LLP   www.alston.com

Atlanta | Beijing | Brussels | Charlotte | Dallas | Fort Worth | London | Los Angeles | New York | Raleigh | San Francisco | Silicon Valley | Washington, D.C.

introduce—without foundation or connection—the purported third-party authored "summaries" directly into evidence. Certain of the summaries—including, for example, weekly updates on the trading price of HCN and HDO—do not even purport to translate, summarize or restate things said by Mr. Guo.

Critically, the "summary" articles posted on GNews are at least two layers removed from any of Mr. Guo's alleged statements. *First*, the exhibits in question, authored by third parties, are supposed partial English-language translations of Mr. Guo's Mandarin live streams. *Second*, the partial translations were then summarized and edited, in many cases by yet another individual or individuals. Whether, in a given case, the summarization followed the translation or the translation followed the summary—or whether they both were done at the same time by the same person—we do not know. For example, Exhibit GXC320, a GNews post, appears to have been created by a user with the handle "Naughty," which in turn was translated by "Sania" of the "MOS Translation Team." The English language summary includes broad statements, such as "Miles Guo elaborated the core functions and significance of HPay in a live broadcast on February 2nd." In another example, Exhibit GXC405, a GNews post titled "Highlights of Mr. Miles Guo's Live Broadcast," was posted by a user with the handle "Stay," and was translated by the "MOS Translation Team." That post contains statements like "Google blocked keywords related to Miles Guo."[1] These exhibits thus plainly are (1) translations (2) of third-party posts, which (3) have been edited or summarized. As a result, it is far from clear that any of the statements in the summaries can be properly attributed to Mr. Guo. Instead, the articles should be understood for what they are—out of court statements made by third parties.

### 2. Whether the Summaries Are Offered for their 'Truth' Is Irrelevant

The government seeks to introduce the exhibits because it contends that the GNews summaries are "probative of the defendant's scheme to deceive his followers and investors, and also constitute evidence of the RICO conspiracy." (Letter at 4.) But the government's argument only follows if one assumes that the summaries either accurately reflect Mr. Guo's statements or were otherwise statements by co-conspirators. The government previously sought to introduce similar third-party statements, which the Court rejected. (MIL Order at 5.) As the Court noted then, in order for such statements to be admissible, the government must first establish "specific statements or . . . details about the purported agency and employment relationships" of the individuals in question.  (*Id.*) The admissibility of any evidence "cannot be applied in the abstract [and rather] must turn on characteristics of the particular items of evidence and the purposes for which they are offered." (*Id.* (quoting *United States v. Bankman-Fried*, No. 22 Cr. 673, 2023 WL 6283509, at *3 (S.D.N.Y. Sept. 26, 2023)).)

At the very least, the government would be asking the jury to infer from these proposed exhibits that Mr. Guo made the statements that the summaries attribute to him, *regardless of the truth of the statement*. The statements simply would not be relevant under Fed. R. Evid. 401 otherwise. The government has not yet laid the proper foundation to tie

---

[1] Many of the exhibits are even further removed from Mr. Guo.  For example, GXC373 purports to be an English transcript of an interview of government witness Jesse Brown, which contains *no* statements attributed to Mr. Guo.  Although the government has withdrawn its request as to certain videos of individuals other than Mr. Guo, the government continues to seek to introduce purported transcripts that have no apparent nexus to Mr. Guo.

these third-party statements to Mr. Guo. Nor can the government do so in some generalized fashion, as the Court recognized when it ruled that such admissibility decisions cannot be made "in the abstract." *Id.*

### 3. The Government's Cases Are Inapposite

In support of its contention that it is not offering the contested summary exhibits for the truth, the government offers boilerplate argument that statements offered to prove falsity are non-hearsay. (Letter at 2-3.) But the government's authority is inapposite because, in those cases, the courts found that the statements at issue had been made or adopted by defendants or their co-conspirators. *See, e.g. SEC v. AT&T, Inc.* 626 F. Supp. 3d 703, 737 (S.D.N.Y. 2022) (admitting party opponent statements); *United States v. Wellington*, 754 F.2d 1457, 1464 (9th Cir. 1985) (affirming admission of false representations made by sales people employed by defendants); *United States v. Saavedra* 684 F.2d 1293, 1297–98 (affirming admission of co-conspirator statements); *Oteng-Amoaka v. HSBC Bank USA*, No. 13 Civ. 5760 (PAC) (FM), 2014 WL 7476239, at *8 (S.D.N.Y. Dec. 30, 2024) (admitting statement by defendant representative), *report and recommendation adopted*, 2015 WL 2399847 (S.D.N.Y. May 19, 2015); *United States v. Anyanwu*, 449 F. App'x 639, 641 (9th Cir. 2021) (affirming admission of party statement); *United States v. Jing Jing Hojsak*, 395 F. App'x 457, 459 (9th Cir. 2010) (finding error where court excluded fraudulent invoices submitted by defendant on hearsay grounds). In these cases, unlike here, the government established a connection between the false statement that was admitted and a statement or action made by a defendant.

Without an established factual nexus between the out-of-court declarant's statement and Mr. Guo, it is unclear how or why the purported "falsity" of a statement is relevant. For example, even assuming, *arguendo*, that GNews user "Naughty's" post (GXC320) was false, unless it was made at the direction of Mr. Guo, the falsity of that statement has no bearing on this action. Thus, contrary to its facile assertion that it offers the challenged exhibits to establish falsity, the government's actual intent is to establish that the statements in the exhibits should be attributed to Mr. Guo—notwithstanding the MIL Order's requirement that the government first show the necessary agency relationship.

For these reasons, the Court should adhere to its earlier reasoning and Order and, accordingly, deny the Government's Letter motion.

Respectfully submitted,

**ALSTON & BIRD**

By: _____
E. Scott Schirick

cc: Counsel of record (via ECF)