

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

May 29, 2024

**VIA ECF**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Guo*, Case No. 1:23-cr-00118-1 (AT)

Dear Judge Torres:

We write regarding the government's persistent hearsay objections during defense counsel's cross-examination of witnesses at trial. The government's repeated position at sidebar has been that whenever a witness is asked to recount a statement made by Mr. Guo, that testimony should be barred as hearsay. (*See*, *e.g.*, Tr. 334:21-24). The government has further stated that, as a result, the only way such evidence should come in is through Mr. Guo's testimony. (*Id*.). That is wrong as a matter of law—there are a number of ways that a defendant's out-of-court statement can come into evidence even if elicited from a witness other than the defendant himself. *See United States v. Detrich*, 865 F.2d 17, 20 (2d Cir. 1988) ("No statement is inherently hearsay. Whether or not a statement is hearsay depends upon what use the offeror intends the fact-finder to make of it.").

*First*, for the hearsay bar to be implicated in the first place, the statement must be proffered for the truth of its content. Federal Rule of Evidence 801(c) defines as hearsay only those statements that "the declarant does not make while testifying at the current trial or hearing" that "a party offers in evidence to prove the truth of the matter asserted in the statement." Thus, for example, in *United States v. Kohan*, the Second Circuit reversed a defendant's conviction where the trial court excluded testimony from a defense witness about conversations the witness had with the defendant. 806 F.2d 18, 22 (2d Cir. 1986). The court explained that the proffered testimony was not hearsay because it had not been offered for the truth of the substance of the conversations, but rather for the impact of the statement on the defendant. *See id*. at 21–22. The same is true here. If the testimony defense counsel seeks to elicit from a government witness through cross-examination is not being offered ultimately for the truth, then the hearsay rules do not bar its admission. Thus, for example, if defense counsel seeks to elicit testimony that Mr. Guo

PRYOR CASHMAN LLP

May 29, 2024
Page 2

participated in a conversation concerning the misuse of funds—not to show that there was misuse of funds, but rather simply that Mr. Guo was trying to investigate the misuse of funds—then, definitionally, that testimony is not hearsay.

*Second*, directions or instructions do not qualify as "statements" under Federal Rule of Evidence 801(a).  Thus, in *United States v. Dawkins*, the Second Circuit found that the trial court erred in concluding that proffered testimony from defense witnesses that they overheard a third party say "do not accept money from these people" was hearsay.  999 F.3d 767, 789 (2d Cir. 2021).  The court noted that such a statement "was an order, *i.e.*, an imperative rather than a declarative statement, and it was offered not for its truth, but for the fact that it was said." *Id*.; *see also United States v. Bellomo*, 176 F.3d 580, 586 (2d. Cir. 1999) ("Statements offered as evidence of commands . . . rather than for the truth of the matter asserted therein, are not hearsay.").  In the same vein, testimony that Mr. Guo asked his fellow movement members to undertake a certain course of action, such as contacting the authorities, is not hearsay, if offered simply to show that Mr. Guo made that request.

*Third*, even if a statement could arguably be construed as hearsay, it may still be admitted under a hearsay exception to show the defendant's state of mind.  Fed. R. Evid. 803(3).  For example, in *United States v. DiMaria*, the Second Circuit reversed a conviction where the trial court precluded defense counsel from eliciting testimony from an FBI agent that, as the agents approached the defendant, the defendant stated "I thought you guys were just investigating white collar crime; what are you doing here?  I only came here to get some cigarettes real cheap." 727 F.2d 265, 270 (2d Cir. 1984).  The trial court excluded the proposed testimony as hearsay. *Id*.  The Second Circuit held this was error, however, because the statement was "not offered to prove that the cigarettes were not stolen cigarettes but only to show that DiMaria did not think they were." *Id*. at 271.  *See also United States v. Lawal*, 736 F.2d 5, 9 (2d Cir. 1984) (trial court erred in precluding questions to DEA agents regarding statements defendant made while detained, as such statements reflected the defendant's state of mind).  Similarly, in this case, if the proffered testimony is not intended to prove the truth of the statement, but to show Mr. Guo's then-existing state of mind, then the hearsay prohibition should not bar the testimony.

*Fourth*, the government's repeated claim that testimony concerning a defendant's out-of-court statement should only come in through the defendant's testimony has no basis in law.  Initially, *Kohan*, *Dawkins*, and *DiMaria* all involved statements by witnesses other than the defendant.  *Kohan*, 806 F.2d at 21–22 (error to preclude testimony from non-defendant witness as hearsay); *Dawkins*, 999 F.3d at 789 (same); *DiMaria*, 727 F.2d at 270 (same).  And, in each of those cases, the Second Circuit concluded that excluding the statements on hearsay grounds was error, and in *Kohan* and *DiMaria* specifically, that it was reversible error.  *Kohan*, 806 F.2d at 24; *DiMaria*, 727 F.2d at 272.  Moreover, any contention that this would prejudice the government because it could not cross-examine the defendant is baseless.  As the Second Circuit explained in *Dietrich*, "when the statement is offered to show [a defendant's] state of mind, [the defendant's] credibility is not at issue." 865 F.2d at 21.  As a result, when the defendant's out-of-court statement

**PRYOR CASHMAN LLP**

May 29, 2024
Page 3

is offered to prove the defendant's state of mind, cross-examination of the defendant is not required. *See id.* Finally, to the extent the government contends such statements are self-serving statements of the defendant then, as the Second Circuit stated in *DiMaria*, the proper solution is not preclusion of the testimony, but rather is allowing the jury to decide whether to credit the statement. *See* 727 F.2d at 271 (rejecting government's argument that state-of-mind testimony was a false exculpatory statement and stating that "its truth or falsity was for the jury to determine").

Through this letter, Mr. Guo is not asking the Court to reconsider any of its prior rulings (although he continues to preserve his prior objections). The defense also remains mindful of the Court's holding that it cannot decide the admissibility of evidence "in the abstract." (Order, Dkt. No. 319, at 5). Given, however, that the government continues to make hearsay objections based on the same apparent misapprehension of the hearsay rules, this issue will continue to come up during throughout trial. We therefore submit this letter to make the defense's position clear and to hopefully streamline sidebars during cross-examination.

Respectfully submitted,

/s/ Sidhardha Kamaraju

| | |
|---|---|
| Sabrina P. Shroff | Sidhardha Kamaraju |
| 80 Broad Street, 19th Floor | Matthew S. Barkan |
| New York, NY 10004 | PRYOR CASHMAN LLP |
| (646) 763-1490 | 7 Times Square |
| sabrinashroff@gmail.com | New York, NY 10036 |
| | (212) 421-4100 |
| E. Scott Schirick | skamaraju@pryorcashman.com |
| ALSTON & BIRD LLP | mbarkan@pryorcashman.com |
| 90 Park Avenue | *Attorneys for Miles Guo* |
| New York, NY 10016 | |
| (212) 210-9400 | |
| scott.schirick@alston.com | |

cc: All counsel (via ECF)