

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 2, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

The Government respectfully submits this letter (i) in response to the defendant's letter regarding hearsay objections, dated May 29, 2024 (Dkt. 368); *see also* Tr. 578 (inviting the Government to submit a response); and (ii) regarding the admissibility of hypothetical questions posed to witnesses other than victims. *See* Tr. 975 (requesting authority from the Government on the issue).

    **I.**    **Hearsay**

In response to the defendant's letter concerning hearsay objections, the Government has outlined below principles applicable to the evidentiary issues raised by the defense.

    A.  <u>Absent an Exception, Out of Court Statements May Not Be Offered for their Truth</u>

"Generally, a statement made by a person while not testifying at the current trial, offered by that person to prove the truth of the matter asserted in his statement, is hearsay." *United States v. Gupta*, 747 F.3d 111, 131 (2d Cir. 2014) (citing Fed. R. Evid. 801(a)-(c)). "Hearsay generally is inadmissible if it does not fall within an exception provided by Rule 803 or 804." *Id.* (citing Fed. R. Evid. 802). Trial courts enjoy broad discretion to decide evidentiary issues, *United States v. Khalil*, 214 F.3d 111, 122 (2d Cir. 2000), and the Second Circuit has made clear that it will not deem that a trial court has abused its discretion in making an evidentiary ruling absent the conviction that the judge acted "in an arbitrary and irrational fashion," *United States v. Dhinsa*, 243 F.3d 635, 649 (2d Cir. 2001).

    B.  <u>Statements Not Offered for the "Truth of the Matter" Asserted</u>

A statement qualifies as "hearsay" only if "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Determining whether a party seeks to offer a statement *for its truth* "depends upon what use the offeror intends the factfinder to make of it." 30B Fed. Prac. & Proc. Evid. ("Wright & Miller") § 6718 (2024 ed.) (citation omitted). "If the hearsay rule is to have any force, courts cannot accept without scrutiny an offering party's

representation that an out-of-court statement is being introduced for a material non-hearsay purpose. Rather, courts have a responsibility to assess independently whether the ostensible non-hearsay purpose is valid." *United States v. Sallins*, 993 F.2d 344, 346 (3d Cir. 1993). Resolving whether a statement's purpose is not offered for its truth is fact dependent. One guidepost for trial courts is that "an out-of-court statement is not hearsay if it is relevant regardless of its truth." *Ira Green, Inc. v. Mil. Sales & Serv. Co.*, 775 F.3d 12, 19 (1st Cir. 2014); *see also United States v. Johnson*, 529 F.3d 493, 500 (2d Cir. 2008) ("out-of-court statement is not necessarily barred by the hearsay rule if it is offered to prove relevant facts other than the truth of what was asserted in the statement").

Generally, questions and commands are not offered for their truth. However, deciding whether any particular question or command is not offered for its truth requires a statement-specific inquiry. For example, "a question – 'did you also go to the movies?' – can easily constitute hearsay if offered to prove that the speaker went to the movies." Wright & Miller § 6726. In such a scenario, that question would primarily be offering an assertion of fact. Thus, whether a question is a statement for its truth depends on "whether an assertion was intended" when the question is posed. *Id.* The same analysis applies to commands. *Id.*; *see also United States v. Bellomo*, 176 F.3d 580, 586 (2d Cir. 1999) ("Statements offered as evidence of commands . . . rather than for the truth of the matter asserted therein, are not hearsay."). With respect to offering assertions to show their effect on a listener, the same considerations are apparent. *See* Wright & Miller § 6583 ("Easy to apply, this nonhearsay theory is just as easily abused.") "[I]nvocation of 'effect on listener' should not end the analysis; rather, it serves as only the starting point for an assessment of the statement's relevancy and probative value for a statement's use that does not implicate its truth." *Id*.

Where an assertion can be offered for multiple purposes, a limiting instruction can direct a jury to rely on the assertion for the proper non-hearsay purpose. Fed. R. Evid. 105. Before admitting an assertion that can serve multiple purposes, including improper ones, courts should consider whether a limiting instruction could reasonably be followed by a jury and, if not, exclude the statement. *See* Wright & Miller § 6718 ("To the degree the jury will be unable to follow the instruction, that inability is a factor supporting exclusion of the statement. Importantly, exclusion in that circumstance would ultimately be grounded in Federal Rule of Evidence 403, and not in Federal Rule of Evidence 802's hearsay prohibition."). "[T]he mere identification of a relevant non-hearsay use of such evidence is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice. . . . The greater the likelihood of prejudice resulting from the jury's misuse of the statement, the greater the justification needed to introduce the . . . evidence for its non-hearsay uses." *United States v. Reyes*, 18 F.3d 65, 70 (2d Cir. 1994). This concept is an extension of the Rule 403 standard. Indeed, out of court assertions of any sort are not admissible if "the probative value of [the] evidence for its non-hearsay purpose is outweighed by the danger of unfair prejudice resulting from the impermissible hearsay use of the declarant's statement." *United States v. Kaiser*, 609 F.3d 556, 573 (2d Cir. 2010).

