

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 13, 2024

**VIA Email & ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *United States v. Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

      The Government writes in reply to the defendant's June 12, 2024 letter.

      *First*, the Government has never intended to ask Roberts his opinion "whether HCN and HDO are cryptocurrencies" or "whether the Himalaya Exchange is a cryptocurrency exchange." Dkt. 375 ("Def. Letter") at 1. Accordingly, there may not even be a dispute among the parties for the Court to resolve.

      *Second*, to the extent there is a dispute, Second Circuit law expressly permits lay opinion testimony from a civilian analyst or investigator that is "based on [his] investigation and reflected his investigatory findings and conclusions." *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181 (2d Cir. 2004) (bank investigator); *see also United States v. Rigas*, 490 F.3d 208, 222-24 (2d Cir. 2007) (financial consultant); *United States v. Tomasetta*, No. 10 Cr. 1205 (PAC), 2012 WL 1080293, at *2-3 (S.D.N.Y. Mar. 30, 2012) (securities analysts). Guo relies exclusively on cases involving case agents—law enforcement officers who participated in building the case against a trial defendant—giving their opinions from the witness stand, a different circumstance that poses a distinct potential for prejudice absent from the testimony of a businessperson unattached to the government's investigation. *See* Def. Letter at 3 (citing *United States v. Haynes*, 729 F.3d 178 (2d Cir. 2013) (CBP officer), *United States v. Cabrera*, 13 F.4th 140 (2d Cir. 2021) (DEA agent), and *United States v. Garcia*, 413 F.3d 201 (2d Cir. 2005) (DEA agent)).

      *Third*, Guo is incorrect to suggest that "Bitgo's decision to terminate its relationship with the Exchange" and its decision-making process "h[as] no relevance to the issues at trial." (*Id*. at 2.) Indeed, Guo previously has argued exactly the *opposite* in support of the relevance of his cryptocurrency expert. In briefing those *Daubert* issues, Guo told the Court that his expert will review and opine on "records related to the Himalaya Exchange's custodial arrangements and capabilities" for the purpose of testifying that the Exchange's vendor relationships are evidence of its *bona fides*. Dkt. 288 at 12 (quoting Sklar disclosure). Having asserted that the Exchange's vendor relationships—specifically, its custodial arrangements, the very services it purported to use with BitGo—are relevant to the jury's understanding of the Exchange, Guo cannot now contend that fact testimony from a percipient witness going directly to those arrangements should be

precluded. Certainly, that BitGo terminated its relationship with the Exchange and the reasons why it did so are relevant.

*Fourth*, it bears emphasizing that Roberts would be testifying about what he observed, what he was told (by the Exchange), and how that information impacted the review he conducted and informed his recommendation that BitGo terminate its relationship with the Exchange. This is not expert testimony. It is testimony of a percipient witness about his experience. *See Disability Advocs., Inc. v. Paterson*, No. 03 Civ. 3209 (NGG) (MDG), 2008 WL 5378365, at *14 (E.D.N.Y. Dec. 22, 2008) ("The Second Circuit has held that a witness's specialized knowledge does not preclude the witness from testifying under Rule 701, provided that the testimony was rooted in personal perception, regardless of whether the witness could have testified on other matters as an expert.").[1]

Accordingly, the Court should permit Mr. Roberts to testify about "his investigatory findings and conclusions" about the Himalaya Exchange, HCN, and HDO.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: __/s/_____
Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / 6612 / 2276 / 2314

---

[1] By contrast, the testimony from Steele Schottenheimer that was excluded earlier in the course of the trial was her opinion as to whether a financial product could take down the CCP. The Court determined that called for the witness "to speculate about whether an investment in the fund would have a negative impact on the Chinese Communist Party [because that] "opinion that goes beyond her work at Hayman Capital." (Tr. 783.) No similar concerns are present with respect to Roberts, as his testimony is cabined to what he learned in the course of his work at BitGo.