

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

June 14, 2024

**VIA EMAIL**

Hon. Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    <u>*United States v. Guo et al.*, Case No. 1:23-cr-00118 (AT)</u>

Dear Judge Torres:

    We write in response to the Court's order that trial next week will be held from 9:30 am to 5 pm to allow the government additional time to catch up to its previous trial estimate. The defense does not ask the Court to revisit that decision, but rather requests that the Court direct the government to supply the defense with information about the government's anticipated witness order and exhibits with sufficient time to allow the defense to prepare efficient cross-examinations.

    In particular, in pre-trial filings, the defense asked the Court to order the government to disclose its witness list by the Wednesday prior to the following trial week, particularly in light of Mr. Guo's detention. The government represented that it would disclose its witnesses and exhibits by the Saturday morning before the trial week, and the Court accepted that. Unfortunately, the government's representation has not borne out in practice. In response to the Court's admonition to the defense to be nimble, the defense has worked diligently to keep track of which witnesses the government says that it intends to call for the following week, along with what exhibits the government intends to introduce. That analysis, which is reflected in the spreadsheet attached as Exhibit A, shows that the defense is regularly left with little time to prepare for cross-examinations, which leads to, among other things, prolonged examinations. For example, the government has frequently changed this order or added additional witnesses midweek [*e.g.*, rows 13, 24, 31, and 39 of Exhibit A]. Similarly, the government has notified the defense of the exhibits it intended to admit during the testimony of certain witnesses less than 24 hours before the witness was expected to testify [*e.g.*, rows 15, 17, 20, 22, 28, 33, 36, 37, and 40]. Moreover, several of these exhibit lists—and sometimes the exhibits themselves—were only provided at the request of defense counsel [*e.g.*, rows 10, 12, 14, 27, 32, and 35]. Furthermore, the government has regularly provided final versions of its exhibits at the last minute, requiring defense counsel to operate in a



near-constant state of replacing and reorganizing government exhibits while also adjusting to the ever-changing witness order [*e.g.*, rows 3, 4, 5, 16, and 30]. Finally, as the government acknowledged yesterday, the government produced on Wednesday night more than 15,000 pages of documents that were relevant to the testimony of a witness that the government anticipated calling today and which include exculpatory information.

In response to the defense's concerns about the timeliness of the government's witness and exhibit disclosures, the government argued that those concerns could be addressed by its Saturday disclosure deadline. To be sure, the defense understands that during trial, the government's witness order may need to change for various reasons. But that should be more the exception than the rule. It has at this point become a regular practice by the government to change the witness order and disclose exhibits on the eve of the witness's testimony, leaving the defense with insufficient time to prepare for cross. And the defense further understands that if cross-examinations run longer than anticipated (as was the case with one government witness for which there were breaks due to translation issues and numerous pieces of testimony that the Court had to strike), then that can impact the trial schedule. But these issues could be ameliorated by compliance with the government's prior representations. Given the information in Exhibit A, it is clear that the government is has not complied with that mandate.

In light of the above, and so that the defense can abide by the revised schedule next week and provide adequate representations, we ask the Court to order the government to provide to the defense by 9 pm on Friday a witness list for the coming week to which it will adhere, as well as any exhibits that the government believes at that time that it intends to introduce through that week's witnesses.

Respectfully submitted,

_____
Sidhardha Kamaraju
Matthew S. Barkan
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100
skamaraju@pryorcashman.com
mbarkan@pryorcashman.com

Sabrina P. Shroff
80 Broad Street, 19th Floor
New York, NY 10004
(646) 763-1490



June 14, 2024
Page 3

          sabrinashroff@gmail.com

          E. Scott Schirick
          ALSTON & BIRD LLP
          90 Park Avenue
          New York, NY 10016
          (212) 210-9400
          scott.schirick@alston.com

          *Attorneys for Miles Guo*

Enclosures
Cc: Counsel of Record