

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 1, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

      The Government writes to briefly reply to one aspect of Guo's letter, filed earlier today, in opposition to the Government's motion to preclude certain elements of the defense case.

      Throughout the trial, the defense has clung to *Untied Stats v. Litvak* as a panacea justifying their repeated inquiries into the sophistication of and diligence done by investors in the defendant's investment "opportunities." *Litvak* stands for the narrow proposition that a "misstatement in a securities transaction is material so long as there is a substantial likelihood that a reasonable investor would find the . . . misrepresentation important in making an investment decision." *United States v. Litvak*, 889 F.3d 56, 64 (2d Cir. 2018) (quotation and citation omitted).  This standard is *objective*, and the Government may offer proof of materiality through "testimony about the significance of the content of a defendant's misstatements and each trader's 'own point of view' is shown to be within the parameters of the thinking of reasonable investors in the particular market at issue." *Id*. at 65; *see also id.* ("Materiality requires proof only that a reasonable investor would deem the content of a misstatement a substantial factor to be considered in the making of the particular investment decision. Unlike common law fraud or a civil action for damages where an investor seeks compensatory damages, proof of harm is not necessary in a criminal prosecution under Section 10(b), so long as materiality, intent to defraud, and a connection to a securities transaction are shown.").

      The circumstances in *Litvak* are unique and not analogous to this case.  *Litvak* concerned trades of residential mortgage back securities, and specifically "bids-wanted-in-competition trades . . . involve[d in] an auction in which a putative seller sends a bid-list to multiple broker-dealers." *Id.*.  Indeed, *Livtak* itself recognized that "[t]he reasonable investor in a market in which many individual investors trade will be deemed to be somewhat less schooled and sophisticated than a reasonable investor in a market, like the one [at issue in *Litvak*], in which only institutions trade with the help of complex computer programs and professional traders." *Id.* at 65.  In a case like this *United States v. Guo*, then, involving only individual, and largely unsophisticated, investors, *Litvak* means very little.  The investors that the defendant marketed to were not selected because they shared any level of sophistication or were involved, in any way, in the financial industry.  The

only criteria for participating in these investments was loyalty to Miles Guo and a willingness to part with cash. *See, e.g.*, Tr. 1354 (Q. Ms. Li, as part of this process, what questions, if any, did you ask the potential investors about their investing experience? . . . A: I don't ask. What questions, if any, did you ask these investors about their ability to lose their investment? . . . A. I don't ask. So my role is just to checking if they are donor or not, if they are true follower or not."). In fact, the private stock offerings marketed by the defendant were in violation of the securities laws for the very reason that they were unregistered offerings made to unaccredited—*i.e.*, unsophisticated—investors.

In his opposition letter, Guo elides the thrust of the Government's motion—that defense witnesses cannot offer a view as to whether they were defrauded. *Litvak* does not at all support the admission of such testimony. At most, *Litvak* supports the narrow proposition that the defense can call witnesses to testify that they did not believe certain statements made by Guo were material. For example, those witnesses might be able to testify that Guo's statements regarding guaranteeing losses were not important to their decision to invest. *Litvak* permits no more and neither should this Court.

For these reasons, and those in the Government's June 30, 2024 letter, this Court should preclude the testimony of the defense's "non-victim" investor witnesses.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / 6612 / 2276 / 2314