

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 2, 2024

**VIA ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government writes to respectfully request that the Court strike certain impermissible testimony offered today by the defendant's valuation expert, Raymond Dragon. In particular, the Government moves to strike the Dragon's testimony that could only be relaying hearsay relating to the purported sale of approximately $150 million of GTV shares by Saraca to "a very large investor." Tr. 4893.

    The testimony was elicited during redirect in relation to a statement by the defendant, contained in Government Exhibit Z9 (which is a summary that includes the text of the defendant's statements from various videos), in which the defendant stated that the GTV Private Placement "exceeded the highest expectation and raised $350 million." Tr. 4892. After the witness was asked whether he had "an understanding" of what was being referred to in this statement, the witness testified as follows:

> A. My understanding is that the 350 million includes the 200 million of new GTV shares that were issued by GTV and includes shares that were owned by Saraca that were sold because there was a very large investor interest in this offering.
>
> Q. And so it's fair to say that GTV sold more than 200 million worth of shares?
>
> A. GTV itself sold 200 million.
>
> Q. And the remainder came from where to your understanding?
>
> A. Saraca sold some of the GTV shares it already had.

Tr. 4893. After that testimony, the Government objected and this colloquy followed:

> MR. FERGENSON: Your Honor, what is the basis of this? I'm sorry. I think we may need a sidebar. Your Honor, apologies. We object on personal knowledge.

>    MR. SCHIRICK: I'm not sure how that's an objection to the question, your Honor.
>
>    THE COURT: If he has personal knowledge you may answer.

Tr. 4893. The testimony then moved on to other topics.

The Court should strike the testimony identified above (specifically, Tr. 4892:25 to 4893:10) because the expert has no personal knowledge of the purported facts to which he testified, *see* Tr. 4871, 4897-98. Mr. Dragon did not have any involvement in GTV's fundraising, did not work at GTV or Saraca, and did not perform any valuation of GTV in 2020. In offering this testimony, Mr. Dragon, at best, merely served as a mouthpiece for inadmissible (and, moreover, unidentified and unreliable) hearsay. It is unclear where Mr. Dragon's "understanding" could have even originated. There is nothing in Mr. Dragon's disclosures regarding these purported facts, and it is not apparent that this information was included in any of the materials Mr. Dragon may have reviewed. During trial testimony, there were also colloquies regarding the materials Mr. Dragon reviewed prior to his testimony. *See* Tr. 4834-38. The only materials—aside from the GTV Private Placement Memorandum (or "PPM"), which was read at length to the jury—that were identified specifically were stipulations. *Id.* The only stipulation of relevance is Government Exhibit STIP-19, concerning the SEC's settlement with GTV and Voice of Guo Media (or "VOG"), which does not contain the facts Mr. Dragon asserted to the jury.

As this Court already explained in excluding improper proposed testimony by Mr. Dragon, *see* Dkt. 380 at 7, under the "mouthpiece" rule, "a party cannot call an expert simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony." *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (citation omitted; *accord Malletier v. Dooney & Bourke, Inc.*, 525 F. Supp. 2d 558, 666 (S.D.N.Y. 2007). Mr. Dragon's testimony identified above is more improper than what the Court addressed and excluded in its prior ruling. Here, there is not even any suggestion that Mr. Dragon relied on the hearsay he conveyed to the jury in reaching his opinion. That alone precludes Mr. Dragon from conveying the hearsay to the jury. *See* Fed. R. Evid. 703 (providing that an expert may rely on inadmissible facts or data "in forming an opinion on the subject," but that such facts and data may be conveyed to the jury "only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect"). The unfounded assertions Mr. Dragon conveyed to the jury had no connection to his opinion, at all. Indeed, Mr. Dragon testified to his opinion on direct examination without any reference to these supposed facts, Tr. 4857-58, 4867-70, and again on cross examination, Tr. 4871-72. The testimony was thus improper under Rule 703.

In short, the Court was correct that Mr. Dragon could only testify to the purported facts asserted in the subject testimony if he had personal knowledge of those facts. *See* Tr. 4893. He lacks that personal knowledge. Indeed, Mr. Dragon had no involvement with the sale of shares by GTV or Saraca, aside from offering an opinion about the valuation of GTV under one specific valuation method as an expert witness in this case. And that expert opinion regarding the backsolve method did not relate in any way to the purported facts he asserted as his "understanding." Tr. 4893. Accordingly, the cited testimony was improper, and the Court should strike that testimony from the record.

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney

By: /s/
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314