

**PRYOR CASHMAN LLP**

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806

New York | Los Angeles | Miami

pryorcashman.com

**Sidhardha Kamaraju**

Direct Tel: 212-326-0895
Direct Fax: 212-326-0806
skamaraju@pryorcashman.com

July 5, 2024

**VIA EMAIL & ECF**

Hon. Analisa Torres
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *United States v. Guo*, Case No. 1:23-cr-00118 (AT)

Dear Judge Torres:

We write in response to the government's July 2, 2024 letter (Dkt. No. 389, the "Govt. Ltr."), in which the government seeks to strike certain testimony of Mr. Guo's valuation expert, Raymond Dragon, concerning his understanding of the amount raised and shares of GTV sold during the GTV private placement. (Gov. Ltr. at 2 (seeking to strike Mr. Dragon's testimony at Tr. 4892:25-4893:10)). The Court should reject the government's application.

*First*, Mr. Dragon's understanding is based on the GTV private placement memorandum ("PPM"), which was introduced into evidence by the government without any request for a limiting instruction. (Tr. 1365:09-17). Thus, there is no hearsay issue. *Second*, the PPM itself sets forth Saraca's ownership percentage of GTV before the private placement, as well as what that percentage was anticipated to be after the private placement, demonstrating clearly that Saraca was including its own equity in the private placement sale. (GXVK5 at 10). Mr. Dragon testified on direct that he was familiar with the PPM and had reviewed it in preparation for his testimony. (Tr. 4842:2-10). His review of and reliance on the PPM likewise was included in his expert disclosures and his 3500 material. (Dragon Expert Disclosure, Dkt. 272-4; Dragon 26.2 at 04). If the government disagreed that the PPM supported Mr. Dragon's opinion, it should have cross-examined him on that point. *Third*, Mr. Dragon should be permitted to do the same simple math that the Court permitted Mr. Hinton—a government witness—to do. (Tr. 4448:13-4449:14). In other words, it was permissible testimony to say that he understood that if more of the company was to be sold than initially anticipated, then that equity had to come from somewhere, and, based on the PPM, it could only have come from Saraca's equity holdings (since Saraca owned 100% of its subsidiary, GTV). *Fourth*, the testimony the government seeks to strike was elicited on re-



July 5, 2024
Page 2

direct when defense counsel showed Mr. Dragon the same page of GXZ9 that the government showed Mr. Dragon on cross-examination. (GXZ9 at 6; *compare* Tr. 4879:16-4880:24 *with* Tr. 4892:3-4893:10). The government did not object to these re-direct questions on scope grounds, and during re-cross, Mr. Fergenson was free to examine Mr. Dragon as to the basis of his understanding *as an expert*. Having failed to do so, the government should not be permitted now to seek to strike Mr. Dragon's testimony on the purported ground that it lacked basis, when the government deliberately chose not to probe that basis during its questioning.

For the foregoing reasons, the government's application should respectfully be denied.

Respectfully submitted,

_____
Sidhardha Kamaraju
Matthew S. Barkan
PRYOR CASHMAN LLP
7 Times Square
New York, NY 10036
(212) 421-4100
skamaraju@pryorcashman.com
mbarkan@pryorcashman.com

Sabrina P. Shroff
80 Broad Street, 19th Floor
New York, NY 10004
(646) 763-1490
sabrinashroff@gmail.com

E. Scott Schirick
ALSTON & BIRD LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400
scott.schirick@alston.com

*Attorneys for Miles Guo*

cc: Counsel of Record