O7FBGUO1

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
UNITED STATES OF AMERICA,

            v.                          23 Cr. 118 (AT)

MILES GUO,

                  Defendant.            Trial
------------------------------x
                                        New York, N.Y.
                                        July 15, 2024
                                        10:02 a.m.
Before:

                    HON. ANALISA TORRES,

                                        District Judge
                                         -and a Jury-

                         APPEARANCES

DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  MICAH F. FERGENSON
     RYAN B. FINKEL
     JUSTIN HORTON
     JULIANA N. MURRAY
     Assistant United States Attorneys

SABRINA P. SHROFF
     Attorney for Defendant

PRYOR CASHMAN LLP
     Attorneys for Defendant
BY:  SIDHARDHA KAMARAJU
     MATTHEW BARKAN
     JOHN KILGARD


ALSTON & BIRD LLP
     Attorneys for Defendant
BY:  E. SCOTT SCHIRICK
```

O7FBGUO1

Also Present:
Michael Gartland, Paralegal Specialist, USAO
Robert Stout, Special Agent, FBI
Jorge Salazar, Defense Paralegal
Tuo Huang, Interpreter (Mandarin)
Shi Feng, Interpreter (Mandarin)
Barbara Robertson, Interpreter (Mandarin)

1              (Trial resumed; jury not present; 10:02 a.m.)

2              THE COURT:  Good morning.  Please make your
3    appearances.

4              MR. FINKEL:  Ryan Finkel, Justin Horton and Juliana
5    Murray will be here shortly for the government. We're joined by
6    Michael Gartland who is a paralegal in our office.

7              MR. KAMARAJU:  Good morning, your Honor.  Sidhardha
8    Kamaraju, Sabrina Shroff, Scott Schirick and Matthew Barkan on
9    behalf of Mr. Guo who is with us at counsel's table.

10             THE COURT:  Please be seated.  We received a note from
11   the jury this morning.  It says, We the jury, Re:  Limiting
12   instructions.  We are looking for judge's instruction regarding
13   exhibits; hard copy of GTV PPM document; GXBK-5, Re: court
14   transcripts.  We -- and then there's a word, I cannot say if it
15   says when or where or were, looking for complete transcripts so
16   we can tie exhibits number to testimony.  So I understand that
17   we do have 12 hard copies of the PPM that we can send back to
18   the jurors.  With regard to the transcript of the trial, it's
19   over 6,000 pages, and so I propose that we ask if they're
20   looking for a particular witness's testimony.

21             With regard to my instructions regarding my limiting
22   instructions regarding exhibits.  So there is a mention in the
23   jury charge at page five and number three generally about
24   limiting instructions.  Then, of course, there are all limiting
25   instructions that were given, and my clerks have identified a

1  number of them.  So I'd like the parties' input on how you
2  recommend that we address these issues.
3            MR. KAMARAJU:  Sorry, your Honor.  We were trying to
4  figure out if the request for the court transcripts was also
5  tied to the limiting instruction note, whether there was some
6  connection between those two.  I think from the defense side,
7  it make sense to ask for some clarification with respect to
8  whether they want particular witnesses or they're focused on
9  particular parts of the transcript.  On the limiting
10 instruction, I think it would make sense to ask for further
11 clarification with respect to that as well, whether they're
12 just looking for the general limiting instruction that your
13 Honor propose, or whether they're looking for a limiting
14 instruction that's tied to specific exhibits.  Because as your
15 Honor noted, there are a number of limiting instructions that
16 cover different topics.  Many of them may not be responsive to
17 what they're focused on in the moment.  I think we would
18 propose sending back a clarifying note to try to sus that out.
19           MR. FINKEL:  Your Honor, the government largely agrees
20 with that.  We think it would be helpful as the Court suggested
21 to understanding whether there are particular pieces of the
22 court transcript which they're most interested in, whether it's
23 tied to particular exhibits or tied to particular witnesses.
24 As the Court noted, given its volume -- although the government
25 has been redacting objected and struck testimony, it will take

1   some time, some more time to prepare the entirety of that
2   transcript.  Some of it is ready to go.
3             With respect to the limiting instruction, I agree with
4   defense counsel.  I think it would be helpful to understand
5   exactly -- obtain more information so we could provide them a
6   precise response.  And lastly, I would just note for the
7   record, your Honor, the note requested the PPM as GXBK-5, "B"
8   as in Boy.  It's GXVK-5, "V" as in Victor.  That's what we
9   provided.  I gave defense counsel an opportunity to review it.
10  We provided it to your law clerks.
11            THE COURT:  You're saying where they put letter "B"
12  for Bumble Bee, it should be "V" for Victory?
13            MR. FINKEL:  Yes. They clearly remember it as "B".
14  "B" and "V" sound similar, but just for the record, we provided
15  V as in Victor, K-5, which is the PPM.
16            THE COURT:  Please have the jurors come out.
17            MS. SHROFF:  Your Honor, just one last thing.  It
18  seems from my regarding where it says, Re: court transcript.  I
19  think they're trying to say we were, meaning last week, maybe
20  they misspelled "were."  Instead of W-E-R-E, they spelled it as
21  W-H-E-R-E.  I think they're trying to explain what happened
22  last week.  That's what I understand.  So maybe they're looking
23  for transcripts so that they can tie it to the exhibits that
24  they're reviewing.  That might be a point to clarify with them.
25            MR. FINKEL:  I agree with that.  And would note it's

