**SABRINA P. SHROFF**  
ATTORNEY AT LAW

80 BROAD STREET, 19TH FLOOR  
NEW YORK, NEW YORK 10004  
TELEPHONE: (646) 763-1490

September 5, 2024

Honorable Analisa Torres  
United States District Judge for  
 the Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:  <u>United States v. Ho Wan Kwok</u>, 23 Cr. 118 (AT)

Honorable Torres,

 Sentencing in this matter is set for November 19, 2024. For the reasons stated below, we write to seek a one-time 60-day extension of the sentencing date and the associated deadlines, including the deadlines for the Department of Probation. I have spoken with Probation Officer McMahon and while both parties have made diligent efforts, we need additional time to exchange information with Probation and for Probation to prepare its first disclosure of the Presentence Report. The subject matter of the trial is dense, the trial record lengthy and the issues to be tackled not exactly simple for Probation or the defense. For this reason, we ask the Court to allow a 4-week extension of time by which Probation need make its first disclosure. As of now, the first disclosure is due on September 12, 2024 and the final disclosure due on October 10, 2024.

 The defense needs time to properly prepare for the sentencing hearing. We are in the process [REDACTED] The letters of support which are typically part of a sentencing submission are all in Mandarin. They need to be translated, revised, and translated again. Each of these steps is time consuming but necessary for Mr. Kwok to be properly represented at sentencing.

 For these reasons we ask the court to continue the sentencing hearing date by 60 days. The government takes the following positon:

 The Government does not object to a two-week adjournment of deadlines, including PSR disclosure deadlines, as Probation confirms that a two-week extension is sufficient for it to prepare the PSR.  The Government objects to anything beyond two weeks because it needlessly delays the resolution of this matter.  Among other reasons, until the defendant is sentenced, forfeiture and restitution cannot be finalized thereby prolonging the length of time victims can begin to receive restitution for the defendant's crimes.  Because victims have a "right to full and timely restitution . . . [and t]he right to proceedings free from

Hon. Analisa Torres,                                                                    September 5, 2024
Judge, Southern District of New York                                            Page 2

unreasonable delay," the defendant's request for a 60-day adjournment (and to be sentenced in 2025) should be rejected. 18 U.S.C. Sec. 3771(a)(6)-(7)

      We thank the Court for its consideration of this request, which was discussed with the Department of Probation and with Officer McMahon. A copy of this letter was provided to Officer McMahon prior to its filing with the Court. We note that a request for a 60-day continuance of the sentencing date, in a case such as this one, is not an "unreasonable" one.

                                        Respectfully submitted,

                                        /s/ Sabrina Shroff & Sidhardha Kamaraju
                                        Counsel for Ho Wan Kwok

Cc: USPO McMahon (via email)
     All parties (via ecf)