```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/11/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

          -against-

MILES GUO,

                        Defendant.

23 Cr. 118-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    On July 16, 2024, a jury convicted Defendant, Miles Guo, of various fraud- and conspiracy-related charges arising from a more than $1 billion fraud scheme. *See* ECF Nos. 307, 395. Defendant now moves for acquittal on the nine counts of conviction pursuant to Federal Rule of Criminal Procedure 29(c). Mot., ECF No. 464. For the following reasons, the motion is DENIED.

    To prevail on a Rule 29 motion, a defendant must establish that no rational trier of fact could have found the elements of the crime of conviction beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Courts adjudicating Rule 29 motions must "view the evidence in the light most favorable to the [G]overnment, crediting every inference that could have been drawn in the [G]overnment's favor, and deferring to the jury's assessment of witness credibility and its assessment of the weight of the evidence." *United States v. Chavez*, 549 F.3d 119, 124 (2d Cir. 2008) (cleaned up) (citations omitted). If, upon reviewing the evidence, the Court concludes that any rational trier of fact could have found the elements of the crimes charged beyond a reasonable doubt, the motion must be denied. *See United States v. Taylor*, 464 F.2d 240, 243 (2d Cir. 1972).

    In sum, "a Rule 29 movant bears a heavy burden." *United States v. Klein*, 913 F.3d 73, 78 (2d Cir. 2019) (citation omitted). A "conclusory" motion that fails to "proffer[] any specific record references or legal authority," "discuss any pertinent facts of the case," or "refer to and/or dispute any of the evidence presented at trial" is unlikely to satisfy the defendant's burden. *United States v. Thompkins*, No. 04 Cr. 645, 2007 WL 1161234, at *2 (S.D.N.Y. Apr. 18, 2007), *aff'd*, 284 F. App'x 858 (2d Cir. 2008) (summary order); *e.g.*, *United States v. James*, No. 02 Civ. 778, 2009 WL 763612, at *6 (E.D.N.Y. Mar. 18, 2009) (denying Rule 29 motion, "which— despite the heavy burden facing a Rule 29 defendant—state[d], in bare bones form, that the [G]overnment failed to prove every element of each offense.").

    Defendant's motion is a single sentence. *See* Mot. It urges the Court to enter a judgment of acquittal on nine counts of conviction following a multi-week trial "[f]or reasons previously stated on the trial record." Mot. It does not state what those reasons are, and it does not cite the trial record.

    The Court paid close attention to the evidence presented at trial. It denied Defendant's initial Rule 29 motion in light of the substantial evidence of Defendant's guilt presented during the Government's case-in-chief. *See* Trial Tr. at 4826, ECF No. 445. The trial having now

concluded, the Court adheres to its opinion that the evidence was more than sufficient to support the jury's verdict as to each count of conviction. Defendant's renewed motion points to no evidence, arguments, or law that would call the jury's judgment into question.

    Accordingly, the motion is DENIED.

    SO ORDERED.

Dated: November 11, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge