

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 29, 2025

**BY EMAIL**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

    Re:    *United States v. Miles Guo*, S3 23 Cr. 188 (AT)

Dear Judge Torres:

    The Government writes briefly in response to the defendant's January 28 letter in further support of his partially *ex parte* motion for substitution of counsel.

    Through retained counsel, Guo dismisses the "alleged victims' interest in a speedy sentencing." Jan. 28 Letter at 1; *see also id.* at 3 (referring four more times to "alleged" victims notwithstanding the jury verdict). Guo is simply wrong that he has an unlimited "constitutional right to counsel of his choosing" that trumps the public interest in finality and that permits Guo to delay sentencing by changing lawyers after two adjournment requests. *Id.* at 3. The law is clear: Guo "does not have the unfettered right to retain new counsel," *United States v. Brumer*, 528 F.3d 157, 160 (2d Cir. 2008), and the decision to grant or deny his motion to change counsel "is within the discretion of the trial court," *Morris v. Slappy*, 461 U.S. 1, 13 (1983).

    Contrary to Guo's suggestions, "withdrawal of retained criminal counsel after a general notice of appearance has been entered is not viewed with favor by the courts." *United States v. Herbawi*, 913 F. Supp. 170, 171 (W.D.N.Y. 1996). In deciding whether to grant or deny such a disfavored request, "the court must consider the risks and problems associated with the delay, and whether substitutions would disrupt the proceedings and the administration of justice." *Brumer*, 528 F.3d at 160. And the Court has discretion to deny a motion to change counsel where, as here, there has not been "a total lack of communication preventing an adequate defense." *United States v. Hsu*, 669 F.3d 112, 122-23 (2d Cir. 2012). Indeed, on December 31, 2024, one of Guo's retained lawyers contacted the U.S. Attorney's Office on Guo's behalf and stated, among other things, that she had met with Guo as recently as December 25, 2024 (that is, after the *ex parte* hearing on his substitution motion).

    While Guo's letter gives the back of the hand to his "alleged victims," *see id.* at 1, 3, courts have long recognized the meaningful "harms arising from delayed sentencing," including leaving "victim[s] in limbo concerning the consequences of conviction." *United States v. Ray*, 578 F.3d

184, 198 (2d Cir. 2009) (quoting Wright & Miller, 3 Federal Practice and Procedure § 521.1 (3d ed. 2004)).

Against that backdrop, the Court should deny Guo's motion or resolve it with an order requiring his retained counsel to remain engaged alongside additional counsel so that sentencing may timely proceed. While the Government shares the Court's skepticism about the veracity of Guo's CJA-23 affidavit—and while, contrary to Guo's January 28 letter, there is ample authority for the Court to inquire about Guo's ability to finance additional counsel for the brief remainder of this case, *see* Govt's Jan. 21 Letter at 1-2—the Government respectfully submits that the interests of justice would be better served by prioritizing the timeliness of sentencing over extended litigation about Guo's application for the appointment of the Federal Defenders. Should the Court decide to appoint the Defenders, the Government respectfully requests that the appointment be as a supplement to, rather than a substitute for, Guo's retained counsel.

Finally, the Government respectfully reiterates its request that the parties' letters on this matter be filed on the public docket. *Cf. United States v. Avenatti*, 550 F. Supp. 3d 36, 40 (S.D.N.Y. 2021) (relying, in similar context, on "Second Circuit precedent emphasizing that determinations regarding the appointment of counsel pursuant to the CJA should be made in traditional, open adversary proceedings").

Respectfully submitted,

DANIELLE R. SASSOON
United States Attorney

by:    /s/
      Micah F. Fergenson
      Ryan B. Finkel
      Justin Horton
      Juliana N. Murray
      Assistant United States Attorneys
      (212) 637-2190 / 6612 / 2276 / 2314

cc:    Counsel of Record (by email)