UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

23 Cr. 118 (AT)
ORDER

HO WAN KWOK,
 a/k/a "Miles Guo,"
 a/k/a "Miles Kwok,"
 a/k/a "Guo Wengui,"
 a/k/a "Brother Seven,"
 a/k/a "The Principal,"
KIN MING JE,
 a/k/a "William Je," and
YANPING WANG,
 a/k/a "Yvette,"
 Defendants.

Case No. 1:23-CR-118-1 (AT)

MOTION TO INTERVENE PRO SE

Judge Analisa Torres

COMES NOW, my English name is Chunk Chyi and my Code in Himalaya Exchange HID:AV84EIY, appearing pro se, and respectfully moves this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure, to grant leave to intervene in the above-captioned case. The grounds for this motion are as follows:

I. Identity and Interest of the Movant

The Movant, Chunk Chyi, is a customer of the Himalaya Exchange.
The Himalaya Exchange is directly implicated in the allegations against the Defendant, Guo Wengui, in this case, wherein the United States Department of Justice has charged the Defendant with fraud, money laundering, and other offenses potentially tied to the operations and funds of the Himalaya Exchange.
As a customer of the Himalaya Exchange, the Movant maintains a financial account, my Code in Himalaya Exchange HID:AV84EIY, and thus has a direct economic and legal interest in the outcome of this case.

II. Legal Basis for Intervention

Pursuant to Rule 24(a) of the Federal Rules of Civil Procedure (Intervention of Right), the Movant is entitled to intervene because:
a. This motion is timely and will not unduly delay the proceedings;
b. The Movant has a significant and direct interest in the outcome of this case (namely, the potential loss or recovery of funds or other rights affected by the judgment);
c. The Movant's interests are not adequately represented by the existing parties (the United States and the Defendant), as the Movant's unique position as a potential victim or stakeholder is not fully addressed.
Alternatively, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure (Permissive Intervention), the Movant shares common questions of law or fact with the claims or defenses in this case, and intervention will not unduly prejudice or delay the adjudication of the rights of the original parties.

III. Purpose of Intervention

The Movant seeks to intervene to protect their own interests by ensuring the ability to:
a. Access relevant evidence and court filings to understand the impact of this case on Himalaya Exchange customers;
b. Assert the Movant's claims, such as potential victim compensation or asset recovery;
c. Offer testimony or evidence, if necessary, to support or clarify facts related to the Himalaya Exchange.
The Movant does not seek to alter the primary direction of the case but rather to participate as an interested party to safeguard their rights from being adversely affected by the case's outcome.

IV. Pro Se Representation

The Movant elects to proceed pro se and understands the obligation to comply with all applicable court rules and procedures.
The Movant agrees to receive court notifications in writing and provides the following contact information:

Chunk Chyi
baoliao2019@gmail.com
Building 1, Yard 4, South Third Ring
 Road West, Fengtai District,
Beijing, China
86-10-67526666

V. Relief Requested

Based on the foregoing, the Movant respectfully requests that this Court:

Grant the Movant's request to intervene as an interested party in this case;
Permit the Movant to receive copies of case-related documents and participate in hearings;
Grant such other relief as the Court deems just and proper.

VI. Declaration
I, Chunk Chyi, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.
Date: March 20, 2025


Sincerely


Chunk Chyi

*Chunk Chyi* (signature)

baoliao2019@gmail.com
Building 1, Yard 4, South Third Ring
 Road West, Fengtai District,
Beijing, China
86-10-67526666
March 20,2025