UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
-against-
HO WAN KWOK,
 a/k/a "Miles Guo,"
 a/k/a "Miles Kwok,"                              Case No. 1:23-cr-00118-AT
 a/k/a "Guo Wengui,"
 a/k/a "Brother Seven,"
 a/k/a "The Principal,"

KIN MING JE,
a/k/a "William Je,"

and

YANPING WANG,
a/k/a "Yvette,"


**MOTION TO ASSERT VICTIM RIGHTS UNDER THE CRIME VICTIMS' RIGHTS ACT, 18 U.S.C. § 3771 (PRO SE)**


Dear Judge Torres:

I, Wei Wang, pro se, respectfully submit this motion to the Court pursuant to the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, to assert statutory rights as a victim in the above-captioned case.

I respectfully apologize to this Court for any mistakes in my English or legal documents. English is not my first language, and I am doing my best to communicate clearly. I ask the Court to please excuse any errors in my writing or formatting.

**INTRODUCTION**
1. Movant qualifies as a "crime victim" under 18 U.S.C. § 3771(e)(2), defined as "a person directly and proximately harmed as a result of the commission of a Federal offense.

2. This case involves Miles Guo, along with a series of alleged coconspirators of Miles Guo, through a network of business entities, defrauded thousands of investors of more than $1 billion, laundering the proceeds through foreign and domestic entities, and misappropriating the funds for his own use. As for the movant personally, I invested $152,882 ($92,882 through the Farm Loan Program and $60,000 through GlClub) in the alleged entities of Miles Guo(G Series).

3. Movant invokes their rights under 18 U.S.C. § 3771(a) to participate in these proceedings and seeks judicial recognition and enforcement of those rights.

**LEGAL AUTHORITY**

4. The CVRA, 18 U.S.C. § 3771(a), affords victims the following rights in federal criminal proceedings:

   a. The right to be reasonably protected from the accused;
   b. The right to reasonable, accurate, and timely notice of any public court proceeding;
   c. The right not to be excluded from any such public court proceeding;
   d. The right to be reasonably heard at any public proceeding involving release, plea, sentencing, or parole;
   e. The reasonable right to confer with the attorney for the Government in the case;
   f. The right to full and timely restitution as provided in law;
   g. The right to proceedings free from unreasonable delay;
   h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

5. Under 18 U.S.C. § 3771(d)(3), a victim may file a motion with the district court to assert these rights if they are not being adequately provided by the Government or respected by the Court.

**FACTUAL BACKGROUND**

6. Because I fully acknowledge and endorse the ideology of Miles Guo aiming at taking down the Chinese Communist Party (CCP) and transforming China, I steadfastly believed that by participating in the Whistleblower Movement initiated by Miles Guo and investing in G Series Miles Guo established, I am not only able to contribute to the transformation of China but also to improve my own economic circumstances.

   The demographic composition of investors in G Series underscores the complexity of Miles Guo's case, as it encompasses a diverse group, including individuals who, at huge risk of retaliation by the CCP, made such investments from mainland China and consequently face distinct challenges. Accordingly, the formation of a victim committee capable of lawfully and adequately representing the interests of all investors presents an inherently formidable task. Were the Court to take judicial notice and examine the extensive discourse evident on social media platforms, it would readily determine that the existing investor committee, or victim committee, fails to reasonably or legally represent the interests of the entirety of the investor population.

   For the purpose of advancing the agenda to taking down the CCP, while simultaneously driving the potential returns on my investment in G series, I was actively engaged on the Gettr social media platform, which Miles Guo initiated, under the handle (@rosabona), with occasional activity on X under the handle (@ccp_terminator_). My activities primarily consisted of posting content related to taking down the CCP and the enhancement of the image of Chinese people.

Following Miles Guo's incarceration, the Gettr platform experienced a significant decline in user experience and an increase in censorship of speech, with large amount of users and content being removed without justification. This has led me to temporarily abandon the Gettr platform and shift my content publication to X.

Whereas previously Miles Guo was able to directly communicate with the outside world, including his followers, through live broadcasts without any intermediaries, Miles Guo's imprisonment has disrupted such direct communication.

Since then, the Alliance claiming to represent Miles Guo began periodically disseminating information regarding Miles Guo's latest status through live broadcasts to the public. These broadcasts have repeatedly been found to contain inconsistencies, including instances where fabricated recordings of Miles Guo were allegedly utilized to back the Alliance's call for action by G series investors. These series of actions have provoked significant rebuttals on social media from numerous followers of Miles Guo, including G Series investors, resulting in a devastating impact on the perceived authenticity and credibility of the Alliance's claim to represent Miles Guo.

As Miles Guo had also previously referenced, the Alliance has been extensively infiltrated and undermined by CCP agents. Accordingly, in furtherance of preserving the unity of the Alliance and advancing the objective of taking down the CCP, I have, despite harboring certain grievances, generally maintained an attitude of tolerance towards numerous opaque practises and irregularities exhibited by the Alliance.

As a result of a recent series of refund application proceedings initiated by the Alliance, I have been wholly and without explanation precluded from participation, as if these proceedings bear no relevance to my interests. Consequently, my confidence in the tolerance of the Alliance has faltered, and I now acknowledge the pressing urgency and imperative necessity of affirming my rights under oath to safeguard my funds from being distributed without my knowledge or consent.

**LEGAL ARGUMENT**

7. The Fifth Amendment to the United States Constitution guarantees that no person shall be deprived of property without due process of law. The integrity of forfeiture and remission proceedings, as governed by 28 CFR Part 9 and overseen by the SDNY, hinges upon fair and transparent representation of all affected parties.

8. The current victim committee's inability to effectively represent all victims, coupled with its exclusionary and opaque practices, constitutes an alleged infringement upon the undersigned's due process rights, as well as those of similarly situated victims.

9. Permitting the continued operation of the committee in its present form risks undermining the legitimacy of these proceedings, potentially resulting in an inequitable distribution of remitted funds and irreparable harm to victims who lack adequate recourse.

10. The SDNY possesses the authority, pursuant to its oversight of forfeiture and remission programs under federal law, to intervene and ensure that victim representation adheres to principles of fairness, transparency, and legality.

**RELIEF SOUGHT**

WHEREFORE, the movant respectfully implore the Court to:

1. Recognize that the current victim committee does not effectively represent the interests of all victims in this matter;
2. Acknowledge that the continued conduct of the committee allegedly infringes upon the due process integrity of these legal proceedings;
3. Order an investigation into the composition, decision-making processes, and transparency of the current victim committee;
4. Direct the reformation or replacement of the committee, or appoint an independent overseer, to ensure that the interests of all victims are lawfully and equitably represented in the fund remission program; and
5. Grant such further relief as the Court deem just and proper under the circumstances.

**DECLARATION**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

Wei Wang

_____

**Date**: March 29, 2025