UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA,
 –against
HO WAN KWOK,
 a/k/a "Miles Guo,"
 a/k/a "Miles Kwok,"
a/k/a "Guo Wengui,"
a/k/a "Brother Seven,"
 a/k/a "The Principal,"
KIN MING JE, a/k/a
"William Je,"
Case No. 1:23–cr–00118–AT

# MOTION TO INTERVENE PRO SE

I, Bei Bei Zhu (Screen Name: Weiwei) Code in Himalaya Exchange HID: 2R5RWN2, appearing pro se, respectfully move this Court, Under Rule 24 of the Federal Rules of Civil Procedure, to grant leave to intervene in the above-captioned case. The grounds for this motion are as follows:

I. Identity and Interest of the Movant

The Movant, Bei Bei Zhu(Screen Nama: Weiwei), is a customer of the Himalaya Exchange.
The Himalaya Exchange is directly implicated in the allegations against the Defendant, Guo Wengui, in this case, wherein the United States Department of Justice has charged the Defendant with fraud, money laundering, and other offenses potentially tied to the operations and funds of the Himalaya Exchange. As a customer of the Himalaya Exchange, The Movant maintains a financial account, my Code in Himalaya Exchange HID: 2R5RWN2,  and thus has a direct economic and legal interest in the outcome of this case.

II. Legal Basis for Intervention

Under Rule 24(a) of the Federal Rules of Civil Procedure (Intervention of Right), Movant is entitled to intervene because:
a. This motion is timely and will not unduly delay the proceedings;
b. The Movant has a significant and direct interest in the outcome of this case (namely, the potential loss or recovery of funds or other rights affected by the judgment);

c. The Movant's interests are not adequately represented by the existing parties (the United States and the Defendant), as the Movant's unique position as a

potential victim or stakeholder is not fully addressed.
Alternatively, under Rule 24(b) of the Federal Rules of Civil Procedure (Permissive Intervention), Movant shares common questions of law or fact with the claims or defenses in this case, and intervention will not unduly prejudice or delay the adjudication of the original parties rights.

## III. Purpose of Intervention

The Movant seeks to intervene to protect its interests by ensuring the ability to:
a. Access relevant evidence and court filings to understand the impact of this case on Himalaya Exchange customers;

b. Assert the Movant's claims, such as potential victim compensation or asset recovery;
c. Offer testimony or evidence, if necessary, to support or clarify facts related to the Himalaya Exchange.
The Movant does not seek to alter the primary direction of the case but rather to participate as an

interested party to safeguard their rights from being adversely affected by the case's outcome.

Provide evidence that my rights have been violated.

## IV. Pro Se Representation

The Movant elects to proceed pro se and understands the obligation to comply with all applicable court rules and procedures.
The Movant agrees to receive court notifications in writing and provides the following contact information:

Bei Bei Zhu

beibeizhu2018@gmail.com

Cherry Blossom Road, Xi, a City

Shaanxi Province

19802907101

## V. Relief Requested
Based on the foregoing, The Movant respectfully requests that this Court.

VI. Declaration

I, Bei bei Zhu, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Date: April 1, 2025

Sincerely

Bei Bei Zhu

beibeizhu2018@gmail.com

Cherry Blossom Road, Xi, a City

Shaanxi Province

19802907101