```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  __4/3/2025___
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES OF AMERICA

-against-

MILES GUO, KIN MING JE,
and YVETTE WANG,

Defendants.

23 Cr. 118 (AT)

**ORDER REGARDING
LETTERS AND MOTIONS
FROM NONPARTIES**

ANALISA TORRES, District Judge:

This order concerns certain nonparty filings and email correspondence the Court has received in connection with this case.

There are four parties to this case: the United States of America, Miles Guo, Kin Ming Je, and Yvette Wang. No other party has standing to intervene in this case or to file any motion, letter, document, or request other than a third-party petition under 21 U.S.C. § 853(n), *see United States v. Kozeny*, No. 05 Cr. 518, 2011 WL 1672473, at *3 (S.D.N.Y. Apr. 29, 2011), or a motion under the Crime Victims' Rights Act ("CVRA"), which applies only to persons "directly and proximately harmed" by a defendant's commission of a federal offense, 18 U.S.C. § 3771(e)(2)(A); *see id.* § 3771(a), (d)(3), (d)(6).

By letter dated April 1, 2025, a nonparty identified as Bei Bei Zhu filed a "Motion to Intervene Pro Se." ECF No. 526 (capitalization altered). The nonparty seeks to intervene to "[a]ccess relevant evidence and court filings." *Id.* at 2. Access to evidence or court filings is not a valid basis to intervene in a criminal case because all court filings and evidence in the record, except materials properly under seal, are available to the public. The nonparty further seeks to intervene to "[p]rovide evidence that [their] rights have been violated" and to assert claims related to "potential victim compensation or asset recovery." *Id.* To the extent the nonparty has any such claims, the nonparty may pursue such claims by complying with the procedures set forth in 21 U.S.C. § 853 or the CVRA, which the nonparty has not done here. Finally, the nonparty seeks to intervene to offer "testimony or evidence" related to the criminal charges at issue. *Id.* As a nonparty to a criminal case, Bei Bei Zhu lacks standing to intervene for the purpose of offering unsolicited testimony or evidence. Accordingly, the motion at ECF No. 526 is **DENIED**.

The same nonparty has also filed a motion to "unseal the list of victims" in this case. ECF No. 527. In the motion, the nonparty claims to have "never received a victim notification" under the CVRA and wishes to know whether the nonparty "appears in [the Government's] victim list." *Id.* at 1. Accordingly, the Court directs the Government to investigate the matter and, if appropriate, to communicate with the nonparty directly. To the extent the nonparty seeks to unseal all sealed or redacted court filings concerning victims' identifying information, the motion is **DENIED** for lack of standing and, alternatively, on the merits.

Another nonparty identified as Chunk Chyi has filed near-daily letters on the docket for the last two weeks. *See* ECF Nos. 505, 507, 508, 510, 513, 517, 519, 522, 524. With the exception of ECF No. 505, which may be liberally construed as a *pro se* petition under § 853(n), the filings by Chunk Chyi are improper. Chunk Chyi has repeatedly disclaimed victim status, *see, e.g.*, ECF Nos. 513, 517, and numerous of Chunk Chyi's filings concern private matters beyond the scope of this criminal prosecution, *see, e.g.*, ECF Nos. 508, 519, 524. Additionally, certain filings by Chunk Chyi could be construed as threatening or harassing to the Government and the victims of Defendants' crimes. *See, e.g.*, ECF Nos. 517, 522. Accordingly, the nonparty motions at ECF Nos. 508, 510, 519, 522, and 524 are **DENIED**. Any further filings by Chunk Chyi or any alias or representative of Chunk Chyi in violation of this Order or applicable Court rules may be construed as frivolous, vexatious, or harassing, and may subject the filer to a permanent filing injunction.

Finally, the Court has received numerous unsolicited, nonparty email communications made directly to the Chambers email account over the last several months. Such communications are prohibited. Any communications with the Court must be directed to the Clerk of Court and/or the *Pro Se* Intake Unit, and must be filed in accordance with Court rules.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 508, 510, 524, 526, and 527, and to mail or email a copy of this order to nonparties Bei Bei Zhu and Chunk Chyi.

SO ORDERED.

Dated: April 3, 2025
New York, New York

ANALISA TORRES
United States District Judge