UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :
UNITED STATES OF AMERICA                                  :
                                                          :
                                                          :   VERIFIED PETITION UNDER
                                                          :   FED. R. CRIM. P. 32.2 AND 21
                                                          :   U.S.C. § 853(n) FOR
                                                          :   ADJUDICATION OF
                      -v.-                                :   PETITIONER'S RIGHT
                                                          :   TO SPECIFIC PROPERTY OF
HO WAN KWOK,                                              :   ███████
a/k/a "Miles Guo," a/k/a "Miles Kwok,"                    :
a/k/a "Guo Wengui," a/k/a "Brother Seven,"                :
a/k/a "The Principal,"                                    :

KIN MING JE, a/k/a "William Je," and                      :
YANPING WANG, a/k/a "Yvette,"                             :   S1 23 CR 118 (AT)
                                                          :
                                                          :
                     Defendants.                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

███████ (the "Petitioner"), pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby respectfully petitions this Court for a determination of the Petitioner's interest in specific property subject to the Court's Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Forfeiture Order"), signed on January 6, 2025, and entered on January 7, 2025. The Forfeiture Order includes various bank accounts ("Forfeited Accounts"), as described in Dkt. 488. Petitioner seeks to exclude from forfeiture the specific property in which Petitioner has a legal right, title, and interest—namely, ███████ (the "Property").

In support hereof, Petitioner states as follows:

     1. I, the Petitioner, transferred a total of ███████ in two separate remittances to a forfeited account, as shown in the remittance receipts attached as Exhibit A:

     a. On November 15, 2021, I remitted ███████ to account number 7801000254, held in the name of "Himalaya International Clearing, Ltd." — the designated U.S. account for the Himalaya Exchange platform. This account was seized by the Government on or about September 20, 2022 (Asset ID: 23-FBI-000051).

     b. On December 6, 2021, I remitted ███████ to the same account listed above.

2. I was induced to deposit funds into Himalaya Exchange due to extensive promotional materials and public statements made by Guo Wengui and his team. Specifically, Guo claimed on several occasions that 20% of the proceeds from the sale of Himalaya Exchange's digital currency, HDO, would be used to purchase gold and backed by 20% gold reserves. In addition, Guo and his affiliates widely promoted that the HDO tokens would be subscribed to by "top global financial institutions" who would hold them in long-term lockup, thereby supporting price stability and growth potential. These representations led me to believe that the platform had significant development potential and asset backing. However, subsequent court filings revealed that these statements were false, misleading, and part of a fraudulent financial scheme.

3. In March 2023, Defendants Guo and Wang were arrested. Defendant "Je" remains at large.

4. Prior to their arrests, Petitioner was unaware of the criminal nature of Himalaya Exchange, Hamilton Fund, and G|Clubs Inc. It was only after their arrests that Petitioner became aware that Defendants had been charged with conspiracy to commit wire fraud, securities fraud, bank fraud, and money laundering, in violation of 18 U.S.C. § 1349.

5. On May 3, 2024, Defendant Wang pled guilty to conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, pursuant to a plea agreement with the Government. As part of that agreement, she agreed to forfeit over $1.4 billion in assets, including the Property (Dkt. 325).

6. That same day, Defendant Wang consented to the entry of the Preliminary Order of Forfeiture as to Specific Property/Money Judgment, including the funds provided by Petitioner (Dkt. 329).

7. On July 18, 2024, Defendant Guo was convicted at trial of racketeering conspiracy, wire fraud, bank fraud, money laundering, securities fraud, and related substantive counts (Dkt. 395).

8. On January 7, 2025, this Court sentenced Defendant Wang to 120 months in prison (Dkt. 489).

9. On the same day, this Court signed the Forfeiture Order (Dkt. 488).

10. Petitioner was not informed prior to the entry of the Forfeiture Order and had no knowledge that Defendant Wang had agreed to forfeit the Property.

11. As a victim of Defendant Wang's fraudulent conduct, Petitioner has a legal interest in the Property, which Defendant Wang had no authority to forfeit. Petitioner's interest is superior to that of Defendant Wang, and thus the Property should not have been included in the Forfeiture Order.

12. Petitioner was not involved in any of the above-mentioned crimes and had no knowledge of the Defendants' illegal activities. Petitioner is therefore an innocent third party pursuant to 21 U.S.C. § 853(n). Under that section, any third party asserting a legal interest in forfeited property may petition the court for a hearing to adjudicate the validity of their interest.

13. Pursuant to 21 U.S.C. § 853(n)(2)-(3), this petition is sworn, signed, and sets forth the nature and extent of Petitioner's right, title, or interest in the Property, the time and circumstances of Petitioner's acquisition thereof, and additional facts supporting Petitioner's claim and relief sought.

14. Petitioner is the lawful owner of the Property, having been defrauded of it by the Defendants.

15. In the alternative, Petitioner is a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B), having transferred funds to the Defendants based on false and fraudulent representations.

16. Petitioner became aware of the Forfeiture Order via publication on www.forfeiture.gov between February 6, 2025, and March 7, 2025, which stated that any person, other than the defendant, who claims a legal interest in forfeited property must file a petition within thirty (30) days of final publication or actual notice, whichever is earlier.

17. Petitioner has filed this Petition within thirty (30) days of the final date of publication. WHEREFORE, Petitioner respectfully requests that this Court:

a. Amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party, a holder of a superior interest, and/or a bona fide purchaser for value.
b. Hold a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters.
c. In the alternative, should this Petition be denied, permit Petitioner to assert a claim for compensation for the Property.
d. In the alternative, and if this Petition is denied, grant Petitioner restitution or remission of the Property through applicable processes.
e. Grant such other and further relief as the Court deems just and proper.

April 6, 2025.                                                          Respectfully Submitted,

[signature redacted]

## **VERIFICATION**

I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on April 6th, 2025 in ▮▮▮▮▮▮▮

