UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA                :

                -v.-

HO WAN KWOK,
a/k/a "Miles Guo," a/k/a "Miles Kwok,"
a/k/a "Guo Wengui," a/k/a "Brother Seven,"
a/k/a "The Principal,"

KIN MING JE, a/k/a "William Je," and
YANPING WANG, a/k/a "Yvette,"
:
:
        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

VERIFIED PETITION UNDER FED. R. CRIM. P. 32.2 AND 21 U.S.C. § 853(n) FOR ADJUDICATION OF PETITIONER'S RIGHT TO SPECIFIC PROPERTY OF ▮

S1 23 CR 118 (AT)

NOW COMES, ▮ ("Petitioner"), by and through the undersigned, and respectfully submits this verified petition under 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure for adjudication of Petitioner's interest in the following property: ▮ (the "Property") forfeited pursuant to the Court's **Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment** (Dkt. 488), signed by Your Honor on January 6, 2025, and entered on January 7, 2025 (the "Forfeiture Order").

## I. PARTIES AND JURISDICTION

1. Petitioner is a ▮. Petitioner's full identifying and contact information, including address, passport number, ID number,

    phone number, and email address, has been provided to the Court under seal for privacy and security.

2. On January 7, 2025, Defendant Yanping Wang was sentenced by Your Honor to 120 months imprisonment. See Dkt. 489.
3. That same day, Your Honor signed the Forfeiture Order. See Dkt. 488.
4. Petitioner was not consulted prior to the entry of the Forfeiture Order and had no knowledge that Defendant Wang consented to forfeit the Property.
5. Petitioner had no involvement in any criminal conduct by the Defendants and had no knowledge of the illicit activities involved.
6. This Court has jurisdiction over this matter under 21 U.S.C. § 853(n), 18 U.S.C. § 3231, and Rule 32.2 of the Federal Rules of Criminal Procedure.

## II. FACTUAL BACKGROUND AND INTEREST IN THE PROPERTY

7. Petitioner was introduced to the H-Coin investment project by a friend engaged in cryptocurrency trading. Between October 2021 and March 2022, Petitioner was influenced by extensive and organized promotional campaigns that exaggerated potential returns, including deceptive videos posted by Guo Wengui.
8. As a result, Petitioner made ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ to Himalaya Exchange (Account No. 7801000254, under the name **Himalaya International Clearing, Ltd.**).
9. On or about September 20, 2022, the DOJ seized this account under **asset ID 23-FBI-000051**.
10. Petitioner reasonably believed the Exchange was a legitimate platform. However, starting December 2022, Himalaya Exchange issued policy updates, capped withdrawals at $5,000, and failed to honor Petitioner's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, 2023.
11. Despite numerous support tickets ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ no resolution was provided.
12. On July 6, 2023, Petitioner received an investor update from Himalaya Exchange confirming that funds were seized by the DOJ, and that all withdrawals were suspended indefinitely due to ongoing investigations.
13. On September 25, 2023, further communications from the Exchange confirmed continuing government investigations and advised customers to seek independent legal counsel for recovery.
14. Petitioner was not a participant in or aware of any of the underlying criminal conduct by any of the Defendants.
15. Petitioner was a victim of the fraudulent scheme orchestrated through Himalaya Exchange and is an innocent third party with a legally cognizable ownership interest in the seized Property.

16. Petitioner had no knowledge that the funds transferred would be used in furtherance of any illicit scheme.
17. Petitioner's interest is superior to any interest held by the Defendants in the forfeited Property.
18. In the alternative, Petitioner qualifies as a **bona fide purchaser for value** pursuant to 21 U.S.C. § 853(n)(6)(B), having transferred funds in exchange for what was represented as legitimate investment.
19. Petitioner respectfully submits that the Property seized includes assets to which the Defendants had no rightful claim, as the funds originated from Petitioner and other similarly situated victims.
20. Petitioner attached hereto documentation in support of this claim, including: 19 remittance records, email communications with Himalaya Exchange, redemption requests, and investor updates.
21. Petitioner had no ability to intervene before the entry of the Forfeiture Order.
22. Petitioner submits this verified petition to assert a legal interest and to request that the Court amend the Forfeiture Order to exclude the seized Property.
23. Petitioner is entitled to assert a claim under 21 U.S.C. § 853(n)(2), which provides that any third party "asserting a legal interest in property which has been ordered forfeited to the United States... may petition the court for a hearing to adjudicate the validity of his alleged interest in the property."
24. This Petition is submitted in good faith and in accordance with the law.
25. Petitioner has filed this petition within 30 days of the final publication of notice.

**WHEREFORE, Petitioner respectfully requests and petitions this Court:**

a. to amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party, superior interest holder, and/or a bona fide purchaser for value;

b. for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters;

c. in the alternative, and in the event that this Petition is denied, Petitioner respectfully asserts a claim for compensation for his interest in the Property;

d. in the alternative, and in the event that this Petition is denied, Petitioner respectfully moves this Court to be granted restitution and/or payment of the Property through the remission process;

e. for such other and further relief as the Court deems just and proper.

Dated: April 6, 2025,                                              Respectfully Submitted,



## VERIFICATION

I attest and declare under penalty of perjury that my petition is not frivolous and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on April 6th, 2025 in ███████████████████████.

