

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, NY 10278*

April 7, 2025

**BY ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl St. New York, NY 10007-1312
New York, New York 10007

    Re:    *United States v. Guo, et al.*, S3 23 Cr. 118 (AT)
             *United States v. Wang*, S4 23 Cr. 118 (AT)

Dear Judge Torres:

       The Government writes in connection with various third-party petitions filed with respect to the Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment entered by this Court on May 3, 2024 against Yvette Wang (Dkt. 329 ("Wang Forfeiture Order") as part of her sentence. As explained below, the Government requests that the resolution of the petitions be stayed until a preliminary forfeiture order is entered against Wang's co-defendant, Miles Guo, at which time all petitions pertaining to disputed assets can be adjudicated and resolved expeditiously in a single ancillary proceeding.

       As set forth in the Wang Forfeiture Order, the Government is obligated to provide notice of the Government's intention to seek forfeiture of the various assets (the "Specific Property") contained in the Wang Forfeiture Order by publishing notice on the Government's website, www.forfeiture.gov for 30 days. Third parties receiving notice as result of the Government's internet publication, have until today, April 7, 2025, to file a petition in the ancillary proceeding asserting an interest in the Specific Property.

       As of today, at least approximately 102 petitions (the "Petitions") have been filed by third-parties asserting an interest in most of the assets contained in the Specific Property (the "Subject Properties"). A preliminary review of the Petitions reveal that the following assets have no asserted claims of interest against it:

        (i)    £3,005 in pounds sterling currency seized from Wang's apartment by the Government on or about March 15, 2023;

        (ii)   $1,180 Hong Kong Dollars seized from Wang's apartment by the Government on or about March 15, 2023;

  (iii) ¥600 Chinese Yuan seized from Wang's apartment by the Government on or about March 15, 2023;

  (iv) $138,440.00 in United States currency seized from Wang's apartment by the Government on or about March 15, 2023.

(the "Excluded Assets").

With respect to the Excluded Assets, the Government intends to submit to the Court for entry a proposed Final Order of Forfeiture.

On or about July 16, 2024, Miles Guo was found guilty, following a jury trial, of racketeering conspiracy, conspiracy to commit money laundering, wire fraud, bank fraud, and securities fraud, as well as several substantive fraud charges. Guo is currently awaiting sentencing[1] and a forfeiture order has not yet been imposed against him by the Court. However, it is the Government's intention to seek entry of a preliminary order of forfeiture to include the Subject Properties in connection, or prior to, the sentencing of Guo.

Additionally, on or about February 15, 2022, Guo filed for Chapter 11 bankruptcy. *See In Re Ho Wan Kwok and Genever Holdings LLC*, 22-50073 (JTD) (Bankr. Conn.) (the "Bankruptcy Action"). The bankruptcy court appointed a trustee (the "Trustee") in connection with the Bankruptcy Action. The Trustee has advised the Government that he claims an interest in the Subject Properties, and has relayed that he intends to file a petition when a preliminary order of forfeiture is entered as to some or all the Subject Properties in connection with Guo.

Accordingly, the Government requests that the resolution of the Petitions be stayed until a preliminary forfeiture order is entered against Guo, at which time all petitions can be adjudicated and resolved in a single proceeding. This would promote judicial efficiency by allowing litigation and resolution of all competing petitions to the Subject Properties to occur within a single ancillary proceeding, that is, the ancillary proceeding that would follow entry of a preliminary forfeiture order against Guo; as such, petitioners would avoid any real or perceived obligation to file petitions to the same assets in two separate ancillary proceedings. This procedure would also avoid the potential of issuing inconsistent rulings or rulings in tension with one another in the context of adjudicating various petitions to the same assets in two separate ancillary proceedings. Finally, if the Court was to proceed in resolving the Petitions in the context of the ancillary proceeding in Wang's case, Guo would need to assert any interest he has in the Subject Properties via filing a petition in connection with Wang's ancillary forfeiture proceeding; he has not done so.

Once a preliminary order of forfeiture is entered against Guo, then all third-party interests as to the Subject Properties could be resolved in a single proceeding, taking into account a Guo forfeiture order. With respect to the Petitions already filed following entry of the Wang

---

[1] On or about December 10, 2024, Guo moved, *ex parte,* for the substitution of new counsel which is still pending before the Court. A hearing on that motion is scheduled for tomorrow at which time the Government understands the Court intends to substitute counsel.

Forfeiture Order, the Government is prepared to deem those filed in connection with a Guo ancillary proceeding, once the Court enters a preliminary order of forfeiture against Guo.

\* \* \*

The Government is available to address any questions the Court may have.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney
Southern District of New York

By: /s/
Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / 6612 / 2276 / 2314