UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

-v.-

HO WAN KWOK,
a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal,"

KIN MING JE, a/k/a "William Je," and

YANPING WANG, a/k/a "Yvette,"

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PETITION UNDER FED. R. CRIM. P. 32.2 AND 21 U.S.C. § 853(n) FOR ADJUDICATION OF PETITIONER'S RIGHT TO SPECIFIC PROPERTY OF [$686,841.00]

S1 23 CR 118 (AT)

Ziheng Cheng (the "Petitioner"), herby respectfully petitions the Court for a determination of the Petitioner's interest in specific property subject to the Court's *Consent Preliminary Order of Forfeiture as to Specific Property/Money* Judgment, signed by Your Honor on January 6, 2025 and entered on January 7, 2025, (the "Forfeiture Order") which includes various bank accounts ("Forfeited Accounts") regarding various instrumentality of the Defendant's racketeering scheme, including but not limited to, Rule of Law Foundation III, Rule of Law Society IV, G-Clubs, Himalaya Exchange, namely the Guo Enterprise (G-enterprise), to exclude all property in which the Petitioner has right, title, and interest, namely, $686,841.00 (the "Property"). In support of this, Petitioners state as follows:

1. Starting In 2019, Petitioner was solicited to "donate" to the Rule-of-Law Foundation/Society as a prerequisite for the investment of G-Enterprise:
    a) On February 20, 2019, the "Petitioner" transferred $50.00, via PayPal with transaction ID 1846-8878-5536-3418, to the Rule of Law Society IV, Inc;

    b) On June 30, 2020, the "Petitioner" transferred $110.00, via Paypal with transaction ID 02B26373009126624, to the Rule of Law Society IV, Inc;

    c) On August 2, 2021, the "Petitioner" transferred $10000.00, via check with Number 178, to the Rule of Law Foundation III, Inc;

    d) On August 2, 2021, the "Petitioner" transferred $10000.00, via check with Number 179, to the Rule of Law Foundation III, Inc;

2. The "Petitioner" was promised, by the Defendants and others, outsized financial returns and other benefits. As a result of the Defendants false and fraudulent claims, Petitioner invested in total of $686,841.00 via, in G|CLUBS, Himalaya Exchange and other instrumentalities of this fraud.

3. In particular, Petitioner sent U.S. currency and other fiat tantamount to U.S. currency upon information and belief, to the custody and control of Defendants into the Forfeited Accounts as detailed below.

    a) On January 20, 2021, Petitioner invested $10,000.00 with G|CLUBS providing the funds via check to Defendants to G|CLUBS for payment for the Initial Membership Payment. (See Exhibition V)

    b) On March 15, 2021, Petitioner invested $50,000.00 with G|CLUBS providing the funds to Defendants via wire transfer with G|CLUBS Order ID RQ21031318472. (See Exhibition VI)

    c) On May 11, 2021, Petitioner invested $20,020.00 with Himalaya Exchange providing the funds to Defendants via wire transfer with TRN 2021051100340327. (See Exhibition I)

    d) On October 12, 2021, Petitioner invested $30,000.00 with Himalaya Exchange providing the funds to Defendants via wire transfer into FV bank account 7801000254 with TRN 2021101200575176. (See Exhibition II)

    e) On October 21, 2021, Petitioner invested $50,020.00 with Himalaya Exchange providing the funds to Defendants via wire transfer into FV bank account 7801000254 with TRN 2021102100089153. (See Exhibition II)

    f) On February 16, 2022, Petitioner invested $50,020.00 with Himalaya Exchange providing the funds to Defendants via wire transfer into FV bank account 7801000254 with TRN 2022021600373037. (See Exhibition III)

4. The Petitioner was solicited and was promised by the Defendants, and coconspirators Xia Qidong, and Zhang Yongbing (Dkt. 388) with outsizing financial rewards and other benefits,

to invest the Himalaya Exchange by wiring 3,000,000.00 Chinese Yuan (RMB) tantamount to $456,621.00, to an account provided by Xia on April 6, 2022. On April 24, 2022, the Petitioner received 456621.00 HDO shown on the "Himalaya Exchange" and the "H-Pay". (See Exhibition IV)

