UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No. 1:23-CR-118-1 (AT)

UNITED STATES OF AMERICA,
-against-
HO WAN KWOK,
 a/k/a "Miles Guo,"
 a/k/a "Miles Kwok,"
 a/k/a "Guo Wengui,"
 a/k/a "Brother Seven,"
 a/k/a "The Principal,"
KIN MING JE,
 a/k/a "William Je," and
YANPING WANG,
 a/k/a "Yvette,"
 Defendants
Judge Analisa Torres

## Motion to intervene as a victim

I once again apply for special permission from the court to allow me to express my appeal in the simplest language of ordinary people. Background File 528 and File 596 are two court orders about me, and I will definitely comply. If I understand correctly, I am close to being expelled from the court. If I want to stay in the court, the safest choice is to become a victim in this case. If I am completely banned or expelled from the court, I will be in a very dangerous situation. All parties involved in the case admit that all those involved are facing threats from the Chinese Communist Party, and I am currently in China, and the threats I face are very huge. If I am completely banned or expelled from the court, I may be quickly arrested by the Chinese government, and I may even be murdered. If I continue to stay in the court, at least I have the protection of the identity of a party involved in the US court. Without this identity, I have no way to assess the threats and risks I face. Therefore, in order to continue to stay in the court and for the safety of my life, I choose to be the victim of the defendant. I beg the judge to forgive the mistakes I made before and let me stay in the court.

In addition, the judge also mentioned my alias. I will show my real Chinese name in this motion and submit evidence about my identity after the motion. I did not forge my name. I have used the English name Chunk for several years. The Family Name, Chyi, is also real. This is the translation method of Taiwan and Hong Kong, just like Guo Wengui's Family Name, Guo is translated into Kwok. In addition, I cannot receive the court documents in the first time. I implore the court staff to send the court documents directly to me by email. I mainly read court documents on nfsc.press, which is the website of the Himalayan Alliance New Federal State of China. There is a big delay in reading court documents there. I can also see court documents pushed by other netizens who care about this case through the X platform. If I receive the court order for file 528 in the first time, I will not send the following files. And up to now, the court documents on nfsc.press have only been updated to file 596, jumping directly from file 528 to file 596, and the 68 files in between have not been updated. This means that I have not seen the court documents that I wrote and uploaded by the court until now. In any case, I will comply with the judge's order.

### Legal Basis

Crime Victims Rights Act (18 U.S.C. § 3771): As a victim of the defendant's crime, the movant has the following statutory rights: a. The right to be reasonably protected from the defendant (18 U.S.C. § 3771(a)(1)); b. The right to receive reasonable, accurate, and timely notice of any public court proceeding (18 U.S.C. § 3771(a)(2)); c. The right to be heard in any public proceeding concerning release, confession, adjudication, or forfeiture (18 U.S.C. § 3771(a)(4)); d. The right to receive adequate and timely compensation as required by law (18 U.S.C. § 3771(a)(6)); e. The right to be free from unreasonable delays in the proceedings (18 U.S.C. § 3771(a)(7)).

As a victim, I will support all the real victims registered through File 10-1, and I also support the prosecutor's File 10-1, File 382, File 493, File 511, and File 671. In order to protect my interests as a victim, I will oppose those who have filed redemption claims for confiscated funds in court or those who may file redemption claims. These suspicious persons include Geyer, Luc, and the attorneys who represented more than a hundred petitions mentioned by the prosecutor in File 671.

The evidence is as follows

**Document 7**
Despite this injunction, obstruction of Kwok's bankruptcy proceeding has continued. Two
days after the preliminary injunction was issued, on January 11, 2023, on his Gettr page, Kwok
encouraged his followers to flood the bankruptcy docket with claims (regardless of their merit).
By so doing, Kwok sought to force the Trustee to incur unnecessary costs and expense as well as
obstruct the proceedings.14 On January 23, 2023, Kwok posted a video on Getter in which he
encouraged more of the same, and revealed the purpose of the filings was to obstruct the
bankruptcy court and cause unnecessary expenses for the Trustee:
"All of you go to the bankruptcy court . . . Let the attorney's fees of trustee accumulate to 1 trillion if possible."
"Think about it, $1,860 an hour as the attorney's fees. How much attorney fees is it after you all registered? How good is that!"

**Document 192**
Indeed, even after the Bankruptcy Court issued a preliminary injunction barring Kwok
from certain obstructive activities, Kwok violated it. Specifically, Kwok encouraged his followers
to flood the bankruptcy docket with claims (regardless of their merit).
 On January 23, 2023,
Kwok posted a video on Getter in which he encouraged more of the same, and revealed
 the purpose
of the filings was to obstruct the bankruptcy court and cause unnecessary expenses for the Trustee:
"All of you go to the bankruptcy court . . . Let the attorney's fees of Trustee accumulate to 1 trillion
if possible;" and "Think about it, $1,860 an hour as the attorney's fees. How much attorney fees
is it after you all registered? How good is that!"


