| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>- - - - - - - - - - - - - - - - - - - - - - - x<br>UNITED STATES OF AMERICA<br><br>- v.-<br><br>HO WAN KWOK, a/k/a "Miles Guo," a/k/a<br>"Miles Kwok," a/k/a "Guo Wengui," a/k/a<br>"Brother Seven," a/k/a "The Principal,"<br>KIN MING JE, a/k/a "William Je,"and<br>YANPING WANG, a/k/a "Yvette,"<br>Defendants.<br>- - - - - - - - - - - - - - - - - - - - - - x | PETITION UNDER FED. R. CRIM. P. 32.2<br>AND 21 U.S.C. § 853(n) FOR<br>ADJUDICATION OF PETITIONER'S RIGHT TO<br>SPECIFIC PROPERTY OF<br>[$65,200.00]<br><br><br><br><br><br>S4 23 CR 118 (AT) |

I, Chia Chang Hsieh (the Petitioner"), pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, herby respectfully petitions the Court for a determination of the Petitioner s interest in specific property subject to the Court s Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, signed by Your Honor on January 6, 2025 and entered on January 7, 2025, (the Forfeiture Order") which includes various bank accounts ( Forfeited Accounts"), Dkt. 488, to exclude all property in which the Petitioner has right, title, and interest, namely, $65,200.00 (the Property"). In support hereof, the Petitioner states as follows:

1.  Between 2020 to 2023, I, the Petitioner wired $65,200.00 in total to participate in the projects.

2.  I, the Petitioner transferred U.S. currency to the Forfeited Accounts as below:

3.  On December 15, 2021 — Wired $200.00 to Himalaya Exchange to purchase HDO via bank transaction Number 1NIDJOTT000347. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

4.  On December 17, 2021 — Wired $10,000.00 to Himalaya Exchange to purchase HDO. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

5.  On January 12, 2022 — Wired $10,000.00 to Himalaya Exchange to purchase HDO. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

6.  On February 8, 2022 — Wired $10,000.00 to Himalaya Exchange to purchase HDO. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

7.  On March 30, 2022 — Wired $10,000.00 to Himalaya Exchange to purchase HDO. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

Case 4:23-cr-00118-AT                 Filed 04/06/25

8.  On August 12, 2022 — Wired $10,000.00 to Himalaya Exchange to purchase HDO. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

9.  On January 3, 2022 — Wired $5,000.00 to Himalaya Exchange to purchase HDO via bank transaction Number ALLS2RT00011. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

10. On November 10, 2022 — Wired $10,000.00 to Himalaya Exchange to purchase HDO via bank transaction Number 2NIAHOP1052512. Funds transferred into account number 780100254 at Metropolitan Commercial Bank, held in the name of Himalaya International Clearing Ltd, and seized on September 18, 2022 (23-FBI-000051).

| Transaction Type | Wire number | Total Amount | Payment Method | Recipient | Asset ID |
|---|---|---|---|---|---|
| Purchase HDO | 1NIDJOTT000347 | $200.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |
| Purchase HDO | Wired on December 17, 2021 | $10,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |
| Purchase HDO | Wired on January 12, 2022 | $10,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |
| Purchase HDO | Wired on February 8, 2022 | $10,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |
| Purchase HDO | Wired on March 30, 2022 | $10,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |
| Purchase HDO | Wired on August 12, 2022 | $10,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |

Case 4:23-cr-00118-AT                    Filed 04/06/25

| Purchase HDO | ALLS2RT00011 | $5,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |
|---|---|---|---|---|---|
| Purchase HDO | 2NIAHOP1052512 | $10,000.00 | WIRE | Himalaya International Clearing Ltd | 23-FBI-000051 |

I the petitioner never received any funds or investment back from the investments before they were seized by the government, having now suffered a total of unrecovered funds of my $65,200.00 investment.

I, the petitioner, was not consulted prior to the entry of the Forfeiture Order. Petitioner had no knowledge that Defendant Wang consented to forfeit the Property. I invested in HDO to support the Whistleblower Movement which is led by Miles Guo. I believe that Mr. Guo is not lying; he is simply doing the right thing to take down the CCP.

As an owner of the above listed assets, I, the petitioner has an interest in the Property which Defendant Wang had no authority to agree to forfeit. Rather, Petitioner has a superior interest in the Property which cannot be the subject of the Forfeiture Order relating to Defendant Wang.

I was not involved in, nor did I have any knowledge of the Defendants' activities. Accordingly, I am also an innocent third party pursuant to 21 U.S.C. § 853(n). Any third party asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may... petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition, which is sworn and signed by the me, shall set forth the nature and extent of the petitioner s right, title, or interest in the property, the time and circumstances of the petitioner s acquisition of the right, title, or interest in the Property, and additional facts supporting the petitioners claim, and the relief sought." Id. § 853(n)(3).

Here, **I,** the petitioner is the lawful owner of the Property.

Alternatively, Petitioner is a bona fide purchaser for value of my interest in the Property under 21 U.S.C. § 853(n)(6)(B).

Petitioner was made aware of the Order of Forfeiture by viewing it at www.forfeiture.gov (which was published from February 6, 2025 through March 7, 2025) noting that: pursuant to Title 21, United States Code, Section 835(n), persons other than the defendant who wish to assert a legal interest in property that has been ordered forfeited to the United States must file a petition for a hearing to adjudicate the validity of their alleged interest in the property with the Court within thirty (30) days of the final publication of notice, or receipt of actual notice, whichever is earlier."

Petitioner has filed this petition within 60 days of the initial publication of notice.

**WHEREFORE, Petitioner respectfully requests and petitions this Court:**

    a. to amend the Forfeiture Order to exclude the Property in which Petitioner has a rightful interest as an innocent third party, superior interest, and/or a bona fide purchaser for value.

    b. A hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters.

    c. Compensation for the value of Petitioner's interest if the Petition is denied;

    d. Any other relief the Court deems just and proper.

Dated: April 6, 2025

Respectfully Submitted,

**Chia Chang Hsieh**

*Chia Chang Hsieh*
Signature

# VERIFICATION

I attest and declare under penalty of perjury that my petition is not frivolous, and the information provided in support of my petition is true and correct to the best of my knowledge and belief.

Executed on April 6, 2025, in Potzu, Taiwan

**Chia Chang Hsieh**

*Chia Chang Hsieh*

Signature

Chia Chang Hsieh for

For Ancillary Petition

>o7 E Mortons TED

Vernon Hills IL (005)

Criminal
Docketing

CERTIFIED MAIL

9589 0710 5270 1446 3587 07

Southern District Court of the

United States

500 Pearl Street, Room 120, New

York, NY 10007

10007-133055



Retail

RDC 99

10007

PRO SE OFFICE

RECEIVED
APR 1 1 2025

$5.86
S23244A5025I

U.S. POSTAG
FCM LETTER
LIBERTYVILL
APR 07, 2025