

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, NY 10278*

April 21, 2025

**BY ECF**
The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl St. New York, NY 10007-1312
New York, New York 10007

    Re:    *United States v. Guo, et al.*, S3 23 Cr. 118 (AT)
            *United States v. Wang*, S4 23 Cr. 118 (AT)

Dear Judge Torres:

        The Government respectfully submits this status letter as directed in the Court's email dated April 15, 2025. The Court noted that the Government's February 6, 2025 forfeiture notice directed claimants to send claims to the Clerk of Court. The Court further noted that claims sent to the Clerk of Court have in turn been sent to the Government rather than filed on the docket. The Court directed the Government to "confirm[ ] that it is in possession of these filings and indicat[e] how it plans to return any and all § 853(n) claims to the Court for filing on the public docket."

        To date, the Government has received from the Clerk's Office, and is in possession of, approximately 88 petitions that properly cite to Section 853(n) as a basis to contest the Government's forfeiture and approximately 215 claims[1] outlining an interest in the forfeited property and objecting to forfeiture.

        Additionally, to date, the U.S. Attorney's Office has received, directly, over 500 petitions for remission/mitigation.[2] Because the authority to direct a remission/mitigation of forfeited funds rests entirely with the Attorney General, *see* 21 U.S.C. §§ 853(i), these petitions fall outside of the parameters of the Court's order and Section 853(n), and need not be sent to the Court.

        The Government is in the process of reviewing these over-800 submissions, in part to ensure that any Section 853(n) petitions (construed as described above and in footnote 1) are sent

---

[1] While these claims do not cite Title 18, United States Code, Section 853(n)(6), the Government nonetheless construes these claims as 853(n)(6) petitions contesting the Government's forfeiture by asserting an interest in the various assets contained in the Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment.

[2] More remission/mitigation petitions arrive daily, and that number will likely increase.

to the Court for filing on the docket. The Government's forfeiture staff are in contact with the Clerk's office and will work with the Clerk's Office (or other court staff) to arrange for the return of any Section 853(n) petitions for filing on the docket.[3]

\* \* \*

The Government is available to address any questions the Court may have.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney
Southern District of New York

By: /s/_____
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314

---

[3] The Government notes that several of the filings request to be filed under seal.