IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>**HO WAN KWOK,** a/k/a  "Miles Guo," "Miles Kwok," "Guo Wengui," "Brother Seven," or "The Principal,"<br><br>and<br><br>**KIN MING JE,** a/k/a "William Je,"<br><br>and<br><br>**YANPING WANG,** a/k/a "Yvette,"<br><br>Defendants. | Restitution of Seized Funds<br>Criminal No.:  23-cr-118 (AT)<br><br>**RESPONSE TO MOTION<br>OF BEIBEI ZHU**<br><br>Assigned to the Honorable U.S. District Court Judge Analisa Torres, Presiding Judge |

**RESPONSE TO MOTION OF BEIBEI ZHU TO HOLD BRADFORD L. GEYER ACCOUNTABLE FOR UNAUTHORIZED AND FRAUDULENT REPRESENTATION AND TO SEEK MONETARY SANCTIONS IN THE AMOUNT OF $100,000**

I.    **RESPONSE TO MOTION**

   **A.  Beibei Zhu Asked to be Represented by Bradford Geyer**

   After reviewing her file earlier today, Beibei Zhu—associated with the Himalaya Exchange under HID: 2R5RWN2—previously confirmed her consent to be represented by undersigned counsel, Bradford L. Geyer.

   Ms. Zhu registered as a client at 9:20 a.m. on December 22, 2023, and is listed among the 6,491 members on the master roster submitted under seal on April 7, 2025, however, her account

1

values have not yet been independently verified by HEX. (see ECF No. 676).[1]  Undersigned counsel plans to provide an updated list in a consolidated filing after the procedural picture clears under the Court's guidance and supervision in the weeks to come.

Every HEX member whom the undersigned counsel represents has affirmatively requested representation in writing—typically through digital means such as email or secure online communication. As the Court is aware, some HEX members have retained other counsel. There is no circumstance in which a member is listed as a client of Mr. Geyer without their express written authorization. That said, any final filing submitted to the Court will include a definitive client list authenticated through HEX's internal accounting systems on every client's behalf at an effective future date to be determined.  Counsel continues to receive communications both seeking counsel and also some seeking to drop as represented clients.

Given the ongoing nature of member updates—additions and removals at the request of individuals—counsel and his team have spent considerable time carefully reviewing all related communications and agreements to ensure accuracy and integrity and we time our updates with the government filings and court procedures.

Although the contingency fee agreements with clients reflect express written consent to a 1% success-based fee. Any insinuation that counsel is representing clients without proper authorization, or that the fee structure is unclear or inappropriate, is unfounded and should cease. Mr. Geyer's compensation, if any, depends on the existence of written agreements with those he

---

[1] As of April 7, 2025 a total of 3,539 client members have had their identities and account values formally verified and documented by HEX

2

represents.

The only notable complication is that many clients have expressly requested that their names and details not be made publicly available, due to credible fears of harassment. Counsel has personally observed activity surrounding this matter that he finds suspicious and sometimes lacking in earnestness.

### B. Counsel Terminates Attorney Agreement for Beibei Zhu

Because clients have the right to terminate an attorney representation agreement, and with no other message or motive, the undersigned counsel on the apparent request of Zhu terminates the attorney-client agreement. Zhu is free therefore to represent herself or to retain any other attorney she wishes without obstacle or limitation and we have been responsive in terminating agreements with anyone who wishes to terminate their representation.

### C. It is Unfortunate if There Was Any Misunderstanding.

It is unfortunate, though perhaps inevitable, that meaningful analysis in this case is complicated by significant communication barriers. These arise from the diverse linguistic backgrounds of the participants—including those whose funds were seized—and the general unfamiliarity many have with the complexities of the U.S. forfeiture process. Miscommunications over email, translation issues, and cultural misunderstandings have further exacerbated these challenges.

Moreover, the vast majority of undersigned counsel's clients have expressed concerns—ranging from moderate to extreme—about the risk of being targeted by bad actors, including those believed to be state-sponsored. This fear is not speculative. Upon review of the trial

3

transcript from the prosecution of Miles Guo last year, undersigned counsel notes that at least two witnesses provided sworn testimony in open court describing in chilling detail the retaliation directed at Chinese dissidents and named investors. These threats were presented credibly under oath.

In light of these legitimate concerns, and at the request of multiple clients, undersigned counsel has repeatedly proposed to the Assistant U.S. Attorneys a mechanism by which client identities and related information can be disclosed confidentially—without public exposure that could lead to doxxing, surveillance, or physical harm. Although counsel's communications with government attorneys have been professional and courteous, no agreement has yet been reached to establish a confidential inspection process for the U.S. Government to review and verify client information.

Notably, in April, undersigned counsel submitted under seal a list of clients—identified by Himalaya Exchange HID numbers—who are seeking the return of their investments. Based on a careful review of that sealed filing, Beibei Zhu (HID: 2R5RWN2) was included in that submission. However, her information will not be included in future public or sealed filings and that filing was deconflicted by as of April 7, 2025, with changes since then along with an estimated ~3,500 that remain to be audited by HEX.

II.   **CONCLUSION**

For all the reasons set forth above, counsel takes the opportunity to clarify the concerns of the Moving Party Ms. Zhu, while those HEX Members who are his clients respectfully request that the Court order the return of their funds of each such Member of the HEX which was seized

by the U.S. Government.  As for Ms. Zhu, she has been removed from our client list and is free to make her own filing if and when the forfeiture process is restarted with proper government notice or by Court order.

In the meantime, undersigned counsel takes this opportunity to observe that justice demands swift and decisive action to halt this ongoing harm and ensure that the rights of innocent victims are fully protected. Anything less would perpetuate the profound injustices already inflicted upon these individuals.

Counsel continues to be concerned that each of roughly 10,000 accounts are individually reviewed through the traditional forfeiture process, this will take an inordinate amount of time and administrative costs consuming the Members' investment funds.  This task of managing the individual accounts of Members has always been the responsibility and business of the Himalaya Exchange and undersigned counsel respectfully submits that the Honorable Court should not seek to recreate the functioning of HEX by an expensive, slow, and parallel process.

Dated:  June 30, 2025               RESPECTFULLY SUBMITTED

/s/ Brad Geyer
Bradford L. Geyer, PHV
NJ 022751991
Suite 141 Route 130 S.  303
Cinnaminson, NJ 08077
Brad@FormerFedsGroup.Com
(856) 607-5708

**CERTIFICATE OF SERVICE**

5

I hereby certify that on June 30, 2025, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the Southern District of New York, and by email to:

>Bei Bei Zhu
>Email:  beibeizhu2018@gmail.com
>Cherry Blossom Road,
>Xi, a City Shaanxi Province
>    19802907101

>/s/ Brad Geyer
>Bradford L. Geyer, PHV
>NJ 022751991
>Suite 141 Route 130 S.  303
>Cinnaminson, NJ 08077
>Brad@FormerFedsGroup.Com
>(856) 607-5708