LAW OFFICES OF
# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS               ACHARA AMY SCHRODER
—                              *Paralegal*
AMY E. GREER
JACOB C. EISENMANN (pending admission)

July 25, 2025

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

        Re:   *United States v. Ho Wan Kwok (Miles Guo)*,
                     23 Cr. 118 (AT)

Dear Judge Torres:

      This letter is submitted on behalf of defendant Ho Wan Kwok (Miles Guo), whom John Kaley, Esq., Melinda Sarafa, Esq., and I have been appointed to represent in the above-entitled matter. For the reasons set forth below, we respectfully request an adjournment of sentencing until at least December 2025. We have conferred with the Assistant United States Attorneys handling this matter, who have informed us that the government opposes the defendant's request for a three-month adjournment of sentencing, and will respond to the defendant's motion in writing.

      After careful evaluation of the tasks we need accomplish in order to represent Mr. Guo effectively at sentencing, we believe there are several reasons for the adjournment request, including:

    (1)    the sheer volume of materials that counsel must review is enormous, and requires considerably more time to review than counsel initially anticipated. It includes not only a 6,000-page trial transcript, but also numerous Government Exhibits at trial that are themselves voluminous and complex. Further, pre-trial litigation, some of which is relevant to sentencing, also was extensive;

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
July 25, 2025
Page 2 of 4

(2) counsel only recently have begun to make progress reviewing the massive discovery in the case, and confirming with Mr. Guo which portions of the discovery – certainly not the full range of what was produced by the government – he has had a meaningful opportunity to review and which portions he would like to see now in preparation for sentencing;

(3) likewise, the 3500 material – recently received – is quite substantial, and likely includes information relevant to sentencing that was not part of the trial testimony and needs to be reviewed;

(4) counsel initially was required to spend significant time addressing the forfeiture issues the government presented to us for decision as promptly as practicable. As a result, many of our early meetings with Mr. Guo were devoted either primarily or entirely to discussing the forfeiture issue and refining Mr. Guo's response. Thus, while counsel have met with Mr. Guo more than ten times (with almost all those meetings including all three counsel), only recently have we been able to move beyond the forfeiture issues, and begin to address the broader issues presented by sentencing;

(5) given counsel's mandate, and the circumstances of the substitution of counsel, we have concluded it is prudent to perform a comprehensive review of the Pre-Sentence Report ("PSR") and the issues it raises, some of which must await our completion of a review of the trial transcript and trial exhibits. The PSR itself presents complex Sentencing Guidelines issues as well as other matters that we are reviewing with Mr. Guo. In order to facilitate that process, we had the PSR translated into Chinese so Mr. Guo could perform his own review. Having received only recently a Chinese-language version of the PSR, Mr. Guo represented to us within the past week that he has not yet completed his review;

(6) in that context, Mr. Guo's English language limitations necessitate translation of other documents in order to ensure that he is able to comment substantively upon them and the issues they implicate. That, too, is a time-consuming process;

(7) in addition, there are matters related to Mr. Guo's provision of intelligence information to the U.S. government (through meetings with U.S. law enforcement and intelligence officers) that we are pursuing. We anticipate making a comprehensive discovery request of the government pursuant (at least in part) to the Classified Information Procedures Act ("CIPA"). While certain issues were raised prior to trial (and others presented at trial), that represents only a small

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
July 25, 2025
Page 3 of 4

fraction of that subject matter that is relevant to sentencing, regardless whether CIPA applies to any or all of it. In addition, we are attempting to obtain, with only mixed results thus far, cooperation from certain persons whom we reasonable believe posssess relevant information (and to interview them and secure documents). If our efforts fail, we may seek court process;

(8) relatedly, we are in the process of obtaining and digesting information with respect to Mr. Guo's targeting by the People's Republic of China. While some of that information may have been deemed relevant at trial, it is likely that a substantial additional amount of that type of information is relevant to sentencing;

(9) the bankruptcy proceedings involving Mr. Guo are complex and ongoing. We have consulted with Mr. Guo's bankruptcy counsel to ensure that our representation of Mr. Guo is thorough and effective, and will continue to do so to ensure our client's interests are not compromised. The same is true with respect to Mr. Guo's immigration proceedings (and his counsel in that forum); and

(10) as the Court is aware, payments pursuant to the Criminal Justice Act have been suspended until at least October 2025. During that moratorium, there is some pressure upon counsel to devote more time to retained cases in order to ensure adequate cash flow for the operation of respective counsels' small law firms. The moratorium may also affect our ability to engage interpreters and others during this period, as they suffer from the same payment issue as counsel during the next few months.

While Mr. Guo wishes to proceed to sentencing as soon as practicable, in our collective judgment as his counsel we have concluded that the additional time is necessary for us to represent Mr. Guo effectively, and present his position at sentencing adequately, and with a full understanding of the issues involved.

Certainly, as we view the task ahead and the work which we must do to discharge our responsibility to our client and to represent him effectively. that simply is not possible by August 18, 2025, the current due date for Mr. Guo's sentencing submission, or the current September 8, 2025, sentencing date.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
July 25, 2025
Page 4 of 4

    Accordingly, for all the reasons set forth above, it is respectfully requested that Mr. Guo's sentencing be adjourned until at least December 2025.

        Respectfully submitted,

        Joshua L. Dratel
        John F. Kaley
        Melinda Sarafa

        *Attorneys for Defendant*
        *Ho Wan Kwok*

JLD/