

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 30, 2025

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

    Re:    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

    Nearly four months ago, in adjourning sentencing in this matter for the fourth time, this Cout was clear: "This matter has been delayed long enough." Dkt. 648 (4/8/25 Tr. at 6) ("Ex. A"). The Government agrees. So too do the victims of Guo's massive fraud scheme, one of whom *months ago* remarked that "[t]he absence of timely justice fuels further misinformation [among Guo's supporters] and deepens the suffering of those who have already endured so much." Dkt. 511 at 2. Accordingly, on April 8, 2025, the Court scheduled sentencing in this matter for September 8, 2025—a date requested and agreed to by the defense.

    Now, more than one year after Guo was convicted at trial in July 2024, his third set of defense attorneys seeks yet another sentencing delay. Dkt. 715 (defense letter seeking further three-month adjournment of sentencing). As set forth below, the defendant's three appointed attorneys have had ample time—and continue to have ample time—to prepare for sentencing, and none of the reasons set forth by the defense warrant a three-month continuance. The Court should deny the motion.[1]

    **A.  Background**

    On July 17, 2024, a jury convicted Guo of nine counts following a nearly eight-week trial. The Court set sentencing for four months later, on November 19, 2024. Guo first sought a sentencing adjournment on September 8, 2024, asking for a "one-time, 60-day extension." Dkt. 466. The Court granted a three-week adjournment instead, moving sentencing back to December 9, 2024. *Id.*

---

[1] The Government does not oppose a modest adjournment of, at most, two weeks, to September 22, 2025, with a corresponding two-week adjournment of the defendant and the Government's respective sentencing submissions. No more is warranted.

On September 26, 2024, the Probation Department submitted the initial presentence report to the parties. On October 16, 2024, Guo's then-counsel submitted a 19-page letter detailing objections to that initial report. On November 4, 2024, the Government submitted its responses to the defendant's objections. The final presentence report was issued on November 21, 2024. Dkt. 475.

Guo sought a second sentencing delay on October 10, 2024. The Court agreed to move sentencing back to January 6, 2025, and ordered Guo to file his sentencing submission by December 16, 2024. Dkt. 472. Guo failed to file a sentencing submission. On December 20, 2024, the Court held a substitution-of-counsel hearing at which it heard *ex parte* from the defense and adjourned Guo's sentencing *sine die*. *See* Dkt. 483. Following further submissions, the Court held a conference on April 8, 2025, at which the Court relieved prior counsel, appointed current counsel, and set the current schedule for sentencing, which was the schedule that present counsel requested.

Notably, at the April 8, 2025 conference, the Court specifically advised the defendant that his sentencing was not a forum to relitigate the trial:

> I would like to remind you, Mr. Guo, and I want you to listen very carefully, that the purpose of sentencing is to determine the type and extent of punishment after the issue of guilt has been determined. *Williams v. New York*, 337 U.S. 241, 247 (1949). The issue of guilt has been determined here. It will not be relitigated at sentencing. The Second Circuit has emphasized that although defendant has the right to present and contest facts at sentencing that are relevant to the sentence to be imposed, that right does not guarantee the defendant an evidentiary hearing, and sentencing is not the proper forum to relitigate factual issues that were resolved at trial. *United States v. Fullwood*, 86 F.3d 27, 32 (2d Cir. 1996); and *United States v. Prescott*, 920 F.2d 139, 144 (2d Cir. 1990).

Ex. A, Tr. 5-6.

The Court then "direct[ed] that outgoing counsel share their files with [incoming counsel] and to stand ready to assist the new attorneys as they get up to speed. This matter has been delayed long enough." *Id.* at 6.

When Guo's new counsel was asked how long was needed to prepare for sentencing, Guo's new counsel requested a sentencing date "in early to mid-September," with the defense submission due three weeks prior to sentencing. *Id*. The defense's request specifically took account of the fact that "the trial record and the exhibits"—which the Government had already provided to the new counsel—were "voluminous," as well as inefficiencies arising from Guo's incarceration at the MDC. *Id.*

The Court granted new counsel's request and scheduled Guo's sentencing for September 8, 2025.

