USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/11/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                                 :

UNITED STATES OF AMERICA

              - v. -

MILES GUO,

   a/k/a "Ho Wan Kwok,"
   a/k/a "Miles Kwok,"
   a/k/a "Guo Wengui,"
   a/k/a "Brother Seven,"
   a/k/a "The Principal,"
   a/k/a "Boss,"

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/MONEY JUDGMENT

S3 23 Cr. 118 (AT)

WHEREAS, on or about April 24, 2024, MILES GUO (the "Defendant"), was charged in a thirteen-count Superseding Indictment, S3 23 Cr. 118 (AT) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Three); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Four); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Five); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Six); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Seven); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Eight); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Nine); securities fraud, in violation of Title 15,

United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Ten); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Eleven); unlawful monetary transactions, in violation of Title 18, United States Code, Section 1957 and 2 (Count Twelve);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any interest acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise the defendants and their co-conspirators established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One including certain specified specific property;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two, Four, and Five through Eleven, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, involved in the offenses charged in Counts Two, Four, and Five through Eleven of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Counts Two, Four, and Five through Eleven of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three and Twelve, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, or any property traceable to such property,

including but not limited to a sum of money in United States currency representing the amount of property involved in Counts Three and Twelve of the Indictment.

WHEREAS, on or about July 16, 2024, the Defendant was found guilty by a jury of Counts One through Four, and Seven through Eleven;

WHEREAS, the Government asserts that $1,300,000,000 in United States currency represents (i) the proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Seven through Eleven of the Indictment that the Defendant personally obtained; and (ii) the property involved in the offense charged in Count Three of the Indictment, for which the Defendant is jointly and severally liable with co-defendant, Yvette Wang (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $1,300,000,000 in United States currency representing (i) the proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Seven through Eleven of the Indictment that the Defendant personally obtained; and (ii) the property involved in the offense charged in Count Three of the Indictment, for which the Defendant is jointly and severally liable with co-defendant, Yvette Wang (the "Co-defendant") and the forfeiture money judgment is entered against the Co-defendant in this case;

WHEREAS, the Government further seeks the forfeiture of all Defendant's right, title and interest in the following assets:

- a. $64,826.87 in United States currency formerly on deposit in Account Number 5090037713 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

- b. $75,000,000.00 in United States currency formerly on deposit in Account Number 5090037705 at Silvergate Bank held in the name of "Hamilton

        Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

c.     $467,343.00 in United States currency formerly on deposit in Account Number 5090037754 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

d.     $89,992,861.75 in United States currency formerly on deposit in Account Number 5090042770 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

e.     $1,683,077.40 in United States currency formerly on deposit in Account Number 5090042762 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

f.     $85,899,889.20 in United States currency formerly on deposit in Account Number 5090042853 at Silvergate Bank held in the name of "Hamilton Opportunity Funds SPC," seized by the Government on or about September 18, 2022;

g.     $48,230,709.62 in United States currency formerly on deposit in Account Number 5090030288 at Silvergate Bank held in the name of "Hamilton Investment Management" Ltd., seized by the Government on or about September 18, 2022;

h.     $1,800,000.00 in United States currency formerly on deposit in Account Number 5090037739 at Silvergate Bank held in the name of "Hamilton Opportunity Fund SPC," seized by the Government on or about September 18, 2022;

i.     $4,643,744.70 in United States currency formerly on deposit in Account Number 7801000590 at FV Bank held in the name of "Himalaya International Reserves, Ltd.," seized by the Government on or about September 20, 2022;

j.     $14,599,257.25 in United States currency formerly on deposit in Account Number 7801000254 at FV Bank held in the name of "Himalaya International Clearing, Ltd.," seized by the Government on or about September 20, 2022;

k.     $12,620,625.39 in United States currency formerly on deposit in Account Number MBI10103-0000 at Mercantile Bank International held in the

