Subject: Letter to Judge Torres and Chief Judge Swain re: Failure to Docket §853(n) Petition

To: ProSe@nysd.uscourts.gov

Cc: clerkofcourt@nysd.uscourts.gov

Hon. Analisa Torres
United States District Judge
Southern District of New York

Cc:
Hon. Laura Taylor Swain, Chief Judge, SDNY
Clerk of Court, SDNY

Re: United States v. Guo, 23 Cr. 118 (AT) — Failure to Docket Third-Party Petition under 21 U.S.C. §853(n)

Dear Judge Torres, Chief Judge Swain, and Clerk of Court:

On August 28, 2025, I submitted my §853(n) petition by email. After two business days, it had not been docketed. On August 30, 2025, I submitted a Motion to Direct the Clerk to File the §853(n) Petition. Again, after two business days, no docket entry was made.

On September 2, 2025, I telephoned the Clerk's Office (three times) to inquire. Due to my limited English proficiency, I was unable to communicate effectively; the staff hung up, stating they could not understand me. I respectfully urge the Court to ensure greater patience and professionalism when interacting with non-native English speakers. Given that many investors affected by this case are not fluent in English, I further request that the Court consider temporarily providing Mandarin-speaking staff to assist with intake and inquiries.

This practice directly conflicts with Fed. R. Crim. P. 49(d), which requires that "the clerk must file a paper if it is delivered for filing." By refusing to docket, the Court is effectively preventing me from entering the §853(n) process at all.

The importance of docketing is underscored in United States v. Fafalios, 919 F. Supp. 276, 278 (S.D. Ohio 1996), where the court held:

"Section 853(n) provides the reasonable procedure through which third parties may assert interests in forfeited property. To prohibit third parties from participating, and to bind them to the factual basis of a defendant's guilty plea, contradicts both logic and basic due process."

As Fafalios makes clear, the §853(n) process is not a matter of grace; it is the constitutionally required safeguard for innocent third parties. Preventing docketing of my petition is indistinguishable from prohibiting participation altogether. This is a denial of due process.

I further note that in the parallel bankruptcy proceedings, property belonging to third-party investors was improperly deemed to be part of the defendant's estate, without affording those investors the due process guaranteed by the Constitution. Based on that flawed premise, the trustee then advanced claims grounded in contested or fraudulent creditor filings, effectively diverting investors' assets. The subsequent forfeiture process in this Court has compounded the problem, by treating such assets as forfeitable property of the defendant, even though they never lawfully belonged to him. This situation, if uncorrected, risks turning the courts themselves (including the Connecticut Bankruptcy Court and this Court) into unwitting instruments of fraud. Such deprivation of property rights without due process is contrary to the Constitution and the governing statutes.

My petition is directed solely to protecting my property rights against fraudulent or procedurally defective claims. Even if the Court finds that some arguments in my petition extend beyond the strict scope of §853(n), the proper course would be to docket my submission and then deny it by written order. To refuse docketing altogether eliminates transparency, creates no record for review, and leaves me without remedy.

Accordingly, I respectfully request:

1. That my §853(n) petition be docketed immediately, in compliance with Rule 49(d); or
2. In the alternative, that the Court issue a written order stating the basis for refusing docketing,so that I may preserve my rights to seek review.

If my petition continues to be excluded from the docket without explanation, I will have no choice but to raise this issue in a complaint to the Judicial Conference of the United States and the Department of Justice Office of Professional Responsibility, as well as to preserve appellate rights.

Respectfully submitted,



Chengjun Fu
Chongqing, Chongqing, China
Email: dcs20240202@protonmail.com
Phone: +19782160735