# Report on Alleged Prosecutorial and Trustee Misconduct in United States v. Ho Wan Kwok

September 4, 2025

**Disclaimer:** This report is written by a non-legal professional and is intended for reference, study, and discussion purposes only. It does not bear any legal responsibility.

## Authorship

This report was authored by 瑞恩小哥(Bro Ruien), with assistance from Bro Screw Puncher, Himam, Sarah超限战斗士 (Unrestricted War Warrior), and TestYourHeart.

## Acknowledgments

Special thanks to Reborn for the valuable contributions to this report.

**Note on Document Numbers**: In this report, four-digit document numbers (e.g., ECF Nos. 1345, 2274) refer to filings in the bankruptcy court (Case No. 22-50073, Bankr. D. Conn.). Three-digit or lower document numbers (e.g., Documents 7, 192) refer to filings in the criminal court (Case No. 1:23-cr-00118, S.D.N.Y.). However Case No. 22-05032 (sub-case of 22-50073) Doc 26 and 134 are excluded from this pattern.

## 1 Introduction

This report examines alleged procedural irregularities by the prosecution and the Chapter 11 trustee, Luc A. Despins, in the criminal case against Ho Wan Kwok ("Defendant") (Case No. 1:23-cr-00118, S.D.N.Y.). The allegations include violations of *Brady v. Mary land*, 373 U.S. 83 (1963), failure to conduct reasonable investigations, selective evidence presentation, reliance on unadjudicated facts, and potential fraud upon the court, particularly concerning the non-disclosure of $32 billion in fraudulent creditor claims in the related bankruptcy case (Case No. 22-50073, Bankr. D. Conn.). These issues are alleged to have impacted the Defendant's arrest, bail denials, forfeiture proceedings, and constitutional rights across multiple courts. This report is intended to support a motion for judicial review, evidence disclosure, and appropriate remedies, including investigation of fraud upon the court.

## 2 Case Overview

The prosecution alleges that the Defendant obstructed justice by encouraging creditors to file claims in his bankruptcy proceeding (Case No. 22-50073, Bankr. D. Conn.), purportedly violating a preliminary injunction, obstructing the bankruptcy proceedings. On March 15, 2023 arraignment, Judge Parker emphasized the prosecution's *Brady* obligations, requiring disclosure of exculpatory evidence (Document 14, p. 8, Case No. 1:23-cr-00118). Key documents include:

- Document 7 (prosecution's memorandum supporting pre-trial detention, Case No. 1:23-cr-00118).
- Document 26 (prosecution's first bail opposition, Case No. 1:23-cr-00118).
- Document 192 (prosecution's second bail opposition, Case No. 1:23-cr-00118).
- Document 51 (Judge Torres' first bail denial order, Case No. 1:23-cr-00118)
- Document 87 (Second Circuit affirming bail denial, Case No. 1:23-cr-00118).
- Document 216 (Judge Torres' second bail denial order, Case No. 1:23-cr-00118).
- ECF No. 2274 (Judge Manning's order shelving Motion 1345, Case No. 22-50073).
- ECF No. 396 (trustee's forfeiture motion, Case No. 1:23-cr-00118).
- ECF No. 4459 (June 10, 2025, bankruptcy hearing record, Case No. 22-50073)
- First bankruptcy injunction: Doc 26, Case No. 22-05032(sub-case of 22-50073)
- Second bankruptcy injunction: Doc 134, Case No.22-05032(sub-case of 22-50073)

# 3 Creditor Registration Procedural Issues

## 3.1 Background

The prosecution alleges that the Defendant encouraged creditors to file claims, constituting obstruction of justice and false claims, forming the basis for his bail denials in Case No. 1:23-cr-00118. This report notes that the prosecution did not clarify whether alleged victims include bankruptcy creditors (Case No. 22-50073) and failed to disclose evidence suggesting that the Defendant, in videos on Jan 10 and 11, questioned the claims of Gongzu and Julia, asserting their claims were problematic. The Defendant also filed motions 1334 and 1335 in bankruptcy court to oppose their claims; however, the trustee allowed these claims, and motions 1334 and 1335 were ultimately denied by Judge

Manning's ruling 1339. Thus, the Defendant's actions were based on reasonable reliance on trustee decisions.

## 3.2 Alleged Irregularities

The prosecution's allegations in Document 7 (p. 15, Case No. 1:23-cr-00118) cite a January 11, 2023, Gettr post (https://gettr.com/post/p24ybdca10b) claiming the Defendant encouraged baseless claims and inflated trustee attorney fees, and a January 23, 2023, video claiming the the same. This report identifies thirteen major irregularities in Document 7, including three additional irregularities involving collaborative misconduct between the prosecution and the trustee, Luc A. Despins:

1. **Incorrect Date Citation**: The prosecution cited the Gettr post as January 11, 2023, instead of January 13, 2023 (https://gettr.com/post/p24ybdca10b). This error misrepresents the timeline, potentially affecting the court's assessment of evidence reliability and the Defendant's intent.

