TO: The United States District Court for the Southern District of New York The Honorable Analisa Torres, U.S. District Judge

**RE:** United States of America v. Ho Wan Kwok, et al. **Case No.:** 1:23-cr-00118-AT

PETITION OF THIRD-PARTY CLAIMANT: Seeking Relief Based on a Systemic Fraud Upon the Court, Pervasive Prosecutorial Misconduct, and Constitutional Violations

**I. Background and Statement of Interest**

1. **Petitioner Information**: I, Domenico Tang, am a resident of ███████████ .

2. **Statement of Legal Interest in Property**: I hereby assert my legal property rights in **all four of the following schemes** identified by the prosecution, in which I have personally invested. All of my investments were made in good faith and without knowledge of any alleged illegality:

   - **GTV Private Placement:** 48985

   - **Farm Loan Program:** USD 30050

   - **G|CLUBS Membership:**

     2 membership tire 5, amount USD 102,500

     Membership No.: ██████████████████████

   - **Himalaya Exchange Assets:**

     HID: ████████ and HCN 95648

To facilitate the Court's initial review and to maximize the protection of personal information, this petition will prioritize the submission of detailed evidentiary exhibit A and exhibit B for the G|CLUBS and Himalaya Exchange investments. Further proof regarding the GTV Private Placement and the Farm Loan Program is being maintained by the petitioner and can be provided promptly upon the Court's request.

3. **Investment Background and Statement of Good Faith**: I learned of these investment opportunities through communities associated with the Whistleblower Movement. My decision to invest was based on my strong belief in the philosophy of the New Federal State of China and my trust in the business model of the Himalaya Reserve. All funds used for my investments were from my own legitimate earnings, and I genuinely believed these to be lawful business ventures at the time of investment.

4. **Assertion of Legal Standing**:

- ○ **Primary Legal Basis**: This petition is filed primarily under **21 U.S.C. § 853(n)**. I assert that as a "bona fide purchaser for value," my legal title to the described property is superior to any forfeitable interest.

- ○ **Alternative Legal Basis**: Should the Court, for any reason, not recognize my claim as a third-party property owner under § 853(n), I reserve all rights to be treated as a victim and afforded all protections and rights to restitution under the **Crime Victims' Rights Act (CVRA)**.

## II. Central Legal Argument: Systemic Fraud Upon the Court & Procedural Injustice

The judicial process in this case has been systemically and deliberately corrupted by the prosecution and related parties. The cumulative effect of their actions transcends mere procedural error and constitutes an attack on the integrity of the judicial machinery itself, meeting the high bar for **"Fraud upon the Court"** as established by the Supreme Court in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*

1. **The "Bait-and-Switch" Fraud Allegation Against Attorney Geyer**:

   - ○ **Argument**: A basic fact is that the Himalaya Exchange, in a September 2023 email, recommended Attorney Geyer as an "independent lawyer" for the express purpose of suing the U.S. Department of Justice (DOJ) and the Securities and Exchange Commission (SEC) to "protect and recover your asset." Attorney Geyer himself later claimed in a livestream that he would "launch legal action against the DOJ."

   - ○ However, Attorney Geyer never filed any substantive lawsuit against the DOJ or SEC. Instead, he used the authorizations obtained under this false pretense to improperly change the scope of his representation, re-characterizing us—legitimate investors seeking to vindicate our rights against the government—as "victims" of the defendant in a criminal case, and invoking the CVRA.

   - ○ **This conduct constitutes a classic "Bait-and-Switch,"** using a false promise to obtain authorization and then repurposing client information for a completely different and contrary purpose. Therefore, any filing by Mr. Geyer purporting to represent me as a "victim" was unauthorized and should be deemed void. **I hereby formally, unequivocally, and irrevocably REVOKE any and all authorizations previously granted to Attorney Geyer and his firm (FormerFedsGroup).**

2. **The Invalidity and Non-Binding Effect of Related Bankruptcy Orders**:

- **Argument**: Any attempt to use orders from the U.S. Bankruptcy Court for the District of Connecticut (Case No. 22-50073) to claim assets in this case is legally void as to the petitioner.

  - **Lack of Due Process**: Petitioner was not a party to the bankruptcy, never received constitutionally adequate notice, and had no opportunity to be heard. A judgment cannot bind a stranger to the litigation, per *Mullane v. Central Hanover Bank & Trust Co.*

  - **Improper Property Classification**: The bankruptcy court improperly classified third-party investor assets as property of the estate without the required "adversary proceeding" under Fed. R. Bankr. P. 7001. Under 11 U.S.C. § 541, property held for others is not property of the estate.

