**PAUL HASTINGS**

1(202) 551-1902
nicholasbassett@paulhastings.com

September 23, 2025

Hon. Analisa Torres
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:  United States v. Kwok, et al, 1:23-cr-118 (AT)

Dear Judge Torres:

We represent Luc Despins, in his capacity as the chapter 11 trustee (the "Trustee") in the chapter 11 bankruptcy case (the "Bankruptcy Case") of defendant Ho Wan Kwok, pending in the United States Bankruptcy Court for the District of Connecticut. We write in connection with the defendant's letter-motion [ECF No. 724] (the "Motion"), seeking to compel the Government to seize from the bankruptcy estate assets the Trustee has recovered in the Bankruptcy Case, for the benefit of the estate and all creditors.

Mindful of the Court's admonition that non-parties have limited standing to submit pleadings in this criminal case,[1] the Trustee has refrained from responding to the myriad statements in pleadings filed by the defendant (and others) attacking the Trustee's role and his administration of the bankruptcy estate. The instant Motion, however, seeks to directly impact property of the estate (including assets that the Bankruptcy Court has already adjudicated to be property of the estate). The Trustee, as a fiduciary to the estate and its creditors, is therefore duty-bound to address the Motion.

The Trustee agrees with the Government's recently filed response [ECF No. 750], which explains that the defendant has no standing to seek the relief requested in the Motion. The Trustee also notes that the Motion—which asks this Court to issue an order requiring the transfer of assets from the Trustee to the custody of the Government—is an attempt to interfere with the Trustee's control of property of the estate and is, therefore, a violation of the automatic stay. See, e.g., 11 U.S.C. § 362(a)(3).[2] The Trustee believes the Motion should be denied for these threshold reasons.

Nevertheless, to the extent the Court intends to consider the Motion on its merits, notwithstanding the defendant's lack of standing and that the Motion is a violation of the automatic stay and void *ab initio*, the Trustee requests the opportunity to submit a further substantive response to the Motion at a date and time to be set by the Court.

[*Signature on next page.*]

---

[1]  See, e.g., Order Regarding Letters and Motions from Nonparties [ECF No. 528].
[2]  The Trustee acknowledges the exceptions to the automatic stay for criminal and forfeiture proceedings. See 11 U.S.C. § 362(b)(1), (4). Those exceptions, however, apply only to actions by the government and legitimate requests for relief in criminal proceedings. The Motion, by contrast, seeks to exercise control over property of the estate beyond what the Government has sought.



Honorable Analisa Torres
September 23, 2025
Page 2

Respectfully submitted,

/s/ Nicholas A. Bassett

Nick A. Bassett
of PAUL HASTINGS LLP

NAB