# SARAFA ZELLAN

43 West 43rd Street, Suite 370 | New York, NY 10036
212.785.7577 | 646.868.8266 (fax)
www.sarafazellan.com

October 6, 2025

**By ECF Filing**
Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    ***United States v. Ho Wan Kwok, et al.***
              **23-CR-118 (AT)**

Dear Judge Torres:

Together with Joshua Dratel and John Kaley, I respectfully submit this letter on behalf of Miles Guo (a/k/a "Ho Wan Kwok") in further support of Mr. Guo's September 4, 2025 letter motion ("Preservation Motion"), ECF No. 724, and in reply to the Government's September 19, 2025 response ("Government Response"), ECF No. 750, to the Preservation Motion.

In the Preservation Motion, Defendant sought an order directing the Government to obtain from the Chapter 11 Trustee (the "Trustee") assets that are forfeitable in this case[1] but which are in the Trustee's custody and subject to diminution in value as professional expenses in the bankruptcy case continue to mount at a rapid rate. Pres. Mot. at 2. In addition, Defendant noted his intent to address other forfeiture-related issues in this case in a separate submission prior to sentencing. *Id.* at 1.

In its response, the Government contends that: (1) Mr. Guo has waived his right to contest any aspect of forfeiture in this case; (2) Mr. Guo lacks standing to seek the relief requested; and (3) this Court lacks authority to grant the relief requested. The Government's first and second contentions are entirely without merit. With regard to the Government's third contention, this Court unquestionably has authority pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure to include in the Preliminary Order of Forfeiture ("POF") conditions reasonably necessary to preserve the value of specific property subject to forfeiture pending appeal.

As discussed below, in counsel's June 27, 2025 letter to the Court ("Guo Ltr."), ECF No. 710, Mr. Guo stated that he "is unable to take a position with respect to issues regarding potential forfeiture

---

[1] For purposes of this motion, Mr. Guo accepts the jury verdict but expressly preserves all of his legal rights, including, but not limited to, his right to challenge on appeal the verdict as well as any forfeiture ordered on the basis of that verdict.

SARAFA ZELLAN

and remission of money and property seized by the Government in connection with this case." Mr. Guo nevertheless retains a direct personal interest in certain aspects of forfeiture, including any personal money judgment entered against him and the value of property subject to forfeiture, and he has not waived those. Mr. Guo also seeks to preserve the value of forfeitable property for the benefit of those who invested in the entities that were the subject of this criminal case. The Government likewise has represented on multiple occasions its desire to move forward with the forfeiture process in order to return seized assets to petitioners through a remissions process, which is consistent with the goal of the Preservation Motion. In brief, Defendant's objective is to ensure, to the maximum extent possible, that the Government is taking all steps reasonably necessary to ensure that forfeitable property is not unnecessarily diminished in value.

## I.    Mr. Guo Has Not Waived His Right to Contest "Any Aspect" of Forfeiture in this Case

The Government relies on counsel's June 27, 2025 letter, ECF No. 710, for the proposition that Mr. Guo should be precluded from raising *any* forfeiture-related challenges, characterizing that letter as a response to a Court directive on April 8, 2025 for Mr. Guo to inform the Court "whether he intended to contest any aspect of forfeiture." Gov. Resp. at 2. As the Government well knows, however, the Court issued no such directive on April 8th; rather, per the Government's request, the Court on that date directed Mr. Guo only to identify any assets identified for forfeiture in which he intended to assert a *personal* ownership interest. Accordingly, Mr. Guo's representation on June 27th that he was unable to take a position regarding forfeiture of seized assets was limited to that narrow and precise context.

A brief review of the hearing transcript, ECF No. 684, makes this clear. The court convened a change of counsel hearing on April 8, 2025. Following the appointment of undersigned counsel to represent Mr. Guo, the Government, per AUSA Ryan Finkel, represented to the Court that it "would like to move forward the forfeiture process as efficiently and as quickly as possible." *Id.* at 8:1-2. With reference to "G Clubs, the Himalaya Exchange, and various personal property that the government seized pursuant to seizure warrants at and near the time of Mr. Guo's arrest," AUSA Finkel explained that "[i]f Mr. Guo is not going to contest that he has an interest in those bank accounts and personal property, then we can file a notice in Mr. Guo's case, noting for the public that we are forfeiting the assets that were seized, and move forward with a forfeiture and then hopefully, with various approvals in place, a remissions process so that the victims, the thousands of victims who have been deeply harmed financially for years, can start getting their money back." *Id.* at 8:7-17. AUSA Finkel went on to state that "[w]e have provided defense counsel a list of the assets that we want to find out if Mr. Guo is going to contest, *which is to say whether he asserts that he has an ownership interest in them that your Honor would need to resolve*."[2] *Id.* at 8:18-21 (emphasis added). When AUSA Finkel subsequently asked the Court to direct newly appointed counsel to alert the Government to "what, if any, of those assets they intend to contest in a forfeiture proceeding so that we can move forfeiture forward," *id.* at 9:20-22, the directive was clearly limited to determining whether Mr. Guo intended to make a personal claim to any of the listed assets.

