UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>MILES GUO,<br><br>　　　　　Defendant. | **CONSOLIDATED SUPPLEMENTAL THIRD-PARTY PETITION TO ADJUDICATE PETITIONERS' INTEREST IN FORFEITED PROPERTY AND TO AMEND THE PRELIMINARY ORDER OF FORFEITURE ENTERED AS TO DEFENDANT MILES GUO**<br><br>S3 23 Cr. 118 (AT) |

Petitioners ████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
██ ████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████████████████,

─────────────────────
[1] ████████████████████████████████████████████████
████████████.

███████████████████████████████

███████████████████████████████

███████████████████████████████

████████████████████ (the "Petitioners"), by and through their undersigned counsel, submit this Consolidated Supplemental Third-Party Petition to Adjudicate Petitioners' Interest in Forfeited Property and to Amend the Preliminary Order of Forfeiture Entered as to Defendant Miles Guo, pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c) (the "Supplemental Petition"), and respectfully state as follows:

I. **PRELIMINARY STATEMENT**

This case presents a unique forfeiture posture, which requires Petitioners to file this supplement to the petitions they filed in early April 2025[2] to assert their rights in Petitioners' Property (the "Petitioners' Property") (as more fully described below). The United States Government (the "Government") seeks to forfeit substantially the same property, including Petitioners' Property, in connection with the prosecution of two alleged co-conspirators, Yvette Wang ("Defendant Wang") and Miles Guo ("Defendant Guo"), whose criminal cases have nevertheless proceeded on two separate tracks. Defendant Wang's criminal case concluded first when she pled guilty on May 3, 2024. On January 7, 2025, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Wang Forfeiture Order") (ECF 488) thereby triggering the ancillary proceedings as to Defendant Wang more than half a year before the Government sought a forfeiture order as to Defendant Guo.[3] As such, in

---

[2] *See* ECF 529-535; 538-539; 541-552; 558; 560-567; 570-573; 575; 577-581; 583-594; 598-611; 613-615; 619-621; 623-642; 645; 647; 649-650; 656-657; 659-661; 664-665; 667-670; 675; 677.

[3] This Court entered a preliminary order of forfeiture against Defendant Guo on August 11, 2025 (the "Guo Forfeiture Order"). ECF 720.

2

response to the Wang Forfeiture Order, the Petitioners filed verified ancillary petitions (the "Wang Ancillary Petitions") asserting their vested and superior right, title and interest in Petitioners' Property.[4]

However, immediately following the filing of the Wang Ancillary Petitions, the Government moved to stay (the "Motion to Stay") (ECF 671) resolution of all ancillary petitions filed with respect to Defendant Wang's forfeiture proceedings pending entry of a preliminary order of forfeiture against Defendant Guo. In doing so, the Government represented to the Court that it "is prepared to deem [the ancillary petitions filed in connection with Defendant Wang] filed in connection with a Guo ancillary proceeding, once the Court enters a preliminary order of forfeiture against Guo." Motion to Stay, ECF 671 at 3. The Court granted the Motion to Stay on April 15, 2025. ECF 691. On August 21, 2025, the Government likewise published guidance, stating "third parties that have filed Petitions with the United States District Court, Southern District of New York objecting to the Government's forfeiture do not need to submit an additional Petition following the entry of Guo's preliminary forfeiture order."[5]

Based on these Government representations, the Petitioners understand that the Wang Ancillary Petitions are "deemed filed" in the ancillary proceedings concerning Defendant Guo.[6] As such (and given that the same property is at issue in both forfeiture actions), to promote

---

[4] The ECF numbers of the Wang Ancillary Petitions are found in Footnote 2, *supra*.

[5] https://www.justice.gov/usao-sdny/united-states-v-ho-wan-kwok-aka-miles-guo-and-kin-ming-je-aka-william-je (last visited on October 20, 2025).

