IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>-v-<br><br>HO WAN KWOK, a/k/a  "Miles Guo," "Miles Kwok," "Guo Wengui," "Brother Seven," or  "The Principal,"<br><br>and<br><br>KIN MING JE, a/k/a "William Je,"<br><br>and<br><br>YANPING WANG, a/k/a "Yvette,"<br><br>Defendants. | Restitution of Seized Funds<br>Criminal No.:  23-cr-118 (AT)<br><br>[PROPOSED] ORDER GRANTING MOTION TO ACCEPT ANCILLARY FILING AND TO PRESERVE CLAIMS |

**ORDER**

WHEREAS, on August 11, 2025, this Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (ECF No. 720) (the "Preliminary Order"), pursuant to Title 21, United States Code, Section 853, and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure;

WHEREAS, the Preliminary Order directs that third-party interests in the forfeited property shall be adjudicated pursuant to Title 21, United States Code, Section 853(n), and retains jurisdiction to enforce and amend the Preliminary Order as necessary pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure (Preliminary Order ¶ 9);

1

WHEREAS, on October 21, 2025, counsel for 6,512 authenticated and consent-authorized customers of the Himalaya Exchange ("HEX") filed a Motion to Accept Ancillary Filing and to Preserve Claims in Conformity with the Court's August 11 Order (ECF No. [Motion ECF No.]) (the "Motion"), seeking acceptance of a collective ancillary petition on behalf of said customers, whose interests are authenticated through HEX's encrypted ledger system, fee-agreement authorizations, and representative affidavits, his authentication process reflects aggregate holdings totaling 84,689,498.20 (HDO), 433,992,619.55 (HCN). The value of HDO total claim being $84,948,639.40 from the seized funds. Separately, the compensatory loss claim from the DoJ for loss of HCN asset as a result of the seizure of funds and website resulting in the Exchange not able to function being 434,208,503.75 (HCN) x $ 13.77 per HCN (price at the date of trading paused July 17, 2024 as a result of the government conduct) = $5,979,051,096.64 loss.

WHEREAS, the Motion requests that the Court deem the fee-agreement authorizations and representative affidavits as substantial compliance with the sworn-statement requirement of Title 21, United States Code, Section 853(n)(3), in light of the practical impossibilities faced by foreign claimants, including risks of political retaliation and barriers to accessing U.S. court systems, consistent with *McIntosh v. United States*, 601 U.S. 330, 339–40 (2024) (affirming flexibility in forfeiture procedures under Fed. R. Crim. P. 32.2 where substantial compliance exists and no prejudice occurs);

WHEREAS, the Motion further requests permission for ongoing submission of additional affidavits to supplement the filing as secure channels become available, in accordance with the Court's retained jurisdiction under Preliminary Order ¶ 9 and Federal Rule of Criminal Procedure 32.2(c)(2) (authorizing amendment of petitions based on evolving circumstances);

WHEREAS, the Court has considered the Motion, the Government's response (if any), and the applicable law, including the need to reconcile procedural requirements with due process principles under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950), and to avoid unconstitutional deprivations of property under Austin v. United States, 509 U.S. 602, 622 (1993);

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

The Motion is GRANTED;

The collective ancillary filing submitted with the Motion is accepted as compliant with the Preliminary Order and Title 21, United States Code, Section 853(n);

The sealed attachment listing each claimant's HID number, and HDO balances is treated as a verified schedule of ownership interests in respect of the seized funds;

The fee-agreement authorizations and representative affidavits are deemed to constitute substantial compliance with the sworn-statement requirement of Title 21, United States Code, Section 853(n)(3);

The Government is permitted to review HEX's KYC data, Jumio facial-recognition and banking data, and transactional records only under secure, Court-approved conditions, including under a protective order limiting disclosure to verification purposes only and with redaction of sensitive personal information as appropriate, to verify claimant identities and interests in a manner that protects claimant privacy and security;

Current clients represented in the Motion are authorized to continue submitting affidavits under penalty of perjury, which shall be included in one or more supplemental submissions to the ancillary filing, with such supplements to be filed by counsel within 60 days of this Order or as secure channels become available, whichever is later; the Court retains jurisdiction to accept and adjudicate these supplemental submissions consistent with Preliminary Order ¶ 9 and Federal Rule of Criminal Procedure 32.2(c)(2), without prejudice to the timeliness or validity of the original filing;

The Court shall schedule an ancillary hearing pursuant to Title 21, United States Code, Section 853(n)(4), if necessary to adjudicate the validity of the petitioners' interests, or otherwise proceed to enter a Final Order of Forfeiture upon resolution of all third-party claims;

This Order does not preclude the Government from challenging the validity of individual claims on substantive grounds, such as lack of superior interest under Title 21, United States Code, Section 853(n)(6), following verification of the provided data;

This Order shall not prejudice the rights of any unrepresented HEX customers or other third parties to file separate petitions under Title 21, United States Code, Section 853(n).

This Order shall not prejudice any other rights or remedies available to the claimants, including petitions for remission under Title 21, United States Code, Section 853(i), or motions for return of property under Federal Rule of Criminal Procedure 41(g).


SO ORDERED:

_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 22, 2025, a true and accurate copy of the forgoing was electronically filed and served through the ECF system of the U.S. District Court for the Southern District of New York.

                                              /s/ Brad Geyer
                                              Bradford L. Geyer, PHV
                                              NJ 022751991
                                              Suite 141 Route 130 S.  303
                                              Cinnaminson, NJ 08077
                                              Brad@FormerFedsGroup.Com
                                              (856) 607-5708