**SCHULMAN BHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852   240.356.8551

**JEFFREY S. GAVENMAN**
direct dial 240.356.8553   email jgavenman@schulmanbh.com

October 23, 2025

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   U.S. v. Guo, U.S. District Court for Southern District of New York, Case No. 23-cr-00118 (AT)

Dear Judge Torres:

We write respectfully on behalf of: (1) a group of individual investor petitioners (the "Original Petitioners") who had previously filed individual ancillary petitions[1] in early April 2025 in connection with the forfeiture order entered against Defendant Yvette Wang; and (2) one additional investor petitioner (the "Individual Petitioner") (together, the Original Petitioners and Individual Petitioner are the "Petitioners").

On October 22, 2025, the Original Petitioners filed a Consolidated Supplemental Third-Party Petition to Adjudicate Petitioners' Interest in Forfeited Property and to Amend the Preliminary Order of Forfeiture Entered as to Defendant Miles Guo (the "Consolidated Petition") (ECF 755). Also on October 22, 2025, the Individual Petitioner filed an individual ancillary petition (the "Individual Petition") (ECF 758).[2] In the Individual Petition, the Individual Petitioner redacted key personal, financial, and confidential information. Similarly, in the Consolidated Petition, the Original Petitioners redacted their names. Petitioners file this motion to seal (the "Motion") to respectfully request that the Court grant Petitioners' Motion and to allow Petitioners to maintain such redactions on the publicly-filed versions of the Petitions (i.e. at ECF 755 and 758) so as to protect their legitimate confidentiality interests in, *inter alia*, their identities and personal financial information.

In considering whether documents should be filed under seal, the court must: (1) determine if the documents have a presumption of public access, (2) determine the weight of the presumption of that access, and (3) then balance competing considerations against such access. *Lugosh v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The court should take into account whether the subject matter is "traditionally considered private." *United States v. Amodeo*, 71 F.3d 1044, 1051

---

[1] ECF 529-535; 538-539; 541-552; 558; 560-567; 570-573; 575; 577-581; 583-594; 598-611; 613-615; 619-621; 623-642; 645; 647; 649-650; 656-657; 659-661; 664-665; 667-670; 675; 677.

[2] Collectively, the Consolidated Petition and the Individual Petition are the "Petitions."

(2d Cir. 1995). While there is a "presumption" of public access to judicial documents for the purposes of dispositive motions, (see *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016)), that presumption "can be overcome if countervailing factors warrant confidentiality." *Lugosh* at 120.

In the instant case, Petitioners are seeking the Court's approval for minimal redactions to the Petitions; indeed, only their respective names are redacted (as well as anonymized on the docket) in the Petitions themselves. The exhibits to the Individual Petition are redacted as well, as they consist of extensive personal, financial, and confidential information. Notably, as the exhibits confirm the wire information and information regarding private investment decisions, they should not be considered judicial documents that enjoy the presumption of public access. *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (finding that the public's right to access is "outweighed by non-parties' interests in privacy and the protection of proprietary business information." In approving redactions of certain information concerning individuals' participation in an investment opportunity, the Court specifically noted that "[p]rotecting such private financial dealings is a recognized and protectable privacy interest").

Furthermore, even if they did enjoy such a presumption of public access, certainly, the countervailing factors warrant confidentiality for the exhibits, as well as for Petitioners' names. As a threshold matter, Petitioners fear the consequences of what is likely to occur in the event that their identities are made public and it is revealed that they invested money in an organization with a stated purpose of fighting against the Chinese Communist Party (the "CCP"). It has been well-publicized (including in the context of this case) that the CCP has a history of retaliating against individuals that they deem to be dissidents.[3,4] It is important to note that Petitioners have never been accused of engaging in any wrongdoing whatsoever and did not choose to be involved in this case. Instead, Petitioners were forced to take action because the United States Government improperly took possession of Petitioners' property in violation of the relevant legal standards. In these circumstances, Petitioners' well-founded fear of potential reprisals from the CCP justifies allowing them to redact their identities from the Petitions. *See J.M.H. v. Freden*, No. 24-CV-875(LJV), 2025 WL 81919, at *4 (W.D.N.Y. Jan. 13, 2025) ("the potential harm of disclosing J.M.H.'s identity—including the fact that it could cause her to be subject to persecution and harassment—outweighs the public's interest in disclosure under both the common law and First Amendment standards").

Moreover, additional redactions are warranted because the Individual Petition, in setting forth the facts required to challenge the forfeiture orders entered in this case, reveal personal financial information about the Individual Petitioner that the Individual Petitioner does not wish to be made public. Specifically, the Individual Petition contains information about the Individual Petitioner's

---

[3] https://www.propublica.org/article/operation-fox-hunt-how-china-exports-repression-using-a-network-of-spies-hidden-in-plain-sight (last visited April 8, 2025).

[4] https://www.propublica.org/article/even-on-us-campuses-china-cracks-down-on-students-who-speak-out (last visited April 8, 2025).

SCHULMAN**BHATTACHARYA**

Page | 3

bank account, the Individual Petitioner's financial transactions and the Individual Petitioner's financial resources. This information is unquestionably personal in nature and the type of information in which the Individual Petitioner has a strong privacy interest. *City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (granting motion to seal and explaining that "[t]hese documents also consist largely of Mr. Monstrey's private financial information in which he has significant privacy interests"). Moreover, for the same fear of reprisals identified above, the Individual Petitioner is concerned that the public dissemination of information concerning the Individual Petitioner's financial transactions and resources would provide additional means for the CCP or other related parties to punish the Individual Petitioner for the Individual Petitioner's activity as it pertains to this case.

Based on the foregoing, Petitioners respectfully request that their Motion be granted in its entirety.

           Respectfully,

           /s/ Jeffrey S. Gavenman
           Jeffrey S. Gavenman