**3200 Zanker Rd unit 2403, San Jose CA95134**
**+1(510)371-5615**
**Ranyue Bai**
**proseryan0@gmail.com**
Date: Oct 22, 2025

**Clerk of Court**
United States Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

**Re:** Petition for Writ of Mandamus
**In re:** Ryan Bai(a.k.a. Ranyue Bai), Petitioner
**Case:** United States v. Kwok, et al. 1:23-CR-118-1 (AT)

Dear Clerk of Court,

Enclosed please find a **Petition for Writ of Mandamus**, filed by Ryan Bai **(real name: Ranyue Bai)**, a recognized victim in United States v. Kwok, et al 1:23-CR-118-1 (AT). Also enclosed are:

- Exhibits A–B (with signed versions and email submission proof).

- A check in the amount of **$600** for the filing fee

- Certificate of Service.

Service was completed on Oct 22, 2025, via USPS to ensure all parties were notified.

Please docket this petition and the attached exhibits accordingly. Thank you for your attention to this matter.

Respectfully submitted,

**Signature:** _____
Ranyue Bai (Oct 13, 2025 13:23:17 PDT)

**Ranyue Bai**

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT



In re:

Ryan Bai, a.k.a.Ranyue Bai,

Victim in *United States v. Kwok, et al.*,

1:23-CR-118-1 (AT)

Petitioner.

# PETITION FOR WRIT OF MANDAMUS

## I. Introduction

I, Ryan Bai, respectfully petition this Honorable Court for a writ of mandamus directing the United States District Court for the Southern District of New York ("the District Court") to

(1) cease suppressing my future victim filings,

(2) docket my previously submitted but undocketed motions, and

(3) rule on the Rule 60 relief requested in my docketed filing, Dkt. 733.

I am the author of Dkt. 733 and Dkt. 744 in the United States v. Ho Wan Kwok, et al., No. 1:23-cr-00118-AT (S.D.N.Y.).

These filings were made as a recognized victim under the Crime Victims' Rights Act (CVRA), 18 U.S.C. § 3771, and report prosecutorial misconduct, coordination between the prosecution and bankruptcy trustee Luc A. Despins, and fraud upon the court that have directly harmed victims' interests.

After Dkt. 733 was docketed, other filings (Dkts. 739, 742) were made to discredit me and other victims. I filed Dkt. 744 in response, exposing retaliatory tactics and clarifying the victims' legitimate standing.

Immediately following Dkt. 744, however, the District Court prohibited all third-party pro se filings, only attorneys with ECF access could file further motions. I have personally called the SDNY, and the clerk of the court explained that, to prevent "leaking private information," the court has decided not to docket any third-party motions, which I personally think is a flimsy excuse, because if they're worried about privacy leaks, they can redact key information when filing motions and instruct the court to use the redacted version in public settings.

This unprecedented act of suppression violates the CVRA and the victims' constitutional due process rights.

## II. CVRA Rights Violated

The Crime Victims' Rights Act, 18 U.S.C. § 3771(a), guarantees crime victims the right to:

1. Be reasonably heard at any public proceeding involving release, plea, sentencing, or parole;
2. Be treated with fairness and respect for dignity and privacy;
3. Confer with the Government's attorney in the case;
4. Receive full and timely restitution as provided by law;
5. Be informed of proceedings and actions involving the crime.

By blocking further filings from victims after Dkt. 744, the District Court effectively denied every one of these statutory rights.

Victims have the right to be heard through motions and submissions, especially when such motions reveal misconduct that undermines the integrity of the proceedings.

## III. Procedural History and Suppression of Motions

After the suppression order, I submitted four additional motions to the District Court's Pro Se email filing system, all properly formatted and signed.

Two of these motions are of central procedural importance and are attached to this Petition as Exhibits A and B:

- **Exhibit A: Motion to Oppose Dkt. 754: Addressing Complicity in Court Fraud and Urging Discussion of Judicial Recusal** (sent Oct. 7, 2025, 10:31 PM PST).
- **Exhibit B: Emergency Motion: Court Must Stop Suppressing CVRA Rights and Prevent Procedural Collapse in Light of Unaddressed Prosecutorial Fraud** (RE: ECF 733, 739, 742, 744) (sent Sep. 28, 2025, 12:16 AM PST).

These filings were submitted both electronically and in paper form:

- I emailed both motions to the District Court's official Pro Se intake email address, the original proofs are included in this filing.
- I also mailed physical copies via USPS, which have been confirmed as delivered on Oct 10, 2025 according to USPS tracking records.
- Despite both proper electronic submission and confirmed physical delivery, the District Court has failed to docket these filings to this day.

This omission cannot be attributed to filing errors or technical issues—it reflects a systematic suppression of victim filings that raises serious questions of institutional integrity and bias.

