# DOAR RIECK KALEY & MACK
ATTORNEYS AT LAW

JOHN DOAR (1921-2014)  
WALTER MACK

OF COUNSEL  
JOHN JACOB RIECK, JR.  
JOHN F. KALEY  
e-mail: firm@doarlaw.com

ASTOR BUILDING  
7TH FLOOR  
217 BROADWAY  
NEW YORK, N.Y. 10007-2911  
TELEPHONE: (212) 619·3730  
website: www.doarlaw.com

December 3, 2025

**By ECF Filing**  
Hon Analisa Torres  
United States District Court  
500 Pearl Street  
New York, New York 10007

                Re:    *United States v. Ho Wan Kwok (Miles Guo)*  
                       Docket No. S3 23 Cr. 118 (AT)

Dear Judge Torres:

      We were appointed to represent Miles Guo in the above-referenced matter. We write now to request most respectfully that the sentencing of Mr. Guo, presently scheduled for January 20, 2026, be adjourned approximately 3 months. The Government, per Assistant United States Attorney Ryan Finkel, opposes this request and intends to submit written opposition.

      There are multiple reasons for this request. First, the defense underestimated the amount of time needed to review the 6,000-page trial transcript, the thousands of pages of exhibits and the hours of video recordings admitted into evidence, the very substantial 3500 material which has been provided to counsel, along with the staggering volume of discovery produced in this case, the many legal and factual issues related to the lengthy presentencing report prepared by Probation, and the many issues presented in the *in limine* motions filed by the parties. Regarding the discovery produced, it amounts not to the approximately eight terabytes which we initially had thought existed and which itself is an enormous amount of material, but which we now realize consists of sixty-four terabytes of data, which we have received. In order to provide Mr. Guo with effective representation, we are compelled at least to have some familiarity with these materials. Finally, we believe that there are classified materials and other information which we have not received and which may not have been relevant and admissible at trial, but which most certainly are appropriate to present to the Court at sentencing.[1]

---

[1] In addition, as the Court is aware, there is a pending *ex parte* application by the defense for issuance of a Rule 17(c) subpoena for information relevant to Mr. Guo's sentencing.

Hon. Analisa Torres                                    2                                    December 3, 2025

      Second, the sentencing issues themselves are complex. Among other issues, the loss amount in this case is not at all straightforward, there is considerable dispute as to the facts set forth in the presentence investigation report, the imposition of any forfeiture money judgment against Mr. Guo is subject to challenge, and, as suggested above, accessing and processing information necessary to fully digest and appreciate Mr. Guo's personal background and the substantial mitigating aspects of it have proven particularly challenging in this case.

      Third, in preparing what I expect will be a lengthy sentencing submission, there will be a need to translate the submission (and any exhibits appended thereto) into Mandarin so Mr. Guo can thoroughly review the submission before filing. That will, in our experience with respect to prior translations in this case, require significant time, as well as reviewing the submission with our client at the MDC. Throughout our representation, Mr. Guo has participated actively in reviewing our submissions on his behalf, and the sentencing submission will be most important and will add several weeks to the sentencing submission process.

      Finally, as the Court is aware, payment of CJA vouchers was suspended as CJA funds were exhausted in mid-July. That was followed by the Government shutdown which further delayed the processing and payment of CJA vouchers. Unfortunately, this constrained defense counsel's ability to spend as much time on this case as was and is necessary to effectively represent Mr. Guo, as defense counsel of necessity to some degree had to limit and apportion the time spent working on this case with time spent on matters that produced some income.  Payment of old vouchers began within the last two weeks. We regret that this situation, wholly beyond counsels' control, occurred, but it did.

      For these reasons we request that the Court adjourn Mr. Guo's sentencing for approximately three months.

      Respectfully submitted,

/s/
John F. Kaley, Esq.
Joshua Dratel, Esq.
Melinda Sarafa, Esq.

cc: All counsel via ECF filing