UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff,*<br><br>    v.<br><br>HO WAN KWOK,<br>a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal,"<br><br>KIN MING JE, a/k/a "William Je," and<br><br>YANPING WANG, a/k/a "Yvette,".<br><br>    *Defendants*. | Case No. 1:23-cr-00118-AT<br><br>**VERIFIED PETITION OF ZENG WEICHENG FOR A HEARING TO ADJUDICATE THE VALIDITY OF PETITIONER'S INTEREST IN CERTAIN PROPERTY LISTED IN PRELIMINARY ORDER OF FORFEITURE**<br><br>**[FED. R. CRIM. P. 32.2; 21 U.S.C. § 853(n)]** |

    Comes now non-defendant Petitioner ZENG WEI CHENG ("Petitioner"), by and through his counsel, Louis A. Pellegrino, to petition this Court pursuant to Federal Rule of Criminal Procedure 32.2 ("Rule 32.2") and Title 21, United States Code, Section 853(n) ("§ 853(n)") for a hearing to adjudicate the validity of Petitioner's interest in certain property, described more specifically below, and an Order amending this Court's Preliminary Order of Forfeiture entered August 11, 2025, against defendant Ho Wan Kwok, *aka* Miles Guo ("Guo") (the "Guo POF"), to award the referenced property to Petitioner and not forfeit it to the United States.

    As explained below, Petitioner is the rightful owner of the property within the meaning of § 853(n) because Petitioner was defrauded of funds by Defendant and persons and entities acting

at Defendant's direction or under his control (collectively, the "Defendant"). Petitioner has a right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in part because the right, title, or interest was vested in Petitioner rather than the Defendant or was superior to any right, title, or interest of the Defendant at the time of the commission of the acts which gave rise to the forfeiture of the property.

Petitioner states as follows:

1. Petitioner is a citizen of China and, at all relevant times, was and is a resident of Vietnam.

2. By this Petition, Petitioner seeks to recover a total of USD $487,530.70 (the "Subject Funds") which were wire transferred by Petitioner between on or about November 8, 2021, and September 28, 2022, to one or more bank accounts held in the name or for the benefit of Himalaya International Clearing Ltd., which was a material component of the fraud scheme of which Defendant was convicted in the instant action.

3. Petitioner is informed and believes that the Subject Funds are among the funds identified in the Guo POF as CATS No. 23-FBI-000289 ($10,008,284.04 in United States currency formerly on deposit in account number MBI10133-0000 at Mercantile Bank International held in the name of "Himalaya International Clearing Ltd.," seized by the Government between on or about October 10, 2022, and on or about March 10, 2023) and/or CATS No. 23-FBI-000051 ($14,599,257.25 in United States currency formerly on deposit in account number 7801000254 at FV Bank held in the name of "Himalaya International Clearing, Ltd.," seized by the Government on or about September 20, 2022), or that the Subject Funds are traceable to one or more other assets listed in the Guo POF.

4. This Petition is filed in response to the government's online publication of notice, and is timely.

5. Petitioner is an individual investor-victim and the owner of the Subject Funds.

6. Petitioner was induced to invest the Subject Funds in the Defendant's Himalaya Exchange fraud scheme through publicly-available solicitations and advertisements on the Internet and elsewhere that falsely represented the legitimacy of two digital currency tokens: the "Himalaya Dollar" (HDO) and the "Himalaya Coin" (HCN). HIC and Himalaya Exchange further falsely represented that the HDO and HCN were backed by the US Dollar and cash-equivalent assets, and that the Himalaya Exchange allowed users to buy, sell and trade cryptocurrencies. In fact, the entire system relied on an internal database and HDO and HCN could be traded only on the closed-system Himalaya Exchange. The false representations described above were material, and Petitioner detrimentally relied upon said representations in making the investments described herein, causing him to suffer the loss of the Subject Funds. Had Petitioner known that the representations were false, he would not have transferred the Subject Funds.

7. In detrimental reliance on the false representations stated above, and others, including numerous false representations about the legitimacy of the investment that continued throughout the relevant period, including after the seizure of the Subject Funds by the United States Government, Petitioner wired the Subject Funds to Himalaya International Clearing, Ltd. (HIC), which controlled the Himalaya Exchange, according to wire instructions provided to Petitioner through Internet postings and advertisements soliciting investments in Himalaya Exchange. Petitioner's wire transfers were acknowledged by HIC on HIC's website. Petitioner

is informed and believes that HIC was one of several companies that was used by Defendant for clearing and holding reserves for Himalaya Exchange.

8. Specifically, Petitioner sought to invest in the HDO stablecoin by sending approximately 8 wire transfers to HIC, totaling $425,530.70, inclusive of fees, from Petitioner's accounts at two Vietnamese banks (Vietcombank and VietinBank) to Metropolitan Commercial Bank in New York for the benefit of HIC, located in the British Virgin Islands. Petitioner also wire transferred $62,000.00 to an account, held at Royal Business Bank, in the name of Prime Trust LLC in Las Vegas, Nevada, as part of the scheme and in detrimental reliance on the false representations stated above. As noted above, the total amount of the Subject Funds wired by Plaintiff for the benefit of HIC was $487,530.70.

9. The facts set out above demonstrate that Petitioner is both the owner of the Subject Funds and a victim of the underlying offenses of conviction within the meaning of § 853(n)(6)(A) in that at the time of Petitioner's investment of the Subject Funds, Petitioner had a right, title, or interest in the Subject Funds which renders the order of forfeiture invalid as to the amount of the Subject Funds because Petitioner's right, title, or interest was vested in Petitioner rather than the Defendant or was superior to any right, title, or interest of the Defendant at the time of the commission of the acts which gave rise to the forfeiture.

10. Petitioner continues to hold title to the Subject Funds pursuant to United States law. Moreover, Petitioner is a victim of the underlying offenses because he holds a present, legally cognizable, valid and good faith interest in the Subject Funds and incurred a pecuniary loss as a direct result of the commission of the offenses underlying the forfeiture order.

WHEREFORE, Petitioner respectfully requests and petitions this Court:

a. to amend the August 11, 2025, Guo POF to exclude the Subject Funds, to which Petitioner has a superior interest as an innocent owner;

b. for a hearing pursuant to 21 U.S.C. § 853(n) on any disputed matters; and

c. for such other and further relief as the Court deems just and proper.

Date: December 12, 2025

Respectfully submitted,

DENTONS US LLP

s/Louis A. Pellegrino
SDNY Bar # 3060944
1221 Avenue of the Americas
New York, New York 10020-1089
Email: louis.pellegrino@dentons.com
Phone: (212) 768-6700
Fax: (212) 768-6800

## VERIFICATION

I, Zeng Weicheng, am the Petitioner herein, and make this declaration in support of the above Petition. I declare under penalty of perjury under the laws of the United States that I have read the Petition and believe the facts stated therein to be true, either because I have personal knowledge of said facts, or am informed and believe that they are accurate.

Executed this 12th day of December, 2025, at Ha Noi City, Vietnam.

*s/ Zeng Weicheng*

_____

Zeng Weicheng