

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 17, 2025

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

      Re:    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

      The Government writes in further opposition to the defendant's *fifth* request to adjourn sentencing, to briefly respond to the defendant's December 17, 2025 letter. Dkt. 776.

      *First*, the defendant's reply states that his defense team requires additional time to evaluate discovery, understand the "complexity" of sentencing issues, and translate materials; and also cites the temporary suspension of CJA payments. Dkt. 776, at 1. The Court should reject such *ipse dixit*. Notably, the defendant's four-page reply letter does not explain with specificity why the defendant's current counsel should be afforded more time to prepare for sentencing than the prior counsel team needed to prepare for trial. Nor does the reply refute that, by appealing to the Court for a Rule 17(c) subpoena, the defense team necessarily would have needed to first review the discovery materials to confirm that whatever materials it is seeking are not already in their possession. *See United States v. Avenatti*, No. (S1) 19 CR. 373 (PGG, 2020 WL 86768, at *4 (S.D.N.Y. Jan. 6, 2020) (*quoting United States v. Nixon*, 418 U.S. 683, 699-700 (1974)) ("a party seeking a Rule 17(c) subpoena 'must show . . . [requested materials] are not otherwise procurable reasonably in advance of trial by exercise of due diligence'"). Nor does the defense team deny the defendant's apparent English language abilities, or the accessibility of translation software and translators. Thus, there is no basis for the extraordinary *further* delay the defendant now seeks (for the fifth time), and the reply letter does not seriously contend otherwise.

      *Second*, the reply argues that the forfeiture process can continue despite the defendant's delay. On this point, the defendant appears to want it both ways. On the one hand, the defendant states that he has taken "no position" on the forfeiture of specific property (which could be a carefully crafted way to leave open a future challenge). On the other hand, the defendant recently asserted *in his fifth adjournment request* that he wants to contest his forfeiture money judgement. Dkt. 768, at 2 (the defendant claiming that "the imposition of any forfeiture money judgment against Mr. Guo is subject to challenge"). Thus, despite claiming forfeiture is settled, the defendant appears to want to contest the preliminary order of forfeiture—leaving the contours of any final order of forfeiture in limbo until his sentencing. For these reasons too, further delay is not

appropriate. *See also* Dkt. 767 (Second Circuit noting need to "expeditiously" address "the large number of submissions" in this case).

*Third,* the defendant's reply characterizes the Government's observations about the defendant's delay campaign as "without merit" (Dkt. 776, at 1), yet fails to engage with the inarguable facts that demonstrate that the defendant has used every opportunity to hinder this case. For example, the defendant does not dispute the history of his actions since sentencing, which include the last-minute decision to cut off communication with his (second) counsel team, terminating trial counsel, deploying new appointed counsel (the third team of counsel) to trying to take legal action in his bankruptcy case (rather than, perhaps, reviewing criminal discovery and preparing for sentencing), seeking two more sentencing adjournments, and re-litigating this Court's CIPA decision. The reply does not dispute that the defendant is using the "absence of timely justice" as a weapon to further mislead the defendant's victims. Dkt. 511, at 1, 2 (victim statement explaining how sentencing delay is being used by Guo and his followers to mislead victims). Nor does the reply deny that the defendant has hindered and delayed other cases when it advantaged him to do so. Collectively, these undisputed facts make plain that the defendant wants to delay these proceedings to, among other things, inflict further harm on his victims. Thus, even accepting the defendant's argument regarding timing of forfeiture—which the Court should not— the delay in the forfeiture remission process is not the only harm to victims caused by the defendant's ongoing sentencing delays. The Court should not allow those harms to continue.

*Fourth*, the defense team, which has been appointed to this case for more than eight months, continues to claim that they have had difficulties getting up to speed on the facts relevant to sentencing this case. Even if that is true, as the Government pointed out in its opposition letter, the Court allocuted the defendant on this issue, and the defendant made the strategic decision to change counsel. Dkt. 700, Ex. 1 at 12-13 ("Mr. Guo, what I want you to understand is that you will be at a significant disadvantage by hiring an attorney or being appointed an attorney . . . who is not familiar with what was a complicated case."). The Government doubts that more than eight months would be insufficient for the experienced defense team to ably represent the defendant; even if somewhat less efficient to have counsel that did not live through the trial in this case, the defendant knowingly and voluntarily made the choice to change counsel aware of potential drawbacks. He cannot now cite that decision as a justification for an additional three-month adjournment. And certainly, contrary to the defendant's assertion in his reply, the Court should not ignore the decisions the defendant made to delay this case "prior to appointment of the [current counsel team]." Dkt. 776, at 2.[1]

*Finally*, despite complaints about delays in CJA payments and other logistical issues, the defense team of three experienced attorneys have had no trouble whatsoever drafting multiple adjournment requests and replies, an *ex parte* motion for a Rule 17(c) subpoena, and an apparently-forthcoming motion to relitigate CIPA issues. Simply put, this defense team has already had

---

[1] As the defendant noted, the Government and the defense discussed the Government not objecting to a request for a 30-day adjournment (and later 45 days) but only if the defendant agreed *not to seek any subsequent sentencing adjournments*. Tellingly, the defendant declined that offer. Indeed, even in his reply, the defendant is still *not* claiming that he will *not* seek a *sixth* adjournment, if he is granted a *fifth*. He should be afforded neither.

sufficient opportunity to, and is more than able to, prepare a sentencing submission and engage in oral advocacy at a sentencing hearing. Particularly given the defendant's campaign of delay, his requested additional three-month delay remains, in the words of a victim, "utterly disgraceful." It should be denied.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515.

by: ___/s/_____
Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / 6612 / 2276 / 2314

cc: Counsel of Record (by ECF)