# DOAR RIECK KALEY & MACK

### ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

   OF COUNSEL
JOHN JACOB RIECK, JR.
JOHN F. KALEY
e-mail: firm@doarlaw.com

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911
TELEPHONE: (212) 619-3730
website: wwwdoarlaw.com

December 18, 2025

**By ECF Filing**
Hon Analisa Torres
United States District Court
500 Pearl Street
New York, New York 10007

          Re:    *United States v. Ho Wan Kwok (Miles Guo)*
                  <u>Docket No. S3 23 Cr. 118 (AT)</u>

Dear Judge Torres:

We write in brief reply to the Government's letter filed last evening reiterating its opposition to Defendant's request for an adjournment of sentencing. These last-minute arguments have even less merit than the meritless arguments raised in the Government's initial opposition letter. In the interest of brevity, we address the Government's arguments in *seriatim* fashion.

1. The Government argues that current counsel has not explained why we need additional time to prepare for sentencing and argues that we seek more time than prior counsel needed to prepare for trial. We have addressed this, including the difference in issues presented at this stage of the case, and will not burden the Court with further reiteration of the arguments.

2. The Government hypothesizes that counsel would have had to sufficiently review all discovery material to confirm that the items sought in Defendant's Rule 17(c) application are not contained in discovery. That argument too lacks merit. As the Government knows, defense counsel have not had sufficient time to review the entire 64 terabytes of discovery. More importantly, the information sought in the Rule 17(c) subpoena is not at all likely to be in the Government's discovery, as would be obvious to the Government if it knew the material being sought. Finally, Defendant explained in the subpoena request the due diligence undertaken to obtain the items sought.

3. Regarding Mr. Guo's English language skills, suffice it to say that Mr. Guo's ability to communicate and understand legal concepts in English is quite limited. Counsel has had only a single brief meeting with Mr. Guo without the presence of a Mandarin speaking person.

Hon. Analisa Torres                               2                          December 18, 2025

4. The Government's repetitive reference to counsel's "fifth" adjournment request continues a false narrative. The current application is only the second such request by current counsel and nothing the Government states can change that fact.

5. The Government continues to falsely assert that "the defendant wants to delay these proceedings to, among other things, inflict further harm on his victims." ECF No. 779 at 2. Notably, the Government does not dispute that the Government could have started the forfeiture process immediately following entry of the preliminary order of forfeiture on August 11, 2025. For whatever reason, the Government has chosen not to, but that is a choice the Government has made and not something Defendant has done to impede the process. Moreover, there is nothing inconsistent in Defendant taking no position as to his personal interest in the seized property while maintaining his right to contest the amount of any forfeiture money judgment to be entered against him personally.

6. The Government's complaint that we as counsel have taken time to file two adjournment requests, an application for a Rule 17(c) subpoena, and a motion to preserve the value of certain property in the possession of the Bankruptcy Trustee misapprehends defense counsel's obligations, which involve more than proceeding with sentencing in conformity with the Government's interests and expectations. One would think that at least as to preservation of asset value the interests of Defendant and the Government would be aligned. Nonetheless, the Government argues that we should have spent that time reviewing discovery. As experienced defense counsel, as the Government acknowledges we are (when it fits its argument), we are able to walk and chew gum at the same time. That being the case, the Government's suggestion that our request for an adjournment is solely for purposes of delay is itself a contradiction. On the one hand, the Government maintains that we are experienced counsel, and on the other it contends that our request is not a *bona fide* request for more time because we need it to provide constitutionally effective representation.

7. Our need for a CIPA motion is evident. The Government knows the information we seek because we requested it in an August 1, 2025, letter to the Government. While that information may not have been relevant and admissible at trial, it certainly is relevant and admissible at sentencing as information regarding the history and characteristics of a defendant always is relevant to sentencing.

8. Finally, and contrary to the Government's claim, we are not ready for sentencing. If we were, as experienced defense counsel and as officers of the Court, we would not have asked for an adjournment.

Respectfully submitted,

/s/ John F. Kaley
John F. Kaley, Esq.
Joshua Dratel, Esq.
Melinda Sarafa, Esq.

cc: all counsel via ECF filing