LAW OFFICES OF

# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006

—

TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                    SAMANTHA ENGST-MANSILLA
                                                                                       *Paralegal*
—

AMY E. GREER
JACOB C. EISENMANN

January 5, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re:    *United States v. Ho Wan Kwok (Miles Guo)*,
_____23 Cr. 118 (AT)_____

Dear Judge Torres:

        This letter motion is submitted on behalf of Defendant Ho Wan Kwok (Miles Guo) –
whom John Kaley, Esq., Melinda Sarafa, Esq., and I have been appointed to represent in the
above-entitled matter – in connection with his motion for review of classified materials provided
to the Court by the government in 2023 pursuant to Section 4 of the Classified Information
Procedures Act ("CIPA"), 18 U.S.C. App. 3 (2000) ("Section 4 material"), and Rule 16(d),
Fed.R.Crim.P.  *See* ECF #s 210 & 252.

        While the Court issued a ruling (and disclosure of certain materials) in a May 29, 2024,
Order (ECF # 363), that decision was rendered in the context of relevance to and admissibility at
*trial*.  Mr. Guo's instant motion seeks material and information in relation to *sentencing*, which
has a far broader conception of relevance, and to which the Federal Rule of Evidence do not
apply.

        In addition, as discussed below, the due process principles of *Brady v. Maryland*, 373
U.S. 83 (1963), apply fully at sentencing.  *See also* Rule 5(f), Fed.R.Crim.P. (*see* ECF # 9).
Also, as discussed below, classified information and material is discoverable under CIPA under
an even more relaxed standard than under *Brady*.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 5, 2026
Page 2 of 6

As a result, it is respectfully submitted that the Court should review the CIPA Section 4 material and compel disclosure to cleared defense counsel those items material or helpful to Mr. Guo in the sentencing context. Also, as discussed below, consistent with traditional practice, counsel respectfully request an opportunity to present to the Court *ex parte* a roadmap of what materials and information counsel has a good-faith belief exists within the CIPA Section 4 material.

### A.    The Applicability of **Brady v. Maryland**, *373 U.S. 83 (1963) to Sentencing*

The due process principle that requires the government to provide exculpatory material to a defendant, manifested in *Brady v. Maryland*, 373 U.S. 83 (1963), applies with equal force at sentencing. Indeed, *Brady* itself was a *sentencing* case, *id*. at 84, 88, and the rule stated by the Court was that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt *or to punishment*, irrespective of the good faith or bad faith of the prosecution." *Id*. at 87 (emphasis added).

Moreover, in the context of CIPA, information need not be "material" to the defense for disclosure to be required. Rather, the question is whether the information is "helpful or material" to the defense; in order "to be helpful or material to the defense, evidence need not rise to the level that would trigger the Government's obligation under *Brady v. Maryland*, to disclose exculpatory information." *United States v. Aref*, 533 F.3d 72, 80 (2d Cir. 2008).

Rather, "[i]nformation can be helpful without being 'favorable' in the *Brady* sense." *Id*. (citations and internal quotation marks omitted). That is also broader than the Rule 16, Fed.R.Crim.P., standards that govern pretrial discovery production. Thus, when information may be helpful or material to the defense, the classified material or information must be provided, although the Court may permit the government to make appropriate deletions or substitutions. 18 U.S.C. App. 3 §4.

### B.    The Broader Relevance Applicable at Sentencing Rather Than Trial

The concept of relevance for purposes of sentencing is exceedingly broad. In fact, the statutory standard, defined in 18 U.S.C. §3661, reflects the broad discretion afforded district courts to determine a sentence: "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." *See also United States v. Murillo*, 902 F.2d 1169, 1172 (5th Cir. 1990); *United States v. Jones*, 531 F.3d 163, 172 n. 6 (2d Cir. 2008).

