```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/8/2026____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MILES GUO, a/k/a "Ho Wan Kwok," a/k/a "Miles Kwok," a/k/a "Guo Wengui," a/k/a "Brother Seven," a/k/a "The Principal," a/k/a "Boss,"

Defendants.

23 Cr. 118-1 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The Court has received Defendant's September 4, 2025 motion seeking an order from this Court directing the United States Attorney's Office for the Southern District of New York to seize certain assets involved in pending bankruptcy proceedings in the District of Connecticut. *See* Def. Forfeiture Ltr., ECF No. 724 at 1–2; *see also* Gov. Forfeiture Ltr., ECF No. 750; Def. Forfeiture Reply Ltr., ECF No. 754.

In its response to Defendant's forfeiture motion, the Government argues: (1) that the Court lacks authority to order a seizure of the assets subject to forfeiture, Gov. Forfeiture Ltr. at 4–5; (2) that Defendant lacks standing to seek the relief he has requested, *id.* at 6; and (3) that Defendant has waived any challenge to the Preliminary Order of Forfeiture (the "POF") in this case, which was proposed to the Court by the Government on July 28, 2025, ECF No. 716, and entered by the Court on August 11, 2025, ECF No. 720.

The Government argues that by representing to the Court that he was "unable to take a position with respect to issues regarding potential forfeiture and remission of money and property seized by the Government in connection with this case," and by failing to respond to the Government's motion for a POF, Defendant has waived any challenge to the POF entered in this case, *see* Gov. Forfeiture Ltr. at 7.  Defendant has, briefly, claimed he may "contest[] whether certain property is forfeitable *at all*, and/or what constitutes the proper and accurate amount of forfeiture," *see, e.g.*, Def. Forfeiture Ltr. at 2, and has requested permission "to address" his concerns "in a comprehensive submission sufficiently prior to sentencing," *id.*  Mr. Guo has not yet provided any calculation of the "proper and accurate amount of forfeiture," and has not argued that any property listed in the POF is, in fact, not forfeitable.

Accordingly, the Court orders as follows:

- By **January 29, 2026**, Defendant shall file any objections he maintains to the POF in a written submission to the Court.  Such submission shall also state whether Defendant claims a personal interest in any of the specific property subject to forfeiture listed in the POF.  Objections to the POF shall state the specific grounds for objection and legal authority support such objections.

- By **February 12, 2026**, the Government shall file its response, if any.

      No extension of these deadlines will be granted absent exceptionally good cause shown. Failure of Defendant to file specific objections by this deadline may constitute waiver of any objection to the POF.

      SO ORDERED.

Dated: January 8, 2026
       New York, New York

_____
ANALISA TORRES
United States District Judge