

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

Jacob K. Javits Federal Building
26 Federal Plaza, 38th Floor
New York, NY 10278

January 19, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl St. New York, NY 10007-1312
New York, New York 10007

> **Re:    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)**

Dear Judge Torres:

The Government respectfully submits this letter motion to request that the Court enter the proposed supplemental preliminary order of forfeiture attached as Exhibit A, which relates to additional specific property traceable to the defendant's crimes and property involved in the laundering of those proceeds. Guo takes "no position with respect to any personal interest he may have in the assets the Government seeks to forfeit." (Dkt. 789.)

## I.  Applicable Law

### A.  Racketeering Forfeiture

Section 1963 directs that a district court, in imposing sentence, "shall order" a defendant to forfeit the following property:

> (1) any interest the person has acquired or maintained in violation of Section 1962;
>
> (2) any (A) interest in; (B) security of; (C) claim against; or (D) property or contractual right of any kind affording a source of influence over . . . [the RICO] enterprise . . . and
>
> (3) any property constituting, or derived from, any proceeds which the person obtained, directly or indirectly, from racketeering activity or unlawful debt collection in violation of section 1962.

18 U.S.C. § 1963(a).

### B.  Fraud Forfeiture

Section 981(a)(1)(C) subjects to civil forfeiture: "Any property, real or personal, which constitutes or is derived from proceeds traceable to . . . any offense constituting 'specific unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

Section 1956(c)(7)(A) of Title 18, United States Code, in turn provides that the term "specified unlawful activity" includes, among other things, "any act or activity constituting an offense listed in section 1961(1) of this title except an act which is indictable under [31 U.S.C. §§ 5311 et seq.]." The list of offenses identified in 18 U.S.C. § 1961(1) are thus included within "any act or activity constituting an offense listed in section 1961(1) of this title." Among the offenses set forth in 18 U.S.C. § 1961(1) are violations of 18 U.S.C. § 1343 and fraud in the sale of securities, for which Guo was convicted. Title 28, United States Code, Section 2461(c) provides that the court shall order forfeiture as part of sentencing in a criminal case when the defendant is convicted of an offense that gives rise to civil forfeiture. *See United States v. Contorinis*, 692 F.3d 136, 145 n.2 (2d Cir. 2012).

### C. Money Laundering Forfeiture

Section 982 directs that a "court, in imposing sentence on a person convicted of an offense in violation of section 1956 . . . shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). As Judge Bianco, sitting by designation on the district court, has observed:

> Courts have consistently held that the term "involved in" should be interpreted broadly to "include any property involved in, used to commit, or used to facilitate the money laundering offense." *United States v. Schlesinger*, 396 F. Supp. 2d 267, 271-72 (E.D.N.Y. 2005) (collecting cases), *aff'd*, 514 F.3d 277 (2d Cir. 2008). Referring to *Schlesinger*, district courts have correctly observed that the Second Circuit has "affirmed forfeiture of property as involved in money laundering transactions when it has served as a conduit for the proceeds of the illegal transactions." *United States v. Prevezon Holdings, Ltd.*, 251 F. Supp. 3d 684, 698 (S.D.N.Y. 2017).

*United States v. Kenner*, 443 F. Supp. 3d 354, 364 (E.D.N.Y. 2020) (footnote omitted).

## II. Discussion

The Court should enter the proposed first supplemental preliminary order of forfeiture, and include the G Enterprise's criminal proceeds, and property involved in laundering those proceeds, in its final order(s) of forfeiture. Specifically, the Government seeks to forfeit the funds (i) contained in a bank account held in the name of G Club Operations LLC (one of the RICO entities), and (ii) seized from several bank accounts held in the names of Guo's co-defendant Kin Ming Je and his wife, Sin Ting Rong, which funds were derived from proceeds of the G Enterprise and were property used in furtherance of the defendant's crimes and his racketeering enterprise, and property involved in money laundering.

### a. The G Club Operations LLC Funds Held at Banco Popular

As established at trial, "G Club Operations LLC" was Guo's fraudulent membership club and part of Guo's racketeering enterprise. G Club was used in furtherance of the racketeering conspiracy to, among other things, enter into fraudulent loans with other racketeering entities for

the purpose of laundering crime proceeds. *See*, *e.g.*, Trial Tr. 3068, 3446, 3458; GX Z-13; Indictment ¶¶ 3(a), 14, 18. Guo's interests in G Club Operations LLC and its assets thus are subject to forfeiture pursuant to Sections 981(a)(1)(C) and 1963 and 28 U.S.C. § 2461(c). G Club Operations LLC maintained an operational bank account at Banco Popular in Puerto Rico; in or about October 2023, Banco Popular closed the account and issued an official check to G Club Operations LLC for the approximately $2,112,510.70 balance of the account, official check numbered 103130500012442 and dated October 16, 2023. In or about December 2024, the independent manager appointed to manage the dissolution of G Club provided the check to the Government. The Government seeks to forfeit the $2,112,510.70 in United States currency that was previously held at the Banco Popular account in the name of "G Club Operations LLC." *See*, *e.g.*, Preliminary Order of Forfeiture, Dkt. 720 at ¶ bb (ordering the forfeiture of G Club Operations LLC funds previously held in TD Bank, N.A. accounts).

### b. The Funds Held in Barclays Bank plc (Isle of Man) Accounts

On October 29, 2024, the Government obtained a warrant to seize all monies and funds contained in two Barclays Bank plc (Isle of Man) accounts, held in the names of "Kin Ming Je" and "Sin Ting Rong," totaling approximately $2,112,510.70. As set forth in the seizure warrant affidavit of Special Agent Zachary Effting, *see* Ex. B at 17-18, those funds were derived from proceeds of the G Enterprise and property involved in money laundering and thus are subject to forfeiture pursuant to Sections 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

### c. The Funds Held in Barclays Bank plc (Jersey) Accounts

On April 17, 2025, the Government obtained a warrant to seize all monies and funds contained in two Barclays Bank plc (Jersey) portfolio accounts, held in the names of "Kin Ming Je" and "Sin Ting Rong," totaling approximately $2,437,677.01. As set forth in the seizure warrant affidavit of Special Agent Zachary Effting, *see* Ex. C at 17-18, those funds were derived from proceeds of the G Enterprise and property involved in money laundering and thus are subject to forfeiture pursuant to Sections 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

\*   \*   \*

For the above reasons, the Court should enter the proposed first supplemental preliminary order of forfeiture.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States, Acting
Under Authority Conferred by 28 U.S.C.
§ 515
Southern District of New York


By: /s/ _____
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314