Case 1:23-cr-00118-AT    Document 793    Filed 01/21/26    Page 1 of 3



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob J. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 21, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, New York 10007

    Re:    <u>United States v. Miles Guo</u>, S3 23 Cr. 118 (AT)

Dear Judge Torres:

    The Government writes in response to defendant Miles Guo's letter dated January 5, 2026, which seeks to relitigate issues already decided by this Court. Specifically, Guo moves (1) for this Court to "[re]-review the [Classified Information Procedures Act ('CIPA')] Section 4 material and compel disclosure to cleared defense counsel [of] those items material or helpful to Mr. Guo in the sentencing context" and (2) to "renew[]" certain "denied requests" from his November 2023 motion to compel. Dkt. 783 ("Def. Mot.") at 2, 4.[1] As set forth below, the Court already issued CIPA rulings in this case, after careful consideration of the applicable law and facts, and there is no basis for Guo's unprecedented request to revisit the CIPA proceedings in advance of sentencing. Similarly, Guo's attempt to "renew" his pretrial discovery requests is effectively a motion for reconsideration that fails to meet the high bar required for such extraordinary relief. Guo's motions serve no purpose other than to relitigate his CIPA and pretrial discovery motions—on which this Court has already ruled—and to further delay his sentencing. The motions should be denied.

    <u>**CIPA Proceedings Should Not Be Reopened**</u>

    Guo's motion is premised on the incorrect suggestion that the Court's "review of the Section 4 materials" is "a vastly different exercise" after a defendant has been convicted than when he is preparing to defend himself at trial. Def. Mot. at 3. Guo's argument rests on faulty assumptions and relies on sleight of hand. Starting with the truism that courts *may consider* virtually unlimited information at sentencing, *see id.* (citing 18 U.S.C. § 3661), Guo argues without citation that courts must be able to *compel the production* of virtually unlimited information in advance of sentencing. Not so. While the Government's "duty of disclosure continues through sentencing," it remains governed by the same familiar standards under Rule 16 and *Brady* and its progeny. *United States v. Stergo*, No. 23 Cr. 20 (ER), 2023 WL 3451381, at *3 (S.D.N.Y. May 15, 2023); *see also, e.g.*, *United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010) ("Rule 16 does

---

[1] Guo also requests an *in camera*, *ex parte* conference, pursuant to CIPA Section 2, for the defense "to brief the Court on what materials and information counsel anticipates would be favorable to Mr. Guo" among the materials the Court has already reviewed "with respect to sentencing." *Id.* at 6.

not authorize a new round of discovery before sentencing") (Easterbrook, C.J.); *United States v. Robinson*, 503 F.3d 522, 531–32 (6th Cir. 2007) (denying defendant's pre-sentencing motion to compel as "fall[ing] outside the language of Rule 16(a)(1)(E)(i) because he was not seeking the discovery to aid in the preparation of his defense [but] was attempting to obtain the discovery for the purpose of gathering materials to support various sentencing arguments"). Guo's invocation of CIPA does not change the matter. That statute "neither creates new discovery rights nor expands the rules governing the admissibility of evidence," but only "applies existing procedures governing the scope of discovery in criminal cases to classified information." *United States v. Alshahhi*, 628 F. Supp. 3d 449, 453 (E.D.N.Y. 2022). Accordingly, a court's CIPA review begins by determining if materials are "discoverable under Rule 16"—and ends there if they are not. *See United States v. Guo*, No. S3 23 Cr. 118 (AT), Dkt. 294 at 2 (S.D.N.Y. Apr. 18, 2024) ("CIPA Order"). Indeed, every one of the cases in Guo's string-cite of defendants' CIPA presentations involved *pretrial* litigation. *See* Def. Mot. 4–5. None of these cases supports Guo's unprecedented request that the Court redo the CIPA proceedings under a broader conception of discoverability after a defendant has been convicted at a trial. Since well before trial, the defendant has had access to all the materials that this Court found to be discoverable and "relevant and helpful."

