

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37ᵗʰ Floor*
*New York, New York 10278*

February 10, 2026

**BY ECF**
Hon. Analisa Torres
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

The Government writes in response to the Court's order during the January 20, 2026, conference regarding the potential appointment of a special master. The parties have conferred and respond to the Court's questions as follows:

1. <u>Payment for a Special Master.</u>  The Government and the defendant agree that it is not clear what, if any, funds are available to pay a special master.[1] The parties agree that the funds identified in the preliminary orders of forfeiture cannot be used for this purpose because, absent resolution of all third-party claims and entry of a final order of forfeiture, those assets cannot be used by the Government. Moreover, and in any event, the parties oppose using forfeited assets to pay a special master, because doing so would reduce the amount available to return to victims.[2,3]

---

[1] The defense proposed to use the Department of Justice Assets Forfeiture Fund ("AFF") for this purpose. The Government conferred with components at Main Justice regarding that possibility, and confirmed that the AFF is not available to finance special masters in this context.

[2] The defense position is: Having received numerous disclaimers of "victim" status by investors and customers in this case, the defense objects to the use of the word "victims" in this sentence and asserts that "claimants" should be used.

[3] In response to the Court's question to the Government, the Government is aware of one case where a district court appointed an entity to act as a quasi-special master (to evaluate § 853(n) claims) and claims administrator (an individual to manage the payment to entities with qualifying petitions). *See United States v. Value of Certain E-Metal Accts.*, No. 11 Cv. 1530 (ELH), Dkt. 4 (D. Md. July 15, 2011).

2.  <u>Candidates.</u> Without a payment source, the parties agree that appointing a private party to serve as a special master would be impracticable. Instead, the parties propose that the Court, to the extent necessary, refer certain forfeiture-related matters to a Magistrate Judge. Other courts have adopted this approach for similar issues. *See e.g.*, *United States v. Hwang*, No. 22 Cr. 240 (AKH), Dkt. 401 (S.D.N.Y. Mar. 12, 2025) (appointing magistrate judge for restitution issues).

3.  <u>Scope of Duties.</u> As indicated in the Government's January 9, 2026, letter to the Court (ECF No. 785), approximately 134 purported § 853(n) claims were filed on the docket, and the Government has received another approximately 238 purported § 853 claims directly. (There may be some overlap between these two sets of purported claims.) The parties propose that decision as to whether these purported claims are properly brought be referred to a Magistrate Judge for review.[4] *See* Fed. R. Crim Pro. 59(b).

The Government submits that after this Court's referral, the Magistrate Judge should set a conference to discuss, and schedule, the Government's motion to dismiss purported claims, which the Government asserts do not have standing under § 853(n) and should instead be treated as petitions for remission. *See* 1/20/26 Hr'g Tr. at 4 ("[The Court:] "victims of Mr. Guo's fraudulent scheme may be viewed under the law as general creditors and may not, therefore, be able to recover their money under Section 853(n)."). Following the Magistrate Judge's review of that motion, the Magistrate Judge can then provide this Court a report and recommendation regarding which, if any, of those purported claims should be dismissed. After the Magistrate Judge's report and recommendation is filed, this Court can entertain any objections to it. *See* Fed. R. Crim Pro. 59(b)(2). Thereafter, any remaining claimants should propose a schedule to resolve outstanding issues.

The defense submits that the Magistrate Judge should be afforded the discretion to determine how to proceed. Following the Magistrate Judge's review, the Magistrate Judge can then provide this Court a report and recommendation. After the Magistrate Judge's report and recommendation is filed, this Court can entertain any objections to it. *See* Fed. R. Crim Pro. 59(b)(2). Thereafter, any remaining claimants should propose a schedule to resolve outstanding issues.[5]

---

[4] The Government believes that claims not filed on the docket should be treated as petitions for remission because § 853(n) claimants must petition the Court, not the Government. *See* 1/20/26 Hr'g Tr. at 4 ("[The Court:] "A person who believes that they have such a claim can seek to recover their money by filing a Section 853(n) claim with the Court."); 21 U.S.C. § 853 (n)(2). The defense asserts that, given the potential for confusion on the part of claimants, a Magistrate Judge should review in the first instance all undocketed claims received directly by the Government, in addition to those filed on the docket.

[5] The defense has informed the Government that the defendant does not intend to assert a personal interest in the specific property but reserves the right to participate in forfeiture-related litigation. The Government's position is that the defendant is not entitled to participate in any such litigation because, *inter alia*, he has not asserted a personal interest in any of the assets that would be the

The parties are available to address any questions that the Court may have.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States, Acting Under
Authority Conferred by 28 U.S.C. § 515
Southern District of New York

By:    _____/s/_____
Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637–6612/2314/2190/2276

---

subject of the litigation.  Dkt. 799 at 1 ("Mr. Guo reconfirms here that he does not assert a personal interest in the Specific Property.").  Accordingly, the Government's position is that the defendant has no basis to involve himself in litigation regarding the specific property at issue.  The defense submits that it is impossible at this juncture to determine whether Mr. Guo may have a basis to intervene in any such litigation and therefore is unwilling to waive his rights beyond acknowledging that he does not assert a personal interest in the Specific Property. The defense, moreover, objects to the Government raising this issue here as the Court has not directed the parties to address it.