

43 West 43rd Street, Suite 370 | New York, NY 10036
212.785.7577 | 646.868.8266 (fax)
www.sarafazellan.com

February 24, 2026

**By ECF Filing**
Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Ho Wan Kwok, et al.*
                23-CR-118 (AT)

Dear Judge Torres:

      Together with Joshua Dratel and John Kaley, on behalf of our client Miles Guo (a/k/a "Ho Wan Kwok"), we respectfully submit this letter motion seeking (1) clarification with respect to the handling of petitions submitted pursuant to 21 U.S.C. § 853(n); and (2) an order directing the Government to produce to defense counsel copies of all petitions in their possession that are styled as § 853(n) petitions or that could be construed as § 853(n) petitions. These materials bear on the nature and circumstances of the offense, and as such are directly relevant to sentencing.

I.      **Relevant Background**

      Following this Court's entry of an amended Preliminary Order of Forfeiture ("POF") as to defendant Yvette Wang on January 7, 2025 (ECF No. 488), the Government, on February 6, 2025, published a notice (the "Notice") on www.forfeiture.gov listing the property to be forfeited and providing instructions to interested parties seeking to file (a) a claim pursuant to § 853(n) requesting that the Court hold a hearing to adjudicate the validity of the party's alleged interest in the property, and/or (b) a petition for remission, pursuant to which the Government will determine whether to return any of the seized property to victims of defendant Wang's crimes.

      The Notice directed potential §853(n) claimants to file their claims with the "Clerk of the Court, United States District Court, 500 Pearl Street, Room 120, New York, NY 10007," and to provide the Government with a copy of their claim, and directed those seeking remission to file their petitions for remission with the Government.

Honorable Analisa Torres
February 24, 2026
Page 2

SARAFA ZELLAN

Thereafter, numerous § 853(n) petitions were filed on the docket by parties represented by counsel, and numerous § 853(n) petitions were sent to the Clerk of Court by parties not represented by counsel. The latter group of petitions were being provided by the courthouse to the Government, prompting the Court to ask the Government to notify the Court how it planned to return such petitions to the Court for filing on the public docket. *See* ECF No. 694 (Gov. Status Letter dated April 21, 2025).

On April 21, 2025, the Government filed a status letter with the Court (ECF No. 694), in which it reported receipt of approximately 88 petitions from the Clerk's Office which "properly cite to Section 853(n) as a basis to contest the Government's forfeiture." ECF No. 694 at 1. In addition, the Government reported receipt of approximately 215 claims from the Clerk's Office setting forth an interest in the forfeited property and objecting to forfeiture. With respect to this latter group of 215 claims, the Government stated that "[w]hile these claims do not cite Title 18 [sic], United States Code, Section 853(n)(6), the Government nonetheless construes these claims as 853(n)(6) petitions contesting the Government's forfeiture by asserting an interest in the various assets contained in the Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment." *Id.* at 1 n.1.

With respect to the combined group of approximately 303 § 853(n) petitions, the Government stated that it was reviewing them, in part to ensure that they "are sent to the Court for filing on the docket. The Government's forfeiture staff are in contact with the Clerk's [O]ffice and will work with the Clerk's Office (or other court staff) to arrange for the return of any Section 853(n) petitions for filing on the docket." *Id.* at 1-2 (footnote omitted).

Nevertheless, these more than 300 petitions have yet to be filed on the docket, and the Government's position with respect to them appears to have shifted over time. For instance, in its January 6, 2026, letter to the Court regarding petitions for remission and claims submitted under § 853(n) (ECF No. 785), the Government referenced 134 "purported" § 853(n) claims that had been filed on the docket, as well as "approximately 238 purported § 853(n) claims" that the Government had received by mail. ECF No. 785 at 3-4 & n.3.

With respect to the latter, the Government stated that these "will be treated as petitions for remission, given that § 853(n) claimants must 'petition the court,' not the Government." *Id.* at 4 n.4 (citing 21 U.S.C. § 853(n)(2)). The Government further stated that "[s]hould the Court wish to treat these as third-party claims, however, the Government will provide them to the Court for the Court's adjudication." *Id.*

It is unclear what accounts for the difference between the more than 300 petitions the Government had received from the Clerk's Office by April 21, 2025 – which the Government at that time said it would treat as § 853(n) petitions – and the approximately 238 "purported § 853(n) claims" the Government had received by mail as of January 6, 2026, or if there is any overlap at all between these two groups of petitions.

Honorable Analisa Torres
February 24, 2026
Page 3

SARAFA ZELLAN

Also, most recently, in the February 10, 2026, letter drafted by the Government setting forth the positions of both parties with respect to the potential appointment of a special master, the Government stated that "[t]he Government believes that claims not filed on the docket should be treated as petitions for remission because § 853(n) claimants must petition the Court, not the Government." ECF No. 802 at 2 n.4.

