# DOAR RIECK KALEY & MACK

## ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

   OF COUNSEL
JOHN JACOB RIECK, JR.
JOHN F. KALEY
e-mail: firm@doarlaw.com
website: www.doarlaw.com

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619·3730
FACSIMILE: (212) 962-5037

February 24, 2026

**By ECF Filing**
Hon. Analisa Torres
United States District Court
500 Pearl Street
New York, New York 10007

              Re:    *United States v. Ho Wan Kwok (Miles Guo)*
                     <u>Docket No. S3 23 Cr. 118 (AT)</u>

Dear Judge Torres:

      We have been appointed to represent Miles Guo in the above-referenced matter.  We write now to request that sentencing of Mr. Guo, presently scheduled for April 13, 2026, be adjourned for approximately 30 days for the reasons set forth herein.  This is current counsel's third request for an adjournment of sentencing.

      In the Court's prior Order dated December 22, 2025 (ECF No. 782), which granted defense counsel's request for an adjournment of the then operative sentencing date, the Court noted that "No further adjournments of sentencing shall be ordered absent exceptionally good cause shown."  We take this opportunity now to set forth the "exceptionally good cause" warranting the adjournment requested herein.  We do not make this request lightly.  We do so because, in our respectful view as Mr. Guo's counsel, failure to do so would constitute ineffective representation of our client.

      One issue at hand is the Rule 17(c) subpoena which the defense counsel requested by *ex parte* application on November 12, 2025.  Thereafter, in an *Ex Parte* Order dated January 13, 2026, the Court requested that counsel supplement the request with information regarding:  (1) relevance of the requested materials to sentencing; (2) why counsel cannot properly prepare for sentencing without the material; and (3) specificity with respect to the materials requested.  By letter dated January 27, 2026, counsel provided the further information requested by the Court in the January 13, 2026 *Ex Parte* Order.

Honorable Analisa Torres                    2                    February 24, 2026

18 U.S.C. § 3553(a) mandates that the Court, in imposing sentence, consider the history and characteristics of the defendant. Further, no limitation shall be placed on the information which a sentencing court may consider. *See, e.g.,* 18 U.S.C. § 3661. The information sought in the Rule 17(c) subpoena directly relates to that consideration, as set forth in our initial and supplemental *ex parte* submissions of November 12, 2025 and January 27, 2026.

The information counsel seeks by the subpoena is integral to counsel's and the defendant's presentation of relevant and critical information for the Court's consideration of the pertinent sentencing factors, here, the complete history and characteristics of the defendant. For all of the reasons set forth in our initial request for the Rule 17(c) subpoena and in the supplement made on January 27, 2026, our subpoena request should be granted. It is beyond question but that the subpoena seeks critical information and documents which current counsel is entitled to receive. Once obtained, current counsel then should be afforded sufficient time to utilize that information and integrate it into a cohesive sentencing submission.

Mr. Guo is entitled to present the full parameters of his history and characteristics as set forth in our initial request for the Rule 17(c) subpoena and the supplement thereto, and the Court must consider that information as part of Mr. Guo's full and complete history and characteristics before imposing whatever sentence the Court determines is appropriate to impose. The information which we seek is highly relevant to sentencing and is an important, critical and integral part of Mr. Guo's history and characteristics.

As noted, if the Court grants the Rule 17(c) subpoena request, as we believe it should, counsel will need adequate time to obtain that information, to review it, to discuss it with Mr. Guo and then to integrate that information into a cohesive sentencing submission.

Additionally, since the Court hearing on January 20, 2026, at which the Court explained the remission and the § 853(n) processes, we have received a steady stream of communications from individuals who invested money in the various opportunities and investment vehicles at issue in this case. These individuals make positive statements about Mr. Guo, or deny that they were victimized by Mr. Guo, or raise other issues regarding the process attendant to petitions pursuant to 21 U.S.C. § 853(n) that counsel is investigating, and some of which are the subject of a separate letter filed today and assigned ECF # 806.

As counsel for Mr. Guo, we have an obligation to review and then to "vet" these communications as part of our professional responsibility to our client and to enable counsel to present a comprehensive and accurate sentencing submission. The adjournment sought would allow us the time needed to do that.

For these reasons, we respectfully submit that the brief adjournment of sentencing sought herein should be granted.

Thank you for Your Honor's consideration of this request.

Honorable Analisa Torres                3                    February 24, 2026

Respectfully submitted,


/s/

John F. Kaley
Joshua L. Dratel
Melinda Sarafa
*Attorneys for Defendant*
*Miles Guo, a/k/a Ho Wan Kwok*

cc: All Counsel by ECF Filing