

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 27, 2026

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

      The Government respectfully writes to request that the Court direct the defendant to disclose the Rule 17 subpoena application and related materials that the defendant has filed *ex parte*. At this stage of the case, there is simply no basis for maintaining such materials *ex parte*, and the Government is entitled to respond fully to the defendant's arguments, particularly as he seeks to use this application as a basis to further delay his sentencing.

      As background, in December 2025, the Government first learned of the defendant's *ex parte* application from the defendant's fifth request to adjourn his sentencing. Dkt. 768 n.1. In its December 11, 2025 opposition to the defendant's fifth adjournment request, the Government asked the Court to order the defendant to disclose his *ex parte* application. Dkt. 773. In resolving the adjournment motion, the Court did not address the Government's request regarding the disclosure of the defendant's *ex parte* application. Dkt. 782. Now, in his *sixth* request for a sentencing adjournment, filed on Wednesday, Guo again seeks to use this *ex parte* application as a basis to further delay his sentencing beyond April 2026. Because the Government is entitled to respond to the arguments in the defendant's sixth adjournment request, and because there is no basis for an *ex parte* subpoena application at this stage, the Court should direct Guo to provide the *ex parte* materials to the Government promptly.

      Courts permit *ex parte* applications for subpoenas only where "good cause" is shown to protect specific interests. *United States v. Ray*, 337 F.R.D. 561, 572 (S.D.N.Y. 2020). There is no good cause here, because none of the "policy reasons in favor of an *ex parte* procedure" apply. *United States v. Reyes*, 162 F.R.D. 468, 470 (S.D.N.Y. 1995). There is no basis to suggest that the Government could "imperil[]" the "source or integrity" of the purported evidence that Guo seeks. *Id.* (describing a common reason to shield Government's subpoenas from defendants). At this stage in the proceedings, there is no "trial strategy" left to shield. *Id.*; *see, e.g.*, *United States v. Becton*, 241 F.R.D. 433, 435 (S.D.N.Y. 2006) (denying defendant's requested sentencing-related subpoenas and declining to proceed *ex parte* because such subpoenas do not "involve defense

strategy, given that term's customary meaning . . . but apply only to the penalty phase of that sole defendant, and counsel's efforts directed thereto").

Proceeding *ex parte* at this stage deprives the Government of an opportunity to respond and object to the application. It is well settled that "the Government can move to quash subpoenas issued for the records of non-parties . . . on the basis of the Government's own legitimate interests," *Ray*, 337 F.R.D. at 571, including, as potentially applicable here, its interests "in preventing any undue lengthening" of the proceedings and "any undue harassment" of victims or witnesses. *United States v. Giampa*, No. 92 Cr. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992). Importantly, a response from the Government will also aid the Court in fulfilling its "responsibility to ensure that the subpoena is for a proper purpose and complies with the requirements of Rule 17(c)." *United States v. Weissman*, No. 01 Cr. 529 (BSJ), 2002 WL 31875410, at *1 (S.D.N.Y. Dec. 26, 2002) (granting Government's motion to quash). Those requirements include that the requested materials are "relevant," that they are "not otherwise procurable reasonably in advance of trial by exercise of due diligence," that the party "cannot properly prepare . . . without such production and inspection," that "failure to obtain" the materials could "tend unreasonably to delay" the proceedings, and that "the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

Given the fact that the defendant is awaiting sentencing following his conviction more than a year and a half ago, there is reason to believe that Guo's requested subpoena fails to satisfy each of *Nixon*'s conjunctive requirements. The Government cannot fully respond to the defendant's application without the opportunity to review it. In addition, disclosure is appropriate because the defendant is attempting to further delay sentencing based on the *ex parte* application. Because the defendant cannot meet his burden of demonstrating good cause to proceed *ex parte*, the Court should order the prompt disclosure of Guo's requested subpoena, related filings and orders.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515.

by: ___/s/_____
Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / 6612 / 2276 / 2314

cc:    Counsel of Record (by ECF)