

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 27, 2026

**BY ECF**

Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      **Re:**    *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

      Miles Guo's *sixth* request to adjourn sentencing for another 30 days is entirely meritless. It should be denied.

      Since he was convicted more than eighteen months ago, Guo has employed a strategy to delay his sentencing through adjournment requests, last minute decisions to fire his handpicked trial counsel, and dilatory motion practice. The Government need not again repeat the chronology of Guo's tactics to delay sentencing. *See* Dkt. 774 at 1-2 (Gov't Opp'n to fifth sentencing adjournment request); Dkt. 718 at 1-3 2 (Gov't Opp'n to fourth sentencing adjournment request). Suffice to say this *sixth* adjournment request cements that Guo is waging a campaign to delay sentencing because he believes it helps him and his remaining adherents weaponize the "absence of timely justice." Dkt. 511, at 1-2 (victim statement). As the Government previously demonstrated, Guo is employing delay tactics to suggest to his remaining followers that the trial this Court presided over was unjust. *See generally* Dkt. 774. Indeed, even as he is awaiting (and seeking adjournments of) sentencing, Guo has continued to mobilize his supporters to promote his Enterprise on social media and to attack victims. *See id*. at 5 ("the defendant is using delay as a tool of further harm"). This Court should not permit Guo to exploit this Court's scheduling patience for his own malicious ends. This *sixth* request for delay must be denied.

      In December 2025, when the Court granted the defendant a three-month sentencing adjournment (the defendant's *fifth* adjournment), the Court was clear: "No further adjournments of sentencing shall be ordered absent exceptionally good cause shown." Dkt. 782. In his present motion, the defendant offers two bases for his request, neither of which comes close to meeting this standard.

      *First*, the defendant complains that the Court has been slow to resolve his *ex parte* motion for a subpoena that he claims will provide material related to "Guo's history and characteristics." Dkt. 807 at 2. But information about Guo's "history and characteristics" should be (and would be)

known to Guo.[1] In any event, a defendant is not entitled to delay sentencing by leveraging the Court's subpoena authority to conduct fishing expeditions for information that they claim may have relevance to their sentencing arguments. Nor is a defendant entitled to all conceivable information from any conceivable source in advance of sentencing. *See United States v. Neal*, 611 F.3d 399, 401 (7th Cir. 2010) ("Rule 16 does not authorize a new round of discovery before sentencing") (Easterbrook, C.J.); *United States v. Robinson*, 503 F.3d 522, 531–32 (6th Cir. 2007) (denying defendant's pre-sentencing motion to compel as "fall[ing] outside the language of Rule 16(a)(1)(E)(i) because he was not seeking the discovery to aid in the preparation of his defense [but] was attempting to obtain the discovery for the purpose of gathering materials to support various sentencing arguments"). That is especially true here, given that Guo's Rule 17(c) motion, which appears to have been filed many months after his conviction—in combination with his ongoing efforts to reconsider issues that this Court already decided, *see, e.g.*, Dkt. 805, and to otherwise seek unprecedented relief, *see, e.g.*, Dkt. 750—appears to be nothing more than a tactic designed to prolong this case. The Rule 17(c) motion does not come close demonstrating "exceptionally good cause." Dkt. 782.

*Second*, the defendant tries to justify his *sixth* adjournment request by claiming an ongoing (and, seemingly, endless) need to investigate individuals who have contacted his counsel to make "positive" statements about Guo. Dkt. 807 at 2. The existence of those who were misled by, and yet continue to support, the defendant is not new. *See* Dkt. 511 at 1-2 (March 25, 2025 letter containing a victim statement describing that one group of individuals who lost money in Guo's schemes "does not believe they were defrauded (either because they are complicit in the conspiracy, or they have been misled by it)"). Indeed, some of those individuals testified on Guo's behalf during the trial, in 2024. It stands to reason, then, that Guo has already "vetted" a sufficient set of such individuals for many months. And based on a review of counsel's public filings, Guo has sufficient information to present to the Court at sentencing about individuals who continue to support him. *See* Dkt. 799 (Guo's 34-page letter recounting individuals who disclaim victim status). The law does not entitle a defendant to *six* sentencing adjournments so that they can locate additional supporters at the cost of judicial efficiency and delivering justice to fraud victims who continue to await it more than 18 months since conviction. Moreover, Guo's strategy of having his adherents contact his counsel, to manufacture a sentencing delay, is similar to the gamesmanship that Guo has employed in the past. As this Court previously found, in connection with his bankruptcy, Guo encouraged his followers to obstruct the bankruptcy court by flooding the docket with unsupported claims. Dkt. 51 at 9. He should not be permitted to employ similar tactics to obstruct this case. Far from demonstrating "exceptionally good cause" for a *sixth* adjournment, Guo's continuing deception of others, is a reason for a prompt sentencing.

