**DOAR RIECK KALEY & MACK**

ATTORNEYS AT LAW

JOHN DOAR (1921-2014)
WALTER MACK

   OF COUNSEL
JOHN JACOB RIECK, JR.
JOHN F. KALEY
e-mail: firm@doarlaw.com
website: www.doarlaw.com

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037

February 27, 2026

**By ECF Filing**
Hon. Analisa Torres
United States District Court
500 Pearl Street
New York, New York 10007

          Re:   *United States v. Ho Wan Kwok (Miles Guo)*
                Docket No. S3 23 Cr. 118 (AT)

Dear Judge Torres:

      We have been appointed to represent Miles Guo in the above-referenced matter. We write now in brief reply to the Government's letter (ECF No. 809) opposing our request for a 30-day adjournment of Mr. Guo's sentencing (ECF No. 807) and for disclosure of the Rule 17(c) subpoena (ECF No. 808) and do so *seriatim* in the interest of brevity.

      First, we do not complain, as the Government suggests, about the length of time during which the Court has exercised its deliberative proces to consider our request for the Rule 17(c) subpoena at issue. While that may be the Government's characterization, it certainly is not ours. We are not presumptuous as to the many matters on the Court's docket. Moreover, the Rule 17(c) subpoena at issue seeks direct evidence of certain matters which are important to place before the Court to set forth the full history and characteristics of Mr. Guo. It is surprising that the Government would seek to truncate counsel's ability to do that.

      Regarding the Government's request for disclosure of our *ex parte* application for a Rule 17(c) subpoena (ECF No. 808), we see no reason for the Government at this time to be provided with a copy. The necessity for the privileged information and documents sought by the subpoena is plain from the subpoena and our *ex parte* submissions. Further, given the content of the subpoena and the specific information and documents requested, it is respectfully submitted that the Government would not have a legitimate interest in intervening to quash it.

      Second, there has been no gamesmanship either by counsel or Mr. Guo with respect to the fact that many investors and supporters of Mr. Guo have, within the last month, sent a steady stream of letters to counsel expressing support for Mr. Guo, disclaiming victim status, asserting rights under § 853(n), and offering other materials relevant to sentencing.  Rather, it appears to counsel that the surge in such communications is a result of the hearing held on January 20, 2026, and subsequent filings by the parties related to the § 853(n) issue.

      Finally, contrary to the Government's fallback arguments that counsel for Mr. Guo is undertaking a "fishing expedition" or threatening an ineffectiveness claim, we assure the Court that we are not.  In our respectful view, we are fulfilling our obigations and responsibilities as counsel.

      Thank you for the Court's consideration of the thoughts expressed herein and those in our prior submissions on these issues.

      Respecrfully submitted,

      _____/s/_____
      John F. Kaley
      Joshua L. Dratel
      Melinda Sarafa


cc: All Counsel by ECF Filing