# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** To Be Assigned

**Caption [use short title]**

**Motion for:** Petition for Writ of Mandamus to Compel Ministerial Docketing (FRAP 21)

In re: DX, Petitioner

**Set forth below precise, complete statement of relief sought:**

An order directing the Clerk of the United States District Court for the Southern District of New York to docket previously submitted filings.

**MOVING PARTY:** DX

**OPPOSING PARTY:** United States District Court, Southern District of New York

- [ ] Plaintiff
- [ ] Defendant
- [X] Appellant/Petitioner
- [ ] Appellee/Respondent

**MOVING ATTORNEY:** Pro Se

**OPPOSING ATTORNEY:** United States Attorney's Office, Southern District of New York

[name of attorney, with firm, address, phone number and e-mail]

| DX | Ryan Finkel, Assistant United States Attorney |
| Pro Se | Jacob K. Javits Federal Building, 26 Federal Plaza, New York, NY 10278 |
| Identity and contact information filed under seal | ryan.finkel@usdoj.gov ; +1 212-637-6612 |

**Court-Judge/Agency appealed from:** United States District Court, Southern District of New York, Hon. Analisa Torres, U.S. District Judge

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1)?
- [X] Yes
- [ ] No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? [X] Yes [ ] No
Has this relief been previously sought in this court? [ ] Yes [X] No

Requested return date and explanation of emergency: This is not an emergency motion. No stay or injunctive relief is requested.

**Opposing counsel's position on motion:**
- [ ] Unopposed
- [ ] Opposed
- [X] Don't Know

**Does opposing counsel intend to file a response:**
- [ ] Yes
- [ ] No
- [X] Don't Know

**Is the oral argument on motion requested?** [ ] Yes [X] No (requests for oral argument will not necessarily be granted)

**Has the appeal argument date been set?** [ ] Yes [X] No  If yes, enter date:_____

**Signature of Moving Attorney:**

_/s/ DX_  **Date:** March 3, 2026  **Service:** [ ] Electronic [X] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

Public Version

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

In re: DX, Petitioner

Case No. _____

# Petition for Writ of Mandamus to Compel Ministerial Docketing

(Arising from United States v. Ho Wan Kwok, No. 1:23-cr-118 (AT), S.D.N.Y.)

RECEIVED 2026 MAR -9 PM 1:12 U.S. COURT OF APPEALS

## 1. INTRODUCTION

Petitioner respectfully seeks a writ of mandamus directing the Clerk of the United States District Court, Southern District of New York to docket two previously submitted filings:

(1) a Third-Party Petition pursuant to 21 U.S.C. § 853(n); and

(2) a motion pursuant to Federal Rule of Civil Procedure 60(d)(3).

This petition does not ask this Court to direct how the district court should rule on those filings. It seeks only to compel the performance of the ministerial act of entering them on the docket.

Despite confirmed delivery, electronic submission, and service on the United States Attorney's Office, neither filing has appeared on the district court docket, and no deficiency notice or rejection order has been issued.

Absent docketing, Petitioner has no mechanism to obtain judicial review or appellate relief. As of the date of this filing, the Clerk has issued no response or acknowledgment.

## 2. JURISDICTION AND STANDARD

This Court has authority under the All Writs Act, 28 U.S.C. § 1651(a), and Federal Rule of Appellate Procedure 21. This petition is not brought under the Crime Victims' Rights Act, 18 U.S.C. § 3771, and instead invokes the Court's traditional mandamus authority.

Mandamus is appropriate where:

(1) the petitioner has no other adequate means to obtain relief;

(2) the right to issuance of the writ is clear and indisputable; and

(3) the writ is appropriate under the circumstances.

See *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).
Petitioner satisfies each requirement because this petition seeks only to

compel the nondiscretionary act of docketing filings that were received and served.

## 3. STATEMENT OF FACTS

**3.1 The § 853(n) Petition** (*Vol. I* **Ex. G**; *Vol. II* **Ex. P**)

On October 15, 2025, Petitioner transmitted by email a Third-Party Petition under 21 U.S.C. § 853(n) to the Pro Se Intake Unit of the Southern District of New York.

On October 14, 2025, Petitioner dispatched a sealed DHL package containing:

- the unredacted version of the § 853(n) petition with exhibits;
- a redacted public version for docketing.

DHL records confirm delivery to the courthouse on October 17, 2025 (*Vol. I* **Ex. A**; *Vol. II* **Ex. J**).

Petitioner also served the redacted petition upon the United States Attorney's Office (*Vol. I* **Ex. B**; *Vol. II* **Ex. K**).

