LAW OFFICES OF

# DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006

TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS

AMY E. GREER
JACOB C. EISENMANN

ACHARA AMY SCHRODER
*Paralegal*

November 12, 2025

**<u>FILED *EX PARTE* AND UNDER SEAL</u>**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Ho Wan Kwok (Miles Guo)*,
          23 Cr. 118 (AT)

Dear Judge Torres:

  This letter motion is respectfully submitted on behalf of defendant Ho Wan Kwok (Miles Guo), whom John F. Kaley, Esq., Melinda Sarafa, Esq., and I represent in the above-entitled case, to request the issuance of a subpoena *duces tecum* pursuant Rule 17(c) for documents in the possession of ▇▇▇▇▇▇▇▇▇▇▇▇., related to his prior legal representation of Mr. Kwok. Fed. R. Crim. P. 17(c); *United States v. Nixon*, 418 U.S. 683 (1974). A copy of the proposed subpoena for the Court's signature is attached hereto.

  Mr. ▇▇▇▇ represented Mr. Guo during approximately 2014-2018 in connection with various matters which counsel believe have bearing on Mr. Guo's sentencing. However, despite repeated requests during the past six months from Mr. Guo's current defense counsel, and incontrovertible evidence of Mr. ▇▇▇▇s representation of Mr. Guo – including videos and social media posts from that time period,[1] as well as information provided not only by Mr. Guo, but by others, including lawyers, familiar with Mr. ▇▇▇▇'s representation of Mr. Guo, and the fact that during the relevant period the FBI investigated a hack of Mr. ▇▇▇▇'s electronic devices – Mr.

---

[1] In one video, Mr. ▇▇▇▇ specifically identifies himself as Mr. Guo's attorney and the person to be contacted in the event anything untoward were to happen to Mr. Guo.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
November 12, 2025
Page 2 of 3

███ has refused to provide any documents or other information with respect to his representation of Mr. Guo.

Consequently, Mr. Guo is left with one alternative: intervention by this Court in the form of a Rule 17(c) subpoena.[2]  Rule 17(c) provides, in part: "[a] subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates." Fed. R. Crim. P. 17(c).  Rule 17(c) subpoenas may be issued prior to post-trial motions and hearings including sentencing.  *See United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981), *accord United States v. Krane*, 625 F.3d 568 (9th Cir. 2010); *Kent v. United of Omaha Life Ins. Co.*, 2006 DSD 7, 430 F. Supp. 2d 946 (D.S.D. 2006);  2 Wright, Federal Practice and Procedure: Criminal 2d § 271 at 134 ("[Rule 17] is not limited to subpoena for the trial.  A subpoena may be issued for a preliminary examination, a grand jury investigation, a deposition, for determination of an issue of fact raised by a pretrial motion, or for posttrial motions").

Under both federal and state law, work papers and other documents related to an attorney's representation belong to the client and may not be withheld by former counsel.  *Martin v. Valley Nat. Bank of Arizona*, 140 F.R.D. 291, 320 (S.D.N.Y. 1991) ("[h]aving been hired to serve the client, the attorney cannot fairly be authorized to subvert the client's interests by denying to the client those work papers to which the client deems it necessary to have access."); *see also Resol. Tr. Corp. v. H—, P.C.*, 128 F.R.D. 647, 649 (N.D. Tex. 1989); *Nolan v. Foreman*, 665 F.2d 738, 742 (5th Cir. 1982); *United States v. Naggs*, No. 18 Cr, 130, 2020 WL 5105783, at *3 (E.D. Wisc. Aug. 31, 2020) ("[the defendant] should not have to subpoena his former counsel to obtain his client file."); *In re Kaleidoscope, Inc.*, 15 B.R. 232, 244 (Bankr.N.D.Ga.1981), *rev'd on other grounds*, 25 B.R. 729 (N.D.Ga.1982); *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn LLP*, 91 N.Y.2d 30, 34 (1990) (client is "presumptively accord[ed]. . . full access" to the lawyer's file on a represented matter"); *Restatement (Third) of the Law Governing Lawyers*, Comment (c) to § 46 ("[o]n request, a lawyer must allow a client or former client to inspect and copy any document possessed by the lawyer relating to the representation, unless substantial grounds exist to refuse," and must deliver, "after representation ends," "documents possessed by the lawyer relating to the representation as the client or former client reasonably needs.");  New York Disciplinary Rule 2-110(2) (upon withdrawing from a representation, a lawyer shall "deliver[] to the client all papers and property to which the client is entitled").

The materials that must be produced include those created by the lawyer.  For example, in

---

[2] While the Rule does not require Court pre-approval, this application is made to conform with the custom in this District, in which many judges prefer that an *ex parte* submission be made to explain the need for the subpoena.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
November 12, 2025
Page 3 of 3

*Gruss v. Zwirn*, 296 F.R.D. 224 (S.D.N.Y. 2013), the Court pointed out that the client "undoubtedly paid for the witness interviews conducted, and the notes taken, by Gibson Dunn attorneys," and "Gibson Dunn conducted these interviews as part of its representation of the Company." *Id*. at 229 (citations omitted). Thus, "under *Sage Realty*, the Company has a presumptive right of access to Gibson Dunn's entire file, including the interview notes taken by Gibson Dunn attorneys." *Id*.

