LAW OFFICES OF

**DRATEL & LEWIS**

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006

TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: jdratel@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS

AMY E. GREER
JACOB C. EISENMANN

SAMANTHA ENGST-MANSILLA
*Paralegal*

January 27, 2026

**FILED *EX PARTE* AND UNDER SEAL**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel P. Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

Re: *United States v. Ho Wan Kwok (Miles Guo)*,
23 Cr. 118 (AT)

Dear Judge Torres:

This letter motion is respectfully submitted on behalf of defendant Ho Wan Kwok (Miles Guo), whom John F. Kaley, Esq., Melinda Sarafa, Esq., and I represent in the above-entitled case, in connection with the Court's January 13 ,2026, *Ex Parte* Order regarding Mr. Guo's request for issuance of a subpoena *duces tecum* pursuant Rule 17(c) for documents in the possession of [redacted] Esq., related to his and his firm's prior legal representation of Mr. Guo. Fed. R. Crim. P. 17(c).

It cannot be disputed that Mr. [redacted] and his firm represented Mr. Guo, given that Mr. [redacted] posed in a publicly disseminated video with Mr. Guo and was specifically identified as Mr. Guo's attorney to be contacted in the event that something untoward were to happen to Mr. Guo, and the fact that Mr. [redacted] and his firm [redacted]

The Court's Order directs Mr. Guo to supplement his request with information regarding

LAW OFFICES OF
DRATEL & LEWIS

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 27, 2026
Page 2 of 6

(1) the relevance of the requested materials to sentencing; (2) why counsel cannot properly prepare for sentencing without the material; and (3) specificity with respect to the materials requested. This letter provides that information.

## I. *The Requested Materials Are Relevant to Sentencing*

In the course of counsel's continuing review of the vast volume of discovery (64 terabytes), counsel have discovered within the past few weeks two documents that augment the request for the subpoena, and which demonstrate even more dispositively that Mr. [redacted] is both not being truthful in claiming he did not have an attorney-client relationship with Mr. Guo (and in particular with respect to Mr. Guo's provision of information to U.S. intelligence agencies), and that his refusal to provide documents in his possession requires the subpoena.



LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 27, 2026
Page 3 of 6

[Page content redacted]

[redacted]

[redacted] [redacted]

[redacted] [redacted]

The second document, attached hereto as Exhibit 2, is a copy of a *Bloomberg* news article from [redacted] Exhibit 2.

Thus, while Mr. [redacted] has resisted any overtures from counsel, and even (preposterously) claimed he did not represent Mr. Guo, the documents referenced above and the information set forth in the initial subpoena application establish plainly that Mr. [redacted] represented Mr. Guo as his attorney, [redacted] Given these facts, it is respectfully submitted that the subpoena sought almost certainly will yield responsive materials relevant to sentencing.

[redacted]

## II. *Counsel Cannot Properly Prepare for Sentencing Without the Material*

The information and material sought via the subpoena is essential to counsel's preparation for sentencing. Currently, counsel possesses only Mr. Guo's version of events, which, while counsel believes is accurate, is likely incomplete, generalized, and could nonetheless be regarded as self-serving because it is from the defendant. Mr. [redacted]s records will provide irrefutable corroboration of Mr. Guo's account, and supply additional detail and information beyond what Mr. Guo is able to recall nearly a decade (or more) later.

LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 27, 2026
Page 5 of 6

Counsel believes this information and material constitutes mitigation of paramount importance in presenting Mr. Guo's "history and characteristics," and reflects as well on issues of deterrence and recidivism that also are encompassed within §3553(a). *See, e.g.*, §3553(a)(2)(B) (deterrence); §3553(a)(2)(C) (recidivism). Without it, the Court will have an incomplete and distorted portrayal of Mr. Guo's past and prospects in the future.

## III. *Specifying the Material Requested*

As discussed above in Section I, the specific material and information that counsel anticipate would be produced pursuant to the subpoena includes:



LAW OFFICES OF
**DRATEL & LEWIS**

Hon. Analisa Torres
United States District Judge
Southern District of New York
January 27, 2026
Page 6 of 6

Accordingly, for the reasons set forth above, and in counsel's prior November 12, 2025, letter application, it is respectfully requested that the Court issue a Rule 17(c) subpoena to produce all documents possessed by Mr. [REDACTED] related to his representation of Mr. Guo and to which Mr. Guo is entitled.

Respectfully submitted,

Joshua L. Dratel
John F. Kaley
Melinda Sarafa

*Attorneys for Defendant*
*Ho Wan Kwok*

JLD/
Encls.