

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

March 17, 2026

**BY ECF**
Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY

Re:     *United States v. Miles Guo*, S3 23 Cr. 118 (AT)

Dear Judge Torres:

The Government moves to quash defendant Miles Guo's application to serve a Rule 17(c) subpoena (the "Subpoena") in connection with his long-delayed sentencing proceeding.  The Subpoena seeks voluminous records from a lawyer Guo claims represented him between 2014 and 2018 that are either plainly irrelevant to sentencing or cumulative of materials that Guo has long possessed.  Because Guo's application fails to meet the standard set forth in *United States v. Nixon*, 418 U.S. 683 (1974), and granting it "would further delay resolution of the case," Order, Dkt. 805 at 3 (denying another of Guo's motions for sentencing discovery), the Court should quash the Subpoena.  In no event should the resolution of Guo's application further delay the sentencing that the Court set for April 27, 2026, in the same order in which it directed the Government to file this response.  *See* Dkt. 814 at 1–2.

Rule 17(c) document subpoenas may only seek records that are relevant, admissible, and specific.  *See, e.g.*, *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014) (applying a four-part test set out by the Supreme Court in *Nixon*).  Courts that have considered Rule 17(c) subpoenas in connection with sentencing proceedings have adopted *Nixon*'s trial-focused test to require the applicant to show "(1) that the information is evidentiary and relevant; (2) that it is not otherwise procurable in advance through the exercise of due diligence; (3) that the party seeking production cannot properly prepare for post-trial motions or sentencing without advance inspection; and (4) that the application is made in good faith and is not simply intended as a general 'fishing expedition.'"  *United States v. Winner*, 641 F.2d 825, 833 (10th Cir. 1981); *accord United States v. Leaver*, 358 F. Supp. 2d 273, 276 (S.D.N.Y. 2005).  The Government may move to quash a subpoena directed to a third party "on the basis of the Government's own legitimate interests," *United States v. Ray*, 337 F.R.D. 561, 571 (S.D.N.Y. 2020), including its interests "in preventing any undue lengthening" of the proceedings.  *United States v. Giampa*, No. 92 Cr. 437 (PKL), 1992 WL 296440, at *1 (S.D.N.Y. Oct. 7, 1992).

On September 4, 2025, the Government informed Guo's current counsel by letter that their request for (among other things) "materials related to meetings 'with agents of the FBI and representatives from other U.S. Government agencies'" were in "the discovery already produced to the defense" "[t]o the extent any such discoverable materials exist." More than two months later, without responding to the Government's September 4, 2025 letter, Guo filed his first *ex parte* application to serve the Subpoena on a lawyer he claims represented him from 2014 to 2018 (the "Lawyer"). The Court denied Guo's first application for this Subpoena on the ground that its requests "for a wide swath of material" from the Lawyer's file—including documents the Lawyer purportedly sent to and received from the United States Government—"[did] not meet the *Nixon* standard" because its "general request for all documents related to [the Lawyer's] representation of Mr. Guo" did "not properly specify which documents or materials are sought" and how they were relevant to sentencing. Jan. 13, 2026 Order at 1. Guo responded with a second *ex parte* application that did not narrow the Subpoena's general request for "[a]ll physical and electronic documents and data related to your prior legal representation of [Miles Guo]," but purported instead to argue Guo's claim that his request was consistent with Rule 17(c)'s limits. Guo's argument fails.

The Subpoena requests "a wide swath of material," Jan. 13, 2026 Order at 1, nearly none of which is "evidentiary and relevant." *Nixon*, 418 U.S. at 699. Most of the voluminous records it requests are plainly irrelevant to Guo's sentencing. (For example, one of the requests seeks all "retainer agreement[s]" between Guo and the Lawyer.) Others seek records of Guo's purported meetings with U.S. Government agencies before the offense conduct in this case. As the Government informed Guo's counsel in September 2025, any discoverable records of such events were produced long ago in pretrial discovery. Indeed, Guo concedes that the Subpoena's requests are sometimes cumulative of records that have long been in his possession. *See* Dkt. 816 at 2 (describing Subpoena's requests as supplementing "FBI reports" in Guo's possession). Other requests are aimed at irrelevant details like "confirm[ing] the frequency" of meetings Guo claims to have had with U.S. Government agencies or the full names of people he met with. *Id.; cf. United States v. Becton*, 241 F.R.D. 433, 434 (S.D.N.Y. 2006) (denying defendant's applications for subpoenas in sentencing phase of potential capital case because they sought "entire files . . . for what at most appear to be details" of information the defendant had "in sufficiently usable 'ballpark' form").

In short, Guo's application failed to heed the Court's demand to "explain[], with specificity, the relevance and necessity of the materials he seeks." Jan. 13, 2026 Order at 2. Instead, Guo simply states, without any supporting facts, that "the subpoena sought *almost certainly will yield responsive materials* relevant to sentencing." Dkt. 816 at 4 (emphasis added). But "[t]he fact that" records sought by a Rule 17(c) subpoena "are potentially relevant or may be admissible is not sufficient." *United States v. RW Pro. Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005). Guo's subpoena seeking all records of this purported historical legal representation, pre-dating his criminal conduct, is a transparent fishing expedition which fails to meet the *Nixon* standard.

The Court has previously rejected Guo's efforts to "have the Court reexamine discovery at sentencing" through serial motions that would have the effect of "further delay[ing] resolution of this case."  Order, Dkt. 805 at 2–3.  It should do the same here, and reject Guo's application for the Subpoena.

Respectfully submitted,

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515.

by: ___/s/_____

Micah F. Fergenson
Ryan B. Finkel
Justin Horton
Juliana N. Murray
Assistant United States Attorneys
(212) 637-2190 / 6612 / 2276 / 2314

cc:     Counsel of Record (by ECF)