# Exhibit 8

INDEX NO. 158140/2017

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 2 of 22

RECEIVED NYSCEF: 09/11/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X

RUI MA,

                                          Plaintiff,

-against-

GUO WENGUI a/k/a MILES KWOK and
GOLDEN SPRING (NEW YORK) LTD.,

                                       Defendants.

-------------------------------------------------------------X

Index. No.

Date Filed:

**SUMMONS**

Basis of Venue
Defendants' Address

**TO THE ABOVE-NAMED DEFENDANTS:**

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  New York, New York
          September 11, 2017

                            ARKIN SOLBAKKEN LLP

                            By: _____
                                Lisa C. Solbakken, Esq.
                                Robert C. Angelillo, Esq.
                        750 Lexington Avenue – 25th Floor
                      New York, New York 10022
                      (212) 333-0200

                      *Attorneys for Plaintiff Rui Ma*

**Defendants' Address**

781 Fifth Avenue
New York, New York 10022

c/o CT Corporation
111 Eighth Avenue
New York, New York 10011

Case 1:23-cr-00118-AT   Document 822-8   Filed 03/21/26   Page 3 of 22

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
RUI MA,                                                         Index. No.

                                   Plaintiff,
                                                              **VERIFIED COMPLAINT**
        -against-

GUO WENGUI a/k/a MILES KWOK and
GOLDEN SPRING (NEW YORK) LTD.,

                                   Defendants.
-------------------------------------------------------------X

Plaintiff Rui Ma ("Plaintiff"), by her undersigned attorneys, as and for her verified complaint against defendant Guo Wengui a/k/a Miles Kwok ("Defendant Kwok"), and Golden Spring (New York) Ltd. (a/k/a Shiny Times Holding Limited, Spirit Charter Investment Limited and Beijing Pangu Investment Inc.) ("Golden Spring") respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Over a period of several years, Defendant Kwok carefully cultivated an image of himself as a cultured political dissident who stands up to -- and exposes the rampant corruption within -- the tyrannical government of the People's Republic of China (the "PRC").

2.     This public persona, however, is a smokescreen, largely facilitated by Defendant Kwok's considerable personal wealth and prominent connections in the West.

3.     In fact, this crafted fiction serves not only to satisfy the ego of Defendant Kwok and those who affiliate with him; it further provides Defendant Kwok with a means to mask the campaign of intimidation and terror he unleashes regularly upon those few of his employees, like Plaintiff, who dare not submit themselves entirely to his domination.

4.     By this Complaint, Plaintiff seeks recompense from Defendant Kwok for his repeated acts of mental cruelty and sexual violence, so that Defendant Kwok -- who has fled the

Case 1:23-cr-00118-AT   Document 822-8   Filed 03/21/26   Page 4 of 22

jurisdictions in which he could be held criminally responsible – might be held accountable in a civil forum for his wrongs.

## THE PARTIES

5.    Plaintiff is a 28-year old woman who is a Chinese national and who was, at all relevant times relevant here, employed as a personal assistant to Defendant Kwok. Plaintiff swears to the accuracy of the claims set forth herein by the verification attached to this pleading.

6.    Defendant Kwok is a 50-year old man, who is also a Chinese national.

7.    At all relevant times, Defendant Kwok was, and remains, a New York resident living in the Sherry-Netherland Hotel in an apartment that has been valued at approximately $68 million, located at 781 Fifth Avenue, New York, New York.

8.    Defendant Golden Spring is a Delaware Corporation affiliated with Defendant Kwok, authorized to do business in the State of New York.

9.    Upon information and belief, Defendant Kwok has used, and continues to use, an alias, which he perpetuates via forged and false official travel documents in connection with his international travel, to avoid the detection of relevant authorities.

10.    For example, on information and belief, Defendant Kwok has traveled under the name Ho Wan Kwok and had official travel documents issued in that name, which is fictitious.

11.    It has been reported that Defendant has now sought asylum in the United States, claiming that he has become "a political opponent of the Chinese regime."
https://www.nytimes.com/2017/09/07/world/asia/china-guo-wengui-corruption-asylum.html?_r=0

2

12. Upon information and belief, Defendant's asylum application, which allows him to remain in the United States perhaps for years, is nothing more than a ruse to enable him to continue to avoid answering for his crimes against Plaintiff in the PRC.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this matter given that Defendant Kwok is a resident of the State of New York.

