USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___3/23/2026___

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MILES GUO,

Defendant.

23 Cr. 118 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By *ex parte* letter dated November 12, 2025, Guo moved for the issuance of a Rule 17(c) subpoena seeking documents from his purported former attorney, which he claims would be relevant to his sentencing submission. *See* Def. Ltr. I, ECF No. 815. In response to an *ex parte* Court order, on January 27, 2026, Guo supplemented his application to detail with more specificity the relevance and necessity of the materials he seeks, as well as the information contained or believed to be contained within the materials. *See* Def. Ltr. II, ECF No. 816. By order dated March 11, 2026, the Court determined that there is not good cause to consider the application *ex parte* and, accordingly, ordered Guo to serve the Government with the *ex parte* letters and order concerning his application and to file his letters on the docket.[1] *See* ECF No. 814. The Court also ordered the Government to respond to the application. *See id.* The Government moves to quash Guo's application because it fails to meet the standard for Rule 17(c) subpoenas, as set forth in *United States v. Nixon*, 418 U.S. 683 (1974), and it would further delay the resolution of this case. *See* Gov't Ltr. Mot. at 1, ECF No. 819.

First, the Government has not established any legitimate interest of its own in the subpoena, and its motion to quash is, therefore, denied. "[T]he Government can move to quash subpoenas issued for the records of non-parties only on the basis of the Government's own legitimate interests and not on the basis of the victim's interests." *United States v. Ray*, 337 F.R.D. 561, 571 (S.D.N.Y. 2020). The Government makes arguments under the *Nixon* standard regarding the volume and relevancy of the records but fails to identify how it has any interest in the documents Guo seeks. *See* Gov't Ltr. Mot. at 2 (contending that Guo's application seeks "voluminous records" that are "plainly irrelevant to Guo's sentencing," and that the subpoena, therefore, "fails to meet the *Nixon* standard"). Neither does the Government assert any interest in the documents that concern Guo's conversations with the Government; instead, the Government merely argues that such materials "were produced long ago in pretrial discovery" or are "aimed at irrelevant details." *Id.*; *see, e.g.*, *United States v. Nachamie*, 91 F. Supp. 2d 552, 560 (S.D.N.Y. 2000) (denying the Government's motion to quash and finding that although "the Government may have collected some of the responsive documents in its own investigation, it . . . does not claim any work product privilege [or] . . . any other privilege or proprietary interest in these documents"). Although the Court agrees that the Government has an interest in

---

[1] By sealed letter dated March 13, 2026, Guo requested to maintain the unredacted letters under seal. Because the Court finds that sealing the documents will protect "law enforcement interests," *Virgil v. Finn*, No. 22 Civ. 3169, 2025 WL 694450, at *2 (S.D.N.Y. Mar. 3, 2025), sealing of the unredacted letters is warranted. The Court also finds that the proposed redactions in the letters filed at ECF Nos. 815 and 816 are "narrowly tailored to serve that interest." *Id.* (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006)).

preventing further delay of the resolution of this case, *see* Gov't Ltr. Mot. at 1, the Court finds that the below parameters on the subpoena's return date will prevent any such unreasonable delay.

Second, the Court finds that Guo's application, with the modifications below, complies with Rule 17(c) and grants the application accordingly. Under Rule 17(c), subpoenas must be (1) relevant; (2) admissible; and (3) specific. *United States v. Barnes*, 560 F. App'x 36, 39–40 (2d Cir. 2014) (citing *Nixon*, 418 U.S. at 699–700). The party issuing the subpoena must show: "(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *Nixon*, 418 U.S. at 699–700. The party seeking the subpoena must also "be able to reasonably specify the information contained or believed to be contained in the documents sought." *United States v. Cole*, No. 19 Cr. 869, 2021 WL 912425, at *4 (S.D.N.Y. Mar. 10, 2021) (citation omitted); *see also Ray*, 337 F.R.D. at 573 n.4 (S.D.N.Y. 2020) (collecting cases).

First, the subpoena is evidentiary and relevant because it seeks information related to "mitigation" arguments Guo intends to make at sentencing with regard to the Court's consideration of his history and characteristics under 18 U.S.C. § 3553(a). *See* Def, Ltr. II at 2–4. Second, Guo has established that these documents are not otherwise procurable because they were prepared or otherwise maintained by someone he claims is his former attorney, and that person, over the past six months, "has refused to provide any documents or other information with respect to his [purported] representation of []Guo." Def. Ltr I at 1–2. Third, Guo has explained that the materials he seeks may be crucial to mitigation arguments he intends to make at sentencing. Def. Ltr. II at 4–5. Fourth, in response to a Court order, Guo has demonstrated that he is looking for a specific set of materials, *see id.* at 5, and so the Court, therefore, holds that the request is not merely a "fishing expedition," *Nixon*, 418 U.S. at 700, is made in good faith to prepare for sentencing, and specifies the information contained or believed to be contained in the documents sought. *See also United States v. RW Pro. Leasing Servs. Corp.*, 228 F.R.D. 158, 162 (E.D.N.Y. 2005) ("A request is generally sufficiently specific where it limits documents to a reasonable period of time and states with reasonable particularity the subjects to which the documents relate.")

Guo's application is, therefore, GRANTED, subject to the limitation that the subpoena seek only documents mentioned on page 5 of Guo's January 27, 2026 letter, or documents reflecting information mentioned on that page. *See* Def. Ltr. II at 5. By **March 23, 2026**, Guo shall serve the subpoena. As stated above, however, the Court shares the Government's concern regarding a potential delay in the resolution of this case. Accordingly, Guo is directed to set the subpoena's return date to be **March 30, 2026**. Guo may supplement his sentencing submission by **April 3, 2026**, and the Government may file any supplemental response by **April 7, 2026**. Guo's request for an extension in time to respond to the Government's motion to quash, *see* ECF No. 821, is DENIED as moot.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 815–816, 819, and 821.

SO ORDERED.

Dated:  March 23, 2026
        New York, New York

ANALISA TORRES
United States District Judge