**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br><br>    v.<br><br>HO WAN KWOK,<br>a/k/a "Miles Guo," a/k/a "Miles Kwok," a/k/a<br>"Guo Wengui," a/k/a "Brother Seven," a/k/a "The<br>Principal,"<br><br>KIN MING JE, a/k/a "William Je," and<br><br>YANPING WANG, a/k/a "Yvette."<br><br>        Defendants. | Case No.: 23-cr-00118 (AT)<br><br>VERIFIED PETITION UNDER<br>FED. R. CRIM. P. 32.2 AND 21<br>U.S.C. § 853(n) FOR<br>ADJUDICATION OF<br>PETITIONER'S RIGHT TO<br>SPECIFIC PROPERTY OF<br>$6,000,000.00 |

1328777 B.C. Ltd. (the "Petitioner"), by and through its undersigned counsel, Kevin J. O'Brien, Esq., Ford O'Brien Landy LLP, pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c) of the Federal Rules of Criminal Procedure, hereby respectfully petitions the Court for a determination of Petitioner's legal interest in "Specific Property" contained in the Court's Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, entered on August 11, 2025, (the "Preliminary Forfeiture Order"). Dkt. 720. Petitioner's interest in such specific property, which includes various bank accounts, renders the Preliminary Forfeiture Order invalid in part because Petitioner's interest is superior to that of Defendants at the time of the commission of the acts which gave rise to the forfeiture of the property. 21 U.S.C. § 853(n)(6)(A). Alternatively, Petitioner is entitled to a hearing to determine the full extent of its interest. Id. at § 853(n)(4)-(5). However Petitioner's superior interest is determined, the Court should amend the Preliminary Forfeiture Order accordingly.

In support hereof, Petitioner states as follows:

1. Petitioner is an investment vehicle of Ms. Xiao Yan Jia, who reside principally in Richmond, British Columbia.

2. In 2021 and 2022, through false and fraudulent means, Defendants and others solicited Petitioner to invest in Himalaya Coin, a purported trading coin offered through the Himalaya Exchange, a purported cryptocurrency "ecosystem" founded, operated and controlled by several Defendants. Dkt. 307, Superseding Indictment ¶ 15.

3. In August 2022, Petitioner transferred $6,000,000.00 (net of fees) to acquire Himalaya Coin through the Himalaya Exchange.

4. Petitioner did not receive Himalaya Coin or anything else of value in return for its investment, nor was any portion of the investment returned.

5. Petitioner has suffered a total loss on its $6,000,000.00 investment.

6. At his criminal trial, Defendant Guo was found guilty of, among other crimes, defrauding investors seeking to invest in the Himalaya Exchange in violation of the federal wire fraud statute. Dkt. 307, Superseding Indictment ¶¶ 19-23, 52-53 (Count Eleven); Dkt. 394-95, Jury Verdict as to Miles Guo.

7. According to the Government, Defendants and others obtained more than $262 million in victim funds by fraudulent means through the Himalaya Exchange. Dkt. 307, Superseding Indictment ¶ 19. Petitioner, which lost $6,000,000.00, was one such victim.

8. According to the Government, Defendants and others falsely and fraudulently represented that Himalaya Coin was a cryptocurrency with a valuation based on

supply and demand, when in reality it was not a cryptocurrency at all and had no value outside of the Himalaya Exchange. Id., Dkt. 307 ¶ 19.

9. According to the Government, Defendant Guo, in a video posted on the Internet on or about October 20, 2021, further falsely represented that Himalaya Coin had independent value apart from its market price. Guo claimed: "[I]t has the attribute of currency, why? It has 20% gold. Awesome[.] … [S]o it has value and it is linked to gold … No matter how much it raises, 20% will turn into gold … If the H Coin is worthless, [the issuer of H Coin] can sell all 20% of the gold, exchange it to you, and become your money. Or take all the value of 20% gold and ask everyone to unify it and make it yours." Id., Dkt. 307 ¶ 19(a)(i)-(ii).

10. Petitioner here asserts an interest in specific property, namely, $6,000,000.00 that Petitioner transmitted to Defendants under the mistaken belief that it was acquiring valuable cryptocurrency. Having defrauded Petitioner of this property, Defendants can hardly claim to have a superior interest in it at the time of the commission of the acts which gave rise to the forfeiture. The very opposite is true: The superiority of Petitioner's interest is overwhelming.

11. On information and belief, records pertaining to (1) Defendants' fraudulent conduct in connection with the Himalaya Exchange, and (2) Petitioner's Himalaya Exchange investment, are in the possession, custody and control of the government. They should promptly be made available to Petitioner in any ancillary or other proceeding before this Court.

WHEREFORE, Petitioner respectfully requests that the Court:

a.  amend the Preliminary Forfeiture Order to exclude the property ($6,000,000, plus interest) in which Petitioner has a superior right, title, and interest as an innocent third party or a bona fide purchaser for value;

b.  alternatively, grant Petitioner a hearing pursuant to 21 U.S.C. § 853(n), along with such discovery, including but not limited to discovery pertaining to Defendants' fraudulent conduct in connection with the Himalaya Exchange and Petitioner's investment in the Exchange, as may be appropriate;

c.  alternatively, in the event that this Petition is denied, order that the Petitioner be compensated through the MNF's remission process, as set forth in the Government's submission to the Court, Dkt. 785, letter; and

d.  order such other and further relief as the Court deems just and proper.

Dated: April 27, 2026                                          Respectfully Submitted,

FORD O'BRIEN LANDY LLP

By: _____

Kevin J. O'Brien
275 Madison Avenue, 24th Floor
New York, NY 10016
Tel: (212) 858-0040 (main)
kobrien@fordobrien.com

Attorney for Petitioner 1328777 B.C. Ltd

## VERIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 23, 2026 in Anaheim, California, USA.

Signed by:

Ding Ding Bai

0980B489B155436...

Ding Ding Bai, Director of 1328777 B.C. Ltd.