UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In re: Anonymous Registered Crime Victim Seeking a Writ of Mandamus

Related to:
United States v. Ho Wan Kwok, a/k/a Miles Guo
District Court Docket No.: 1:23-cr-00118-AT (S.D.N.Y.)
PETITION FOR A WRIT OF MANDAMUS
PURSUANT TO 18 U.S.C. § 3771(d)(3)
Registered Crime Victim
Confidential Submission – Request for Sealing
DOJ Remission Reference No.: Note: Victim Identification No. 252627 is used solely for notification purposes by the Victim Witness Unit. Petitioner is proceeding directly as a registered crime victim under 18 U.S.C. § 3771 and is not submitting this petition through the Victim Witness Unit notification system.
This Petition is submitted anonymously as a Registered Crime Victim. Petitioner respectfully requests that this filing and Petitioner's identity be kept confidential and not be made available to the public or posted on any public docket

This Petition is submitted anonymously as a Registered Crime Victim. Petitioner respectfully requests that this filing and Petitioner's identity be kept confidential and not be made available to the public or posted on any public docket pursuant to 18 U.S.C. § 3771(a)(8).

I. JURISDICTION AND STANDING
This Court has jurisdiction pursuant to 18 U.S.C. § 3771(d)(3) and the All Writs Act, 28 U.S.C. § 1651.
Petitioner is a registered crime victim in the underlying case (ECF No. 477-1) and has standing under the Crime Victims' Rights Act (CVRA). Petitioner has previously filed multiple requests for relief in the district court (ECF Nos. 739, 742) and has received written confirmation from the district court acknowledging receipt of Petitioner's CVRA requests. Petitioner has also submitted a remission application to the Department of Justice and has filed six prior petitions for writ of mandamus with this Court, three of which received formal responses.

II. STATEMENT OF FACTS
An independent and urgent ground for relief exists. On July 22, 2026, the Chapter 11 bankruptcy trustee Luc Despins is scheduled to seek a declaratory judgment that the defendant is the beneficial owner of the Himalaya Exchange entities and an order transferring all of those assets into the bankruptcy estate.
The Court's decision to adjourn sentencing from April 27 to June 29, 2026 leaves only a 23-day window before this critical hearing. If a final order of forfeiture is not issued prior to July

22, 2026, the primary assets available for victim restitution face a substantial and potentially irreparable risk of being absorbed by the bankruptcy proceedings.

The jury returned its verdict on July 16, 2024. Sentencing has now been adjourned eight times, totaling more than 700 days. The Preliminary Order of Forfeiture was entered on August 11, 2025, covering approximately $1.3 billion in criminal assets, including approximately $600 million in Himalaya Exchange entities. Despite the passage of more than eight months since the preliminary forfeiture order, no final order of forfeiture has been issued and the restitution process has not begun.

Since the defendant's fourth request for adjournment (ECF No. 719), Petitioner has repeatedly sought relief from the district court. On September 10, 2025, through ECF Nos. 739 and 742, Petitioner specifically pointed out that a large number of individuals designated by the government in ECF No. 511 as "second-category victims" were acting collectively as third-party petitioners seeking to recover property. These individuals had invested in the Himalaya Exchange project, which was found by the jury to be part of the criminal scheme, yet they sought to reclaim the very same assets as third parties — creating a clear procedural conflict.

Petitioner repeatedly requested that the Court first adjudicate whether these petitioners qualify as legitimate third parties before allowing their claims to proceed. Petitioner subsequently sent formal letters on November 17, 2025, February 20, 2026, and on two additional occasions, all of which were acknowledged by the district court. None of these requests received a substantive response.

Notably, two major groups have asserted third-party claims in this case. The first group consists of 6,512 individuals represented by counsel Geyer, whose authorization is limited to civil proceedings under Rule 41(g). These individuals invested in the Himalaya Exchange project, which the jury found to be part of the criminal scheme, yet they collectively deny being victims of the defendant and instead claim to be victims of the government. Moreover, these 6,512 claimants rely solely on temporary HID numbers issued by Himalaya Exchange as their identification.

The second group consists of bankruptcy creditors represented by the Chapter 11 trustee Luc Despins.

