S.D.N.Y. – N.Y.C.
23-cr-118
Torres, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of May, two thousand twenty-six.

Present:
Amalya L. Kearse,
John M. Walker, Jr.,
Raymond J. Lohier, Jr.,
    *Circuit Judges*.

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: May 15 2026

| | |
|---|---|
| In Re: Jason Zen, | 25-3046 (Tandem) |
| *Petitioner.* | |
| In Re: Chunk Chyi, | 26-77 (Tandem) |
| *Petitioner.* | |
| In Re: Tony, | 26-361 (Tandem) |
| *Petitioner.* | |
| In Re: Doe, | 26-364 (Tandem) |
| *Petitioner.* | |
| In Re: Carolyn Sun, | 26-441 (Tandem) |
| *Petitioner.* | |

CERTIFIED COPY ISSUED ON 05/15/2026

In Re: DX,                                                                                          26-563 (Tandem)

                                              *Petitioner.*

_____

Petitioners, proceeding pro se in these matters designated to proceed in tandem, petition for a writ of mandamus.  Petitioners Zen, Tony, Doe, Sun, DX, and Chyi seek to compel the district court to docket and consider their third-party pro se submissions asserting claims to forfeited funds in this criminal case.  Petitioners Zen and Chyi seek to compel the district court judge's recusal from the case.  Petitioner Zen seeks to compel the district court to seal or remove certain unredacted documents.  Petitioner Chyi seeks vacatur or suspension of an April 2025 order imposing a requirement that before accepting any of his future submissions for filing, the district court would screen those submissions to ensure that they were made in good faith.  In addition to these mandamus petitions, Petitioners Zen and DX move for in forma pauperis ("IFP") status; Petitioners Zen, Tony, Doe, Sun, and DX move to seal or redact filings in this Court containing their personal identifying information; Petitioner Tony requests that we *sua sponte* correct and clarify the record before any appellate consideration; Petitioner DX moves for leave to file supplemental papers in support of his mandamus petition, to proceed by pseudonym, and for permission to file electronically; and Petitioners Sun, Tony, Doe, and Chyi move to stay district court proceedings pending decision on their mandamus petitions.

Upon due consideration, it is hereby ORDERED that the mandamus petitions are DENIED because Petitioners have not demonstrated that they lack an adequate, alternative means of obtaining relief, that their right to the writ is clear and indisputable, and that granting the writ is appropriate under the circumstances.  *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).  In view of the large number of submissions received by the district court, which we trust the court will address expeditiously, Petitioners' mandamus petitions as to docketing their submissions are denied without prejudice to renewal if the district court fails to docket the submissions within a reasonable time.  Likewise, the denial as to the district court's failure to consider Petitioners' submissions is without prejudice to renewal if the district court fails to consider them within a reasonable time after sentencing in the underlying criminal case.  *See id.*; *United States v. Magassouba*, 544 F.3d 387, 411 n.16 (2d Cir. 2008).

Petitioner DX's IFP motion is hereby DENIED as moot because DX has since paid the filing fee, and Petitioner Zen's IFP motion is GRANTED for purposes of filing the mandamus petition.  The motions of Tony, Doe, Sun, and DX to seal or redact are GRANTED, in part, insofar as they seek to redact personal identifying information as set forth in Federal Rule of Criminal Procedure 49.1(a).  *See* Fed. R. App. P. 25(a)(5) (incorporating Rule 49.1(a) by reference).  Petitioner Zen's motions to seal and redact are DENIED insofar as the district court has already redacted his personal identifying information, Dist. Ct. Dkt. No. 770, 745, and as they relate to submissions by other individuals, Dist. Ct. Dkt. No. 765.  Petitioner Sun's motion to seal her notice of appearance is GRANTED.  DX's motions for leave to file supplemental papers in support of his mandamus petition are GRANTED, and we have considered those supplemental papers.  Finally, DX's motions to proceed by pseudonym and for permission to file electronically and Sun's, Tony's,

Doe's, and Chyi's motions to stay district court proceedings are DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

3