*RECEIVED*

*2026 MAY 26  AM 9: 23*

*US COURT OF APPEALS*

**<u>Cover Letter to the Second Circuit</u>**

To:
Clerk's Office
United States Court of Appeals for the Second Circuit
40 Foley Square, Room 150
New York, NY 10007

Date: May 10, 2026

**Re: Renewed Petition for Writ of Mandamus**
In re ███ Sarah ███, Pro Se Petitioner

Related to United States v. Ho Wan Kwok, et al., No. 23-cr-00118 (AT)

Dear Clerk:

Please find enclosed Petitioner ███ Sarah ███'s renewed pro se petition for a writ of mandamus, together with supporting appendices and procedural records.

This renewed submission concerns the continued non-docketing of Petitioner's prior pro se victim filings previously submitted to the United States District Court for the Southern District of New York in connection with United States v. Ho Wan Kwok, et al., No. 23-cr-118 (AT).

Petitioner respectfully submits that, despite repeated electronic submissions acknowledged by the SDNY Pro Se Intake Unit and confirmed paper delivery of certain filings, no formal docketing or written disposition has occurred over an extended period of time.

Petitioner respectfully requests that the enclosed materials be accepted for filing and appropriate consideration.

Thank you for your time and attention.

Respectfully submitted,



**Courtesy Copy sent to:**

United States Attorney's Office,
Southern District of New York
1ˢᵗ Andrew's Plaza, New York, NY 10007

United States District Judge
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

*Enclosed please find a U.S. Dollar money order in the amount of $600 payable to "Clerk, U.S. Court of Appeals for the Second Circuit," representing the filing fee for this petition.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

In re ▓▓▓▓ Sarah ▓▓▓▓
Pro Se Petitioner

## RENEWED PETITION FOR WRIT OF MANDAMUS

Related to:
United States v. Ho Wan Kwok, et al.,
No. 1:23-cr-00118 (AT)

*please redact my legal
first and last names
on this page.*

Petitioner:

▓▓▓▓ Sarah ▓▓▓▓

Canada

Pro Se

May 10, 2026

A Chinese-language reference translation is attached following the English text for
accessibility and transparency purposes only.

# INTRODUCTION

Petitioner Sarah ███ respectfully submits this renewed petition for a writ of mandamus seeking limited procedural relief concerning the continued non-docketing of her pro se victim-related submissions in United States v. Ho Wan Kwok, et al., No. 1:23-cr-00118 (AT), pending before the United States District Court for the Southern District of New York ("SDNY").

Beginning in September 2025, Petitioner repeatedly submitted pro se filings to the SDNY Pro Se Intake Unit in her capacity as a self-identified crime victim proceeding under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. These submissions included victim notices, procedural objections, record-preservation filings, and motions relating to forfeiture and sentencing proceedings.

Each electronic submission generated an automated acknowledgment confirming receipt by the SDNY Pro Se Office. Petitioner also transmitted paper copies of certain filings to the district court by mail.

Despite repeated submissions over a period exceeding seven months, none of Petitioner's filings were docketed, uploaded, formally rejected, stricken, or otherwise addressed through any reviewable judicial process.

On October 28, 2025, following the continued non-docketing of her filings, Petitioner attempted to seek mandamus relief from this Court. The submission was received by the Court of Appeals on November 5, 2025, but was returned without docketing by correspondence dated November 12, 2025. The correspondence indicated in substance that Petitioner should first seek relief through the district court before pursuing mandamus intervention from the Court of Appeals.

Following that correspondence, Petitioner continued submitting additional filings to SDNY concerning later developments in the underlying criminal proceedings. Automated acknowledgments and delivery confirmations again reflected receipt of the submissions. However, no filings were docketed, no written rejection orders were issued, and no reviewable procedural record was created.

Accordingly, the procedural circumstances underlying Petitioner's prior submission have materially changed. After many additional months of continued non-docketing, Petitioner now

faces an effective procedural deadlock in which her filings are repeatedly received but never formally entered, rejected, or addressed in any manner capable of judicial or appellate review.

Petitioner does not seek merits relief concerning the underlying criminal judgment, conviction, or sentencing proceedings. Rather, this renewed petition seeks only narrow procedural relief: an order directing the district court to docket Petitioner's submitted filings so that an official judicial record may exist and any future review may proceed through ordinary judicial channels.

A Chinese-language reference translation of this renewed petition is attached following the English text for accessibility and transparency purposes only, including facilitating comprehension by the detained defendant, who primarily communicates in Chinese.

# PART I. PROCEDURAL BACKGROUND

The procedural history relevant to this renewed petition is summarized below and further reflected in Appendix M.

## A. Initial Victim Filings Submitted to SDNY

• September 27, 2025 — Petitioner submitted her first pro se victim filing to SDNY by email.

• October 14, 2025 — Petitioner submitted a second filing by email.

• October 18, 2025 — Petitioner submitted a third filing by email.

• October 21, 2025 — Petitioner submitted a fourth filing by email.

## B. Paper Submission to SDNY

Because Petitioner's prior electronic submission to SDNY was not docketed, Petitioner attempted to preserve the procedural record through paper mailing before seeking appellate intervention.

At that time, Canada was experiencing significant postal disruption, including an ongoing nationwide postal strike. International air-mail services were prohibitively expensive for a self-funded pro se litigant. Petitioner therefore utilized FedEx Ground delivery, resulting in extended transit times and multiple transfer locations reflected in the delivery records.

• October 8, 2025 — Paper packets mailed.

• October 20, 2025 — Delivery to SDNY confirmed.

**C. First Attempt to Seek Mandamus Relief in the Second Circuit**

• October 28, 2025 — Petitioner mailed a mandamus petition to the United States Court of Appeals for the Second Circuit from Canada.

• November 5, 2025 — The Second Circuit received the submission.

• November 12, 2025 — The submission was returned without docketing.

The returned correspondence indicated in substance that the Petitioner should first seek relief through the district court before pursuing mandamus relief in the Court of Appeals.

**D. Additional Victim Filings Following the Return of the Initial Mandamus Submission**

Following the return of the initial mandamus submission, Petitioner continued submitting additional pro se victim filings concerning subsequent procedural developments in the underlying criminal case.

These additional filings included:

• January 17, 2026 — Record Preservation Letter;

• January 19, 2026 — Motion concerning participation of Luc Despins and appointment of an independent third-party asset administrator;

• January 20, 2026 — Procedural record concerning the January 20, 2026 status conference;

• January 23, 2026 — Statement reserving procedural positions concerning the January 20 status conference and related procedural matters;

• April 20, 2026 — Emergency Motion to Stay Sentencing and Compel Docketing under the CVRA.

**E. Continuing Absence of Docketing**

As of the filing of this renewed petition, none of Petitioner's submissions identified above have been publicly docketed, formally rejected, stricken, or otherwise addressed by judicial order.

**F. Subsequent Supreme Court Submission**

Following continued non-docketing and the absence of any reviewable procedural disposition, Petitioner later submitted mandamus-related materials to the Supreme Court of the United States pursuant to Supreme Court Rule 20 and 28 U.S.C. § 1651(a).

The initial submission was returned with formatting guidance. Petitioner subsequently revised and resubmitted the materials in accordance with the Court's instructions.

To Petitioner's knowledge, the revised submission remains pending administrative processing.

# PART II. Continued Non-Docketing Denies Meaningful Judicial Review

The continued non-docketing of Petitioner's submissions has created a procedural deadlock that effectively prevents any meaningful judicial review of Petitioner's asserted rights and procedural positions.

Petitioner does not contend that the district court was required to grant any particular relief requested in her submissions. Nor does Petitioner seek substantive intervention by this Court into the merits of the underlying criminal proceedings.

However, where filings are repeatedly received by the district court, acknowledged by the Clerk's Office through automated responses, and physically delivered in paper form, yet never formally docketed, rejected, stricken, or addressed by written order, the result is that no reviewable judicial record is created.

Without docketing, there is no procedural mechanism through which:

• the district court may formally consider the filings;

• the public record may accurately reflect the existence of the submissions;

• any procedural ruling may issue;

• appellate review may meaningfully occur; or

• Petitioner may preserve objections or procedural positions within the judicial record.

This circumstance is particularly significant where the submissions were made in connection with asserted rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, a statute expressly intended to provide crime victims with participatory procedural protections within federal criminal proceedings.

Petitioner respectfully submits that prolonged non-docketing over a period exceeding seven months, despite repeated submissions and acknowledged receipt, operates in practice as an effective denial of access to judicial review and to the ordinary functioning of the judicial process itself.

The issue presented in this petition is therefore procedural rather than substantive. Petitioner seeks only the creation of a reviewable judicial record through ordinary docketing procedures.


## PART III. The Requested Relief Is Narrow and Procedural

Petitioner respectfully emphasizes that this renewed mandamus petition does not seek reversal of the criminal judgment, dismissal of the prosecution, alteration of sentencing determinations, or substantive intervention into the merits of United States v. Ho Wan Kwok, et al., No. 1:23-cr-00118 (AT).

Petitioner does not ask this Court to determine the validity of any underlying claims asserted within her submitted filings. Nor does Petitioner request that this Court adopt any factual or legal position contained therein.

Instead, Petitioner seeks only a limited procedural remedy: the creation of an official judicial record through ordinary docketing procedures.

The relief requested is therefore narrow in scope and procedural in nature. Petitioner merely requests that filings repeatedly submitted to the district court, acknowledged as received, and in some instances physically delivered, be formally entered upon the docket so that:

• the existence of the submissions may be reflected in the judicial record;

• any procedural disposition may occur through ordinary judicial mechanisms; and

• meaningful review, if necessary, may become possible.

5/13

Petitioner respectfully submits that such relief would not intrude upon the district court's substantive discretion over the underlying criminal proceedings. Rather, it would preserve the integrity of the judicial record and permit ordinary procedural review to function as intended.

## ADDITIONAL INFORMATION

As reflected in the Appendix List, Petitioner additionally provided bilingual reference materials for several submissions for accessibility and transparency purposes, including facilitating comprehension by the detained defendant, who primarily communicates in Chinese.

Petitioner also transmitted or served copies of her submissions upon both the Government and defense counsel contemporaneously with submissions to SDNY.

**No Known Procedural Response Following Notice:** Despite repeated notice to multiple parties, including the Government and defense counsel, Petitioner is unaware of any procedural request or filing seeking formal docketing or judicial disposition of the submitted materials.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Direct the United States District Court for the Southern District of New York to formally docket Petitioner's previously submitted pro se victim filings identified in this petition and Appendix M;

2. Grant such other and further procedural relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: May 10, 2026

Respectfully submitted,

Sarah

## PRIVACY PROTECTIONS

Petitioner respectfully requests that personal identifying and sensitive financial information, to the extent reflected in supporting materials, be treated in accordance with applicable privacy protections and filing practices.

Petitioner has attempted in good faith to limit unnecessary disclosure of personal information within the submitted materials.

## CERTIFICATE OF SERVICE

I, Sarah ██████, hereby certify that on May 10, 2026, true and correct copies of the foregoing Renewed Petition for Writ of Mandamus were served by mail upon the following parties:

1. Clerk of Court
United States District Court for the Southern District of New York
500 Pearl Street, New York, NY 10007

2. United States Attorney's Office
Southern District of New York
One St. Andrew's Plaza, New York, NY 10007

3. Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square, Room 150, New York, NY 10007

Please note that no appendices were included in the copies served upon the United States Attorney's Office or the SDNY Pro Se Intake Unit, as most supporting materials had previously been transmitted through prior electronic submissions and courtesy copies.

# APPENDIX List (Filed with Renewed Petition for Writ of Mandamus)

*Note: The following Appendix items consist of procedural records, submission confirmations, bilinguol reference materials, mailing records, and related appellate correspondence on Petitioner's prior mandamus submissions.*

**A — September 27, 2025 Pro Se Victim Submission Package (First Filing)**

A-1 Original English filing submitted to SDNY Pro Se Intake Unit on September 27, 2025

A-2 Unofficial Chinese reference translation of September 27, 2025 filing

A-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**B — October 2025 Paper Mailing Efforts Relating to Petitioner's First Pro Se Victim Filing**

B-1 Mailing receipts of sending mail to the Court / U.S. Attorney's Office on Oct. 08, 2025

B-2 Shipping Notice to U.S. Attorney's Office on Oct. 09, 2025

B-3a Arrival records to U.S. Attorney's Office on Oct. 17, 2025

B-3b Delivery confirmation (showing delivery to the Court on Oct. 20, 2025)

**C — October 14, 2025 Pro Se Victim Submission Package**

C-1 Original English filing submitted to SDNY Pro Se Intake Unit on October 14, 2025

C-2 Unofficial Chinese reference translation of October 14, 2025 filing

C-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**D — October 18, 2025 Pro Se Victim Submission Package**

D-1 Original English filing submitted to SDNY Pro Se Intake Unit on October 18, 2025

D-2 Unofficial Chinese reference translation of October 18, 2025 filing

D-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**E — October 21, 2025 Pro Se Victim Submission Package**

E-1 Original English filing submitted to SDNY Pro Se Intake Unit on October 21, 2025

E-2 Unofficial Chinese reference translation of October 21, 2025 filing

E-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**F — Initial Mandamus Submission to the Second Circuit (October 2025)**

F-1 Original English Mandamus Petition Submitted to the Second Circuit

F-2 Unofficial Chinese reference translation of initial mandamus petition

**G — Second Circuit Returning Correspondence (November 12, 2025)**

**H — January 17, 2026 Record Preservation Submission Package**

H-1 Original English Record Preservation Letter submitted January 17, 2026

H-2 Near-immediate automated email acknowledgment from SDNY confirming receipt

**I — January 19, 2026 Motion Concerning Luc Despins Submission Package**

I-1 Original English motion concerning participation of Luc Despins and independent asset administrator

I-2 Unofficial Chinese reference translation

I-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**J — January 20, 2026 Procedural Factual Record Submission Package**

J-1 Original English Procedural Record concerning the January 20, 2026 status conference

J-2 Unofficial Chinese reference translation

J-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**K — January 23, 2026 Procedural Positions Submission Package**

K-1 Original English Statement Reserving Procedural Positions submitted January 23, 2026

K-2 Unofficial Chinese reference translation

K-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**L — April 20, 2026 Emergency Motion Submission Package**

L-1 Original English Emergency Motion to Stay Sentencing and Compel Docketing

L-2 Near-immediate automated email acknowledgment from SDNY confirming receipt

**M — Chronological Procedural Timeline and Submission Summary**

**Chinese Reference Translation of the Main Text of the Renewed Mandamus Petition:**
更新版强制令申请正文的中文参考译本：

## 引言（INTRODUCTION）

申请人 Sarah █████ 谨此提交本更新版强制令申请，请求获得有限的程序性救济，以处理其在美国纽约南区联邦地区法院（"SDNY"）审理中的 United States v. Ho Wan Kwok, et al., No. 1:23-cr-00118 (AT) 一案中，所递交之自行诉讼（pro se）受害人相关文件持续未被入档的问题。

自 2025 年 9 月起，申请人以《犯罪受害人权利法》（Crime Victims' Rights Act，"CVRA"），18 U.S.C. § 3771 项下自我认定犯罪受害人的身份，多次向 SDNY Pro Se Intake Unit 递交自行诉讼文件。这些文件包括受害人通知、程序性异议、记录保全文件，以及与没收程序和量刑程序相关的动议。

每次电子提交后，SDNY Pro Se Office 均自动发送确认收到的回复。申请人亦曾通过邮寄方式向地区法院递交部分文件的纸质副本。

尽管申请人在超过七个月的期间内反复提交相关文件，但申请人的任何文件均未被入档、上传、正式驳回、删除，或通过任何可供审查的司法程序得到处理。

2025 年 10 月 28 日，在其文件持续未被入档后，申请人曾尝试向本法院申请强制令救济。该申请于 2025 年 11 月 5 日被第二巡回上诉法院收到，但随后法院于 2025 年 11 月 12 日通过书面回函将申请退回，且未予立案。该回函实质上表示，申请人应首先通过地区法院寻求救济，然后再向上诉法院请求强制令介入。

在收到该回函后，申请人继续就相关刑事案件后续程序的发展向 SDNY 递交额外文件。自动回复及送达确认再次显示相关文件已被接收。然而，仍无任何文件被入档，亦无任何书面驳回命令被签发，同时也未形成任何可供审查的程序性司法记录。

因此，申请人此前提交强制令申请时所对应的程序性情况，现已发生重大变化。在经历数月持续未被入档的情况后，申请人现面临一种实质性的程序性僵局：其文件不断被接收，却始终未被正式录入、驳回，或以任何能够进行司法或上诉审查的方式得到处理。

申请人并不寻求针对基础刑事判决、定罪或量刑程序本身的实体性救济。相反，本次更新版强制令申请仅寻求有限的程序性救济：请求法院命令地区法院将申请人已提交的文件正式入档，从而使正式司法记录得以存在，并使未来任何可能的审查能够通过正常司法程序进行。

本更新版申请的中文参考译本附于英文正文之后，仅用于提高文件可读性与程序透明度，其中亦包括协助以中文为主要交流语言之被羁押被告理解相关内容。

## 第一部分：程序背景（PART I. PROCEDURAL BACKGROUND）

与本更新版申请相关的程序历史概述如下，并进一步反映于附件 M 中。

### A. 向 SDNY 提交的最初受害人文件

• 2025 年 9 月 27 日 —— 申请人通过电子邮件向 SDNY 提交了其第一份自行诉讼受害人文件。

• 2025 年 10 月 14 日 —— 申请人通过电子邮件提交第二份文件。

• 2025 年 10 月 18 日 —— 申请人通过电子邮件提交第三份文件。

• 2025 年 10 月 21 日 —— 申请人通过电子邮件提交第四份文件。

### B. 向 SDNY 提交纸质文件

由于申请人此前向 SDNY 递交的电子文件未被入档，申请人在寻求上诉层面介入前，尝试通过邮寄纸质文件的方式保全程序记录。

当时，加拿大正经历严重邮政系统中断（全国邮局大罢工）。对于一名自行承担费用的自行诉讼当事人而言，国际航空邮寄费用高昂难以承受。因此，申请人选择使用 FedEx Ground 陆运方式寄送文件，导致运输时间明显延长，并产生多个中转地点，相关情况均反映于送达记录之中。

• 2025 年 10 月 8 日 —— 纸质文件寄出。

• 2025 年 10 月 20 日 —— 确认送达 SDNY。

### C. 向第二巡回法院首次寻求强制令救济

• 2025 年 10 月 28 日 —— 申请人自加拿大向美国第二巡回上诉法院邮寄强制令申请。

• 2025 年 11 月 5 日 —— 第二巡回法院收到该申请。

• 2025 年 11 月 12 日 —— 该申请未经立案即被退回。

退回函件实质上表示，申请人应首先通过地区法院寻求救济，而后再向上诉法院寻求强制令救济。

### D. 首次强制令申请被退回后继续提交的受害人文件

在首次强制令申请被退回后，申请人继续就相关刑事案件后续程序的发展递交额外的自行诉讼受害人文件。

这些额外文件包括：

• 2026 年 1 月 17 日 —— 《记录保全函》（Record Preservation Letter）；

• 2026 年 1 月 19 日 —— 关于 Luc Despins 参与问题及指定独立第三方资产管理人的动议；

• 2026 年 1 月 20 日 —— 关于 2026 年 1 月 20 日状态会议的程序性记录文件；

• 2026 年 1 月 23 日 —— 关于 1 月 20 日状态会议及相关程序事项的保留立场声明；

• 2026 年 4 月 20 日 —— 根据《犯罪受害人权利法》（CVRA）提出的《紧急中止量刑并要求入档动议》。

### E. 持续缺乏入档处理

截至本更新版申请提交之日，上述申请人所提交的文件，均未被公开入档、正式驳回、删除，或通过司法命令得到任何形式的处理。

**F. 后续向美国最高法院提交材料**

鉴于相关文件持续未被正式入档，且始终未形成任何可供司法审查的程序性处理结果，申请人随后依据《美国最高法院规则》第 20 条及《美国法典》第 28 编第 1651(a) 条，向美国最高法院提交了与强制令相关的材料。

首次提交的材料因格式问题被退回，并附有格式修改指引。随后，申请人依据法院指示，对相关材料进行了修订并再次提交。

据申请人所知，修订后的提交材料目前仍处于行政处理过程中。

## 第二部分：持续不予入档导致无法获得有意义的司法审查

### （PART II. Continued Non-Docketing Denies Meaningful Judicial Review）

申请人相关文件持续未被入档，已形成一种程序性僵局，实际上阻碍了申请人所主张权利及程序立场获得任何有意义的司法审查。

申请人并不主张地区法院必须批准其文件中所请求的任何特定救济。申请人亦不寻求本法院对基础刑事程序实体问题的介入。

然而，当相关文件被地区法院反复接收、经书记官办公室自动回复确认收到、并以纸质形式实际送达后，却始终未被正式入档、驳回、删除，或通过书面命令予以处理，其结果便是：不存在任何可供审查的司法记录。

在文件未被入档的情况下，不存在任何程序机制能够使：

• 地区法院正式审议相关文件；

• 公共记录准确反映这些提交文件的存在；

• 作出任何程序性裁定；

• 有意义的上诉审查得以进行；或

• 申请人在司法记录中保留其异议或程序立场。

在本案中，这一情况尤为重要，因为相关文件系基于《犯罪受害人权利法》（Crime Victims' Rights Act, "CVRA"），18 U.S.C. § 3771 所主张之权利而提交。该法明确旨在赋予犯罪受害人在联邦刑事程序中的参与性程序保障。

申请人谨此陈述：在超过七个月的期间内，尽管相关文件被反复提交且确认收到，但持续未予入档的做法，在实际效果上已构成对司法审查途径以及正常司法程序运作的实质性剥夺。

因此，本申请所提出的问题属于程序性问题，而非实体性问题。申请人仅请求通过正常入档程序形成一份可供审查的司法记录。

## 第三部分：所请求之救济范围有限且具有程序性质

### （PART III. The Requested Relief Is Narrow and Procedural）

12/13

申请人谨此强调，本更新版强制令申请并不寻求撤销刑事判决、撤销起诉、改变量刑决定，或对 United States v. Ho Wan Kwok, et al., No. 1:23-cr-00118 (AT) 一案的实体问题进行介入。

申请人并不请求本法院裁定其所提交文件中任何基础主张的真实性或有效性。申请人亦不请求本法院采纳其中所包含的任何事实或法律立场。

相反，申请人仅请求一种有限的程序性救济：通过正常入档程序形成正式司法记录。

因此，所请求之救济范围有限，且性质上属于程序性。申请人仅请求：对于那些被反复提交至地区法院、确认收到、并在部分情况下已实际以纸质形式送达的文件，能够正式录入法院案卷，从而使：

• 相关提交文件的存在能够反映于司法记录之中；

• 任何程序性处理能够通过正常司法机制进行；以及

• 在必要情况下，使有意义的司法审查成为可能。

申请人谨此陈述：上述请求之救济，并不会侵入地区法院对基础刑事程序所拥有的实体裁量权。相反，该救济将有助于维护司法记录的完整性，并使正常程序审查机制得以按照其本来目的运作。

## 补充说明（ADDITIONAL INFORMATION）

如附件清单所示，申请人还就若干提交文件额外提供了双语参考材料，以促进文件可读性与程序透明度，其中亦包括协助以中文为主要沟通语言的在押被告理解相关内容。

申请人在向 SDNY 提交相关文件的同时，也已同步向检方及辩方律师送达或提供相关文件副本。

### 通知后未见已知程序性回应

尽管申请人已多次向包括检方及辩方律师在内的多个相关方发出通知，但据申请人所知，目前尚无任何程序性请求或文件被提出，以寻求对相关提交材料进行正式入档或司法处理。

## 救济请求（PRAYER FOR RELIEF）

因此，申请人谨此恭请本法院：

1. 命令美国纽约南区联邦地区法院正式入档本申请及附件 M 中所列之申请人此前提交的自行诉讼受害人文件；
2. 授予本法院认为公正且适当的其他进一步程序性救济。

本人谨在伪证处罚责任下声明：据本人所知，以上内容真实且正确。

日期：2026 年 5 月 10 日

谨此提交，

Sarah █████

自行诉讼申请人（Pro Se Petitioner）
加拿大

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** _____

**Caption [use short title]**

**Motion for:** Renewed Petition for Writ of Mandamus

and Motion to Redact Personal Identifying Information

_____

Set forth below precise, complete statement of relief sought:

Petitioner seeks mandamus relief concerning the continued non-docketing

and non-consideration of prior pro se submissions transmitted to the

United States District Court for the Southern District of New York in connection with

United States v. Ho Wan Kwok, et al., No. 23-cr-00118 (AT). Petitioner additionally provides

clarification regarding prior courtesy copies previously served upon the SDNY Pro Se Intake Unit,

the chambers of the Honorable Analisa Torres, and the United States Attorney's Office.

