# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

In re: Zhiqiang Chen,
*United States v. Kwok, et al.*,
1:23-CR-118-1 (AT)

# PETITION FOR WRIT OF MANDAMUS

## I. Introduction

I, Zhiqiang Chen, a third party Pro Se under 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2(o) asserting property right, stating investment purpose and non-CVRA (of the Defendant). I respectfully petition this Court for a writ of mandamus.

## II. Background

As set forth in Exhibit A, I submitted a third-party petition under 21 U.S.C. § 853(n) to the District Court on May 31, 2026, asserting a property interest based on an investment of $134,361 in the G-Series. I also mailed a hard copy of that petition to the District Court on June 1, 2026. Proofs are in Exhibit B.

On June 3, 2026, after receiving no confirmation of docketing, I submitted a motion to compel docketing of my § 853(n) petition. Nearly two weeks have now passed since that submission. To date, neither my § 853(n) petition nor my motion to compel has been docketed by the District Court, and no action has been taken. As a result, **I remain unable to access the District Court as a forum in which my statutory claim may be formally filed and adjudicated.**

The previous date for sentencing was April 27, 2026, it was adjourned to June

29, 2026 by the District Court, detailed in SDNY Dkt 837, the reason for adjournment is "Due to the complexity of the outstanding issues raised in the parties' voluminous sentencing submissions"

## III. Ongoing Selective Docketing Treatment by the District Court

The District Court's failure to docket my § 853(n) petition is not an isolated incident, but part of a broader and continuing pattern affecting numerous third-party claimants in this case.

First, more than ten mandamus petitions have been filed in this Court arising from the same underlying issue: the District Court's failure to provide a consistent procedural mechanism through which third parties may submit and have their filings docketed. This pattern reflects a systemic barrier to access, rather than a case-specific irregularity.

Second, the available SDNY docket reflects inconsistent treatment between represented and pro se § 853(n) claimants. For example, SDNY Dkt. 777 shows that a § 853(n) petition submitted by a represented party, Weicheng Zeng, was accepted and docketed notwithstanding that it was filed outside the statutory period set forth in 21 U.S.C. § 853(n). By contrast, pro se third-party submissions—including my own—have not been docketed at all after SDNY Dkt. 744, effectively preventing access to the statutory process.

Third, during the January 20, 2026 status conference, the District Court discussed the potential appointment of a special master to address the complex disputes arising from § 853(n) claims and victim-related issues. At that time, the Court acknowledged the scale and complexity of these competing claims. The original sentencing date of April 27, 2026 was subsequently adjourned. However, with fewer than three weeks remaining before the currently scheduled June 29, 2026 sentencing date, no special master has been appointed, and no alternative procedural framework has been implemented to resolve these disputes.

Fourth, on May 15, 2026, this Court addressed a group of tandem mandamus petitions and again emphasized that, "[i]n view of the large number of submissions received by the district court, which we trust the court will address expeditiously," relief was denied without prejudice to renewal if the District Court failed to docket the submissions within a reasonable time. Despite this explicit guidance, the District Court has taken no meaningful action to ensure consistent

docketing or access. As a result, numerous third-party submissions remain undocketed to this day.

Taken together, these circumstances demonstrate not merely delay, but a continuing failure to provide third-party claimants with any reliable procedural pathway to assert their statutory rights under § 853(n).

## IV. Parallel Concerns Regarding the Treatment of Victim Submissions

The procedural deficiencies described above are not limited to § 853(n) claimants, but extend to the treatment of victim submissions as well.

In SDNY Dkt. 511, the Government identified two categories of purported victims: (i) individuals who believe they were defrauded, and (ii) individuals who do not believe they were defrauded or who are characterized as potentially aligned with the defendant. SDNY Dkt. 528 further states that nonparties may seek relief only through two statutory mechanisms: a petition under 21 U.S.C. § 853(n) or a motion under the Crime Victims' Rights Act ("CVRA").

Against that backdrop, disputes regarding victim status and entitlement have increasingly been litigated in the Court of Appeals rather than resolved in the District Court. For example, in Case No. 25-2726 (Dkt. 46), the Government questioned whether certain individuals "actually claim to have been harmed" or instead seek to challenge the prosecution. Subsequent filings in related matters, including Case No. 26-77 (Dkt. 18) and SDNY Dkt. 848, have raised concerns regarding the integrity of the remission process.

