# SARAFA ZELLAN

43 West 43rd Street, Suite 370 | New York, NY 10036
212.785.7577 | 646.868.8266 (fax)
www.sarafazellan.com

June 25, 2026

**By ECF Filing and Email**
Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *United States v. Ho Wan Kwok, et al.*
             **23-CR-118 (AT)**

Dear Judge Torres:

On behalf of our client Miles Guo, we respectfully request that Mr. Guo's sentencing, currently scheduled for June 29, 2026, be adjourned. This request is based on the fact that several complex sentencing-related issues remain insufficiently resolved, notwithstanding the best efforts of all involved to prepare this matter to move forward on June 29, 2026. The Government, per Assistant United States Attorney Ryan Finkel, opposes this request.

In our professional judgment the case is not ready for sentencing based on the following:

1. ***Fatico* Hearing**. In his initial sentencing submission (ECF No. 826-1) as well as his reply sentencing memorandum (ECF No. 834), Mr. Guo requested a *Fatico* hearing to resolve the issue of loss amount – the most significant issue impacting the Guidelines calculation in this case – and other issues such as alleged obstruction of justice. This request remains pending. Preparation for sentencing is virtually impossible without knowing whether or not there will be an evidentiary hearing on key sentencing issues.

2. **Rule 17(c) Subpoena**. In our respectful view, one of Mr. Guo's prior attorneys has yet to fulfill fully his obligations in response to the Rule 17(c) subpoena authorized by the Court and served on him on March 23, 2026. Undersigned counsel filed a motion to compel in this matter on April 2, 2026 (ECF No. 829), which also has yet to be resolved fully. Most recently, on April 30, 2026, counsel for the subpoenaed party ("Witness 1") filed a sealed letter characterizing Mr. Guo's subpoena requests as "wildly speculative" and "blunderbuss." However, in further support of our motion to compel, undersigned counsel will submit to the Court, under seal, copies of ████████████████████████████████████

SARAFA ZELLAN

████████████████████████████████████████████████

This matter should be resolved fully sufficiently in advance of sentencing so that Mr. Guo and his counsel can assess and utilize any forthcoming information or take other appropriate action.

3. **_Brady_ Motion**. On February 24, 2026, defense counsel submitted a sealed motion seeking to compel the Government to produce certain documents and information pursuant to _Brady v. Maryland_, 383 U.S. 73 (1963), and its progeny, for use at sentencing. The motion remains outstanding. At a minimum, Mr. Guo requests that the Court order the Government to produce <u>unredacted</u> copies of USAO_00282658-USAO_00282813, which we believe contain material directly relevant to sentencing,[1] and we believe it would be unreasonable and unfair to require Mr. Guo to be sentenced while denying his counsel this important information. For the sentencing process to be fair, Mr. Guo is entitled to have this information and for counsel to be able to have it and utilize it in our sentencing presentation.

4. **Motion to Preserve Assets**. On September 4, 2025, Mr. Guo filed a letter motion (ECF No. 724) seeking an order directing the Government to obtain from the Chapter 11 bankruptcy Trustee assets that may be forfeitable in this criminal case (subject to appeal of the jury verdict) but which currently are in the Trustee's custody and thus subject to diminution in value as professional expenses in the bankruptcy case accumulate. This matter remains unresolved, yet it is relevant to the size of any personal money judgment the Court may impose with respect to Mr. Guo at the time of sentencing.

5. **Special Master**. Pursuant to the Court's order during the January 20, 2026, conference in this case, and a subsequent order dated March 17, 2026 (ECF No. 820), the parties have submitted to the Court proposals for the appointment of a special master to address claims brought under 21 U.S.C. § 853(n) and related matters. This matter remains open, as does resolution of the outstanding § 853(n) petitions. Again, as thousands of petitioners assert that they are not victims of Mr. Guo, further clarity on these issues would aid in preparation for sentencing.

6. **§ 853(n) Petitions**. Related to the Special Master issue, thousands of investors have filed petitions for return of seized funds pursuant to 21 U.S.C. § 853(n). Many of these have been docketed, but an unknown number were submitted either directly to the U.S. Attorney's Office or to the U.S. Attorney's Office via the Office of the Court Clerk. In a letter motion filed on February 24, 2026 (ECF No. 806), defense counsel sought not only clarification with respect to the handling of § 853(n) petitions, but also an order directing the Government to produce to defense counsel copies of all petitions in their possession that are styled as § 853(n) petitions or that could be construed as § 853(n) petitions, given that these materials bear on the nature and circumstances of the offense and plainly are relevant to sentencing issues. This matter remains unresolved and undersigned counsel have had no visibility into the number or nature of such petitions in the Government's sole possession.

_____

████████████████████████████████████████████████

Honorable Analisa Torres
June 25, 2026
Page 3

SARAFA ZELLAN

For all of the reasons set forth above, we respectfully submit that the volume and complexity of these outstanding issues render it impossible to conduct sentencing on June 29, 2026, and in a manner that affords both the defendant and his counsel a proper opportunity to bring to the Court's attention facts and arguments relevant to sentencing, particularly as they relate to the nature of the offense and the history and characteristics of the defendant. Accordingly, we request most respectfully that sentencing be adjourned to a date that will afford adequate time to resolve these issues and thereby allow for a fully informed and fair sentencing proceeding.

Finally, we note that since April 29, 2026, when counsel provided both the Court and Government with statements from 1,259 supporters of Mr. Guo, we have received many supplemental statements from these and other supporters. We will provide the Court and the Government with redacted copies of the additional submissions under seal. Here, however, we update the data included in our April 29, 2026, letter (ECF No. 843) as follows:

Of the **1,286** individuals represented, **1,182** of whom expressly stated that they had invested in one or more G Series entities, **1,223** expressly disclaimed having been victimized by Mr. Guo.[2] Several investors disclosed the total amount of their G Series investments; the total disclosed from this group amounts to **$72,372,224.94**. In addition, we note that **108** declarants reported being interrogated by the CCP in connection with Mr. Guo and/or their G Series investments; **35** reported being coerced to make statements such as confessions, guarantees, repentance, or acknowledgements of having been defrauded; **7** reported being forced to file false complaints against Mr. Guo; and **28** reported being arrested and/or prosecuted by the CCP. We continue to believe that the statements provide meaningful additional context reflecting the complex motivations, values, and autonomy of investors in the G Series entities.

We thank Your Honor for the Court's consideration of all of the above.

Respectfully submitted,

Melinda Sarafa
Joshua Dratel
John Kaley

cc: All counsel via ECF

---

[2] We note that SS30 wrote to counsel on April 29, 2026, stating that "[d]ue to personal reasons," he wishes to withdraw his statement. We have adjusted our numbers accordingly and will include the updated submission from SS30 in our sealed transmittal to the Court.