USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                        :

UNITED STATES OF AMERICA
                                                        :     SUPPLEMENTAL PRELIMINARY
            - v. -                                            ORDER OF FORFEITURE AS TO
                                                        :     ADDITIONAL SPECIFIC
MILES GUO,                                                    PROPERTY/MONEY JUDGMENT
                                                        :
    a/k/a "Ho Wan Kwok,"                                       S3 23 Cr. 118 (AT)
    a/k/a "Miles Kwok,"                                 :
    a/k/a "Guo Wengui,"
    a/k/a "Brother Seven,"                              :
    a/k/a "The Principal,"
    a/k/a "Boss,"                                       :

                Defendant.                              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about April 24, 2024, MILES GUO (the "Defendant"), was charged in a thirteen-count Superseding Indictment, S3 23 Cr. 118 (AT) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d) (Count One); conspiracy to commit wire fraud and bank fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); money laundering conspiracy, in violation of Title 18, United States Code, Section 1956(h) (Count Three); conspiracy to commit securities fraud, in violation of Title 18, United States Code, Section 371 (Count Four); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Five); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Six); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Seven); securities fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Eight); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Nine); securities fraud , in violation of Title 15,

United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2 (Count Ten); wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Eleven); unlawful monetary transactions, in violation of Title 18, United States Code, Section 1957 and 2 (Count Twelve);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, of any interest acquired or maintained in violation of Section 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise the defendants and their co-conspirators established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One including certain specified specific property;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Two, Four, and Five through Eleven, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), of any and all property, real and personal, involved in the offenses charged in Counts Two, Four, and Five through Eleven of the Indictment, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in the offense charged in Counts Two, Four, and Five through Eleven of the Indictment;

WHEREAS, the Indictment included a forfeiture allegation as to Counts Three and Twelve, seeking forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1), any and all property, real and personal, or any property traceable to such property,

including but not limited to a sum of money in United States currency representing the amount of property involved in Counts Three and Twelve of the Indictment.

WHEREAS, on or about July 16, 2024, the Defendant was found guilty by a jury of Counts One through Four, and Seven through Eleven;

WHEREAS, on August 11, 2025, the Court entered a Preliminary Order of Forfeiture as to Specific Property / Money Judgment in the amount of approximately $1.3 billion in United States Currency together with certain Specific Property described therein, *see* Dkt. 720;

WHEREAS, the Government further seeks the forfeiture of all Defendant's right, title and interest in the following additional Specific Property, which represent (i) the proceeds traceable to the commission of the offenses charged in Counts One, Two, Four, Seven through Eleven of the Indictment that the Defendant personally obtained; and (ii) the property involved in the offense charged in Count Three of the Indictment and the property traceable to such property, for which the Defendant is jointly and severally liable with co-defendant, Yvette Wang (the "Co-defendant") to the extent a forfeiture money judgment is entered against the Co-defendant in this case:

a. All funds formerly on deposit in the Banco Popular operational account held in the name of "G Club Operations LLC," including approximately $2,112,510.70 in United States currency withdrawn from the account by Banco Popular to issue an official Banco Popular check numbered 103130500012442 dated October 16, 2023, made payable to "G Club Operations LLC" and currently in the possession of the Government;

b. All monies and funds formerly on deposit in Barclays Bank plc (IOM) account GB61BARC20268062461744, held in the name of "Kin Ming Je," seized by the FBI pursuant to seizure warrant on or about October 29, 2024;

c. All monies and funds formerly on deposit in Barclays Bank plc (IOM) account GB86BARC20268184646277, held in the name of "Sin Ting

Rong," seized by the FBI pursuant to seizure warrant on or about October 29, 2024;

d.  All monies and funds formerly on deposit in Barclays Bank plc (Jersey) portfolio account 96172701, held in the name of "Kin Ming Je," seized by the FBI pursuant to seizure warrant on or about April 17, 2025; and

e.  All monies and funds formerly on deposit in Barclays Bank plc (Jersey) portfolio account 96195503, held in the name of "Sin Ting Rong," seized by the Government on or about April 17, 2025.

(a. through e., collectively, the "Additional Specific Property"), as constituting proceeds of the offenses charged in Counts One, Two, Four and Counts Seven through Eleven and/or property involved in the offense charged in Count Three of the Indictment;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offenses charged in Counts One through Four, Seven through Eleven of the Indictment, to which the Defendant was found guilty, all of the Defendant's right, title, and interest in the Additional Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Supplemental Preliminary Order of Forfeiture as to Additional Specific Property/Money Judgment

is final as to the Defendant, MILES GUO, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.    Upon entry of this Supplemental Preliminary Order of Forfeiture as to Additional Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Additional Specific Property and to hold such property in its secure custody and control.

4.    Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Additional Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Additional Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Additional Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Additional Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Additional Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Supplemental Preliminary Order of Forfeiture as to Additional Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE ANALISA TORRES
UNITED STATES DISTRICT JUDGE

June 30, 2026
New York, New York

DATE