Date:        July 4, 2026

From:
Address:
Telephone:
Email:

To:        Clerk of Court
           United States Court of Appeals
           2ND Circuit
           40 Foley Square New York, NY 10007

**Re: Petition for Writ of Mandamus**
Petitioner:
Case:        United States v. Kwok et al.1:23-CR-118-1(AT)

Dear Clerk of the 2nd Circuit Court,

Enclosed please find a Petition for Writ of Mandamus, filed by ▮▮▮
▮▮▮▮▮ an ▮▮▮▮ a family of three, Pro Se Petitioners in
United States v. Kwok, et al 1:23-CR-118-1(AT), under 21 U.S.C. §
853(n), Fed. R. Crim. P. 32.2(c), Non-Victim Status (CVRA),
Investment Purpose and Fed. R. Crim. P. 49.1.

Enclosed are:

AFFIDAVIT FOR PERMISSION IN FORMA PAUPERIS
Writ of Mandamus
Exhibit A - 10/21/2025 Pro Se Petition Filed with SDNY District Court
Exhibit B - Proof of Delivery of the 10/21/2025 Document to SDNY
Court
Exhibit C - 4/21/2026 "Emergency Motion to Stay Sentencing" filed with the District Court
Exhibit D - 4/29/2026 "Re-submission of Undocketed Petition & Emergency
Motion to Stay" file with the District Court

Respectfully submitted,

Names: ▮▮▮▮▮▮ and ▮▮▮▮

Signatures:



# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Jun Zhou and Tang Xuehui,

      Petitioners,

v.

United States District Court for the
Southern District of New York,

      Respondent.

)
)
)
)
)
)
)
)
)
)
)

Case No. 1:23-cr-00118-1(AT)

## AFFIDAVIT ACCOMPANYING MOTION
## FOR PERMISSION TO APPEAL IN FORMA PAUPERIS

### Affidavit in Support of Motion

I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C. § 1621.)

### Instructions

Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number.

Signed: ~~████████████~~            Date: 7/4 2026

My issues on appeal are: Whether this Court should issue a Writ of Mandamus compelling the District Court to docket Petitioners' timely filed 21 U.S.C. § 853(n) property claims and conduct mandatory ancillary proceedings under Fed. R. Crim. P. 32.2(c), where the lower court's premature final judgment and total refusal to hear our superior rights in ██████ USD constitutes a severe deprivation of Due Process, and directly inflicts a catastrophic human crisis by stripping our family of clean capital urgently needed to fund a life-saving, $200,000 USD CAR-T cell therapy for my spouse, ████ ██████.

1. *For both you and your spouse estimate the average amount of money received from each of the following sources during the past 12 months. Adjust any amount that was received weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate. Use gross amounts, that is, amounts before any deductions for taxes or otherwise.*

Income for all 3 Family members; 1 is dependant Petition

Rev. 12.1.2018

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $0 | $0 | $0 | $0 |
| Self-employment | $0 | $0 | $0 | $0 |
| Income from real property (such as rental income) | $0 | $0 | $0 | $0 |
| Interest and dividends | $0 | $0 | $0 | $0 |
| Gifts | $0 | $0 | $0 | $0 |
| Alimony | $0 | $0 | $0 | $0 |
| Child support | $0 | $0 | $0 | $0 |

| | | | | |
|---|---|---|---|---|
| Retirement (such as social security, pensions, annuities, insurance) | $0 | $0 | $0 | $0 |
| Disability (such as social security, insurance payments) | $0 | $0 | $0 | $0 |
| Unemployment payments | $0 | $0 | $0 | $0 |
| Public-assistance (such as welfare) | $0 | $0 | $0 | $0 |
| Other (specify): | $0 | $0 | $0 | $0 |
| **Total monthly income:** | $ 0 | $ 0 | $0 | $0 |

2. *List your employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| None | None | None | $0 |
| **Unemployed due to family medical emergency** | | | $0 |
| None | None | None | $0 |

Rev. 12.1.2018

3. *List your spouse's employment history for the past two years, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| None | None | None | $0 |
| **Unemployed since 2023 due to severe battle with Lymphoma and recent** | | | $0 |
| None | None | None | $0 |

4. *How much cash do you and your spouse have? $* _0_

*Below, state any money you or your spouse have in bank accounts or in any other*

*financial institution.*

| Financial Institution | Type of Account | Amount you have | Amount your spouse has |
|---|---|---|---|
| None | None | $0 | $0 |
| None | None | $0 | $0 |
| None | None | $0 | $0 |

*If you are a prisoner VHHNLQJ WR DSSHDO D MXGJPHQW LQ D FLYLO DFWLRQ RU SURFHHGLQJ, you must attach a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months in your institutional accounts. If you have multiple accounts, perhaps because you have been in multiple institutions, attach one certified statement of each account.*

5. *List the assets, and their values, which you own or your spouse owns. Do not list clothing and ordinary household furnishings.*

| Home | Other real estate | Motor vehicle #1 |
|---|---|---|
| (Value) $0 | (Value)$0 | (Value) $$0 |
| None | None | Make and year:None |
| | | Model: None |
| | | Registration #:None |

Rev. 12.1.2018

| Motor vehicle #2 | Other assets | Other assets |
|---|---|---|
| (Value) $ | (Value) $ | (Value) $ |
| Make and year: | None | None |
| Model: | None | None |
| Registration #: | None | None |

| Other assets | (Value) $ ~~███~~ | Third-party property claim under 21 U.S.C. § 853(n) to G-Series investment funds ($229,309 ███ SD) currently |
|---|---|---|

| | | suppressed and withheld by SDNY District Court in Case No. 1:23-cr-00118-1(AT). (Totally frozen and inaccessible to Petitioners) |
|---|---|---|
| | | |

6. State every person, business, or organization owing you or your spouse money, and the amount owed.

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| None | $0 | $0 |
| None | $0 | $0 |
| None | $0 | $0 |
| None | $0 | $0 |

7. State the persons who rely on you or your spouse for support.

| Name >~~RU LLXQGHU~~ initials only@ | Relationship | Age |
|---|---|---|
| None | None | None |
| None | None | None |
| None | None | None |

