UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MILES GUO,
a/k/a "Ho Wan Kwok,"
a/k/a "Miles Kwok,"
a/k/a "Guo Wengui,"
a/k/a "Brother Seven,"
a/k/a "The Principal,"
a/k/a "Boss,"

Defendant.

PILLSBURY WINTHROP SHAW PITTMAN LLP,

Petitioner.

S3 23 Cr. 118 (AT)

**STIPULATION AND ORDER**

WHEREAS, on April 24, 2024, defendant Miles Guo a/k/a Ho Wan Kwok ("Guo" or "Defendant")[1] was charged in a third superseding indictment, S3 23 Cr. 118 (AT) (the "Indictment") (Dkt. No. 307), with conspiring to commit racketeering, in violation of 18 U.S.C. § 1962(d) (Count One); conspiring to commit wire fraud and bank fraud, in violation of 18 U.S.C. § 1939 (Count Two); conspiring to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Three); conspiring to commit securities fraud, in violation of 18 U.S.C. § 371 (Count Four); wire fraud in connection with a GTV Private Placement, in violation of 18 U.S.C. §§ 1343 and 2 (Count Five); securities fraud in connection with a GTV Private Placement, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C.§ 2 (Count Six); wire fraud in

[1] Also known as: Miles Kwok, Miles Guo, Wengui Guo, Guo Haoyun, Guo Wen Gui, Guo Wengui, Guo Wen-Gui, Gwo Wen Gui, Hao Yung Guo, Haoun Guo, Haoyun Guo, Ho Wankwok, Kwok Ho, Kwok Ho Wan, Wan Gue Haoyun, Wan Gui Haoyun, Wen Gui Gwo.

connection with a farm loan program, in violation of 18 U.S.C. §§ 1343 and 2 (Count Seven); securities fraud in connection with a farm loan program, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C.§ 2 (Count Eight); wire fraud in connection with G|CLUBS, in violation of 18 U.S.C. §§ 1343 and 2 (Count Nine); securities fraud in connection with G|CLUBS, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. § 240.10b-5, and 18 U.S.C.§ 2 (Count Ten); wire fraud in connection with the Himalaya Exchange, in violation of 18 U.S.C. §§ 1343 and 2 (Count Eleven); unlawful monetary transactions, in violation of 18 U.S.C. §§ 1957 and 2 (Count Twelve); and obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count Thirteen);

WHEREAS, the Indictment alleges that the racketeering enterprise operated by Guo included G Club International Limited and G Club Operations LLC, among others;

WHEREAS, the Indictment alleges that the offenses charged in Counts One through Twelve were committed beginning at least in or about 2018 through at least March 2023;

WHEREAS, the Indictment contained forfeiture allegations alleging that, (i) as a result of committing the offenses charged in Count One of the Indictment, the defendant shall forfeit (a) any interest acquired or maintained in violation of Section 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over, any enterprise the defendant and his co-conspirators established, operated, controlled, conducted, or participated in the conduct of, in violation of Section 1962; and (c) any property constituting, or derived from, any proceeds obtained, directly or indirectly, from the racketeering activity charged in Count One of the Indictment, including specifically identified properties (collectively, the "Racketeering Property"); (ii) as a result of committing the wire fraud and securities fraud offenses alleged in Counts Two, Four, and Five through Eleven of the Indictment, the defendant shall forfeit

any and all property, real or personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses and the Racketeering Property; (iii) as a result of committing the money laundering offenses alleged in Counts Three and Twelve of the Indictment, the defendant shall forfeit any and all property, real and personal, involved in said offenses, or any property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in said offenses and the Racketeering Property;

WHEREAS, the Racketeering Property includes property derived from G Club International Limited and G Club Operations LLC, among others, as well as approximately $11,538,579.87 in United States currency formerly on deposit in a specified account at Mercantile Bank International held in the name of "G Club International Ltd.," seized by the Government on or about October 16, 2022 (the "G Club International Funds");

WHEREAS, on July 16, 2024, following a jury trial, Guo was found guilty of Counts One, Two, Three, Four, Seven, Eight, Nine, Ten, and Eleven (Dkt. No. 395);

WHEREAS, on or about May 3, 2024, Guo's co-defendant Yvette "Yanping" Wang pleaded guilty, pursuant to a plea agreement, to a two-count Superseding Information S2 23 Cr. 118 (AT), charging Wang with conspiracy to commit wire fraud and conspiracy to commit money laundering, pursuant to 18 U.S.C. § 371 and on January 7, 2025, the District Court entered a final order of forfeiture (the "Wang Final Forfeiture Order") (Dkt. No. 488) vesting all right, title, and interest in the property specified therein, including the G Club International Funds, in the United States;

WHEREAS, on or about August 11, 2025, the Court entered a Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Guo Preliminary Forfeiture Order") (Dkt. No. 720), imposing a money judgment against the Guo in the amount of $1.3 billion, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four, and Seven through Eleven of the Indictment that the defendant personally obtained and property involved in the offense charged in Count Three of the Indictment, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 1963; 28 U.S.C. § 2461(c); 21 U.S.C. § 853(g); and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure; and further ordered the forfeiture to the United States of specifically identified properties (the "Forfeiture Specific Property"), including the G Club International Funds;

