USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: __________________
DATE FILED: 11/5/2026__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MILES GUO, KIN MING JE, and YVETTE WANG,

Defendants.

23 Cr. 118 (AT)

**ORDER REGARDING NONPARTY SUBMISSIONS**

ANALISA TORRES, District Judge:

On May 3, 2024, Defendant Yvette Wang pleaded guilty to conspiracy to commit wire fraud and conspiracy to commit money laundering. *See* Minute Entry for May 3, 2024. On July 16, 2024, a jury found Defendant Miles Guo guilty of various financial crimes: one count of racketeering and multiple counts of conspiracy, wire fraud, and securities fraud. *See* Jury Verdict, ECF No. 395. The Court sentenced both Wang and Guo ("Defendants") to terms of imprisonment, *see* Guo Judgment at 1–3, ECF No. 860; Wang Judgment at 1–2, ECF No. 489, and directed them to forfeit property acquired in connection with these crimes, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 1963 and 28 U.S.C. § 2461(c). *See* Guo Judgment at 6; Wang Judgment at 7.

I. Special Master Docketing

Nonparties have submitted approximately 479 *pro se* petitions under 21 U.S.C. § 853(n),[1] 34 petitions for remission pursuant to 28 C.F.R. §§ 9.4, 9.8, and 363 motions raising miscellaneous grievances.[2] Many of these submissions are not written in the English language. Some appear to contain sensitive personal and financial information. The Court has internally logged and reviewed the submissions to determine the appropriate course of action to best manage its docket, create a public record, and protect nonparties' privacy.

The Court will appoint a special master to address these filings. The special master will assess each submission and determine whether it should be filed on the public docket, under seal, or neither.[3] The special master will then docket each petition accordingly.[4] Because the opposing party in petitions under 21 U.S.C. § 853(n) is the Government, the Court has already provided unredacted copies of § 853(n) petitions to the Government.

---

[1] Counseled petitions under 21 U.S.C. § 853(n) may be filed on the docket by the attorney of record.
[2] These numbers are approximations for several reasons, including that some filings state that they are being brought under 21 U.S.C. § 853(n) but raise no § 853(n) claim and some may be duplicative.
[3] For example, petitions for remission "shall be submitted to the U.S. Attorney for the district in which the judicial forfeiture proceedings are brought" rather than filed on the docket. 28 C.F.R. § 9.4.
[4] In the case of petitions for remission, the special master will transmit the petitions to the Government without docketing them.

## II. Section 853(n) Petitions

The special master will upload to the public docket § 853(n) petitions that do not contain sensitive personal or financial information. Petitions containing sensitive information will be filed under seal. The special master will establish a procedure for confirming receipt of petitions filed under seal. The Court will not confirm receipt of each § 853(n) petition, and letters resubmitting a petition or requesting confirmation of receipt will not be accepted and will not be docketed. The special master will assess pending § 853(n) petitions and make recommendations to the Court. No further action is required from petitioners absent further order of the Court.

## III. Motions for Miscellaneous Relief

The Court has received numerous motions seeking various forms of relief. The Court *sua sponte* DENIES motions raising the following grievances:

(1) Motions made under pseudonym, unless accompanied by a contemporaneous sealed unredacted copy of the motion identifying the movant and justifying proceeding under a pseudonym;[5]

(2) Motions purporting to raise claims under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, that do not plausibly allege that the movant is a victim, as defined by the CVRA;[6] and

(3) Motions brought by nonparties who have not plausibly shown a right to intervene or otherwise participate in this action either as a victim (as defined by the CVRA) or a petitioner raising an issue strictly relating to their pending § 853(n) claim.

