USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ________________
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

MILES GUO, KIN MING JE, and YVETTE WANG,

Defendants.

23 Cr. 118 (AT)

**ORDER REGARDING**
**SPECIAL MASTER**

ANALISA TORRES, District Judge:

On May 3, 2024, Defendant Yvette Wang pleaded guilty to conspiracy to commit wire fraud and conspiracy to commit money laundering. *See* Minute Entry for May 3, 2024. On July 16, 2024, a jury found Defendant Miles Guo guilty of various financial crimes: one count of racketeering and multiple counts of conspiracy, wire fraud, and securities fraud. *See* Jury Verdict, ECF No. 395. The Court sentenced both Wang and Guo ("Defendants") to terms of imprisonment, *see* Guo Judgment at 1–3, ECF No. 860; Wang Judgment at 1–2, ECF No. 489, and directed them to forfeit property acquired in connection with these crimes, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), 1963 and 28 U.S.C. § 2461(c). *See* Guo Judgment at 6; Wang Judgment at 7.

Nonparties have submitted approximately 479 *pro se* petitions under 21 U.S.C. § 853(n), 34 petitions for remission pursuant to 28 C.F.R. §§ 9.4, 9.8, and 363 motions raising miscellaneous unrelated grievances.[1] Many of these *pro se* submissions are not written in the English language. Some appear to contain the *pro se* petitioners' sensitive personal and financial information.

With respect to the § 853(n) petitions, hundreds of individuals have requested a hearing. *See* 21 U.S.C. § 853(n)(2); *see also U.S. v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015). Under Federal Rule of Criminal Procedure 32.2(c), third-party petitions asserting an interest in forfeited property are deemed ancillary proceedings subject to the Federal Rules of Civil Procedure. *See* Fed. R. Crim. P. 32.2(c); *United States v. Bradley*, 882 F.3d 390, 392–93 (2d Cir. 2018).

The Court will appoint a special master to address the nonparty submissions due to: (1) the large volume of filings; (2) the administrative burden associated with translating them and assessing whether they contain sensitive information which would preclude public docketing; and (3) the civil nature of the proceedings. *See* Fed. R. Civ. Pro. 53(a) ("[A] court may appoint a master [] to . . . address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district."). Having balanced the factors set forth in Federal Rule of Civil Procedure 53(g), the Court directs the Government to pay the special master in accordance with a proposed fee schedule to be submitted by the special master for approval by the Court.

---

[1] These numbers are approximations for several reasons, including that some filings state that they are being brought under 21 U.S.C. § 853(n) but raise no § 853(n) claim and some may be duplicative.

The first responsibility of the special master is to review each submission individually to determine whether it should be filed on the public docket, under seal, or not at all.[2] The Court will provide digital and/or physical copies of each submission so that the special master may ensure all petitions are properly processed. The special master shall have any submissions written in non-English languages translated. The special master shall then review each submission and recommend a disposition to the Court. The special master shall also establish a procedure for confirming receipt of petitions filed under seal.

The special master shall recommend to the Court whether any submissions should be summarily dismissed, pursuant to the Court's Order Regarding Nonparty Submissions issued today. *See* ECF No. 876. The special master shall address each § 853(n) petition on the merits and provide a recommendation to the Court. It is anticipated that the Government may seek dismissal of some § 853(n) petitions. The special master shall not be required to hold a hearing with respect to dismissed submissions. However, the special master shall hold virtual hearings for any § 853(n) petitions which are not dismissed. *See Watts*, 786 F.3d at 160–61 (describing § 853(n) hearings). Additionally, the special master shall provide a recommendation to the Court regarding any submissions raising miscellaneous grievances not addressed in the Court's Order Regarding Submissions from Nonparties.

Defendants and the Government may recommend candidates for appointment as special master, as may any nonparty movant or petitioner. *See* Fed. R. Civ. Pro. 53(b)(1). Individuals who have submitted § 853(n) petitions or other filings, and who would like to suggest a candidate for special master, may do so by **November 19, 2026** at **https://forms.cloud.microsoft/g/tgmGTb5ijM**. Recommendations for candidates submitted by any other means will not be reviewed by the Court, except that counseled parties, including Defendants, may suggest candidates by filing letters on the electronic docket by **November 19, 2026**. The Court will consider these candidates but is not required to adhere to any recommendation. *See* Fed. R. Civ. Pro. 53(b)(1).

SO ORDERED.

Dated: November 5, 2026
New York, New York

ANALISA TORRES
United States District Judge

[2] For example, petitions for remission "shall be submitted to the U.S. Attorney for the district in which the judicial forfeiture proceedings are brought" rather than filed on the docket. 28 C.F.R. § 9.4.