# MANDATE

S.D.N.Y. – N.Y.C.
23-cr-118
Torres, J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: Nov 23 2026

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of September, two thousand twenty-six.

Present:

Richard C. Wesley,
Richard J. Sullivan,
Beth Robinson,
*Circuit Judges.*

---

In Re: Mia Wang, 26-1072 (Tandem)

*Petitioner.*

---

In Re: Anonymous Registered Crime Victim, 26-1129 (Tandem)

*Petitioner.*

---

In Re: Doe, 26-1178 (Tandem)

*Petitioner.*

---

In Re: Jiang, 26-1192 (Tandem)

*Petitioner.*

---

In Re: Bao Chu, 26-1296 (Tandem)

*Petitioner.*

---

In Re: Sarah, 26-1476 (Tandem)

MANDATE ISSUED ON 11/20/2026

*Petitioner.*

---

In Re: Anna, 26-1626 (Tandem)

*Petitioner.*

---

In Re: Zhiqiang Chen, 26-1629 (Tandem)

*Petitioner.*

---

In Re: Sheung Chun Wong, 26-1731 (Tandem)

*Petitioner.*

---

In Re: Jo, 26-2102 (Tandem)

*Petitioner.*

---

In Re: Lionheart, 26-2382 (Tandem)

*Petitioner.*

---

Petitioners, proceeding pro se in these matters, petition for a writ of mandamus. Petitioners Yang, Doe, Jiang, Chu, Sarah, Anna, Chen, Wong, and Lionheart seek to compel the district court to docket and consider their third-party pro se submissions asserting claims to forfeited funds in the underlying criminal case. Petitioner Anonymous Registered Crime Victim seeks to compel the district court to promptly sentence the criminal defendant, to issue a final order of forfeiture, and to commence a remission process to compensate the victims of the defendant's crimes. Petitioners Chu and Anna seek to compel the district court to subpoena certain individuals. Petitioner Jo asks this Court to vacate the defendant's judgment, stay the forfeiture proceedings, and either dismiss the case or remand for a hearing.

In addition to these mandamus petitions, Petitioners Anonymous Registered Crime Victim, Jiang, Anna, and Jo move for in forma pauperis ("IFP") status; Petitioners Yang, Anonymous Registered Crime Victim, Jiang, Sarah, Anna, Wong, and Jo move to seal or redact filings in this Court containing their personal identifying information, and Petitioner Jiang moves to amend the caption to proceed simply as Jiang to protect Jiang's identity; Petitioner Anonymous Registered Crime

Victim moves for leave to file supplemental papers; Petitioners Yang, Doe, Jiang, Sarah, Anna, and Chen move to stay district court proceedings pending decision on their mandamus petitions; Petitioners Yang, Sarah, Anna, and Chen move to reassign the case to a new district court judge; and Petitioners Yang, Sarah, Anna, and Chen move to vacate the defendant's judgment and to vacate or dismiss the district court case.

Upon due consideration, it is hereby ORDERED that Anonymous Registered Crime Victim's mandamus petition is DENIED as moot because the district court has already sentenced the criminal defendant, entered a final order of forfeiture, and authorized the government to commence the remission process. *See Barrett v. United States*, 105 F.3d 793, 794 (2d Cir. 1996). The remaining mandamus petitions are DENIED because Petitioners have not demonstrated that they lack an adequate, alternative means of obtaining relief, that their right to the writ is clear and indisputable, and that granting the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). In view of the large number of third-party submissions received by the district court, which we trust the court will address expeditiously, Petitioners' mandamus petitions as to docketing and considering their submissions are denied without prejudice to renewal if the district court does not docket and begin to consider the submissions within four months of the date of this order. *See United States v. Magassouba*, 544 F.3d 387, 411 n.16 (2d Cir. 2008).

The IFP motions are hereby GRANTED for purposes of filing the mandamus petitions. The motions to seal or redact are GRANTED, in part, insofar as they seek to redact personal identifying information as set forth in Federal Rule of Criminal Procedure 49.1(a). *See* Fed. R. App. P. 25(a)(5) (incorporating Rule 49.1(a) by reference). The Clerk of Court is DIRECTED to seal the unredacted versions of Petitioner Jiang's mandamus petition (i.e., 2d Cir. 26-1192, docs. 1, 4) and to amend the caption in 26-1192 to remove references to Petitioner Jiang's first name. Anonymous Registered Crime Victim's motion for leave to file supplemental papers is GRANTED, and we have considered those supplemental papers. The motions to stay district court proceedings are DENIED as moot. Finally, the reassignment motions and motions to vacate or dismiss the district court case are DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

UNITED STATES COURT OF APPEALS SECOND CIRCUIT

Catherine O'Hagan Wolfe

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

UNITED STATES COURT OF APPEALS SECOND CIRCUIT

Catherine O'Hagan Wolfe