S.D.N.Y. – N.Y.C.
23-cr-118
Torres, J.

# United States Court of Appeals
FOR THE
SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of November, two thousand twenty-six.

Present:
Raymond J. Lohier, Jr.,
*Chief Judge*,
Amalya L. Kearse,
John M. Walker, Jr.,
*Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: Nov 24, 2026

---

In Re: Jason Zen, 25-3046 (Tandem)

*Petitioner*.

---

In Re: Chunk Chyi, 26-77 (Tandem)

*Petitioner*.

---

In Re: Tony, 26-361 (Tandem)

*Petitioner*.

---

In Re: Doe, 26-364 (Tandem)

*Petitioner*.

---

In Re: Carolyn Sun, 26-441 (Tandem)

*Petitioner*.

---

CERTIFIED COPY ISSUED ON 11/24/2026

In May 2026, we denied Petitioners' pro se petitions for a writ of mandamus, which sought, as now relevant, to compel the district court to docket and consider Petitioners' third-party pro se submissions asserting claims to forfeited funds in this criminal case. That denial was without prejudice to renewal if the district court did not docket those submissions within a reasonable time and did not consider them within a reasonable time after sentencing in the underlying criminal case. *See* 2d Cir. 25-3046, doc. 32 (Or.) at 2.

Petitioners Zen, Tony, and Sun now move to renew their mandamus petitions because the district court has still not docketed their submissions, and Sun additionally seeks to reopen the criminal defendant's sentencing. In addition to those renewed mandamus petitions, Petitioners have filed the following motions.

- Petitioner Sun moves for leave to file supplemental papers, for expedited decision on her renewed mandamus petition, for protective relief, and for limited relief (i.e., to compel clarification of district court orders entered on November 5, 2026 concerning third-party submissions and the appointment of a special master to review those submissions).
- Petitioners Zen, Tony, Sun, and Doe move to stay district court proceedings.
- Petitioners Tony and Doe move for reassignment of the case to a new district court judge.
- Petitioners Zen, Chyi, Tony, and Doe move to vacate the criminal defendant's judgment.
- Petitioner Zen moves for an evidentiary hearing and for protective relief and record review.
- Petitioner Doe moves to grant the criminal defendant bail pending appeal, to impose sanctions, to subpoena certain individuals, and for clarification of the orders entered on November 5, 2026.

Upon due consideration, it is hereby ORDERED that the renewed mandamus petitions are DENIED because Petitioners have not demonstrated that they lack an adequate, alternative means of obtaining relief, that their right to the writ is clear and indisputable, and that granting the writ is appropriate under the circumstances. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004). In view of the large number of submissions received by the district court, Petitioners' renewed mandamus petitions as to docketing and considering their submissions are denied without prejudice to renewal if the district court does not docket or file them under seal. *See United States v. Magassouba*, 544 F.3d 387, 411 n.16 (2d Cir. 2008). We trust the court will address the submissions expeditiously through the special master process (as set forth in the November 5, 2026, orders).

Petitioner Sun's motions for leave to file supplemental papers in support of her renewed mandamus petition are GRANTED, and we have considered those supplemental papers. The motions to expedite this Court's decision and to stay district court proceedings are DENIED as moot or otherwise meritless. Finally, the reassignment motions, motions to vacate, motion for an evidentiary hearing, motions for protective relief and record review, motions to grant bail, impose sanctions, and subpoena certain individuals, and motions for clarification and limited relief (essentially seeking clarification) are DENIED.

We trust that, once the district court appoints a special master (as set forth in the November 5, 2026, orders), petitioners will receive notification of the individualized decisions on their submissions in due course through the special master process.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court






A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