C. <u>Rule 803(3) - Then-Existing Mental, Emotional, or Physical Condition Exception</u>

Rule 803 provides a hearsay exception for "[a] statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to

prove the fact remembered or believed . . . ." Fed. R. Evid. 803(3). Thus, in order to be admissible under Rule 803(3), a statement must be (a) an expression of, and (b) contemporaneous with, the declarant's *then*-existing state of mind.

The requirement that the state-of-mind statement be contemporaneous with the declarant's then-existing mental state reduces the declarant's chance for reflection and, therefore, misrepresentation. *See United States v. Cardascia*, 951 F.2d 474, 488 (2d Cir. 1991) ("the reasons for the state of mind exception focus on the contemporaneity of the statement and the unlikelihood of deliberate or conscious misrepresentation"); *United States v. Farhane*, 634 F.3d 127, 171 (2d Cir. 2011) (Raggi, J., concurring) ("the statement must evidence the declarant's '*then* existing state of mind,' a circumstance presumed to reduce a declarant's chance for reflection and, therefore, misrepresentation" (emphasis in original)); *United States v. Naiden*, 424 F.3d 718, 722 (8th Cir. 2005); *United States v. Macey*, 8 F.3d 462, 467 (7th Cir. 1993). "Only *statements about what the declarant is feeling* at the time the statement is made can be admitted under the rule. In other words, qualifying statements must concern what the declarant 'was thinking in the present.'" Wright & Miller § 6834 (emphasis added). "The exclusion of 'statements of memory or belief to prove the fact remembered or believed' is necessary to avoid the virtual destruction of the hearsay rule which would otherwise result from allowing state of mind, provable by a hearsay statement, to serve as the basis for an inference of the happening of the event which produced the state of mind)." Fed. R. Evid. 803(3) notes of Advisory Comm. (quoting *Shepard v. United States*, 290 U.S. 96, 54 (1933)).

Where a party offers a statement of state of mind made on one occasion as evidence of state of mind on later occasions, trial courts must determine whether the "statement is part of a continuous mental process and therefore admissible under the present state of mind exception." *United States v. Cardascia*, 951 F.2d at 488. "Whether a statement is part of a continuous mental process and therefore admissible under the present state of mind exception" is "a question for the trial court." *Id*. Relevant factors to be considered by the trial court in determining whether contemporaneity is satisfied include "any indications as to whether the proffered statement was made in good or bad faith," "what the statement itself actually says about the declarant's state of mind and how clearly, the lapse of time between the statement and the conduct for which *mens rea* is at issue in the case, and any intervening life events or statements by the declarant signaling a possible break in mental process or change of mind." *United States v. Farhane*, 634 F.3d at 173 (Raggi, *J.*, concurring) (citing 4 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 8:71, at 604 (3d Ed. 2007)).

Even if a statement falls within Rule 803(3), "the fact that a statement falls within an exception to the hearsay rule does not mean that the statement is not to be classified as hearsay; nor does it mean that the statement is automatically admissible. It means simply that the statement--assuming that the criteria specified in the exception are met--is 'not excluded by the rule against hearsay.'" *Gupta*, 747 F.3d at 131 (quoting Fed. R. Evid. 803, 804(b)). "The court retains its normal discretion to exclude the evidence on other grounds such as lack of relevance, *see* Fed. R. Evid. 402, improper purpose, see, e.g., Fed. R. Evid. 404, or undue prejudice, *see* Fed. R. Evid. 403." *Gupta*, 747 F.3d at 131 (internal quotation marks omitted).