1  also possible they're looking for the complete binder of the
2  400 series.  It's a little unclear.  But I agree with defense
3  counsel, the government agrees that we should ask for
4  clarification.
5          THE COURT:  Okay.
6          MS. SHROFF:  Your Honor, we could also split up the
7  redaction.  The government could take the first half of the
8  trial.  We could work backward and do it that way if that's
9  ultimately what they want.
10         (Continued on next page)

1          THE LAW CLERK:  Jury entering.

2          (Jury present)

3          THE COURT:  Please be seated.  Good morning, jurors.
4   I have a note from you.  It says, We the jury, Re: limiting
5   instructions.  We are looking for judge's instruction regarding
6   exhibits.  Hard copy of GTV PPM document, GXBK-5; Re: court
7   transcripts.  We were looking for complete transcripts so we
8   can tie exhibit numbers to testimony.

9          So starting with the hard copy of the PPM.  That
10  exhibit is actually GX "V" like Victory K5.  You have "B" as in
11  Bumble Bee, and I'm assuming that you mean the "V" as in
12  Victory version.  You can tell me if I'm incorrect in another
13  note.  With regard to court transcripts.  The transcript of
14  this trial is over 6,000 pages.  So my question is, Are you
15  thinking of particular exhibits that you'd like to see
16  testimony with regard to particular exhibits?  Are you saying
17  that you want the testimony of particular witnesses?  And if
18  that is the case that you want a particular witness's
19  testimony, you could say, We want the direct examination; or we
20  want both direct and cross examination, or just one or the
21  other.

22         With regard to the limiting instructions, I need
23  clarification.  I made a general statement about limiting
24  instructions, and then there were sprinkled throughout the
25  trial a number of limiting instructions related to different

1  matters, different witnesses.  Are you looking -- well, the
2  question is, what are you looking for?  So I'm going to send
3  you back so that can you send us another note with regard to
4  all three items; the hard copy of the PPM, the transcripts, as
5  well as the limiting instructions.
6              THE LAW CLERK:  Jury exiting.
7              (Jury not present)
8              THE COURT:  I'll let you know when I get a note.
9              (Jury resumes deliberations at 10:16 a.m.)
10             (Recess pending verdict)

1           (In open court; jury not present; 4:11 p.m.)
2           THE COURT: Please be seated. I just wanted to make
3  clear that the note from this morning is Court Exhibit Number
4  6. I received another note at 1:46 p.m. today. It states, We,
5  the jury, transcript of testimony of Steele Schottenheimer,
6  both direct and cross; transcript of testimony Wei Chen, both
7  direct and cross. It's signed by the foreperson and dated
8  today's date. I'm making this Court Exhibit Number 7. I
9  understand that the parties have agreed on the transcript that
10 should go into the jury; is that correct?
11          MR. FINKEL: Yes, your Honor.
12          THE COURT: Would you have the jurors brought in,
13 please.
14          (Continued on next page)

1        THE LAW CLERK: Jury entering.
2        (In open court; jury present)
3        THE COURT: Please be seated. Members of the jury, I
4    have your note from 1:46 p.m. It states, We, the jury,
5    transcript testimony of Steele Schottenheimer, both direct and
6    cross, transcript of testimony Wei Chen, both direct and cross.
7    The note was signed by the foreperson and dated today's date.
8    I've made it Court Exhibit number 7.
9        Members of the jury, the transcripts have now been
10   prepared and will be sent into you. They may retire to the
11   jury room.
12       THE LAW CLERK: Jury exiting.
13       (Jury not present)
14       THE COURT: Please be seated. Would the parties want
15   to raise anything?
16       MR. KAMARAJU: Not from the defense, your Honor.
17       MR. FINKEL: Not from the government. In terms of
18   scheduling, should we return to the courtroom at five?
19       THE COURT: So I think that you should return to the
20   courtroom a few minutes before five.
21       MR. KAMARAJU: Thank you, your Honor.
22       (Jury resumes deliberations at 4:16 p.m.)
23       (Recess pending verdict)
24
25

1            (In open court; jury not present; 5:08 p.m.)
2            THE COURT:  Please have the jurors brought in.  m.
3            THE LAW CLERK:  Jury entering.
4            (Jury present)
5            THE COURT:  Please be seated.  Members of the jury,
6    it's 5:11 and your work has come to an end for the day. I'm
7    sorry for bringing you out late.  There was a delay that arose
8    in connection with something that was out of my control and out
9    of the control of the parties.  So remember that the old rules
10   now apply while you're separated during the evening.  You're
11   not allowed to discuss the case amongst yourselves or with
12   anyone else.  You're not permitted to allow others to discuss
13   the case in your presence, and you're not permitted to read,
14   watch or listen to anything from any source that touches upon
15   the subject matter of this trial.  Have a good evening.
16           THE LAW CLERK:  Jury exiting.

```
 1                  (Jury not present)
 2              THE COURT:  Please be seated.  Is there anything from
 3     the parties?
 4              MR. KAMARAJU:  Not from the defense.
 5              MR. FINKEL:  Not from the government.  In terms of
 6     tomorrow morning, same as this morning?  We could just
 7     essentially wait until the Court requires us to be in the trial
 8     room, the courtroom?
 9              THE COURT:  Yes, and my sense is that the night is
10     young.
11              MR. FINKEL:  Understood.
12              (Adjourned to July 16, 2024, pending verdict)
```