5. The total amount transferred to Defendants in the Forfeited Accounts, whether directly or indirectly, is $686,841.00.

6. The Petitioner never received any funds or investment back from Defendants.

7. In March 2023, Defendants Kwok and Wang were arrested. Defendant Je remains at large.

8. Petitioner was not aware of the criminal nature of G-enterprises leading up to the arrest of the Defendants. After the arrest, Petitioner learned that the Defendants were charged with Conspiracy to Commit Wire Fraud, Securities Fraud, Bank Fraud, and Money Laundering, in violation of 18 U.S.C. §1349, as well as related substantive counts.

9. On May 3, 2024, Defendant Wang pled guilty to Conspiracy to Commit Wire Fraud, in violation of 18 U.S.C. § 1349 pursuant to a plea agreement with the Government, wherein Defendant Wang agreed to forfeit to the United States a sum of money equal to $1.4 Billion through various accounts and other property, including forfeiting all right, title, and interest of the Property. See Dkt. 325.

10. On May 3, 2024, Defendant Wang consented to the entry of Preliminary Order ofForfeiture as to Specific Property/Money Judgment, including all funds provided by Petitioner into the Forfeited Accounts as detailed above. See Dkt. 329.

11. On July 18, 2024, Defendant Kwok was convicted after a Jury Trial of Racketeering Conspiracy, Conspiracy to commit, Wire or Bank, Money Laundering and Securities Fraud, as well as related substantive counts. See Dkt. 395.

12. On January 7, 2025, Defendant Wang was sentenced by Your Honor to 120 months imprisonment. See Dkt. 489.

13. On January 7, 2025, Your Honor signed the Order of Forfeiture as to Specific Property/Money Judgment. See Dkt. 488.

14. The Petitioner was not consulted prior to the entry of the Forfeiture Order. Petitioner had no knowledge that Defendant Wang consented to forfeit the Property.

15. Petitioner was not involved in the aforementioned crimes, except as a victim, nor was he knowledgeable of the Defendants' illicit and illegal activities. Accordingly, Petitioner is also an innocent third party pursuant to 21 U.S.C. § 853(n). The petition, which is sworn

and signed by the petitioner, "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, and additional facts supporting the petitioner's claim, and the relief sought." *Id*. § 853(n)(3).

16. Here, Petitioner is the lawful owner of the Property – having been defrauded of the Property by the Defendants.
17. In the alternative, Petitioner is a bona fide purchaser for value of his interest in the Property under 21 U.S.C. § 853(n)(6)(B), as he provided the Property to Defendants under false and fraudulent pretenses.
18. Petitioner was made aware of the Order of Forfeiture by viewing it at www.forfeiture.gov (which was published from February 6, 2025 through March 7, 2025) noting
19. The petitioner has filed this petition within 60 days of the initial publication of notice.

WHEREFORE, Petitioner respectfully requests and petitions this Court:

a) to amend the Forfeiture Order to exclude the Property in which Petitioner has a right, title, and interest as an innocent third party, superior interest, and/or a bona fide purchaser for value.

b) for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters.

c) in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully asserts a claim for compensation for his interest in the Property.

d) in the alternative, and in the event that this Petition is denied, Petitioner hereby respectfully moves this Court to be granted restitution and/or payment of the Property through the remission process.

e) for such other and further relief as the Court deems just and proper.

Dated: April 6, 2025

Respectfully Submitted,



Ziheng Cheng



## VERIFICATION

I attest and declare under penalty of perjury that my petition is not frivolous, and the information provided in support of my petition is true and correct to the best of my knowledge and belief. Executed on April 6th, 2025, in Tübingen, The Federal Republic of Germany.



Ziheng Cheng