**Document 202**
Motion Follows Same Pattern as Other Filings by Mr. Kwok's Associates, and Trustee
Believes Funds In Question May Be Property of Chapter 11 Estate
Although not an issue for this Court to decide, the Trustee believes that Movants-like many parties
before them-may very well be receiving direction from Mr. Kwok or his proxies, and the funds they seek
to recover may rightfully be property of the estate. The Trustee bases this position on, among other
things, the Bankruptcy Court's finding in its December 2022 preliminary injunction ruling in response to
the protests and harassment against the Trustee and PAX that Himalaya Exchange is among a group
of entities that "serve[s] the purposes of the Debtor, serve[s] as [a] business vehicle[] for the
Debtor, and [its] members are personally loyal to the Debtor."7 The purported nominal leader of the
Himalaya Exchange is Mr. Kwok's alleged co-conspirator, William Je, who allegedly lent Mr. Kwok's
daughter $37 million early in the bankruptcy case through an entity named Himalaya International
Financial Group Ltd. in an effort to help her keep Mr. Kwok's luxury yacht (which the Trustee
subsequently established was property of the estate) away from his creditors. Mr. Kwok's daughter
Affectionately called Mr. Je "Uncle William" in her testimony.
Moreover, the Trustee has recently learned that a prominent supporter of the Debtor nicknamed "Little
Sarah"–who, among other things, has referred to Mr. Kwok as "Uncle Guo," has dined with him at his luxury New York
City apartment, has sailed on one of his yachts, and participated in the protests-used
her social media account to introduce investors in the Himalaya Exchange to Mr. Geyer so he could seek
purported relief on their behalf in exchange for a one percent commission on fees recovered.8 As noted
above, this tactic and practice of Mr. Kwok's followers mobilizing as purported claimants is one Defendant
Kwok has been employed, and the Trustee has seen, before.
Movants' suggestion that they have no relationship to Mr. Kwok and that the exchange funds cannot
possibly be property of the estate is untethered from both the facts and the law. Among Movants' flawed
legal positions is their attempt to analogize the Himalaya Exchange to a bank holding customer deposits,
contending that such deposits are not the bank's property.9 But this statement is wrong, because a bank
does own the deposits, with its depositors holding unsecured claims against the bank. The same may
very well be true with any alleged customer funds in the Himalaya Exchange. Indeed, among the $1.2
billions in claims that have been asserted against Mr. Kwok in the Bankruptcy Court to date are many
claims allegedly held by the exact types of Himalaya Exchange customers Movants purport to represent.
This tends to undermine the notion that the funds Movants seek to recover are not estate property.
Document 202 cites thousands of Himalaya Exchange customers registered.


**File 382**
The trial record makes clear that Guo controlled the Farms–the "supporters group around
the world" that "Miles Guo established around April/May 2020." Tr. 1373:5-9. Guo's own words
establish his control over the Farms. For example, in a July 22, 2020 video, Guo listed out the
leaders of the various Farms and gave them instructions. See GXC40-V ("The leaders of all farms
need to do all they can to protect those who contact them. Anybody who does not respond or not
fulfill their responsibilities will be dismissed.
Because Guo directly controlled the Farms, the Farm leaders were agents of Guo,

**File 388**
There is sufficient evidence to find that each of these individuals were members of the
conspiracies related to the Farms.
Guo selected each of these individuals to lead their respective Farms and in turn, they
carried out his instructions in managing the Alliance.

**Doc 395**
Jury verdict as to USA v. Miles Guo

The complete chain of evidence proves that the registration of creditors and the registration of thousands of customers of Himalaya Exchange are seriously suspected of conspiracy. The more than 100 petitions mentioned by the prosecutor in Document 671 are exactly the same, and were also completed under the circumstances of the organization and propaganda of the Himalaya Alliance and Himalaya Farm and suspected conspiracy. These suspicious participants who appeared in court in the nature of agreements, forms, registrations, and agents can only happen under the conspiracy of the criminal Guo Wengui or his Himalaya Alliance Himalaya Farm. The logic is very simple, because it is impossible for any other person or institution to have the ability to organize these followers who participated in the investment of Guo Wengui's series of entities to do the same thing!

Conclusion

I ask the judge to rule that the creditor registry, the thousands of customer registries of Himalaya Exchange, and the more than 100 petitions mentioned in Document 671 are illegal and should be invalidated.

I also suggest that the prosecutors immediately launch a criminal investigation against Luc Geyer, the attorney who represented the more than 100 agreements mentioned in Document 671. I suspect they are also accomplices. I also suggest that the prosecutors treat the leaders of the Himalayan Farm and the Himalayan Alliance who are still engaged in criminal activities in exactly the same way as in Document 7.

The main content of my motion, in original Chinese, is on page 2. My identity evidence is on page 3.

Sincerely

Chunk Chyi/Chunhong Qi

Nanzhuang Village, Hebei Township, Suning County, Cangzhou City, Hebei Province, China
baoliao2019@gmail.com
X.com  @baoliaogeming
+8613031899927
April 08,2025

528  596

Chunk,          Family Name, Chyi                    Family Name Guo   Kwok
                                                          nfsc.press,
                    X                                                      528
            nfsc.press          596    528       596      68

            18 U.S.C. § 3771                       a.              18 U.S.C. § 3771(a)
(1)    b.                         18 U.S.C. § 3771(a)(2)   c.
       18 U.S.C. § 3771(a)(4)    d.           18 U.S.C. § 3771(a)(6)    e.              18 U.S.C.
§ 3771(a)(7)

                    10-1                    10-1     382    493    511    671
                                                            Geyer,Luc,   671

                                         671        100

                                    671    100                              Luc, Geyer
,    671

                                        7