### B. Applicable Law

"[S]ociety has a particular interest in bringing swift prosecutions." *Barker v. Wingo*, 407 U.S. 514, 527 (1972). The Government and the public—including Guo's thousands of victims—have "a significant interest in the finality of the verdict and in getting [Guo] sentenced." *United States v. Sabir*, 628 F. Supp. 2d 414, 417 (S.D.N.Y. 2007). Courts therefore "must impose sentence without unnecessary delay." Fed. R. Crim. Pro. 32(b)(1). There are meaningful "harms arising from delayed sentencing," including leaving "victim[s] in limbo concerning the consequences of conviction." *United States v. Ray*, 578 F.3d 184, 198 (2d Cir. 2009) (quoting Wright & Miller, 3 FEDERAL PRACTICE AND PROCEDURE § 521.1 (3d ed. 2004)). Among other entitlements, Guo's victims have a statutory "right to full and timely restitution"—a process that can only commence after imposition of sentence—and the "right to proceedings free from unreasonable delay." 18 U.S.C. § 3771(a)(6)-(7).

District courts "enjoy broad discretion" in granting or denying continuances. *United States v. Arslanouk*, 853 F. App'x 714, 722 (2d Cir. 2021). Specifically, "[a] sentencing court has broad discretion [as to] the scheduling of sentencing proceedings. Absent a showing both that the denial was arbitrary and that it substantially impaired the defendant's opportunity to secure a fair sentence, [the Second Circuit] will not vacate a sentence because a continuance was denied." *United States v. Prescott*, 920 F.2d 139, 146-47 (2d Cir. 1990) (finding that district court's refusal to further continue sentencing, where proceedings had already been adjourned two times and four months had elapsed since the defendant's guilty plea) (citing *United States v. Alexander*, 860 F.2d 508, 512 (2d Cir. 1988); *United States v. Weinberg*, 852 F.2d 681, 687 (2d Cir. 1988)); *see also United States v. Fell*, 531 F.3d 197, 227 (2d Cir. 2008) ("Scheduling is a matter that is of necessity committed to the sound discretion of the trial court." (internal quotation marks omitted)); *Grotto v. Herbert*, 316 F.3d 198, 206 (2d Cir. 2003) ("[T]he trial judge has considerable discretion in matters of scheduling."). Indeed, the Second Circuit has upheld district court denials of sentencing adjournment requests where the district court "reasonably concluded" that the defendant's adjournment request was an "effort to delay." *Arslanouk*, 853 F. App'x at 722 (affirming district court denial of defendant's sentencing adjournment where defendant had a "history of counsel substitutions . . . resulting in multiple adjournments," and the adjournment request was "yet another effort to delay").

### C. Discussion

As of April 2025, the defendant has been represented by three court-appointed attorneys who contend that the defense "wishes to proceed to sentencing as soon as practicable," but that to do so, they must accomplish various tasks. Dkt. 715 at 1-3. As an initial matter, the defense motion was filed more than six weeks prior to sentencing and approximately three weeks before the defendant's sentencing submission deadline. The defense thus has had and continues to have ample time to complete their tasks prior to the current sentencing date. Moreover, the majority of the tasks set forth in the defense's adjournment request were (a) already considered by defense counsel when requesting the current sentencing schedule, (b) involve matters where substantial work has been completed, or (c) involve matters on which the Court has already ruled. Accordingly, there is no basis for a three-month adjournment.

*First*, counsel seeks an adjournment because of the "enormous" trial transcript and "numerous Government Exhibits at trial," pre-trial litigation, and their "complexity." Dkt. 715 at 2. But these issues were known to defense counsel when they confirmed, on April 8, that a sentencing date in early to mid-September was "appropriate." Ex. A at 6 ("[Defense Counsel:] I think the [trial] transcript is over 6,000 pages . . . The exhibits are quite voluminous . . . I think a date early to mid-September would be appropriate.". Between now and sentencing, moreover, the defense collectively has more than enough time to review the record to prepare for sentencing.