|   |   |
|---|---|
|   | name of "G Club International Ltd.," seized by the Government on or about October 16, 2022; |
| l. | $10,008,284.04 in United States currency formerly on deposit in Account Number MBI10133-0000 at Mercantile Bank International held in the name of "Himalaya International Clearing Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023; |
| m. | $3,090,856.54 in United States currency formerly on deposit in Account Number MBI10137-0000 at Mercantile Bank International held in the name of "Hamilton Capital Holding Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023; |
| n. | $272,350,429.22 in United States currency formerly on deposit in Account Number MBI10138-0000 at Mercantile Bank International held in the name of "Himalaya International Reserves Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023; |
| o. | $310,594.31 in United States currency formerly on deposit in Account Number MBI10139-0000 at Mercantile Bank International held in the name of "Himalaya International Financial Group Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023; |
| p. | $1,187,278.87 in United States currency formerly on deposit in Account Number MBI10171-0000 at Mercantile Bank International held in the name of "Hamilton Investment Management Ltd.," seized by the Government between on or about October 16, 2022 and on or about March 10, 2023; |
| q. | $47,888.50 in United States currency formerly on deposit in Account Number MBI10172-0000 at Mercantile Bank International held in the name of "G Fashion International Limited," seized by the Government on or about October 16, 2022; |
| r. | $7,715.00, in United States currency formerly on deposit in Account Number 7801000589 at FV Bank held in the name of "Himalaya International Financial Group, Ltd.," seized by the Government on or about September 20, 2022; |
| s. | $176,983.37 in United States currency formerly on deposit in Account Number MBI10183-0000 at Mercantile Bank International held in the |

    name of "Himalaya Currency Clearing Pty Ltd.," seized by the Government on or about October 16, 2022;

t. $2,745,377.75 in United States currency formerly on deposit in Account Number 9878904409 at Manufacturers & Traders Trust Co. held in the name of "GETTR USA, Inc.," seized by the Government on or about September 18, 2022;

u. $9,899,659.19 in United States currency formerly on deposit in Account Number 157525208185 at US Bank held in the name of "G Fashion," seized by the Government on or about September 18, 2022;

v. All that lot or parcel of land, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, located at 675 Ramapo Valley Road, Mahwah, New Jersey 07430, Parcel No. 3300021-03-00001-02 and described as Lot Number: 1.02 Block: 21.03 District: 33 City, Municipality, Township: MAHWAH TWP (the "Subject Property");

w. A Bugatti Chiron Super Sport, bearing Vehicle Identification Number VF9SW3V3XNM795047 seized by the Government on or about May 11, 2023;

x. A Lamborghini Aventador SVJ Roads, bearing Vehicle Identification Number ZHWUN6ZD2MLA10393 seized by the Government on or about March 15, 2023;

y. A Rolls Royce Phantom EWB, bearing Vehicle Identification Number SCATT8C08MU206445 seized by the Government on or about March 20, 2023;

z. A Bösendorfer 185VC Porsche #49539 piano with custom bench seized by the Government on or about May 22, 2025 from 351 Walker Street, Staten Island, New York;

aa. The following personal property seized by the Government from the Subject Property on or about March 15, 2023:

  i. A Railis Design Iceland Contemporary Poseidon Bed with Nightstands, Ebony Veneer, Brass, Velvet;

  ii. A Hästens 2000T md mattress;

  iii. A Hästens 2000T sf mattress;

  iv. A Wembe watch storage box;

    v. A Samsung Q900 Series QN98Q900RBF 98" QLED Smart TV – 8K;

    vi. A Louis XV Style French Ormolu-Mounted Mahogany Commode by Joseph Émmanuel Zweiner;

    vii. A "K'ang Hsi" extension table in etched and patinated pewter and bronze with hand-painted enamel colors by Philip & Kelvin LaVerne;

    viii. A "Punto '83" table in stainless steel with mesh tabletop with adjustable height and adjustable petals by Gabriella Crespi, Italy 1982;

    ix. Philip and Kelvin LaVerne Still Life Musicale 1960s bronze wall plaque with colored enamel;