2. *Brady* **Violation (January Videos)**: The prosecution failed to disclose January 10 and 11, 2023, videos (https://x.com/hakunamomoda/status/1818798916089086397, https://x.com/jbjqs00/status/1891340515842388429) where the Defendant indicated that the registration of "Gongzu" and "Julia" are problematic. These videos are exculpatory under *Brady v. Maryland*.

3. *Brady* **Violation (January 23 Video)**: The prosecution omitted the full January 23, 2023, video (https://x.com/waterlapin1111/status/1818222705281507435), which provides context that the Defendant's encouragement was based on the trustee's acceptance of prior claims (ECF No. 1418, Case No. 22-50073). This omission may have misled the court regarding intent.

4. *Brady* **Violation (Bankruptcy Documents)**: The prosecution did not disclose bankruptcy documents (e.g., ECF Nos. 1334, 1335, 1399, 1418, Case No. 22-50073), which support the Defendant's reliance on trustee actions and are material to assessing obstruction. **Moreover, bankruptcy document 1418 listed the transcript of the full content for January 23, 2023, which could be exculpatory to the defendant, which suggests the prosecution fraud upon the court.**

5. **Failure to Investigate (Video Content)**: The prosecution failed to verify the full January 23, 2023, video, relying on partial content, violating *United States v. Chapman*, 2013, as the full video undermines the obstruction allegation.

6. **Failure to Investigate (Bankruptcy Records)**: The prosecution did not review bankruptcy filings (e.g., ECF Nos. 1345, 1346, 1347, 1357, 1367, 1380, 1388, 1393, 1394, 1418, 1433, 2274 Case No. 22-50073), which clarify the status of creditor claims and the injunction, potentially leading to misrepresentations.

7. **Selective Allegations**: The prosecution selectively presented the January 13 post and January 23 video, omitting exculpatory context, which may have skewed the court's perception, constituting prosecutorial overreach.

8. **Cross Undermining Effect and Repetitive Omission:** The report states that the prosecution accused the defendant of encouraging creditors to file false claims and inflate trustee legal fees based on a January 11, 2023, link, while ignoring Guo's January 10 and 11 videos discussing creditor issues involving "Gongzu" and others. Similarly, in the prosecution's allegations regarding Guo's January 23 live broadcast, they omitted links to the full content of that broadcast, which also included references to "Gongzu." Consequently, the prosecution repeatedly omitted the same content from different evidence sources across multiple allegations, constituting **repetitive omission and cross-undermining effect**. **This serves as irrefutable evidence of the prosecution's repeated violations to harm**

the interests of victims.

9. **Reliance on Unapproved Motion**: The prosecution alleges that the Defendant violated a preliminary injunction through "false claim filings." However, the injunction never explicitly designated "encouraging creditors to file claims" as a prohibited act. In the bankruptcy court motion (ECF No. 1345, Case No. 22-50073), the trustee listed "encouraging creditors to file claims" as a violation of the injunction, but this motion was never approved by Judge Manning. More critically, according to the bankruptcy court filing dated October 23, 2023 (ECF No. 2274), Judge Manning explicitly shelved the motion. Thus, the alleged "encouragement of creditor claim filings" not only suffers from significant procedural issues but was also never approved by the bankruptcy court.

10. **Potential Fraud Upon the Court (Prosecution)**: The combined effect of non disclosure, failure to investigate, selective allegations, and reliance on an unapproved motion may have materially misled the court in its detention decision, risking fraud upon the court.

11. **Prosecution's Failure to Verify Claims After Trustee Notification**: On **December 2, 2022**, the trustee, Luc A. Despins, notified the SDNY U.S. Attorney's Office in a motion for anonymous creditors (Case No. 22-50073), but the prosecution failed to verify the legitimacy of claims like "Gongzu" before filing Document 7 (Case No. 1:23-cr-00118). This **collaborative misconduct** with the trustee, without **due diligence**, contributed to the obstruction allegations based on unverified claims, **risking fraud upon the court** (*United States v. Demjanjuk*, 2002).