  - **Exclusive Jurisdiction of this Court**: 21 U.S.C. § 853(k) and (n) establish this criminal court's ancillary proceeding as the **sole and exclusive** forum for third parties to assert interests in forfeited property. Therefore, orders from other courts rendered without proper process should be given no weight here.

3. **The Foundational Deception: Prosecutorial Misconduct Surrounding the Creditor Registrations**

   - **Argument**: The prosecution's core narrative to secure pretrial detention was that the defendant obstructed justice by encouraging followers to file false claims. This narrative, however, was constructed through a series of grave procedural violations that systematically suppressed exculpatory evidence:

     - **Severe *Brady* Violations**: The prosecution selectively quoted snippets from the defendant's January 23, 2023, livestream while deliberately concealing the full videos from January 10 and 11, which provided the exculpatory context: the defendant's statements were a response to his belief that Trustee Luc Despins had already accepted fraudulent claims from adversaries ("Gongzu" and "Julia"). This is classic *Brady* material favorable to the accused.

     - **Use of a False Premise**: The prosecution repeatedly implied the defendant's actions violated a bankruptcy court injunction, based

on the trustee's Motion 1345. However, the prosecution knowingly concealed from the court that this motion was **never approved by the bankruptcy judge** and was ultimately terminated by Document 2274. Presenting an unapproved motion as a legal fact is a direct misrepresentation to the court.

4. **The Compromised Trustee: Conflicts of Interest and Collaborative Misconduct**

   - **Argument**: Trustee Luc Despins was not a neutral administrator but a conflicted actor. He had a direct **financial motive** to maintain a bloated and chaotic claims docket, as he and his professionals had billed the estate over $66 million as of July 2025.

   - The most devastating evidence is the trustee's admission in a June 2025 hearing that he would be moving to strike approximately **$32 billion** in unsubstantiated creditor claims. This retroactively proves the defendant's claims of widespread fraud in the registration were correct. Yet, both Despins and the prosecution **never disclosed this material, exculpatory fact to the criminal court**, allowing it to rule on crucial matters like bail under a false premise. This makes the trustee a key participant in the scheme to defraud the court.

## III. The Cascade of Prejudice: How a Foundational Error Infected the Entire Judicial Process

1. **Argument**: The fraudulent record created at the bail stage produced a **"structural error"** whose "poisonous fruit" infected the entire proceeding. Based on this tainted record, Judge Torres issued erroneous bail denial orders (Docs 51, 216), and the **U.S. Court of Appeals for the Second Circuit**, relying on the same record, affirmed (Doc 87). A defendant who appears before a jury every day in custody, having already been deemed "dangerous" by a judge, has been fundamentally stripped of the **presumption of innocence**, making a fair trial impossible.

## IV. Matrix of Constitutional Deprivations

- **Fifth Amendment (Due Process)**: The pattern of *Brady* violations and a trial based on a fraudulent record fundamentally deprived the defendant of due process.

- **Sixth Amendment (Effective Assistance of Counsel)**: The improper detention led to a complete breakdown of the attorney-client relationship (Doc 700),

denying the right to effective counsel.

- **Eighth Amendment (Excessive Bail)**: Denying bail based on fabricated grounds of dangerousness violated the prohibition against excessive bail.

**V. Request for Privacy Protection** Pursuant to Federal Rule of Criminal Procedure 49.1, I request that the Court permit the redaction of my personal identifying information from public filings.

**VI. Relief Requested** Based on the foregoing, I respectfully request that the Court:

1. Recognize my legal standing and protect my personal assets from forfeiture.

2. Hold an evidentiary hearing to fully investigate the systemic misconduct of the prosecution and Trustee Luc Despins, specifically concerning the **concealment of the $32 billion in false claims and the existence of a conspiracy to defraud the court**.

3. Based on the proven, systemic fraud upon the judicial machinery, and pursuant to the Court's inherent power and the principles of *Hazel-Atlas*, **Vacate the Judgment and Dismiss the Indictment with Prejudice**.

4. As alternative relief, vacate the conviction and order a new trial pursuant to 28 U.S.C. § 2255 based on cumulative error and ineffective assistance of counsel; or order a new trial under Fed. R. Crim. P. 33 based on the newly discovered evidence of the "$32 billion in false claims".

5. Refer the allegations of misconduct against Trustee Luc A. Despins contained herein to the U.S. Department of Justice (DOJ) and the United States Trustee Program for investigation.

6. Grant my request for privacy protection and any other relief deemed just and proper.

**VII. Declaration** I, Domenico Tang, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

**Dated:**2025,09,09