---

[2] The Government had prepared and provided to defense counsel a draft "Consent Preliminary Order of Forfeiture as to Specific Property," which listed the property as to which the Government at that time sought to ascertain any claimed ownership interest by Mr. Guo.

Honorable Analisa Torres
October 6, 2025
Page 3

SARAFA ZELLAN

At no time did Mr. Guo waive his right to contest "any aspect" of forfeiture. To the contrary, the June 27th letter expressly stated that "[i]n order to preserve all of Mr. Guo's legal rights, we do not waive any of Mr. Guo's rights, including his appellate rights, in this case or in any other pending or prospective legal matters." Guo Ltr. at 1. For example, regardless of whether Mr. Guo possesses a personal interest in forfeitable property, any order imposing forfeiture will include a *personal money judgment* against him. Thus, there are a number of issues – *e.g.,* whether property is forfeitable *at all*, whether alleged proceeds attributable to acquitted conduct is properly forfeitable, whether certain property valuations are accurate, and whether certain property should qualify for an offset (such as the corpus of funds allocated to the Securities and Exchange Commission settlement) – that are essential to determining the amount of any ultimate forfeiture judgment that will be converted into that personal money judgment.

In declining to take a position as to his personal interest in any of the seized assets, Mr. Guo elected not to stand in the way of the Government taking the steps necessary to move the forfeiture process forward through entry of a preliminary order of forfeiture and notice to potential claimants. That does not, however, constitute a wholesale waiver of Mr. Guo's rights in the forfeiture context. As the Government noted in its letter to the Court dated July 14, 2025, Mr. Guo did not consent to a preliminary order of forfeiture. ECF No. 713. That is not an insignificant point; without the defendant's consent, a preliminary order becomes final as to the defendant only at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). Rule 32.2(b)(2)(B), moreover, anticipates that a preliminary order will be revised or modified upon application of the parties prior to becoming final, and mandates sufficient time for that to take place: "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). Mr. Guo retains the right to suggest such revisions or modifications prior to sentencing.

## II.    Mr. Guo Has Standing to Challenge a Forfeiture Order Entered Against Him

The fact that Mr. Guo does not claim a proprietary interest in the certain assets identified for forfeiture does not, as the Government contends, deprive him of standing to challenge a forfeiture order entered against him. As noted above, the POF contains a personal money judgment against Mr. Guo, which he undoubtedly has standing to contest. In addition, to the extent that forfeited property is used to satisfy the money judgment, Mr. Guo has an interest in preserving the value of all property subject to forfeiture.

## III.    The Court's Authority to Grant the Relief Requested by Defendant's Motion

Defendant's Preservation Motion seeks an order from this Court directing the Government to take steps reasonably necessary to preserve the value of forfeitable assets in this case. As detailed in Defendant's motion, the Trustee currently controls approximately $200 million in assets which either the Government has expressly identified (in the POF or the Indictment) as subject to forfeiture in this case or are so closely tied to the counts of conviction that they are encompassed within the forfeiture allegations of the Indictment. *See* Def. Mot. at 2-4; Indictment S3 at ¶¶59-60. As also detailed in Defendant's motion, and which the Government has not contested, the Government's interest in the forfeitable assets is superior to that of any creditor in the bankruptcy proceeding. *Id.* at 5.

SARAFA ZELLAN

Yet the Government has taken limited action to secure custody of certain of the forfeitable assets despite the alarming rate at which they are being depleted to fuel the bankruptcy proceedings, which have become global in nature. *See id.* at 6-7; Bankr. ECF 4623 (July 2025 Monthly Operating Report). Nor is this a case in which the Government and the Trustee have not been in close and continuous contact and cooperation. Indeed, early on the Government and Trustee executed an agreement with respect to the property located at 675 Ramapo Valley Road, Mahwah, New Jersey (the "Mahwah Property"). Defendant's Preservation Motion is designed simply to prevent that collaboration from diminishing the assets available to satisfy a forfeiture judgment and to recompense investors.