[6] However, to the extent necessary, Petitioners hereby expressly incorporate by reference their Wang Ancillary Petitions, including the individualized verifications and the voluminous supporting documentation provided in the Wang Ancillary Petitions, into the Guo forfeiture proceeding so that they are considered as part of the record in this Guo forfeiture proceeding.

judicial economy by avoiding duplicative, voluminous filings[7], Petitioners only submit this Supplemental Petition for the purpose of presenting additional authority specific to Defendant Guo and the Guo Forfeiture Order. This Supplemental Petition does not alter or negate any arguments previously advanced in the Wang Ancillary Petitions; it simply addresses new issues that arose due to the Guo Forfeiture Order.

As established in the Wang Ancillary Petitions, each Petitioner has a legal right, title, and interest in the funds that particular Petitioner deposited in Account No. 5090042770 at Silvergate Bank ("Account 2770"), held in the name of Hamilton Opportunity Fund SPC (collectively, the "Petitioners' Property"). As further established in the Wang Ancillary Petitions, and additionally demonstrated herein, that interest is both vested in Petitioners and is superior to any right, title, or interest claimed by Defendant Guo, Defendant Wang, or the Government. Petitioners' Property was lawfully invested by Petitioners, has no nexus to the conduct charged in either criminal case, and therefore lies wholly outside the scope of property subject to forfeiture in either proceeding.

For all of the reasons set forth in the Wang Ancillary Petitions and as further supplemented below as to Defendant Guo, Petitioners respectfully request that this Court: (1) grant this Supplemental Petition and the Wang Ancillary Petitions; (2) amend the Guo Forfeiture Order and the Wang Forfeiture Order to exclude Petitioners' Property; (3) order the immediate return of Petitioners' Property to Petitioners; (4) order that Petitioners are entitled to recover Petitioners' attorneys' fees and costs incurred in connection with this Supplemental Petition (and

---

[7] The Government similarly noted that resolving the ancillary petitions as to both Defendant Wang and Defendant Guo in a single proceeding "would promote judicial efficiency by allowing litigation and resolution of all competing petitions to the Subject Properties to occur within a single ancillary proceeding, that is, the ancillary proceeding that would follow entry of a preliminary forfeiture order against Guo; as such, petitioners would avoid any real or perceived obligation to file petitions to the same assets in two separate ancillary proceedings." ECF 671 at 2.

the Wang Ancillary Petitions) and grant Petitioners leave to submit an application for such attorneys' fees and costs; and (5) grant such and other relief that is necessary and just.

## II.     FACTS RELEVANT TO DEFENDANT GUO

1.     On March 6, 2023, this court unsealed an indictment charging Defendant Guo with various fraud and conspiracy-related offenses. ECF 2.

2.     On April 24, 2024, the Government filed the third superseding indictment (the "Third Superseding Indictment"). ECF 307. The Third Superseding Indictment remains the operative charging instrument against Defendant Guo.

3.     Defendant Guo pled not guilty to all the offenses charged against him. Accordingly, a jury trial was held between May 22, 2024 and July 16, 2024 (the "Guo Trial"). On July 16, 2024, the jury found Defendant Guo guilty of Counts One through Four, and Seven through Eleven of the Third Superseding Indictment. Those counts are: Racketeering Conspiracy (Count One); Conspiracy to Commit Wire Fraud or Bank Fraud (Count Two); Conspiracy to Commit Money Laundering (Count Three); Conspiracy to Commit Securities Fraud (Count Four); Wire Fraud – Farm Loan Program (Count Seven); Securities Fraud – Farm Loan Program (Count Eight); Wire Fraud – G|CLUBS (Count Nine); Securities Fraud - G|CLUBS (Count Ten); Wire Fraud – The Himalaya Exchange (Count Eleven). ECF 395.

4.     Defendant Guo was found not guilty on the remaining charges: Wire Fraud – GTV Private Placement (Count Five); Securities Fraud – GTV Private Placement (Count Six); and Unlawful Monetary Transaction (Count Twelve). ECF 395.

5.     As of the date of this filing, Defendant Guo has not yet been sentenced.

6.     On July 28, 2025, the Government filed a letter motion requesting that the Court enter a preliminary order of forfeiture in Defendant Guo's case (the "Forfeiture Motion"). ECF 716.