## IV. Summary of Suppressed Motions

### 1: Exhibit B – Emergency Motion

This motion details my independent discovery that the prosecution and bankruptcy trustee Luc A. Despins acted in coordination to commit fraud upon the court, a duty normally falling upon defense counsel to expose.

This failure of adversarial function indicates a collapse of procedural safeguards.

The motion draws comparison to landmark precedents:

- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944) – judicial fraud case;
- Strickland v. Washington, 466 U.S. 668 (1984) – ineffective assistance benchmark.

I argued that the scale of misconduct here far exceeds those precedents, constituting perhaps the most severe judicial fraud in the history of the United States.

## 2: Exhibit A – Motion Opposing Dkt. 754

This motion opposes defense counsel's Dkt. 754, which sought to allow the Government to take control of forfeited assets which are now under control by the trustee Luc.

I explained that, under the findings in Dkt. 733, both entities are disqualified from handling those assets due to fraud upon the court.

I requested that the District Court vacate the forfeiture order under Rule 60 and appoint an independent receiver.

The District Court's silence—combined with suppression of all later filings—confirms that procedural collapse has become institutionalized.

## V. Relief Requested

In light of the above, I respectfully request that this Court:

1. Direct the District Court to docket my suppressed motions (Exhibits A and B);
2. Order the District Court to cease suppression of CVRA-protected filings;
3. Instruct the District Court to rule on the Rule 60 relief request in Dkt. 733, which seeks to vacate the forfeiture order obtained under conditions of fraud and misconduct.

## VI. Conclusion

This Petition does not challenge judicial discretion—it seeks to restore it.

When a lower court suppresses filings exposing fraud, refuses to docket motions duly delivered both electronically and by mail, and thereby prevents victims from exercising their statutory rights, mandamus becomes the only mechanism to preserve the rule of law.

Respectfully submitted,

Ryan Bai

Ranyue Bai (Oct 16, 2025 16:00:57 PDT)

Attachments:

- Exhibit A: Motion to Oppose Dkt. 754
- Exhibit B: Emergency Motion
- Email Submission Proof

# Exhibit A

**Motion to Oppose Dkt. 754: Addressing Complicity in Court
Fraud and Urging Discussion of Judicial Recusal**

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
 Plaintiff,
 v.
 HO WAN KWOK, a/k/a MILES GUO, et al.,
 Defendants.

Case No. 1:23-cr-00118-AT

## Motion to Oppose Dkt. 754: Addressing Complicity in Court Fraud and Urging Discussion of Judicial Recusal

### The Honorable Analisa Torres

United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Torres:

### I. Introduction

I, Ryan Bai, as a victim of this case, submit this Motion to Oppose Dkt. 754 to address the ongoing and unresolved issues highlighted in my prior filing, Dkt. 733, regarding prosecutorial misconduct and suspected court fraud. For over one month, my Dkt. 733 report detailing judicial fraud and systemic prosecutorial misconduct has gone unaddressed by the Court, the prosecution, or defense counsel.

Despite this, Dkt. 754—filed by defense counsel—advances forfeiture proceedings, ostensibly to mitigate the risk of asset depletion. However, given the unresolved allegations in Dkt. 733, any action to advance forfeiture is **procedurally improper**. Based on the allegations of prosecutorial fraud outlined in Docket 733 and the accompanying report, all associated forfeiture orders, including the Preliminary Order of Forfeiture (POF), are null and void, thereby rendering any further proceedings fundamentally illegitimate.

The recent filings, including Dkt. 754 and the Government's Dkt. 750, exemplify **fraud upon the court** and suggest possible **collusion between defense counsel and the prosecution**, as neither party has acknowledged or acted on the unresolved issues I raised regarding asset control, creditor disputes, or the Trustee's role in the bankruptcy estate.

## II. Background

As outlined in Dkt. 733, for over two years the prosecution **failed to verify or correct creditor issues with Luc**, resulting in severe harm to victims like myself. The report documents **systemic misconduct** across multiple courts, including Judge Parker, Judge Torres, and the Second Circuit, posing a direct threat to the integrity of judicial decisions.

Despite these allegations, the Court, the prosecution, and defense counsel have **remained silent**, allowing forfeiture proceedings to advance under a potentially **fraudulent framework**. Defense counsel's Dkt. 754 motion requests the Court to authorize the Government to manage forfeiture of assets from Luc. While intended to protect against asset depletion, this request **implicitly advances a procedure that is invalid as documented in Dkt 733.**

I have previously requested under Rule 60 that the Court **void the existing forfeiture orders** and **appoint a neutral third-party receiver or master** to oversee any forfeiture proceedings. To date, this motion has **received no response**, and no party has acted to halt or correct the ongoing forfeiture process.