In fact, in *Pepper v. United States*, 562 U.S. 476 (2011), the Court cited §3661 as an

LAW OFFICES OF

**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 5, 2026
Page 3 of 6

important means of achieving just sentences:  "[p]ermitting sentencing courts to consider the widest possible breadth of information about a defendant 'ensures that the punishment will suit not merely the offense but the individual defendant.'" *Id*. at 488, *quoting Wasman v. United States,* 468 U.S. 559, 564 (1984).

Nor do the Federal Rules of Evidence apply at sentencing.  *United States v. Fatico*, 458 603 F.2d 1053 (2d Cir. 1979).  Instead, due process protections apply to ensure that a defendant is not sentenced on the basis of inaccurate or unreliable information proffered by the government.  *Id*.

Consequently, a review of the Section 4 materials for purposes of determining relevance and admissibility at sentencing is a vastly different exercise than with respect to trial.

**C.      *Determining Whether the Section 4 Material Is Discoverable for Sentencing***

CIPA was not intended to, and does not, change the government's discovery obligations under *Brady* or the Federal Rules of Criminal Procedure. *See, e.g., United States v. Libby*, 429 F. Supp. 2d 1, 7 (D.D.C. 2006) ("[CIPA] creates no new rights or limits on discovery of a specific area of classified information . . . [,] it contemplates an application of the general law of discovery in criminal cases to the classified information based on the sensitive nature of the classified information"), *quoting United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989).

Rather, the purpose of CIPA is to protect sensitive national security information, not to impede a defendant's rights in a criminal proceeding.  *See United States v. Stewart*, 590 F.3d 93, 130 (2d Cir. 2009);  *Aref*, 533 F.3d at 80 (government's privilege under CIPA "must give way" when classified information is helpful or material to the defense).  *See also United States v. Dumeisi*, 424 F.3d 566, 578 (7th Cir. 2005) (citation omitted).

In fact, in enacting CIPA, Congress warned that "the defendant should not stand in a worse position, because of the fact that classified information is involved, than he would without the Act." S. Rep. No. 96-823, at 9 (1980).  *See also, e.g., United States v. Poindexter*, 698 F. Supp. 316, 320 (D.D.C. 1988).

Here, counsel believe unequivocally that there exist within the heretofore undisclosed Section 4 materials information and materials that are helpful to Mr. Guo regarding sentencing.

**D.      *The Section 4 Materials at Issue and the Court's Prior Ruling*s**

The government's two CIPA Section 4 submissions are referenced in its December 22, 2023, and March 22, 2024, letters to the Court (ECF #s 210 & 252, respectively).  In his

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 5, 2026
Page 4 of 6

November 17, 2023, motion for discovery (ECF #s 170 & 172), and referenced in the Court's February 21, 2024, Order (ECF # 243), Mr. Guo requested certain information and materials to which the Court denied access at that time, as well as the information that was the subject of the litigation culminating in the Court's May 29, 2024, Order (ECF # 363).

The specific items denied were Requests 5 and 19, and Request 6 in part.  In addition, Mr. Guo renews his request, in the sentencing context, for an unredacted recording of the August 26, 2018, meeting, and for identification of other U.S. government agencies in possession of the aforementioned information.

Mr. Guo renews those denied requests in the broader context of sentencing.  Mr. Guo also requests that his security-cleared counsel be afforded access to the classified information and materials the government submitted to the Court pursuant to CIPA Section 4 for purposes of preparing any application pursuant to CIPA Section 5 to use such information and materials with respect to sentencing.

**E.**      ***Defense Counsel Should Be Permitted to Make an* Ex Parte *Presentation to the Court Regarding How Classified Material May Be Helpful and Material at Sentencing***

Further, it is respectfully submitted that the Court should provide defense  counsel an opportunity at an *in camera ex parte* conference consistent with the practice in other courts in the CIPA Section 4, context, to present to the Court *ex parte* information that will significantly assist the Court in evaluating the government's CIPA Section 4 submission, and whether it includes discoverable material or material that is helpful to the defense for sentencing.