For this reason, there is no basis to reopen the CIPA litigation in this case. The Court already carefully reviewed the parties' CIPA submissions prior to trial and determined, among other things, that "many of the materials identified for deletion in the CIPA motion are not discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, or Federal Rule of Criminal Procedure 16." *See* CIPA Order at 4–5. Because the Government has made "a good-faith representation that it has met, and will continue to meet, its *Brady* and Rule 16 obligations" through sentencing, there is no basis to compel the production of additional materials or re-start any CIPA process anew. *See Stergo*, 2023 WL 3451381, at *4 (S.D.N.Y. May 15, 2023) (denying pre-sentencing motion to compel because Government made "good-faith representations that it has complied with its" discovery obligations after conviction). Accordingly, Guo's motion to "[re]-review the CIPA Section 4 material" and compel additional disclosures should be denied. And because Guo has no basis to seek reopening of the CIPA proceedings, there is likewise no basis for an *in camera*, *ex parte* CIPA Section 2 conference.[2]

### **The Court's February 2024 Discovery Order Should Not Be Reconsidered**

Guo's motion also seeks implicit reconsideration of the Court's February 2024 order that granted in part and denied in part Guo's November 2023 motion to compel. *See* Dkt. 243 ("Discovery Order"). Specifically, Guo "renews" the "denied requests" to compel disclosure of "Requests 5 and 19, and Request 6 in part," an unredacted recording of a 2018 meeting, and the identities of other government agencies that may possess information sought by Guo. Def. Mot. at 4. But a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, or otherwise taking a second bite at the apple." *United States v. Guo*, No. S3 23 Cr. 118 (AT), Dkt. 250 at 4–5 (S.D.N.Y. March 22, 2024) (order denying Guo's motion for reconsideration of bankruptcy stay). Guo does not even attempt to meet the "strict" standard for obtaining such relief, citing no "controlling decisions or data that the court overlooked," *id.*, but gesturing without citation to "the broader context of sentencing." Def. Mot. at 5.

---

[2] To the extent the Court grants Guo's request for any such conference, the Government requests an opportunity to be heard in its own CIPA Section 2 proceeding.

In its February 2024 Discovery Order, the Court denied Guo's "Requests 5 and 19" for records concerning CCP targeting "of any of the alleged victims" of his schemes and "any statements from purported 'victims' concerning the NFSC." Discovery Order at 8. At that time, in view of the Government's forthcoming pretrial production of witness statements, Guo's "requests for victim-related statements and evidence" were "premature." *Id.* Now, these requests are moot: the Government produced all of its testifying and non-testifying witnesses' statements to the defendant before trial, and re-produced those materials to sentencing counsel shortly after they were appointed. *See also id.* (further denying Requests 5 and 19 because Guo "has access to numerous witnesses and materials" concerning the same information). The Discovery Order also denied in part Guo's request for records concerning the NFSC, except to the extent the Court ordered the Government to produce "[e]vidence showing that [Guo] and his associates," including the NFSC, "were targets of the CCP." *See* Discovery Order at 7, 8–9. That "targeting" evidence was then produced to the defense—and Guo made extensive use of it at trial. *See, e.g.*, DX 1 (stipulation admitted into evidence concerning the CCP's targeting of Guo and associates).

Guo's implicit motion for reconsideration of the Court's declination to compel production of the 2018 recording and the identity of all government agencies that might have a broad swath of requested information must also be denied. Guo offers no basis to reconsider the Court's finding that the unredacted recording was "neither relevant nor material" to the defense under Rule 16, or that there was "no legal support" for Guo's demand for a list of other agencies holding broadly defined information, *see* Discovery Order at 9, other than a conclusory reference to "the sentencing context." Def. Mot. 4. Simply invoking sentencing does not satisfy the high bar necessary to grant a motion for reconsideration. The Government is aware of its obligations—at all stages of the proceedings—and will continue to meet them. Guo's conviction at trial and resulting progression to sentencing is not a basis for reconsideration. Guo's requests should be denied.

### **Conclusion**

Guo's motions seek to revisit and relitigate issues that this Court resolved long ago in this case. They seek extraordinary relief unsupported by law, and would serve only to further delay the resolution of this case. The motions should be denied.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515
Southern District of New York

By:   /s/
    Micah F. Fergenson / Ryan B. Finkel /
    Justin Horton / Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / -2276 / -6612 / -2314

cc: Defense Counsel (by ECF)