Notably, in this iteration of its position the Government does not even reference "purported" § 853(n) petitions or acknowledge any difference between claims mailed to the Clerk of Court for Court adjudication and those mailed solely to the Government. Rather, the Government now asserts that any petition that has not been docketed – for whatever reason – should be treated as a petition for remission. Further, the Government rejected multiple requests by defense counsel to include in the February 10, 2026, letter (ECF No. 802), the Government's January 6, 2026, offer to provide to the Court upon request the hundreds of § 853(n) petitions in the Government's possession.

At this point, it is unclear just how many § 853(n) petitions, or petitions that should be construed as § 853(n) petitions, are in the Government's sole possession, whether any such petitions in the Government's possession were submitted directly to the Government or were provided to the Government by the Clerk's Office, what interactions the Government has had with the Clerk's Office or any other Court staff concerning docketing of petitions, or how the Government has set about determining whether petitions should be classified as § 853(n) petitions or petitions for remission.

## II.     Need for Clarification Regarding Handling of § 853(n) Petitions

The Government's changing positions – which have progressed from treating otherwise unclassified petitions as § 853(n) petitions that should be docketed to treating all undocketed petitions as petitions for remission – have not gone unnoticed. Undersigned counsel has been contacted directly by numerous petitioners since the last court conference on January 20, 2026, who have expressed concerns about the claims process, including the fact that the Government appears to remain in sole possession of hundreds of petitions pursuant to § 853(n), or which, even in the Government's earlier view, should be construed as pursuant to § 853(n), and merit adjudication by the Court.

One petitioner, who requested anonymity due to fear of retaliation by the Chinese government, provided credible evidence that in early April 2025 he sent to the Clerk of Court a petition naming § 853(n), that his petition was thereafter sent by the Clerk's Office to the Government at the Government's request, and that his petition has yet to be docketed.

Clarification regarding the handling of claimants' petitions is warranted at this point, as the current state of affairs appears to conflict with the Court's recent explanation about how it anticipated such petitions would be handled. During the January 20, 2026, conference, the Court provided the following information about the process:

> Submissions received by the Court that do not reference Section 853(n), but which the Court has instead determined to be petitions for remission, have been referred to the

Honorable Analisa Torres
February 24, 2026
Page 4



government for its consideration. Those submissions have not been placed on the docket and will not be placed on the docket.

The Court is in the process of considering and docketing a large volume of submissions which name Section 853(n). Individuals who are represented by attorneys have been added to the docket as interested parties so that they may file their submissions directly on the docket. Individuals who are not represented by attorneys have not been added as interested parties on the docket. But the Court has received and is processing their petitions and will docket them as needed in due course. The Court may direct that the petitions be redacted or filed under seal to protect the claimants' personally identifiable or other sensitive information.

In addition, the Court has received miscellaneous petitions making various complaints. Those submissions are being evaluated on an individual basis.

1/20/2026 Tr. at 49-50.

Three classes of petitions remain unaddressed: (1) those naming § 853(n) that were submitted to the Court and subsequently delivered to the Government; (2) those naming § 853(n) that were submitted directly to the Government and not to the Court; and (3) those not naming § 853(n) but which should be construed as § 853(n) petitions because they assert claims cognizable under that statute. At present, petitioners who have made claims falling into any of these categories remain in limbo and have no way of knowing whether their petitions will be docketed or otherwise reviewed by the Court.

### III.    The § 853(n) Petitions are Directly Relevant to Sentencing

This lack of transparency also impacts Mr. Guo, who is potentially subject to a forfeiture money judgment. As Mr. Guo has previously explained, the § 853(n) petitions bear directly on the appropriate amount of any money judgment to be entered in this case. *See* ECF No. 799 at 4-9. Without access to them, Mr. Guo is unable to accurately assess the universe of potential claims which may cast doubt upon the scope of the fraud in this case – central to assessing the nature and circumstances of the offense – and the size of the money judgment sought by the Government.

Mr. Guo previously has made it clear that he believes that judicial review is warranted for *all* docketed petitions as well as all undocketed petitions potentially cognizable under § 853(n). *See* ECF No. 802 at 2 n. 4. However, in light of the fact that potentially hundreds of § 853(n) petitions were provided to the Government with the expectation that they would be docketed but have not in fact been docketed, and thus remain beyond Mr. Guo's ability to review for sentencing purposes, Mr. Guo respectfully requests that the Court direct the Government to produce all such petitions to the defense, along with those sent directly to the Government by petitioners.

## IV. Conclusion

For the reasons set forth herein, we respectfully request clarification regarding handling of § 853(n) petitions filed with the Court and/or the U.S. Attorney's Office, as well as an order directing the Government to produce to defense counsel copies of all petitions in its possession that either are styled as § 853(n) petitions or could be construed as § 853(n) petitions. We thank Your Honor for your attention and consideration of this matter.

Respectfully submitted,


Melinda Sarafa
Joshua Dratel
John Kaley

cc: All counsel via ECF