*Finally*, in a last-ditch attempt to obtain a *sixth* adjournment for their client, defense counsel makes the unsupported claim that, absent another substantial adjournment so that they can undertake the above-described steps their representation would be "ineffective." Dkt. 807. This claim attempts to threaten a constitutional need for an adjournment, but it does not withstand even cursory scrutiny. Effective representation does not mandate that counsel be permitted, more than

---

[1] The Government has not reviewed that motion or proposed subpoena. The Government has filed a separate letter motion requesting that the Court order the defense to provide the Government a copy of his *ex parte* motion and related materials.

18 months after a trial conviction, to undertake fishing expeditions for documents pursuant to Rule 17(c) nor "vet" every conceivable supporter of a defendant. Moreover, Guo's team of three experienced defense attorneys have been effectively, and actively, advocating for Guo since their April 8, 2025 appointment nearly one year ago. Presumably at Guo's behest, the defense filed numerous motions to relitigate issues and halt his bankruptcy; they have appeared on Guo's social media channels[2]; and the Court can reasonably conclude that they have been preparing for sentencing for many months. A year of active engagement is more than sufficient to provide effective representation at sentencing. Indeed, on the current schedule, the current counsel team will have been engaged in this matter for considerably longer than the defendant's prior counsel, Sidhardha Kamaraju, had been representing Guo before he *tried the case*. *See* Dkt. 103; Dkt. entry dated May 22, 2024. It simply cannot be that the current counsel team needs *more* time to prepare for *sentencing* than the defendant's prior counsel had to prepare for *trial*. In any event, even crediting the claim that the defense has encountered some inefficiencies during their nearly year-long representation (something the Court need not accept), that is a risk the defendant himself understood and accepted when he suddenly asked the Court to terminate his prior counsel. Dkt. 700 at 12-13 ("Mr. Guo, what I want you to understand is that you will be at a significant disadvantage by hiring an attorney or being appointed an attorney . . . who is not familiar with what was a complicated case."); *see also* 4/8/25 Tr. at 5-6 (current counsel accepting assignment and the Court granting counsel's request for sentencing in September 2025).

\* \* \*

Following his trial conviction for incredibly serious offenses, this Court has generously accommodated the defendant at virtually every turn. He was provided with a robust team of counsel and more than sufficient time to prepare for sentencing. The defendant's request for a *sixth* sentencing adjournment should be denied; he has not come close to demonstrating the extraordinarily good cause this Court properly requires. In an email that the Government received on Wednesday, one victim responded to the present adjournment request, in part, as follows:

> For the limited number of individuals who have come forward—whether as cooperating witnesses, §[]853(n) petitioners, or remission applicants—these repeated delays are not abstract procedural matters. They are humiliating. They are destabilizing. They inflict ongoing psychological strain. To allow indefinite delay

---

[2] https://gettr.com/post/p3vps3z795c (last accessed Feb. 24, 2026)

risks conveying that the suffering of victims is secondary to the defendant's tactical preferences.

It is long past time that all of the defendant's victims are provided the finality of sentencing that they deserve. Accordingly, the defendant's motion for a *sixth* sentencing adjournment should be denied.[3]

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515.

by: /s/
    Micah F. Fergenson
    Ryan B. Finkel
    Justin Horton
    Juliana N. Murray
    Assistant United States Attorneys
    (212) 637-2190 / 6612 / 2276 / 2314

cc:    Counsel of Record (by ECF)

---

[3] If convenient for the Court's schedule, the Government requests that sentencing be moved by one or two days, from April 13, 2026 to April 14, 2026 or April 15, 2026, to accommodate a logistical travel issue faced by a member of the Government's team. However, if those dates are not possible for the Court, the Government seeks no change in the sentencing date. The Government does not seek to alter the deadlines for sentencing submissions.