Petitioner includes the § 853(n) petition solely under seal for the Court's review. No public version is filed in this proceeding.

As of the date of this filing, no docket entry reflecting the § 853(n) petition appears in Case No. 1:23-cr-118 (AT). No deficiency notice, rejection notice, or order addressing the petition has been issued and no docket number has been assigned.

**3.2 Follow-Up Efforts**

On October 22, 2025, Petitioner transmitted a Motion to Compel Docketing (*Vol. I* **Ex. H**; *Vol. II* **Ex. Q**) by email to the Pro Se Intake Unit (*Vol. I* **Ex. E**; *Vol. II* **Ex. N**). On November 14, 2025, Petitioner dispatched a hard-copy version of that motion by DHL courier, together with the Rule 60(d)(3) motion, and served a corresponding copy upon the United States Attorney's Office.

Petitioner subsequently sent follow-up inquiries on October 27 and October 31, 2025. (*Vol. I* **Ex. F**; *Vol. II* **Ex. O**).

No response was received. No docket entry was made. No explanation was provided. These follow-up efforts received no acknowledgment or administrative action from the Clerk's Office.

**3.3 The Rule 60(d)(3) Motion** (*Vol. I* ***Ex. I***; *Vol. II* ***Ex. R***)

Page 4 of 15

On November 14, 2025, Petitioner submitted a motion under Federal Rule of Civil Procedure 60(d)(3) seeking relief from the Preliminary Order of Forfeiture. This motion alleges fraud on the court relating to the entry of the Preliminary Order of Forfeiture.

The motion was transmitted by email to the Pro Se Intake Unit, delivered by DHL courier to the Clerk's Office (*Vol. I* **Ex. C**; *Vol. II* **Ex. L**), and served upon the United States Attorney's Office (*Vol. I* **Ex. D**; *Vol. II* **Ex. M**). As of the date of this petition, no docket entry reflects the Rule 60(d)(3) motion. No order has addressed it.

---

**3.4 Prior Attempted Submission of Mandamus Petition to This Court** (*Vol. I Ex. S; Vol. II Ex. T*)

On December 10, 2025, Petitioner submitted a complete set of mandamus filings—both sealed and public versions—to the Clerk of the United States Court of Appeals for the Second Circuit by EMS international courier. The package was received but not docketed.

On February 17, 2026, the Clerk returned the materials with a notice stating that the submission lacked either the $600 filing fee or a completed in forma pauperis application, and that the certificate of service omitted required recipients, including the district judge and

opposing counsel.

Petitioner now re-submits corrected materials in compliance with the Court's instructions. This background is included solely to explain the procedural history and timing of this submission.

## 4. ARGUMENT

**4.1 Docketing a Properly Submitted Filing Is a Ministerial Duty**

Before reaching the Cheney framework, the Court should first consider whether the requested relief qualifies for mandamus as a threshold matter. Mandamus lies to compel performance of a purely ministerial duty where the law imposes an obligation and no discretion is involved. See *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980). The act of docketing a submission received in proper form falls squarely within this category.

The Clerk of Court has no authority to refuse or indefinitely withhold entry of a filing that has been physically delivered, properly formatted, and served on opposing counsel. Courts routinely recognize that while judges have discretion in adjudicating motions, the docketing of those motions is a nondiscretionary prerequisite. See, e.g., *In re Kraske*, 484 F. App'x 13, 14 (7th Cir. 2012) (mandamus warranted where "clerk's office refused to docket" a pro se filing).

Here, Petitioner delivered to the district court two filings—a Third-Party Petition under § 853(n) and a Rule 60(d)(3) motion—by both tracked courier and electronic mail. Redacted public versions were served on the United States Attorney's Office. No deficiency notice was issued, and no rejection was communicated. In the absence of docketing, no judicial action can proceed.

Petitioner does not seek a substantive ruling from this Court, but only the enforcement of a basic procedural safeguard: that filings delivered to the district court in proper form must be docketed as required. This is a straightforward ministerial task, not subject to discretion.

## 4.2 Petitioner Has No Other Adequate Means to Obtain Relief (Cheney Factor 1)

➢ *Lack of any alternative judicial remedy.*

Petitioner cannot access judicial review or appellate mechanisms because neither filing appears on the district court docket.

Mandamus is appropriate where the petitioner lacks any alternative means to secure the requested relief. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004). Here, absent docketing, Petitioner cannot trigger the statutory adjudication mechanism under 21 U.S.C. § 853(n), nor invoke

post-judgment relief through the concurrently submitted motion under Federal Rule of Civil Procedure 60(d)(3), which remains unentered and unacknowledged. No order exists from which to appeal, no ancillary proceeding can commence, and no judicial review is available.