    Here, the documents sought satisfy the criteria for production pursuant to Rule 17(c) because they (1) are evidentiary and relevant to Mr. Kwok's sentencing, (2) have not been otherwise procurable despite multiple direct requests to former counsel; (3) are necessary for the defense's preparation in advance of sentencing; and (4) are limited to files related to Mr. ▇▇▇'s representation of Mr. Kwok. *See Nixon*, 418 U.S. at 699-700.

    Accordingly, for the reasons set forth above, it is respectfully requested that the Court issue a Rule 17(c) subpoena to produce all documents possessed by Mr. ▇▇▇ related to his representation of Mr. Guo and to which Mr. Guo is entitled.

Respectfully submitted,

*[signature]*

Joshua L. Dratel
John F. Kaley
Melinda Sarafa

*Attorneys for Defendant*
*Ho Wan Kwok*

JLD/
Encl.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 23 Cr. 118 (AT) |
| Ho Wan Kwok ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CRIMINAL CASE

To: ███████

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following books, papers, documents, data, or other objects:

Please see attached page reciting the documents, data, and objects sought.

| Place: Dratel & Lewis<br>29 Broadway, Suite 1412<br>New York, NY 10006 | Date and Time: 12/01/2025 12:00 am |
|---|---|

Certain provisions of Fed. R. Crim. P. 17 are attached, including Rule 17(c)(2), relating to your ability to file a motion to quash or modify the subpoena; Rule 17(d) and (e), which govern service of subpoenas; and Rule 17(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

*(SEAL)*

Date: _____

*CLERK OF COURT*

_____
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Ho Wan Kwok (Miles Guo) , who requests this subpoena, are:

Joshua L. Dratel, 29 Broadway, Suite 1412, New York, NY, 10006; jdratel@dratellewis.com; 917-754-1696

**Notice to those who use this form to request a subpoena**

Before requesting and serving a subpoena pursuant to Fed. R. Crim. P. 17(c), the party seeking the subpoena is advised to consult the rules of practice of the court in which the criminal proceeding is pending to determine whether any local rules or orders establish requirements in connection with the issuance of such a subpoena. If no local rules or orders govern practice under Rule 17(c), counsel should ask the assigned judge whether the court regulates practice under Rule 17(c) to 1) require prior judicial approval for the issuance of the subpoena, either on notice or ex parte; 2) specify where the documents must be returned (e.g., to the court clerk, the chambers of the assigned judge, or counsel's office); and 3) require that counsel who receives produced documents provide them to opposing counsel absent a disclosure obligation under Fed. R. Crim. P. 16.

Please note that Rule 17(c) (attached) provides that a subpoena for the production of certain information about a victim may not be issued unless first approved by separate court order.

Case No.  23 Cr. 118 (AT)

**PROOF OF SERVICE**

This subpoena for *(name of individual and title, if any)* ▮▮▮▮▮▮
was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 89B  (07/16)  Subpoena to Produce Documents, Information, or Objects in a Criminal Case (Page 3)

## Federal Rule of Criminal Procedure 17 (c), (d), (e), and (g) (Effective 12/1/08)

**(c) Producing Documents and Objects.**

    **(1) In General.** A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

    **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

    **(3) Subpoena for Personal or Confidential Information About a Victim.** After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

**(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United States, a federal officer, or a federal agency has requested the subpoena.

**(e) Place of Service.**

    **(1) In the United States.** A subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States.

    **(2) In a Foreign Country.** If the witness is in a foreign country, 28 U.S.C. § 1783 governs the subpoena's service.

**(g) Contempt.** The court (other than a magistrate judge) may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by a federal court in that district. A magistrate judge may hold in contempt a witness who, without adequate excuse, disobeys a subpoena issued by that magistrate judge as provided in 28 U.S.C. § 636(e).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
UNITED STATES OF AMERICA,              :         Docket No. 23 Cr. 118 (AT)
:
– against –                             :
:                APPENDIX TO SUBPOENA
:                TO PRODUCE DOCUMENTS,
HO WAN KWOK,                            :        <u>INFORMATION, OR OBJECTS</u>
:
:
         Defendant.                     :
------------------------------------------------------x

This is an appendix to page one of the subpoena form attached herein.

You are commanded to produce, at the time, date, and place set forth below, the following books, papers, documents, data, or other objects:

All physical and electronic documents and data related to your prior legal representation of Ho Wan Kwok, including but not limited to:

1. Documents and data provided to you by Mr. Kwok;

2. ███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████

3. All work product related to Mr. Kwok, including memoranda, notes, including meeting or call notes, research databases or tables, reports, letters, briefs, or any other documents or data produced in relation to your representation of Mr. Kwok;

4. ███████████████████████████████████████

████████████████████████████

5. Any agreement, including but not limited to any retainer agreement between Mr. Kwok and yourself and/or your office, and/or any firm or organization through which you provided any services to Mr. Kwok;

6. ████████████████████████████████████████

   ████████████████████████████████████████

   ████████████████████████████████

   ████████████████████████

7. Correspondence between yourself, any employee or contractor at your firm, and Mr. Kwok;

8. Correspondence between yourself, any employee or contractor at your firm, and any third party, regarding Mr. Kwok;

9. All calendar entries related to Mr. Kwok;

10. Any other documents, data, or objects in your possession related to your representation of Mr. Kwok.

11, The use of the words "firm" and "office" herein encompasses any law firm or other business entity or organization through which you were providing legal or other services to Mr. Kwok.

12. The use of "Ho Wan Kwok" herein encompasses any other name he uses or used, such as Miles Guo, Guo Wengui, or any other name or entity acting on his behalf.