14. Venue in this County is proper pursuant to CPLR 503 since Defendant Kwok is a resident of this County.

## FACTS SUPPORT CLAIMS

15. Defendant Kwok is a well-known Chinese national with an estimated net worth in excess of $2 billion.

16. Defendant Kwok has fashioned a particular persona via the media, such that he is lauded by some as a courageous dissident who has, at personal risk, detailed myriad allegations of corruption at the government of the PRC.

17. Not surprisingly, Defendant Kwok's claims have resulted in a fair amount of press coverage, both locally and abroad, wherein Defendant Kwok is depicted as a whistleblower – albeit one with an indisputably checkered past rife with allegations of economic fraud. *See, e.g.,* https://www.nytimes.com/2017/06/27/world/asia/guo-wengui-china-corruption-xi-jinping.html?mcubz=1.

18. By his narrative, Defendant Kwok hopes to obtain political support for a petition for asylum in the United States, where he has yet to answer any of these the grave charges of misconduct pending in his homeland.

3

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 6 of 22

**Plaintiff Is Lured Away from her Family and Friends**

19.     Perhaps emboldened by the respite from his foibles in China that afforded him by the status of his New York address and the prominence of his connections in the United States, Defendant Kwok commenced building an infrastructure that would allow for him to continue conducting business.

20.     To this end, Defendant Kwok established a staff for himself.

21.     Plaintiff, who was then employed by one of Defendant Kwok's China-based affiliated entities, was told that she was to travel to New York to meet with Defendant Kwok, in connection with a process that would require that she remain in the United States for only one week.

22.     This was a ruse.  Unbeknownst to Plaintiff, she would not return to her home until almost three years later.

**Plaintiff's "Employment" Commences**

23.     After meeting Defendant Kwok for the first time in New York, Plaintiff realized that she had taken no ordinary business trip.

24.     She was advised that she had arrived to act as Defendant Kwok's personal assistant.

25.     In this capacity, she would be required to travel with Defendant Kwok to many different countries, including the United Kingdom ("U.K.") and the Bahamas.

26.     Defendant Kwok further advised Plaintiff that, given that she was now in his employ, she could not at any point return to the PRC.  If she did, Defendant Kwok warned, Plaintiff would be arrested and thrown in prison, where she would be tortured.

4

27.     To ensure that Plaintiff did not leave on her own, Defendant Kwok forcibly took away Plaintiff's passport, and precluded Plaintiff from accessing it.

28.     Defendant Kwok further closely monitor her access telephonic and electronic means of communication, choosing when she could use her phone and laptop, and obtaining from her the passwords she used for Facebook and other applications. He further had her internet browser monitored, so that he would be aware of any "inappropriate" website activity.

29.     Defendant Kwok additionally forbad Plaintiff from independently fraternizing in any way with others outside his presence.  She was to have permission to call her parents; no other contact with family or friends was permitted.

30.     Plaintiff's isolation was exacerbated by the fact that she was not, at this time, a proficient English speaker.  Accordingly, her limited opportunity to communicate with anyone while confined within Defendant Kwok's entourage in non-Chinese speaking countries was virtually non-existent.

31.     As a result of Defendant Kwok's actions, almost immediately upon her arrival to the United States and at all relevant times thereafter, Plaintiff effectively became Defendant Kwok's captive.

**Defendant Kwok's Abuse Turns Physical**

32.     Once he had obtained physical control over her person, Defendant Kwok began to terrorize her.

33.     Among other things, for example, Defendant Kwok would require that Plaintiff until 2 a.m. or 4 a.m., seven days a week -- depriving her of any real opportunity to sleep.

34.     When she made a mistake of any sort (whether it be defying one of Defendant Kwok's "rules" or simply failing to attend to a business matter to his liking), Plaintiff would be

5

Case 1:23-cr-00118-AT   Document 822-8   Filed 03/21/26   Page 8 of 22

subject to obscene ridicule, where she would be called a "pig" and a "whore," about whom her parents would be ashamed.

35. This unrelenting verbal abuse was soon punctuated by acts of physical assault.

36. For example, while assisting in preparations for guests who were to arrive at Defendant Kwok's New York apartment, Defendant Kwok directed Plaintiff to go into the "cinema room."

37. Once there, Defendant Kwok pulled down his pants and underwear, and began to tear at Plaintiff's skirt and tights, physically battering her in the process.

38. Plaintiff plead with Defendant Kwok and thereby narrowly avoided rape on this one occasion. Yet without her passport and in constant fear for her own safety and that of her parents (whom Defendant Kwok had threatened to harm physically if she crossed Defendant Kwok in any way), Plaintiff remained in Defendant Kwok's captivity.