However, during the statutory 60-day period following entry of the Preliminary Order of Forfeiture (August 23, 2025 to October 22, 2025), virtually none of these purported third parties filed verified petitions under oath within the required timeframe. As a result, they have forfeited their right to assert claims in the criminal forfeiture proceeding. Nevertheless, the district court has disregarded Petitioner's repeated formal requests to adjudicate the legitimacy of these third-party claims, and has continued to permit these unadjudicated and disqualified parties to generate legal consequences that have repeatedly delayed sentencing.

Even more troubling, although the Government expressly requested copies of the so-called third-party materials that had been submitted exclusively to the Court (ECF No. 819), the district court failed to grant that request and, the very next day, unilaterally appointed a

Special Master under 53(c) to handle the purported third-party claims (ECF No. 820). The Court then cited the unresolved issue of the Special Master's funding — a problem of the Court's own creation (ECF No. 828) — as one of the grounds for granting the eighth adjournment (ECF No. 837). In this manner, the Court used a problem it itself manufactured as justification for further delay, allowing unadjudicated third-party claims to continue producing legal consequences and thereby seriously exacerbating the harm to victims' rights.

Since the defendant's fourth request for adjournment (ECF No. 719), Petitioner has repeatedly invoked 18 U.S.C. § 3771(a)(6) and (a)(7) before the district court to seek relief under the Crime Victims' Rights Act. This includes motions filed at ECF Nos. 739 and 742, a formal objection to the fifth adjournment based on unadjudicated third-party claims (ECF No. 782), as well as formal letters submitted on November 17, 2025, February 20, 2026, and on two additional occasions. The district court has acknowledged receipt of all such requests, but has never provided any substantive response or ruling on Petitioner's CVRA rights.

## III. THE EIGHTH ADJOURNMENT (ECF No. 837) IS NOT REASONABLE

Despite Petitioner's repeated requests for relief, the government's repeated opposition to further delay, the Court's own prior statements that the case had been delayed too long, and the defendant's recent agreement to proceed with sentencing (ECF No. 836), the district court suddenly granted an eighth adjournment on April 23, 2026 — just three days before the scheduled April 27 sentencing date — moving sentencing to June 29, 2026. The Court justified the adjournment by citing the "complexity" of issues raised in ECF Nos. 826, 828, and 833. However, these filings contain only minor corrections, procedural responses, and the government's sentencing submission. They present no new substantive disputes. The Court's reliance on these documents to justify further delay is unpersuasive.

## IV. LEGAL GROUNDS

Petitioner satisfies all three requirements for mandamus relief established in Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004):

1. Petitioner has a clear and indisputable right under the CVRA to be free from unreasonable delay (§ 3771(a)(7)) and to receive timely and full restitution (§ 3771(a)(6)).

2. Petitioner has no other adequate means to attain the desired relief, as the district court has repeatedly failed to respond substantively to Petitioner's requests.

3. Petitioner will suffer irreparable harm absent relief, particularly given the imminent July 22, 2026 bankruptcy hearing that threatens to absorb the primary assets available for victim restitution.

## V. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

1. Immediately issue a writ of mandamus vacating the eighth adjournment (ECF No. 837) and directing the district court to proceed promptly with sentencing and the issuance of a final order of forfeiture;

2. Direct the district court to issue the final order of forfeiture prior to July 22, 2026 to protect victim restitution assets from being absorbed by the bankruptcy proceedings;
3. Grant such other and further relief as this Court deems just and proper.
Petitioner respectfully requests that this Court review and decide this Petition on an expedited basis pursuant to 18 U.S.C. § 3771(d)(3).

All ECF numbers cited herein refer to documents filed in the underlying district court case, 1:23-cr-00118-AT, which are readily available to the Court.

Respectfully submitted,

/s/ Registered Crime Victim (Pro Se)

Pursuant to 18 U.S.C. § 3771(a)(8), Petitioner respectfully requests that this Petition, Petitioner's identity, and all related filings be maintained under seal and kept confidential from the public.