In re █████ Sarah █████

**MOVING PARTY:** ████ Sarah ████    **OPPOSING PARTY:** United States of America

☐ Plaintiff    ☐ Defendant

☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Pro Se Petitioner ████ Sarah ████    **OPPOSING ATTORNEY:** United States of America

[name of attorney, with firm, address, phone number and e-mail]

Southern District of New York

One Saint Andrew's Plaza, New York, NY 10007

Phone: 212-637-2200

**Court- Judge/ Agency appealed from:** United States District Court for the Southern District of New York, Hon. Analisa Torres

Please check appropriate boxes:

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain): _____

_____

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☐ No   ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☑ Yes ☐ No

Has this relief been previously sought in this court?   ☑ Yes ☐ No

Requested return date and explanation of emergency: _____

Petitioner respectfully requests prompt consideration in light of the ongoing sentencing

Proceedings and the continued absence of docketing or formal disposition regarding prior pro se submissions.

Petitioner additionally requests redaction of personal identifying information pursuant

to Federal Rule of Criminal Procedure 49.1(a).

Is oral argument on motion requested?   ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No If yes, enter date: _____

**Signature of Moving Attorney:**

_____   **Date:** May 27, 2026   Service by: ☐ CM/ECF ☑ Other [Attach proof of service]

File Name: Form_T-1080-Motion-Info-Statement-By-█-May27-2026

Form T-1080 (rev. 12-13)

# APPENDIX A

**A — September 27, 2025 Pro Se Victim Submission Package (First Filing)**

A-1 Original English filing submitted to SDNY Pro Se Intake Unit on September 27, 2025

A-2 Unofficial Chinese reference translation of September 27, 2025 filing

A-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
Plaintiff,

v.

HO WAN KWOK, a/k/a MILES GUO, et al.,
Defendants.

Case No. 1:23-cr-00118-AT

The Honorable Analisa Torres
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

## Victim's Motion and Statement (Pro Se) – English Version

Dear Judge Torres:

My name is ████████(English name: Sarah). I was born in mainland China and am now a Canadian citizen. Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771), I respectfully submit this motion and statement as a victim in the above-captioned case.

*please redact my first and last legal names*

### I. My Investments and Losses

1. First Investment (January 2021): I invested USD 10,250 through "Athena Farm" in a G-TV loan project. *under this sticker.*

2. Second Investment (October 2023): Even after Mr. Guo's arrest, I continued to believe the NFSC and invested USD 10,036 in the A10 project.

3. Third Investment (February 2022 – July 2024): I purchased 2,133 H-coins through two individual private channels and about ten transactions, totaling approximately CAD 60k (equivalent to USD 50k).

My total investments amount to approximately USD 70,000. See Exhibit A for supporting details.

A-1    1/4

## II. Misleading Acts by NFSC Alliance

4. After Mr. Guo's detention, I still trusted the NFSC, because its leaders repeatedly spread information in livestreams and broadcasts, such as: (i) claiming Mr. Guo was "highly respected" in MDC and would "return as a king at any time"; (ii) urging members to join the A10 project, saying it was still ongoing and a rare opportunity; (iii) stating Mr. Guo's health was excellent, inconsistent with court filings.

5. The prosecution has identified the NFSC as a RICO co-conspirator. Yet to victims like me, the NFSC presented itself as "serving fellow fighters," while in reality it relied on Mr. Guo's reputation to solicit further investments.

6. I also ran a Gettr account "Sarah███510," which grew to over 3,000 followers by February 2025, but was suddenly banned without cause. This suggests that NFSC leaders suppress victims' voices rather than represent us.

7. I respectfully ask the Court to recognize that NFSC leaders continued to distribute potentially misleading information during Mr. Guo's detention, causing harm to investors like myself.

7A. During and before the June–July 2024 trial of Mr. Guo, the NFSC Alliance strongly urged "true supporters" not to attend. For example, Alliance leader QMay claimed in live broadcasts that this was Mr. Guo's direct instruction from a phone call allegedly made from MDC. As a result, genuine supporters like myself refrained from attending, while the Alliance organized dozens of people to attend court and claim to represent all supporters.

7B. The Alliance then conducted one to two hours of daily livestream "trial coverage" on its official GETTR platform. Other self-proclaimed supporters, such as "Jessica G," hosted near-daily livestreams reporting selective "trial updates." Hosts like "Little Elephant" (Aila Wang) praised defense counsel Sabina, asserting that both the judge and lawyers were "on our side," which injected false confidence into listeners and manipulated public opinion.

7C. Outside the courtroom, the Alliance engaged in acts that obstructed justice, including discouraging investors from testifying, promoting the "TDCCP coin," and soliciting new funds using Mr. Guo's unverified phone calls as endorsements. These actions misled investors while shifting blame onto Mr. Guo.

## III. Concerns About Prosecutors' and Defense Lawyers' Actions

8. Possible Brady Issues: The prosecution may have committed Brady violations by not disclosing critical information, as detailed in Document 733. For instance, it appears that the prosecution relied on unverified NFSC livestream claims (e.g., by David Xia and Nicole regarding Mr. Guo's health) to oppose bail. This reliance on unverified

A-1    2/4

information may have affected the Court's decision and indirectly allowed NFSC to continue influencing victims.

9. Limited Response from Defense Teams: Mr. Guo's successive defense teams did not appear to take sufficient action to challenge these issues. This passivity allowed due process concerns to persist. Despite my attempts to contact them via four times of emails (see Exhibit B) and phone calls, I received no response. It was precisely this lack of engagement that led me to file pro se as a victim.

10. Beyond immediate financial harm, the systemic errors revealed in this case will eventually affect my families, children, and communities at large. This broader concern is my principal motivation for monitoring Mr. Guo's case and for submitting this motion. I respectfully urge the Court to identify and correct these errors in a timely manner.

## IV. Relief Requested

I respectfully request that the Court:

1. Docket this motion and its exhibits, and notify the prosecution and all defense counsel;

2. Direct the prosecution to state whether it has investigated NFSC leadership's actions, particularly whether: (i) the authenticity of Mr. Guo's phone calls to NFSC has been verified (including the possibility of AI-generated content); (ii) the defendant's daughter Mei Guo's Gettr account (nizi17) has been improperly controlled or manipulated by NFSC leaders.

3. Direct Mr. Guo's current and former attorneys to respond in writing to the following: (i) Whether they were aware of Document 733 and its contents while representing Mr. Guo; (ii) If not, whether Mr. Guo mentioned it; (iii) If so, whether he instructed them to raise prosecutorial misconduct, and if so, why it was not pursued; (iv) Why these issues were not raised by defense but instead later discovered by a victim.

4. Add me to the victim notification list, and direct the prosecution or Victim-Witness Coordinator to provide timely updates on major proceedings;

5. If this motion is denied or not docketed, please provide a written explanation so that I may exercise my right to appeal.

## V. Declaration

I declare under penalty of perjury that the foregoing is true and correct. Attached are Exhibit A (Investment Records and Receipts by Sarah), Exhibit B (Records on My Four Emails to Counsel), Exhibit C–D (733 Main in Chinese and Report on 733 in Chinese), and Exhibit E (Pro Se as Victim of Miles Guo Legal Case in Chinese -4pgs). All exhibits (A–E) are not to be released publicly. The Chinese PDF is for the defendant Miles Guo.

Respectfully submitted,

Signature: ███████████

Name: ████████ Sarah

Date: September 27, 2025

## Certificate of Service

I hereby certify that on the same date above, I served a copy of this motion and its exhibits by email to the United States Attorney's Office for the Southern District of New York, and to counsel for the defendant, on the same day it was submitted to the Court.

Signed: at home, ████

Name: Sarah

Phone: ████████

Email: ████████

Address: ████████████████

## Exhibit List

Exhibit A – Investment Records and Receipts by Sarah -24pgs

Exhibit B – Records on My Four Emails to Counsel -3pgs

Exhibit C – 733 Main in Chinese -4pgs

Exhibit D – Report on 733 in Chinese -9pgs

Exhibit E – Pro Se as Victim of Miles Guo Legal Case in Chinese -4pgs

*please redact my signature, legal names and email address, home address under these orders on this page*

A-1    4/4

美国纽约南区联邦地区法院

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA，（美国合众国），原告，

— 诉 —

HO WAN KWOK，又名 MILES GUO 等，被告。

案件编号：1:23-cr-00118-AT


尊敬的 Analisa Torres 法官
纽约南区联邦地区法院
Daniel Patrick Moynihan 联邦法院
500 Pearl Street
New York, NY 10007-1312


**受害者动议与陈述（Pro Se）——中文译本**


尊敬的托雷斯法官：

本人姓名████（英文名：Sarah），出生于中国大陆，现为加拿大公民。依据《犯罪受害者权利法》（Crime Victims' Rights Act, 18 U.S.C. § 3771），兹以本案受害者身份谨呈此动议与陈述。

*please redact my chinese name under this sticker.*

**一、我的投资与损失**

1）第一次投资（2021 年 1 月）：通过"雅典娜农场"参与 G-TV 借贷项目，投资 10,250 美元。

2）第二次投资（2023 年 10 月）：在郭先生被羁押后，我仍然相信 NFSC，参与 A10 项目，投资 10,036 美元。

3）第三类投资（2022 年 2 月—2024 年 7 月）：通过两个个人私下渠道、约十次交易共购买 2,133 枚 H 币（H-coins），总额约 6 万加元（约合 5 万美元）。

A-2    1/4

以上三类投资累计约 7 万美元。详见证据 A（投资明细与付款记录）。

## 二、NFSC 联盟的误导行为

4）在郭先生被羁押后，我仍然信任 NFSC，因为其负责人在多场直播/节目中反复传播如下信息：（a）称郭先生在 MDC"备受尊重"，可"随时王者归来"；（b）号召成员继续参与 A10 项目，称"仍在进行、机会难得"；（c）宣称郭先生身体状况极佳，该说法与部分庭审文件信息并不一致。

5）检方已将 NFSC 认定为 RICO 共谋方。然而对我等受害者而言，NFSC 自称"服务战友"，实则依赖郭先生名望持续动员投资。

6）我曾运营 Gettr 账号"Sara███████"，截至 2025 年 2 月粉丝数超 3000，但账户突然无故被封禁。这显示 NFSC 领导层并非代表受害者发声，反而可能压制受害者声音。

7）我谨请法庭注意：在郭先生被羁押期间，NFSC 领导层仍持续发布具有误导性的信息，导致我等投资者受到伤害。

7A）在 2024 年 6-7 月的庭审前后，NFSC 联盟强烈要求"真正的支持者"不要旁听出庭。例如，联盟负责人"QMay"在直播中声称，这是郭先生从 MDC 打来的电话直接指示。结果，我们这些听话的真实支持者都没有去旁听，而联盟却组织了数十人到庭，并自称代表所有支持者。

7B）联盟随后在其官方 GETTR 平台上几乎每天进行 1-2 小时的"庭审直播"，其他自称支持者（如"Jessica G"）（实际上是"爱郭贼"）亦几乎每日直播宣称提供"庭审细节"。主持人"小飞象（Aila Wang）"在节目中多次夸赞辩护律师 Sabina，称法官与律师"都站在我们这边"，营造"随时将被无罪释放、立刻走出法庭"的氛围。上述内容使听众被不断"打鸡血"，形成错误自信，客观上操控了话语权并误导了舆论。

7C）在法庭之外，联盟还采取妨碍司法之举，包括劝说投资者不要出庭作证、推广所谓"TDCCP 币"继续拉新、以郭先生未经核对的电话为该币背书，同时继续把锅甩给郭先生。

## 三、对检方与辩方行为的关切

A-2    2/4

8）可能存在 Brady 义务问题：检方或未披露关键信息（详见 733 号文件）。例如，检方似乎在反对保释时，参考了 NFSC 直播中的未经核实言论（如 David Xia 与 Nicole 对郭先生健康的说法）。此类依赖不实或未经核实的信息，可能影响了法庭的裁量，并间接使 NFSC 得以继续影响受害者。

9）辩护团队回应有限：郭先生先后三任律师团队似乎未充分挑战上述程序性问题。这种消极姿态使正当程序方面的疑虑延宕未解。尽管我四次通过邮件（见证据 B）及电话联系，均未获回复。正是出于这种"无人回应"的处境，我选择以受害者身份向法庭陈情，使关切得以聆听。

10）撇开经济利益不谈，本案暴露出的体系性错误迟早会影响到我们家庭、子女与社区的未来。这正是我持续关注郭案并参与本动议的主要动因。我恳请法庭识别并及时纠正这些错误，以免进一步的伤害发生。

## 四、请求的救济

我谨此请求法庭：

（1）将本动议及所附证据入卷，并通知检方与全体辩护律师；

（2）指示检方说明其是否已调查 NFSC 领导层的相关行为，尤其说明：（i）已否核验郭先生向 NFSC 打电话的真伪（含是否存在 AI 合成的可能）；（ii）被告之女郭美（Gettr 账号：nizi17）之账号是否被 NFSC 领导成员不当控制或操纵。

（3）指示郭先生现任与历任律师团队就以下问题书面答复：（i）在代理期间是否知悉 733 号文件及其内容；（ii）若不知悉，被告是否曾就 733 号文件或相关问题向其提及；（iii）若曾提及，被告是否指示律师主张检方不当行为；如是，未予推进之理由为何；（iv）为何未由辩方主动作出与 733 号文件等相关之主张，反由一名受害者后来发现并提出。

（4）将我列入受害者通知名单，并由检方或受害者-证人协调员就重大进展及时通知；

（5）如本动议被驳回或不予入卷，请提供书面理由，以便我行使上诉之权利。

## 五、宣誓声明

本人在作伪证将受处罚之惩戒下声明：上述陈述内容真实、准确。随附证据 A（投资与付款记录）、证据 B（与律师之通信）、证据 C-D（733 号文件中文译本与

A-2　3/4

相关报告，供参考）及证据 E（本动议中文版本）。所有证据（A－E）均不应在公开版本中披露。中文 PDF 仅供被告郭先生查阅。

谨此陈请。

签名：_____

姓名：Sarah / ███████

日期：2025 年 9 月 27 日

送达证明（Certificate of Service）

本人特此证明：在上述同一日期，我已将本动议及其附件以电子邮件方式送达纽约南区美国检察官办公室，并同时送达被告之辩护律师。

签名：于家中，加拿大

姓名：███████ / Sarah

电话：+███████

电子邮箱：███████

地址：███████ Canada, ███

*Please redact information under ~~my~~ this sticker*

证据清单

证据 A － 投资证明与付款记录

证据 B － 与律师的通信记录

证据 C － 733 号文件的中文翻译

证据 D － 针对 733 文件的中文参考报告

证据 E － 本自诉动议（Pro Se）的中文版本

A-2  4/4

**Outlook**

---

Automatic reply: Sarah ▓ 's Pro Se Regarding Miles Guo's Legal Case (1:23-cr-00118-AT)

From New Pro Se Filing <pro_se_filing@nysd.uscourts.gov>
Date Sat 2025-09-27 17:10
To    Sarah ▓

*Please redact my email address under this order*

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;
  - Fee requirements and instructions:
  - Please note that your complaint will not be reviewed until the court receives payment of the filing fees.
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: Cashiers Room 260, 500 Pearl Street, New York, NY 10007.
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed in forma pauperis.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse

Pro Se Intake Unit

500 Pearl Street

New York, NY 10007

or

United States Courthouse

Pro Se Intake Unit

300 Quarropas Street

White Plains, NY 10601

Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). Alternatively, you may leave a message with 212-659-6190.

A-3

Case: 26-1476, 05/28/2026, DktEntry: 8.1, Page 27 of 127

# APPENDIX B

**B — October 2025 Paper Mailing Efforts Relating to Petitioner's First Pro Se Victim Filing**

B-1 Mailing receipts of sending mail to the Court / U.S. Attorney's Office on Oct. 08, 2025

B-2 Shipping Notice to U.S. Attorney's Office on Oct. 09, 2025

B-3a Arrival records to U.S. Attorney's Office on Oct. 17, 2025

B-3b Delivery confirmation (showing delivery to the Court on Oct. 20, 2025)

staples | bureau en gros



Shipping Receipt - CUSTOMER COPY                                            Page 1 of 1

| | |
|---|---|
| **Date** | 10/08/2025 |
| **Customer** | Sarah ▮ |
| **Service** | FedEx International Ground® |
| **Ship date** | Wednesday, October 8, 2025 |
| **Delivery** | Wednesday, October 15, 2025 by end of day |

**Package(s)**

| QTY | WEIGHT | MANUAL ENTRY | PACKAGING TYPE | DIMENSIONS/PACKAGING | MANUAL ENTRY | DECLARED VAL. |
|---|---|---|---|---|---|---|
| 1 | 0.1 lb. | No | Customer | 9.0x12.0x1.0 in | No | $0 |

TRACKING #: ▮

**To/Recipient**

Pro Se Intake
United States District Court
500 Pearl Street
Southern District of New York
New York, , 10007
US

**Charges/additional services**

| | |
|---|---|
| Base shipment | $28.10 |
| Declared value (0) | $0.00 |
| Fuel Surcharge | $4.79 |
| Delivery Area Surcharge | $1.25 |
| Other Surcharges | $3.50 |

| | |
|---|---|
| **Total charges** | **$37.64** |
| **Payment** | Pay at register |

**Shipping disclaimer**

By executing this shipment, customer is agreeing that all contents are legal for shipping and packed according to FedEx, DHL and/or Purolator guidelines. Customer agrees to Terms and Conditions of Staples Canada ULC and FedEx, DHL and or Purolator. Track your package at www.fedex.com, www.dhl.com or www.purolator.com.

---

En exécutant cet envoi, le client accepte que tous les contenus sont légaux pour l'expédition et emballés conformément aux directives de FedEx, DHL et/ou Purolator. Le client accepte les conditions générales de Staples Canada ULC et de FedEx, DHL et/ou Purolator. Suivez votre colis sur www.fedex.com, www.dhl.com ou www.purolator.com.

Outlook

We have your shipment ▮▮▮▮▮▮.

From FedEx Tracking <TrackingUpdates@fedex.com>
Date Thu 2025-10-09 14:11
To ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**FedEx**

# We have your shipment.

Scheduled delivery date
**Tue, 10/14/2025**

*[Handwritten: Please redact information under these sticker on the page.]*

## Take more control of your shipments

Save delivery instructions, get picture proof of delivery, and more.

( MANAGE DELIVERY )

Some delivery options might not be available on the day of delivery.

## Tracking details

| | |
|---|---|
| Tracking ID | 885018362639 |
| From | C/O FASC ▮▮▮▮▮▮▮▮ |
| To | United States District Court<br>500 Pearl Street<br>Southern District of New York<br>New York, NY, US<br>10007 |
| Ship date | Thu 10/09/2025 12:00 AM |
| Number of pieces | 1 |
| Total shipment weight | 0.10 LB |
| Service | FedEx International Ground |

( TRACK SHIPMENT )

▓ Outlook

Your shipment is scheduled for delivery tomorrow ▆▆▆▆

From FedEx Tracking <TrackingUpdates@fedex.com>
Date Sat 2025-10-11 21:54
To ▆▆▆▆▆▆▆▆▆▆



# Your shipment is scheduled for delivery tomorrow.

Scheduled delivery date
Mon, 10/13/2025

## Take more control of your shipments

Save delivery instructions, get picture proof of delivery, and more.

( MANAGE DELIVERY )

Some delivery options might not be available on the day of delivery.

## Tracking details

| | |
|---|---|
| Tracking ID | ▆▆▆▆ |
| From | C/O FASC ▆▆▆▆▆▆ |
| To | Assistant US Attorney<br>1 Saint Andrews Plz<br>New York, NY, US<br>10007 |
| Ship date | Thu 10/09/2025 12:00 AM |
| Number of pieces | 1 |
| Total shipment weight | 0.10 LB |
| Service | FedEx International Ground |

( TRACK SHIPMENT )



Outlook

Your shipment is out for delivery today

From FedEx Tracking <TrackingUpdates@fedex.com>
Date Fri 2025-10-17 03:29
To

# Your shipment is out for delivery today.

Scheduled delivery date
Fri 10/17/2025
Estimated between 12:40pm and 2:40pm

## Take more control of your shipments

Save delivery instructions, get picture proof of delivery, and more.

( MANAGE DELIVERY )

Some delivery options might not be available on the day of delivery.