**These developments indicate that the CVRA pathway has become procedurally unstable and contested in practice. Under these circumstances, § 853(n) represents the only clear statutory mechanism through which I may assert my property rights. The District Court's failure to docket my § 853(n) petition therefore does not merely delay my claim; it effectively forecloses my only reliable avenue for relief.**

## V. Serious Concern about Forfeiture Assets

Substantial evidence in both the District Court record and related Second Circuit proceedings raises serious questions regarding the legality and factual foundation of the forfeiture asset pool underlying Defendant Wang's consent forfeiture.

As reflected in Second Circuit Case No. 26-361 and the record preservation materials (Dkt. 29), the assets at issue are subject to numerous unresolved and material disputes. These include, inter alia, issues of ownership characterization, commingling of funds, multi-layered transactional structures, and the use of intermediary transfer mechanisms that obscure direct tracing.

The materials submitted in Dkt. 29 further document contemporaneous Alliance-related transfers demonstrating a complex, multi-step flow of funds involving multiple intermediaries. This evidentiary record reflects a financial structure far more intricate than any simplified or linear loss model, and it raises substantial uncertainty as to how funds should be attributed, classified, or traced.

In light of this complexity, the Government's current loss and victim framework appears insufficient to account for the full scope of intermediary-mediated transactions and disputed ownership interests reflected in the record.

Moreover, Defendant Wang's plea agreement and related forfeiture stipulations (SDNY Dkt. 488) purport to broadly encompass assets within the forfeiture pool. However, where significant disputes remain unresolved regarding ownership, tracing, and classification—including competing claims arising from both alleged victims and third parties—any final forfeiture determination risks resting on an incomplete and potentially unreliable factual foundation.

These unresolved issues bear directly on whether the assets at issue are properly forfeitable as Defendant Wang's property in the first instance. They also directly impact whether third-party property interests, including my own, can be adjudicated in a fair and legally sound manner.

Under these circumstances, the failure to docket and consider third-party § 853(n) submissions does not merely delay adjudication—it materially undermines the integrity of the forfeiture process itself.

## VI. Cheney Standard

I respectfully submit that a writ of mandamus is warranted because (1) I have no other adequate means to obtain relief, (2) my right to relief is clear and indisputable, and (3) issuance of the writ is appropriate under the circumstances.

First, I have no other adequate means to obtain relief. The District Court has not docketed my § 853(n) petition or my related motion to compel, which prevents any adjudication of my claim and denies me access to the only statutory mechanism available to assert my property rights.

Second, my right to relief is clear and indisputable. Section 853(n) provides a mandatory procedural pathway for third-party claimants like me to assert property interests. By failing to docket my submission, the District Court has effectively eliminated that pathway altogether.

Third, issuance of the writ is appropriate under the circumstances. Despite prior guidance from this Court and the approaching sentencing date, the District Court continues to fail to docket third-party submissions, including mine. This ongoing failure reflects a broader breakdown in access that warrants limited intervention to preserve the integrity of the forfeiture process.

For these reasons, I respectfully submit that the requirements for mandamus relief are satisfied.

## VII. Relief Sought

For the foregoing reasons, I respectfully request that this Court issue a writ of mandamus directing the District Court to:

1. Promptly docket my § 853(n) petition, which was submitted on May 31, 2026 and mailed in hard copy on June 1, 2026;

2. Ensure that third-party submissions under 21 U.S.C. § 853(n) are docketed in a consistent and timely manner, so as to provide a meaningful procedural pathway for adjudication of third-party property interests prior to sentencing.

I further requests such other and further relief as this Court deems just and proper under the circumstances.