Rev. 12.1.2018

8. Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (including lot rented for mobile home) Are real estate taxes included? [X ] Yes [V ] No Is property insurance included? [X ] Yes [V ] No | $ ~~500~~ | $ 0 |
| Utilities (electricity, heating fuel, water, sewer, and telephone) | $ ~~168~~ | $ 0 |
| Home maintenance (repairs and upkeep) | $0 | $ 0 |

| | | |
|---|---|---|
| Food | $314 | $ 0 |
| Clothing | $0 | $ 0 |
| Laundry and dry-cleaning | $0 | $ 0 |
| Medical and dental expenses | $100 | $ 0 |
| Transportation (not including motor vehicle payments) | $50 | $ 0 |
| Recreation, entertainment, newspapers, magazines, etc. | $ | $ 0 |
| Insurance (not deducted from wages or included in mortgage payments) | | |
|     Homeowner's or renter's: | $0 | $ 0 |
|     Life: | $0 | $ 0 |
|     Health: | $0 | $ 0 |
|     Motor vehicle: | $0 | $ 0 |
|     Other: | $0 | $ 0 |
| Taxes (not deducted from wages or included in mortgage payments) (specify): | $0 | $ 0 |
| Installment payments | | |
|     Motor Vehicle: | $0 | $ 0 |
|     Credit card (name): Bank of China | $3515 | $ 0 |
|     Department store (name): | $0 | $ 0 |
|     Other:  Other Credit Cards (See Attachment) | $2783 | $ 0 |

Rev. 12.1.2018

| | | |
|---|---|---|
| Alimony, maintenance, and support paid to others | $ 0 | $ 0 |
| Regular expenses for operation of business, profession, or farm (attach detailed statement) | $ 0 | $ 0 |
| Other (specify): | $ 0 | $ 0 |
| **Total monthly expenses:** | $7362 | $ 0 |

9. *Do you expect any major changes to your monthly income or expenses or in your assets or liabilities during the next 12 months?*

Yes   See attached sheet regarding critical medical expenses and frozen assets.

10. *Have you spent - or will you be spending - any money for expenses or attorney fees in connection with this lawsuit?* [X] Yes [V] No

*If yes, how much?* $ 0

11. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*

**Clarification on Extreme Financial Hardship, Zero Income, and Medical Crisis:**

My spouse and I currently have **$0 income** and **$0 accessible cash assets**. However, Section 8 lists a mandatory monthly expense of ~~$7,362 USD~~ This immense discrepancy is the direct result of a catastrophic, multi-year medical and financial collapse. My spouse, Tang Xuehui, has been battling lymphoma since 2023 and is completely incapacitated. Tragically, in 2025, the cancer metastasized to her brain, necessitating immediate, high-cost CAR-T cell therapy, while our only legitimate funds (~~$229,309 USD~~) remain frozen and inaccessible.

**To survive and sustain these life-saving medical treatments since 2023, we have had no choice but to rely entirely on credit card overdrafts, personal bank loans, and online credit lines.** We are currently trapped in an unsustainable, compounding debt spiral—**borrowing from new lenders solely to service old credit card debts and immediate medical bills.** This predatory cycle of "robbing Peter to pay Paul" has completely wiped out our creditworthiness and brought us to total financial ruin. We possess absolutely no disposable income or liquid assets to prepay the docket fees for this appeal without depriving my spouse of her immediate medical care.

This form is for all 3 petitioners; one petitioner is a dependant

12. *State the city and state of your legal residence*

*Your daytime phone number:* ~~Kunming, Yunnan~~ China ~~+86 13816379321~~

*Your age:* 53   *Your years of schooling:*   16

Rev. 12.1.2018

United States Court of Appeals
for the
Second Circuit
In Re: ▓▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓ Xu, Pro Se 3ʳᵈ Party Petitioners
In United States v. Kwok, et al. 1:23-cr-00118-1(AT)

**PETITION FOR A WRIT OF MANDAMUS RELATING TO SDNY DISTRICT COURT**

**STATEMENT OF JURISDICTION**

This Court has authority to issue a writ of mandamus pursuant to the All-Writs Act, 28 U.S.C. § 1651(a), because the underlying action is "within its appellate jurisdiction".

**STATEMENT OF RELIEF SOUGHT**

Petitioners are 3ʳᵈ party Pro Se under 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2(c) asserting property right, stating investment purpose and non-CVRA (of the Defendant). Petitioners have timely filed a petition with the SDNY District Court but the District Court suppresses Petitioners' legitimate claims and refuses to docket it despite of Petitioners' multiple requests. The District Court has violated a clear, non-discretionary statutory command. Under Fed. R. Crim. P. 32.2(c)(1), when a third-party file a petition asserting an interest in forfeited property, the District Court **must** conduct an ancillary proceeding. The court's entry of final judgement (Document 858, 859 & 860) and its refusal to even docket or schedule an evidentiary hearing constitutes a total abdication of its statutory jurisdiction, stripping the Petitioners of a mandatory federal property adjudication.

Petitioners have no other adequate means to obtain justice and respectfully move this Court to exercise its supervisory authority to issue a Writ of Mandamus directing the District Court as follows:

- **Vacate or Stay** any final orders of forfeiture as they relate to the assets claimed by Petitioners;
- **Formally Docket** Petitioners' timely filed 21 U.S.C. § 853(n) claims; and
- **Order an Immediate Ancillary Proceeding** and schedule an evidentiary hearing pursuant to Federal Rule of Criminal Procedure 32.2(c) to adjudicate Petitioners' superior legal right, title, or interest in the subject property.

**STATEMENT OF FACTS**

Petitioners (a family of 3 generations) are innocent, third-party investors who lawfully committed an aggregate sum of ▓▓▓▓▓ USD to the "G-Series" investment entities. Every dollar utilized for these transactions originated from legitimate, independent sources. At the time these investments were executed, there was no indication, nor any basis for belief, that the subject entities were engaged in unlawful activities.

In or around 2022 and 2023, the DOJ and the SEC (collectively, "the Government") seized these assets under the umbrella of an alleged fraud scheme attributed to the Defendant. Crucially, Petitioners were never defrauded by, nor were victims of the Defendant. Rather, the Government's sweeping seizure and subsequent, prolonged restraint of the *res* constitute the sole, direct cause of Petitioners' pecuniary loss and ongoing collateral hardships. By bypassing the mandatory statutory adjudication pathways, the government has unlawfully insulated these funds from their rightful owners.