WHEREAS, on or about January 19, 2026, the Government filed an application for a First Supplemental Preliminary Order of Forfeiture (Dkt. No. 790) ordering the forfeiture of approximately $2,112,510.70 formerly on deposit in an account held at Banco Popular in the name of G Club Operations LLC (the "G Club Operations Funds");

WHEREAS, pursuant to 18 U.S.C. § 1963(c) and 21 U.S.C. § 853(c), title in forfeitable property vests in the United States at the time of the commission of the offenses giving rise to the forfeiture, subject to any assertion of an innocent-owner or bona-fide-purchaser for value claim or defenses pursuant to 18 U.S.C. § 1963(l)(6) or 21 U.S.C. § 853(n)(6);

WHEREAS, Pillsbury Winthrop Shaw Pittman LLP ( "Pillsbury") has asserted an interest in certain proceeds derived from G Club International Ltd. and G Club Operations LLC, namely, approximately $3,304,285.11 paid by or on behalf of G Club Operations and G Club International to Pillsbury as payment for legal services provided by Pillsbury prior to September 1, 2023 (the "Paid Legal Fees") and (ii) the G Club Operations Funds up to and including the amount of

approximately $1,142,638.81, representing the amount of fees owed by G Club Operations and G Club International for legal services provided by Pillsbury between September 1, 2023 and May 17, 2024 (the "Unpaid Legal Fees");

WHEREAS, with the consent of the Government, Pillsbury's time to file a petition asserting an interest in the Paid Legal Fees or the Unpaid Legal Fees has been extended up to and including the date of this Stipulation and Order;

WHEREAS, Pillsbury has provided a Declaration to the Government setting forth the factual and legal basis for its interest in the Paid Legal Fees and Unpaid Legal Fees, including Pillsbury's status as a *bona fide* purchaser for value who at the time was reasonably without cause to believe that the Paid Legal Fees were subject to forfeiture;

WHEREAS, the Government and Pillsbury have agreed to resolve their respective interests in the Paid Legal Fees, the Unpaid Legal Fees, the G Club International Funds, and the G Club Operations Funds on the terms set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Sean S. Buckley, Attorney for the United States Acting Under Authority Conferred by 28 U.S.C. § 515, Assistant United States Attorney, Juliana Murray, of counsel, and Pillsbury, by its counsel, Sharon Cohen Levin, Sullivan & Cromwell LLP that:

1. The G Club International Funds, the G Club Operations Funds, and the Paid Legal Fees are subject to forfeiture as a result of the defendant's and Wang's commission of the offenses for which the defendant was found guilty and to which Wang pleaded guilty, and are subject to forfeiture pursuant to 18 U.S.C. §§ 1963(a) and (c), 981(a)(1)(C), and 982(a)(1); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(c).

2. Based on the sworn information in the Declaration and other information known to the Government, the Government recognizes Pillsbury as a *bona fide* purchaser for value of the Paid Legal Fees pursuant to 18 U.S.C. § 1963(l)(6)(B) and 21 U.S.C. § 853(n)(6)(B).

3. Pillsbury agrees that it will not assert, nor assist any others in asserting, any claim for the G Club International Funds or the G Club Operations Funds, including the Unpaid Legal Fees, nor any claim against the United States of America ("USA"), the United States Marshals Service ("USMS"), the Federal Bureau of Investigation ("FBI"), the U.S. Attorney's Office for the Southern District of New York ("USAO SDNY"), and their officers, agents and employees, in connection with or arising out of the seizure, restraint, and/or constructive possession of the G Club International Funds or the G Club Operations Funds, including, but not limited to, any claim that there was no probable cause to seize and/or forfeit the G Club International Funds or the G Club Operations Funds, that Pillsbury is a prevailing party, or that Pillsbury is entitled to attorney's fees or any award of interest.

4. Pillsbury reserves the right to file a Petition for Remission or a claim before a Special Master in an amount not to exceed the Unpaid Legal Fees.

5. Pillsbury agrees to hold harmless the United States, USMS, FBI, SDNY-USAO, and any and all employees, officers, and agents of said entities from any and all third-party claims of ownership of the Paid Legal Fees.

6. This Stipulation and Order may be executed in counterparts, each of which shall be deemed an original, and all of which, when taken together, shall be deemed the complete Stipulation and Order. Signature pages may be by fax, signed digitally, or transmitted electronically, and such signatures shall be deemed to be valid originals.

7. This Stipulation and Order constitutes the complete agreement between the Parties as to the Funds and may not be amended except by written consent thereof.

8. The Parties hereby waive all rights to appeal or to otherwise challenge or contest the validity of this Stipulation and Order.

9. Each Party agrees to bear its costs and attorneys' fees.

10. The Court shall retain jurisdiction over this matter to take additional action and enter further orders as necessary to implement and enforce this Stipulation and Order.

AGREED AND STIPULATED TO:

SEAN S. BUCKLEY
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

By: Juliana Murray ______________________ 7/29/2026
Juliana Murray DATE
Assistant United States Attorney

PILLSBURY WINTHROP SHAW PITTMAN LLP

By: Sharon Cohen Levin ______________________ 7/29/2026
Sharon Cohen Levin DATE
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4334
Email: levinsc@sullcrom.com
Attorney for Pillsbury Winthrop Shaw Pittman LLP

SO ORDERED:

______________________ ______________________
HONORABLE ANALISA TORRES DATE
UNITED STATES DISTRICT JUDGE