The Court further DENIES all motions raising the following grievances, finding no basis for such claims in the record, or no authority conferring standing on the movant or a right to the requested relief:

(1) Motions arguing that certain assets are not forfeitable as to Defendants.[7] *See* 21 U.S.C. § 853(k) (barring third parties from intervening in the criminal trial); *United States v. Kolfage*, 20 Cr. 412, 2020 WL 7342796, at *6 (S.D.N.Y. Dec. 14, 2020) ("[T]hird parties are statutorily barred from intervention in a criminal case to challenge a forfeiture order.");

---

[5] *See Doe v. Combs*, 24 Civ. 8054, 2024 WL 4753565, at *1 (S.D.N.Y. Nov. 12, 2024) (explaining "anonymity is an 'exceptional remedy'" that can only be granted by leave of the court) (quoting *Rapp v. Fowler*, 537 F. Supp. 3d 521, 527 (S.D.N.Y. 2021).

[6] *See United States v. Nix*, 256 F. Supp. 3d 272, 277 (W.D.N.Y. 2017) (explaining standard for finding movant is a crime victim under the CVRA and dismissing CVRA motion for not meeting standard).

[7] The decision that property was subject to forfeiture is binding only as to Defendants, who participated in the forfeiture proceedings. It is not binding as to those who raise claims under § 853(n), and those petitioners may contest the forfeitability of those assets in ancillary proceedings. *See United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015).

(2) Motions for the Court to appoint an independent third party to conduct an accounting and verification of all purported victim claims to expose any fictitious entities;[8]

(3) Motions for an investigation into "evidence laundering" or fraud by the Government in connection with Guo's trial or each Defendant's sentencing;[9]

(4) Motions for *Brady* or *Giglio* discovery;[10]

(5) Motions for judicial recusal;[11]

(6) Motions for clarification regarding the docketing of courtesy copies of a petition for mandamus filed with the Second Circuit; and

(7) Section 853(n) petitions filed more than thirty days after the Government's publication of its notice of a forfeiture order.[12]

Any other motions will be addressed by the special master.

IV. Future Filings

The Court has received numerous nonparty email communications made directly to the Chambers email account. Such communications are prohibited and the Court will not respond. Any communications with the Court must be directed to the Clerk of Court and/or the *Pro Se* Intake Unit and must be filed in accordance with both the Local Rules for the Southern District of New York and the undersigned's Individual Practices in *Pro Se* Cases.

Because the Court has imposed sentence and entered final judgment, rendering forfeiture final as to each Defendant, the Court will no longer accept or docket filings from nonparties unless they relate strictly to a § 853(n) petition. Proposed filings shall be dated and shall identify the true name and address of the filer. The Court will reject all attempted filings that do not comply strictly with these requirements.

V. Recommendations for Special Master

Defendants and the Government may recommend candidates for appointment as special master, as may any nonparty movant or petitioner. *See* Fed. R. Civ. Pro. 53(b)(1). Individuals who have submitted § 853(n) petitions or other filings, and who would like to suggest a candidate for special master, may do so by **November 19, 2026** at **https://forms.cloud.microsoft/g/tgmGTb5ijM**. Recommendations for candidates submitted by any other means will not be reviewed by the Court, except that counseled parties, including Defendants, may suggest candidates by filing letters on the electronic docket by **November 19,**

---

[8] The Court is appointing a special master to provide recommendations regarding each claim submitted in this matter. This will necessarily include evaluating any claims properly made under the CVRA.
[9] *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).
[10] *See* Order, ECF No. 275 (establishing discovery deadlines in this matter); *see also Weatherford v. Bursey*, 429 U.S. 545, 559 (1977) ("There is no general constitutional right to discovery in a criminal case.").
[11] *See Ocasio v. Fashion Inst. of Tech.*, 9 Fed. Appx. 66, 67–68 (2d Cir. 2001) (summary order); *Appel v. Hayut*, 20 Civ. 6265, 2021 WL 3371038, at *2 (S.D.N.Y. Aug. 3, 2021).
[12] *See* 21 U.S.C. § 853(n)(1)-(2).

**2026**. The Court will consider these candidates but is not required to adhere to any recommendation. *See* Fed. R. Civ. Pro. 53(b)(1).

SO ORDERED.

Dated: November 5, 2026
New York, New York

ANALISA TORRES
United States District Judge