D. Statements of the Defendant and the Rule of Completeness

Pursuant to Federal Rule of Evidence 801(d)(2)(A), a defendant's out-of-court statement is not hearsay when offered by the Government. *See* Fed. R. Evid. 801(d)(2)(A) ("A statement . . . is not hearsay [if] . . . [it] is offered against an opposing party and . . . was made by the party . . . ."); *see, e.g., United States v. Marin*, 669 F.2d 73, 84 (2d Cir. 1982) ("[U]nder Rule 801(d)(2)(A)," a defendant's statement offered by the Government "is not hearsay, because it is simply a statement of the opposing party."). The defendant, however, does not have a parallel ability to offer his own statement into evidence. "When the defendant seeks to introduce his own prior statement for the truth of the matter asserted, it is hearsay, and it is not admissible." *Id.*; *see also United States v. Yousef*, 327 F.3d 56, 153 (2d Cir. 2003) (holding that defendant "could have testified to everything asserted in his statement, [but] he could not offer the document itself for the truth of the matter asserted").

Notwithstanding the hearsay bar, a defendant may in some circumstances invoke the "rule of completeness" to require the introduction of additional portions of his own out-of-court statement, when the Government offers excerpts of that statement. *See* Fed. R. Evid. 106. "Under this principle, an omitted portion of a statement must be placed in evidence *if necessary* to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion. . . . The completeness doctrine does not, however, require the admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (emphasis added). The "'rule of completeness' . . . is violated 'only where admission of the statement in redacted form distorts its meaning or excludes information substantially exculpatory of the declarant.'" *Marin*, 669 F.2d at 84; *see also United States v. Benitez,* 920 F.2d 1080, 1086-87 (2d Cir. 1990). As such, "the rule of completeness is not a mechanism to bypass hearsay rules for any self-serving testimony." *United States v. Gonzalez*, 399 F. App'x 641, 645 (2d Cir. 2010); *United States v. Lumiere*, 249 F. Supp. 3d 748, 758 (S.D.N.Y. 2017) ("[The] statement . . . 'offer[ed] context only insofar as they represent[ed] [the defendant's] self-serving attempts to shoehorn after-the-fact justifications for his actions into his descriptions of his actions. This is not the type of material envisioned by Rule 106.'" (quoting *United States v. Lesniewski*, No. 11 Cr. 1091 (VM), 2013 WL 3776235, at *5 (S.D.N.Y. July 12, 2013)); *United States v. Jackson*, 180 F.3d 55, 73 (2d Cir. 1999) (defendant could not offer tape recording consisting largely of his own self-serving out-of-court statements).

Ultimately, the burden rests with the defendant to demonstrate that the portions of the statement he seeks to offer are necessary to clarify or explain the portions of any statement the Government has offered. *See United States v. Glover*, 101 F.3d 1183, 1190 (7th Cir. 1996) ("[T]he proponent of the additional evidence sought to be admitted must demonstrate its relevance to the issues in the case and must show that it clarifies or explains the portion offered by the opponent.").

E. Analysis

In his May 29, 2024 letter and during in-court arguments, Guo points to several examples of his out of court statements and contends they are admissible for non-hearsay purposes.

*First*, during a colloquy with the Court last week, the Court inquired why the defendant should be able to elicit an out of court statement by a witness where "[t]he witness says, 'Mr. Guo

said we should investigate the misuse of funds.'" (Tr. 571.) Defense counsel stated that such a statement was offered as "evidence of the impact that another statement had on [Guo]. That's not being offered for the truth; that's being offered for solely the reaction that it caused in Mr. Guo." (*Id*.) The other statement under discussion was witness testimony that during a meeting accusations were discussed "that UK David — that's David Dai . . . was misusing the funds." (Tr. 386.) During trial, the Court permitted the defense to question "whether there were any other accusations" but not to explore the subject further. (Tr. 387, 390.) The Court's decision was correct. That accusations were made in Guo's presence placed him on notice of misuse of funds, which is potentially a permissible non-hearsay purpose for the admission of those statements. In his letter, however, Guo asserts that he is entitled to introduce *both* the statements made to him (which put him on notice) *and his response* to those statements to show "Mr. Guo was trying to investigate *the misuse of funds*." Dkt. 368, at 2 (emphasis added). However, Guo goes too far. Introduction of the defendant's response would be improper because the statement relies on an assertion offered for its truth—*i.e.* that there was a "*misuse of funds*" that Guo sought to investigate. Dkt. 368, at 2 (emphasis added). Furthermore, even if that assertion could be appropriately considered by a jury with a limiting instruction, Guo's assertion that he was "trying to investigate" is not admissible as "evidence of the impact," Tr. 571, under the Rule 803(3) exception because it is not a "statement[ ] about what the declarant *is feeling* at the time the statement [was] made." Wright & Miller § 6834 (emphasis added).