*Second*, the defense points to the volume of Rule 16 and § 3500 material as further reasons for delay.[2] Neither of these issues are a reason for further delay. Given their possession of the trial transcript, and exhibits, current counsel was surely aware there would be a volume of § 3500 and Rule 16 material available for their consideration when they requested, and received, a September 8, 2025 sentencing date. That defense counsel complains about "only recently" having begun to review Rule 16 material with the defendant is puzzling. The defendant has had, *for nearly two-years*, a laptop in the MDC to review discovery, Dkt. 86 (June 13, 2023 order), and surely reviewed his Rule 16 material with his two prior sets of counsel in advance of trial. And the Court specifically instructed outgoing to counsel to advise present counsel as required precisely to avoid such inefficiencies. More importantly, what matters most for the purposes of sentencing is the evidentiary record established at trial, not the pretrial discovery. There is no need for sentencing counsel—unlike trial counsel—to pour over the quantity of Rule 16 discovery in an effort to separate the wheat from the chaff, when there already exists a fulsome trial record in which the most material issues of the case were distilled, including a multi-day defense case. That is also because, as the Second Circuit has cautioned and this Court has made abundantly clear, sentencing is not a forum to relitigate the issues of the trial. Ex. A at 5-6. Aided by the trial record and prior counsel, current counsel have had months—and still have—ample time to continue reviewing Rule 16 and § 3500 material, to the extent necessary, and to effectively represent the defendant at sentencing.

*Third*, the defense seeks delay in an apparent attempt to relitigate issues already decided in this case. These relitigation efforts are not a basis for delay. For example, the defense asserts that they "anticipate making a comprehensive discovery request of the government pursuant (at least in part) to the Classified Information Procedures Act." Dkt. 715 at 2. This Court—after several rounds of briefing and several Section 2 conferences with each party—already addressed such matters and issued a CIPA ruling. Dkt. 294 (April 18, 2024 order). Thus, that issue has been decided, and there no basis to revisit it. Nor is there any reason to delay sentencing to obtain information with "respect to Mr. Guo's targeting by the People's Republic of China." Dkt. 715 at 3. As the Court is well aware, the Government stipulated that Guo was targeted by the CCP, and

---

[2] The defense states that they "recently received" the § 3500 material, but in reality, they have had this material for approximately one month. The defense first requested a copy of the § 3500 material from the Government on May 23, 2025, and did not provide a drive to receive it until June 23, 2025. The Government promptly produced the § 3500 material within approximately one week, on June 30, 2025.

the jury heard extensive evidence about that targeting during trial. (*See* Ex. B. (DX 1).)[3] Nothing more is required for the defense to prepare and proceed to sentencing.

*Fourth*, the defense points to the Pretrial Sentence Report, forfeiture issues, and their client's purported limited English skills as challenges requiring another delay. With respect to the PSR, on October 16, 2024—*i.e.* eight months ago—prior counsel submitted objections to the presentence report in a 19-page letter to Probation, which objections have already been considered by Probation. Dkt. 475 (Nov. 21, 2024 Final PSR). At a minimum, prior counsel's work provided present counsel a substantial head start—and it also strongly suggests that prior counsel previously, and rigorously, reviewed the PSR with Guo. The Presentence Report was finalized eight months ago. As for forfeiture, on June 27, 2025, the defense stated it is "unable to take a position" on forfeiture. Dkt. 710. That issue appears to be settled for Guo's counsel, and given the position, it is unlikely that reaching that conclusion occupied the substantial majority of counsel's time since April 8. But, more to the point, whatever impediment the PSR, forfeiture, the client's incarceration, and language skills present, Guo's three attorneys have had ample time—more than three months—to address them. In fact, they still have several more weeks to complete any additional work even without any changes to the schedule.[4]

Simply put, none of the reasons that the defense has offered is sufficient to countenance further substantial delay. Of course, to the extent that defense counsel requires some modest flexibility, such as another two weeks to complete a sentencing submission, and prepare for a sentencing hearing, the Government would not object. All told that schedule would provide current defense counsel approximately 22 weeks to prepare a sentencing submission, and approximately 24 weeks to prepare for sentencing. Particularly given that much of the work has already been completed by prior counsel, who themselves had approximately eight additional months to prepare for sentencing following Guo's trial conviction, that length of time is more than sufficient for even complex cases.

---

[3] In addition, the defense appeared to have at least partly abandoned its efforts on this issue. On May 12, 2025, defense counsel sent the Government a letter which requested certain materials regarding purported targeting by the Chinese Communist Party against Guo—nearly all of which was previously requested by Guo's prior counsel and much of which was litigated, and ruled on, by the Court. (*E.g.* Dkt. 243 (Feb. 21, 2024 order).) The next day—*i.e.*, on May 13, 2025, over two months ago—the Government asked a clarifying question to understand exactly what the defense sought. The defense never responded to the Government's question, nor otherwise raised the issue again, despite multiple conferrals between the parties on various matters.