    x. Philip and Kelvin LaVerne Venus Contemplating 1960s bronze wall plaque with colored enamel;

    xi. Philip and Kelvin LaVerne Chinoi Plaque #14 limited edition 1960s bronze and pewter plaque;

    xii. Baroque Style Carved Gilt Wood Frame, late 19th Century 44.75" X 38.5";

    xiii. Pair of ormolu-mounted display cabinets in the style of Francois Linke;

    xiv. Ormolu mounted single door vitrine with curved glass sides and front, resting on hoof feet;

    xv. Ornate wrought iron table with inlaid marble top. Book matched center cartouche, black outline;

    xvi. Philip and Kelvin LaVerne Special Eternal Forest Game Table labeled on underside bronze and pewter;

    xvii. Philip and Kelvin LaVerne Marriage Whirl oriental motif boomerang shaped bronze, pewter, and enamel;

    xviii. Philip and Kelvin LaVerne Eternal Forest Cocktail Table bronze and pewter with colored enamel;

    xix. Pair of Sèvres-style porcelain jardiniere/vases having white ground with gold accents, ormolu mounts;

xx. A Sèvres-style porcelain jardiniere/vase having a dark blue ground with gold accents, ormolu mounts;

xxi. Pair of Louis XVI style giltwood console tables with white marble tops. H-37.5" x W-6;

xxii. Pair of octagonal marble pedestals, white with gray veins. H-32" x Diameter-23";

xxiii. Louis XV style French table desk, ormolu mounted marquetry, with leather top;

xxiv. Philip and Kelvin LaVerne Festival Console with waterfall ends, signed on the top 1960s;

xxv. Philip and Kelvin LaVerne Special Festival Console with waterfall ends, signed on the top 1960s;

xxvi. Philip and Kelvin LaVerne Kuan Su Coffee Table bronze and pewter/silver-tone metal top with floral;

xxvii. Philip and Kelvin LaVerne Chan round bronze, pewter, and enamel table with Chinese motif;

xxviii. Regency style cerule x-base footstools with paw feet, red velvet upholstery, and fringe;

xxix. Earlier 20th c. Bar Cabinet with sterling silver mounted vertical stiles, cartouches, and ball;

xxx. 1960s Maison Jansen style French brass, black patina, and smoked glass coffee table;

xxxi. French ormolu mounted marquetry inlaid table desk with single frieze drawer. Finished front and back;

xxxii. Pair of French Empire style gilt and patinated bronze ormolu mounted tables with black marble tops;

xxxiii. Empire-style center table with book-matched flamed veneer top;

xxxiv. Jansen Style Two-tier Bouillotte Table on fluted tripod pedestal with ormolu mounts, marble top;

xxxv. Boulle-style Bureau Plat silver and gold metal scrolling design table desk inlaid with tortoiseshell;

xxxvi. Tabriz, from Iran, modern production. 13' 8" x 20'. Quality: 45 raj. Cotton warp and weft;

xxxvii. Bidjar, from Iran, first quarter of the 20th c. 14' 5" x 19' 7". Wool weft, cotton warp;

xxxviii. Bidjar, from Iran, late 19th - early 20th c. 12' 3" x 19'. Wool warp and weft, wool face;

xxxix. Pair of mid-19th c. Louis XV style paraclose mirrors, floral;

xl. Italian Tuscan antique giltwood mirror with plume-topped urn finial;

xli. Two (2) Regency style giltwood mirrors with urn and floral finial;

xlii. Giltwood Louis XV style overmantel double mirror;

xliii. Two (2) Italian Neoclassical giltwood pier mirrors;

xliv. Pair of Italian Florentine style giltwood mirrors each with a plume;

xlv. Italian giltwood mirror with rococo crest with cross-hatched panels;

xlvi. Pair of French Régence style giltwood mirrors, the crest with a plume;

xlvii. Pair of giltwood mirrors each with a plumed mask crest;