12. **Trustee's Failure to Disclose Gongzu and Julia's claim status**: The trustee failed to disclose the status to the criminal court (Case No. 1:23-cr-00118) of claims by "Gongzu" and "Julia", which the Defendant referenced in the January 10 and 11 videos. This non-disclosure, combined with the trustee's collaboration with the prosecution (e.g., Documents 79, 137, 138, Case No.1:23-cr-00118), may have misled the court regarding the legitimacy of the Defendant's actions, violating 11 U.S.C. § 704(a)(1) and **risking fraud upon the court.**

13. **Trustee's Reliance on Unverified Claims**: According to points 11 and 12 above, the trustee did not verify the qualifications of the creditors in a timely manner, did not remove the creditors promptly, and only informed Judge Manning two years later about the need to remove 32 billion creditors. During this period, catastrophic judicial consequences for the prosecution had already occurred. This collaborative misconduct with the prosecution, failing to ensure accurate information, contributed to misrepresentations of the Defendant's actions, risking fraud upon the court.

# 4 Bail Issues

## 4.1 Document 7 issues repeats in all prosecution's bail documents.

**Prosecution didn't correct the above violations, on the other hand, prosecution continued to use the same content in all following bail documents:**

## 4.2 Additional Bail Documents

- **Document 26 (Case No. 1:23-cr-00118)**: Repeats Document 7's allegations.

- **Document 192 (Case No. 1:23-cr-00118)**: Also repeats Document 7's allegations.

In addition,Alleges injunction violation despite ECF No. 2274 and claims asset concealment without evidence, potentially misleading the court.

- **Document 51 (Judge Torres, Case No. 1:23-cr-00118)**: Denies bail citing incomplete evidence from Document 7,26, influenced by *Brady* violations and others.
- **Document 87 (Second Circuit, Case No. 1:23-cr-00118)**: Affirms bail denial, adopting the tainted district court record.
- **Document 216 (Case No. 1:23-cr-00118)**: Denies bail second time, based on incomplete evidence derived from Document 7 as well as incomplete medical related evidence.

## 5 Impact Across Multiple Courts

The alleged irregularities impacted:

- **District Court (Judge Parker, Document 7, Case No. 1:23-cr-00118)**: Pre-trial detention based on incomplete evidence.
- **District Court (Judge Torres, Documents 51, 216, Case No. 1:23-cr 00118)**: Bail denials relying on tainted evidence.
- **Second Circuit (Document 87, Case No. 1:23-cr-00118)**: Affirmed tainted record.
- **Bankruptcy Court (Judge Manning, Case No. 22-50073)**: Misuse of unapproved Motion 1345 risked fraud upon the court.

**These suggest a systemic error (***United States v. Gonzalez-Lopez*, 548 U.S. 140

(2006)).

## 6 Medical Condition Issues

Documents 178 and 191 (Case No. 1:23-cr-00118) raised the Defendant's deteriorating health at MDC (severe pain, numbness, inadequate treatment). The prosecution's response (Document 192, Case No. 1:23-cr-00118) cited a Gettr post claiming normal health, minimizing medical reports, potentially violating 18 U.S.C. § 3142(g)(3)(A) and the Eighth Amendment (*United States v. Bilbrough*, 2020).

## 7 Forfeiture Proceedings

The trustee's motion (ECF No. 396) sought to assert creditor claims in forfeiture proceedings, potentially including disputed claims like "Gongzu." The prosecution did not oppose, despite:

- **Trustee's Duty**: Failure to disclose disputed claims may violate 11 U.S.C. § 704(a)(1) (*In re: Richards*, 1993).
- **Prosecution's Duty**: Failure to verify claims or disclose *Brady* material (e.g., ECF No. 2274, videos, Case No. 22-50073) may violate 21 U.S.C. § 853(n) (*United States v. Safavian*, 649 F.3d 688 (D.C. Cir. 2011)).
- **Fraud Upon the Court**: Non-disclosure of disputed claims in a 2 years time frame risks misleading the court (*Hazel-Atlas Glass Co.*).

## 8 $32 Billion Fraudulent Claims

On June 10, 2025, the trustee informed Judge Manning of plans to eliminate $32 billion in fraudulent creditor claims (ECF No. 4459, Case No. 22-50073, reported by 360law, https://x.com/Percy43508644/status/1933460053241041153). This supports the Defendant's allegations of fraudulent claims, undermining the prosecution's obstruction claims in Case No. 1:23-cr-00118.

### 8.1 Alleged Irregularities

1. **Trustee Non-Disclosure**: Failure to inform Judge Torres (Case No. 1:23-cr 00118) of the $32 billion fraudulent claims may have misled the criminal court, violating 11 U.S.C. § 704(a)(1).
2. *Brady* **Violation**: The prosecution's non-disclosure of the $32 billion claims violates *Brady v. Maryland* (*Kyles v. Whitley*, 514 U.S. 419 (1995)).
3. **Collaborative Misconduct**: Trustee-prosecution interactions (Documents 79, 137, 138, 145, 146, 189, 190, 202, Case No. 1:23-cr-00118) without verifying claims suggest misconduct (*United States v. Demjanjuk*, 2002).
4. **Fraud Upon the Court (prosecution)**: Non-disclosure of the $32 billion claims, combined with selective evidence and reliance on unapproved Motion 1345, may constitute fraud upon the court (*Hazel-Atlas Glass Co.*).