This Court, pursuant to Rule 32.2(b)(3), has the authority to include in the POF "conditions reasonably necessary to preserve the property's value pending any appeal." Fed. R. Crim. P. 32.2(b)(3). For instance, the Mahwah Property is specifically listed in the POF and thus this Court clearly has authority to impose conditions reasonably necessary to preserve that property's value. As noted above, the Government has entered into an approved settlement agreement with the Trustee regarding disposition of the Mahwah Property, *see* Bankr. ECF 2489, but that agreement did nothing to mitigate the dissipation of potential proceeds through, for example, ongoing litigation by the Trustee to establish beneficial ownership of the property in the adversary proceeding, *Despins v. Taurus Fund LLC, et al. (In re Ho Wan Kwok)*, Adv. P. No. 23-05017 (Bankr. D. Ct. 2023), which has been actively litigated from July 11, 2023 to the present and recently was docketed for appeal. Indeed, the settlement agreement specifically allows for the Trustee to pay legal fees to the Trustee's law firm "incurred in the Adversary Proceeding or as a consequence of the Adversary Proceeding." ECF 2489 at 5. The Mahwah Property currently is listed for sale for $22,000,000. Little, if any, of the proceeds of sale will remain for the remissions process in this case given the rate at which the Trustee is incurring legal fees.[3]

The Government has identified certain property as subject to forfeiture, has represented that it seeks to return forfeited assets to petitioners through a remissions process, has expressly reserved its right to "seek seizure and forfeiture of additional specific property in connection with this case, including – without limitation – the property referenced in Guo's motion that has not already been seized by the Government," Gov. Resp. at 5 n.4, yet the Government has not taken all steps reasonably necessary to secure the value of forfeitable assets. The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. §3771, gives crime victims "[t]he right to full and timely restitution as provided in law," §3771(a)(6), and obligates the Government to "make their best efforts to see that crime victims are notified of, and accorded, the rights described in subsection (a)." §3771(c)(1). The seizure of forfeitable assets by the Government certainly furthers crime victims' rights under the CVRA and should be undertaken by the Government here.

To the extent this Court has authority to order the Government to take such steps, or, at a minimum, to inquire of the Government what steps it is taking to secure all forfeitable property, Mr. Guo respectfully urges the Court to exercise such authority. To the extent the Court finds it does not have authority to grant relief, and the Government declines to assert its right to obtain custody of forfeitable

---

[3] As noted in the Preservation Motion, as of July 31, 2025, the bankruptcy estate has disbursed $66,484,002.63 in fees and expenses, including $44,183,66.00 to the Trustee's law firm. Pres. Mot. at 7; Bankr. ECF 4623 (July 2025 Monthly Operating Report).

SARAFA ZELLAN

assets in the Trustee's control, Mr. Guo reserves his right to seek an offset against any personal money judgment entered against him equal to the amount by which such assets have been unnecessarily diminished in value. The combined value of just the items numbered 5 and 15-19 in the Preservation Motion, which the Government has not seized, is approximately $111,152,900 (including $24,000,000 in proceeds from the 2023 sale of the superyacht Lady May, *see* Bankr. ECF 1858; Bankr. ECF 1953).

Notably, the Government does not deny that its claim to these assets is superior to that of any creditors in the bankruptcy proceeding, nor does it contend that it does not have the power to effectuate the transfer of the assets to the Government. Rather, the Government asserts an unfettered right to control the forfeiture proceedings. However, even if that is the case, such discretion must be exercised in a manner that fulfills the Government's acknowledged responsibility to the investors, and which does not disadvantage Mr. Guo simply because the Government declines to marshal what is has already identified as forfeitable assets.

To be clear, Mr. Guo does not seek to obtain possession of any forfeitable assets currently in the Trustee's custody, nor does Mr. Guo seek to exercise control over such property. To the contrary, Defendant's motion is intended solely to maximize the value of forfeitable assets available for return to petitioners in the forfeiture/remission process.

We thank Your Honor for your consideration and attention to this request.

Respectfully submitted,

Melinda Sarafa
Joshua Dratel
John Kaley

cc: All counsel via ECF