7. The Forfeiture Motion sought a Court order ordering "Guo to forfeit his *interest in the G entities* that formed part of his racketeering enterprise, the *proceeds he obtained* during the course of the fraud, *and property involved* in the laundering of the proceeds." Forfeiture Motion, ECF 716 at 1 (emphasis added).

8. On August 11, 2025, the Court entered the Guo Forfeiture Order. ECF 720.

9. In relevant part, the Guo Forfeiture Order forfeited "all of Defendant [Guo's] right, title and interest" in certain Specific Property (as that term is defined in the Guo Forfeiture Order), including Account 2770. ECF 720 at 3-4. According to the Guo Forfeiture Order, this Specific Property (including Account 2770) is forfeitable because it "constitute[es] proceeds of the offenses charged in Counts One, Two, Four and Counts Seven through Eleven and/or property involved in the offense charged in Count Three of the Indictment." ECF 720 at 11.

### III.   ARGUMENT

#### A.   Legal Standard

10. In an ancillary criminal forfeiture proceeding pursuant to 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c)(1), this Court must determine, by a preponderance of the evidence, whether a petitioner has a legal right, title, or interest in the property to be forfeited, and whether such right, title, or interest renders the order of forfeiture invalid, in whole or in part, because such interest was vested in the petitioner rather than the defendant, or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property. *See* 21 U.S.C. § 853(n)(6)(A).

11. Here, as argued in the Wang Ancillary Petitions, Petitioners have a legal right, title, or interest in Petitioners' Property pursuant to 21 U.S.C. §853(n)(6)(A) by virtue of a constructive trust over such property. *See, e.g.,* ECF 630 at 14-17. Moreover, Petitioners' interest in Petitioners' Property is both vested in Petitioners and superior to any right that Defendant Guo, Defendant

6

Wang, or the Government could claim in Petitioners' Property, because Defendant Guo, Defendant Wang, and/or the Government never possessed a legal or equitable interest in Petitioners' Property. Accordingly, the Guo Forfeiture Order should be modified to remove Petitioners' Property, and Petitioners' Property should be returned to Petitioners.

### B. Petitioners Have a Legal Right, Title and Interest in Petitioners' Property

12. In their verified Wang Ancillary Petitions, Petitioners established their legal right, title, and interest in Petitioners' Property. Each of the Wang Ancillary Petitions is supported by documentation such as bank transfer records, subscription agreements, and/or wire confirmations that demonstrates that the amounts claimed by each Petitioner were deposited by that Petitioner, and, as such, are funds that are traceable to lawful sources wholly independent of any illegal conduct adjudicated in the criminal proceedings relevant here. The underlying facts demonstrating Petitioners' right, title and interest in Petitioners' Property remain the same regardless of whether the Government is claiming forfeiture is appropriate based on the conduct of Defendant Wang or Defendant Guo. Accordingly, Petitioners incorporate by reference the factual and evidentiary showings set forth in the Wang Ancillary Petitions as if fully restated herein and respectfully refer the Court to the Wang Ancillary Petitions, which set forth the basis for Petitioners' ownership of Petitioners' Property.

### C. Petitioners' Interests Are Vested in Them and Superior to Any Interest of Defendant Guo or the Government

13. Petitioners' interests in Petitioners' Property are vested in them and superior to any right, title, or interest that Defendant Guo, Defendant Wang, or the Government could claim. As set forth in the Wang Ancillary Petitions, Defendant Wang never possessed any such interest, and her consent to the entry of the Wang Forfeiture Order as to Petitioners' Property was wholly illusory, as Defendant Wang cannot forfeit an interest she never had. *See, e.g.,* ECF 630 at 7-14.

7

As discussed below, neither Defendant Guo nor the Government can claim an interest in Petitioners' Property sufficient to justify forfeiture.

### a) *Defendant Guo Does Not Have an Interest in Petitioners' Property*

14. The Government has asserted that Defendant Guo "cannot credibly claim an interest in the listed property." Forfeiture Motion, ECF 716 at 4. And Defendant Guo has elected not to take a position on the matter. *See* ECF 710 at 2 ("In light of the unique circumstances set forth above, Mr. Guo is unable to take a position with respect to issues regarding potential forfeiture and remission of money and property seized by the Government in connection with this case"). Thus, Defendant Guo is certainly not arguing that the right, title, and interest in Account 2770 or the funds therein was vested in him rather than in Petitioners.