## III. Procedural Impropriety and Complicity

1. **Advancing Forfeiture Without Addressing Fraud Allegations:**
   Proceeding with forfeiture under the current circumstances is **procedurally improper** because it assumes the legitimacy of orders that may be **null and void** due to alleged court fraud. Defense counsel's Dkt. 754 motion, by requesting the Government to seize and manage assets, risks **facilitating fraud upon the court** rather than protecting victims' interests.

2. **Complicity Concerns:**
   The **prosecution's continued inaction** after Dkt. 733, combined with defense counsel's Dkt. 754 motion, prosecution's Dkt. 750 and the Court's silence, raises the reasonable suspicion of **collaborative complicity in court fraud**. The ongoing forfeiture process is proceeding without any corrective oversight, despite

clear documentation of prior misconduct.

3. **Judicial Silence and Impaired Impartiality:**
   As documented in Dkt.733 and the attached report, Judge Torres has been
   exposed to fraudulent filings multiple times and, despite my victim report, has
   **remained silent**. This raises serious concerns regarding **judicial impartiality**
   and the Court's ability to oversee the forfeiture process fairly. Both defense
   counsel and the Court should have acted to **correct procedural collapse** or
   **pause the forfeiture process** until fraud allegations are addressed. Judicial
   silence in the face of substantiated fraud allegations constitutes constructive
   acquiescence, which is incompatible with due process obligations under the **Fifth
   Amendment.**

## IV. Violation of the Crime Victims' Rights Act (CRVA)

The continuation of forfeiture proceedings despite unresolved allegations of court fraud
constitutes a direct violation of the Crime Victims' Rights Act (18 U.S.C. § 3771).
As a victim, I have the right to be treated with fairness, dignity, and respect, and to be
reasonably heard in proceedings involving the forfeiture of assets derived from the
offense. By suppressing Dkt. 733 and disregarding its content, the Court, prosecution,
and defense have collectively deprived victims of their statutory right to participate in a
fair and transparent process.
The CRVA requires that victims' concerns—particularly those alleging prosecutorial
misconduct and fraud upon the court affecting the legitimacy of forfeiture—be
addressed before any substantive action proceeds. Advancing forfeiture under
fraudulent conditions not only undermines procedural justice but also perpetuates the
very harm that the CRVA was enacted to prevent.
This systemic disregard for victims' procedural rights reinforces the appearance that
both the Court and counsel are complicit in shielding institutional misconduct rather than
ensuring accountability and redress for victims.

## V. Continuation of the Systematic Breakdown Identified in the September 28 Motion (suppressed and not docketed)

The ongoing pattern of silence and procedural deviation directly aligns with the
"systematic breakdown of judicial process" described in my prior motion submitted on
September 28, which the Court failed to docket. That motion detailed how multiple
actors—the prosecution, defense, and the Court—have allowed structural defects in
due process to persist, including the suppression of victim filings, selective docketing,
and the failure to correct known creditor registration issues.

These failures are not isolated procedural oversights but manifestations of an institutionalized collapse of judicial integrity. The scope and depth of misconduct and fraud upon the court issue that is documented in Dkt. 733 and the September 28 motion arguably constitute the most serious instances of judicial fraud in the history of the United States—surpassing the misconduct standards addressed in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)  and the ineffective assistance thresholds defined in *Strickland v. Washington.*

The current advancement of forfeiture proceedings, while the Court remains silent on Dkt. 733, is a continuation of that systemic failure. It demonstrates that the Court's administrative and substantive processes have been compromised to a degree that no longer ensures impartial adjudication or transparency. **This continued procedural breakdown** not only denies victims access to lawful remedies but also institutionalizes misconduct, making judicial correction impossible unless external oversight—such as a neutral receiver or independent master—is imposed.

### VI. Constitutional Violations Underlying Procedural Collapse

The continued advancement of forfeiture proceedings, while the Court has failed to address the substantiated allegations of prosecutorial fraud, constitutes multiple constitutional violations. First, it violates the **Due Process Clause of the Fifth Amendment**, because property deprivation and related procedural actions are proceeding on a foundation potentially tainted by fraud upon the court, depriving victims of a fair and lawful process. Second, it implicates the **Equal Protection Clause of the Fourteenth Amendment**, as victim filings and critical reports—like Dkt. 733 and the suppressed September 28 motion—have been ignored, while prosecution and defense filings are selectively docketed and acted upon. Third, the ongoing procedural collapse undermines the **Sixth Amendment right to fair representation**, as defense counsel, by advancing forfeiture under conditions of suspected fraud without addressing these critical issues, may be complicit in perpetuating a procedurally invalid process. Collectively, these constitutional failures demonstrate that the judicial process has been compromised to the point of causing direct and ongoing harm to victims' rights, necessitating immediate corrective intervention.

## VII. Call for Corrective Action

The Court, the prosecution, and defense counsel have each failed to respond to my prior filing, Dkt. 733, which detailed credible and document-supported allegations of prosecutorial misconduct and fraud upon the court. Despite the gravity of these allegations, all parties have proceeded with substantive actions — including the

advancement of forfeiture proceedings under Dkt. 754 — as though no such allegations exist.