Such a conference, which has been typical for CIPA Section 4 motions, permits defense counsel to explain why categories of potentially classified evidence may be relevant, material, and/or helpful to the defense for sentencing in this case, to answer questions from the Court in a contemporaneous fashion, and to permit dialogue to explore and clarify issues.  It would also enable counsel to share with the Court potentially privileged information regarding the existence and/or relevance of certain material and information, for which counsel has a good-faith belief exists, without effecting a waiver.

In addition, this case is considerably more complicated than an ordinary case both factually and legally, and counsel's perspective on the favorable character of classified evidence, and what to look for, would make the Court's review more productive and comprehensive.

Such *ex parte* presentations by defense counsel have been conducted in numerous other cases involving CIPA Section 4 review (of which counsel is specifically aware; there are likely more).  *See, e.g., United States v. Hossain*, 19 Cr. 606 (SHS) (S.D.N.Y. September 15, 2021)

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 5, 2026
Page 5 of 6

(ECF # 138), at 2; *United States v. Schulte*, 17 Cr, 548 (JFM) (S.D.N.Y. July 22, 2019) (ECF # 124), at 2; *United States v. Hausa*, 12 Cr. 134 (BMC) (E.D.N.Y. March 26, 2016) (ECF # 90) at 2; *United States v. Mostafa*, 04 Cr. 356 (KBF) (S.D.N.Y. January 17, 2014) (ECF #233), at 6-7; *United States v. Sulaiman Abu Ghayth*, 98 Cr. 1023 (LAK) (S.D.N.Y. August 19, 2013) (ECF # 1285) (ordering, in the context of a CIPA Section 4 submission by the government, that "to permit the Court to be better informed to make the judgments called for by the government's CIPA motion . . . the Court will meet . . . *ex parte* with the defense to be better informed of the defenses they plan to present" in addition to meeting with the government as to the same); *United States v. Khaled Al Fawwaz & Adel Abdel Bary*, 98 Cr. 1023 (LAK) (S.D.N.Y. August 19, 2013) (ECF # 1284 (same); *United States v. Babar Ahmad*, 04 Cr. 301 (JCH) (D. Conn. April 15, 2013) (ECF # 72 (calendering an *ex parte* hearing regarding the government's CIPA Section 4 filing, at which the Court would also "hear an *ex parte* presentation from the defense, as per their request, to assist the court in making its Section 4 determination"). *See also Libby*, 429 F.Supp.2d at 26 (allowing the defendant to submit an *ex parte* affidavit detailing the defense); *United States v. Moalin*, 10 Cr. 4246 (JTM) (S.D.Cal. February 23, 2012) (ECF # 127) at 1 (same).[1]

## Conclusion

Accordingly, for all the reasons set forth above, it is respectfully requested that the Court (1) conduct a review of the information and materials previously provided by the government pursuant to CIPA Section 4 and determine which of that information and materials are relevant to sentencing, and order their disclosure to the defense (either in classified form to security-cleared

---

[1] In addition to serving as defense counsel in *Hausa*, *Mostafa*, *Babar*, and *Moalin*, I also participated in this process in the Northern District of Texas, in *United States v. Mohammad El-Mezain*, 04 Cr. 240-G (AJF), in which (sometime in 2005) the Court, without issuing a written Order on the docket, conducted an *ex parte* conference in chambers with defense counsel to ascertain what the Court ought be looking for when conducting its review of the CIPA §4 materials provided by the government.

LAW OFFICES OF

**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 5, 2026
Page 6 of 6

counsel, or, if declassified, to all counsel);  and (2)  permit defense counsel the opportunity, an *in camera ex parte* conference, to brief the Court on what materials and information counsel anticipates would be favorable to Mr. Guo with respect to sentencing, and which counsel has a good-faith reason to believe is (or should be) included in the Section 4 material.

Respectfully submitted,

Joshua L. Dratel
John F. Kaley
Melinda Sarafa

*Attorneys for Defendant*
*Ho Wan Kwok (Miles Guo)*

JLD/