> ➤ *Repeated efforts to prompt action.*

Despite diligent efforts through tracked courier, email submission, and proper service on the United States Attorney's Office, neither filing has appeared on the district court docket. The Clerk has not issued any deficiency notice or rejection order. Petitioner has followed up repeatedly and has yet to receive any acknowledgment or explanation.

> ➤ *Consequences of docketing failure.*

Because no order or docket entry exists, Petitioner cannot invoke appellate jurisdiction or request substantive review in any forum. The failure to docket entirely blocks access to the statutory process Congress provided for third-party interests in forfeited property, as well as the procedural protections afforded by Rule 60(d)(3) in cases of fraud on the court. No other means of relief is available.

The absence of docketing effectively nullifies Petitioner's statutory right to be heard under § 853(n) and the procedural right to seek relief from judgment under Rule 60(d)(3).

The unacknowledged Rule 60(d)(3) motion raises serious allegations of fraud on the court, a category of misconduct that undermines the integrity of the judicial process itself. Absent docketing, those allegations cannot receive even threshold judicial scrutiny.

### 4.3 The Right to Docketing Is Clear and Indisputable (Cheney Factor 2)

Mandamus may issue only when the petitioner's right to relief is "clear and indisputable." Cheney, 542 U.S. at 381. In this case, that standard is satisfied because the Clerk's duty to docket properly submitted filings is non-discretionary, and Petitioner has fulfilled all applicable procedural requirements.

Clerks of court have a ministerial duty to docket filings received in proper form. Docketing is not a discretionary act. Petitioner does not ask the district court to grant relief or evaluate the merits of any filing, but only requests that the Clerk record the existence of submissions delivered to the Court and served on the government.

The legal framework governing § 853(n) third-party petitions presumes that filings will be docketed promptly so that judicial review may occur. Similarly, Petitioner's Rule 60(d)(3) motion, which seeks relief from judgment based on alleged fraud on the court, must first be docketed in

order to be considered. Petitioner has no burden to establish entitlement to substantive relief at this stage—only to show entitlement to the basic procedural step of docket entry.

In similar contexts, courts have consistently held that litigants possess a clear and enforceable right to have their filings received and docketed. Where, as here, no deficiency has been identified and the filings were properly submitted, the right to docketing is clear and indisputable.

## 4.4 Mandamus Is Appropriate Under the Circumstances (Cheney Factor 3)

Absent docketing, Petitioner faces irreparable procedural harm, and mandamus is the only vehicle to restore access to the judicial process.

The writ of mandamus is warranted where the requested relief is appropriate under the circumstances. *Cheney*, 542 U.S. at 381. That condition is satisfied here.

Petitioner seeks only a limited procedural remedy: that the Clerk perform the nondiscretionary act of docketing filings that have already been received. No substantive ruling is requested, and no relief is sought against any judge or party.

Without docketing, Petitioner faces irreparable harm. The statutory mechanism under § 853(n) cannot be initiated, and access to judicial review under Rule 60(d)(3) is foreclosed at the threshold. Further delay risks jurisdictional forfeiture, administrative closure, or waiver of rights.

Granting mandamus here would preserve access to judicial process, maintain procedural integrity, and impose no burden on the government or the court. It is a minimal remedy, narrowly tailored to restore a threshold procedural safeguard. This includes enabling judicial review of both the statutory third-party petition and the pending Rule 60(d)(3) motion seeking relief from judgment based on alleged fraud on the court.

## 5. RELIEF REQUESTED

**WHEREFORE**, Petitioner respectfully requests that the Court issue a writ of mandamus directing the Clerk of the United States District Court, Southern District of New York to:

(1) docket Petitioner's Third-Party Petition under 21 U.S.C. § 853(n); and

(2) docket Petitioner's Motion under Federal Rule of Civil Procedure 60(d)(3).

Petitioner does not request any substantive ruling, only ministerial docketing of filings properly submitted and served.

Case: 26-563, 03/11/2026, DktEntry: 12.1, Page 13 of 17
Case 1:23-cr-00118-AT   Document 813   Filed 03/11/26   Page 13 of 17

Public Version

# 6. CONCLUSION

This petition presents a narrow procedural request. Petitioner seeks only the ministerial docketing of filings already delivered and served. No other adequate remedy is available. A writ of mandamus is necessary to restore access to judicial process. Without intervention, Petitioner's access to judicial remedy risks being permanently foreclosed by **continued administrative inaction** —an outcome incompatible with due process. Such a result should not stand unreviewed.