**Defendant Kwok Rapes Plaintiff**

39. Not long after the incident in the cinema room, Defendant Kwok directed Plaintiff to have drinks with him.

40. Plaintiff initially objected to this, indicating to him that she did not want to drink.

41. Defendant Kwok, however, insisted – after which Plaintiff relented with the hopes of avoiding the humiliating and rage-filled outburst that she knew would occur if she did not.

42. After some time, Plaintiff excused herself to go to sleep, only to be awoken by Defendant Kwok, who was lying on top of her and attempting to separate her legs.

43. Plaintiff yelled at Defendant Kwok to stop, but he refused to do so. Eventually, Defendant Kwok overpowered her, and engaged in non-consensual forced sexual intercourse with Plaintiff.

6

Case 1:23-cr-00118-AT   Document 822-8   Filed 03/21/26   Page 9 of 22

44. After this violence concluded, Defendant Kwok left Plaintiff alone, bleeding in her bed.

45. Plaintiff continued to live in constant fear of Defendant Kwok thereafter, remaining awake for as long as she could muster for fear that Defendant Kwok would again attack.

## Defendant Kwok Rapes Plaintiff Again

46. Subsequent to this rape, Defendant Kwok's confinement and isolation of Plaintiff continued, and while at Defendant Kwok's London home, Plaintiffs was raped for a second time.

47. While Plaintiff was working, Defendant Kwok entered the room where she was situated and locked the door behind him.

48. He violently pulled Plaintiff from her chair, and threw Plaintiff to the floor and began to tear at her clothing.

49. Plaintiff attempted to fight off Defendant Kwok's attack, engaging in a sustained physical struggle.

50. Again, however, Plaintiff, however, was ultimately overpowered by Defendant Kwok, who tore at Plaintiff's pants and underwear.

51. Throughout this entire struggle, Plaintiff begged Defendant Kwok to stop.

52. But Defendant Kwok did not stop, and instead coldly responded that Plaintiff must stop shouting.

53. Defendant Kwok proceeded to pin Plaintiff's hands together with one hand, so that she could no longer resist him, and put the full weight of his body on her.

54. Defendant Kwok then proceeded to use his legs to separate Plaintiff's legs and again forcibly raped her.

7

Case 1:23-cr-00118-AT   Document 822-8   Filed 03/21/26   Page 10 of 22

**Plaintiff Escapes Defendant Kwok's Captivity and Reports**
**Defendant Kwok to the PRC Criminal Authorities**

55.     The rapes identified above are only examples of the sexual assaults to which Plaintiff was subjected.  As a result of Defendant Kwok's unrelenting emotional and physical abuse, Plaintiff fell into a deep depression.

56.     She began to take as a given that her abuse would continue (and worsen) no matter how much she adhered to the rules that Defendant Kwok laid out for her.

57.     Plaintiff determined that she would attempt to reach out to people in ways that Defendant Kwok did not yet anticipate or could not yet control given his confiscation of her identification and passwords for social medial like Facebook and Twitter, if for no other reason than her desperate need for kindness from another human.

58.     Plaintiff then created a profile on a dating web application, and, upon receiving responses, would tentatively broach the subject of her mistreatment at the hands of her employer.

59.     Plaintiff utilized the dating application because she knew that Defendant Kwok was monitoring all other social media outlets, e.g. Facebook and Twitter, and she had virtually no other means of privately communicating with the outside world.

60.     This narrow band of potential access was soon thwarted, however.

61.     On information and belief, one of Defendant Kwok's favored employees (there were a number of females in the office who willingly engaged in intercourse with him) discovered the account Plaintiff created and revealed Plaintiff's activities.

62.     Defendant Kwok's anger was extreme.  After demeaning her in front of her colleagues he advised her that she would be subject to extreme punishment for her actions.

8

63.     Plaintiff, fearing for her life and the safety of her parents, Chinese nationals whom Defendant Kwok threatened were accessible to him through his vast resources and could be harmed, picked an appropriate time for escape.

64.     Plaintiff chose her best opportunity and fled from Defendant Kwok's London home.

65.     Upon arrival at the Chinese Embassy, she was able to communicate with an attorney in the United Kingdom, and was assured she would be protected from any retaliation Defendant Kwok might pursue if she pressed charges.