Date: April 26, 2026

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** N/A - Petition under 18 U.S.C. § 3771(d)(3)

**Motion for:** Relief under the CVRA (18 U.S.C. § 3771(d)(3))

- Request for Mandamus to Vacate Docket No. 719,

- Compel Sentencing, Final Forfeiture and Remission.

**Caption[use short title]**

In re Anonymous Registered Crime Victim -
CVRA Mandamus Petition Relating to
U.S. v. Ho Wan Kwok
(S.D.N.Y 1:23-cr-00118)

Set forth below precise, complete statement of relief sought:

Petitioner respectfully requests the court to issue a Writ of Mandamus under 18 U.S.C. § 3771(d)(3) directing the District Court to promptly complete sentencing, enter the Final Order of Forfeiture, and commence the Remission process for victim compensation without further delay.

**MOVING PARTY:** Anonymous Registered Crime Victim - Filed Pro Se Petitioner **OPPOSING PARTY:** United States of America (by U.S. Attorney's Office, SDNY)

- [ ] Plaintiff
- [ ] Defendant
- [x] Appellant/Petitioner
- [ ] Appellee/Respondent

**MOVING ATTORNEY:** N/A (Pro Se) **OPPOSING ATTORNEY:** Hon. Analisa Torres (In her official capacity only)

{name of attorney, with firm, address, phone number and e-mail}

Address: Confidential - Filed Under Seal

Email: On file with DOJ Victim Witness Coordinator

Alternate Secure Email: ███████ (Filed Under Seal)

**Court- Judge/ Agency appealed from:** Hon. Analisa Torres, U.S. District Judge, U.S. District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
- [ ] Yes [x] No (explain): _____
Opposing Counsel Notification Not Required
**(Previously filed and returned for procedural reasons; refiled as clean version on April 26, 2026)**
Opposing counsel's position on motion:
- [ ] Unopposed [ ] Opposed [x] Don't Know
Does opposing counsel intend to file a response:
- [ ] Yes [ ] No [x] Don't Know

Is the oral argument on motion requested? [ ] Yes [x] No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set? [ ] Yes [x] No If yes, enter date: _____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? [x] Yes [ ] No
Has this relief been previously sought in this court? [x] Yes [ ] No

Requested return date and explanation of emergency: The case involves over 8000 registered crime victims and has already been delayed eight times for more than 700 days. The district court's latest adjournment (ECF No. 837) has created an imminent and irreparable risk that the primary assets available for victim restitution will be absorbed by the Chapter 11 bankruptcy proceedings scheduled for July 22, 2026.

Petitioner respectfully requests expedited review and relief pursua to 18 U.S.C. 3771 (d)(3)

**Signature of Moving Attorney:**

/s/ Anonymous Registered Crime Victim (pro se) **Date:** 26 April 2026 **Service :** [x] Electronic [ ] Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

In re Anonymous Registered Crime Victim. Victim Seeking a Writ of Mandamus

**CERTIFICATE OF SERVICE***

Docket Number: To be Assigned

v.

## Ho Wan Kwok

I, Anonymous Registered Crime Victim (Pro Se), hereby certify under penalty of perjury that

(print name)

on 26 April 2026 , I served a copy of Petition for a Writ of Mandamus Persuant to 18 U.S.C §3771 (d)(3)

(date)

Petition for a Writ of Mandamus Persuant to 18 U.S.C. § 3771(d)(3)

(list all documents)                                                                 (File under seal)

by (select all applicable)**

___ Personal Delivery          ___ United States Mail          ___ Federal Express or other
                                                                                                            Overnight Courier

___ Commercial Carrier          **X** E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Hon. Analisa Torres U.S.D.J. | U.S.District Court. 500 Pearl Street. | New York | NY | 10007 |
| Sean S. Buckley, US Attorney | Jacob K. Javits Federal Building 26 Federal Plaza, 37th Floor | New York | NY | 10278 |
| Counsel for Defendant Doar Rieck Kaley & Mack | Astor Building, 7th Floor 217 Broadway | New York | NY | 10007-2911 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

**26 April 2026**

Today's Date

Certificate of Service Form (Last Revised 12/2015)

/s/ Anomymous Registered Crime Victim (Pro Se)

Signature

I certify under penalty of perjury that the foregoing is true and correct