## Tracking details

| | |
|---|---|
| Tracking ID | |
| From | C/O FASC |
| To | Assistant US Attorney
1 Saint Andrews Plz
New York, NY, US
10007 |
| Ship date | Thu 10/09/2025 12:00 AM |
| Number of pieces | 1 |
| Total shipment weight | 0.10 LB |
| Service | FedEx International Ground |

( TRACK SHIPMENT )

🎱 Outlook

Your shipment was delivered ███████

From FedEx Tracking <TrackingUpdates@fedex.com>
Date Mon 2025-10-20 17:18
To ████████████████████████



# Your shipment was delivered.

**Delivery Date**
Mon, 10/20/2025
8:11pm

Report missing package

## How was your delivery?

☆ ☆ ☆ ☆ ☆

## Tracking details

| | |
|---|---|
| Tracking ID | ████████ |
| From | ██████████ |
| To | New York, NY, US |
| Ship date | Thu 10/09/2025 12:00 AM |
| Number of pieces | 1 |
| Total shipment weight | 0.10 LB |
| Service | FedEx International Ground |



( TRACK SHIPMENT )

# APPENDIX C

**C — October 14, 2025 Pro Se Victim Submission Package**

C-1 Original English filing submitted to SDNY Pro Se Intake Unit on October 14, 2025

C-2 Unofficial Chinese reference translation of October 14, 2025 filing

C-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF NEW YORK

United States of America,
Plaintiff,

v.

Ho Wan Kwok (Miles Guo), et al., Defendants.

Case No. 1:23-cr-00118 (AT)

### Victim's Second Motion (Pro Se) – Request to Extend Petition Deadline and Disqualify Luc Despins

To the Honorable Judge Analisa Torres:

My name is ▓▓▓▓▓▓▓(English name: Sarah), a Canadian citizen and verified investor-victim in the above-captioned case. Pursuant to the Crime Victims' Rights Act (18 U.S.C. §3771), I respectfully submit this second pro se motion to (1) request an extension of the third-party petition deadline by 30 days, and (2) request the disqualification of Trustee Luc Despins from the forfeiture process, due to the loss of victims' trust and the prosecution's failure to fulfill its Brady obligations.

A full Chinese translation of this motion is attached as an exhibit for the defendant's reference.

### I. Grounds for Extension of the Third-Party Petition Period

1. First submission not uploaded: On September 27, 2025, I timely submitted my first pro se victim motion to the Court by email, with copies sent simultaneously to the prosecution and the defense counsel. However, that motion has never been uploaded or docketed on the public record. This failure was not caused by me but by technical or administrative reasons outside my control. I therefore request that the Court acknowledge my first submission as timely filed and extend the current filing window to ensure...

2. Suspension of third-party filings: The Court has temporarily paused or delayed the acceptance of third-party petitions, creating confusion and inequality among victims.

3. Limited capacity of overseas victims: Most genuine victims reside in mainland China or other regions, where they lack English proficiency, legal knowledge, and access to U.S.

1/3

counsel. During this suspension, many lost valuable time to file, while false or Alliance-controlled claims continued through legal channels unchecked.

4. For these reasons, I respectfully request the Court to extend the petition period by at least 30 days to restore fairness and transparency in the forfeiture process.

## II. Disqualification of Trustee Luc Despins

1. Conflict of interest and misconduct: Trustee Luc Despins (in the Connecticut bankruptcy case 22-50073) has repeatedly acted against victims' interests, accepting fraudulent creditor claims and coordinating with the Alliance and its affiliates.

2. Brady and transparency failures: As shown in Document 733 and 733-1 (September 2025), both the prosecution and Luc Despins failed to meet their Brady obligations and did not act in good faith toward victims.

3. Loss of trust and risk of harm: Luc's continued involvement in the forfeiture process presents an irreconcilable conflict of interest and undermines confidence in the fairness of the system. His silence may conceal future attempts to intervene and seize victims' assets.

4. Therefore, I request that Luc Despins be removed from the forfeiture process, and that an independent third party—such as a neutral examiner or receiver—be appointed to handle verification and distribution of victim assets.

## III. Relief Requested

I respectfully request that the Court:
1. Acknowledge my first pro se motion submitted on September 27, 2025, as timely filed;
2. Extend the third-party petition period by 30 days;
3. Disqualify Trustee Luc Despins from any role in the forfeiture process;
4. Appoint a neutral independent party to oversee the verification and distribution of victims' assets;
5. Order the prosecution to clarify its Brady compliance and any coordination with Luc regarding forfeiture;
6. Docket this motion and provide notice to all counsel;
7. If denied, issue a written explanation to preserve my right to appeal.

## IV. Declaration

I declare under penalty of perjury that the foregoing is true and correct.
Executed at Edmonton, Canada, this 14th day of October, 2025.



Signature: _____                    _____
Name: _____ Sarah

# 受害者第二份自诉动议（Pro Se）

## —— 请求延长第三方自诉期限并将 Luc Despins 排除出没收程序

### （中文译文仅供参考）

美国纽约南区联邦地区法院
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

案件名称：United States of America（美国政府）v. Ho Wan Kwok（郭文贵 / Miles Guo）
等被告
案号：1:23-cr-00118（AT）

**致尊敬的托雷斯法官（Hon. Analisa Torres）：**

我名叫██████（英文名 Sarah ████），现为加拿大公民，是本案中经确认的受害者投资人。根据《美国受害者权利法》（Crime Victims' Rights Act, 18 U.S.C. § 3771），我谨此提交第二份 Pro Se 自诉动议，恳请法庭：
1☐ 延长第三方自诉（third-party petition）期限三十（30）天；
2☐ 将破产案托管人 Luc Despins 排除在没收程序（forfeiture process）之外；
3☐ 并承认我于 2025 年 9 月 27 日通过电子邮件提交的第一份自诉，已视为按时提交（timely filed）。

## 第一部分：请求延长期限的理由

1. 第一次自诉未被上传：我于 2025 年 9 月 27 日通过电子邮件正式向法院提交了第一份自诉，并同时抄送给检方和辩方律师。然而，该文件至今未被上传或显示在法庭公开记录中。这并非由于我个人原因，而可能是因行政或技术原因所致。因此，我恳请法庭承认我的首次提交为及时有效，并相应延长自诉期限。

2. 法院暂时暂停第三方自诉受理：法庭近期暂停或延迟了第三方自诉（petition）的受理，造成了众多受害者的困惑和不平等。

3. 海外受害者的实际困难：大多数真正的投资受害者身在中国大陆或其他国家，他们普遍缺乏英语能力、不了解美国法律程序，也难以聘请美国律师。在法庭暂停受理期间，许多受害者失去了宝贵的时间，而一些虚假或受"联盟"（NFSC Alliance）控制的假索赔却能畅通无阻地进入法律系统。

4. 基于以上原因，我恳请法庭延长自诉期至少三十天，以恢复程序的公正与透明。

## 第二部分：请求排除 Luc Despins 出没收程序

1. 利益冲突与不当行为：破产案托管人 Luc Despins（康州破产案编号 22-50073）多次违背受害者利益，接受虚假债权申报，并与 NFSC "联盟"及其关联人员合作。

2. 检方与 Luc 的披露义务失职：正如 2025 年 9 月文件 733 与 733-1 所揭示的，检方与 Luc Despins 均未履行布雷迪义务（Brady obligations），未尽到对受害者的诚信与披露责任。

3. 信任缺失与潜在风险：Luc 继续参与没收程序，已构成严重利益冲突，削弱公众对司法公正的信任。他的长期沉默并不代表退出，极有可能在最后阶段重新介入，试图夺取受害者资产。

4. 因此，我恳请法庭立即将 Luc Despins 排除出没收程序，并任命一名独立第三方（independent third party），例如法院指定的监察员（examiner）或资产管理人（receiver），负责核查及分配受害者资产。

## 第三部分：检方的系统性失职

1. 检方未能对 NFSC 联盟在郭文贵被羁押及审判期间持续误导投资者的行为进行调查或采取措施。
2. 检方的不作为使得 Luc Despins 与 NFSC 体系得以主导没收程序，并将"受害者"定义为与事实不符的群体。
3. 这些系统性问题严重破坏了受害者的信任，因此我们要求建立一个独立且公正的审查机制。

## 第四部分：请求的救济措施（Relief Requested）

我谨恭请法庭：
1☐ 确认我于 2025 年 9 月 27 日提交的第一份自诉动议为"按时提交"；
2☐ 延长第三方受害者自诉期限三十（30）天；
3☐ 将破产案托管人 Luc Despins 排除在没收程序之外；
4☐ 任命独立第三方机构负责核查与分配受害者资产；
5☐ 要求检方披露与 Luc 的沟通及布雷迪义务执行情况；
6☐ 将本动议正式录入案卷并通知各方律师；
7☐ 若本动议被拒，请法庭提供书面解释，以保留我上诉权利。

## 第五部分：声明（Declaration）

本人在作伪证罪（penalty of perjury）下声明：以上陈述内容真实、准确、无误。

签署地：加拿大 ████████████████████
日期：2025 年 10 月 14 日

签名：_____

姓名：███████████ (Sarah)

## 送达证明（Certificate of Service）

本人在同日（2025 年 10 月 14 日）通过电子邮件向以下对象送达本动议副本：

- 美国纽约南区检察官办公室 Assistant U.S. Attorney Ryan B. Finkel
- 被告郭文贵（Miles Guo）之律师（Counsel for Defendant）
- 并向法院电子邮箱发送一份副本以供上传。

签署地：███████

签名：███████████ / (Sarah)

## 附注说明

本中文译文仅供参考（for reference only），以便被告理解动议内容。如有歧义，以英文原件为准。

 Outlook

---

**IMPORTANT INFORMATION, PLEASE REVIEW**

---

From Pro Se Filing <pro_se_filing@nysd.uscourts.gov>
Date Tue 2025-10-14 18:04
To    Sarah

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than **15** megabytes;
- The complaint must be signed by the filing **party**;

- Fee requirements and instructions:
- Please note that your complaint will not **be reviewed until the court receives payment of the** filing fees.
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007**.
- Your payment must include the docket number, which you can learn by calling **(212) 805-0175**.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007
or
United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**

# APPENDIX D

**D — October 18, 2025 Pro Se Victim Submission Package**

D-1 Original English filing submitted to SDNY Pro Se Intake Unit on October 18, 2025

D-2 Unofficial Chinese reference translation of October 18, 2025 filing

D-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

Case: 26-1476, 05/28/2026, DktEntry: 8.1, Page 41 of 127

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**United States of America,**

**v.**

**Ho Wan Kwok (Miles Guo), et al.,**
**Defendants.**

**Case No. 1:23-cr-00118 (AT)**

**Third Pro Se Victim Motion — Formal Objection to Prosecutorial Misconduct, Illegal Asset Seizure, Fraudulent Forfeiture, and Judicial Bias**

## To the Honorable Court:

I,                   ɹ (English name: Sarah), a verified investor-victim and Canadian citizen, respectfully submit this third pro se victim motion under the Crime Victims' Rights Act (18 U.S.C. § 3771) and Fed. R. Civ. P. 60(d)(3) to preserve my rights and the integrity of justice.

This motion is filed notwithstanding the Court's continued refusal to docket my two prior victim motions (September 27 and October 14, 2025). Their suppression has deprived me—and other genuine victims—of the right to be heard. The deadline for third-party petitions is now imminent; I must therefore act, whether or not the Court allows publication.

## I. Summary of Grievances

Since the unaddressed filing of Document 733 and 733-1 (September 2025), the prosecution and the court-appointed trustee, Luc A. Despins, have engaged in a pattern of fraudulent forfeiture, unlawful seizure, and obstruction of justice, while the Court has failed to intervene.

The government has:
- Illegally frozen and expended assets before conviction;
- Destroyed legitimate investment projects and market order;
- Covered up over $32 billion in fraudulent creditor claims revealed in bankruptcy proceedings;
- Used false and incomplete evidence to persecute the defendant and silence victims.

These acts have inflicted direct economic loss on me and countless others, whose investments were lawfully made and later misappropriated.

## II. Government and Trustee Misconduct

Evidence in Document 733 and 733-1 shows repeated Brady violations, selective evidence omissions, and collaboration between prosecutors and the trustee to deceive multiple courts. The trustee knowingly accepted invalid or fabricated creditors (e.g., "Gongzu" and "Julia") and concealed this misconduct from the Court. The prosecution, despite being twice misled by the trustee, continued to rely on false information to oppose bail, inflate legal fees, and justify forfeiture.

The pattern constitutes fraud upon the court under Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944), and violates the CVRA guarantee of proceedings free from fraud and unreasonable delay.

## III. Judicial Bias and Failure of Oversight

The undersigned victim respectfully moves for the recusal of Judge Analisa Torres pursuant to 28 U.S.C. § 455(a) and (b).

Since the filing of Document 733, this Court has:
1. Refused to docket or respond to almost all subsequent pro se victim filings;
2. Ignored the grave prosecutorial fraud disclosed therein;
3. Taken no corrective action after being twice deceived by the prosecution—first during detention and bail proceedings, and again through false creditor data from the trustee;
4. Failed to preserve transparency or impartiality in handling victims' petitions.

These actions have eroded confidence in the Court's neutrality and created a reasonable appearance of bias, sufficient under § 455(a) to require recusal. A new Article III judge with no prior involvement in the related bankruptcy or forfeiture proceedings should be assigned.

## IV. Relief Requested

Accordingly, I respectfully request that the Court:

(a) Declare that the prosecution and trustee have engaged in misconduct and void all forfeiture orders tainted by fraud;
(b) Enjoin the government and Trustee Luc A. Despins from handling or dissipating seized assets;
(c) Appoint an independent receiver or neutral custodian to safeguard and audit all seized assets;
(d) Compel the government to disclose all Brady materials and communications with the trustee concerning forfeiture;
(e) Compel the docketing of this motion in full, with exhibits, and make it publicly accessible (redacted as necessary under Fed. R. Crim. P. 49.1);

2/3

(f) Order the Clerk of Court to docket my two prior pro se victim motions (dated September 27 and October 14, 2025) that remain unrecorded, and recognize them as timely;

(g) Direct that all future pro se victim filings be accepted and docketed without undue delay;

(h) Order that Judge Analisa Torres recuse herself from further involvement in this case and reassign it to another district judge;

(i) Grant any other relief deemed just and proper.

## V. Declaration

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. This motion is not interposed for any improper purpose, but to uphold justice and protect victims' statutory rights.

Respectfully submitted,

## Certificate of Service

I hereby certify that on the same date above, I served a true and correct copy of this motion and its exhibits by email to:

- Assistant U.S. Attorney Ryan B. Finkel, U.S. Attorney's Office, SDNY
- Counsel for Defendant Ho Wan Kwok (Miles Guo)
- A copy was also sent to the Court for docketing via email and will be possibly sent by postal mail if needed.

, Canada, on October 18 2025.

3/3

## 第三份受害人自诉动议（Pro Se 提交）
## 案件号：1:23-cr-00118 (AT)
## 中文参考译本（仅供被告阅读，无独立法律效力）

**致美国纽约南区联邦法院：**

我，█████（英文名 Sarah ████），系本案确认的投资受害人，加拿大公民。
现依据《美国受害者权利法》（Crime Victims' Rights Act, 18 U.S.C. §3771）及《联邦民事诉讼规则》第 60 条(d)(3)款，
提交本第三份自诉动议，旨在维护受害人权利及司法公正。

我在 2025 年 9 月 27 日及 10 月 14 日已分别提交两份受害人动议，但法院至今拒绝上传或回应。
此种压制行为剥夺了受害人依法被听取的权利。鉴于第三方自诉截止期临近，本人不得不再次提交本动议，无论法院是否给予公开。

### 一、总体陈述

自 2025 年 9 月的第 733 号文件及 733-1 报告提交后，检方与破产受托人 Luc A. Despins 一直在进行一系列非法资产扣押、
虚假没收及程序性欺诈，而法院在此过程中始终没有介入或纠正。

检方的主要违法行为包括：
- 在未判决前非法冻结和使用被告资产；
- 毁坏正常的市场秩序与投资项目；
- 隐瞒破产程序中 320 亿美元虚假债权；
- 利用不完整或伪造的证据迫害被告，并压制真实受害人。

### 二、检方与受托人的舞弊行为

733 及 733-1 文件中显示，检方多次违反 Brady v. Maryland 原则（即披露对被告有利证据的义务），并与破产受托人串通，通过选择性披露与隐瞒证据，误导多个法庭。
Luc Despins 明知部分债权人（如"Gongzu"、"Julia"）系虚假身份，仍予以接纳；
检方在明知其两次被欺骗的情况下，仍引用这些虚假信息反对保释、夸大律师费用，并以此支持没收程序。
此等行为构成典型的 Fraud upon the Court（对法庭的欺诈）。

### 三、关于托雷斯法官的失职与偏颇

我谨此正式请求依照 28 U.S.C. §455(a)、(b)，令 Analisa Torres 法官回避本案 (recusal)。

理由如下：
1. 自 733 号文件提交后，法官拒绝上传或回应几乎所有受害人自诉；

2. 对检方与受托人的重大舞弊指控至今未采取任何调查或说明；

3. 法官曾在羁押与保释阶段两次被检方误导，却始终未纠正；

4. 该系列行为已使公众合理质疑其公正性。

因此，我请求法院将案件移交给另一位未参与相关破产或没收程序的法官，以确保公正审理。

## 四、请求事项（Relief Requested）

本人恳请法院：

(a) 宣告检方与受托人行为构成舞弊，撤销所有受欺诈影响的没收命令；

(b) 命令检方及 Luc Despins 停止对被扣押资产的处置或使用；

(c) 任命一名独立的中立托管人或接收人（Independent Receiver）负责审查与管理资产；

(d) 命令检方公开其与受托人之间的所有沟通记录及 Brady materials；

(e) 命令本动议及附件立即上传至法庭公开系统；

(f) 命令书记员上传本人前两份受害人动议（2025 年 9 月 27 日与 10 月 14 日），并承认其已及时提交；

(g) 保证今后所有受害人自诉均应及时上传；

(h) 命令托雷斯法官立即回避本案；

(i) 及法院认为公正所需的任何其他救济。

## 五、声明（Declaration）

本人依据 28 U.S.C. §1746 宣誓：

以上内容据我所知真实无误，提交此动议并非出于恶意，而是为了维护司法公正及受害者的合法权利。

签名：███ / Sarah

地点：加拿大████

日期：2025 年 10 月 18 日

## 六、送达证明（Certificate of Service）

本人证明，于上述同日，已将本动议及附件通过电子邮件送达给：

- 美国纽约南区检察官办公室助理检察官 Ryan B. Finkel；

- 被告 郭文贵（Miles Guo）的辩护律师；

- 并抄送纽约南区法院以供备案上传。

签署于加拿大██████，2025 年 10 月 18 日。

签名：███ Sarah

 Outlook

---

**IMPORTANT INFORMATION, PLEASE REVIEW**

---

From Pro Se Filing <pro_se_filing@nysd.uscourts.gov>
Date Sat 2025-10-18 14:16
To  Sarah

*Please redact information  under the sticker*

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:
- Documents must be attached to the email in PDF format, no larger than <u>15</u> megabytes;
- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the <u>filing fees</u>.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:
- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007
or
United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- <u>Complete filing instructions</u>
- <u>Consent to accept service of documents electronically</u>. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the <u>intake form</u> to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**

# APPENDIX E

**E — October 21, 2025 Pro Se Victim Submission Package**

E-1 Original English filing submitted to SDNY Pro Se Intake Unit on October 21, 2025

E-2 Unofficial Chinese reference translation of October 21, 2025 filing

E-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**United States of America,**

**v.**

**Ho Wan Kwok (Miles Guo), et al.,**
**Defendants.**

**Case No. 1:23-cr-00118 (AT)**

**Final Pro Se Victim Motion and Victim Impact Statement**
**(Filed under 18 U.S.C. §3771 and Fed. R. Civ. P. 60(d)(3))**

## To the Honorable Judge Analisa Torres:

I, ████████(English name: Sarah), a verified investor-victim in the G-series entities, respectfully submit this final pro se victim motion and impact statement before the expiration of the filing deadline.

## I. My Investment and Status as a Victim

I invested approximately USD 70,000 in the G-series projects between 2021 and 2023. These investments were made through several NFSC-affiliated "farms" and two private individuals who helped me purchase H-coins via their Himalaya Exchange accounts.

I had no direct contact with Mr. Guo himself.
In fact, the situation is even more distant than the analogy I once used with Elon Musk:
Mr. Guo did not serve as a CEO, founder, or corporate officer of the entities in which I invested.
He had no personal accounts, no control over investment funds, and no ownership of the financial platforms.
His role was that of an ideological leader - a man who inspired hope and resistance against authoritarianism, not a businessman handling transactions.

My participation was lawful, voluntary, and transparent.
When Mr. Guo was suddenly arrested, the projects were frozen, and investors like me lost everything - not because of fraud, but because the Government's actions destroyed a legitimate ecosystem.

## II. The Real Cause of Harm — Government Misconduct

The Government and bankruptcy trustee Luc A. Despins caused this catastrophe through:

- Unlawful asset seizures and dissipation conducted by the bankruptcy trustee Luc A. Despins without due process;

- Evidence manipulation and Brady violations (Dkt. 733 and 733-1);

- Collaboration with NFSC Alliance leaders, who acted as RICO co-conspirators while deceiving genuine supporters and silencing dissent;

- Acceptance of over one thousand false creditors, overlapping between the bankruptcy and criminal proceedings.

Moreover, as reflected in Dkt. 202, a letter filed by the bankruptcy trustee's counsel, the trustee himself acknowledged that the list of "victims" in the criminal case substantially overlapped with the "creditors" in the bankruptcy proceeding. This inadvertent admission confirms the coordinated use of the bankruptcy process to fabricate criminal "victims."

Dkt. 522, by contrast, is a victim's own pro se submission authored by Chunk Chyi, strongly criticizing this manipulation and warning that the trustee and Alliance leaders were misusing the bankruptcy process to stage a massive false-claim operation.

Together, Dkt. 202 and Dkt. 522 reveal two sides of the same scheme - the trustee's complicity and the victims' resistance - which the prosecution has deliberately ignored while pretending to act in our name.

Another major irregularity in this case lies in the prosecution's covert alteration of the indictment itself. Originally, thirteen criminal counts were charged against Mr. Kwok. Yet, shortly before trial, the prosecution quietly reduced them to twelve, removing one count without any public clarification.

The omitted count concerned the allegation that "Mr. Kwok encouraged creditors to file fraudulent claims or exaggerated registrations."