Respectfully Submitted,
Zhiqiang Chen,
1524 65th ST #2FL, Brooklyn, NY 11219
+1(917)774-8848
chenzhiq9@gmail.com
June 8, 2026

# Exhibit    A

# Wire Transfer Outgoing Request

**CHASE**

## Wire Transfer Sender Information

Sender Name:
ZHI QIANG CHEN

| Account Name: ZHI QIANG CHEN | Street Address: |
|---|---|

| City: BROOKLYN | State: NY | Zip: 11219-5729 | Country: USA | Daytime Phone: 917-774-8848 |
|---|---|---|---|---|

| Primary ID Type: Driver's License | ID Issuer: NY | ID Number: | ID Issue Date: 12/31/2015 | ID Exp: 10/27/2021 |
|---|---|---|---|---|

| Secondary ID Type: Chase or Bank Issued Credit/Debit Card | ID Issuer: CHASE | ID Number: XXXXXXXXXXXX | ID Issue Date: | ID Exp: 09/30/2025 |
|---|---|---|---|---|

Comments:

## Wire Transfer Information

| Request Date: 03/18/2021 | Request time: 09:52:59AM Eastern time | Effective date: 03/18/2021 | Wire Type: Domestic |
|---|---|---|---|
| Debit Account #: XXXXX | Debit Account Type: CHASE BETTER BANKING | Wire Amount (US dollars): $100,060.00 | |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $35.00 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $100,095.00 |
| FX Contract Number: | | | |

## Recipient Account Information

| Account Name: CRANE ADVISORY GROUP LLC | |
|---|---|
| Street Address: | Account Number: |

| City: | State: | Zip: | Country: |
|---|---|---|---|

Text to Recipient:
REF#0

## Receiving Bank Information

| Bank Name: Citibank, N.A. | |
|---|---|
| Street Address: 1000 Willis Ave | Bank ABA/SWIFT Code: 021000089 |

| City: Albertson | State: NY | Zip: 11507 | Country: USA |
|---|---|---|---|

Intermediary Bank Name:

| Street Address: | Intermediary Bank ABA: |
|---|---|

| City: | State: | Zip: | Country: |
|---|---|---|---|

Text to Receiving Bank:

## Wire Transfer Outgoing Request

# CHASE ○

### Wire Transfer Sender Information

| | | | | | |
|---|---|---|---|---|---|
| Sender Name: ZHI CHEN | | | | | |
| Account Name: ZHI CHEN | | Street Address: | | | |
| City: BROOKLYN | State: NY | Zip: 11219-5729 | Country: USA | | Daytime Phone: |
| Primary ID Type: Driver's License | ID Issuer: NY | ID Number: | | ID Issue Date: 10/20/2021 | ID Exp: 10/27/2029 |
| Secondary ID Type: | ID Issuer: | ID Number: | | ID Issue Date: | ID Exp: |
| Comments: | | | | | |

### Wire Transfer Information

| | | | |
|---|---|---|---|
| Request Date: 12/18/2021 | Request time: 11:43:50AM Eastern time | Effective date: 12/20/2021 | Wire Type: Domestic |
| Debit Account #: XXXXX8377 | Debit Account Type: CHASE BETTER BANKING | Wire Amount (US dollars): $24,301.00 | |
| Qualifying Account #: | Qualifying Account Type: | Source of funds: Checking | Wire Fee: $35.00 |
| Currency type to be sent: US Dollars | Exchange rate: N/A | Foreign currency amount: N/A | Amount to Collect (USD): $24,336.00 |
| FX Contract Number: | | | |

### Recipient Account Information

| | | | | |
|---|---|---|---|---|
| Account Name: sirius networking inc. | | | | |
| Street Address: | | Account Number: 703100013 | | |
| | | City: | State: | Zip: | Country: |
| Text to Recipient: Sirius networking inc. 651 N Broad Street Ste 205 #4568 Middletown, DE 19709 | | | | |

### Receiving Bank Information

| | | | | |
|---|---|---|---|---|
| Bank Name: JPMorgan Chase Bank National Association | | | | |
| Street Address: 875 Saw Mill River Rd | | Bank ABA/SWIFT Code: 021000021 | | |
| | | City: Ardsley | State: NY | Zip: 10502-1117 | Country: USA |
| Intermediary Bank Name: | | | | |
| Street Address: | | Intermediary Bank ABA: | | |
| | | City: | State: | Zip: | Country: |
| Text to Receiving Bank: 199 Main Street Los Altos, CA 94022 Chase | | | | |

N15220-CS WTA (08/2019)