Petitioners have done everything required by law, only to be met with a complete judicial shutdown. Following the directives of Order 720, Petitioners timely filed third-party § 853(n) property claims on October 21, 2025, validating delivery through authenticated carrier receipts. Rather than initiating the mandatory ancillary proceedings required by Rule 32.2,

the District Court entered over 8 months inaction, maintaining a locked docket that stripped Petitioners' basic statutory right to be heard.

Every subsequent attempt by Petitioners to trigger judicial action has been summarily ignored. The Emergency Motion to Stay Sentencing filed on April 21, 2026, went completely unanswered. The subsequent "Re-submission of Undocketed Petition & Emergency Motion to Stay," filed on April 29, 2026, similarly failed to produce any docket activity or judicial response. By maintaining this total administrative vacuum, the District Court successfully ran out the clock, bypassing mandatory statutory hearings in a blatant race to enter a final judgment.

## STATEMENT OF ISSUES

Pursuant to **21 U.S.C. § 853(n)** and **Federal Rule of Criminal Procedure 32.2(c)**, Petitioners possess an absolute, non-discretionary right to an ancillary proceeding to adjudicate our superior property interests. The District Court holds a strict ministerial duty to maintain a complete and accurate judicial record by immediately docketing legitimate, timely filed claims. By suppressing and refusing to docket Petitioners' petitions, the District Court has fundamentally corrupted the administration of justice arbitrarily fabricating an inaccurate asset forfeiture pool and a deeply flawed victim count ahead of sentencing. This administrative manipulation allowed the government to forfeit clean, third-party capital under a completely corrupted legal record. This structural defect directly insulated the sentencing proceedings from the reality of valid, competing third-party property rights.

The District Court's failure to hold an ancillary proceeding constitutes a severe, unconstitutional deprivation of Due Process. Property cannot be permanently forfeited to the United States without giving third-party owners a meaningful opportunity to be heard. By entering final judgments without adjudicating the timely filed § 853(n) claims, the lower court has engaged in an unconstitutional, administrative seizure under the guise of criminal sentencing.

While a preliminary order of forfeiture becomes final *as to the defendant* at sentencing, it **cannot** become final as to third-party claimants until the ancillary proceeding is fully resolved. (See *United States v. Schwimmer*, 968 F.2d 1570 (2d Cir. 1992)). By entering a final judgment without resolving the ancillary track, the District Court has created an impermissible, broken record that clouds the title of the property and prevents the government from lawfully obtaining clear title under 21 U.S.C. § 853(n)(7).

## REASON WHY THE WRIT SHOULD BE ISSUED

Petitioners meet the strict criteria for mandamus relief because they possess no other adequate means to attain the requested relief. Because the District Court has completely locked the docket and refused to rule on the petitions, an extraordinary Writ of Mandamus from this Court is the exclusive mechanism available to compel the lower court to perform its clear legal duty.

## CONCLUSION

The District Court's "sentence-first, adjudicate-later" methodology is legally indefensible. By freezing out § 853(n) claimants, withholding their petitions from the public record, and finalizing an inflated forfeiture pool at sentencing, the district court operated entirely outside its statutory jurisdiction.

To allow this structural circumvention to stand would be to render the Due Process Clause a nullity for innocent investors. This Court must intervene to vindicate the administration of justice. For the reasons stated herein, Petitioner respectfully requests the issuance of a Writ of Mandamus directing the lower court to vacate its premature orders, properly docket all

pending property claims, and immediately convene the mandatory evidentiary hearings required by law.

Additionally, the statutory framework governing asset forfeiture is clear: a district court cannot extinguish third-party property interests by simply refusing to docket them prior to sentencing. The lower court's calculated avoidance of the mandatory ancillary tracks dictated by **21 U.S.C. § 853(n)** and **Fed. R. Crim. P. 32.2(c)** represents a direct subversion of the federal rules. When the District Court structures its proceedings to actively evade statutory commands and insulate itself from appellate oversight, extraordinary relief is required. Petitioners respectfully request this Court to exercise its supervisory authority and issue a Writ of Mandamus to compel the District Court to perform its ministerial duties. Mandamus remains vital in this instance to ensure that trial courts remain bound by the rule of law and to protect the structural integrity of the judicial process.

**PRIVACY**

Petitioners respectfully request to file this petition in redacted public form with personal & financial data redacted. A redacted set of the documents is provided.

Date: July 4, 2026

Respectfully submitted

The undersigned, declare under penalty of perjury the foregoing is true and correct to the best of Petitioners' knowledge and belief.

**Certificate of Compliance:** Pursuant to Federal Rule of Appellate Procedure 32(g), the undersigned hereby certifies that the foregoing document contains 1310 words, in compliance with the applicable type-volume limitations.

Signature:

Certificate of Service

Petitioners certifies that on July 8, 2026, Petitioners submitted this filing to the following parties:

By US Mail:

Nathan Rehn
US Attorney's Office/SDNY
26 Federal Plaza, 37ᵗʰFloor
NY, NY 10278

US MAIL:
The Hon. Analisa Torres, SDNY District Court
500 Pearl Street, New York, NY 10007 -1312

By email:

**The District Court:**
prose@nysd.uscourts.gov
**Prosecution:**
ryan.finkel@usdoj.gov
justin.horton@usdoj.gov
micah.fergenson@usdoj.gov
**Counsels for the Defendant:**
msarafa@sarafalaw.com
jdratel@dratellewis.com
jkaley@doarlaw.com
Signature:

## EXHIBIT A

10/21/2025 Pro Se Petition Filed with SDNY District Court



10/21/2025  ~~Zhou Jun~~
Petition

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

United States of America,

v.

Ho Wan Kwok, a/k/a Miles Guo, et al.
Case No. 1:23-cr-00118 (AT)

Public Redacted Version – Redacted for Privacy Pursuant to Fed. R. Crim. P. 49.1

## PETITION OF THIRD-PARTY CLAIMANT ZHOU JUN PURSUANT TO 21 U.S.C. § 853(n) WITH REQUEST FOR PRIVACY PROTECTION UNDER FED. R. CRIM. P. 49.1

## I. BACKGROUND AND IDENTITY

Petitioner ~~Zhou Jun~~, residing in China, respectfully submits this Petition pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2 to assert her lawful ownership interests in assets subject to forfeiture in the above-captioned criminal case against Ho Wan Kwok (a/k/a Miles Guo) and related parties.