*Second*, Guo seeks to introduce "commands" that "Mr. Guo asked his fellow members to undertake a certain course of action." Dkt. 368, at 2. As explained above, commands may be offered for a non-hearsay purpose, but whether an assertion is offered for an appropriate purpose is difficult to examine in the abstract. A command such as "investigate David Dai's misuse of funds" is an assertion—Dai is misusing funds—cloaked in a command "to investigate." *See* Wright & Miller § 6726. The Court is well within its discretion to exclude such improper testimony.

*Third*, the defendant contends that statements concerning his state of mind are admissible. As a general concept, that is correct. But the defense claiming a statement reflects Guo's state of mind does not make it so. "[C]ourts cannot accept without scrutiny an offering party's representation that an out-of-court statement is being introduced for a material non-hearsay purpose. Rather, courts have a responsibility to assess independently whether the ostensible non-hearsay purpose is valid." *Sallins*, 993 F.2d at 346. The Court should continue to evaluate on a case-by-case basis whether out of court assertions by the defendant in fact represent his *then-existing state of mind* or whether the statements admission serves an improper purpose.

## II.     Hypothetical Questions to Non-Victims

The Government respectfully requests that it be permitted to pose appropriate hypothetical questions to witnesses, including non-victims. Such questions are permitted under the Court's prior ruling and Second Circuit precedent.

On April 29, 2024, this Court denied co-defendant Wang's motion seeking to preclude the Government from "asking investors or other witnesses general hypothetical questions, such as 'would you have liked to know [x]' or 'would [x] have been important to you,' without reference to alleged promises or statements that were actually made to investors or others in connection with alleged investments at issue." (Dkt. 311, at 13.) Relying on *United States v. Cuti*, this Court held

that "when 'hypothetical questions utilize[] facts that ha[ve] been independently established in the record,' '[a] witness may testify to the fact of what he did not know and how, if he had known that independently established fact, it would have affected his conduct or behavior.'" *Id*. (quoting *United States v. Cuti*, 720 F.3d 453, 459 (2d Cir. 2013). Thus, this Court found that the Government is free to "ask witnesses hypothetical questions that fall within the *Cuti* framework." *Id*.

In *Cuti*, the Second Circuit upheld the admission of testimony from two accountants who testified at trial about "how they had accounted for the proceeds from the fraudulent transactions; how they would have accounted for the transactions had they been aware of the full facts; and how the material information that was withheld from them led to misstatements in the company's financial statements." 720 F.3d at 456. The Court held that such testimony "was properly admitted as factual testimony," and "alternatively h[e]ld that it [was] admissible as lay opinion." *Id.* at 459.

Hypotheticals to Hayman fall within the *Cuti* framework and are consistent with the Court's prior order. Whether, and to what extent, Hayman's process would have differed had Guo and co-conspirators been truthful about the source of the money "are especially useful to elicit testimony about the impact of fraud," which makes the questions relevant. *Id*. at 459. Moreover, the defense is free to challenge a Hayman witness's assertions regarding the impact of the false statements. *Id*. ("nothing in the prosecution's questions or in the answers they elicited that prevented the defense from challenging the factual accuracy of the disputed testimony"). Separately, the testimony is proper Rule 701 opinion testimony. *Id*.

The relevance of the hypotheticals is also apparent should the Government argue that the scheme to defraud could be proved solely from the false statements made to Hayman (as opposed to false statements to victims). Such a legal framework is permitted in this Circuit because "wire fraud does not require convergence between the parties intended to be deceived and those whose property is sought in a fraudulent scheme." *United States v. Greenberg*, 835 F.3d 295, 306 (2d Cir. 2016). That is, the wire fraud statute does not "suggest[ ] that the scheme to defraud must involve the deception of the same person or entity whose money or property is the object of the scheme. To the contrary, . . . the statutory language in both the mail and wire fraud statutes 'is broad enough to include a wide variety of deceptions intended to deprive another of money or property.'" *Id*. (citation omitted). Thus, in *Greenberg* the Second Circuit upheld the defendant's wire fraud conviction even though he was alleged to have lied to "the issuing banks and credit card processors" as opposed to his "customers" whose money the defendant obtained. *Id*. at 305. The Government can prove its wire fraud charges by demonstrating that the defendant and his co-conspirators lies to Hayman Capital were in furtherance of the scheme to defraud, provided such lies were material. To demonstrate the lies to Hayman were material, the Government should be permitted to ask hypothetical questions to Hayman employees about whether they would have

acted differently had Guo and his co-conspirators provided truthful information about their source of funds.

                Respectfully submitted,

                DAMIAN WILLIAMS
                United States Attorney

By: /s/
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314