[4] Defense counsel also points to Guo's bankruptcy and immigration proceedings as time-consuming issues. But defense counsel are neither Guo's bankruptcy attorneys nor his immigration counsel. In fact, Guo has separate counsel for those issues. Dkt. 715, at 2 ("We have consulted with Mr. Guo's bankruptcy counsel . . . and his counsel in [immigration proceedings]."). Current counsel is preparing for a sentencing hearing, not a bankruptcy or immigration hearing. To the extent required, current counsel may be aided by Guo's counsel in bankruptcy and immigration, as well as prior criminal counsel, in order to advocate effectively at sentencing.

Indeed, in *United States v. Bankman-Fried*—a complex criminal case in which the defendant was also involved in ongoing bankruptcy litigation—Judge Kaplan provided defense counsel approximately 17 weeks from the jury's verdict to file a sentencing submission, and denied the defendant's request for an approximately six-week adjournment of sentencing. No. 22 Cr. 673 (LAK), Dkt. 386 at 3. Judge Kaplan so ruled despite the fact that during those 17 weeks defense counsel was required to submit post-trial motions, and it was possible that the Government would move forward on severed and untried accounts thereby necessitating another trial. The Court denied the adjournment request in part because the sentencing date "was fixed without objection from the defendant," and the Court had granted a prior request. Notably, Bankman-Fried retained new counsel who appeared on January 9, 2024, filed their sentencing submission on February 27, 2024, and appeared for sentencing on March 28, 2024—21 weeks after the trial verdict.

The *Bankman-Fried* case is not an outlier. In *United States v. Hwang*, following an approximately two-month trial—involving a complex market manipulation and racketeering scheme, which ended on July 10, 2024—Judge Hellerstein provided the defense with approximately 17 weeks to prepare its sentencing submission, which was due on November 8, 2024, and held sentencing on November 20, 2024. No. 22 Cr. 240 (AKH). Likewise, in *United States v. Menendez*, following an approximately two-month trial—which had CIPA motion practice, and involved a sitting senator charged with a complex bribery scheme, obstruction, and failing to register as a foreign agent—which ended on July 16, 2024, Judge Stein required the defendant to submit his sentencing submission 24 weeks after trial, on January 2, 2025, and held sentencing on January 29, 2025. *See* No. 23 Cr. 490 (SHS), Dkt. 674 (denying defense request for "brief adjournment" of sentencing). Notably, the *Hwang* and *Menendez* trials concluded within one week of Guo's approximately two-month trial, and defendants Hwang and Menendez were sentenced months ago (in November 2024 and January 2025, respectively).

It has been more than a year since Guo was convicted, and the Court has already generously granted the defendant several sentencing adjournments. There is no justification for yet another lengthy adjournment—this time to December 2025. *See United States v. Booth*, 996 F.2d 1395, 1397-98 (2d Cir. 1993) (finding no abuse of discretion in denial of further continuance, where proceedings had already been adjourned two times). Guo's victims have suffered for years, and hundreds of them have filed petitions for remission to seek money they are owed for Guo's crimes. Those payments cannot begin until at least Guo has been sentenced. The victims, and the public, deserve to see this matter resolved and the defendant sentenced as expeditiously as possible. *See* Dkt. Nos. 477 (Nov. 22, 2024 Victim Impact Statements); *id.* Ex. A at 15 ("As a direct result of Kwok and Wang's fraud, I now carry significant and growing debt. The financial pressure is heavy and increases with each passing day."); 482 (Dec. 11, 2024 Victim Impact Statements); 486 (January 2, 2025 Victim Impact Statements). As one victim expressed in March 2024: "I respectfully and urgently call for justice to be served, swiftly and decisively, so that the truth can be upheld, and those who have courageously spoken out may finally receive the justice, protection, and relief they so rightfully deserve." Dkt. 511 at 3. Guo's third set of attorneys have had, and continue to have, ample time to effectively represent the defendant at sentencing.

### D. Conclusion

Defense counsel's request that sentencing be adjourned to December 2025 should be denied. The defendant has already received a full year to prepare for his sentencing following his conviction. Victims are waiting for a final judgment to receive justice in this case. Providing new defense counsel a total of approximately 22 weeks to prepare a sentencing submission is more than sufficient under these circumstances.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515.

by:    /s/
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314

cc:    Counsel of Record (by ECF)