xlviii. Pair of Empire 19th c. gilt bronze floor torcheres embellished with lion masks draped;

xlix. Pair of 18-light Baccarat Torcheres. H-95" x W-26". Dimensions are approximate;

l. 19th c Silver and tortoiseshell mounted table cabinet, with enamel inset;

li. Pair of small figural patinated black and gilt bronze candlesticks;

lii. Pair of gilt bronze chenet with obelisk, lion mask, dolphin;

liii. Pair of marble pedestals having a square top, round column;

liv. Pair of Regency style bronze patinated torcheres, attributed to English lamp manufacturer;

lv. Late Georgian Chippendale style hexagonal center table with cabriole legs and hairy paw and ball;

lvi. Philip and Kelvin LaVerne Chan elongated hexagonal table, mottled bronze on the top, bronze;

lvii. Philip and Kelvin LaVerne Chan hexagonal pedestal, bronze on the top, bronze and pewter Chinese;

lviii. Philip and Kelvin LaVerne Les Chine Cocktail Table square mottled bronze top supported;

lix. Persian Silk Tabriz Rug, 7'7" x 11'2" located on 2nd Floor of the Subject Property;

lx. Louis XV style giltwood pier mirror;

lxi. Pair of Louis XV style giltwood mirrors;

lxii. Italian Tuscan giltwood mirror;

lxiii. French giltwood paraclose mirror with Louis XVI style floral wreath;

lxiv. Chinese Chippendale Giltwood double parclose mirror;

lxv. Louis XV style giltwood paraclose mirror (double frame) with shell and wave crest;

lxvi. French Brass Three Panel Firescreen with Empire style swags and wreaths;

lxvii. Ferdinand Barbedienne (1810 - 1892) French Three-Piece Clock Garniture;

lxviii. Pair of Victorian urn and swag chenet H-18" x W-16" x D-6";

lxix. Pair of Louis XV style gilt bronze and brass andirons depicting cherubs;

      lxx. Louis XV style gilt bronze 'log cradle';

      lxxi. Pair of gilt bronze Louis XV style chenets;

      lxxii. French Tapestry Size 6'8" x 9'5" located on the 3rd Floor of the Subject Property;

      lxxiii. Antique Chinese Export Cast Brass Pair of Foo Dogs;

      lxxiv. $9,895.00 in United States currency;

      lxxv. $1,000.00 in United States currency;

      lxxvi. A ring with box;

      lxxvii. A bracelet with box;

      lxxviii. $1,300.00 in United States currency;

      lxxix. $394,040.00 in United States currency;

      lxxx. Yellow coins;

      lxxxi. 5,000 Euros;

      lxxxii. $188,050 Hong Kong dollars;

      lxxxiii. 250 Chinese Yuan;

bb. $7,173,427.25 in United States currency formerly on deposit in the TD Bank, N.A. official check account, which currency was previously held in TD Bank N.A. accounts 440-5491468 ($2,815,502.30) and 440-5492044 ($4,357,924.95) in the name of "G Club Operations LLC," seized by the Government on or about May 12, 2023.

(a. through bb., collectively, the "Specific Property"), as constituting proceeds of the offenses charged in Counts One, Two, Four and Counts Seven through Eleven and/or property involved in the offense charged in Count Three of the Indictment;

      WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Counts One through Four and Counts

Seven through Eleven and/or property involved in the offense charged in Count Three of the Indictment cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in Counts One through Four, Seven through Eleven of the Indictment, to which the Defendant was found guilty, a money judgment in the amount of approximately $1.3 billion in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Counts One, Two, Four, and Seven through Eleven of the Indictment that the Defendant personally obtained and property involved in the offense charged in Count Three of the Indictment, for which the Defendant is jointly and severally liable with the Co-defendant, to the extent a forfeiture money judgment is entered against the Co-defendant in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, MILES GUO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____          August 11, 2025
HONORABLE ANALISA TORRES                      DATE
UNITED STATES DISTRICT JUDGE