### 8.2 Fraud Upon the Court Analysis

- **Selective Evidence**: The prosecution omitted exculpatory context from January 10, 11, and 23 videos, potentially indicating deliberate suppression.

- **Fraudulent Claims**: The $32 billion fraudulent claims support the Defendant's allegations, but non-disclosure misled the court in Case No. 1:23-cr-00118.

- **Misuse of Motion 1345**: Reliance on an unapproved motion (ECF No. 2274, Case No. 22-50073) misrepresented the injunction's scope.

- **Cross-Court Impact**: Tainted evidence misled Judge Parker (Document 7), Judge Torres (Documents 51, 216), the Second Circuit (Document 87, Case No. 1:23-cr 00118), and affected Judge Manning's proceedings (Case No. 22-50073).

- **$32 Billion Evidence**: The scale of fraudulent claims suggests systemic oversight failures, and non-disclosure may constitute deliberate misconduct.

## 9 Arrest Irregularities

The arrest in Case No. 1:23-cr-00118, may be based on unverified creditor claims as "victims" (e.g., "Gongzu"), may violate the Fourth Amendment. Non-disclosure of the $32 billion fraudulent claims (ECF No. 4459, Case No. 22-50073) questions the arrest's validity, potentially constituting an unlawful seizure (*fruit of the poisonous tree*).

## 10 Constitutional Violations

- **Fourth Amendment**: Arrest may be based on unverified claims and non-disclosure of $32 billion fraudulent claims (Case No. 22-50073).

- **Fifth Amendment**: *Brady* violations, selective prosecution, and reliance on unapproved motions violate due process.

- **Sixth Amendment**: Prolonged detention hindered effective counsel (Document 700, Case No. 1:23-cr-00118).

- **Eighth Amendment**: Bail denial despite health concerns may constitute excessive bail (*Stack v. Boyle*, 342 U.S. 1 (1951)).

# 11 Irregularity Summary

- **Criminal Case (21, Case No. 1:23-cr-00118)**:
    - Date Error: 1 (Document 7).
    - *Brady* Violations: 7 (videos, ECF Nos. 1334, 1335, 1399, 1418, 2274).
    - Failure to Investigate: 2 (Documents 7, 192).
    - Selective/Cross Undermining Effect and Repetitive Omission: 3 (Documents 7, 26, 192).
    - Prosecutorial Overreach: 2 (Documents 7, 192).
    - Collaborative Misconduct: 1.
    - Systemic Investigation Failure: 1.
    - Medical Misrepresentation: 1 (Document 192).
- **$32 Billion Fraudulent Claims (4, Case No. 22-50073)**:
    - Trustee Non-Disclosure: 1.
    - *Brady* Violation: 1.
    - Collaborative Misconduct: 1.
    - Fraud Upon the Court: 1.
- **Forfeiture Proceedings (6, Case No. 22-50073)**:
    - Trustee Misconduct: 1 (ECF No. 396).
    - Prosecutorial Misconduct: 2 (non-opposition, *Brady* violation).
    - Collaborative Misconduct: 1.
    - Investigation Failure: 1.
    - Fraud Upon the Court Risk: 1.
- **Total**: 31 irregularities.

## 11.1 Severity Tiers

- **Minor (5)**: Date error, medical misrepresentation, investigation failures.
- **Moderate (15)**: *Brady* violations, selective allegations, prosecutorial overreach.
- **Severe (11)**: Collaborative misconduct, fraud upon the court, especially regarding $32 billion claims.

# 12 Systemic Impact

The irregularities, particularly non-disclosure of $32 billion fraudulent claims (Case No. 22- 50073) and reliance on unapproved Motion 1345, constitute a systemic error (*United*

*States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)), affecting:

- **District Court**: Judge Parker's detention, Judge Torres' bail denials (Case No. 1:23-cr-00118).
- **Second Circuit**: Affirmed tainted evidence (Case No. 1:23-cr-00118).
- **Bankruptcy Court**: Misuse of injunction and non-disclosure of fraudulent claims (Case No. 22-50073).

Fraud upon the court may warrant case dismissal and prosecutorial discipline.

## 13 Conclusion

The alleged irregularities, including Brady violations, failure to investigate, prosecutorial overreach, trustee misconduct, and fraud upon the court—particularly non-disclosure of $32 billion in fraudulent claims (Case No. 22-50073)—may have prejudiced the Defendant's constitutional rights across multiple courts in Case No. 1:23-cr-00118. This report finds that the error from the prosecution team is systemic and cross-jurisdictional. This report supports a motion for remedies to ensure justice.