15. The evidence presented during Defendant Guo's criminal trial supports Petitioner's position that Defendant Guo had no ownership interest in Account 2770 or the funds therein - there was no evidence in the written record or presented at Defendant Guo's trial that Defendant Guo was a signatory on Account 2770, owned Account 2770, or operated Account 2770. In fact, at Defendant Guo's trial, the evidence showed that Petitioners deposited money into Account 2770 as a means of investing in a bank. *See infra* at ¶¶ 25-26. The CEO of that bank, James Robert Collins, testified that in connection with this investment, Hamilton Opportunity Fund made representations to the Office of the Commissioner of Financial Institutions of Puerto Rico (the "OCIF") that Defendant Guo "was not a UBO, that none of the money involved in the fund that was actually making the investment was part of Miles Guo's money or estate." Guo Trial, 6/17/2024, 2795:15-2796:5.

16. Similarly, there is no evidence in the record that Defendant Guo ever deposited money into Account 2770, or otherwise had any control over Account 2770, and there is no

8

evidence that Defendant Guo ever directed anyone to deposit any money into Account 2770.

                **b)**      *<u>The Government Does Not Have an Interest in Petitioners' Property</u>*

17.    Nor does the Government have any right, title, or interest in Petitioners' Property. Here, the Government asserts that it is seeking to forfeit funds in certain bank accounts, including Account 2770, because such funds are "derived from proceeds of the G Enterprise and property involved in money laundering." *See* Forfeiture Motion, ECF 716 at 4-5. However, in order to prove a right to forfeiture, it is not enough for the Government to claim (without proving) that the funds are part of criminal activity. Rather, the Government must demonstrate that the property it claims is forfeited was obtained by, belonged to, or was controlled by, the defendant.

18.    Importantly, the Government's interest with respect to any property it seeks to forfeit can vest only through the relation-back doctrine codified in 21 U.S.C. § 853(c). The relation-back doctrine provides that the Government's rights, if any, relate back to the time of the

acts giving rise to forfeiture only with respect to property described in 21 U.S.C. § 853(a),[8] that is, (1) property constituting, or derived from, proceeds the defendant obtained directly or indirectly as the result of the offense,[9] and (2) property used, or intended to be used, to commit or facilitate the offense.[10] In a criminal forfeiture proceeding, the Government acquires only the ***defendant's***

---

[8] 21 U.S.C. § 853(a) has three provisions, but it appears that the Government is not seeking to forfeit Petitioners' Property pursuant to § 853(a)(3) or its functional equivalent, 18 U.S.C. § 1963(a)(2). Both statutes provide for forfeiture of defendant's property that affords a source of control (or source of influence) over the continuing criminal enterprise. There is no indication that the Government seeks forfeiture of Petitioners' Property under these provisions, as the Government is only seeking forfeiture of funds in various bank accounts on the ground that they were "derived from proceeds of the G Enterprise and property involved in money laundering." See Forfeiture Motion, ECF 716, at 4-5; see also Guo Forfeiture Order, ECF 720 at 3 - 11 (stating that Government seeks forfeiture of "all Defendant's rights, title, and interests" in certain property, including Petitioners' Property, because the property "constitut[es] proceeds of the offenses charged in Counts One, Two, Four, and Counts Seven through Eleven and/or property involved in the offense charged in Count III"). Even if the Government sought to obtain forfeiture through 21 U.S.C. § 853(a)(3), any such argument would be futile. The Government has never alleged, let alone proved, that Defendant Guo possessed any ownership interest in, or exercised any control over, Account 2770 or the funds held therein. To the contrary, as argued above and in the Wang Ancillary Petitions, the record shows that Petitioners' Property was lawfully invested by independent third-party Petitioners in connection with a legitimate, regulated investment, wholly unrelated to Defendant Guo's or Defendant Wang's conduct alleged in the criminal case. Because Defendant Guo neither owned nor controlled Account 2770, the Government cannot plausibly contend that the account afforded him a "source of control" over any alleged enterprise within the meaning of § 853(a)(3) or 18 U.S.C. § 1963(a)(2).