This constitutes a procedural collapse that strikes at the **core of due process** and the integrity of the judicial system. Under long-standing constitutional principles, no court may continue substantive proceedings where there is an unresolved claim that prior orders or filings were procured through fraud. Doing so renders all subsequent proceedings void ab initio, as actions built upon fraudulent or procedurally tainted foundations cannot carry legal validity.

Given the circumstances, I respectfully request the following:

1. **Immediate suspension of all ongoing forfeiture procedures** until the issues raised in Dkt. 733 are addressed;

2. **Appointment of a neutral third-party receiver or master** to oversee any forfeiture proceedings, as no party implicated in Dkt. 733 should control the process;

3. **Discussion of judicial recusal** due to the Court's exposure to fraudulent filings and **compromised impartiality**;

4. **Transparency requirement:** if no discussion or action regarding judicial recusal occurs within 14 days, I request that the Court **publicly state its reasons** for declining to address the issue.

These steps are necessary to protect victims' rights, ensure procedural legitimacy, and restore confidence in the judicial process. Proceeding without these measures risks further damage to victims' rights and undermines the integrity of the judicial process.

Respectfully submitted,
Ryan Bai

Ranyue Bai (Oct 7, 2025 18:28:48 PDT)

# Motion to Oppose Dkt. 754: Addressing Complicity in Court Fraud and Ur

**Ryan Prose** <proseryan0@gmail.com>

to prose ▾

| | |
|---|---|
| from: | **Ryan Prose** <proseryan0@gmail.com> |
| to: | prose@nysd.uscourts.gov |
| date: | Oct 7, 2025, 10:31 PM |
| subject: | Motion to Oppose Dkt. 754: Addressing Complicity in Court Fraud and Urging Discussion of Judicial Recusal |
| mailed-by: | gmail.com |

UNIT

SOUTHEF
UNITED S
Plaintiff,
v.
HO WAN |
Defendant
Case No.

**Motior**
**Court**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

## I. Introduction

I, Ryan Bai, as a victim of this case, submit this Motion to Oppose Dkt. 754 to address the ongoing and unresolved issues highlighted in my prior filing, Dkt. 733, regarding prosecutorial misconduct and suspected court fraud. For over one month, my Dkt. 733 report detailing judicial fraud and systemic prosecutorial misconduct has gone unaddressed by the Court, the prosecution, or defense counsel.

Despite this, Dkt. 754—filed by defense counsel—advances forfeiture proceedings, ostensibly to mitigate the risk of asset depletion. However, given the unresolved allegations in Dkt. 733, any action to advance forfeiture is **procedurally improper**. Based on the allegations of prosecutorial fraud outlined in Docket 733 and the accompanying report, all associated forfeiture orders, including the Preliminary Order of Forfeiture (POF), are null and void, thereby rendering any further proceedings fundamentally illegitimate. The recent filings, including Dkt. 754 and the Government's Dkt. 750, exemplify **fraud upon the court** and suggest possible **collusion between defense counsel and the prosecution**, as neither party has acknowledged or acted on the unresolved issues I raised regarding asset control, creditor disputes, or the Trustee's role in the bankruptcy

# Exhibit B

**Emergency Motion: Court Must Stop Suppressing CRVA Rights and Grave Misstep and Docket Victim Motions and Prevent Collapse of Proceedings in Light of Unaddressed Prosecutorial Fraud — After Three Successive Defendants Counsel Failures, Victim Forced to Seek Rule 33 and Prosecution Misconduct with Prejudice Relief (RE: ECF 733, 739, 742, 744)**

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,
v.
HO WAN KWOK, a/k/a MILES GUO, et al.,
Defendants.

Case No. 1:23-cr-00118-AT

**Emergency Motion: Court Must Stop Suppressing CRVA Rights and Grave Misstep and Docket Victim Motions and Prevent Collapse of Proceedings in Light of Unaddressed Prosecutorial Fraud — After Three Successive Defendants Counsel Failures, Victim Forced to Seek Rule 33 and Prosecution Misconduct with Prejudice Relief (RE: ECF 733, 739, 742,744)**

**The Honorable Analisa Torres**

United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Dear Judge Torres:

## Background: The court has deprived victims of their rights.

I, Ryan Bai, a recognized victim under 18 U.S.C. § 3771, previously filed ECF No. 733 addressing serious prosecutorial misconduct and fraud upon the court. Right after my document was docketed, another victim filed ECF Nos. 739, 742 to attack my victim status, I filed ECF No. 744 to address these attacks subsequently. However, I am now subject to systematic suppression by the Clerk's Office of the United States District Court for the Southern District of New York. My motion filed on September 14, 2025 which is also related to the fraud-

upon-the-court issue, was suppressed for two weeks. Subsequently, on September 19, 2025, I filed a motion to compel, which has now been suppressed for one week. During this period, the prosecution, the trustee, and attorneys representing other entities have faced no obstacles in accessing the docket. Meanwhile, all victims, including myself, have been systematically prevented from uploading any motions. This conduct by the Clerk's Office of the Southern District of New York constitutes a systemic violation of victims' rights and interests under 18 U.S.C. § 3771, specifically including, but not limited to, the following:

1. The Right to Be Reasonably Heard (18 U.S.C. § 3771(a)(4))
2. The Right to Proceedings Free from Unreasonable Delay (18 U.S.C. § 3771(a)(7))
3. The Right to Be Treated with Fairness and Respect for Dignity and Privacy (18 U.S.C. § 3771(a)(8))

The procedures in this case have suffered a severe breakdown :

- ○ Defense counsel have changed three times, yet none have raised the government's Brady violations, highlighting a **systemic defense failure.**

- ○ Victims have begun disputing one another's standing, and filings such as ECF Nos. 739 and 742 seek to undermine victims' legitimacy by suggesting they are aligned with the Defendant. In contrast, while the prosecution and the trustee filed ECF Nos. 750, 751, to reply to a prior defense motion, it has entirely failed to address my earlier filing, ECF No. 733, which set forth allegations of prosecutorial fraud upon the Court. Allegations of fraud upon the Court should receive the highest level of judicial attention; yet, rather than promptly confronting these serious issues, the prosecution has disregarded them. This disparate treatment demonstrates that the prosecution—even while accused of perpetrating fraud upon the Court—has been afforded preferential access to the judicial process, while victims raising substantive concerns have been excluded. **Such circumstances reveal a structural procedural failure undermining the fairness of these proceedings.**

- ○ Other victims' counsel (e.g., filings by Geyer) have been challenged as representing problematic claims. **These circumstances reflect a broader collapse of procedural safeguards.**

- ○ The Pro se filing has crashed the pro se department, the court has to recruit a pro se manager to reduce the risk. **This is another proof of the crash of the**

**judicial process in this case**

○ The current NFSC leader Qingteng (aka. Forrest Zhou/Yue Zhou) and spokesperson Ava Chan (aka Rechael, Sherry) registered as victims in Yvett Wang's sentencing hearing, however, they have been continuously obstructing defendant's sentencing proceeding by different means for more than 1 year, including faking visit record of federal prison, illegally endorsing the TDCCP virtual currency in the name of the defendant, causing significant financial losses to followers. According to another NFSC member Laojiang, some investors in China have already committed suicide as a result. Under Qingtent's leadership, the Alliance also endorsed a suspicious account in the name of Guo's daughter, spreading suspicious information. However, the prosecution failed to react to their obstructing behavior, **the prosecution failed to arrest, detain any NFSC co-conspirator (e.g. Yongbing Zhang who again claimed visited the MDC to meet the defendant, meanwhile being identified as a co-conspiritor in different court documents), and failed to clarify these suspicious activities by the alleged co-conspirator, failed to address some victims's obstructing behaviors, which proofs that the prosecution failed to fulfill its obligation.**

○ As I mentioned in ECF No. 733, the trustee and the prosecution have never addressed the creditor registration issue (Gongzu, Julia) from the beginning of this case until now, recent filings 750 and 751 serve as the strongest evidence of continued collaboration between Luc and the prosecution in engaging in misconduct and perpetrating fraud upon the court.

○ **The prosecution has failed to oppose Trustee Luc A. Despins, despite being aware that his role prioritizes the interests of creditors—many of whom, as demonstrated in ECF No. 733, are largely unreliable—over the interests of victims in this case.**

○ ECF No. 733, **authored by a victim rather than the defendant's counsel,** exposes serious misconduct and fraud upon the court by the prosecution and the trustee, Luc A. Despins. This filing stands as the most compelling evidence of a systemic procedural breakdown in this case.

○ **The Court's Mailing of Orders to Mainland China Victim-Petitioners Constitutes a Grave Misstep:**
On September 22 and 24, 2025, the Court docketed two "return mail" entries related to victim-petitioners Chunk Chyi and Beibei Zhu. These entries confirm that the Clerk's Office mailed court orders directly to addresses in mainland China. At the outset, I a hundred percent agree with Judge Torres' prior statement that this case is an economic matter without political elements. However, that characterization applies only within the United States. In practice, for victim-petitioners who currently reside in mainland China, participation in this

case carries severe political consequences far beyond the courtroom. By mailing court documents to these individuals, the Court has inadvertently triggered highly complex political risks and, more gravely, exposed victims to catastrophic scenarios in which their personal liberty and very lives may be endangered. The danger was not speculative. In ECF No. 507, filed by victim-petitioner Chunk Chyi, he himself warned: "I am not sure whether what I wrote will lead to my arrest by the Chinese government." This was explicit notice on the record of the risk. Yet, notwithstanding that warning, the Court continued to mail sensitive orders to mainland China addresses. Such conduct constitutes a grave misstep and violates core statutory rights guaranteed to victims under the Crime Victims' Rights Act (18 U.S.C. § 3771):

○ The Right to Be Treated with Fairness and Respect for Dignity and Privacy (§ 3771(a)(8)): Exposing victims to known foreign-state reprisals by disclosing their participation is the antithesis of fairness and dignity.