Respectfully submitted,

_____*DX*_____

DX

Petitioner, Pro Se

Dated: March. 3, 2026

## 7. EXHIBIT LIST

**7.1 Public Appendix (Volume I – Redacted)**

Petitioner respectfully submits the following redacted exhibits for public filing and reference:

**Exhibit A** – Redacted DHL Delivery Confirmation to SDNY for § 853(n) Petition (Oct. 17, 2025)

**Exhibit B** – Redacted DHL Delivery Confirmation to United States Attorney for § 853(n) Petition (Oct. 15, 2025)

**Exhibit C** – Redacted DHL Delivery Confirmation to SDNY for Rule 60(d)(3) Motion (Nov. 14, 2025)

**Exhibit D** – Redacted DHL Delivery Confirmation to United States Attorney for Rule 60(d)(3) Motion (Nov. 14, 2025)

**Exhibit E** – Redacted Email Submission of Motion to Compel Docketing (Oct. 22, 2025)

**Exhibit F** – Redacted Follow-Up Emails to the Pro Se Intake Unit (Oct. 27 and Oct. 31, 2025)

**Exhibit G** – Redacted Copy of Petitioner's § 853(n) Petition (As Submitted for Public Docketing)

**Exhibit H** – Redacted Copy of Motion to Compel Docketing (As Submitted for Public Docketing)

**Exhibit I** – Redacted Copy of Petitioner's Rule 60(d)(3) Motion (As Submitted for Public Docketing)

**Exhibit S** – Redacted Prior Attempted Submission of Mandamus Petition and Clerk Correspondence (Dec. 2025–Feb. 2026)

The redactions are limited to personally identifying information, consistent with Fed. R. App. P. 25(a)(5).

---

### 7.2 Sealed Appendix (Volume II – Unredacted)

Petitioner respectfully submits the following unredacted exhibits under seal, pursuant to Fed. R. App. P. 25(a)(5):

**Exhibit J** – Unredacted DHL Delivery Confirmation to SDNY for § 853(n) Petition (Oct. 17, 2025)

**Exhibit K** – Unredacted DHL Delivery Confirmation to United States Attorney for § 853(n) Petition (Oct. 15, 2025)

**Exhibit L** – Unredacted DHL Delivery Confirmation to SDNY for Rule 60(d)(3) Motion (Nov. 14, 2025)

**Exhibit M** – Unredacted DHL Delivery Confirmation to United States Attorney for Rule 60(d)(3) Motion (Nov. 14, 2025)

**Exhibit N** – Unredacted Email Submission of Motion to Compel Docketing (Oct. 22, 2025)

**Exhibit O** – Unredacted Follow-Up Emails to the Pro Se Intake Unit (Oct. 27 and Oct. 31, 2025)

**Exhibit P** – Unredacted Copy of Petitioner's § 853(n) Petition (As Submitted to SDNY)

**Exhibit Q** – Unredacted Copy of Motion to Compel Docketing (As Submitted to SDNY)

**Exhibit R** – Unredacted Copy of Petitioner's Rule 60(d)(3) Motion (As Submitted to SDNY)

**Exhibit T** – Unredacted Prior Attempted Submission of Mandamus Petition and Clerk Correspondence (Dec. 2025–Feb. 2026)

These sealed exhibits contain personally identifying information. Redacted versions of the underlying filings have previously been served on the United States Attorney's Office and the assigned district judge.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

In re: DX, Petitioner
Case No. _____

(Relates to United States v. Ho Wan Kwok, No. 1:23-cr-118 (AT), S.D.N.Y.)

## Certificate of Service

I, **DX**, hereby certify under penalty of perjury that on **March 3, 2026**, I served true and correct redacted copies of the following documents by tracked mail:

1. Petition for Writ of Mandamus (Public Version)
2. Public Appendix (Volume I – Redacted Version)
3. Motion to File Certain Materials Under Seal (Public Version)
4. Motion to Proceed Under Pseudonym (Public Version)

The foregoing documents were served upon:

**The Honorable Analisa Torres**
United States District Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007-1312

**Ryan B. Finkel**
Assistant United States Attorney
United States Attorney's Office, Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

A separate notice identifying the existence of the sealed **Identity Statement**, the **Sealed Appendix (Volume II)**, and the **in forma pauperis** application materials was also served on the Court and the Government. These sealed materials themselves were not publicly filed.
Respectfully submitted,

_____
**DX**
Petitioner, Pro Se
Dated: March 3, 2026