**Plaintiff Files Criminal Complaints in the PRC**

66.     Following her return home, Plaintiff issued various written statements in connection with filing a criminal action against Defendant Kwok in the PRC.

67.     In those statements, Plaintiff identified physical evidence of her allegations.

68.     Upon information and belief, that physical evidence is now in the custody of the PRC criminal authorities and is, in part, the basis for an arrest warrant issued by the PRC.

69.     Unfortunately, notwithstanding Plaintiff's escape from Defendant Kwok, his campaign of intimidation has continued.

70.     For example, Plaintiff's parents have been contacted repeatedly by individuals who, upon information and belief, are agents Defendant Kwok.

71.     Defendant Kwok has also taken to his twitter account, to post photos of Plaintiff (and her parents), as well as identifying information like her address.

72.     Upon information and belief, these efforts are directed at silencing Plaintiff so that Defendant Kwok might avoid answering for his wrongs.

9

73.    Defendant Kwok's shocking and outrageous conduct has caused serious and lasting physical and emotional damage to Plaintiff.

74.    Defendant Kwok should be held responsible for his continuing acts of confinement, assault, and battery.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Battery)

75.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

76.    As set forth above, Defendant Kwok engaged in a series of continuous and related acts of confinement, physical violence and sexual attacks against Plaintiff.

77.    Defendant Kwok has physically detained Plaintiff, hit her, grabbed her and forcibly raped her.

78.    Defendant Kwok's acts constitute a battery upon Plaintiff in that Defendant Kwok intentionally attempted to and did in fact physically attack and injure Plaintiff.

79.    Defendant Kwok's wrongful bodily contact constituted a grievous affront to Plaintiff.

80.    Defendant Kwok's wrongful bodily contact was intentional, unauthorized, and grossly offensive in nature.

81.    Defendant Kwok's wrongful bodily contact was unwarranted, without any just cause or provocation and Defendant Kwok knew at all times that his actions were without the consent of the Plaintiff.

82.    The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

10

Case 1:23-cr-00118-AT     Document 822-8     Filed 03/21/26     Page 13 of 22

83.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

84.     As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

85.     The limitations on liability set forth in CPLR 1601 do not apply to this action.

86.     The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Assault)

87.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

88.     As set forth above, Defendant Kwok engaged in a series of continuous and related acts of confinement, physical violence and sexual attacks against Plaintiff.

89.     Defendant Kwok has physically detained Plaintiff, hit her, grabbed her and forcibly raped her.

90.     Defendant Kwok's acts constitute an assault upon Plaintiff in that Defendant Kwok intentionally threatened to and did in fact physically attack and injure Plaintiff.

91.     Defendant Kwok's wrongful bodily contact constituted a grievous affront to Plaintiff.

92.     Defendant Kwok's threatened and actual wrongful bodily contact was intentional, unauthorized, and grossly offensive in nature.

11

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 14 of 22

93.     Defendant Kwok's threatened and wrongful bodily contact was unwarranted, without any just cause or provocation and Defendant Kwok knew at all times that his actions were without the consent of the Plaintiff.

94.     The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described and Plaintiff did not contribute thereto.

95.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

96.     As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

97.     The limitations on liability set forth in CPLR 1601 do not apply to this action.

98.     The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

99.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

100.     Defendant Kwok's conduct, by confining, forcibly raping and physically battering Plaintiff, without provocation or justification, was extreme, outrageous, and utterly intolerable in a civilized community and was otherwise conduct that exceeded all reasonable bounds of decency.

101.     Defendant Kwok's conduct, described above, was intended to and did cause severe emotional distress to Plaintiff.

12

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 15 of 22

102. Defendant Kwok's conduct was the direct and proximate cause of injury and damage to Plaintiff.

103. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering and was otherwise damaged and injured.

104. As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

105. The limitations on liability set forth in CPLR 1601 do not apply to this action.

106. The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Negligent Infliction of Emotional Distress)

107. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

108. Defendant Kwok's conduct, in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and did, in fact, cause severe emotional distress to Plaintiff.

109. The acts and conduct of Defendant Kwok was the direct and proximate cause of injury and damage to Plaintiff.

110. As a result of the foregoing, Plaintiff was deprived of her liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

111. As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

112. The limitations on liability set forth in CPLR 1601 do not apply to this action.

13

113. The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Negligence)

114. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

115. As set forth above, Defendant Kwok engaged in a series of continuous and related acts of confinement, physical violence and sexual attacks against Plaintiff.