In truth, as fully documented in Dkt. 733 and its report, the prosecution selectively quoted and distorted Mr. Kwok's live stream remarks, while NFSC Alliance leaders deliberately exaggerated his words and manipulated the false filings that followed.

Bankruptcy trustee Luc A. Despins then "cooperated" with the prosecution to convert those fake bankruptcy claimants into so-called criminal victims - a scheme that turned civil fraud into criminal deception.

Most alarmingly, Judge Manning of the bankruptcy court never issued any ruling or order confirming such claims.

Nevertheless, the prosecution misrepresented this as if it were a formal finding, deceiving Judge Torres and even the Second Circuit, both of whom later relied on this false premise to deny Mr. Kwok's bail requests.

This quiet transformation - from thirteen to twelve charges - was not a clerical correction but a strategic act of deceit and concealment, exposing both the prosecution's fear of scrutiny and its abuse of the judicial process.

This was not law enforcement; it was an abuse of state power that undermined the rule of law.

While true criminals and opportunists roam free, an innocent whistleblower remains imprisoned.

How can this represent the America once seen as a beacon of democracy and the rule of law?

## III. The Defendant, Not the Victims, Is the One Persecuted

On the morning of March 15, 2023, Mr. Guo was arrested by the FBI at his residence in Manhattan's Sherry-Netherland Hotel.
Within hours of his arrest, a major fire broke out in his 18th-floor luxury apartment, as publicly reported by multiple mainstream media outlets including Reuters, NBC News, and New York Post.
The fire caused heavy damage to the property but miraculously resulted in no fatalities.

Meanwhile, his Mahwah estate in New Jersey (the historic Crocker-McMillin Mansion) - held under his family trust, not in his personal name - was later seized and auctioned by the U.S. Government.
Mr. Guo himself has no personal bank accounts; most of his assets were managed through family or corporate trusts.
Yet the Government treated these trust-owned properties as if they were his personal holdings, illustrating the political nature and legal absurdity of this case.

The Court's ongoing silence since Document 733, its refusal to docket pro se victim filings (including my prior three motions), and its censorship of critical facts - such as the 18th-floor fire and Mr. Guo's identity as the CCP's number-one enemy - have destroyed public confidence in the fairness of this proceeding.

This is no longer justice; it is persecution by procedure.

## IV. My Position and Request

l condemn the Government's misconduct, the trustee's collusion, and the Court's tolerance of procedural fraud.
I no longer believe this is the America that once represented liberty and fairness.

3/9

Mr. Guo's freedom and vindication are not only essential for his own justice but also for the recovery of our stolen investments and the restoration of faith in the U.S. legal system. He is not my oppressor - he is the most persecuted victim of all.

Accordingly, I respectfully request:
1. That this statement be docketed as my final pro se submission under 18 U.S.C. §3771;
2. That the Court grant leniency to Defendant Ho Wan Kwok at sentencing;
3. That the Court investigate the prosecutorial and trustee misconduct revealed in Dkt. 733 and 733-1;
4. That all prior pro se victim filings be accepted and docketed without delay;
5. That victims be allowed to speak at sentencing, including through remote participation for international victims.

## V. Declaration
Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Respectfully submitted,

## VI. Personal Statement of Limitation
I am an ordinary victim and not a person with legal training.
What I express in this filing is based on facts I have personally experienced and information available to me as a victim.
While I may not use legal terms precisely, every statement herein reflects my genuine understanding and sincere belief.

## VII. Statement of Political Context
It is often said that in the United States there are no political cases - only criminal ones.
Yet what has unfolded in the prosecution of Mr. Ho Wan Kwok tells a different story.

The Government claims this is a case about fraud. But over the past two years, the chaos inside and outside the courtroom, the prosecutorial misconduct, and the Court's selective blindness all reveal something far deeper and darker.

Hundreds of individuals - prosecutors, agents, alliance operatives, and collaborators - have

participated in this prolonged persecution of Mr. Kwok, a man who has no personal enmity with any of them and who has always been known as a charitable, kind-hearted person.

Can anyone still deny that there are political forces behind this operation, with the Chinese Communist Party acting as the ultimate commander?
Even the bankruptcy trustee Luc A. Despins has had substantial prior dealings with Chinese state entities, while the Defendant, Mr. Kwok, is known worldwide as the CCP's number-one enemy.

Even if one were to look strictly at the charges themselves, Mr. Kwok is innocent.
This entire case is a manufactured prosecution, built on deception, false evidence, and manipulation of the jury by the prosecution.

Justice cannot coexist with such political control.

## VIII. Victim's Statement of Conscience

I understand that certain subjects - such as the 18th-floor fire and the political elements behind this case - are considered "off-limits" in the courtroom.
But as a victim, I have no obligation to stay silent when truth itself is being suppressed.

I no longer trust the prosecution, because they have shown no genuine concern for the rights or losses of real victims.
Their only obsession has been to imprison Mr. Kwok at any cost, even through deceitful tactics to block his bail and conceal exculpatory evidence.

Another extraordinary aspect of this case is its complete reversal of moral logic:
The prosecution, who claims to act on behalf of the victims, has shown no concern for us at all.
Instead, the Defendant himself has repeatedly spoken and acted in the true interests of investors and victims.

Many ordinary investors - those who truly lost money - do not accuse Mr. Kwok.
On the contrary, they defend him, speak for him, and no longer believe or thank the prosecutors for arresting him.

Even more astonishingly, while the defense attorneys have done little to protect their client, two lay victims - without any legal background - authored Dkt. 522 and Dkt. 733, whose impact and factual revelations far exceeded the entire defense team's contribution.

This inversion of justice and conscience exposes the profound decay of integrity within the prosecutorial system.

I do not believe that if Mr. Kwok is sentenced to long-term imprisonment, victims like me

5/9

will ever recover our losses.

On the contrary, if he is exonerated, we still have a chance - because Mr. Kwok never took our money; it is Luc A. Despins and his associates who are dissipating our assets under the false authority of bankruptcy proceedings.

Mr. Kwok himself stated repeatedly in his broadcasts that Luc was never his chosen trustee - the appointment was forced upon him by the bankruptcy court.
Economically, he was ruined by the bankruptcy system; in the criminal case, he has been stripped of his freedom.

When Mr. Kwok was free, he already knew the true nature of the Alliance's leadership but chose not to expose them publicly. We, his supporters, were the ones who could not tell right from wrong.

After his arrest, I continued to act out of faith in his integrity and business ability. In October 2023, I invested another $10,000 into the A10 Project, believing he was a legitimate billionaire entrepreneur capable of creating wealth and leading others to prosperity. My motive was simple - to invest in good faith for fair profit, not to support any political cause. At that time, we all believed he would soon return, free and victorious. But in hindsight, that belief itself was part of the deception.

Looking back now, that money was likely stolen by the Alliance. We truly thought they were helping Mr. Kwok, but in reality, they were tightening his chains. They often implied in livestreams that "Mr. Kwok called" or "sent a message saying A10 could continue," making us believe that these were genuine instructions from him. Later, we realized these so-called "calls" or "messages" were likely Al-generated or pre-scripted illusions designed to maintain our trust and drain more funds. We never expected the Alliance itself to be the root of the fraud. The prosecutors, meanwhile, showed no concern for the victims - they only wanted Mr. Kwok imprisoned.

By July 16, 2024, the day of his conviction, the truth was undeniable: those who shouted "We love Miles!" on daily livestreams were the very ones stabbing him in the back and colluding with the prosecutors to ensure his lifelong confinement.

We, the once-naïve "orphans," have grown up - stronger, clearer, and more determined. We have learned to distinguish truth from lies, to use the law as our shield, and to speak for ourselves. Mr. Kwok's imprisonment cannot bury the truth - it can only delay justice, for truth always finds its way back to light.

### IX. The Awakening Begins: The Courage of "Brother Luo Si" (Chunk Chyi)

Among the victims who began to speak up, one name deserves recognition - Chunk Chyi, known to many of us as "Brother Luo Si." He works as a welder in a heavy machinery factory in Jinan, China, earning about 30 RMB an hour for 12-hour shifts, nearly every day of the

6/9

month. Before that, he worked as a security guard in Beijing, making only 2,000–3,000 RMB a month. Born on January 1, 1987, he lives alone and leads a modest life. Sometimes, a simple mistake at work costs him an entire day's wage.

He once joked that he was "just a guy who tightens screws," and that nickname stuck. Despite his humble background, he was the first to step forward with a pro se victim submission - the author of Dkt. 522 - which broke the silence and inspired others. His courage even influenced the author of Dkt. 733, who, after weeks of debate with him, came to embrace the same path of independent legal action.

In May 2025, Brother Luo Si founded a Discord group that, as of yesterday, reached 300 members. It is a space where people can truly speak freely - both those who criticize and those who support Mr. Kwok. Even long-time critics like "Huanghebian" (real name Gao Bingceng) and "Xi Nuo" have joined. Though they have never spoken by voice, their participation proves the group's openness - something the Alliance's tightly controlled channels can never tolerate.

Ironically, none of the so-called "Alliance influencers" dare to join under their real names. They only send fake accounts to spy and manipulate. This very existence of the group terrifies them - it represents victims beginning to think independently and speak for themselves.

Yet Brother Luo Si's courage goes far beyond this. The people he has inspired embody what authoritarian powers fear most - the ungovernable minds of free individuals. Living under China's high-pressure system, he constantly risks being monitored, detained, or silenced. To protect himself, he chose to go public - his "openness as protection" became the truest form of safety. Such an act, nearly self-sacrificial under tyranny, gathered a new wave of awakened victims and supporters who dare to think and speak.

The group continues to grow, with new members joining daily. They are united not by political loyalty but by a shared belief in truth and justice. This is precisely what the so-called "Anti-Exposé Task Force" fears most - they cannot control or censor this decentralized forum. This community has become the truest symbol of freedom in our time.

Importantly, this group is not an aimless gathering. Its primary focus remains the Guo case, though members are allowed to discuss any topic, even argue or use harsh words, as long as they respect one rule - no spam. There is even a "debate room" for free verbal clashes, but since it was opened, pointless quarrels have decreased dramatically. People care more about facts and legal discussions than insults.

The group even includes legally trained "anti-Kwok" participants, which makes debates sharper and more educational. In fact, the author of Dkt. 739 and Dkt. 742, known as "Peter," has reported this group conversation using screenshots, proving that the

discussions there have real-world legal impact. It is no longer just an online chatroom - it has become a civil space that both the "Anti-Exposé Task Force" and the judicial system are forced to notice.

## X. Legal Debates and the Next Stage of Awareness
It is also worth noting that within Brother Luo Si's group, deeper layers of legal discussion and intellectual conflict have begun to emerge.
For instance, Peter is also a member of this group. Although he does not use that name in the chat, many believe he is the user nicknamed "Guo Case Observer," a lawyer who is critical of Mr. Kwok. In his filings, Peter argued that the author of Dkt. 733 (Ryan) was not a genuine victim.

This kind of mutual questioning, rebuttal, and even open confrontation among victims has never happened before in the pro-Kwok community.
Now, victims are publicly debating who the "real" victims are and who is telling the truth - creating a situation the Court has never faced before: a diverse group of participants who cannot be collectively manipulated or silenced.
Though seemingly chaotic, this phenomenon actually marks a higher stage of awakening - people no longer follow authority blindly but seek truth through open dialogue.
In this sense, even the noise and disagreement are proof that democratic spirit has begun to grow at the grassroots level.

## XI. The Limits of Speech and the Battle of Truth
The group's purpose is not to reconcile two camps but to create the first real forum for unrestricted speech. Both pro-Kwok and anti-Kwok voices coexist there, but that does not mean we share the same views.

Personally, I still reject those who attack Mr. Kwok professionally. Most of them speak illogically, maliciously, and without conscience - though occasionally, they leak bits of useful information. I have long blocked people like "Xi Nuo" and will never stand on their side.

But what this group proves is the diversity of truth. The Alliance members, by contrast - those shouting "We'll always support Miles!" - speak 99% beautiful words but secretly guide narratives and manipulate public opinion. Their "kind words" are far more destructive than the curses of the loud critics.

To me, the anti-Kwok side attacks from the front, while the Alliance stabs from behind. And the greater danger always comes from those who hide behind the flag of "loyalty." That is what freedom of speech has taught us - not every sweet word is true, and not every critic is the enemy. The real threat lies in hypocrisy disguised as devotion.

## XII. Conscience and the Cost of Speaking Out

8/9

For Mr. Kwok's supporters, his arrest was not the end of faith but the beginning of awakening. We once believed justice was automatic, that prosecutors and judges would honor the law's spirit. Reality taught us otherwise - justice is not granted by the system; it must be upheld by conscience.

I once trusted this judge. I believed she would be fair, or at least allow the victims' voices to be heard. But she chose silence, suppressing filings and ignoring the evidence of prosecutorial deceit.

With due respect, I no longer trust her judgment. Yet I still believe in truth. Because true justice does not reside in robes or titles - it lives in those who still dare to speak. That is what awakening means: from blind faith to conscious conviction.

## XIII. Certificate of Service

I hereby certify that on this 21st day of October 2025, I have served true and correct copies of the foregoing Final Pro Se Victim Motion and Victim Impact Statement by email to:

United States Attorney's Office, Southern District of New York
One Saint Andrew's Plaza, New York, NY 10007
Email: ryan.finkel@usdoj.gov, Julian.murray@usdoj.gov, justin.horton@usdoj.gov, micah.fergenson@usdoj.gov

Defense Counsel for Defendant Ho Wan Kwok:
msarafa@sarafalaw.com (Melinda Sarafa)
jdratel@dratellewis.com (Joshua L. Dratel)
jkaley@doarlaw.com (John F. Kaley)

Copies were also submitted to the Clerk of Court via the official Pro Se Filing email box:
ProSe@nysd.uscourts.gov

Respectfully submitted,

Sarah █████
Pro Se Victim and Investor

美国纽约南区联邦地区法院

**United States District Court for the Southern District of New York**

案件名称：**United States of America v. Ho Wan Kwok (Miles Guo), et al.**
案号：**1:23-cr-00118 (AT)**

第四份受害人自诉及受害人陈述书
**Final Pro Se Victim Motion and Victim Impact Statement**

【中文译本仅供被告理解英文内容之用，不具法律效力】

致：尊敬的托雷斯法官

我名叫██████（英文名 Sarah ████），我是 G 系列投资项目的受害人。此文件是本人在截止日期前提交的最终自诉及受害人陈述书。

## 一、我的投资及受害人身份

本人于 2021 年至 2023 年间共投资约 7 万美元。投资通过多个 NFSC 联盟农场及两位朋友协助在喜交所购买喜币。本人与郭先生本人并无直接接触。郭文贵既非项目负责人，也非持有投资账户的人。他只是思想领袖。

## 二、真正的损害来源——政府与受托人的不当行为

政府与破产受托人 Luc A. Despins 的不当行为导致了本案的灾难：

- 破产受托人 Luc A. Despins 在没有正当程序的情况下非法扣押、挥霍财产；

- 检方在证据上造假并多次违反布雷迪义务（Dkt.733 与 733-1）；

- 检方与 NFSC 联盟领导人勾结，这些人既是 RICO 共谋者，又欺骗真正的支持者、打压不同声音；

- 接受了一千多个虚假债权人，这些人同时出现在破产案与刑事案中。

此外，正如 Dkt.202 所显示的，破产受托人律师在提交给托雷斯法官的信件中，亲口承认刑事案件的"受害人名单"与破产案的"债权人名单"存在高度重叠。

这份无意中的承认，揭示了破产体系与刑事案件之间被协调运作、共同制造"受害人"的事实。

与之形成鲜明对比的是，Dkt.522 是受害人 Chunk Chyi 本人提交的 pro se 自诉文件，

其中强烈批评了这种人为操控，并指出受托人及联盟领导层正在滥用破产程序，制造大规模虚假债权登记。

这两份文件——202 与 522——揭示了同一场阴谋的两个侧面：

前者暴露了受托人的"认罪"，后者代表了受害人的"抗争"。

然而，检方却对这一切装作视而不见，却还自称"代表受害人发声"。

本案的另一重大异常，是检方对起诉书的暗中篡改。

郭文贵先生原本被指控十三项罪名，但在最后开庭前，检方悄悄改成了十二项，并删除其中一条而未作任何公开说明。

被删去的一条是："郭文贵鼓动债权人登记、鼓动虚假债权人进行大额虚假索赔。"

实际上，正如 733 号文件及其附件报告所示，检方断章取义引用郭先生直播中的片段，

而 NFSC 联盟主席则故意夸大郭先生的言论并操纵了虚假债权登记。

随后，破产受托人 Luc Despins 又与检方"合作"，

将这些破产法庭中的虚假债权人转化为刑事案件的所谓"受害人"，

使一个民事欺诈变成了刑事谎言。

更严重的是，破产案的曼尼法官从未就此作出任何正式结论或命令。

然而，检方却将这一虚假内容冒充为曼尼法官的裁定，

用以欺骗托雷斯法官及第二巡回上诉法院，而两级法院竟然都采信了这一虚假前提，

将其作为拒绝郭先生保释的理由。

"十三变十二"绝非笔误，而是一次有意的司法欺骗与掩盖，暴露了检方的心虚与滥权。

这不是执法，而是国家机器的破坏。

真正的罪犯逍遥法外，一个揭露真相的吹哨人却被长期关押。

这还是那个号称民主与法治灯塔的美国吗？

## 三、被告才是真正的受害者

2023 年 3 月 15 日早晨，郭文贵先生在纽约 Sherry-Netherland 酒店住所被捕。数小时后，其 18 层豪华公寓起火，多家主流媒体均有报道。火灾造成严重损毁但无人员伤亡。

与此同时，他在新泽西州马瓦市的庄园——历史建筑 Crocker-McMillin Mansion（马瓦庄

2/6

园）——登记在其家族基金名下，却被政府扣押并拍卖。郭文贵先生本人并无个人账户，其资产多由家族或公司信托管理。政府却将信托财产当作个人财产没收，这正显示案件的政治性与荒谬性。

## 四、我的立场与请求

我谴责检方的不当行为与法庭的偏袒。本案的政治操控使真正的受害人被噤声。郭先生的自由与平反，对所有投资者的资金追回至关重要。

我请求法院：
1. 立即上传并备案我的自诉文件；
2. 在量刑中对郭文贵给予宽恕；
3. 调查检方及受托人的违法行为；
4. 允许受害人远程陈述。

## 五、声明

本人依据 28 U.S.C. §1746，在伪证罪之下宣誓，本文件内容均为本人所知属实。

签名：█████ / Sarah ████

日期：2025 年 10 月 21 日

## 六、个人说明（Personal Statement of Limitation）

我只是一个普通受害人，并没有接受过专业法律培训。此文件所述内容均基于我亲身经历与能获得的事实信息。虽然表述未必完全符合法律术语，但每一句话都出于真诚与良知。

## 七、政治背景说明（Statement of Political Context）

人们常说在美国没有政治案件，只有刑事案件。但郭文贵案的发展表明事实并非如此。过去两年中，检方的不公、法庭的失明、联盟的共谋，揭示了更深的政治势力介入。连破产受托人 Luc Despins 都与中共机构有往来，而郭文贵是中共的头号敌人。本案是被制造的冤案，建立在欺骗与伪证之上。正义无法与政治控制共存。

## 八、受害者良知声明（Victim's Statement of Conscience）

我知道在法庭上，"十八层火灾"和"政治背景"是禁忌话题。但作为受害人，我没有义务沉默。当真相被掩盖，沉默就是共谋。

我不再信任检方，他们从未关心过真正的受害者，只想尽一切手段让郭先生入狱，甚至阻止其保释、隐瞒关键证据。
在文贵先生自由的时候，他早已看清联盟骨干的真面目，只是没有公开点破。我们这些支持者当时才是分不清好坏的人。

他被抓之后，我依然基于对他的人品和商业能力的信任。在 2023 年 10 月，我又向 A10 项目追加了 1 万美元投资。当时我们都相信他是一个真正有实力的企业家，一个被迫申请破产的亿万富翁，他完全有能力创造财富、带领我们一起获利。我投资的动机非常单纯——是出于对他商业能力的信任，希望能通过正当投资获利，而并非为了支持什么政治运动。那时我们都以为他很快就会重新出现，获得自由。但现在看来，这种信念本身就是欺骗的一部分。

回头看，这笔钱极可能是被联盟骗走了。当时我们真心以为联盟在帮七哥，但实际上，他们的所作所为只是在加紧束缚他的枷锁。他们经常在直播中暗示"七哥打过电话"、"七哥发来信息，说 A10 可以继续搞"，让我们信以为真，以为这些是七哥的真实指示。后来我们才逐渐发现，那些所谓的"电话"或"留言"很可能是 AI 生成或事先编造的假象，是为了维持我们的信任、继续骗取资金。我们从未想到，联盟本身才是骗局的根源，他们的一切行为只是在让七哥更难重获自由。这些钱的去向至今无人知晓。而检方对此毫不关心，他们唯一的目标就是把郭文贵关起来。

到 2024 年 7 月 16 日文贵被定罪的那一天，真相终于无可否认——那些天天在直播里高喊"爱七哥"的"联盟人物"，正是背后捅刀、与检方合作、想让他终身被囚的人。

我们这些曾经"天真的孤儿"，如今已经成长起来——更坚强、更清醒、更坚定。我们学会了分辨真假善恶，学会了用法律为自己发声。文贵先生的囚禁无法掩埋真相，它只能暂时推迟正义；因为真相终将破晓而出。

## 九、觉醒开始：螺丝哥的勇气

在众多开始发声的受害者中，有一个名字值得被记住——螺丝哥（Chunk Chyi）。他是 522 号文件的作者，现任职于中国济南一家重型机械厂，从事焊工工作，按小时计薪，每小时约 30 元人民币，每天工作 12 小时，几乎没有休息日。在此之前，他曾在北京做保安，月收入只有 2000 至 3000 元人民币。他生于 1987 年 1 月 1 日，至今单身，生活艰辛。有时工作出错，一天 300 元的工资都会被扣罚。

他自嘲自己是"打螺丝的"，因此大家都亲切地叫他"螺丝哥"。但就是这样一位普通的工人，却是第一个敢于站出来写自诉的人——他写下的 522 号文件成为打破沉默的第一声，也启发了后来 733 号文件的作者 Ryan，在与他辩论、思考一个多月后，走上了同样的自诉之路。

在 2025 年 5 月，螺丝哥创建了一个 Discord 群，截至昨天，群内人数刚刚突破 300 人。这是一个真正可以自由发言的地方——无论是"砸郭"的还是"挺郭"的，都能公开讨论。其中甚至有一些多年来以"反郭专家"著称的人士，比如网名"黄河边"、真名高冰层，以及"西诺"等，他们虽然没有发过语音，但其出现在群中本身就说明：这个群体是真正