9:19

🔒 **gclubs.com**  完成

# G|CLUBS

我 的 账 户

CHEN 先生

Tier 5 会员

会员卡
100010010000582

会员有效期
有效期至 2022年11月19日

会员权益
GIFASHION 50% VIP优惠
G|CLUBS 手册

会员信用
$0 USD

会员状态
有效会员




9:19

完成 🔒 **gclubs.com** 大小 ↻

# G|CLUBS ≡

返回我的账户 购买历史

| 订单时间 | 订单号 |
| --- | --- |
| 2021年10月31日 | KF211031556 |
| 2021年8月16日 | TK2108170210 |
| 2021年6月27日 | DQ210627163 |
| 2020年10月29日 | ZX201029044 |

G

联系我们

用户协议

隐私协议

10:35

付款已收到

尊敬的 ZHI Q CHEN,

您于2020-10-29 04:44:51提交了完整的G|CLUBS 1级的会员申请。您的会员费$ 10000也已收到。我们正在审核您的申请材料，如需获取更多信息，会与您联系。您将于30天内通过电子邮件收到申请结果。

我们建议您在G|CLUBS的网站www.gclubs.com上查询您的申请编号ZX2010290444511，打印并保留一份申请副本，包含您的《会员资格协议》及附带的相关披露信息。您也可以在我们的网站上查询到 G|CLUBS的使用条款和隐私政策。

根据《会员资格协议》及披露中说明的情况，您可以在规定的时间范围内，通过电子邮件或邮寄的方式取消您的会员申请，及要求退还会员费。

再次感谢您对G | CLUBS的关注。如果您还有其他疑问，请通过info@gclubs.com与我们联系。

ZHI QIANG CHEN

BROOKLYN, NY  11219-5729

1-2/210

102

DATE 10/29/2020

PAY TO THE ORDER OF G Club operations LLC          $10,000.00

Ten thousand only

DOLLARS

CHASE○
JPMorgan Chase Bank, N.A.
www.Chase.com

MEMO ZX20/02904445511

Zhigiang chen

⑆0210000211⑆

Case 1:20-cr-26-1629, 06/12/2026, Document 962, DktEntry: 6, Page 13 of 24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X

                            :

UNITED STATES OF AMERICA      :

                                 PETITION UNDER
                                 FED. R. CRIM. P. 32.2 AND 21
                                 U.S.C. § 853(n) FOR
                                 ADJUDICATION OF
   -v.-                         PETITIONER'S RIGHT
                                 TO SPECIFIC PROPERTY OF
                                 $134361

HO WAN KWOK,
a/k/a "Miles Guo," a/k/a "Miles Kwok,"
a/k/a "Guo Wengui," a/k/a "Brother Seven,"
a/k/a "The Principal,"

KIN MING JE, a/k/a "William Je," and
YANPING WANG, a/k/a "Yvette,"
Defendants.

S1 23 CR 118 (AT)

------------------------------------- X

I, Zhiqiang Chen, move this Court as a pro se petitioner, pursuant to 21 U.S.C. §
853(n) and Federal Rule of Criminal Procedure 32.2(c) (the "Petition"),
respectfully seek the return of funds in which I have a legal right, title, and/or
interest ("Petitioner's Property") (as more fully defined below) and that the United
States Government (the "Government") improperly seized as part of an order of
forfeiture entered into with Defendant Yvette Wang ("Defendant Wang").

## I. Background

On March 18, 2021, I wired $100,060 to Crane Advisory Group LLC as an investment in the G-Series program. These funds are presently frozen by the Government in account number 6867165278. (See Exhibit A.)

Exhibit A further reflects that on December 18, 2021, I invested an additional $24301 in Sirius Networking Inc., account number 703100013, for the purpose of obtaining an allocation of Himalaya Coin. However, due to regulatory and account-opening restrictions applicable to U.S. persons at the time, I was unable to receive or hold such digital assets. As a result, no Himalaya Coin was ever delivered to me in connection with this investment.

The last page of Exhibit A reflects that I also invested $10,000 in G Club Operations LLC on October 29, 2020. Pages 3 through 5 of Exhibit A further reflect documentary proof of my investment in G Club.

Although these accounts are not specifically identified in the forfeiture orders (see SDNY Dkts. 488, 720), I have reason to believe that these funds were subsequently transferred, through intermediary accounts, into accounts that are subject to the Government's forfeiture actions and are therefore effectively frozen.

Accordingly, both investments are implicated in the Government's asset restraint and forfeiture scheme, either directly or indirectly.