Petitioner is a bona fide investor, not a defendant or co-conspirator in any criminal proceeding. All funds originated from lawful personal sources and were remitted through legitimate banking channels before any government seizure or public allegation of wrongdoing.

## II. STATEMENT OF POSITION

1. Petitioner has not applied for any refund or criminal restitution. This Petition solely seeks recognition of independent property rights and does not invoke the Crime Victims' Rights Act (CVRA).

2. Petitioner proceeds exclusively under 21 U.S.C. § 853(n) to adjudicate ownership of specific investment property and requests exclusion of that property from forfeiture.

3. Petitioner has not authorized any attorney, group, or entity to file on her behalf as a "victim" or "creditor." Any such filings made without Petitioner's written consent are unauthorized and void.

4. Petitioner appears pro se and requests that the Court and Government disregard any third-party filings purporting to represent her interests.

## III. PROPERTY INTERESTS AND EVIDENCE

Between 2021 and 2022, Petitioner made the following good-faith investments in projects publicly promoted by Ho Wan Kwok and his affiliates, namely GICLUBS and Himalaya Exchange:

1. On March 22, 2021, Petitioner wired USD ███████ to purchase a GICLUB Tier ██ membership;
2. On July 20, 2021, Petitioner transferred USD █████ to fund her Himalaya Exchange account;
3. Petitioner also received a GICLUB membership card confirming her membership status.

All transactions were bona fide investments made prior to any government seizure or public notice of alleged fraud. Supporting documentation is provided as **Exhibit 1 – Zhou Jun Investment Proofs (Filed Under Seal).**

## IV. LEGAL GROUNDS

1. Under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2, any person asserting a legal interest in property subject to criminal forfeiture may petition the Court for adjudication of that interest.
2. Petitioner's investments were lawfully obtained, not derived from any offense, and should be protected from forfeiture.
3. Orders issued by the U.S. Bankruptcy Court for the District of Connecticut (Case No. 22-50073) are procedurally defective and lack preclusive effect as to Petitioner, who was never notified or afforded a hearing.
4. The Government and trustee should exclude fraudulent or conspirator-organized claims and ensure that only bona fide investors' interests are adjudicated.
5. This Court retains exclusive jurisdiction under § 853(n)(6) to determine, de novo, the validity of third-party ownership claims.

## V. PRIVACY AND REDACTION NOTICE

This Public Redacted Version omits Petitioner's personal identifiers, including address, phone number, and email, pursuant to Fed. R. Crim. P. 49.1. The sealed version on record contains complete identifying information and remains under restricted access.

## VI. RELIEF REQUESTED

Based on the foregoing, Petitioner respectfully requests that this Court:

1. Recognize ███████ as a bona fide investor in GICLUBS and Himalaya Exchange;
2. Exclude Petitioner's lawfully invested funds (totaling USD ██████) from any forfeiture or distribution;
3. Hold that the Connecticut Bankruptcy Court orders have no binding effect on Petitioner;
4. Approve the privacy and redaction treatment applied herein;
5. If necessary, schedule a de novo hearing under Fed. R. Crim. P. 32.2(c); and
6. Grant such other relief as the Court deems just and proper.

## VII. VERIFICATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

/s/ ██████
Pro Se Petitioner
Date: October 2025

## VIII. EXHIBIT INDEX

Exhibit 1 – ██████ Investment Proofs (Filed Under Seal)
(Consolidated file containing bank remittance receipts and GICLUB membership certificate.)







3:14 ⌖

.ıll 🛜 🔋

‹

# 转出-ACH转账



$.00

## 您的转账待处理

发起                                                完成

 **PREAUTH DEBIT**

 交易日期 2021年7月20日
预计完成时间 2021年7月21日

交易类型 转出-ACH转账
Routing No.  254070116
账户号码 XXXXXX6480
交易号 653679858

需要帮助 >

取消本次交易



10/21/2025

Petition

**SEALED PETITION UNDER 18 U.S.C. § 853(n)**

Filed Under Seal Pursuant to Fed. R. Crim. P. 49.1
Translated from Chinese Original – Filed for Official Reference
United States District Court for the Southern District of New York
Case No. 1:23-cr-00118 (AT)

By ▮▮▮▮▮▮▮▮

———

## I. Petitioner's Identity and Investment Background

Petitioner ▮▮▮▮▮ is a law-abiding individual residing in ▮▮▮▮▮▮▮ Province, China.
Between 2021 and 2022, she made lawful investments through bank remittances in projects associated with Mr. Miles Guo, including the G Club Membership Program and the Himalaya Exchange digital-asset platform.

On October 15 and 18, 2021, she transferred a total of USD ▮▮▮▮▮ to purchase a G Club ▮▮▮ membership.
Subsequently, she made three deposits to Himalaya Exchange on July 27 and December 29 of 2021, and June 22 of 2022, totaling USD 22,580 —all successfully credited.
On October 1, 2022, she remitted USD 1,350 through East West Bank to Himalaya Exchange; that fund was frozen before appearing in her account.

In sum, Petitioner holds a legitimate and traceable property interest totaling USD 43,930 derived solely from her lawful personal assets.

———

## II. Procedural Violations and Deprivation of Victim Rights

Under the Crime Victims' Rights Act (18 U.S.C. § 3771), victims and lawful third-party claimants are entitled to be heard, to timely information, and to seek judicial remedies for procedural injustice.
However, the handling of this case has effectively excluded the victims from meaningful

participation and has deprived them of the right to present their claims.
Such prolonged neglect of victim submissions constitutes a denial of due process and an erosion of public trust in judicial fairness.

———

### III. Prosecutorial Misconduct and Abuse of Bankruptcy Materials

The prosecution has improperly relied on documents from the Connecticut Bankruptcy Court (Case No. 22-50073) without conducting any judicial review of their integrity, legality, or evidentiary validity.
Those bankruptcy records were introduced into the criminal proceeding as trial evidence without authentication or cross-examination, in violation of Rules 901 and 403 of the Federal Rules of Evidence.
This practice compromises the independence of the evidentiary record and seriously misleads the jury.

Furthermore, the prosecution was aware that numerous claims in the bankruptcy case were fraudulent. Yet it allowed the bankruptcy trustee, Luc A. Despins, to intervene in the criminal proceeding and deliberately delayed the execution of the forfeiture order, thereby permitting Luc to continue controlling the assets even after he lost legal authority.
Such conduct effectively enables false creditors to divide and consume assets that belong to the very victims the government claims to protect.