[9] *See* 21 U.S.C. § 853(a)(1). This statute is the functional equivalent of 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 1963(a)(3) – the statutes pursuant to which the Government is seeking to forfeit property for Counts One, Two, Four, and Five through Eleven. *See e.g.* Guo Forfeiture Order, ECF 720 at 2.

[10] *See* 21 U.S.C. § 853(a)(2). This statute is the functional equivalent of 18 U.S.C. § 982(a)(1), the statute pursuant to which the Government is seeking to forfeit property for Counts Three and Twelve. *See e.g.* Guo Forfeiture Order, ECF 720 at 2.

interest in the property.[11] "Because criminal forfeiture follows the defendant as part of his penalty, the Government may seize any of the *defendant's* property that is traceable to the proceeds of criminal conduct." *U.S. v. Bailey*, No. 1:11CR10, 2012 WL 569744, at *14 (W.D.N.C. Feb. 22, 2012) (internal citations omitted and emphasis in original).

19.  For the fraud-based counts (Counts Two, Four, and Five through Eleven of the Third Superseding Indictment) and the RICO count (Count One), the case law is clear that forfeiture can only reach property that was obtained by Defendant Guo *himself* or derived from proceeds that he *personally* acquired. *See e.g. United States v. Elias*, No. 23-6626, 2025 WL 2845482, at *10 (2d Cir. Oct. 8, 2025) (finding that "criminal forfeiture may be imposed only in relation to a *specific defendant's* offenses") (emphasis added); *see also id.* at *9 (stating that forfeiture under 18 U.S.C. § 981(a)(1)(C) reaches only "tainted property acquired or used by *the defendant*") (citing *Honeycutt v. United States,* 581 U.S. 443, 450 (2017) (emphasis added)); 18 U.S.C. § 1963(a)(3) (RICO statute forfeiture provision that states that forfeiture extends only to "any property constituting, or derived from, any proceeds which *the person* obtained, directly or indirectly, from racketeering activity").

20.  Similarly, for the money laundering count, the case cited by the Government,

---

[11] It is thus unclear what the Government's interest would relate back to. The Government's interest under § 853(c) is purely derivative of the defendant's interest. *See United States v. Huntington Nat. Bank*, 682 F.3d 429, 433 (6th Cir. 2012) (stating that "through the relation-back doctrine, the government steps into the shoes of the defendant acquiring only the rights of the defendant at the time of the criminal acts, and nothing more") (internal citations omitted). Here, the Government affirmatively argues that Defendant Guo has no interest in any of the assets sought to be forfeited (Forfeiture Motion, ECF 716 at 4) and Defendant Guo has apparently disclaimed any interest in any property to be forfeited. *See* ECF 710. Based on both these representations, Government's interest cannot "relate back" to a right, title or interest Defendant Guo did not and does not have. The Government therefore has no valid basis to claim forfeiture of assets that were never Defendant Guo's to forfeit.

*United States v. Kenner*, 443 F.Supp. 3d 354 (E.D.N.Y. 2020)[12], reiterates the often-cited principle: "While the mere pooling or commingling of tainted and untainted funds in an account does not, without more, render the entire contents of the account subject to forfeiture, forfeiture of such commingled funds is proper when the government demonstrates that the ***defendant*** pooled the funds to facilitate or disguise his illegal scheme." *U.S. v. Kenner*, 443 F. Supp. at 365 (cleaned up and emphasis added).