○ The Right to Reasonable Protection from the Accused and Others (§ 3771(a)(1)): While the statute usually concerns protection from the defendant, its logic extends to foreseeable external dangers. Mailing to hostile jurisdictions recklessly disregards this protection.

○ The Right to Proceedings Free from Unreasonable Delay (§ 3771(a)(7)): By creating conditions where victims may be detained, silenced, or placed at risk, the Court has jeopardized their ability to participate without delay or obstruction.

This risk is further corroborated by defense witness Yijian Hu, who testified in open court about the political reprisals he personally suffered as a direct consequence of this case. **While I fully support Judge Torres' prior statement that this case is fundamentally an economic matter without political elements**, the Court cannot ignore the evidentiary reality that Mr. Hu's ordeal must have been genuine — for if it were not, his testimony would amount to perjury. Thus, whether the Court wishes to acknowledge political dimensions or not, the political risks faced by participants in mainland China are undeniable.

As trained judicial officers, the Court and Clerk's Office are expected to recognize these foreseeable risks. **The decision to mail orders into such a hostile jurisdiction was therefore not a harmless clerical error, but a grave misstep that disregarded both the record before the Court and the predictable consequences to vulnerable victims.**

**In sum, the Court's mailing practice did not merely constitute a clerical lapse — it placed victims in jeopardy of state retaliation and life-threatening consequences. That decision, even if unintended, represents a systemic**

breakdown in safeguarding victim rights and must be urgently addressed to prevent irreparable harm.

## Risk of Becoming The Most Extreme Instance of Judicial Fraud Since the Founding of The Nation:

As I listed in my motion on Sep 14, 2025 which was suppressed by the Court, I would list the same comparison here:

### Comparative Gravity

This case exceeds the seriousness of both *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* and *Strickland v. Washington* from two perspectives:

1. **Fraud-upon-the-Court (Hazel-Atlas comparison).**
   In *Hazel-Atlas*, fraud was limited to the concealment of a single ghostwritten article that misled the Third Circuit. Here, the misconduct is broader and systemic:

   ○ According to EFT No. 733 and the attached report, the prosecution and Trustee Luc A. Despins repeatedly misled **multiple judges** (Judge Parker, Judge Torres, Judge Manning, and the Second Circuit) across **separate proceedings**.

   ○ The concealment and distortion of Brady material—such as Defendant's January 10, 11, and 23, 2023, broadcasts identifying problematic creditors—resulted in **long-term reliance on false premises** that shaped bail, forfeiture, and bankruptcy rulings.

   ○ The fraud is not an isolated episode but a **two-year structural practice** of deceiving courts and suppressing evidence.

2. **Ineffective Assistance and Defense Breakdown (Strickland comparison).**
   In *Strickland*, the Court recognized ineffective assistance where one defense lawyer failed to adequately investigate mitigating evidence. In this case, however:

   ○ **Three successive defense teams** have ignored or declined to raise the prosecution's Brady violations and systemic misconduct.

   ○ Defendant himself, in ECF No. 700, discharged his counsel and stated he was "very disappointed" because "not even the basics" were done.

- ○ The consistent failure across multiple lawyers reflects not mere negligence but a **structural collapse of the defense function**, leaving victims—not defense counsel—to identify prosecutorial violations.

Therefore, the scale of judicial fraud here surpasses *Hazel-Atlas*, which involved only one appellate misrepresentation, the defense failure here far exceeds the individual lapse in *Strickland*, amounting to **systemic ineffective assistance** across multiple counsel over years.

**No case in the history of the United States has exhibited such an unprecedented degree of severity in both prosecutorial misconduct and ineffective assistance of counsel. Consequently, this case satisfies the criteria to be regarded as the most extreme instance of judicial fraud since the founding of the nation.**

## First Victim-Led Exposure of Systemic Judicial Misconduct in U.S. History:

As reflected in the record (see ECF No. 733 and accompanying exhibits), the events in this case have placed me in an unprecedented position within the history of American criminal procedure. I have no formal legal training, I am not a party's lawyer, and I have no institutional authority to conduct litigation. Yet, faced with a multi-layered collapse of adversarial safeguards — successive defense teams that failed to investigate or to vindicate evidentiary matters crucial to fairness, and prosecutorial and trustee conduct that the record now shows may have misled multiple courts — I was compelled, as a private citizen and an injured investor, to undertake the factual and documentary investigation that the adversarial system did not produce.