116. Defendant Kwok has physically detained Plaintiff, hit her, grabbed her and forcibly raped her.

117. At all relevant times, Defendant Kwok was Plaintiff's employer and thus had a duty to protect Plaintiff from injury while Plaintiff was performing the duties and responsibilities of her employment.

118. Defendant Kwok breached this duty by engaging in the conduct set forth in detail hereinabove.

119. As set forth above, Plaintiff was caused to be injured solely and wholly due to the negligence and carelessness of Defendant Kwok.

120. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

121. As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

122. The limitations on liability set forth in CPLR 1601 do not apply to this action.

14

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 17 of 22

123. The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (False Imprisonment/Wrongful Confinement)

124. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

125. As a result of Defendant Kwok's actions as set forth above, at all relevant times, Plaintiff was under Defendant Kwok's control and captivity.

126. At all relevant times, Plaintiff was aware that she was being confined against her will.

127. Plaintiff did not consent to confinement by Defendant Kwok and, instead, confinement was imposed upon her as set forth above.

128. Defendant Kwok's wrongful confinement of Plaintiff was not authorized by law, regulation or otherwise.

129. As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

130. As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

131. The limitations on liability set forth in CPLR 1601 do not apply to this action.

132. The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

15

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Negligence As Against Defendant Golden Spring)

133.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein at length.

134.    Upon information and belief, at all relevant times, Plaintiff was employed by Golden Spring affiliate, which is a business entity owned and/or controlled by Defendant Kwok.

135.    Upon information and belief, at all relevant times, Golden Spring owned, operated, managed, maintained, controlled, secured and supervised the Plaintiff's workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Kwok.

136.    Upon information and belief, at all relevant times, Golden Spring, as the owner, operator, supervisor and manager of Plaintiff's workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Kwok, had a duty to protect Plaintiff from injury while Plaintiff was lawfully within such workspace.

137.    Upon information and belief, that, as set forth above, on numerous occasions, including while lawfully within such workspace, Plaintiff was caused to be injured solely and wholly due to the negligence and carelessness of Golden Spring in the ownership, operation, management, maintenance, control security and supervision of such workspace and its employees, officers and/or agents within Plaintiff's workspace, including Defendant Kwok, without any negligence on the part of the Plaintiff contributing thereto.

138.    As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of her liberty and was otherwise damaged and injured.

139.    As a direct and proximate result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial but in no event less than $20 million.

16

Case 1:23-cr-00118-AT   Document 822-8   Filed 03/21/26   Page 19 of 22

140. The limitations on liability set forth in CPLR 1601 do not apply to this action.

141. The limitations on liability set forth in CPLR 1601 do not apply to this action by reason of one or more of the exemptions set forth in CPLR 1602.

WHEREFORE Plaintiff respectfully requests that the Court enter judgment as follows:

(a) On the first cause of action against Defendant Kwok, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(b) On the second cause of action against Defendant Kwok, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(c) On the third cause of action against Defendant Kwok, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(d) On the fourth cause of action against Defendant Kwok, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such

17

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 20 of 22

other and further relief as this Court deems just and proper under the circumstances;

(e) On the fifth cause of action against Defendant Kwok, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(f) On the sixth cause of action against Defendant Kwok, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances;

(g) On the seventh cause of action against Golden Spring, in an amount to be determined at trial, but in no event less than $20,000,000, along with interest thereon as provided by law, punitive damages, attorneys' fees and costs, and such other and further relief as this Court deems just and proper under the circumstances; and

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 21 of 22

(h)     On all causes of action, awarding Plaintiff punitive damages.

Dated:  New York, New York
         September 11, 2017

ARKIN SOLBAKKEN LLP

By: _____
        Lisa C. Solbakken, Esq.
        Robert C. Angelillo, Esq.
750 Lexington Avenue – 25th Floor
New York, New York 10022
(212) 333-0200

*Attorneys for Plaintiff Rui Ma*

19

Case 1:23-cr-00118-AT    Document 822-8    Filed 03/21/26    Page 22 of 22

## VERIFICATION

Xi'an City                  )
Shaanxi Province ss.:
PRC                        )

RUI MA, being duly sworn, deposes and says:

I am the individual Plaintiff in this matter. I have read the foregoing Complaint and know the contents thereof. The same are true to my own knowledge, except as to the matters that are therein stated to be alleged upon information and belief, and that as to those matters I believe them to be true.

Rui Ma

Sworn to before me this
_11_ day of September, 2017

Notary Public