开放的讨论空间，是联盟那些高度控制言论的平台所无法容忍的。

讽刺的是，那些所谓的"联盟大 V"几乎没有一个敢以真名进入，他们只敢派出小号潜入，探听消息、带节奏。而这个群的存在，恰恰让他们恐惧——因为它象征着受害者开始独立思考、主动发声。

然而，螺丝哥的勇气远不止于此。他所带动的这群人，代表着黑暗势力最惧怕的力量——那些无法被控制的、依然敢于思考和发声的个体。
在中国大陆，他身处高压环境下，随时可能因为"言论"被盯上、被拘留，甚至遭到灭口威胁。正因如此，他选择彻底公开自己的身份，不再隐藏，这种"公开即自保"的方式，反而让他获得了最真实的安全感。
这种举动在极权体制下近乎自我牺牲，却也因此聚集起了一群真正觉醒、敢言、敢思的受害者与支持者。

如今，这个群体持续扩大，每天都有新人加入。他们并非为了某种利益或派别，而是出于对真相的共同信仰与求证的渴望。这正是"灭爆小组"最恐惧的——他们无法在这样一个自由、去中心化的环境中制造恐惧，也无法再用舆论操控受害者的思想。
这群人，是新时代最真实的自由象征。

当然，这个群并不是盲目存在的。它的核心仍然是围绕郭文贵案件展开讨论，只不过在此基础上允许每个人自由表达、相互争辩，甚至可以互骂、讲粗口。唯一的底线是——不能刷屏、不能恶意破坏讨论秩序。
群里甚至还设立了一个"对骂房间"，任何人都可以在那里随意发泄情绪，但奇妙的是，自从这个"骂战房间"设立以来，真正的无聊争吵反而少了，大家更多时间还是在讨论案件事实与法律逻辑。

## 十、法律辩论及下一阶段的觉醒

值得一提的是，在螺丝哥所建立的这个群体中，也出现了更多层次的法律讨论和思想冲突。
例如，自诉文件 739 与 742 的作者"Peter"，引用了此群的部分聊天截图，这一事实本身就证明了该群的真实影响力——它不再只是一个网络讨论区，而是一个令"灭爆小组"和司法体系都不得不关注的民间言论空间。
他就是此群的一位成员。虽然他在群中并未使用"Peter"这个名字，但有人认为他可能就是网名为"郭案观察者"的用户——一位立场偏向"砸郭"的律师。
他在提交文件时指控 733 号文件作者 Ryan 并非真正的受害者。

这种互相质疑与辩驳、甚至彼此反驳的现象，在过去的挺郭阵营中是前所未有的。
如今，受害者们开始公开争论"谁是真受害者"、"谁在讲真话"，法庭也因此第一次面对一个多元且无法被统一操控的受害者群体。
这种现象虽混乱，却也象征着一个更深层次的觉醒——人们不再被单一权威引导，而是在

5/6

自由讨论中追求真相。

正因为如此，这场看似喧嚣的争论，反而成为民主精神在最基层层面的自然萌发。

## 十一、言论的限制及真相之战

螺丝哥建立这个群的意义，不在于"融合两派"，而在于首次允许不同声音自由存在。群里确实既有"挺郭"的，也有"砸郭"的，但这并不意味着大家立场相同，更不代表我们认同彼此的观点。

我个人至今仍然反感那些以砸郭为业的人。他们大多数时候逻辑混乱、言语恶毒，只是偶尔会泄露出一点信息或线索。我早已将其中一些人，比如"西诺"，直接屏蔽。我从来没有、也不会与他们同路。

但通过这个群，我们至少能看清信息的多样性。相比之下，那些表面上高喊"永远挺郭"的联盟成员，虽然说的话 99%看似正确、温和、感人，但他们掌控话题、暗中带风向，他们的"好听话"比砸郭者的谩骂更具欺骗性、破坏力更大。

在我看来，砸郭者在台前骂，联盟在幕后捅刀。而真正的毁灭力量，往往来自那些打着"忠诚"旗号的人。这就是我们在自由讨论中得到的最大启示：——不是每一句好听的话都是真话，也不是每一个反对者都是敌人，最可怕的是披着"同阵营"外衣的伪善与操控。

## 十二、良知及说真相的代价

我们这一代支持者，在文贵先生被捕后才真正经历了思想的觉醒。过去我们以为正义会自动发生，我们以为检方和法官会遵守法律本身的精神。但现实让我们明白：法律的正义不是制度赋予的，而是人心守护的。

我曾信任这位法官——我以为她会主持公道，至少会让受害者的声音被听到。然而事实证明，她压制了自诉，无视受害者的陈述，甚至对检方多处欺诈行为装作看不见。

我不再信任她。但我仍然信任真理。因为真正的正义不依附于职位，也不受法袍约束，它存在于每一个仍敢于发声的人心中。这，就是我们的成长——从盲目的信任，到有意识的坚守。

## 十三、送达证明（Certificate of Servic）

本人已于 2025 年 10 月 21 日通过电子邮件向美国纽约南区联邦检察官办公室及辩方律师送达本文件副本。

签名：（Sarah）

受害者与投资人

◼ Outlook

---

**IMPORTANT INFORMATION, PLEASE REVIEW**

---

From Pro Se Filing <pro_se_filing@nysd.uscourts.gov>
Date Tue 2025-10-21 14:52
To

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)
Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.
Requirements for Filing a New Action by Email:
- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:
- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007
or
United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**

# APPENDIX F

**F — Initial Mandamus Submission to the Second Circuit (October 2025)**

F-1 Original English Mandamus Petition Submitted to the Second Circuit

F-2 Unofficial Chinese reference translation of initial mandamus petition

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

In re: ████████ a.k.a. Sarah ████
Victim in United States v. Ho Wan Kwok, et al.,
Case No. 1:23-cr-118 (AT)
Petitioner.

## On Petition for a Writ of Mandamus to the United States District Court for the Southern District of New York

## PETITION FOR WRIT OF MANDAMUS

### Introduction

I, ████████ (English name: Sarah ████), respectfully petition this Honorable Court for a writ of mandamus directing the United States District Court for the Southern District of New York (SDNY) to perform its non-discretionary duty to docket and rule upon my four properly submitted pro se motions as an individual victim and participant in the related forfeiture and criminal proceeding, which were properly received by the SDNY Pro Se Office via email on September 27 to October 21, 2025 but have never been uploaded to the public docket despite proper submission.

This petition arises under the Crime Victims' Rights Act (18 U.S.C. § 3771) and the All Writs Act (28 U.S.C. § 1651).

My motions included evidence and analysis referencing Document 733, which itself identifies four separate instances of prosecutorial fraud upon the Court, including two direct misrepresentations to Judge Torres. My motion also raised concerns that these failures revealed systemic administrative irregularities within the judicial process. The District Court's refusal to docket my motion constitutes a suppression of duly submitted material and obstruction of my statutory rights as a recognized victim.

Between September 27 and October 21, 2025, I submitted four separate Pro Se Motions to the Southern District of New York (SDNY) Pro Se Office but none were ever docketed. Despite automated acknowledgments confirming receipt, these filings were withheld from the public record, reflecting a broader pattern of selective suppression against unrepresented individuals. The petition respectfully seeks intervention from the United States Court of Appeals for the Second Circuit to remedy this procedural obstruction and to reaffirm the judiciary's commitment to transparency, due process, and equal access to justice.

Petition for Writ of Mandamus, October 28, 2025

## Statement of Facts

As detailed below, each of these four motions was duly sent to the SDNY Pro Se Office and several officials of the U.S. Attorney's Office.

Only the SDNY system has an automatic acknowledgment function — I received an automated confirmation from the Pro Se Office within one minute each time.

The prosecution's email system does not provide such auto-reply notifications. However, I sent every motion to four separate DOJ addresses, and only one — belonging to Julian Murray — repeatedly returned a delivery-failure message. All other addresses successfully received my filings.

On October 8, 2025, I mailed a paper copy of my first motion (originally emailed on September 27) to both the SDNY Pro Se Office and the U.S. Attorney's Office.

Because the postal service in Canada had been on strike for two weeks, I could not use the post office and instead drove to a Staples store to send the package via FedEx Ground.

At that time, I had only completed my first motion. I chose the ground option assuming it would be affordable and efficient, but the delivery took unexpectedly long.

Two identical envelopes were sent: one to the U.S. Attorney's Office and one to the SDNY Pro Se Office.

The copy sent to the prosecution arrived earlier but was returned on October 17, for reasons never explained.

Fortunately, the SDNY Pro Se Office successfully received my paper motion on October 20, 2025.

In addition to my initial motion dated September 27, I later submitted three supplemental electronic filings on October 14, October 18, and October 21, 2025.

Each of these was acknowledged instantly by the SDNY system.

Although the prosecution did not provide automated confirmations, the successful transmission to three out of four DOJ addresses indicates that they received all my electronic filings.

In each of my four electronic filings, I explicitly copied both the U.S. Attorney's Office and the defense counsel representing Mr. Ho Wan Kwok in the same email.

All parties were included simultaneously to ensure transparency and equal access to information.

I also attached both English and Chinese versions of my motions so that the defendant could read them directly without translation barriers.

2/7

Petition for Writ of Mandamus, October 28, 2025

Although I stand as one of the individuals in this case, I have maintained respect for everyone involved — including the defendant — because fairness cannot exist without openness.

As an ordinary citizen without institutional backing, I have already done my utmost to uphold integrity and procedural fairness.

It is deeply disappointing that those publicly funded and entrusted with justice — the prosecutors and court officials — have not shown the same level of diligence or respect for the rights of unrepresented individuals.

Despite the proper and repeated delivery of these submissions, none were ever docketed by the Court, depriving me — and other independent participants — of the right to transparent and fair participation.

This sustained non-docketing demonstrates a pattern of systemic obstruction under 18 U.S.C. §3771, undermining the principles of transparency and due process.

Since September 11, 2025, nearly all individual pro se filings — whether submitted under 21 U.S.C. §853(n) or the Crime Victims' Rights Act (18 U.S.C. §3771) — have effectively been blocked from being uploaded to the SDNY docket.

By contrast, several recent motions filed through attorneys have been accepted without issue.

For example, filings by attorney Geyer (ECF 761 and 763) and attorney Gavenman (ECF 755) were successfully uploaded, while all unrepresented individuals were excluded from the docket during the same period.

This pattern reveals a selective restriction imposed by the Court — one that suppresses individual voices while allowing institutional or represented parties unrestricted access.

Such conduct undermines the principles of transparency and equality before the law, and it strikes at the core of the due process protections guaranteed by the United States Constitution.

Many individuals lack the technical or linguistic ability to prepare legal filings.

I personally have no formal legal background. Without formal legal training, I relied on modern drafting tools to prepare my original pro se victim motion over a period of three weeks on my first motion alone. Many other victims and interested parties lack the means or technical literacy to produce similar filings. Therefore, the Court's ongoing suppression of pro se submissions constitutes a serious procedural violation and an effective denial of victims' statutory rights under 18 U.S.C. § 3771.

3/7

Petition for Writ of Mandamus, October 28, 2025

## Related Developments and Procedural Paradox

These problems are not unique to my case.

Two other individuals, Chunk Chyi and Ryan Bai, have already filed petitions with the Second Circuit Court of Appeals, both challenging similar procedural irregularities in how the SDNY has handled individual submissions.

Furthermore, the response from the Second Circuit to one of those petitions — specifically, that of Chunk Chyi — was delayed for more than three weeks before issuance.

Ordinarily, such procedural acknowledgments should be sent within one day of receipt.

This prolonged silence has led many informed observers to believe that the appellate court may be searching for a procedural pretext to dismiss or defer the applicants' legitimate filings, rather than addressing the substance of their concerns.

Such unusual delay only deepens public doubt about the transparency and integrity of the judicial process.

Another individual, Jason Zen, initially filed under §853(n) and had one motion (ECF 529) successfully docketed.

He later sought to change his standing to a victim of an individual participant and filed additional motions that were never uploaded.

He now prepares to appeal, at personal risk, from a third country where he remains vulnerable to political persecution due to his Chinese citizenship.

The experience of these individuals, combined with my own, reveals a consistent pattern:

Independent voices are being procedurally silenced, while filings by institutional or represented entities face no such barrier.

This violates both the Crime Victims' Rights Act (18 U.S.C. §3771) and the fundamental principles of equal access to justice.

## Violation of My Victim Rights

Under the Crime Victims' Rights Act (18 U.S.C. § 3771), I am guaranteed: (1) The right to be reasonably heard; (2) The right to confer with government counsel; (3) The right to proceedings free from unreasonable delay; (4) The right to fairness and dignity; and (5) The right to be informed of proceedings. These rights are not discretionary; they are statutory mandates. The District Court's refusal to docket my motion constitutes a denial of my rights under § 3771(d) and undermines public confidence in judicial transparency. This ongoing denial effectively silences legitimate victim voices and contradicts the purpose of the CVRA.

4/7

## Legal Basis for Mandamus

Mandamus is warranted when: (1) The petitioner has no other adequate means to obtain relief; (2) The right to issuance of the writ is clear and indisputable; and (3) The writ is appropriate under the circumstances. Here, all three elements are met. The SDNY has refused to docket my legitimate victim motion, preventing higher review and suppressing material that exposes prosecutorial misconduct. This constitutes a systemic violation of judicial obligations and deprives victims of participation guaranteed by federal law.

This suppression is not an isolated incident but part of a recurring pattern already noted in multiple related filings. Moreover, suppression of filings citing Document 733 – already documenting prosecutorial fraud – raises the appearance that administrative gate-keeping may be concealing matters of public concern within the judicial process, a grave threat to the rule of law and public trust.

Accordingly, this case squarely satisfies the requirements for mandamus as outlined in Cheney v. U.S. Dist. Court, 542 U.S. 367 (2004).

## Relief Requested

I respectfully request that this Honorable Court: (1) Issue a writ of mandamus ordering the Southern District of New York to docket my September 27, 2025 Victim Motion and Statement together with its attached Exhibits A–E and three subsequent Pro Se PDF files dated as October 14, 18 and 21; (2) Direct the SDNY Clerk and Pro Se Office to cease suppressing future lawful victim filings, and ensure timely docketing and ruling of such motions; (3) Require written justification from the District Court if any future filings are refused or delayed; and (4) Affirm that suppression of victim filings violates 18 U.S.C. § 3771, and that transparency and public access are fundamental to the fairness of judicial proceedings. Granting this writ will not only vindicate my individual rights but also reaffirm the judiciary's commitment to openness and fairness for all victims and independent participants alike.

## Statement of Purpose and Good Faith

This appeal to the Second Circuit is entirely of my own initiative and at my own expense. Although I am a Canadian citizen, I have deep respect and goodwill toward the United States. I sincerely wish to see America remain strong, because a strong and just America contributes to peace and progress for the entire world.

Before immigrating to Canada, I worked as an engineer in mainland China and later received a graduate-level education, earning a Master's degree in Engineering in Canada. I am a law-abiding citizen who had little prior interest in politics or legal affairs. The United States has long stood as a beacon of freedom and democracy, admired by people around the globe. However, through the handling of the Ho Wan Kwok case, I have witnessed many

5/7

<u>Petition for Writ of Mandamus, October 28, 2025</u>

procedural loopholes and irregularities within the U.S. judicial system that deserve public attention and reform, just as Document 733 has pointed out regarding systemic problems within the Southern District of New York.

As a mother of two, I have begun to worry about the kind of world my children and future generations will inherit. These problems must be confronted by our generation; they cannot be left for our children to solve. That is one of the reasons I have devoted myself to the Guo case.

I act not out of anger or politics, but from a sincere desire to preserve fairness for future generations.

In preparing this Writ alone, I have devoted ten days of continuous work - often around the clock. Whenever new information emerged or clarification became necessary, I made immediate adjustments. The document has undergone more than a dozen rounds of revisions, large and small. Each time, I carefully updated every version across my phone, laptop, desktop computer, email drafts, Word files, and both original and redacted PDFs to ensure accuracy and consistency.

I have acted at all times in good faith and with persistence, not for personal gain but to help restore transparency and accountability to a system that has failed its citizens.

*I take this step because the system I once trusted has turned against the very ideals it was meant to uphold. I speak not out of hatred, but out of pain – and the hope that justice can still be restored.*

## Conclusion
Based on the above factual record and ongoing procedural inconsistencies, this Petition respectfully invokes the supervisory authority of the United States Court of Appeals for the Second Circuit to ensure compliance with the rule of law, procedural fairness, and the constitutional rights of individual filers.

Respectfully submitted,


xxxxxxxx xxxx/ Sarah xxxxx

████████

Email: xxxxxxxxxxx
Phone: xxxxxxxxxxx
Date: October 28, 2025
Filed Pro Se

Petition for Writ of Mandamus, October 28, 2025

## CERTIFICATE OF SERVICE

I, Sarah ▉▉▉, hereby certify that on October 28, 2025, I served true and correct copies of the foregoing Petition for a Writ of Mandamus by mail upon the following parties:

1. Clerk of Court
United States District Court for the Southern District of New York
Attn: Hon. Analisa Torres
500 Pearl Street, New York, NY 10007

2. Assistant U.S. Attorney Ryan B. Finkel
United States Attorney's Office, Southern District of New York
One St. Andrew's Plaza, New York, NY 10007

3. Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square, Room 150, New York, NY 10007

Respectfully submitted,



Date: October 28, 2025

## APPENDIX List (Filed with Petition)

*Note: The following Appendix items are procedural records and supporting documents submitted for appellate review. They are distinct from evidentiary exhibits used in the District Court.*

D-1 – Email acknowledgments from SDNY Pro Se Office (proof of electronic submission)

D-2 – Mailing receipts of sending mail to the Court / U.S. Attorney's Office on Oct. 08, 2025

D-3 – Delivery confirmation (showing delivery to the Court on Oct. 20, 2025)

D-4 – Shipping / Arrival records to U.S. Attorney's Office on Oct. 09 / 17 respectively, 2025

E – Declaration of Delivery and Submission Confirmation (by Sarah )

F – Copy of My 1st Victim's Motion and Statement filed September 27, 2025 (4 pages)

G – Copy of My 2nd Victim's Motion and Statement filed October 14, 2025 (3 pages)

H – Copy of My 3rd Victim's Motion and Statement filed October 18, 2025 (3 pages)

I – Copy of My 4th Victim's Motion and Statement filed October 21, 2025 (9 pages)

J – Chinese copy of this document for reference only (3 pages)

<u>强制令申请书（Writ of Mandamus）</u>

【说明】本文件为《Petition for Writ of Mandamus》中文翻译版本，仅供参考，以英文原件为准。

## 美国联邦第二巡回上诉法院
### （United States Court of Appeals for the Second Circuit）

案件：In re: ██████，又名 Sarah ██████

作为 United States v. Ho Wan Kwok, et al., 1:23-cr-118 (AT) 一案的受害人申请人

### 强制令申请书（Petition for Writ of Mandamus）

日期： 2025 年 10 月 28 日

## 一、介绍

本人，Sarah ██████，谨以本强制令申请书，恳请贵院行使监督权，命令美国纽约南区联邦地区法院（SDNY）依法上传、立案并审理我四份已提交的自诉文件（Pro Se Motions），并纠正该法院长期存在的程序性压制和对无律师代理的当事人不公正的处理行为。

我在 2025 年 9 月 27 日至 10 月 21 日期间，先后四次向 SDNY 的 Pro Se 办公室以及美国检察官办公室递交了自诉文件，均得到了法院系统的自动电子回执，但至今没有一份被上传（docketed）。我已尽到一切合理努力，并通过电子与纸质两种方式提交，但法院持续不作为。这种压制已经造成程序不公、剥夺了受害人及公众的知情权与表达权。

## 二、事实陈述（Statement of Facts）

1）四份自诉文件的递交情况

在 2025 年 9 月 27 日至 10 月 21 日期间，我四次向纽约南区法院的 Pro Se 办公室及美国检察官办公室提交了自诉文件。每次提交后，法院系统都自动发来电子回执，确认收件成功。同时，我也通过电子邮件抄送给被告的三位律师，并附上中文版文件，以示公开透明。检方四个收件邮箱中，有三封成功送达，唯有一名检察官（Julia Murry）的邮箱系统自动退信，显示邮件无法送达。

2）纸质寄送与回执

2025 年 10 月 8 日，因邮局罢工，我打印的纸质自诉文件只好通过 FedEx 寄送，当时我选择的是陆地方式，原来预期到达时间是一周。两份纸质信件分别寄往法院与检方。

法院在 10 月 20 日收到；检方的副本在 10 月 17 日被退回，但我此前的电子版他们已收到。因此，我已履行一切合理义务。

强制令申请书（Writ of Mandamus）

3）法院的系统性压制

自 2025 年 9 月 11 日以来，纽约南区法院未再上传任何无律师代理的个体自诉（无论以 853(n)或 CVRA 身份提交）。然而，同期有律师代理的公司（如 Post Oak Motors，ECF 748）和律师代理动议（Geyer 的 761/763，Gavenman 的 755）却照常上传。这说明法院在有选择性地压制无律师代理的个体声音。

4）其他受害者案例

另一名受害者 Chunk Chyi（"螺丝哥"）的自诉同样未被上传，他因此率先向二巡法院提出强制令。

Ryan Bai 以受害者身份提交的文件 733 与 733-1 揭示了检方的四次欺诈行为及系统性违规；

Jason Zen 曾以 853(n)身份提交文件 529（被上传），其后改以受害者身份提交的自诉却未被立案。

这些例子共同证明，法院对个体自诉存在系统性歧视。

5）个人背景与努力

本次上诉完全由我个人主动提出并自费完成。我以个人的名义、独立的意志撰写本申请，未受任何组织指使，也不代表任何政治派别。我没有任何法律背景，完全依靠人工智能辅助完成所有文稿。我的目的并非攻击司法系统，而是促使其恢复应有的正直、公平与透明。

我是一位普通加拿大公民、两个孩子的母亲。我对美国抱有深厚的敬意与善意，真诚希望看到一个强大而公正的美国，因为强大的美国有助于全世界的和平与进步。在移民加拿大之前，我曾在中国大陆担任工程师，后来在加拿大接受高等教育并获得工程学硕士学位。我是一名守法公民，过去从未关注政治或法律事务。十年前我曾深信西方民主制度是人类文明的灯塔；但在近几年，尤其在郭文贵案件中，我亲眼看到了发生在美国南区法院令人痛心的系统性失衡与不公。这些问题在法院档案 733 中揭示得很清楚。

一个善良、无辜的人被陷害，而真正的受害者被压制。作为母亲，我开始担心未来的世界将是什么样。我所做的一切，并非出于愤怒或政治立场，而是出于良知——为维护公正，为后代守护一个更有希望的未来。

写法律文件消耗很多时间和精力。仅仅写这个 Writ 本身，就消耗了我十天的时间，24-7，有任何新意或者需要补充的地方，随时作出调整。大大小小的更改已经不下二十次，而且每次补充完善之后都要在我的手机、手提电脑、电脑、电子邮件、Word 和 PDF 文档、全文与涂黑之间切换、更新。但这一切都出于我的自愿。我只是想尽到一个小小的公民的义务，让正义得到伸张，世界变得更加美好。

强制令申请书 （Writ of Mandamus）

## 三、法律依据 （Legal Basis for Mandamus）

根据《美国法典》第 28 卷第 1651 条（28 U.S.C. § 1651, All Writs Act），上诉法院有权签发强制令（Writ of Mandamus），以纠正下级法院明显的程序性滥用或怠职行为。

纽约南区法院拒绝上传合法提交的自诉文件，不仅违反了程序正义原则，也侵犯了《犯罪受害者权利法》（18 U.S.C. § 3771）所保障的受害者权利。这种行为剥夺了公众知情权，破坏了司法系统的透明度。

这种压制不是偶发的技术失误，而是持续性的系统问题。多位当事人的文件均被无理阻止上传，形成有规律的"程序性屏蔽"。这严重损害了公众对司法公正的信任，并使受害者在法定期限内无法依法陈述自身权益。

## 四、结论与祈请 （Conclusion and Prayer for Relief）

综上所述，本人恳请贵院：

1）命令纽约南区法院立即上传并立案我已提交的四份自诉文件；

2）确保所有后续的无律师代理文件均享有同等上传与审理权利；

3）调查并纠正纽约南区法院在受害者自诉处理中的系统性不公。

我深知此举或许会触动既有体制，但我相信真正的正义不惧检视。我采取此行动，不是出于敌意，而是因为我仍相信真理与公义终将胜利。我希望通过此案，哪怕只是一点点，也能帮助恢复公众对美国司法的信任。

**送达证明：**

我，Sarah ███，特此证明，于 2025 年 10 月 28 日，通过邮件将上述《行政令状申请书》的真实且正确的副本送达以下当事人：（略，本申请书同时给托雷斯法官、检方和上诉法庭均发出去一份。）

谨此呈上

Sarah ███ (Pro Se)

Date: October 28, 2025

3/3

# APPENDIX G

**G — Second Circuit Returning Correspondence (November 12, 2025)**

**United States Court of Appeals for the Second Circuit**
**Thurgood Marshall U.S. Courthouse**
**40 Foley Square**
**New York, NY 10007**

**DEBRA A. LIVINGSTON**
CHIEF JUDGE

Date: November 12, 2025

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Short Title: USA v. Ho Wan
Kwok et al.
Docket#: ----
Dist Ct. 23-cr-118

**NOTICE OF MOTION FOR WRIT OF MANDAMUS WITH CHECK IN THE AMOUNT OF $600.00 AND COVER LETTER...**

The attached Motion for Writ of Mandamus and check in the amount of $600.00 was received in our Court on November 5, 2025.