## II. Grounds for Docketing and Adjudicating the Petition

### 1: Selective Docketing Concerns and the Need for Consistent Treatment of Similarly Situated Petitioners:

I acknowledge that my petition was filed outside the time period set forth in 21 U.S.C. § 853(n). However, the circumstances presented here warrant consideration beyond strict timeliness.

Multiple purported victims have filed petitions for writs of mandamus before the Second Circuit, seeking to compel the district court to docket and consider their

submissions, based on allegations of selective docketing practices in this case. These filings reflect a broader and ongoing concern that certain submissions have not been treated in a consistent or transparent manner.

The record further reflects that, in SDNY Dkt. 777, a petition submitted by a represented party, Weicheng Zeng, was accepted and docketed notwithstanding that it was filed outside the statutory period set forth in 21 U.S.C. § 853(n). By contrast, numerous petitions submitted by pro se individuals have not been docketed or considered, despite raising comparable claims.

At present, no fewer than thirteen mandamus petitions arising from this case are pending before the Second Circuit. In its Order dated May 15, 2026, the Court of Appeals expressly noted: "In view of the large number of submissions received by the district court, which we trust the court will address expeditiously." This statement reflects the appellate court's expectation that all submissions be addressed in a timely and even-handed manner.

In light of these circumstances, if the Court selectively refuses to docket my petition—particularly where similarly situated or even untimely submissions have been accepted—raises serious concerns regarding fairness, consistency, and the integrity of the judicial process. To avoid further inconsistency and potential conflict with the Second Circuit's directive, I respectfully request that my petition be docketed and considered, notwithstanding any alleged timeliness issues.

## 2: Material Impairment of Victims' Access to Judicial Relief

The Government's filings in SDNY Dkt. 511 describe two categories of purported victims: (i) individuals who recognize the alleged fraud and believe they were deliberately deceived by the defendants, and (ii) individuals who do not believe they were defrauded, including those characterized by the Government as potentially complicit in the alleged scheme or as having been misled into opposing the Government's position. The Government further notes that many individuals within these categories now believe their funds were wrongfully seized.

The Court's Order in SDNY Dkt. 528 similarly recognizes that nonparties may seek relief only through either a third-party petition under 21 U.S.C. § 853(n) or a motion under the Crime Victims' Rights Act ("CVRA"), which applies to persons "directly and proximately harmed" by the defendant's alleged conduct.

Notwithstanding this framework, subsequent proceedings have not reflected a consistent or operational mechanism for CVRA participation. No CVRA petitions have been docketed or adjudicated in a manner consistent with the Court's order, and multiple pro se petitioners have instead been directed into or constrained to appellate mandamus proceedings before the Second Circuit, including Case No. 25-2726.

In that proceeding, the Government itself questioned whether certain petitioners "actually claim to have been harmed as a result of Guo's crimes, or whether they instead seek to challenge and prolong Guo's prosecution as continued supporters of Guo." This characterization appears difficult to reconcile with the Government's own victim framework in Dkt. 511, which does not condition victim status on alignment with the Government's litigation position.

Similarly, filings in Second Circuit Case No. 26-77 (Dkt. 18) and SDNY-related mandamus proceedings (including SDNY Dkt. 848 Bao Chu) raise concerns that the implementation of the victim-registration and remission process has not been uniform, and may have been affected by inconsistent representations regarding eligibility and impact.

Taken together, these circumstances reflect an apparent misalignment between the Government's stated victim framework, the Court's procedural directives, and the practical treatment of CVRA-related submissions. This misalignment has resulted in uncertainty as to the proper procedural channel for victims to seek relief. In light of these circumstances, a selective refusal to docket my petition—particularly where similarly situated or even untimely submissions have been accepted—would raise serious concerns regarding fairness, consistency, and the integrity of the judicial process.

**In practical operation, the available victim-side channels in this case have been either materially obstructed or materially contaminated: CVRA participation has not functioned as a consistent adjudicative path, while remission and victim-registration processes have been clouded by misleading, intermediary-driven, or otherwise unreliable practices. In that posture, § 853(n) remains the only judicial mechanism through which a petitioner like me can meaningfully and lawfully seek adjudication of my property interest.**

### 3: Subsequent District Court and Second Circuit Evidence Raising Serious Questions About the Legality of Wang's Consent Forfeiture

As reflected in Second Circuit Case No. 26-361 and the record preservation materials in Dkt. 29, the forfeiture-related asset pool in this case contains numerous unresolved and substantial disputes, including issues relating to sovereignty and legal characterization of funds, commingling of assets, multi-layered transactional "layering," and the use of intermediary transfer mechanisms.