Petitioner believes this deliberate misuse of bankruptcy materials and manipulation of asset control constitute prosecutorial misconduct and a structural error that undermines the integrity of the entire proceeding.

———

### IV. Relief Requested

Based on the foregoing facts and law, Petitioner respectfully requests that this Court:

1. Conduct a legitimacy and authenticity review of all bankruptcy-court materials introduced by the prosecution under § 853(n) ancillary proceedings;

2. Exclude any unauthenticated or tainted documents from use as criminal evidence;

3.    Require the prosecution to explain its delay in executing the forfeiture order and its tolerance of fraudulent claims;

4.    Recognize Petitioner Yunv Ling's lawful property interest in the investment funds of USD ~~43,930~~ and exclude those funds from any distribution to false creditors;

5.    Protect the rights of Petitioner and other genuine victims to be heard, informed, and fairly treated.

——

## V. Exhibit E

**Exhibit E – Investment Summary (Yunv Ling)**
**Supporting document summarizing lawful investments totaling USD 43,930.**
**(Attached separately as *Investment_Summary_Yunv_Ling.pdf*.)**

——

**Respectfully submitted to**
**The United States District Court for the Southern District of New York**

Petitioner: ▇▇▇▇▇▇▇

Address: No. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇nce,
China
Email: ▇▇▇▇▇▇▇
Phone: ▇▇▇▇▇▇▇

Signature: _____
Date: October 2025

## Investment Summary – Yunv Ling

| Date | Amount (USD) | Project | Status | Description |
|---|---|---|---|---|
| 15 & 18-10-2021 | 20,000 | G Club Tier-2 Membership | Successful | Two transfers of USD 10,020 each; activated |
| 27-07-2021 | 180 | Himalaya Exchange Deposit 1 | Successful | Credited to account. |
| 29-12-2021 | 9,275 | Himalaya Exchange Deposit 2 | Successful | Credited to account. |
| 22-06-2022 | 13,125 | Himalaya Exchange Deposit 3 | Successful | Credited to account. |
| 01-10-2022 | 1,350 | East West Bank Remittance – Frozen Funds | | Transferred to Himalaya Exchange; frozen be |

■ Total Investment: USD 43,930

Case 1:23-cr-00118-AT    Document 863    Filed 07/09/26    Page 25 of 56







# EAST WEST BANK Your financial bridge®

P O Box 927
Alhambra, CA 91802-0927

Direct inquiries to:
833 468-8356

ACCOUNT STATEMENT

Page 1 of 2
STARTING DATE: October 01, 2022
ENDING DATE: October 31, 2022
Total days in statement period: 31

21-61956858

( 0 )

> Thank you for being a customer of East West Bank. For any questions about your account, call +1 833.468.8356 (U.S.) or 400.080.5290 (China).



CHINA

## Premier E-Checking

| | | |
|---|---|---|
| Account number | | |
| Low balance | $4.19 | Beginning balance | $4.19 |
| Average balance | $232.90 | Total additions | ( 3 ) | 1,910.01 |
| Interest paid year to date | $0.03 | Total subtractions | ( 6 ) | 1,675.00 |
| | | Ending balance | $ 239.20 |

### CREDITS

| Number | Date | Transaction Description | | Additions |
|---|---|---|---|---|
| | 10-11 | Wire Trans-IN | LING YUNV RM105 FU YUAN BLDG NO12 | 950.00 |
| | 10-11 | Wire Trans-IN | ZHOU JUN | 960.00 |
| | 10-31 | Interest Credit | | 0.01 |

### DEBITS

| Date | Transaction Description | | Subtractions |
|---|---|---|---|
| 10-11 | Service Charge | WIRE TRANS-IN CYCL | 10.00 |
| 10-11 | Service Charge | WIRE TRANS-IN CYCL | 10.00 |
| 10-12 | Outgoing Wire | PRIME TRUST LLC | 1,350.00 |
| 10-12 | Service Charge | OUTGOING WIRE | 30.00 |
| 10-12 | Onln Bkg Trfn D | REF 2850507L FUNDS TRANSFER TO DEP 2161004870 FROM RED ENVELOPE 300000000001745618 | 250.00 |
| 10-31 | Service Charge | MAINTENANCE FEE | 25.00 |

### DAILY BALANCES

| Date | Amount | Date | Amount | Date | Amount |
|---|---|---|---|---|---|
| 09-30 | 4.19 | 10-12 | 264.19 | | |
| 10-11 | 1,894.19 | 10-31 | 239.20 | | |

### INTEREST INFORMATION

| | | | |
|---|---|---|---|
| Annual percentage yield earned | 0.05% | Interest-bearing days | 31 |
| Average balance for APY | $232.90 | Interest earned | $0.01 |

3409    rev 05-16

16:40      :::: 5G 12

‹      汇款详情



成功

| | |
|---|---|
| 手续费 |  元 |
| 电报费 | |

**收款人信息**

| | |
|---|---|
| 收款人姓名 | |
| 收款人国家/地区 | 美国 |
| 收款人州/省 | -- |
| 收款人城市 | -- |
| 收款人地址 | 960 AVENUE OF THE AMERICAS NEW YORK NY 10112 USA |
| 收款人常驻国家/地区 | -- |
| 收款账户 | 7801000254 |
| 收款行SWIFT代码 | |
| 收款行名址 | Metropolitan Commercial Bank |

**汇款信息**

| | |
|---|---|
| 付款账户 | |
| 费用承担 | 汇款人承担 |

**其他信息**

| | |
|---|---|
| 汇款用途 |  境外就医支出 |
| 汇款附言 | CNUI66K6 |
| 申请时间 | 2021-12-24 11:25:13 |



存款记录

显示第值 1–3 的 3

| 状态 | | 日期 | 时间(UTC) | 信用积分 |
|---|---|---|---|---|
| ✓ | 完成 | 22-06-2022 | 10:41:45 | +3,125.00 USD ⌄ |
| ✓ | 完成 | 29-12-2021 | 15:05:21 | +9,275.00 USD ⌄ |
| ✓ | 完成 | 27-07-2021 | 17:45:07 | +180.00 USD ⌄ |

16:40                                    ::!!! 5G 12

<         汇款详情

 美元

成功

**手续费**                              238.04元

**电报费**                              150.00元

**收款人信息**

收款人姓名                               YUNVLING

收款人国家/地区                          美国

收款人州/省                             ——

收款人城市                              ——

收款人地址          960 AVENUE OF THE AMERICAS
                    NEW YORK NY 10112 USA

收款人常驻国家/地区                       ——

收款账户                               7801000254

收款行SWIFT代码

收款行名址          Metropolitan Commercial Bank

**汇款信息**

付款账户

费用承担                              汇款人承担

**其他信息**

汇款用途                          境外就医支出

汇款附言                          CNUI66K6

申请时间             2022-06-20 12:09:47

10/21/2025   ~~Jialong X~~

petition

# United States District Court, Southern District of New York

Case Name: United States v. Ho Wan Kwok, a/k/a Miles Guo, et al.