21. As discussed herein, there is no evidence that any of the funds in Account 2770 belonged to Defendant Guo, or were ever commingled with tainted funds, such that the Government can argue that forfeiting Petitioners' Property, satisfies the requirements of 21 U.S.C. §853. *See* ¶¶ 14-16, *supra*. The only filing concerning Account 2770, the Forfeiture Motion, contains insufficient information to tie Defendant Guo to Account 2770 and the funds therein. In the Forfeiture Motion, the Government relied on seizure warrant affidavits of Special Agent Anthony Alecci (the "Affidavits") for an alleged tracing analysis purportedly showing that the funds in Account 2770 were "derived from proceeds of the G Enterprise and property involved in money laundering." *See e.g.*, Forfeiture Motion at 4-5. Yet, the Affidavits offer no competent evidence to support that conclusion. Special Agent Alecci vaguely alleges that "Investment Scheme Funds" were transferred in and out of Account 2770, thus justifying the seizure of all the funds therein. But the Affidavits never explain how the Government determined that any funds deposited into Account 2770 qualified as "Investment Scheme Funds" – there are no facts or analysis showing the source of these funds or tracing these funds to Defendant Guo. This appears

---

[12] The Government's reliance on *U.S. v. Kenner* is nevertheless inapposite here. *Kenner* did not address the rights of a third-party petitioner. Nothing in *Kenner* suggests that § 982(a)(1) permits the forfeiture of funds held and controlled by a separate entity absent proof that Defendant Guo himself used or benefitted from those funds.

12

to be by design, as it is patently apparent from the record that such a classification is overbroad and erroneous and cannot support any claim the Government has to the funds in Account 2770.

22.     While Agent Alecci alleges that "Investment Scheme Funds" were deposited into Account 2770 (*see* Forfeiture Motion, ECF 716, Exhibit B at 47), his only basis for such classification appears to be his own conclusion that these deposits were allegedly "consistent with money laundering, including layering funds through different entities—for example, directing investor funds into a bank account in the names of an entity other than the intended investment vehicle, which here would be G Club or Himalaya Exchange. I further believe that the incoming transfers are consistent with G Club investors purchasing multiple memberships, and therefore are fraud proceeds." *Id.* However, nothing can be further from the truth. As demonstrated by this very Supplemental Petition (and the Wang Ancillary Petitions), these funds were legitimate investor funds deposited for a legitimate investment wholly unrelated to crimes adjudicated in this criminal matter.

23.     Accordingly, the record is devoid of any evidence to defeat Petitioners' claims that they possess a vested and superior right, title and interest in Petitioners' Property or that Defendant Guo had any interest in Petitioners' Property. To the contrary, the evidence is clear that Petitioners' Property represents Petitioners' own lawful funds deposited independently and for legitimate purposes and are wholly unconnected to Defendant Guo's fraudulent schemes as alleged in the Third Superseding Indictment.

24.     First, Petitioners' Property was not and could not be property that "constitute[ed], or [is] derived from, any proceeds [Defendant Guo] obtained, directly or indirectly, as the result of [the violations listed in 21 U.S.C. § 853(a)]." *See e.g.* 21 U.S.C. § 853(a)(1). As Petitioners stated in the Wang Ancillary Petitions, Petitioners deposited Petitioners' Property - their own funds

- into Account 2770 for purposes of an investment that is wholly unrelated to the fraudulent schemes alleged in the Third Superseding Indictment.

25. Moreover, Petitioners' Property simply cannot be "[Defendant Guo's] property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, [the violations listed in 21 U.S.C. § 853(a)]." 21 U.S.C. § 853(a)(2). Again, Petitioners' Property belonged solely to Petitioners, and not Defendant Guo. Moreover, Petitioners' Property was never used in the commission of any crimes, let alone those for which Defendant Guo was indicted. As set forth more fully in the Wang Ancillary Petitions, Petitioners wired funds into Account 2770 for the purposes of investment, consistent with the terms of the Offering Memorandum (as that term is defined in Wang Ancillary Petitions). More specifically, Petitioners sought to make an investment that was for "90% ownership of Mercantile Global Holdings, Inc. ("MGH") which owns 100% of Mercantile International Bank Corp [("Mercantile Bank")]." ECF 630, Exhibit A at 33. According to James Robert Collins, the CEO of MGH, Mercantile Bank is "an international financial entity which is deemed a bank by FinCEN and operates under a license issued in Puerto Rico." Guo Trial, 6/14/2024, 2754:3-6. Pursuant to the terms of the Offering Memorandum, the acquisition of the controlling interest in MGH could proceed only after completion of satisfactory due diligence and receipt of regulatory approval from the OCIF. *See, e.g.,* ECF 630, Exhibit A at 34. Moreover, as Mr. Collins testified, in connection with this investment, Hamilton Opportunity Fund made representations to the OCIF that Defendant Guo "was not a UBO, that none of the money involved in the fund that was actually making the investment was part of Miles Guo's money or estate." Guo Trial, 6/17/2024, 2795:15-2796:5. Accordingly, Petitioners' Property was designated for a lawful and highly regulated acquisition process involving a duly licensed international bank, and not for any purpose remotely connected to the conduct alleged in the