What I have submitted to this Court is not conjecture. It is a compilation of documentary evidence, timestamps, public broadcasts, and court filings that, when read together, present a coherent account of procedural failures and possible misconduct (ECF No. 733). That a non-lawyer victim — acting alone and without institutional power — has assembled and presented this body of material, which bears directly on the integrity of the entire procedure, including the bail proceedings, and the forfeiture process etc, is itself historically significant. It demonstrates that the ordinary checks and balances of the criminal

justice system were, in practice, ineffective in identifying or correcting the problems at issue.

This Court should treat that fact not as a rhetorical flourish but as a sober evidentiary reality with consequences. The reality that a private injured party was forced into the investigatory role normally borne by counsel and prosecutors is a measure of systemic breakdown; it is an indicium that ordinary institutional remedies may have been exhausted or rendered ineffective. For victims, for defendants, and for the public's confidence in the rule of law, that reality compels rigorous, transparent review rather than perfunctory dismissal.

I do not claim any glory in this role. I present it only to place the Court on notice of why the matters raised in ECF No. 733 — and the remedies I request — are not peripheral or speculative: they are the product of an extraordinary factual record compiled by a private victim precisely because responsible counsel and public officers did not do so. The import of that record, and the remedy appropriate to it, are questions this Court must confront on their merits.

As an immigrant born in mainland China and later naturalized as a United States citizen, I am profoundly grateful for the opportunity to participate in this case, made possible by the robust foundation of the American legal system and the continuous efforts of our nation's founders to refine and perfect judicial processes. My actions in this matter are driven by a deep belief in the principles of judicial independence and fairness, which I seek to uphold in honor of their legacy. I express my gratitude to the United States for embracing me as a citizen, and I remain steadfast in my faith in the American judicial system. My efforts in this case are a commitment to advancing the pursuit of justice and equity, as envisioned by those who established this nation's legal framework.

When future generations examine this chapter of history, some will be remembered as heroes and others as jesters. At the very least, I have refused to be the latter.

## Statements:

Before seeking relief, I wish to make the following declarations:

- I hold no prejudice against the Chinese government and maintain a neutral stance.

- I hold no prejudice against the defendant's political inclinations and maintain a neutral stance.
- I fully support Judge Torres' characterization of this case as an economic matter, devoid of political elements.
- As a victim, although I have exposed the systemic fraud upon the court and collaborative misconduct by the prosecution and trustee Luc, I remain in opposition to the defendant, whose actions have undeniably caused profound harm to my investments.
- **Although I, as a victim, have exposed the collaborative misconduct and fraud upon the court by the prosecution and Luc, I believe they are not the primary parties responsible. If the three successive defense counsel teams had not all turned a blind eye to the prosecution's violations, the current absurd situation would not have arisen. Therefore, I assert that defense counsel should take proactive responsibility for addressing the systemic procedural breakdown.**

## Accordingly, I respectfully request that the Court:

- Recognize the systemic breakdown of adversarial safeguards in this case, as documented in ECF No. 733 and subsequent filings, where prosecutorial misconduct and fraud upon the Court were exposed not by defense counsel, **but by the victim myself.**
- **Because victims in this case have been subjected to systemic suppression — by the defendant and by the prosecution and Trustee through concealment of evidence, by Defendant's successive counsel through repeated failure to act, and most recently by the Court's Clerk's Office through suppression of victim filings — I, as a victim, am left with no meaningful procedural remedy. It is only under these extraordinary circumstances that I am compelled to request that Defendant's counsel be directed to state, within fourteen (14) days, whether they intend to move for a new trial under Rule 33 and to raise Prosecutorial Misconduct with Prejudice, or to explain why they decline to do so.**
- Affirm that victims must not be silenced or suppressed, and that filings exposing fraud upon the Court should be docketed and adjudicated rather than ignored, in compliance with 18 U.S.C. § 3771, also no suppressing in future filings.

- Upload the public version of this motion and the attached Chinese version to the public while maintaining the signed version under seal on the Clerk's docket for the Court's full consideration.
- That the Clerk of Court cease mailing any court orders, notices, or correspondence to victim-petitioners with known addresses in mainland China, unless such victim-petitioners have expressly and affirmatively requested delivery to those addresses in writing, so as to avoid creating foreseeable risks of political retaliation, personal harm, or other irreparable injury.
- Grant such further relief as the Court deems just and proper.