A review of the district court docket in United States of America v. Kwok 23-cr-118, indicates you have not filed a motion for relief under the CVRA statute in the district court.

The papers are being returned to you in the belief that you intended to file the papers as a motion in the United States District Court for the Southern District of New York in USA v. Kwok 23-cr-118.

If the district court denies you relief you request, then you can file a petition for a writ of mandamus at the court of appeals.

In view of the foregoing please be advised that no further action will be taken by this office with respect to your recent filing until you can demonstrate that you have a valid appeal or proceeding before this Court.

Inquiries regarding this case may be directed to 212-857-8500.

*Cover Letter*

To:
Clerk of Court
United States Court of Appeals for the Second Circuit
40 Foley Square, Room 150
New York, NY 10007

Date: October 28, 2025

**Re: Petition for Writ of Mandamus – Filing by Pro Se Victim**
Case: In re: Sarah ████, Petitioner (Pro Se)

Dear Clerk of Court,

Enclosed please find my Petition for a Writ of Mandamus to the United States Court of Appeals for the Second Circuit for docketing in connection with United States v. **Ho Wan Kwok, et al., Case No. 1:23-cr-118 (AT)**.

This petition requests judicial review of the Court's prior administrative failures to docket my four Victim's Motion and Statements originally submitted on September 27, October 14, 18 and 21, 2025, and my first one was re-submitted in paper form on October 8, 2025 to both the SDNY Pro Se Office and the U.S. Attorney's Office, but only the mail to SDNY Pro Se Office was successfully delivered.

Please kindly file and docket this petition accordingly. Copies of this filing have also been served on the Honorable Analisa Torres of the Southern District of New York and on Assistant U.S. Attorney Ryan B. Finkel of the United States Attorney's Office for the Southern District of New York, in accordance with the requirements of proper service.

I sincerely appreciate the Court's attention to this matter, which concerns the procedural rights of victims. Please confirm receipt of this filing by email if possible.

Thank you for your time and assistance.

Respectfully submitted,

**Courtesy Copy sent to:**

Assistant U.S. Attorney Ryan B. Finkel,
United States Attorney's Office,
Southern District of New York
1st. Andrew's Plaza, New York, NY 10007

The Honorable Analisa Torres
United States District Judge
United States District Court, SDNY
500 Pearl Street
New York, NY 10007

*Enclosed please find a U.S. Dollar money order in the amount of $600 payable to "Clerk, U.S. Court of Appeals for the Second Circuit," representing the filing fee for this petition.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

In re:                  a.k.a. Sarah ▉ ,
Victim in United States v. Ho Wan Kwok, et al.,
Case No. 1:23-cr-118 (AT)
Petitioner.

## On Petition for a Writ of Mandamus to the United States District Court for the Southern District of New York

## PETITION FOR WRIT OF MANDAMUS

### Introduction

I,            u (English name: Sarah ▉ ), respectfully petition this Honorable Court for a writ of mandamus directing the United States District Court for the Southern District of New York (SDNY) to perform its non-discretionary duty to docket and rule upon my four properly submitted pro se motions as an individual victim and participant in the related forfeiture and criminal proceeding, which were properly received by the SDNY Pro Se Office via email on September 27 to October 21, 2025 but have never been uploaded to the public docket despite proper submission.

This petition arises under the Crime Victims' Rights Act (18 U.S.C. § 3771) and the All Writs Act (28 U.S.C. § 1651).

My motions included evidence and analysis referencing Document 733, which itself identifies four separate instances of prosecutorial fraud upon the Court, including two direct misrepresentations to Judge Torres. My motion also raised concerns that these failures revealed systemic administrative irregularities within the judicial process. The District Court's refusal to docket my motion constitutes a suppression of duly submitted material and obstruction of my statutory rights as a recognized victim.

Between September 27 and October 21, 2025, I submitted four separate Pro Se Motions to the Southern District of New York (SDNY) Pro Se Office but none were ever docketed. Despite automated acknowledgments confirming receipt, these filings were withheld from the public record, reflecting a broader pattern of selective suppression against unrepresented individuals. The petition respectfully seeks intervention from the United States Court of Appeals for the Second Circuit to remedy this procedural obstruction and to reaffirm the judiciary's commitment to transparency, due process, and equal access to justice.

# APPENDIX H

**H — January 17, 2026 Record Preservation Submission Package**

H-1 Original English Record Preservation Letter submitted January 17, 2026

H-2 Near-immediate automated email acknowledgment from SDNY confirming receipt

## Subject: Record Preservation Letter Concerning Undocketed CVRA Filings

Dear Judge Torres:

I, XXXX (Sarah) XXXX, a crime victim proceeding pro se, respectfully submit this letter for the limited purpose of preserving the record and expressly preserving objections, without seeking substantive relief at this time.

This submission is made in advance of further proceedings of the January 20, 2026 status conference and in connection with the Court's recent Orders, including Dkt. 782, as well as the Government's related submission at Dkt. 785. This letter is not intended to brief the merits, to expand the scope of any scheduled conference, or to request rulings. Rather, it is submitted to ensure that the record accurately reflects objections and concerns that otherwise risk being deemed waived or obscured by subsequent procedural developments.

## I. Preservation of Crime Victims' Rights Act Objections (18 U.S.C. § 3771)

I respectfully preserve my objection to any approach that effectively substitutes administrative remission proceedings for the judicially enforceable rights guaranteed by the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.

Neither the Court's Order at Dkt. 782 nor the Government's submission at Dkt. 785 addresses how CVRA rights are to be adjudicated, protected, or enforced for victims whose filings have not been docketed or acknowledged by the Court. In particular, the filings do not address:

- How victims' rights to be reasonably heard in court proceedings are preserved when submissions are not docketed;

- How victims may obtain judicial review of adverse or non-action determinations;

- How CVRA rights coexist with, or are displaced by, purely administrative remission processes conducted outside the Court.

I expressly object to any implicit or explicit treatment of administrative remission as an adequate replacement for CVRA-guaranteed judicial rights, and I preserve all CVRA-related objections for future review.

## II. Preservation of Objections Concerning Non-Docketing of Victim Filings

Beginning in September 2025, I submitted four victim pro se filings to this Court asserting rights under the CVRA. These submissions were properly served on the Government and defense counsel. However, none of these filings were docketed, ruled upon, or accompanied by any written explanation.

I preserve my objection to the non-docketing of these filings, as such omission prevents the creation of any appealable order and effectively forecloses access to ordinary appellate review. Where filings asserting statutory rights are neither docketed nor addressed, those rights become unenforceable in practice.

## III. Preservation of Objections Regarding Asymmetric and Inconsistent Docket Practices

I further preserve objections to asymmetric and inconsistent docket treatment observed in this case, in which:

- Certain third-party filings were docketed, sometimes without adequate redaction of personal information; while

- Other victim filings, including my own, were excluded entirely from the docket without explanation.

Such inconsistent practices undermine transparency, fairness, and confidence in the integrity of the judicial record, and may create a chilling effect on crime victims seeking to assert rights guaranteed by federal law.

Subsequent filings by defense counsel (see, e.g., Dkt. 789) further underscore the need for clear, judicially supervised procedures rather than exclusive reliance on administrative mechanisms. Where multiple actors in the same criminal case are proceeding through formal judicial channels, the continued exclusion of certain victim

submissions from the docket highlights the absence of a uniform and transparent procedural standard.

## IV. No Waiver Intended

Nothing in this letter should be construed as a waiver of any rights, objections, or arguments. This submission is made solely to preserve the record and to avoid inadvertent waiver in advance of further proceedings. I expressly reserve all rights available under federal law, including under the Crime Victims' Rights Act.


Respectfully submitted,


XXXX (Sarah) xxxx

Crime Victim, Pro Se

January 17, 2026

[my email address]


CC:

Assistant U.S. Attorney Ryan B. Finkel: ryan.finkel@usdoj.gov,

Other DOJ Officers:
Julian Murray (Julian.murray@usdoj.gov),
Justin Horton (justin.horton@usdoj.gov),
Micah Fergenson (micah.fergenson@usdoj.gov)


Defense Counsel for Defendant Ho Wan Kwok (aka Miles Guo):

Melinda Sarafa, Esq. (msarafa@sarafalaw.com)
Joshua L. Dratel, Esq. (jdratel@dratellewis.com)
John F. Kaley, Esq. (jkaley@doarlaw.com)

Copies of this correspondence have been submitted do the Clerk of Court via Court's official Pro Se Filing email box: ProSe@nysd.uscourts.gov for inclusion in the record.

🔲 Outlook

---

**IMPORTANT INFORMATION, PLEASE REVIEW**

---

From Pro Se Filing <pro_se_filing@nysd.uscourts.gov>
Date  Sat 2026-01-17 00:42
To

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)
Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below).  If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.
Requirements for Filing a New Action by Email:
- Documents must be attached to the email in PDF format, no larger than <u>15</u> megabytes;
- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the <u>filing fees</u>.**
- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an <u>application to proceed</u> *in forma pauperis*.

Filing Documents in an Existing Case by Email:
- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing.  If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007
or
United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- <u>Complete filing instructions</u>
- <u>Consent to accept service of documents electronically</u>. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the <u>intake form</u> to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (<u>fedprosdny@nycbar.org</u>). **Alternatively, you may leave a message with 212-659-6190.**

# APPENDIX I

**I — January 19, 2026 Motion Concerning Luc Despins Submission Package**

I-1 Original English motion concerning participation of Luc Despins and independent asset administrator

I-2 Unofficial Chinese reference translation

I-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**United States of America,**

**v.**

**Ho Wan Kwok (Miles Guo), et al.,**
**Defendants.**

**Case No. 1:23-cr-00118 (AT)**

**PRO SE CRIME VICTIM MOTION**

**UNDER THE CRIME VICTIMS' RIGHTS ACT (18 U.S.C. § 3771)**

**REGARDING TRUSTEE CONDUCT, ASSET MANAGEMENT, AND REQUEST FOR HEARING**

**PRO SE CRIME VICTIM MOTION**

(1) **TO REQUIRE TRUSTEE LUC DESPINS TO APPEAR AND BE HEARD,**

(2) **TO SUSPEND OR LIMIT TRUSTEE AUTHORITY PENDING JUDICIAL REVIEW,**

(3) **TO APPOINT A INDEPENDENT THIRD-PARTY ASSET ADMINISTRATOR,** AND

(4) **TO REQUIRE DOCKETING OF THIS VICTIM MOTION**

**I. INTRODUCTION AND STANDING UNDER THE CVRA**

Movant XXXXXX (Sarah) XXXX, proceeding pro se, submits this motion as a crime victim under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771. Movant does not seek to intervene as a party or relitigate the merits of conviction. This motion is submitted solely to assert crime-victim rights where assets allegedly exceeding tens of millions of dollars—and directly tied to victim losses—are being managed and expended without meaningful judicial scrutiny or victim participation. A Chinese translation is attached as Exhibit A for reference only.

1/6

The concerns raised herein arise from ongoing asset-management practices and the continued absence of any judicial hearing or trustee testimony, and therefore remain live and justiciable.

## II. ECF NOS. 733 AND 733-1: UNANSWERED RECORD ALLEGATIONS OF PROCEDURAL IRREGULARITY

On the public docket, ECF No. 733 and its accompanying report, ECF No. 733-1, raise grave and detailed allegations concerning procedural integrity in this case, including but not limited to:

• The use of unverified or unreliable third-party information in forfeiture-related representations;

• The risk of Brady-related violations arising from omissions or selective disclosure;

• And the possibility that asset-related representations made to the Court were materially incomplete or misleading.

Notably, these filings do not concern abstract grievances. They go directly to the lawfulness of asset control, forfeiture posture, and third-party participation in this criminal proceeding.

To date, the Court has not conducted any evidentiary hearing, required sworn testimony, or otherwise created a judicial record resolving the concerns raised in ECF Nos. 733 and 733-1.

From the standpoint of a crime victim whose restitution interests depend on the integrity of asset management, the absence of any judicial response to these filings leaves material questions unresolved and ongoing.

## III. TRUSTEE LUC DESPINS AND THE ABSENCE OF JUDICIAL SCRUTINY

Against the backdrop of the unresolved concerns raised in ECF Nos. 733 and 733-1, Trustee Luc Despins has exercised extensive control over assets restrained or seized in this case.

According to the public record:
- The trustee has not appeared for testimony in open court;
- No adversarial or victim-facing hearing has examined the trustee's representations;
- Asset administration has proceeded while serious procedural questions remain unresolved on the docket.

Where a trustee's actions intersect directly with the very issues identified in ECF Nos. 733 and 733-1—yet remain insulated from judicial inquiry—the risk to crime-victim rights is neither speculative nor remote.

## IV. RECORD EVIDENCE OF EXTRAORDINARY ASSET EXPENDITURES
*(ECF No. 724; ECF No. 700 et seq.)*

Public filings, including ECF No. 724 and the ECF No. 700 series, reflect that sums reportedly exceeding $60 million have been expended from assets restrained or seized in connection with this prosecution.

These expenditures occurred:
- While the defendant remained detained;
- Prior to final adjudication of third-party interests;
- And without any hearing at which crime victims could be heard.

For victims, these funds represent the same pool from which restitution, remission, or other relief may later be sought.

## V. CVRA RIGHTS IMPLICATED

The CVRA guarantees crime victims:

- The right to fairness (§ 3771(a)(8));
- The right to proceedings free from unreasonable delay (§ 3771(a)(7));
- The right to be reasonably heard when their interests are affected (§ 3771(a)(4)).

Where unresolved allegations under ECF 733, extensive trustee expenditures under ECF 724, and the absence of hearings converge, these statutory protections are rendered ineffective in practice.

## VI. REQUESTS FOR RELIEF

Movant respectfully requests that the Court:

### A. Require Trustee Luc Despins to Appear for a Hearing
to address asset management and the unresolved issues raised in ECF Nos. 733, 733-1, 724, and 700 et seq.

### B. Temporarily Suspend or Limit Trustee Authority
pending such judicial review, to prevent further potential prejudice to crime-victim interests.

### C. Appoint an Independent Third-Party Asset Administrator
if the Court determines that continued asset control without independent oversight risks unfairness to victims.

### D. Require Docketing of This Victim Motion
to preserve CVRA rights on the record.

## VII. GOOD-FAITH STATEMENT

This motion is submitted in good faith, without intent to delay sentencing or disrupt proceedings, and solely to preserve statutory rights guaranteed to crime victims.

## VIII. CONCLUSION

When serious procedural concerns (ECF 733) remain unanswered, tens of millions of dollars are expended (ECF 724), and no hearing is held, the CVRA requires judicial intervention.

## IX. DECLARATION

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

## EXHIBIT LIST

Exhibit A - Chinese Translation of the Pro Se Crime Victim Motion
(Provided solely to facilitate understanding. The English version governs.)

Respectfully submitted,

XXXXXX (Sarah) XXXX
Pro Se Crime Victim
XXXXXXXXX
Email: XXXXXXXXXXX
Date: **January 19, 2026**

## CERTIFICATE OF SERVICE

I hereby certify that on **January 19, 2026**, I caused a true and correct copy of the foregoing Pro Se Crime Victim Motion under the Crime Victims' Rights Act (18 U.S.C. § 3771) to be submitted for filling to the Court via electronic mail to the SDNY Pro Se Office, and served on the parties listed below by electronic mail, as follows:

### Filed with the Court:
Pro Se Office
United States District Court
Southern District of New York
Email: prose@nysd.uscourts.gov

### Served by Electronic Mail Upon:
Counsel for the United States of America
Ryan B. Finkel
Assistant United States Attorney
United States Attorney's Office, SDNY
Email: ryan.finkel@usdoj.gov,

Other DOJ Officers:
Julian Murray (Julian.murray@usdoj.gov),
Justin Horton (justin.horton@usdoj.gov),
Micah Fergenson (micah.fergenson@usdoj.gov)

Counsel for Defendant Ho Wan Kwok (a/k/a Miles Guo):
Melinda Sarafa, Esq. (msarafa@sarafalaw.com)
Joshua L. Dratel, Esq. (jdratel@dratellewis.com)
John F. Kaley, Esq. (jkaley@doarlaw.com)

Respectfully submitted,

XXXXX (Sarah) XXXX
Pro Se Crime Victim
XXXXXXXXXX
Email: XXXXXXXXXX

本文件系英文原文之中文翻译版本，仅供理解和参考之用。
This document is a Chinese translation of the English original and is provided solely for reference and understanding.