Dkt. 29 further reflects detailed contemporaneous records of Alliance-related transfers, which demonstrate a highly complex and multi-step flow of funds involving multiple intermediaries. These records indicate that the underlying financial architecture is significantly more intricate than a simplified "single-victim" or linear loss model.

In light of this complexity, the Government's existing loss and victim framework appears insufficient to account for the full scope of intermediary-mediated transfers and disputed ownership interests reflected in the record.

Moreover, Defendant Wang's plea agreement and related stipulations (SDNY Dkt. 488) purport to encompass forfeiture of assets broadly defined therein. However, where substantial disputes regarding ownership, tracing, and classification of funds remain unresolved—including competing claims arising from the victim framework and the documented commingling of assets—final forfeiture determinations without prior resolution of these issues risk relying on an incomplete factual foundation.

Accordingly, these unresolved disputes bear directly on whether the property at issue was in fact forfeitable as Defendant Wang's interest, and whether third-party interests like me can be adjudicated on a reliable factual record.

## III. Relief Sought:

For the foregoing reasons, I respectfully request that the Court:

1. Direct that this Petition be docketed and entered into the record for purposes of preserving appellate review and ensuring a complete and

transparent record;

2. Adjudicate my claims under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2(c), including Petitioner's asserted legal and equitable interest in the identified funds totaling $134361; Set such further proceedings as may be necessary under 21 U.S.C. § 853(n) and Rule 32.2(c) to determine whether I have established a legal right, title, or interest in the property superior to that of Defendant Wang.

3. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,
Zhiqiang Chen,
1524 65th ST #2FL, Brooklyn, NY 11219
+1(917)774-8848
chenzhiq9@gmail.com

Zhi qiang Chen
5/31/2026.

# Exhibit B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
# UNITED STATES OF AMERICA,
Plaintiff,

v.

# HO WAN KWOK, a/k/a MILES GUO, et al.,
Defendants.

Case No. 1:23-cr-00118-AT

## Motion to Compel Docketing of 853n Motion

Dear Judge Torres:

I respectfully write to inform the Court that I submitted a 853n motion on May 31, 2026. The title is "PETITION UNDER FED. R. CRIM. P. 32.2 AND 21 U.S.C. § 853(n) FOR ADJUDICATION OF PETITIONER'S RIGHT TO SPECIFIC PROPERTY OF $134361". I also mailed a hard copy of the motion on June 1, 2026.

I respectfully request that the Court direct the Clerk to docket my motion upon receipt.

Respectfully submitted,
Zhiqiang Chen
June 3, 2026

Zhigiang Chen
6/3/2026.



# Certificate of Service

**United States Court of Appeals for the Second Circuit**
**SDNY case: United States v. Kwok, et al. 1:23-CR-118-1 (AT)**

I hereby certify that on **June 9, 2026**, true and correct **copies** of the following documents were served:

> **PETITION FOR WRIT OF MANDAMUS**
> **Exhibit A**
> **Exhibit B**

Service was effected on the following recipients:

1. **The Honorable Analisa Torres**
   United States District Judge
   United States District Court for the Southern District of New York
   500 Pearl Street
   New York, NY 10007-1312

2. **Ryan B. Finkel**
   Assistant United States Attorney
   United States Attorney's Office
   Southern District of New York
   One St. Andrew's Plaza
   New York, NY 10007

Respectfully submitted,

Zhiqiang Chen

Petitioner, *pro se*

*Zhiqiang Chen*
*6/9/2026.*

June 9 2026

ZHI QIANG CHZN
1524 65th street 2FL
Brooklyn NY 11249

Retail





U.S. POSTAGE PA
FCM LG ENV
BROOKLYN, NY 1·
JUN 10, 2026

$8.02

10007

S2324P502253-02

RDC 99

Clerk court.
United states court of Appeals.
2nd Circuit.

40 Foley square.
New York NY 10007



CERTIFIED MA

9589 0710 5270 3371 7