Case No.: 1:23-cr-00118 (AT)

# THIRD-PARTY PETITION AND VICTIM MOTION

(Alleging Judicial Fraud and Brady Violations)
Filed Under Seal

## I. Petitioner Identity and Background

Petitioner ████████, residing in ████████████ Province, People's Republic of China, is a lawful investor with no criminal or financial affiliation with the defendants or any co-conspirators. Pursuant to 21 U.S.C. §853(n) and Federal Rule of Criminal Procedure 32.2, the Petitioner submits this third-party petition and victim motion to assert his independent lawful investment interests and requests exclusion of his assets from forfeiture.

## II. Facts and Investment Details

In 2021, Petitioner, trusting Mr. Miles Guo's publicly promoted G-series ecological investment projects, transferred funds through formal banking channels to Himalaya Exchange to purchase 'H-Coins.' Wire transfer details are as follows:
- December 3, 2021: ~~$3,970~~
- December 5, 2021: ~~$15,380~~
- December 6, 2021: ~~$9,250~~
**Total investment:** ~~$28,600~~
All funds were derived from lawful sources and involved

no illegal proceeds or money laundering. Wire transfer records are attached as Exhibit 1 – ██████Wire Transfer Records (Filed Under Seal).

### III. Procedural Unfairness and Judicial Fraud

Petitioner notes that, since September 11, 2025, the Southern District Court has refused or failed to docket all third-party investor petitions. This action severely deprives victim investors of their rights to be heard, appeal, and participate in proceedings, constituting procedural deprivation.

Further, based on the facts revealed in the 733 Motion submitted in September 2025, the Petitioner believes that the prosecution and bankruptcy trustee Luc engaged in the following serious misconduct:
1. False Claims and Fraudulent Filings – Luc included numerous invalid, duplicate, or fictitious claims in asset distribution without proper verification;
2. Collusion between Prosecution and Luc – The prosecution knowingly tolerated fraudulent filings while collaborating with Luc to block real investors from submitting petitions;
3. Violation of Brady Obligations – The prosecution failed to disclose material evidence favorable to the defendants and victim investors, impeding judicial fairness;
4. Blocking Third-Party Docketing – Court clerks, under pressure from the prosecution and trustee, refused to docket multiple third-party motions, suppressing statutorily protected rights of victims.

These actions collectively constitute Fraud Upon the Court, resulting in a tainted record and undermining the integrity of sentencing and asset distribution.

### IV. Legal Basis and Relief Requested

Petitioner respectfully moves this Court pursuant to:
- 21 U.S.C. §853(n);
- Federal Rule of Criminal Procedure 32.2;

- Crime Victims' Rights Act, 18 U.S.C. §3771;
- Federal Rule of Criminal Procedure 49.1 (privacy protection and sealed filings).

Accordingly, Petitioner respectfully requests that the Court:
1. Confirm ███████ as a bona fide investor with funds derived from lawful sources;
2. Exclude Petitioner's lawful investment funds ($28,600) from forfeiture or erroneous inclusion in bankruptcy distribution;
3. Direct the clerk to immediately docket this motion and all third-party petitions to restore procedural participation rights of investors;
4. Investigate trustee Luc's fraudulent claims filings and cooperation with the prosecution;
5. Confirm that the prosecution has violated Brady obligations in this case;
6. Permit this motion to be filed under seal pursuant to Fed. R. Crim. P. 49.1 to protect the Petitioner's safety and privacy in China;
7. Preserve the Petitioner's right, if the motion is denied or docketing is refused, to seek Mandamus Relief from the United States Court of Appeals for the Second Circuit pursuant to 18 U.S.C. §3771(d)(3).

### V. Privacy and Sealing Justification

Petitioner resides in the People's Republic of China and, due to political risks and privacy concerns, may face threats or harassment if his name, address, or contact information is publicly disclosed. Accordingly, Petitioner respectfully requests that this motion and related attachments be sealed for internal court review only.

### VI. Declaration and Signature

I declare under penalty of perjury that the foregoing is true and correct. All investment facts and supporting documentation are verifiable. I understand that false statements are subject to legal penalties under 28 U.S.C. §1746.



Email: m
Phone: +
Date: October 2025

**Attachments**

Exhibit 1 –  Wire Transfer Records (Filed Under Seal)

(Including wire transfers dated )

12:18

## 汇款详情

汇款金额



美元

成功

| | |
|---|---|
| 手续费 | 175.37元 |
| 电报费 | 150.00元 |

### 收款人信息

| | |
|---|---|
| 收款银行 | Metropolitan Commercial Bank |
| SWIFT代码 | MCBEUS33XXX |
| 收款账户 | 7801 **** **** |
| 收款人姓名 |  |

收款人常驻国家/地区　　　　　　　　　　　　美国

收款人地址　　960 AVENUE OF THE AMERICAS
　　　　　　　NEW YORK NY 10112 USA

## 汇款信息

付款账户　　　　　　**** **** 

费用承担　　　　　　汇款人承担

## 其他信息

汇款用途

汇款附言　　　　　　

申请时间　　　　　　2021-1

12:18

‹ 汇款详情

汇款金额

 元

成功

手续费

电报费 150.00元

**收款人信息**

收款银行       Metropolitan Commercial Bank

SWIFT代码      MCBEUS33XXX

收款账户       7801 \*\*\*\* \*\*\*\* 0254

收款人姓名

收款人常驻国家/地区　　　　　　　　　美国

收款人地址　　　960 AVENUE OF THE AMERICAS
NEW YORK NY 10112 USA

## 汇款信息

付款账户　

费用承担　　　　　　　　　　　　　　共同承担

## 其他信息

汇款用途　　　　　　　　　　　　境外就医支出

汇款附言　　　　　　　　　　　　CNJ2EQHY

申请时间　　　　　　　　　2021-12-06 16:00:15

12:18

# 汇款详情

汇款金额

██████████ 美元

成功

| | |
|---|---|
| 手续费 | 98.33元 |
| 电报费 | 150.00元 |

## 收款人信息

| | |
|---|---|
| 收款银行 | Metropolitan Commercial Bank |
| SWIFT代码 | MCBEUS33XXX |
| 收款账户 | 7801 **** **** 0254 |
| 收款人姓名 | JIALONGXU |