criminal case. While the transaction did close (Guo Trial, 6/17/2024, 2794:25-2795:4), MGH never received the investment money because "[t]he money was seized in transit by the U.S. Marshals." Guo Trial, 6/17/2024, 2796:14-23.[13] At no point did Petitioners' Property have any connection - directly or indirectly - to Defendant Guo based on the evidence in the trial record or in fact.

26. In sum, Petitioners invested their own funds into Account 2770 for the purpose of a lawful transaction with MGH. Those funds were not commingled with tainted funds; rather, they were then wired onward for that transaction and seized by the Government before they could be received. There is no evidence that Defendant Guo ever used, directed, or exercised any control over these funds, nor that the funds were part of, or the proceeds of, any of Defendant Guo's criminal activities. Because Petitioners' Property neither constituted proceeds of, nor was involved in, any offense charged against Defendant Guo, the Government acquired no forfeitable interest, and Petitioners' ownership remains vested in them and superior to any other interest.

27. Petitioners have thus met their burden under 21 U.S.C. § 853(n)(6)(A) to demonstrate a vested and superior interest in Petitioners' Property.

IV. **CONCLUSION**

28. For the reasons stated above, Petitioners have an interest in Petitioners' Property, which renders the Guo Forfeiture Order invalid as to such property. *See e.g.* 21 U.S.C. §

---

[13] There can be no dispute that the transaction to purchase an equity stake in MGH was a legitimate transaction. After the closing occurred, but no money was received by Mercantile Bank because of the seizure of Petitioners' Property by the Government, MGH filed an arbitration against Hamilton seeking compensation for Hamilton's failure to perform on the transaction agreements. The arbitrator entered an award in favor of MGH (the "Arbitration Award"), which is attached as Exhibit A to the document filed at ECF 1 in the case of *Mercantile Global Holdings, Inc. v. Hamilton M&A Fund,* Case No. 23-cv-08446 (S.D.N.Y.). Further confirming the legitimacy of the transaction, the Arbitration Award explains that OCIF, the body that supervised Mercantile Bank, approved this transaction prior to the closing. *See* Arbitration Award, ¶¶ 1, 28.

853(n)(6)(A). Neither Defendant Guo, nor the Government who has stepped into his shoes, have any right, title, or interest in Petitioners' Property, and never did. Petitioners have proven, and can prove at any necessary hearing, by preponderance of evidence, that the Guo Forfeiture Order needs to be amended to exclude Petitioners' Property.

29. Therefore, Petitioners respectfully request that this Court: (1) grant this Supplemental Petition; (2) amend the Guo Forfeiture Order and the Wang Forfeiture Order to exclude Petitioners' Property; (3) order the immediate return of Petitioners' Property to Petitioners; (4) order that Petitioners are entitled to recover Petitioners' attorneys' fees and costs incurred in connection with this Petition (and the Wang Ancillary Petitions) and grant Petitioners leave to submit an application for such attorneys' fees and costs; and (5) grant such and other relief that is necessary and just.

Dated: October 22, 2025

Respectfully submitted,

/s/ Jeffrey S. Gavenman
Jeffrey S. Gavenman, Esq.
Jeremy W. Schulman, Esq.
SCHULMAN BHATTACHARYA, LLC
6116 Executive Boulevard, Suite 425
North Bethesda, MD 20852
(240) 356-8550
jgavenman@schulmanbh.com
jschulman@schulmanbh.com

*Counsel for Petitioners*