**Due to the Court's ongoing suppression of victim filings, I am left with no choice but to notify all relevant stakeholders to ensure transparency and protect victims' statutory rights. These stakeholders include, but are not limited to:**

- **Defendant's current and former counsel, who bear primary responsibility for addressing Prosecutorial Misconduct with Prejudice and Rule 33 issues;**
- The United States Attorney's Office for the Southern District of New York, including supervisory prosecutors overseeing this matter;
- Judicial Conduct and Disability Committee of the Second Circuit, which has supervisory responsibility regarding the fair administration of justice;
- Victim Rights Committees and the Court-appointed Victim Coordinator, as suppression of filings directly violates 18 U.S.C. § 3771;
- Other victims and third-party petitioners under 21 U.S.C. § 853, whose rights are equally jeopardized by procedural suppression;
- Relevant congressional oversight committees, should judicial and prosecutorial misconduct rise to the level of systemic failure.

**Reservation of Rights**

I expressly reserve my rights under 18 U.S.C. § 3771, including the right to seek mandamus review before the Second Circuit if this motion is ignored or denied without adjudication, as well as any additional remedies available under law.

**Declaration of Good Faith:** I submit this motion in good faith and not for any improper purpose. The factual assertions and exhibits referenced herein are

supported by documentary evidence or will likely be supported after reasonable
investigation.

Respectfully submitted.
Ryan Bai.
+1(510)371-5615
3200 Zanker Rd San Jose CA95134

Ranyue Bai (Sep 28, 2025 00:10:44 PDT)

Emergency Motion: Court Must Stop Suppressing CRVA Rights and Grave
Collapse of Proceedings in Light of Unaddressed Prosecutorial Fraud — /
Failures, Victim Forced to Seek Rule 33 and Prosecution Misconduct with

**R**  **Ryan Prose** <proseryan0@gmail.com>
to prose ▾

| | |
|---|---|
| from: | **Ryan Prose** <proseryan0@gmail.com> |
| to: | prose@nysd.uscourts.gov |
| date: | Sep 28, 2025, 12:16 AM |
| subject: | Emergency Motion: Court Must Stop Suppressing CRVA Rights and Grave Misstep and Docket Victim Motions and Prevent Collapse of Proceedings in Light of Unaddressed Prosecutorial Fraud — After Three Successive Defendants Counsel Failures, Victim Forced to Seek Rule 33 and Prosecution Misconduct with Prejudice Relief (RE: ECF 733, 739, 742,744) |
| mailed-by: | gmail.com |

# UNI

SOUTH

UNITED
Plaintiff

v.

HO WA

Defendants.

Case No. 1:23-cr-00118-AT

**Emergency Motion: Court Must Stop Suppressing CRVA Rights and Grave**
**Proceedings in Light of Unaddressed Prosecutorial Fraud — After Three Su**
**Rule 33 and Prosecution Misconduct with Prejudice Relief (RE: ECF 733, 7:**

**The Honorable Analisa Torres**

# Certificate of Service

**In re: Ryan Bai (aka. Ranyue Bai), Petitioner**
**United States Court of Appeals for the Second Circuit**

**Case: United States v. Kwok, et al. 1:23-CR-118-1 (AT)**

I, Ryan Bai (a.k.a. Ranyue Bai), certify that on October 22, 2025, true and correct copies of the Petition for Writ of Mandamus, along with Exhibits A–B, were served on the following parties via USPS Priority Mail by Ryan Bai, acting solely as sender on my behalf and not in any legal capacity:

1. The Honorable Analisa Torres, United States District Judge United States District Court for the Southern District of New York 500 Pearl Street, New York, NY 10007-1312
2. Ryan B. Finkel, Assistant United States Attorney United States Attorney's Office, Southern District of New York One St. Andrew's Plaza, New York, NY 10007

Executed on October 22, 2025.

Ranyue Bai (Oct 13, 2025 12:55:44 PDT)

Ryan Bai (a.k.a. Ranyue Bai)

PRESS FIRMLY T...

...LY TO SEAL

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED



**UNITED STATES POSTAL SERVICE.**   *Retail*

**P**

US POSTAGE PAID
**$11.90**
Origin: 95112
10/22/25
0570210003-17

**PRIORITY MAIL®**

0 Lb 3.60 Oz

**RDC 03**

EXPECTED DELIVERY DAY: 10/25/25

C099

SHIP TO:
40 FOLEY SQ
NEW YORK NY 10007-1502

**USPS TRACKING® #**

9505 5104 0042 5295 3779 59

...TY®

destinations.

...erage.

...ckage Pickup,
...code.

...ICKUP

- Expected delivery
- Domestic shipmen
- USPS Tracking® s
- Limited internation
- When used interna

*Insurance does not cove
Domestic Mail Manual at
** See International Mail M

**FLAT RAT**
ONE RATE ■ ANY

**TRACKED**

**FROM:**
Ryan Bai (aka. Ranyue Bai)
3200 Zanker Rd
Unit 2403, San Jose,
CA 95134

**TO:**
Clerk of court
United States Court of Appeals
for the Second circuit
Thurgood Marshall U.S. court
40 Foley Square
New York, NY 10007

PS00001000014

EP14F October 2023
OD: 12 1/2 x 9 1/2






PAPER POUCH
how2recycle.info