## 自行诉讼（自诉）犯罪受害者动议

依据《犯罪受害者权利法》（18 U.S.C. § 3771）
关于受托人行为、资产管理及请求举行听证

美国纽约南区联邦地区法院

美利坚合众国
诉
郭文贵（又名 Miles Guo）
案号：1:23-cr-00118 (AT)

## 自诉犯罪受害者动议

（1）要求受托人 Luc Despins 出庭并接受陈述；
（2）在司法审查完成前，暂停或限制受托人职权；
（3）指定一个真正独立的第三方资产管理人；以及
（4）要求本受害者动议正式立案入卷。

## 一、引言及在《犯罪受害者权利法》下的主体资格

动议人 XXXXX（英文名：Sarah），以自行诉讼（pro se）身份，依据《犯罪受害者权利法》（"CVRA"），18 U.S.C. § 3771，作为犯罪受害者向本院提交本动议。

动议人并不请求作为当事方介入本案，亦不试图重新审理定罪实体问题。本动议仅旨在主张和维护犯罪受害者的法定权利：在据称数千万美元规模、且与受害者损失直接相关的资产，在缺乏实质性司法审查及受害者参与的情况下被管理和支出的情形下，依法提出异议。

本文所提出的问题源于持续进行的资产管理行为以及至今未举行任何司法听证或要求受托人作证的现实情况，因此仍然是现实存在且具有可裁判性的争议。

1/4

## 二、ECF 第 733 号及 733-1 号文件：尚未回应的程序不规范指控

在公开案卷中，ECF 第 733 号文件及其随附报告 ECF 第 733-1 号文件，就本案的程序完整性提出了严重且具体的指控，包括但不限于：

- 在没收相关陈述中使用未经核实或不可靠的第三方信息；
- 因遗漏或选择性披露而产生的 Brady 违规风险；
- 向法院提交的与资产相关的陈述，可能在实质上不完整或具有误导性。

值得注意的是，上述文件并非抽象性不满或泛泛指控。
其内容直接涉及本刑事案件中资产控制的合法性、没收立场以及第三方参与的正当性。

截至目前，法院尚未就 ECF 第 733 号及 733-1 号文件中提出的问题举行任何证据听证、要求任何宣誓证词，或以其他方式形成解决这些问题的司法记录。

从一名犯罪受害者的角度来看，其未来的返还或补偿权益依赖于资产管理的正当性与透明性。而法院对上述文件至今未作出任何司法回应，使得这些关键问题仍然悬而未决并持续存在。

## 三、受托人 Luc Despins 及司法审查的缺失

在 ECF 第 733 号及 733-1 号文件所揭示但尚未解决的问题背景下，受托人 Luc Despins 一直在本案中对被查封或限制的资产行使广泛控制权。

根据公开记录：

- 该受托人从未在公开法庭出庭作证；
- 未曾举行任何对抗性或面向受害者的听证来审查其陈述；
- 在案卷中存在重大程序性疑问尚未解决的情况下，资产管理仍在持续进行。

当受托人的行为直接触及 ECF 第 733 号及 733-1 号文件所揭示的核心问题，却又始终游离于司法审查之外时，对犯罪受害者权利所造成的风险既非假设性的，也非遥远的可能性。

## 四、异常巨额资产支出的记录证据

（ECF 第 724 号；ECF 第 700 号及其后续文件）

包括 ECF 第 724 号文件及 ECF 第 700 号系列文件在内的公开案卷显示，与本案相关、被限制或查封的资产中，据称已有超过 6,000 万美元被支出。

这些支出发生在：

- 被告仍处于羁押状态期间；
- 在任何涉及第三方利益的最终裁定作出之前；
- 且未举行任何允许犯罪受害者陈述意见的听证的情况下。

对犯罪受害者而言，这些资金并非抽象数字，而是未来可能用于返还、减免（remission）或其他救济的同一资产池。

## 五、所涉及的《犯罪受害者权利法》权利

《犯罪受害者权利法》保障犯罪受害者以下权利：

- 受到公平对待的权利（§ 3771(a)(8)）；
- 免于不合理拖延的程序权利（§ 3771(a)(7)）；
- 在其利益受到影响时被合理听取意见的权利（§ 3771(a)(4)）。

当 ECF 第 733 号文件中的未决指控、ECF 第 724 号所反映的巨额受托人支出，以及完全缺失的听证程序同时存在时，上述法定权利在实践中被实质性架空。

## 六、请求的救济

动议人谨请求法院：

A. 要求受托人 Luc Despins 出庭接受听证
就资产管理情况以及 ECF 第 733、733-1、724 号及第 700 号系列文件中所涉及的未决问题作出说明。

B. 在司法审查完成前，暂时暂停或限制受托人职权

以防止对犯罪受害者利益造成进一步潜在损害。

C. 指定独立的第三方资产管理人
若法院认定，在缺乏独立监督的情况下继续由现有受托人控制资产，可能对受害者造成不公。

D. 要求本受害者动议正式立案入卷
以在案卷中保留并保护动议人的 CVRA 权利。

## 七、善意声明

本动议系基于善意提交，无意拖延量刑或扰乱司法程序，仅为维护《犯罪受害者权利法》明确赋予犯罪受害者的法定权利。

## 八、结论

当严重的程序性问题（ECF 733）长期未获回应，数千万美元资产被持续支出（ECF 724），且未举行任何听证时，《犯罪受害者权利法》要求司法介入。

## 九、誓言 （略）

谨此呈上，

（以下签名及发送记录略）
2025.01.19

 Outlook

---

## IMPORTANT INFORMATION, PLEASE REVIEW

---

From Pro Se Filing <pro_se_filing@nysd.uscourts.gov>
Date Mon 2026-01-19 18:14
To

### IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;
- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**

- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**
- Your payment must include the docket number, which you can learn by calling (212) 805-0175.
- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.
- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;
- The email and attached document must contain the docket number, filer's name, address, and telephone number;
- Documents must be signed by the filing party;
- Any additional comments, questions, or other messages in the email will be disregarded;
- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007
or
United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants by** completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**

# APPENDIX J

**J — January 20, 2026 Procedural Factual Record Submission Package**

J-1 Original English Procedural Record concerning the January 20, 2026 status conference

J-2 Unofficial Chinese reference translation

J-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

development, to preserve that development in the public record, and to articulate the transparency-related concerns it raises. As a non-party crime victim with a direct and legitimate interest in the procedural integrity of this case, the undersigned submits this filing so that the record accurately reflects what occurred and when it occurred, for appropriate review if and when such review becomes necessary.

## II. BACKGROUND AND PROCEDURAL HISTORY

1. On January 19, 2026, the Court issued an order (ECF No. 791) providing for public access to the January 20, 2026 status conference via telephone.

2. On January 20, 2026, the Court issued a subsequent order (ECF No. 792) vacating ECF No. 791 and stating that the status conference would not include a public access dial-in line.

3. As of the date of this filing, ECF Nos. 733 and 733-1—which raise serious procedural and integrity-related allegations—remain unresolved on the public docket.

4. No evidentiary hearing, sworn testimony, or formal judicial findings have been entered to address the allegations raised in those filings.

## III. OBSERVATION REGARDING TRANSPARENCY AND PUBLIC ACCESS

The absence of public access, when considered alongside unresolved procedural allegations reflected on the docket, objectively heightens concerns regarding transparency. This observation is procedural in nature. It does not impute motive or intent, but instead concerns the appearance and integrity of the judicial process as reflected in the public record.

## IV. CVRA INTERESTS IMPLICATED

The Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, guarantees crime victims, inter alia:

- the right to fairness, 18 U.S.C. § 3771(a)(8);

- the right to proceedings free from unreasonable delay, § 3771(a)(7); and

- the right to be reasonably heard when interests are affected, § 3771(a)(4).

Where serious procedural allegations remain unresolved and public access to proceedings is restricted, crime victims are deprived of meaningful transparency necessary to understand and protect their statutory interests.

## V. REQUEST FOR CLARIFICATION AND RECORD PRESERVATION

Accordingly, the undersigned respectfully requests that the Court:

A. Take notice of this filing as a crime-victim submission under the CVRA;

B. Preserve this filing on the public docket as part of the procedural record; and

C. Clarify, at an appropriate time, how transparency and victim participation are being safeguarded while unresolved procedural allegations remain pending.

## VI. GOOD-FAITH STATEMENT

This filing is submitted in good faith. It does not seek to delay proceedings, relitigate the merits, or attribute improper intent. It seeks solely to preserve the record concerning transparency and crime-victim rights.

## VII. CONCLUSION

When serious procedural allegations remain unresolved on the docket and public access to proceedings is withdrawn, it is appropriate for crime victims to document and preserve such procedural developments in the record.

## VIII. DECLARATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

## EXHIBIT LIST

Exhibit A – Chinese Translation of the Pro Se Crime Victim Notice
(Provided solely to facilitate understanding. The English version governs.)

Respectfully submitted,

XXXXXX (Sarah) XXXX
Pro Se Crime Victim
XXXXXXXXX
XXXXXXXXXXXX
Date: January 20, 2026

3/4

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I caused a true and correct copy of the foregoing Pro Se Crime Victim Notice under the Crime Victims' Rights Act (18 U.S.C. § 3771) to be submitted for filing to the Court via electronic mail to the SDNY Pro Se Office, and served on the following parties by electronic mail:

Filed with the Court:
Pro Se Office
United States District Court
Southern District of New York
Email: prose@nysd.uscourts.gov

Served by Electronic Mail Upon:

Counsel for the United States of America
Ryan B. Finkel, Assistant United States Attorney
United States Attorney's Office, SDNY (ryan.finkel@usdoj.gov)
Juliana Murray (juliana.murray@usdoj.gov)
Justin Horton (justin.horton@usdoj.gov)
Micah Fergenson (micah.fergenson@usdoj.gov)

Counsel for Defendant Ho Wan Kwok (a/k/a Miles Guo):
Melinda Sarafa, Esq. (msarafa@sarafalaw.com)
Joshua L. Dratel, Esq. (jdratel@dratellewis.com)
John F. Kaley, Esq. (jkaley@doarlaw.com)

XXXXXXX (Sarah) XXXX
Pro Se Crime Victim

# 第三方犯罪受害人之程序性事实记录

——关于 2026 年 1 月 20 日状态会议公众电话旁听权被撤销一事，
以及对法庭程序问题与司法透明度的进一步关注

### 美利坚合众国联邦地区法院

### 纽约南区

### 美利坚合众国

### 诉

### 郭浩文（又名 Miles Guo）

### 案件编号：1:23-cr-00118 (AT)

## 一、引言及本文件之目的

本文件旨在作为一份由第三方犯罪受害人以自行诉讼（pro se）身份提交的程序性事实记录，用以保存一份与公开案卷所反映事件相一致的、准确且具有同时性的事实记载。
在本案长期悬而未决、尚未作出最终量刑，且公开案卷中仍存在多项尚未解决的严重程序性指控的背景下，司法透明度与公众接近权的重要性进一步凸显。

2026 年 1 月 20 日，本案原定举行的一次状态会议，最初通过电话拨入方式向公众开放旁听。然而，同日该公众电话旁听权限在未事先通知、未说明理由的情况下被撤销，且在该撤销发生之时，并无任何同步或当时可查的公开记录对该撤销作出说明。在案件程序长期延宕、且程序性关切尚未解决的背景下，此种公众接近权的突然取消，值得被谨慎记录。

2026 年 1 月 20 日状态会议的庭审记录（transcript）随后已生成；然而，该记录并未反映任何关于撤销公众电话旁听权限的当场解释或说明。"

截至目前，尚无法确认是否存在任何内部电话记录、行政记录或司法记录用于记载该旁听权限撤销的过程，亦无法确认此类记录是否将在日后予以披露。然而可以明确的是，在公众旁听权限被撤销之时，受影响的公众观察者或犯罪受害人并未获得任何公开通知或解释。

本文件并非旨在重新争议本刑事案件的实体问题，亦不请求法院立即作出任何司法裁定。相反，本文件旨在记录一项具体的程序性进展，将该进展保存在公开案卷中，并阐明由此引发的透明度相关关切。作为一名对本案程序完整性具有直接且正当利害关系的非当事人

犯罪受害人，署名人提交本文件，旨在确保案卷能够准确反映所发生之事实及其发生时间，以便在必要时供适当审查。

## 二、背景及程序经过

1. 2026 年 1 月 19 日，法院发布命令（ECF 第 791 号文件），允许公众通过电话方式旁听原定于 2026 年 1 月 20 日举行的状态会议。

2. 2026 年 1 月 20 日，法院随后发布命令（ECF 第 792 号文件），撤销 ECF 第 791 号文件，并明确该状态会议将不再提供公众旁听拨入线路。

3. 截至本文件提交之日，ECF 第 733 号及第 733-1 号文件——其中提出了严重的程序性及司法完整性相关指控——仍未在公开案卷中得到解决。

4. 针对上述文件所提出的指控，法院尚未举行任何证据听证、未要求任何宣誓证言，亦未作出任何正式的司法认定。

## 三、关于司法透明度及公众旁听的观察

在案卷中尚存未解决程序性指控的背景下，公众旁听的缺失，在客观上进一步加剧了对司法透明度的关切。上述观察属于程序层面的陈述，并不推定任何主观动机或意图，而是关乎司法程序在公开案卷中所呈现的外观与完整性。

## 四、所涉及的《犯罪受害人权利法》（CVRA）权益

《犯罪受害人权利法》（Crime Victims' Rights Act，"CVRA"），18 U.S.C. § 3771，保障犯罪受害人享有（包括但不限于）以下权利：

- 获得公平对待的权利（18 U.S.C. § 3771(a)(8)）；

- 不受不合理拖延影响的诉讼程序权利（§ 3771(a)(7)）；以及

- 在其利益受到影响时获得合理陈述意见的权利（§ 3771(a)(4)）。

当严重的程序性指控仍悬而未决，且公众对司法程序的接近受到限制时，犯罪受害人即被剥夺了理解并保护其法定权益所必需的实质性透明度。

## 五、关于澄清与记录保存的请求

基于上述情况，署名人谨此恭请法院：

A. 认可本文件为依据 CVRA 提交的犯罪受害人文件；

B. 将本文件作为程序记录的一部分，予以保存在公开案卷中；以及

C. 在适当时间，就在程序性指控尚未解决的情况下，法院如何保障司法透明度及受害人参与权，予以说明。


## 六、善意声明

本文件系善意提交。其目的并非拖延诉讼、重审实体问题，亦不指称任何不当意图。

本文件仅旨在就司法透明度及犯罪受害人权利问题，保存相关记录。


## 七、结论

当严重的程序性指控仍未在案卷中得到解决，且公众旁听被撤销时，犯罪受害人有正当理由将该等程序性变化予以记录并保存。


## 八、声明（Declaration）

依据《美国法典》第 28 编第 1746 条，本人特此声明：

上述内容据本人所知、所悉及所信，均真实无误。如有不实，愿受伪证罪处罚。


### 附件清单（Exhibit List）

附件 A —— 自诉犯罪受害人程序性事实记录之中文译本

（仅用于帮助理解；以英文原文为准。）


谨此提交，

Sarah
自诉(Pro Se)犯罪受害人
日期：2026 年 1 月 20 日

## 送达证明（Certificate of Service）

本人特此证明：于 2026 年 1 月 20 日，本人已通过电子邮件方式，将上述《依据〈犯罪受害人权利法〉（18 U.S.C. § 3771）提交的自行诉讼犯罪受害人通知》之真实、完整副本提交并送达如下：

提交法院：
纽约南区联邦地区法院
自行诉讼办公室（Pro Se Office）
电子邮箱：prose@nysd.uscourts.gov

通过电子邮件送达以下当事方：
美国政府代理律师：
Ryan B. Finkel
助理联邦检察官
纽约南区联邦检察官办公室
电子邮箱：ryan.finkel@usdoj.gov

其他司法部官员：
- Juliana Murray（juliana.murray@usdoj.gov）
- Justin Horton（justin.horton@usdoj.gov）
- Micah Fergenson（micah.fergenson@usdoj.gov）

被告郭浩文（又名 Miles Guo）的辩护律师：
- Melinda Sarafa, Esq.（msarafa@sarafalaw.com）
- Joshua L. Dratel, Esq.（jdratel@dratellewis.com）
- John F. Kaley, Esq.（jkaley@doarlaw.com）

谨致敬意，


Sarah
自诉犯罪受害人
日期：＿＿＿＿＿＿＿

**M** Gmail                                                          Sarah

## IMPORTANT INFORMATION, PLEASE REVIEW
1 message

Pro Se Filing <pro_se_filing@nysd.uscourts.gov>                    Tue, Jan 20, 2026 at 11:55 PM
T:

### IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than 15 megabytes;

- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the filing fees.**

- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260, 500 Pearl Street, New York, NY 10007.**

- Your payment must include the docket number, which you can learn by calling (212) 805-0175.

- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an application to proceed *in forma pauperis*.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;

- The email and attached document must contain the docket number, filer's name, address, and telephone number;

- Documents must be signed by the filing party;

- Any additional comments, questions, or other messages in the email will be disregarded;

- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- Complete filing instructions
- Consent to accept service of documents electronically. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the intake form to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). **Alternatively, you may leave a message with 212-659-6190.**

# APPENDIX K

**K — January 23, 2026 Procedural Positions Submission Package**

K-1 Original English Statement Reserving Procedural Positions submitted January 23, 2026

K-2 Unofficial Chinese reference translation

K-3 Near-immediate automated email acknowledgment from SDNY confirming receipt

# Pro Se Crime Victim's Statement of Reserved Positions

# and Incorporation of Prior Procedural Record

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Ho Wan Kwok (a/k/a Miles Guo)

Case No. 1:23-cr-00118 (AT)

## I. INTRODUCTION AND PURPOSE OF THIS FILING

The undersigned does not seek to relitigate any prior procedural events, nor to restate in detail matters already documented in prior filings. In particular, issues concerning the availability of public telephonic access and the circumstances surrounding its revocation on January 20, 2026 have already been addressed in the undersigned's Procedural Factual Record dated January 20, 2026, which is incorporated herein by reference.

This submission instead focuses on the status conference transcript itself and on the procedural implications that arise from what was—and was not—addressed on the record during that conference. Based on the content of the transcript, the undersigned formally states and preserves certain procedural positions for the record, without seeking adjudication or substantive relief at this time. See Exhibit A "Official English Transcript".

1/7

## II. PROCEDURAL BACKGROUND RELEVANT TO THE TRANSCRIPT

The January 20, 2026 status conference was held before the Court and an official transcript of that conference was subsequently prepared by the Court's designated reporting service.

As of the date of this filing, the transcript of the January 20, 2026 status conference has not been made publicly available on the Court's docket, PACER, or CourtListener, as shown in Exhibit D.

In order to obtain an official and accurate record of the proceeding, the undersigned independently obtained the official transcript through Southern District Reporters, P.C., the Court's designated reporting service, as reflected in the purchase record attached as Exhibit E.

The transcript provided contains records of two proceedings held on January 20, 2026. The portion relevant to United States v. Ho Wan Kwok (a/k/a Miles Guo), Case No. 23 Cr. 118 (AT), appears on pages 46 through 52 and constitutes the complete official record of the status conference in this matter. This filing references only that portion of the transcript (pp. 46–52). See Exhibit A.

## III. INCORPORATION OF PRIOR PROCEDURAL RECORD

The undersigned hereby incorporates by reference her Procedural Factual Record dated January 20, 2026, which documented contemporaneous procedural developments surrounding the January 20, 2026 status conference, including issues related to public access and notice. As supplementary documentation, Exhibit F (Screenshots of contemporaneous communications) is attached.[1]

That prior record is incorporated in full and is not repeated here. The present filing builds upon that procedural context and is limited to reserving positions arising from the content of the status conference transcript itself.

---

[1] The status conference was scheduled to begin at 10:00 a.m. Eastern Time (ET). Based on contemporaneous communications, as reflected in Exhibit F, the undersigned first learned at 10:38 a.m. ET, through third-party communication, that public telephonic access to the conference had been canceled. The undersigned later independently verify the filing of ECF No.792 at 10:54 a.m. ET.

## IV. STATEMENT OF RESERVED POSITIONS

The undersigned respectfully states and expressly reserves her positions with respect to the following matters, without seeking adjudication or relief at this time.

### Position One — Docketing Limited to § 853(n) Filings

The undersigned notes and reserves her position regarding the Court's current practice of publicly docketing primarily those third-party submissions that expressly invoke 21 U.S.C. § 853(n), while other third-party crime-victim submissions are received and processed but not contemporaneously placed on the public docket.

### Position Two — MVRA Restitution Left Unadjudicated

The undersigned further reserves her position concerning restitution under the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. § 3663A.

The Government has asserted, in its January 9, 2026 submission (Dkt. 785), that restitution under the MVRA would be impracticable; however, no adjudication has been entered on that issue, and the matter was not addressed during the January 20, 2026 status conference. The undersigned expressly preserves all rights and positions related thereto.

### Position Three — CVRA Submissions Characterized as Complaints

The undersigned also reserves her position regarding the characterization of submissions invoking the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, as general complaints, rather than as crime-victim submissions implicating enforceable statutory rights expressly conferred by Congress.

**Position Four — Procedural Distinction Affecting Pro Se Crime Victims**

Finally, the undersigned notes and reserves her position concerning the procedural distinction reflected in the record whereby third parties represented by counsel are designated on the docket as interested parties, while *pro se* third-party crime victims are not similarly designated, notwithstanding the Court's receipt and processing of their submissions.

**V. No Motion. No Substantive Relief Requested; Limited Procedural Requests.**

This submission does not seek substantive adjudication, does not request a ruling on the merits, and does not constitute a motion for dispositive relief. However, the undersigned respectfully requests the following limited, procedural, and non-dispositive relief:

(a) that this filing and its accompanying exhibits be accepted for filing and publicly docketed, so that they are accessible on the Court's docket as part of the record;

(b) that the Court, at an appropriate time, provide clarification regarding the removal of public telephonic access to the January 20, 2026 status conference;

(c) that consideration be given to ensuring that transcripts or recordings of future status conferences are made available through PACER, CourtListener, or other official channels in a timely manner, in order to prevent the accumulation of unresolved access issues affecting third-party victims and other interested persons.

As reflected in Exhibit D, publicly accessible docketing platforms reflected the occurrence of the January 20, 2026 status conference but did not provide access to the substance of the proceeding in transcript or recording form.

As further reflected in Exhibit E, the undersigned was required to incur out-of-pocket costs to obtain the official transcript through the Court's designated reporting service, underscoring the practical burden imposed on third-party victims—particularly those located outside the United States—when timely public access is unavailable.

The undersigned further notes that she is not physically present in the United States and must rely on international telephone access to monitor proceedings. Time-zone differences and the burden of international calling materially affect the ability of non-U.S.-based crime victims to obtain timely court information, underscoring the importance of reliable and accessible public records.

## VI. Conclusion

The undersigned respectfully submits this **Statement of Reserved Positions and Incorporation of Prior Procedural Record** for inclusion in the record.

**Non-Waiver:** The undersigned expressly preserves all rights and positions, and nothing herein shall be deemed a waiver of any claim, objection, or remedy.

## VII. Declaration

I,        (also known as Sarah ▮▮▮), declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

I submit this declaration solely for the purpose of preserving an accurate procedural record as a third-party crime victim proceeding *pro se*.

Executed on **January 25th, 2026**

Respectfully submitted,

**Exhibit List for Pro Se 8 – Position Statement on Jan. 20 Status Conference**

Exhibit A -- Official English Transcript – January 20, 2026 Status Conference (pg 46–52)

Exhibit B – Chinese Translation of the Transcript on Status Conference (for reference only)

Exhibit C – Chinese Translation of the Present Filing (for reference only)

Exhibit D – Screenshot of Public Docket Reflecting Jan 20-2026 Status Conference Entry

Exhibit E – Proof of Out-of-Pocket Payment by the Undersigned for Official Transcript Obtained from Southern District Reporters, P.C.

Exhibit F – Screenshots of Contemporaneous Communications Reflecting the Undersigned's Awareness and Verification of ECF No. 792 (timestamps shown)

Exhibit G – Order Dated January 19, 2026 (ECF No. 791), Providing for Public Telephonic Access to the January 20, 2026 Status Conference

Exhibit H – Order Dated January 20, 2026 (ECF No. 792), Vacating ECF No. 791 and Stating that the Status Conference Would Not Have a Public Access Dial-In Line

**Certificate of Service**

I hereby certify that on **January 25, 2026**, I caused a true and correct copy of the foregoing Pro Se Crime Victim's Statement of Reserved Positions under the Crime Victims' Rights Act (18 U.S.C. § 3771) to be submitted for filing to the Court via electronic mail to the SDNY Pro Se Office, and served on the following parties by electronic mail:

Filed with the Court:

Pro Se Office
United States District Court
Southern District of New York
Email: prose@nysd.uscourts.gov

Served by Electronic Mail Upon:

Counsel for the United States of America, United States Attorney's Office, SDNY:

Jay Clayton, United States Attorney (jay.clayton@usdoj.gov)
Ryan B. Finkel, Assistant United States Attorney (ryan.finkel@usdoj.gov)
Juliana Murray (juliana.murray@usdoj.gov)
Justin Horton (justin.horton@usdoj.gov)
Micah Fergenson (micah.fergenson@usdoj.gov)

Counsel for Defendant Ho Wan Kwok (a/k/a Miles Guo):

Melinda Sarafa, Esq. (msarafa@sarafalaw.com)
Joshua L. Dratel, Esq. (jdratel@dratellewis.com)
John F. Kaley, Esq. (jkaley@doarlaw.com)

Pro Se Crime Victim

Pro Se 8 Exhibit C – Chinese Translation of the Present Filing
(Provided solely to facilitate understanding. The English version governs.)