收款人常驻国家/地区 美国

收款人地址 960 AVENUE OF THE AMERICAS
NEW YORK NY 10112 USA

**汇款信息**

付款账户  ***

费用承担 共同承担

**其他信息**

汇款用途 境外就医支出

汇款附言 CNJ2EQHY

申请时间 2021-12-05 16:59:38

## EXHIBIT B

Proof of Delivery of the 10/21/2025 Document to SDNY Court

For All 3 petitioners

Image 2 – Delivery Confirmation (Signed on October 21, 2025, 01:09 AM, MAILROOM)

(Screenshot from SF Express tracking system showing completed delivery)



✎ Image 1 -  Shipping Label

(Showing sender "Zhou Jun," recipient "Clerk of Court, SDNY," and tracking number



Case No. 1:23-cr-00118 (AT)

(United States v. Ho Wan Kwok, a/k/a Miles Guo, et al.)

This document provides visual proof of mailing and delivery for the sealed petitions sent via SF Express International Courier

from ▮▮▮▮▮▮▮▮▮▮ China, to the Clerk of Court, U.S. District Court for the Southern District of New York (SDNY),

located at 500 Pearl Street, New York, NY 10007.

The shipment contained three sealed Third-Party Petitions filed by

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

It was dispatched on October 16, 2025, under tracking number ▮▮▮▮▮▮▮

and officially delivered and signed for at the SDNY Mailroom on October 21, 2025, at 01:09 AM.

Attached below are the original SF Express shipping label and delivery confirmation screenshots,

serving as Proof of Mailing and Proof of Delivery for the Court's reference.

**Notes**

- These petitions were mailed jointly in one envelope due to security and interception risks within mainland China.

- All three petitioners reside under Chinese Communist Party surveillance, and mailing U.S. court documents carries personal safety risk.

- This record is respectfully provided to establish timely service and delivery under Rule 32.2(c)(1) and 21 U.S.C. §853(n).

---

Prepared by: Petitioner ████████████████████

Date: November 2025

Filed with: Third-Party Petitions – United States v. Ho Wan Kwok

Court: U.S. District Court, Southern District of New York

发件人 :

Date: 2025年10月16日周四 13:59

Subject: Third-Party Petition (Filed Under Seal) ██████ – Case No. 1:23-cr-00118 (AT)

To: <pro_se_filing@nysd.uscourts.gov>

Dear Clerk of Court,

I am the pro se third-party petitioner ██████ in the matter United States v. Ho Wan Kwok, a/k/a Miles Guo, et al., Case No. 1:23-cr-00118 (AT).

Please find attached my Third-Party Petition and supporting documents for docketing.

Petitioner respectfully requests the Court to accept the sealed version under Fed. R. Crim. P. 49.1, due to serious safety and privacy risks associated with her residence in the People's Republic of China.

Petitioner has also learned that since September 11, 2025, the Court has rejected or refused to docket all third-party petitions related to this case.
Such actions severely prejudice the rights of bona fide victims and investors.
Petitioner expressly reserves the right to seek review or appellate relief before the U.S. Court of Appeals for the Second Circuit should this filing be disregarded or denied without due process.

Please confirm receipt and docketing.

Respectfully,



/ ██████
Email: ██████
Phone: ██████

Case 1:23-cr-00118-AT    Document 863    Filed 07/09/26    Page 48 of 56

## EXHIBIT C

4/21/2026 "Emergency Motion to Stay Sentencing" filed with the District Court

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

v.

HO WAN KWOK (A/K/A MILES GUO), et al.,

Defendants.

Case No. 1:23-cr-00118-AT

EMERGENCY MOTION TO STAY THE APRIL 27, 2026 SENTENCING PENDING ADJUDICATION OF THIRD-PARTY PETITIONS UNDER 21 U.S.C. § 853(n)

PRELIMINARY STATEMENT

Petitioners ███████████████████████████████████), appearing pro se, respectfully move this Court to stay the sentencing of Defendant Ho Wan Kwok, currently scheduled for April 27, 2026. This motion is filed to prevent the irreversible forfeiture of assets in which the Petitioners have superior legal interests, which have not yet been adjudicated or formally docketed by the Court despite timely submission.

FACTUAL BACKGROUND

1. On August 11, 2025, the Court entered a Preliminary Order of Forfeiture (Doc. 720).
2. Pursuant to 21 U.S.C. § 853(n), the Petitioners submitted three (3) sealed Third-Party Petitions asserting their legal interests.
3. These petitions were dispatched from ████, China, via SF Express International (Tracking No. ████████████) on ██████.
4. Official tracking records confirm the package was delivered and signed for at the SDNY Mailroom on October 21, 2025, at 1:09 AM.

5. Digital copies were also submitted via email to the Clerk's Office.

6. To date, these petitions remain undocketed, depriving Petitioners of their due process rights.

## PRAYER FOR RELIEF

Petitioners respectfully request that the Court stay the sentencing until all § 853(n) petitions are adjudicated, order the Clerk to docket the submissions, and conduct mandatory ancillary proceedings.

## DECLARATION

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 21, 2026.