**Pro Se Crime Victim's Statement of Reserved Positions**

**and Incorporation of Prior Procedural Record**

无律师代理犯罪受害人之保留立场声明

及既有程序记录之并入说明

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Ho Wan Kwok (a/k/a Miles Guo)

Case No. 1:23-cr-00118 (AT)

## 一、引言与本文件之目的

本人并不寻求重新争议任何既往的程序性事件，亦不拟重复陈述此前文件中已详述之事项。尤其是，关于 公众电话旁听接入的可用性 以及该接入于 2026 年 1 月 20 日被撤销的相关情形，已在本人于 2026 年 1 月 20 日提交的《程序性事实记录》 中加以说明，并通过引用方式并入本文件。

因此，本次提交侧重于该次状态会议的会议记录本身，以及从该会议中在记录中被提及或未被提及的事项所引发的程序性影响。基于会议记录之具体内容，本人特此就若干程序性立场予以正式陈述并保留于案卷之中，而并未在此阶段请求法院作出裁决或给予任何实体性救济。参见附件 A《官方英文会议记录》。

Pro Se 8 Exhibit C — Chinese Translation of the Present Filing
(Provided solely to facilitate understanding. The English version governs.)

## 二、与会议记录相关的程序背景

2026 年 1 月 20 日，法院就本案举行了状态会议，该次会议随后由法院指定的官方速记服务机构制作形成正式会议记录。

截至本文件提交之日，如附件 D 所示，该次状态会议的会议记录尚未在法院案卷系统、PACER 或 CourtListener 上公开提供。

为取得该次会议的官方且准确之记录，本人自行通过法院指定的速记服务机构 Southern District Reporters, P.C. 取得该正式会议记录，其购买记录作为附件 E 随本文件一并提交。

所取得的会议记录涵盖 2026 年 1 月 20 日当日举行的两场会议。其中，与 United States v. Ho Wan Kwok（又名 Miles Guo），案号 23 Cr. 118 (AT) 相关的部分，载于会议记录第 46 页至第 52 页，构成本案该次状态会议的完整官方记录。

本文件仅引用上述会议记录之相关部分（第 46–52 页）。参见附件 A。

## 三、既往程序记录之并入

本人特此通过引用方式，将本人于 2026 年 1 月 20 日提交的《程序性事实记录》并入本文件。该事实记录载明了围绕 2026 年 1 月 20 日状态会议 所发生的同时期程序性进展，包括与公众旁听接入及通知相关的问题。作为补充性材料，现一并附上 附件 F（同期沟通记录之截图）。[1]

上述既往程序记录已整体并入，本文不再重复陈述。本次提交系在此前程序背景之基础上，仅限于就状态会议记录本身所引发的程序性立场予以保留。

## 四、保留立场之声明

本人在此郑重声明，并明确保留以下各项立场，但现阶段不请求裁决或任何救济。

### 立场一 —— 案卷公开仅限于 § 853(n) 文件

本人注意并保留立场如下：目前法院公开案卷中，主要对明确援引 21 U.S.C. § 853(n) 的第三方提交文件予以公开归档，而其他第三方犯罪受害人提交的文件虽被接收并处理，但未同步列入公开案卷。

---

[1] 注：该次状态会议原定于 美东时间上午 10:00 开始。根据同期沟通记录（见附件 F），本人于美东时间上午 10:38 首次听说公众电话旁听渠道被渠取消，并于美东时间上午 10:54 能够自行核实并见到 ECF 第 792 号法官命令文件。

Pro Se 8 Exhibit C – Chinese Translation of the Present Filing
(Provided solely to facilitate understanding. The English version governs.)

## 立场二 —— MVRA 赔偿问题未获裁决

本人进一步保留关于 强制性受害人赔偿法（MVRA）（18 U.S.C. § 3663A）项下赔偿问题的立场。

政府在其 2026 年 1 月 9 日提交的文件（案卷号 785）中主张，依据 MVRA 进行赔偿在本案中"不可行"；然而，法院尚未就该问题作出任何裁决，该议题亦未在 2026 年 1 月 20 日状态会议中被讨论。本人明确保留与该问题相关的一切权利与立场。

## 立场三 —— CVRA 提交文件被定性为"投诉"

本人亦保留关于以下问题的立场：即援引 犯罪受害人权利法（CVRA）（18 U.S.C. § 3771）提交的文件，被定性为一般性"投诉"，而非涉及国会明确赋予之、可依法主张的犯罪受害人法定权利的正式提交。

## 立场四 —— 对无律师代理犯罪受害人的程序性区别对待

最后，本人注意并保留立场如下：在案卷记录中，有律师代理的第三方被指定为"利害关系方"并列入案卷，而无律师代理的第三方犯罪受害人则未被同等对待，尽管法院已接收并处理其提交文件。

## 五、本提交不构成动议；亦不请求实体性救济；仅提出有限的程序性请求

本提交并不寻求实体性裁决，不请求就案件实质作出裁定，亦不构成任何请求决定性救济的动议。然而，提交人谨此恭请法院考虑以下有限的、程序性的、非处置性请求：

（a）请求法院接收并立案本文件及其附件，并将其公开记入法院档案，以确保其作为案件记录的一部分可在法院案件中查阅；

（b）请求法院在适当时间，就 2026 年 1 月 20 日状态会议公众电话旁听渠道被撤销一事提供必要的说明或澄清；

（c）请求法院考虑采取适当措施，确保今后状态会议的会议记录或音频资料能够及时通过 PACER、CourtListener 或其他官方渠道向公众发布，以避免因信息获取延迟而不断累积的问题，从而影响第三方受害者及其他利益相关方及时了解法庭进展的权利。

如附件 D 所示，公开可访问的案件登记平台仅显示了 2026 年 1 月 20 日状态会议已举行这一事实，但并未向公众提供该次会议的文字记录或录音形式的实质内容。

另如附件 E 所示，为获取该次会议的官方庭审记录，本人不得不通过法院指定的速记服务机构自行承担并支付相关费用。这一情况凸显了当公众渠道无法及时提供会议内容时，第三方受害者——尤其是身处美国境外者——在获取法院信息方面所面临的现实负担。

提交人并进一步说明，其本人并不身处美国境内，需依赖国际长途电话获取法庭信息。时差因素及国际通话成本和可及性问题，实质性地影响了非美国本土犯罪受害者及时获取法庭信息的能力。这一现实情况进一步凸显了可靠、可及且及时的公共司法记录机制之重要性。

## 六、结论

本人特此提交本《保留立场声明及既有程序记录并入说明》，请求将其纳入案卷记录。

非放弃声明（Non-Waiver）： 本人明确保留所有权利与立场，本文件中任何内容均不应被视为对任何主张、异议或救济的放弃。

## 七、声明

本人 丿 _____ 在此依 28 U.S.C. § 1746 的规定声明：上述陈述均在本人所知、所信范围内真实无误。

本人提交本声明之唯一目的，在于作为无律师代理的第三方犯罪受害人，保存准确的程序记录。

签署日期：2026 年 __1_ 月 ___25_ 日

谨此呈交，

又名 Sarah

无律师代理第三方犯罪受害人

Pro Se 8 Exhibit C – Chinese Translation of the Present Filing
(Provided solely to facilitate understanding. The English version governs.)

## （本人第八个自诉）附件目录

附件 A：2026 年 1 月 20 日状态会议庭审记录官方英文记录（第 46–52 页）

附件 B：状态会议庭审记录之中文译本（仅供参考）

附件 C：本自诉文件之中文译本（仅供参考）

附件 D：显示 2026 年 1 月 20 日状态会议条目的公开案件登记平台截图

附件 E：本人自费通过 Southern District Reporters, P.C. 获取官方庭审记录的付款凭证

附件 F：显示署名人获悉并核实 ECF No. 792 的同期通讯截图（含时间戳）。

附件 G：2026 年 1 月 19 日法院命令（ECF 第 791 号文件），就 2026 年 1 月 20 日状态会议提供公众电话旁听接入

附件 H：2026 年 1 月 20 日法院命令（ECF 第 792 号文件），撤销第 791 号文件并明确该状态会议不再提供公众电话旁听接入

## 送达证明

本人特此证明，于 2026 年 __1_ 月 __25_ 日，已通过电子邮件方式，将本文件的真实且完整副本送达以下人员：

Filed with the Court:
Pro Se Office
United States District Court
Southern District of New York
Email: prose@nysd.uscourts.gov
Served by Electronic Mail Upon:

Counsel for the United States of America, United States Attorney's Office, SDNY:
Jay Clayton, United States Attorney (jay.clayton@usdoj.gov)
Ryan B. Finkel, Assistant United States Attorney (ryan.finkel@usdoj.gov)
Juliana Murray (juliana.murray@usdoj.gov)
Justin Horton (justin.horton@usdoj.gov)
Micah Fergenson (micah.fergenson@usdoj.gov)

Counsel for Defendant Ho Wan Kwok (a/k/a Miles Guo):
Melinda Sarafa, Esq. (msarafa@sarafalaw.com)
Joshua L. Dratel, Esq. (jdratel@dratellewis.com)
John F. Kaley, Esq. (jkaley@doarlaw.com)

(Sarah)
Pro Se Crime Victim

1/25/26, 11:35 PM                                    Gmail - IMPORTANT INFORMATION, PLEASE REVIEW

 Gmail

**IMPORTANT INFORMATION, PLEASE REVIEW**
1 message

Pro Se Filing <pro_se_filing@nysd.uscourts.gov>                                    Sun, Jan 25, 2026 at 11:32 PM
To: :

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York. (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below). If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than <u>15</u> megabytes;

- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the** <u>filing fees</u>.

- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260**, 500 Pearl Street, New York, NY 10007.

- Your payment must include the docket number, which you can learn by calling (212) 805-0175.

- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an <u>application to proceed in forma pauperis</u>.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;

- The email and attached document must contain the docket number, filer's name, address, and telephone number;

- Documents must be signed by the filing party;

- Any additional comments, questions, or other messages in the email will be disregarded;

- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing. If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- <u>Complete filing instructions</u>
- <u>Consent to accept service of documents electronically</u>. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the <u>intake form</u> to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (<u>fedprosdny@nycbar.org</u>). **Alternatively, you may leave a message with 212-659-6190.**

https://mail.google.com/mail/u/0/?ik=634b297050&view=pt&search=all&permthid=thread-f:1855359974392327055&simpl=msg-f:1855359974392327055   1/1

# APPENDIX L

**L — April 20, 2026 Emergency Motion Submission Package**

L-1 Original English Emergency Motion to Stay Sentencing and Compel Docketing

L-2 Near-immediate automated email acknowledgment from SDNY confirming receipt

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

United States of America,
Plaintiff,

v.

Ho Wan Kwok (a/k/a Miles Guo), et al.,
Defendants.

Case No. 1:23-cr-00118-AT

## EMERGENCY PRO SE MOTION TO STAY SENTENCING AND TO

## COMPEL DOCKETING OF VICTIM FILINGS

## UNDER 18 U.S.C. § 3771

## I. INTRODUCTION

Petitioner, a crime victim proceeding pro se, respectfully moves this Court for:
1. An emergency stay of the sentencing currently scheduled for April 27, 2026; and
2. An order compelling the docketing of Petitioner's prior pro se victim submissions, as well as the present motion, pursuant to the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771.

This motion is necessary to protect Petitioner's statutory right to be reasonably heard at sentencing and to ensure that the Court proceeds on a complete and accurate record.

## II. BASIC FACTS

1. Petitioner is a victim within the meaning of the CVRA, 18 U.S.C. § 3771.
2. Between September and October 2025, and thereafter, Petitioner submitted multiple pro se victim filings (nine prior email

MOTION TO STAY SENTENCING AND COMPEL DOCKETING

1

submissions, in addition to one mailing, all directed to the Court's Pro Se Intake Unit) to the Court through the Pro Se Intake Unit.

3. These submissions addressed issues directly relevant to sentencing, forfeiture, and victim-related losses.

4. Petitioner received confirmation of submission (including automated acknowledgments and/or delivery confirmations).

5. However, none of these submissions have been docketed, nor has Petitioner received any rejection notice, deficiency notice, or judicial order addressing them.

6. As a result, the Court's docket remains entirely silent as to Petitioner's multiple pro se victim filings, creating a procedural vacuum.

## III. LEGAL BASIS

### A. CVRA Guarantees the Right to Be Heard at Sentencing

The CVRA provides victims with:

"the right to be reasonably heard at any public proceeding... involving sentencing." (18 U.S.C. § 3771(a)(4))

Sentencing is a critical stage, and denial of this right constitutes a statutory violation.

### B. Failure to Docket Constitutes Denial of Access to the Court

Docketing of properly submitted filings is a ministerial duty, not a matter of discretion.

The complete absence of docketing over multiple submissions, without any explanation, effectively denies Petitioner access to the Court and extinguishes statutory rights under the CVRA.

The absence of docketing also raises serious concerns regarding due process and equal access to judicial review.

### C. Record Deficiency and Impact on Appellate Review

Proceeding to sentencing while excluding properly submitted victim filings results in:

- An incomplete record
- Selective presentation of information
- A structural procedural defect

**The absence of docketing creates a record deficiency that may impair meaningful appellate review.**

A sentencing determination based on an incomplete and selectively constructed record undermines both the integrity of the proceeding and the ability of higher courts to conduct proper review.

## IV. IRREPARABLE HARM

Petitioner will suffer irreparable harm if sentencing proceeds:

1. Petitioner's CVRA right to be heard will be permanently denied.

MOTION TO STAY SENTENCING AND COMPEL DOCKETING

2

2. Once sentencing is completed, there is no mechanism to retroactively incorporate these submissions into the record.

3. The exclusion of victim filings may directly affect:
   o Forfeiture determinations
   o Victim loss calculations
   o Sentencing considerations

4. The continued failure to docket multiple submissions reflects a pattern of procedural exclusion incompatible with due process.

Recent emergency motions filed before this Court (e.g., Second Circuit Nos. 26-361 and 26-077) independently raise overlapping structural concerns regarding both (1) the reliability of loss calculation methodologies and (2) the integrity and verifiability of the asserted and unverified victim pool.

These filings, taken together, demonstrate that the sentencing record is not merely incomplete, but is structurally unreliable at its foundation, as both the identification of victims and the quantification of loss remain unresolved and contested.

Proceeding to sentencing under such conditions risks incorporating unverified and methodologically unsound determinations into the final judgment, thereby rendering meaningful appellate review effectively impossible.

As a pro se victim whose filings have not been docketed or considered, Petitioner has been deprived of the opportunity to contribute to the formation of a complete and adversarial record, further compounding these structural deficiencies.

## V. BALANCE OF EQUITIES

Granting a temporary stay would:
- Protect statutory victim rights
- Preserve the integrity of the judicial record
- Ensure fairness in sentencing

A brief delay will not prejudice the Government or the Defendant. By contrast, failure to grant a stay risks irreversible harm and undermines procedural fairness.

## VI. PUBLIC INTEREST

Granting this motion serves the public interest by:
- Upholding federal victim-rights law
- Ensuring transparency in judicial proceedings
- Preventing selective or inconsistent docketing practices

Failure to address these issues risks establishing harmful precedent.

## VII. PRESERVATION OF RIGHTS AND APPELLATE PATH

Petitioner respectfully notes that continued failure to docket these submissions, despite repeated filings and confirmations of receipt, may require review by higher courts.

Petitioner expressly reserves all rights to seek relief under 18 U.S.C. § 3771(d)(3) and other applicable provisions.

The ongoing absence of docketing raises substantial concerns regarding:
- Due process

MOTION TO STAY SENTENCING AND COMPEL DOCKETING

3

- Access to the courts
- Integrity of the judicial record

These issues may present **substantial federal questions warranting appellate and further review** if not addressed at this stage.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. **Compel Docketing**
   Order that Petitioner's prior pro se victim submissions, as well as the present motion, be formally docketed.
2. **Grant Emergency Stay**
   Stay the sentencing currently scheduled for April 27, 2026, pending proper docketing and consideration of Petitioner's filings.
3. **Protect CVRA Rights**
   Ensure that Petitioner's statutory rights under the CVRA are fully recognized and effectuated.

## IX. DECLARATION

The undersigned, Petitioner declares under penalty of perjury that the foregoing is true and correct to the best of Petitioner's knowledge and belief. Executed on April 20, 2026, in Canada.
Respectfully submitted,

## X. CERTIFICATE OF SERVICE

Petitioner certifies that on April 20, 2026, Petitioner submitted this filing to the Court's Pro Se Intake for docketing via email ProSe@nysd.uscourts.gov

US Attorney's Office SDNY:
- ryan.finkel@usdoj.gov (Ryan Finkel, Assistant US Attorney)
- justin.horton@usdoj.gov
- micah.fergenson@usdoj.gov
- Julian.murray@usdoj.gov

Defense counsel:
- msarafa@sarafalaw.com
- jdratel@dratellewis.com
- jkaley@doarlaw.com

MOTION TO STAY SENTENCING AND COMPEL DOCKETING

4

 Gmail                                                            ████████████████

---

**IMPORTANT INFORMATION, PLEASE REVIEW**
1 message

Pro Se Filing <pro_se_filing@nysd.uscourts.gov>                      Mon, Apr 20, 2026 at 10:26 PM
To:

IMPORTANT INFORMATION, PLEASE REVIEW

Your email has been received by the Pro Se Intake Unit of the United States District Court for the Southern District of New York.  (This is not the United States Bankruptcy Court.)

Documents from pro se litigants that meet the required standards for electronic filing will be filed and will appear on the ECF docket within two business days of receipt (see required standards below).  If you send your document by email and it is accepted for filing, you should not deliver a hard copy version to the court.

Requirements for Filing a New Action by Email:

- Documents must be attached to the email in PDF format, no larger than <u>15</u> megabytes;

- The complaint must be signed by the filing party;

  - Fee requirements and instructions:
  - **Please note that your complaint will not be reviewed until the court receives payment of the <u>filing fees</u>.**

- Payment must be made within 30 days of the date your case is assigned a docket number. If mailing payment, please send a certified check, bank check, or money order to: **Cashiers Room 260**, 500 Pearl Street, New York, NY 10007.

- Your payment must include the docket number, which you can learn by calling (212) 805-0175.

- If you have not consented to e-service, your docket number will also be mailed to you, at the address provided on the complaint, in a form order that will include payment instructions. If you do not make payment within 30 days of the date a docket number is assigned to your case, the action will be dismissed without prejudice.

- If you cannot pay the filing fees and want to request that the court waive the filing fees, you must email an <u>application to proceed *in forma pauperis*</u>.

Filing Documents in an Existing Case by Email:

- Documents must be attached to the email in PDF format, no larger than 10 megabytes;

- The email and attached document must contain the docket number, filer's name, address, and telephone number;

- Documents must be signed by the filing party;

- Any additional comments, questions, or other messages in the email will be disregarded;

- Any additional correspondence included in the email will be disregarded.

For any submission, if your document does not appear on the ECF docket within two business days, it has not met the required standards for electronic filing.  If so, you must submit your document to the court in paper form by (a) sending your document by mail, or overnight delivery service, to the appropriate courthouse listed below; or (b) delivering your document in-person to the appropriate courthouse listed below between the hours of 9:30 AM to 1:30 PM; or (c) depositing your document after hours in the court's night depository box at the 500 Pearl Street, NY, NY courthouse.

United States Courthouse
Pro Se Intake Unit
500 Pearl Street
New York, NY 10007

or

United States Courthouse
Pro Se Intake Unit
300 Quarropas Street
White Plains, NY 10601

Additional resources:

- <u>Complete filing instructions</u>
- <u>Consent to accept service of documents electronically</u>. Please note that, by consenting to electronic service, you will no longer receive documents by postal mail.
- **For free legal advice, you may make an appointment with the City Bar Justice Center Legal Clinic for Pro Se Litigants** by completing the <u>intake form</u> to make an appointment. If a litigant has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (<u>fedprosdny@nycbar.org</u>). **Alternatively, you may leave a message with 212-659-6190.**

## APPENDIX M

### Chronological Procedural Timeline and Submission Summary

- September 27, 2025 — Petitioner submitted first pro se victim filing to SDNY by email.

- October 8, 2025 — Petitioner initiated paper mailing of her first pro se victim filing to SDNY and the United States Attorney's Office after no docketing occurred following her September 27, 2025 electronic submission. Due to a Canadian postal disruption and prohibitive international air-mail costs for a self-funded pro se litigant, Petitioner utilized FedEx Ground delivery.

- October 14, 2025 — Petitioner submitted second pro se filing to SDNY by email.

- October 18, 2025 — Petitioner submitted third pro se filing to SDNY by email.

- October 21, 2025 — Petitioner submitted fourth pro se filing to SDNY by email.

- October 2025 — Petitioner transmitted initial mandamus petition to the United States Court of Appeals for the Second Circuit.

- November 12, 2025 — Second Circuit correspondence returned Petitioner's initial mandamus submission without docketing.

- November–December 2025 — Petitioner prepared and submitted mandamus-related materials to the Supreme Court of the United States pursuant to Supreme Court Rule 20 and 28 U.S.C. § 1651(a).

- January 17, 2026 — Petitioner submitted Record Preservation Letter to SDNY.

- January 19, 2026 — Petitioner submitted motion concerning Luc Despins and appointment of independent third-party asset administrator.

- January 20, 2026 — Petitioner submitted Procedural Factual Record concerning public access issues relating to the January 20, 2026 status conference.

- January 20, 2026 — Petitioner's revised Supreme Court submission was received by the Court following prior formatting guidance.

- January 23, 2026 — Petitioner submitted Statement Reserving Procedural Positions.

- April 20, 2026 — Petitioner submitted Emergency Motion to Stay Sentencing and Compel Docketing.

- May 13, 2026 — Petitioner submitted renewed mandamus petition to the United States Court of Appeals for the Second Circuit.

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

In re ▮ Sarah ▮ Renewed Petition for Writ of Mandamus

v.

**CERTIFICATE OF SERVICE\***

Docket Number: _____

I, ▮ Sarah ▮ , hereby certify under penalty of perjury that
(print name)

on May 27, 2026 , I served a copy of Renewed Petition for Writ of Mandamus and Cover Letter
(date)

(list all documents)

by (select all applicable)\*\*

___ Personal Delivery    X United States Mail    ___ Federal Express or other Overnight Courier

___ Commercial Carrier    X E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Hon. Analisa Torres | United States District Court, SDNY, 500 Pearl Street | New York | NY | 10007 |
| United States Attorney's Office, SDNY | One Saint Andrew's Plaza | New York | NY | 10007 |
| | | | | |
| | | | | |

\*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

\*\*If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

May 27, 2026

Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