Respectfully submitted,

(Signature) _____



(Signature) _____

(Signature) _____

Address for all Petitioners:

Province, China

## CERTIFICATE OF SERVICE

I certify that on April 21, 2026, I served this Motion via email to:

- SDNY Pro Se Intake: ProSe@nysd.uscourts.gov
- USAO SDNY: ryan.finkel@usdoj.gov, justin.horton@usdoj.gov, micah.fergenson@usdoj.gov
- Defense Counsel: msarafa@sarafalaw.com, jdratel@dratellewis.com, jkaley@doarlaw.com

发件人 : ██████████████████████████ .com>

Date: 2026年4月21日周二 11:13

Subject: URGENT FILING: Case 1:23-cr-00118-AT - Emergency Motion to Stay Sentencing -
Petitioners ██████████████

To: <ProSe@nysd.uscourts.gov>

Cc: <ryan.finkel@usdoj.gov>, <justin.horton@usdoj.gov>, <micah.fergenson@usdoj.gov>,
<msarafa@sarafalaw.com>, <jdratel@dratellewis.com>, <jkaley@doarlaw.com>

Dear Clerk of Court,

Please find the attached **Emergency Motion to Stay Sentencing** filed by Pro Se Petitioners Jun
██████████████████████ in the case of *United States v. Ho Wan Kwok*, Case No. 1:23-cr-
00118-AT.

The Petitioners' timely § 853(n) petitions were delivered to the SDNY Mailroom on October 21,
2025, via ████████████████████████), but have not yet appeared on the
docket. We respectfully request the Court to stay the April 27, 2026 sentencing until these
property interests are adjudicated.

**Attached:**

1. Emergency Motion to Stay Sentencing (PDF)

2. SF Express Delivery Proof

Sincerely,

████████████████████

Address: ████████████████████████████████

Phone: ████████████████

---

2 attachmentsDownload all

- **2026-04-21_Emergency_Motion_to_Stay_Sentencing_1-23-cr-00118_Jun_Zhou.pdf**

PDF · 96.3 KB

- **Proof of Mailing and Deliv████████████.pdf**

PDF · 4.5 MB

# EXHIBIT D

4/29/2026 "Re-submission of Undocketed Petition & Emergency Motion to Stay" file with the District Court

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

United States of America,

v.

Ho Wan Kwok, a/k/a Miles Guo, et al.

Case No. 1:23-cr-00118 (AT)

---

**RE-SUBMITTED EMERGENCY MOTION TO STAY SENTENCING PENDING ADJUDICATION OF THIRD-PARTY PETITION**

---

## I. PRELIMINARY STATEMENT

Petitioner, ███████ appearing *pro se*, respectfully moves this Court to stay the sentencing of Defendant Ho Wan Kwok, currently re-scheduled for June 29, 2026. This motion is re-submitted to address the persistent failure to docket Petitioner's Third-Party Petition, which was delivered to the Court over six months ago, and to ensure that Petitioner's superior legal interest in specific assets is adjudicated prior to any final order of forfeiture.

## II. STATEMENT OF FACTS AND PROCEDURAL DELAY

1.  On October 16, 2025, Petitioner submitted her Third-Party Petition and evidence via email.
2.  On October 21, 2025, a physical package was delivered to and signed for at the SDNY Mailroom ███████████████████████).
3.  On April 21, 2026, Petitioner filed an Emergency Motion via email to the Clerk's Office. As of April 29, 2026, the motion remains undocketed and unaddressed.

## III. COMPARISON TO RECENT FILINGS (DKT. 841)

Petitioner notes that a Third-Party Petition filed by counsel for 1328777 B.C. Ltd. on April 27, 2026, was assigned Docket No. 841 and processed within hours. Petitioner's claim for USD ███████ was delivered six months earlier and remains ignored by the Clerk's Office. This disparity in processing speed creates an

appearance of procedural bias against *pro se* litigants residing abroad and violates Petitioner's Due Process rights.

IV. RELIEF REQUESTED

To prevent the irreversible forfeiture of Petitioner's property, Petitioner respectfully requests that the Court:

1. Stay the June 29, 2026 sentencing until Petitioner's claim is formally adjudicated;
2. Order the Clerk to immediately docket the "Public Redacted Version" of Petitioner's claim delivered in October 2025;
3. Conduct an Ancillary Proceeding pursuant to Fed. R. Crim. P. 32.2(c).

V. DECLARATION

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: April 29, 2026

(Signature): _____

Pro Se Petitioner

发件人

Date: 2026年4月29日周三 17:50

Subject: Subject: URGENT: Re-submission of Undocketed Petition & Emergency Motion to Stay - Case 1:23-cr-00118-AT (Petitioner: ███)

To: <ProSe@nysd.uscourts.gov>

Cc: <ryan.finkel@usdoj.gov>, <justin.horton@usdoj.gov>, <micah.fergenson@usdoj.gov>, <msarafa@sarafalaw.com>, <idratel@dratellewis.com>, <jkaley@doarlaw.com>

**Email Body (English Only)**

**Dear Clerk of Court / Chambers of Honorable Judge Analisa Torres,**

I am a *pro se* petitioner residing in China. I am writing to **re-submit** my Third-Party Petition and Emergency Motion regarding the Ho Wan Kwok case (Case No. 1:23-cr-00118). My original submissions, delivered to the Court in October 2025, remain undocketed to date.

**1. Verification of Prior Submission**

- My physical application package was signed for by the SDNY Mailroom on **October 21, 2025**, at **1:09 AM** ███

- I also submitted an Emergency Motion via email on **April 21, 2026**, which has not yet appeared on the case docket.

**2. Procedural Fairness and Comparison to Dkt. 841**

I note that a Third-Party Petition filed by counsel for *1328777 B.C. Ltd.* on April 27, 2026, was promptly assigned **Docket No. 841**. However, my petition, which was delivered six months earlier, remains ignored by the Clerk's Office. This disparity in processing constitutes a severe violation of my **Due Process** rights as a *pro se* litigant.

**3. Specific Relief Requested**

I am aware that the Defendant's sentencing has been adjourned to **June 29, 2026**. I respectfully request that the Court:

- Immediately **docket** my Public Redacted Version of the petition;

- **Stay the sentencing** until my legal interest ███ adjudicated under 21 U.S.C. § 853(n);

- Protect my personal identifiers under **Fed. R. Crim. P. 49.1.**

**Attached Documents:**

1. **Re-submitted Emergency Motion to Stay** (Updated for June 29 sentencing date).

2. **Verified Petition (Sealed Version)** — For Court review only.

3. **Petition (Public Redacted Version)** — For the public docket.

4. **Exhibit 1 (Investment Proofs)** — Bank receipts and documentation.



**Certificate of Service:**

I hereby certify that this email and all attachments are being served concurrently upon the Government and Defense counsel as listed in the CC field above.

Respectfully submitted,



Email: ███

Phone: ███

Address: ███ China